# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC., | ) ) ) | |
| Defendants. | ) | |

## [PROPOSED] SCHEDULING ORDER

This _____ day of _____, 2022, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within **ten (10) days** of the date the Court enters this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information (''ESI''), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference.  The parties shall meet and confer about a proposed ESI Order and submit it to the Court within **forty-five (45) days** from the date the Court enters this Order.  Until the parties have agreed on an appropriate ESI Order or the Court has resolved a dispute concerning a proposed ESI Order and such order is entered, the Court's Default Standard shall control.  The lack

1

of agreement between the parties on an ESI Order shall not be used as a basis to refuse to respond to discovery requests while such order is pending.

    2.    <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 24, 2023**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

    3.    <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **twenty-one (21) days** from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

    Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    4.    <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

    5.    <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits,

declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

      6.      ADR Process. This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

      7.      Disclosures. Absent agreement among the parties, and approval of the Court:

      (a)      By **July 26, 2022**, Plaintiffs shall identify the accused product(s), including accused methods and systems, and their damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Plaintiffs shall also produce the file history for each asserted patent.

      (b)      By **August 16, 2022**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

      (c)      By **September 30, 2022**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

      (d)      By **November 14, 2022**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

      (e)      By **May 26, 2023**, Plaintiffs shall provide final infringement contentions and Defendants shall provide final invalidity contentions. The addition or substitution of asserted claims, prior art references, and/or invalidity defenses may be made only by order of the Court upon a timely showing of good cause.

      8.      Discovery. Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

      (a)      Fact Discovery Cut Off. All fact discovery in this case shall be initiated so

that it will be completed on or before **April 14, 2023**.

(b) Document Production. Document production shall be substantially complete by **January 18, 2023**.

(c) Requests for Admission. A maximum of 45 requests for admission are permitted for each side. Requests to admit the authenticity of a document shall not count toward this limit.

(d) Interrogatories.

i. A maximum of 30 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) Depositions.

i. Limitation on Hours for Deposition Discovery. Each side is limited to a total of 100 hours of taking testimony by deposition upon oral examination, including depositions of third parties. Any deposition lasting less than 4 hours will count as 4 hours against the total time of the side taking the deposition. Each deposition will be limited to seven (7) hours in length of on-the-record time except as specifically extended, by order of the Court, or otherwise agreed to by the parties. For clarity, the hour limitations described in this paragraph do not apply to depositions of expert witnesses.

ii. Location of Depositions. The parties shall meet and confer regarding locations of depositions, taking into account convenience for the deponent.

  (f) <u>Disclosure of Expert Testimony.</u>

    i. <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **June 9, 2023**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **August 11, 2023**.   Reply expert reports from the party with the initial burden of proof are due on or before **September 15, 2023**.   No other expert reports will be permitted without either the consent of all parties or leave of the Court.  On or before **September 18, 2023**, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Expert Report Supplementation.</u> The parties agree they will permit expert declarations to be filed in connection with motions briefing.

    iii. <u>Expert Discovery Cut-Off.</u>  All expert discovery in this case shall be initiated so that it will be completed on or before **October 13, 2023**.

  (g) <u>Discovery Matters and Disputes Relating to Protective Orders.</u>   Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1, that they are unable to resolve a discovery matter or a dispute relating to a protective order, a party may file correspondence on ECF that shall not exceed three (3) pages outlining the issues in dispute and its position on those issues.  Within seven (7) days thereafter, any responsive correspondence shall also be filed on ECF and shall not exceed three (3) pages.  Upon review, the Court may schedule a telephone conference.  Prior to the above submissions, counsel shall meet and confer to make every effort to come to an amicable resolution.

 9. <u>Motions to Amend / Motions to Strike.</u>

  (a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute

5

procedure set forth in Paragraph 8(g) above.

        (b)    Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

    10.    <u>Advice of Counsel.</u>  On or before **February 17, 2023**, the parties shall advise each other if they intend to assert an advice of counsel defense and, if so, produce and identify all documents they intend to rely on to support that defense.

