# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**Jack B. Blumenfeld**
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@morrisnichols.com

August 2, 2022

The Honorable Mitchell S. Goldberg          *VIA ELECTRONIC FILING*
United States District Court
  Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106-1797

Re:   *Arbutus Biopharma Corporation., et al. v. Moderna, Inc., et al.*
      C.A. No. 22-252 (MSG)

Dear Judge Goldberg:

We write on behalf of Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna") in response to Plaintiffs' August 1, 2022 letter asking the Court to convene a Rule 16 conference or to enter Plaintiffs' Proposed Scheduling Order.  Defendants respectfully submit that Plaintiffs' request should be denied as premature in light of Moderna's pending Partial Motion to Dismiss (the "Motion"), the outcome of which may significantly impact the scope of this case.  Moreover, Plaintiffs' Proposed Scheduling Order arbitrarily seeks to impose condensed timelines and demands information not contemplated by the District of Delaware Default Standard for Discovery.  Plaintiffs' demand to enter a condensed schedule in advance of a ruling on Moderna's Motion also suggests that there is some urgency that the Complaint—seeking only damages and ***not*** an injunction—does not support. D.I. 1, Compl. ¶¶ 1, 7.

If granted, Moderna's Motion seeking dismissal of Plaintiffs' claims relating to Moderna's sale of COVID-19 Vaccine doses to the U.S. Government will significantly impact the scope of the case, including discovery.  Plaintiffs have previewed that they intend to seek potentially unnecessary and burdensome discovery concerning the "negotiations" and "communications" relating to Moderna's contract with the U.S. Government, and "how the purchased doses were distributed and to whom." D.I. 21, Resp. Br. at 17.  That discovery will be unnecessary if the claims related to those sales under that U.S. Government contract are dismissed. D.I. 23, Reply Br. at 10.  In fact, no discovery on infringement or damages would be needed for the batches containing the hundreds of millions of doses supplied under the U.S. Government contract.  *Id.*; D.I. 1, Compl. ¶ 51.  Scheduling the Rule 16 conference after Moderna's Motion has been decided and the scope of this case has been established will conserve judicial and party resources.

The Honorable Mitchell S. Goldberg
August 2, 2022
Page 2

  Moderna properly declined Plaintiffs' request for a Rule 26(f) conference before the Court has set a Rule 16 conference. Under your Honor's Policies and Procedures (at 3) and the Fed. R. Civ. P. 26(f)(1), the timing of the Rule 26(f) conference is keyed off the date set by the Court for the Rule 16 conference. The Rule 16 conference also sets the timing for subsequent initial disclosures by the parties. Default Standard ¶¶ 2(a) and 4(a) ("[w]ithin 30 days after the Rule 16 Conference and for each defendant, the plaintiff shall identify the accused products and the asserted patent(s)"). With no Rule 16 conference set, Plaintiffs nevertheless attempted to circumvent the Court's practices—unilaterally initiating the initial disclosure process by serving their disclosures under Default Standard ¶ 4(a) on July 26 (the adequacy of which Moderna will address at the appropriate time), and demanding that Moderna respond within 21 days (D.I. 27), in an effort to impose on Moderna a schedule that the Court did not set and to which Moderna did not agree.

  Finally, although Moderna will respond to Plaintiffs' Proposed Scheduling Order at the appropriate time, we note that it unilaterally deviates significantly from the Default Standard. For example, the Default Standard provides that a defendant is to produce "the core technical documents related to the accused product(s)" within 30 days after the receipt of the identification of accused products and asserted patents, which is set to occur 30 days after the Rule 16 conference. Plaintiffs propose to shorten this period of 60 days after the Rule 16 conference to 14 days from now and also demand that Moderna serve "sales figures for the accused product(s)" within that time, even though they are not contemplated by the Default Standard. D.I. 28, Ex. A, at 3. Moreover, Plaintiffs' demand for sales figures, even if appropriate, confirms the need to defer these exchanges until after Moderna's Motion is decided because those figures will be significantly impacted if that Motion is granted.

  Moderna respectfully requests that the Court deny Plaintiffs' requests and defer scheduling a Rule 16 conference until after Moderna's Motion has been decided.

              Respectfully,

              */s/ Jack B. Blumenfeld*

              Jack B. Blumenfeld (#1014)

JBB/bac

cc:  All Counsel of Record (via electronic mail)