

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0709
nhoeschen@shawkeller.com

February 13, 2023

**BY CM/ECF**
The Honorable Mitchell S. Goldberg
United States District Court
Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, Room 17614
601 Market Street
Philadelphia, PA 19106-1797

    Re:    *Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al.*
              C.A. No. 22-252-MSG

Dear Judge Goldberg:

The parties respectfully submit the attached Proposed Scheduling Order.

The parties met and conferred and reached agreement on a substantial number of provisions. However, the parties have not been able to agree on a number of outstanding issues. The parties have included their respective positions below.

### 1. Final Contentions (¶ 6(d) and (e))

[**PLAINTIFFS' PROPOSAL**: Plaintiffs shall provide final infringement contentions. The addition or substitution of asserted claims may be made only by order of the Court upon a timely showing of good cause or with Defendants' consent.] [**DEFENDANTS' PROPOSAL**: Plaintiffs shall provide final infringement contentions that differ from their initial infringement contentions only for good cause, and with consent of the Defendants or leave of the Court.]

[**PLAINTIFFS' PROPOSAL**: Defendants shall provide final invalidity contentions. The addition or substitution of prior art references and/or invalidity defenses may be made only by order of the Court upon a timely showing of good cause or with Plaintiffs' consent.]
[**DEFENDANTS' PROPOSAL**: Defendants shall provide final invalidity contentions that differ from their initial invalidity contentions only for good cause, and with consent of the Plaintiffs or leave of the Court.]

**Plaintiffs' Position**:  Defendants' proposal—requiring consent or a Court order for each and every modification to the parties' contentions—is needlessly burdensome and likely to cause unnecessary disputes.  This would be especially prejudicial to Plaintiffs, since fact discovery will inevitably uncover evidence relevant to infringement.  Plaintiffs' proposal would allow the addition of new evidence as a matter of right, but would require a showing of good cause for material changes to the parties' claims and defenses (*i.e.*, new claims, prior art, and invalidity defenses).

**Defendants' Position**: The "good cause" requirement should apply to any substantive changes to the parties' invalidity and non-infringement contentions (including changes to infringement theories), not just to the addition or substitution of asserted claims or prior art/invalidity defenses as Plaintiffs' propose. The parties should be on notice of infringement and invalidity theories throughout fact discovery, rather than allowing new theories to be injected into the case after close of fact discovery without adequate justification. If discovery reveals new evidence relevant to infringement or invalidity as Plaintiffs suggest, that would provide the requisite good cause to promptly amend.

2. **Expert Supplementation (¶ 7(f)(ii))**

[**PLAINTIFFS' PROPOSAL:**  Expert declarations may be filed in connection with motions briefing.]

 [**DEFENDANTS' PROPOSAL:**  The parties may submit expert reports in connection with motions briefing provided they were disclosed in accordance with the expert discovery schedule in paragraph 7(f)(i). No expert declarations are to be filed in connection with motions briefing without leave of the Court.]

**Plaintiffs' Position:** Expert declarations are commonly allowed in conjunction with motions briefing in this District.  *E.g.*, *Abbvie Inc. v. Dr. Reddy's Labs., Ltd.*, No. 20-cv-968-MSG, D.I. 31 at 9 (D. Del.).  Such expert testimony could be necessary, for example, to address new arguments raised by a party moving for summary judgment.  If a party submits arguably improper expert testimony during motions briefing, that can be addressed either in a reply or a motion to strike—there is no need to preemptively ban all such testimony.

**Defendants' Position:** Expert discovery sets out the schedule by which expert opinions that the parties plan to rely on are exchanged in reports, considered, responded to, and vetted through depositions. Allowing for a new expert and/or opinion to be injected into the case after close of expert discovery where an opportunity to respond may not exist undermines the goals of expert discovery and allows for circumvention of the expert discovery cut-off. Plaintiffs justify their proposal as a way to respond to "improper expert testimony" during motions briefing, but that is precisely what Moderna's proposal is designed to prevent by limiting expert testimony submitted in motions briefing to reports that have been vetted through expert discovery.

3. **Trial length: (¶ 19)**

[**PLAINTIFFS' POSITION**: 10] [**DEFENDANTS' POSITION**: 6]

**Plaintiffs' Position:**  A ten-day trial is appropriate in view of the range of issues that are likely to arise in this case.  The parties can discuss shortening the trial if those issues are narrowed, but it would be challenging to request more time should such narrowing not occur.

