IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 22-252-MSG |
| MODERNA, INC. and MODERNATX, INC., | ) ) ) |
| Defendants. | ) ) |
| MODERNA, INC. and MODERNATX, INC., | ) ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| v. | ) ) |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Counterclaim-Defendants. | ) |

**[PROPOSED] SCHEDULING ORDER**

This _____ day of _____, 2023, the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b) and received the parties' Joint Status Report Pursuant to Rule 26(f), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u>  Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within **ten (10) days** of the date the Court enters this Order.  If they have not already done so, the parties are to review the Court's Default Standard for Discovery,

1

Including Discovery of Electronically Stored Information (''ESI''), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is incorporated herein by reference. The parties shall make their initial disclosures pursuant to Paragraph 3 of the Default Standard within **thirty (30) days** of the date the Court enters this Order. The parties shall meet and confer about a proposed ESI Order and submit it to the Court within **forty-five (45) days** from the date the Court enters this Order. Until the parties have agreed on an appropriate ESI Order or the Court has resolved a dispute concerning a proposed ESI Order and such order is entered, the Court's Default Standard shall control. The lack of agreement between the parties on an ESI Order shall not be used as a basis to refuse to respond to discovery requests while such order is pending.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **XX**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3. <u>Application to Court for Protective Order.</u> Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **twenty-one (21) days** from the date the Court enters this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another

2

party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6. <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court[1]:

(a) By **February 10, 2023**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendants shall also produce sales figures for the accused product(s).

(b) By **March 23, 2023**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(c) By **XX**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(d) By **XX**, [**PLAINTIFFS' PROPOSAL:** Plaintiffs shall provide final

---

[1] On July 26, 2022, Plaintiffs identified the accused product(s), including accused methods and systems, and their damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). On that same day, Plaintiffs also produced the file history for each asserted patent.

3

infringement contentions. The addition or substitution of asserted claims may be made only by order of the Court upon a timely showing of good cause or with Defendants' consent.] [**DEFENDANTS' PROPOSAL:** Plaintiffs shall provide final infringement contentions that differ from their initial infringement contentions only for good cause, and with consent of the Defendants or leave of the Court.]

(e) By **XX**, [**PLAINTIFFS' PROPOSAL:** Defendants shall provide final invalidity contentions. The addition or substitution of prior art references and/or invalidity defenses may be made only by order of the Court upon a timely showing of good cause or with Plaintiffs' consent.] [**DEFENDANTS' PROPOSAL:** Defendants shall provide final invalidity contentions that differ from their initial invalidity contentions only for good cause, and with consent of the Plaintiffs or leave of the Court.]

7. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **XX**.

(b) <u>Document Production.</u> Document production shall be substantially complete by **XX**.

(c) <u>Requests for Admission.</u> A maximum of 45 requests for admission are permitted for each side. Requests to admit the authenticity of a document shall not count toward this limit.

(d) <u>Interrogatories.</u>

i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention

interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

      (e)      <u>Depositions.</u>

          i.      <u>Limitation on Hours for Deposition Discovery.</u>  Each side is limited to a total of 85 hours of taking testimony by deposition upon oral examination, including depositions of third parties.  Any deposition lasting less than 4 hours will count as 4 hours against the total time of the side taking the deposition.  Each deposition will be limited to seven (7) hours in length of on-the-record time except as specifically extended, by order of the Court, or otherwise agreed to by the parties.  For clarity, the hour limitations described in this paragraph do not apply to depositions of expert witnesses.

          ii.      <u>Location of Depositions.</u>  The parties shall meet and confer regarding locations of depositions, taking into account convenience for the deponent.

      (f)      <u>Disclosure of Expert Testimony.</u>

          i.      <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **XX**.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **XX**.  Reply expert reports from the party with the initial burden of proof are due on or before **XX**.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  On or before **XX**, the parties shall advise of the dates and times of their experts' availability for deposition.

          ii.      <u>Expert Report Supplementation.</u>  [**PLAINTIFFS' PROPOSAL:** Expert declarations may be filed in connection with motions briefing.] [**DEFENDANTS'**

5

**PROPOSAL:** No expert declarations are to be filed in connection with motions briefing without leave of the Court. The parties may submit expert reports in connection with motions briefing provided they were disclosed in accordance with the schedule in paragraph 7(f)(i).]

      iii. <u>Expert Discovery Cut-Off</u>.  All expert discovery in this case shall be initiated so that it will be completed on or before **XX**.

