FILED
MAR 02 2023
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARBUTUS BIOPHARMA CORPORATION AND GENEVANT SCIENCES GMBH,

      Plaintiffs,

v.

MODERNA, INC. and MODERNATX, INC.

      Defendants.

EMANUEL MCCRAY, *On Behalf of Himself and All Others Similarly Situated,*

      Intervenors-Plaintiffs.

Case No.: 22-cv-00252-MSG

**MOTION TO INTERVENE**

**PROPOSED CLASS ACTION**

Emanuel McCray ("McCray"), Proposed Intervenor, respectfully moves to intervene in this action on behalf of himself and all other citizens of the United States similarly situated, as a class, pursuant to Rule 24 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.), our sovereign powers reserved to the People in the

1

Tenth Amendment, and our power as a group acting as a class pursuant to *Bond v. United States,* 572 U.S. 844, 853 (2014),[1] and *Califano v. Yamasaki,* 442 U.S. 682, 700, (1979).[2]

This Motion is supported by the attached Memorandum of Law. A Proposed Complaint for declaratory relief as the pleading required under Rule 24 accompanies this Motion To Intervene.

For the reasons set forth in the attached Complaint, intervention is warranted as of right or permission because Intervenor McCray was born in the United States and the proposed class members were either born or naturalized in the United States, were subjected to the claimed "pandemic"; the measures to control the pandemic; and the vaccines produced by the Defendants were for McCray and the other putative class members.

---

[1] Holding that: "'An individual may 'assert injury from governmental action taken in excess of the authority that federalism defines.'"

[2] Holding that "class relief is appropriate in civil actions brought in federal court, including those seeking to overturn determinations of the departments of the Executive Branch of the Government in cases where judicial review of such determinations is authorized.... Indeed, a wide variety of federal jurisdictional provisions speak in terms of individual plaintiffs, but class relief has never been thought to be unavailable under them."

2

# MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

## I. Legal Standard.

The proposed Intervenors-Plaintiffs seek intervention (i) as of right or (ii) permissively, solely to challenge Moderna's attempt to shift liability for its "Prototype Pathogen" vaccines to the United States, which would violate the sovereignty of the United States and the individual sovereignty of the People reserved in the Tenth Amendment.

What distinguishes intervention from other methods of adding new parties is that it requires action by an outside party who seeks a seat at the table. *See* 7C Charles Alan Wright et al., *Federal Practice and Procedure* § 1901, at 257–60 (3d ed. 2007).

The Third Circuit has held that:

> "[A] litigant seeking intervention as of right under Rule 24(a)(2) must establish 1) a timely application for leave to intervene, 2) a sufficient interest in the underlying litigation, 3) a threat that the interest will be impaired or affected by the disposition of the underlying action, and 4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. *Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 220 (3d Cir. 2005) (citing *Kleissler v. United States Forest Service,* 157 F.3d 964, 969 (3d Cir. 1998)). 'Each of these requirements must be met to intervene as of right.'" 419 F.3d at 220 (citing *Mountain Top Condominium Assoc. v. Dave Stabbert Master Builder, Inc.,* 72 F.3d 361, 366 (3d Cir. 1995).

## II. The Third Circuit's Requirements for Intervention Have Been Met.

This Motion to Intervene is timely. The Plaintiffs' Complaint was filed on February 28, 2022 (Doc. 1).

On November 2, 2022, (Doc. 32), Judge Goldberg denied Moderna's motion to dismiss and directed that: "Within fourteen (14) days from the date of this Order, Defendants shall file an answer to the Complaint."

On November 30, 2022, Moderna filed an Answer to Plaintiffs' Complaint, which was accompanied by a counterclaim against the Plaintiffs (Doc. 35).

On December 21, 2022, Plaintiffs filed an Answer to Defendants' counterclaim (DOC. 38). On February 14, 2023, the United States filed a Statement of Interest (Doc. 49). On February 16, 2023, Judge Goldberg filed an Order directing that: "Within fourteen (14) days from the date of this Order, the parties and the U.S. Government shall submit a letter of no more than ten pages regarding the impact of the Governments Statement of Interest on the scheduling of this matter." (Doc. 51).

As of the date of this Motion, February 26, 2023, the United States and the existing parties have not filed the letters mandated by Judge Goldberg on February 16, 2023. Thus, timeliness required by the Third Circuit has been met.

As stated *supra* and *infra,* and in the attached Intervenors' Complaint, Intervenors have a significant interest in the underlying litigation. Whether Moderna

4

can shift its liability for vaccines based on a "prototype pathogen" that required infringement of Plaintiffs' patents, is similar enough to the same concern of the Plaintiffs and the declaratory relief Intervenors seek.

As the sole recipients/targets for Moderna's COVID-19 vaccines, each citizen of the United States, pursuant to the "powers" reserved under the Tenth Amendment, would be the primary and sole enforcer of Moderna's product liability for its COVID-19 vaccines.

Moreover, the course of this litigation, which has been abruptly changed with Moderna's counterclaim and the statement of interest by the United States, significantly demonstrates the existing parties represent only their interests.