    11.    <u>Technology Tutorials.</u>  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

    12.    <u>Claim Construction Issue Identification.</u> On **December 7, 2022**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **January 18, 2023**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

    13.    <u>Claim Construction Briefing.</u>  Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on **February 15, 2023**.  Defendants shall serve, but not file, their answering

brief, not to exceed 30 pages, on **March 15, 2023**.  Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on **April 5, 2023**.  Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **April 26, 2023**.  No later than **April 28, 2023**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.  If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

I.  Agreed-Upon Constructions

II. Disputed Constructions

   [TERM 1]

   1. Plaintiffs' Opening Position

   2. Defendants' Answering Position

   3. Plaintiffs' Reply Position

   4. Defendants' Sur-Reply Position

   [TERM 2]

   1. Plaintiffs' Opening Position

   2. Defendants' Answering Position

   3. Plaintiffs' Reply Position

   4. Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

   13. <u>Hearing on Claim Construction.</u>  Beginning at 9:00 a.m. on **May 18, 2023**, the Court

will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14. <u>Summary Judgment and *Daubert* Motions.</u> If a side wishes to file any motion(s) for summary judgment in this case, then on or before **October 27, 2023**, the side may file a single letter of no more than three pages explaining the basis for the motion(s) and what undisputed facts support entry of summary judgment. If a side wishes to file any motion(s) to exclude an expert's opinion (or multiple experts' opinions) pursuant to *Daubert*, then on or before **October 27, 2023**, the side may file a separate single letter of no more than three pages, identifying the opinion(s) sought to be excluded and the basis for exclusion. Responses to any such letters may be filed on or before **November 3, 2023**. Each such responsive letter shall be no more than three pages. No summary judgment or *Daubert* motions may be filed without obtaining leave from the Court according to these procedures.

15. <u>Applications by Motion.</u> Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Motions *in Limine*.</u> Motions *in limine* shall not be separately filed. All *in limine*

requests and responses thereto shall be set forth in the proposed pretrial order. Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (1) additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. Pretrial Conference. On **February 2, 2024**, the Court will hold a pretrial conference in Court with counsel beginning at 9:00 a.m. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3). The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than **seven (7) days** before the pretrial conference. Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order. The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments. The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

18. Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **seven (7) days** before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted

by e-mail to Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov.

19. <u>Trial.</u>  This matter is scheduled for a 10 day jury trial beginning at 9:30 a.m. on **February 12, 2024**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

20. <u>Judgment on Verdict and Post-Trial Status Report.</u>  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

21. <u>Post-Trial Motions.</u>  The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

 

_____
The Honorable Mitchell S. Goldberg
United States District Judge

**Exhibit A: Chart of Proposed Deadlines**

| Event | Deadline |
| --- | --- |
| Arbutus/Genevant to Identify Accused Products | July 26, 2022 |
| Exchange of Rule 26(a)(1) Initial Disclosures | 10 days from Scheduling Order |
| Filing of Joint Proposed Protective Order | 21 days from Scheduling Order |
| Filing of Joint Proposed ESI Order | 45 days from Scheduling Order |
| Moderna to Produce Core Technical Documents | August 16, 2022 |
| Arbutus/Genevant to Produce Initial Infringement Contentions | September 30, 2022 |
| Moderna to Produce Initial Invalidity Contentions | November 14, 2022 |
| Exchange List of Claim Term(s)/Phrase(s) | December 7, 2022 |
| Substantial Completion of Document Production | January 18, 2023 |
| Joint Claim Construction Chart | January 18, 2023 |
| Arbutus/Genevant's Opening Claim Construction Brief | February 15, 2023 |
| Deadline to Assert Advice of Counsel Defense | February 17, 2023 |
| Moderna's Answering Claim Construction Brief | March 15, 2023 |
| Joinder of Other Parties/Amendment/Supplementation | March 24, 2023 |
| Arbutus/Genevant's Reply Claim Construction Brief | April 5, 2023 |
| Fact Discovery Cut-Off | April 14, 2023 |
| Moderna's Sur-Reply Claim Construction Brief | April 26, 2023 |
| Filing of Joint Claim Construction Brief | April 28, 2023 |
| Claim Construction Hearing | May 18, 2023 |
| Arbutus/Genevant to Provide Final Infringement Contentions | May 26, 2023 |
| Moderna to Provide Final Invalidity Contentions | May 26, 2023 |
| Opening Expert Reports | June 9, 2023 |
| Rebuttal Expert Reports | August 11, 2023 |
| Reply Expert Reports | September 15, 2023 |
| Availability of Experts for Deposition | September 18, 2023 |
| Deadline for Expert Discovery | October 13, 2023 |
| Deadline for Requesting Permission to File Summary Judgment/*Daubert* Motions | October 27, 2023 |
| Deadline for Response to Request for Permission to File Summary Judgment/*Daubert* Motions | November 3, 2023 |
| Parties File Joint Proposed Final Pretrial Order, Jury Instructions, Voir Dire, and Special Verdict Forms | January 26, 2024 |
| Final Pre-Trial Conference | February 2, 2024 |
| Jury Trial (10 days) | February 12, 2024 |
| Filing of Joint Form of Order | 7 days after jury verdict |
| Filing of Joint Post-Trial Status Report | 7 days after jury verdict |