**Defendants' Position**: Six days is sufficient and will incentivize the parties to narrow the case for trial.

4. **Case schedule  (Exhibit A)**

**Plaintiffs' Position**: Plaintiffs have proposed a trial date approximately 2.5 years after the filing of the Complaint, which is not unusual for this District and is longer than the 23-month period that Moderna recently proposed in another COVID-19 vaccine case.  See *ModernaTX, Inc. v. Pfizer Inc.*, No. 22-cv-11378-RGS, D.I. 61-1 (D. Mass Jan. 13, 2023); *see also, e.g.*, *Shure Inc. v. ClearOne, Inc.*, No. 19-cv-1343, D.I. 646 (D. Del. Nov. 4, 2021) (under 2.5 years from complaint to jury verdict); *Amgen Inc. v. Hospira, Inc.*, No. 15-cv-839, D.I. 326 (D. Del. Sept. 25, 2017) (2 years and 7 days).  While Moderna's motion to dismiss in this case was pending, Plaintiffs repeatedly requested that the parties begin the discovery process, but Moderna refused.  Moderna should not now be heard to complain about having insufficient time to complete discovery, when they could have begun that process months ago.  Moderna's delay tactics appear designed to obstruct Plaintiffs from obtaining the remedies they are owed based on Moderna's patent infringement.

Plaintiffs offered various compromise trial dates to avoid this dispute, which Moderna rejected based on schedules in other litigations that began *after* this case.  Absent a direct conflict, Plaintiffs disagree that those other litigations should dictate the schedule in this case, particularly given that Moderna is represented by different outside counsel in those matters.

**Defendants' Position**: Plaintiffs seek an unnecessarily expedited schedule (that would get the parties to trial within 18 months of the Rule 16 conference), which is significantly shorter than average for patent cases in the District of Delaware. The 18-month timeframe proposed by Plaintiffs is insufficient given the complex fact and expert discovery for six asserted patents across two patent families, and the voluminous document discovery expected considering the parties have each already served approximately 100 RFPs.

Plaintiffs base their proposal on when the complaint was filed, but ignore the Court's earlier decision that discovery need not proceed until Defendants' partial Motion to Dismiss was decided. D.I. 30 (Nov. 2, 2022 Memorandum Opinion). *Shure* and *Amgen* are inapplicable for this reason. *Shure Inc. v. ClearOne, Inc.*, No. 19-cv-1343, D.I. 54 (D. Del.)  (denying motion to stay discovery pending motion to dismiss); *Amgen Inc. v. Hospira, Inc.*, No. 15-cv-839, D.I. 23 (D. Del.) (order for Rule 16 conference issued while motion to dismiss was pending, with discovery proceeding thereafter). Once Moderna's Motion was decided, the parties promptly held a 26(f) conference and began the discovery process. Far from engaging in "delay tactics," Moderna voluntarily produced its Core Technical Documents on February 10, 2023, more than two months earlier than required under Delaware's Default Standard for Discovery.

The parties had discussed meeting in the middle on the schedule and trial date, however, Moderna is involved in two other parallel litigations with conflicting trial dates: *Alnylam Pharms., Inc. v. Moderna, Inc., et al.*, C.A. No. 22-cv-335-CFC (Cons.) set for a 4-day trial starting November 12, 2024 (the mid-point between the parties' proposals here) and *ModernaTX, Inc. et al v. Pfizer Inc. et al.*, C.A. No.22-cv-11378-RGS likely to be set for trial around October 2024. Moderna respectfully submits that another trial held back-to-back in

SHAW KELLER LLP
The Honorable Mitchell S. Goldberg
Page 4

October to December is not feasible given the substantial overlap in Moderna fact witnesses and in-house counsel who will need to attend all three trials.

Plaintiffs' request for a near-term trial is also unnecessary as Plaintiffs have conceded they will not be seeking an injunction, only damages. D.I. 1 at 7.

          Respectfully submitted,

          */s/ Nathan R. Hoeschen*

          Nathan R. Hoeschen (No. 6232)

cc:    Clerk of the Court (by CM/ECF)
       All counsel of record (by CM/ECF and e-mail)