  (g) <u>Discovery Matters and Disputes Relating to Protective Orders.</u>  Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1, that they are unable to resolve a discovery matter or a dispute relating to a protective order, a party may file correspondence on ECF that shall not exceed three (3) pages outlining the issues in dispute and its position on those issues. Within seven (7) days thereafter, any responsive correspondence shall also be filed on ECF and shall not exceed three (3) pages.  Upon review, the Court may schedule a telephone conference.  Prior to the above submissions, counsel shall meet and confer to make every effort to come to an amicable resolution.

8. <u>Motions to Amend / Motions to Strike.</u>

  (a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

  (b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

9. <u>Advice of Counsel.</u>  On or before **XX**, the parties shall advise each other if they intend to assert an advice of counsel defense and, if so, produce and identify all documents they intend to rely on to support that defense.

10. <u>Technology Tutorials.</u> Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before

the date that the Joint Claim Construction Brief is filed.

11.     <u>Claim Construction Issue Identification.</u> On **XX**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  On **XX,** the parties shall exchange counter proposed constructions for any terms identified only by the opposing party in the initial exchange of claim terms.  These documents will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **XX**.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

12.     <u>Claim Construction Briefing.</u> Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on **XX**.  Defendants shall serve, but not file, their answering brief, not to exceed 30 pages, on **XX**.  Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on **XX**.  Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **XX**.  No later than **XX**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.  If the joint brief as submitted is more than 80 pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why

the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-Upon Constructions

II. Disputed Constructions

    [TERM 1]

        1. Plaintiffs' Opening Position

        2. Defendants' Answering Position

        3. Plaintiffs' Reply Position

        4. Defendants' Sur-Reply Position

    [TERM 2]

        1. Plaintiffs' Opening Position

        2. Defendants' Answering Position

        3. Plaintiffs' Reply Position

        4. Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

    13. <u>Hearing on Claim Construction.</u> Beginning at 9:00 a.m. on **XX**, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

    Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction

order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

       14.    <u>Summary Judgment and *Daubert* Motions.</u>

Any case dispositive motion, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **XX**. Any opposition briefing shall be served and filed on or before **XX**. Any reply briefing shall be served and filed on or before **XX**.

       a.    <u>No early motions without leave.</u>  No case dispositive motion under Rule 56 may be filed more than ten (10) calendar days before the above date without leave of the Court.

       b.    <u>Page limits.</u>  Each SIDE is permitted to file a single, comprehensive case-dispositive motion setting forth all bases for relief. Any brief or memorandum filed in support of the motion shall be limited to thirty (30) pages. Any brief or memorandum filed in opposition or in response to the motion shall be limited to thirty (30) pages. Any reply brief shall be limited to ten (10) pages.

       c.    <u>*Daubert* motions.</u>  Each SIDE is permitted to file a single, comprehensive *Daubert* motion. Any *Daubert* motion and any opening brief in support of the motion shall be served and filed on or before **XX**. Any opposition briefing shall be served and filed on or before **XX**. Opening and opposition briefs shall be limited to twenty-five (25) pages. Reply or surreply briefs may only be filed with leave of Court. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be limited to 50 pages for all opening briefs and 50 pages for all answering briefs for each SIDE. The combined page limits set forth in the previous sentence do not supersede the limits set forth above with respect to the individual briefs (*i.e.*, 30 pages for summary judgment opening and responsive briefs and 25 pages for *Daubert* opening and responsive briefs), which shall still apply.

15. <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Pretrial Conference.</u> On **XX**, the Court will hold a pretrial conference in Court with counsel beginning at 9:00 a.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases not later than **seven (7) days** before the pretrial conference.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.  The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents and the paragraphs shall be numbered.

18. <u>Jury Instructions, Voir Dire, and Special Verdict Forms.</u>  Where a case is to be tried

to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms **seven (7) days** before the final pretrial conference.  This submission shall be accompanied by a courtesy copy containing electronic files of these documents, in Microsoft Word format, which may be submitted by e-mail to Chambers_of_Judge_Mitchell_S_Goldberg@paed.uscourts.gov.