Thus, a threat is created that the interests of the Intervenors will be impaired or affected by the disposition of the underlying action, particularly should the disposition fail to deny Moderna's unlawful attempt to shift liability to the United States. See *Liberty Mut. Ins.*, 419 F.3d at 220. Moreover, further litigation is on hold pending letters regarding the "scheduling of this matter." (Doc. 51).

### III. Article III Standing To Intervene.

To have standing to sue as a class representative it is essential that a party must be a part of that class, that is, he must possess the same interest and suffer the same injury shared by all members of the class he represents. To state differently, proposed Intervenors' interest must be "undifferentiated" from that of all other

5

residents of the United States. *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 216 (1974). See also *Town of Chester v. Laroe Estates, Inc.,* 137 S. Ct. 1645, 1650 (2017) ("Article III of the Constitution limits the exercise of the judicial power to 'Cases' and 'Controversies.'") (Citation omitted).

The concrete injury here asserted has been alleged in Plaintiff's Complaint:

"Moderna brought its vaccine from lab bench to arms in record speed. That unprecedented accomplishment was made possible by Moderna's use of breakthrough technology Arbutus had already created and patented—a revolutionary lipid nanoparticle ("LNP") delivery platform that took the scientists of Arbutus years of painstaking work to develop and refine. Moderna was well aware of Arbutus's LNP patents and licensed them for other product programs, but it chose not to do so for its COVID-19 vaccine." *Id.* ¶ 1.

"Without adequate protection, mRNA quickly degrades in the body. For mRNA vaccines like Moderna's to work, they must incorporate a mechanism for protecting the fragile mRNA, delivering it through cell membranes, and then releasing it inside the cell. In the words of one Nobel Prize winning scientist, the secret for making RNA-based products work has always been "delivery, delivery, delivery. *Id.* ¶ 3.

Moderna's alleged patent infringements; Moderna's highly volatile COVID-19 vaccines; Moderna's counterclaim and the United States' Statement of Interest seeking to transfer liability to the United States, combine to significantly complicate the chain of product and Government tort liability associated with the Federal class tort claims filed by putative class members Jerzy Gruca ("Gruca"), HHS Administrative Tort Claim No. 2021-0064; Emanuel McCray, HHS Administrative

Tort Claim No. 2020-1415,[3] and others, for the case *Marta Reyes, et al. v. Republic of China, et al.,* Class Action No. 20-cv-21108-AMC in the U.S. District Court for the Southern District of Florida (Miami), filed on March 12, 2020.

The Miami class action is currently on administrative hold to allow the Plaintiffs time to "Continue Service of Process Pursuant To The FSIA" against the Peoples Republic of China, *et al.* and to amend the Complaint by "expand[ing] the factual allegations of how the pandemic unfolded and how agents and actors of Defendants committed wrongful acts within the United States…since the research for the April 15th [2021] brief does appear to lead to additional U.S. based defendants who acted on behalf of or in aid of China to further the pandemic…." *Id.* ¶¶ 6-9.

Any shift of patent infringement liability from Moderna to the United States would arguably affect the class action tort claims filed against the United States and the allegations of how CCP actors and agents within the United States conducted themselves and furthered the pandemic, including Moderna's infringement of Plaintiffs' patents and the safety and efficacy of Defendants' vaccines that are delivered by Plaintiffs' vaccine delivery vehicles.

---

[3] See Exhibit 3 to Intervenors' Complaint (Letter from Department of Health and Human Services).

## IV. Permissive Intervention.

The proposed Intervenors also satisfy the requirements for permissive intervention, which is governed by the provisions of Fed. R. Civ. P. Rule 24(b).

Proposed Intervenors can assert both factual and legal questions directly related to the main action, Defendants' counterclaim, and the United States' statement of interest.

The proposed Intervenors simply seek to protect our "health and well-being" and our individual sovereignty. Intervention will significantly contribute to the just and equitable adjudication of the legal questions thus presented.

## VII. CONCLUSION.

For the reasons set forth above, the proposed Intervenors-Plaintiffs respectfully request that the Court grant their motion to intervene as of right, or, in the alternative, allow the Proposed Intervenors-Plaintiffs to intervene permissively.

Respectfully submitted this 26th day of February 2023.

*Emanuel McCray*
Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668
(564) 208-7576
emanuel.mccray@hotmail.com

8

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL
PRESS FIRMLY TO SEAL

U.S. POSTAGE
$9.65
PM
98661
Date of sale
02/26/23
02   6W   SSK
9819700774

**PRIORITY MAIL®**

EMANUEL MCCRAY
PO BOX 3134
VANCOUVER WA 98668-3134

RDC 04

EXPECTED DELIVERY DAY: 03/02/23

C012

SHIP TO:
US DISTRICT COURT
844 N KING ST
WILMINGTON DE 19801-3519

USPS TRACKING® NUMBER

9505 5066 7171 3057 8035 18

FROM:
Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668

FILED
MAR 02 2023
US DISTRICT COURT
DISTRICT OF DELAWARE

TO:
OFFICE OF THE CLERK
United States District Court
844 North King Street Unit 18
Wilmington, DE 19801-3570

PS00001000014
EP14F May 2020
OD: 12 1/2 x 9 1/2
USPS.COM/PICKUP