19.   Trial.   This matter is scheduled for a [**PLAINTIFFS' POSITION**: 10] [**DEFENDANTS' POSITION**: 6] day jury trial beginning at 9:30 a.m. on **XX**, with the subsequent trial days beginning at 9:00 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

20.   Judgment on Verdict and Post-Trial Status Report.  Within seven (7) days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict.  At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

21.   Post-Trial Motions.  The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

_____
The Honorable Mitchell S. Goldberg
United States District Judge

**Exhibit A: Chart of Proposed Deadlines**

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Exchange of Rule 26(a)(1) Initial Disclosures | 10 days from entry of Scheduling Order | 10 days from entry of Scheduling Order |
| Filing of Joint Proposed Protective Order | 21 days from entry of Scheduling Order | 21 days from entry of Scheduling Order |
| Exchange of Default Standard Paragraph 3 Disclosures | 30 days from entry of Scheduling Order | 30 days from entry of Scheduling Order |
| Filing of Joint Proposed ESI Order | 45 days from entry of Scheduling Order | 45 days from entry of Scheduling Order |
| Moderna to Produce Core Technical Documents | February 10, 2023 | February 10, 2023 |
| Arbutus/Genevant to Serve Initial Infringement Contentions | March 23, 2023 | March 23, 2023 |
| Moderna to Serve Initial Invalidity Contentions | May 3, 2023 | May 19, 2023 |
| Exchange List of Claim Term(s)/Phrase(s) | May 12, 2023 | June 9, 2023 |
| Exchange Counter Proposed Constructions for Any Terms Identified Only by the Opposing Party | May 19, 2023 | June 16, 2023 |
| Joint Claim Construction Chart | May 31, 2023 | June 29, 2023 |
| Arbutus/Genevant's Opening Claim Construction Brief | June 28, 2023 | August 10, 2023 |
| Moderna's Answering Claim Construction Brief | July 26, 2023 | September 14, 2023 |
| Arbutus/Genevant's Reply Claim Construction Brief | August 16, 2023 | October 19, 2023 |
| Moderna's Sur-Reply Claim Construction Brief | September 6, 2023 | November 17, 2023 |
| Joinder of Other Parties/Amendment/Supplementation | September 6, 2023 | November 28, 2023 |
| Filing of Joint Claim Construction Brief | September 8, 2023 | November 21, 2023 |
| Substantial Completion of Document Production | July 19, 2023 | November 10, 2023 |
| Deadline to Assert Advice of Counsel Defense | September 6, 2023 | November 12, 2023 |
| Claim Construction Hearing | October 4, 2023 | December __, 2023 |
| Fact Discovery Cut-Off | October 18, 2023 | March 1, 2024 |
| Arbutus/Genevant to Serve Final Infringement Contentions | November 15, 2023 | March 15, 2024 |

| Event | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| Moderna to Serve Final Invalidity Contentions | November 15, 2023 | April 5, 2024 |
| Opening Expert Reports | November 29, 2023 | April 19, 2024 |
| Rebuttal Expert Reports | February 6, 2024 | June 7, 2024 |
| Reply Expert Reports | March 20, 2024 | July 18, 2024 |
| Availability of Experts for Deposition | March 21, 2024 | July 19, 2024 |
| Deadline for Expert Discovery | April 24, 2024 | August 23, 2024 |
| Summary Judgment Motions/*Daubert* Motions | May 15, 2024 | September 13, 2024 |
| Opposition to Summary Judgment Motions/*Daubert* Motions | June 12, 2024 | October 11, 2024 |
| Replies to Summary Judgment Motions/*Daubert* Motions | July 3, 2024 | November 1, 2024 |
| Parties File Joint Proposed Final Pretrial Order, Jury Instructions, *Voir Dire*, and Special Verdict Forms | August 2, 2024 | January 20, 2025 |
| Final Pre-Trial Conference | August 12, 2024 | Early February 2025 |
| Jury Trial | August 19, 2024 | Late February 2025 |
| Filing of Joint Form of Order | 7 days after jury verdict | 7 days after jury verdict |
| Filing of Joint Post-Trial Status Report | 7 days after jury verdict | 7 days after jury verdict |