1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION AND GENEVANT SCIENCES GMBH,<br><br>                              Plaintiffs,<br><br>              v.<br><br>MODERNA, INC. and MODERNATX, INC.<br>                              Defendants.<br><br><br>EMANUEL MCCRAY, *On Behalf of Himself and All Others Similarly Situated,*<br><br>              Intervenors-Plaintiffs. | Case No.:  **22-cv-00252-MSG**<br><br>**NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION**<br><br>**PROPOSED CLASS ACTION** |

To Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH

and their attorneys of record, to Defendants Moderna, Inc. and ModernaTx, Inc. and

their attorneys of record, and to the United States and its attorneys of record,

PLEASE TAKE NOTICE that on _____, 2023, at _____ in the Courtroom

1

of the presiding judge in this case in the Federal Courthouse in Fort Worth, Texas,

or as soon thereafter as Plaintiffs-Intervenors may be heard, Plaintiffs-Intervenors

will and do hereby move the Court for an order certifying this case as a class action

pursuant to Rule 23(a) and (b) of the Federal Rules of Civil Procedure on behalf of

the following class of similarly situated persons:

>All persons born or naturalized in the United States who are citizens of
>the United States, and subject to the jurisdiction of the United States.

This motion is based upon the accompanying memorandum of law and upon

all other matters of record herein.  In accordance with Local Rule 7.1.1, a

conference was not. The last action on the Docket occurred on February 22, 2023,

(Doc. 55), granting Motion for Pro Hac Vice Appearance of Attorney Nancy Kaye

Horstman.

Dated: February 26, 2023

Respectfully submitted,

*Emanuel McCray*
Emanuel McCray
2700 Caples Street
P.O. Box 3134
Vancouver, WA 98668
(564) 208-7576
emanuel.mccray@hotmail.com

2

1

## TABLE OF CONTENTS

2

TABLE OF CONTENTS...................................................................................... i

TABLE OF AUTHORITIES. .......................................................................... ii

INTRODUCTION .............................................................................................1

ARGUMENT

      I.      **THE PROPOSED CLASS MEETS RULE 23** .........................................1

CONCLUSION...................................................................................................5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# TABLE OF AUTHORITIES

2

**Cases**                                                              **Page(s)**

3

4   Bond v. U.S.
            564 U.S. 211, 222 (2011) ............................................................. ….1, 5
5

6   Califano v. Yamasaki
            442 U.S. 682, 700-701 (1979) .................................................... ….1, 2
7

8   Gen. Tel. Co. of Sw. v. Falcon
            457 U.S. 147, 155, 161 (1982) ........................................................ …2
9

10  In re Hydrogen Peroxide Antitrust Litig.
            552 F.3d 305, 309-310 (3d Cir. 2008) ........................................ ..2, 4
11

12  Lanner v. Wimmer
            662 F.2d 1349, 1357 (10th Cir. 1981) ........................................... ….5
13

14  Leisner v. New York Telephone Co.
            358 F. Supp. 359, 372 (S.D.N.Y. 1973) ........................................ ….5
15

16  Rice v. City of Philadelphia
            66 F.R.D. 17, 20 (E.D. Pa. 1974) ................................................. ….2
17

18  United States Fidelity Guaranty Co. v. Lord
            585 F.2d 860, 873 (8th Cir. 1978) ................................................. ….5
19

20  **Statutes**

21  Federal Rules of Civil Procedure

22
            Rule 23...........................................................................................3
23          Rule 23(a) ......................................................................................5
            Rule 23(a)(1) ..................................................................................3
24          Rule 23(a)(3) ...............................................................................3, 4
25          Rule 23(b)(3) ..................................................................................6

26

27

28

ii

1
2

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

3    **I.    THE PROPOSED CLASS MEETS RULE 23.**

4
5    **A.    General.**

6    The proposed Complaint is incorporated herein as if repeated here.

7    In *Bond v. U.S.*, 564 U.S. 211, 222 (2011), the Supreme Court stated that:

8
9    "Fidelity to principles of federalism is not for the States alone to
10   vindicate. The recognition of an injured person's standing to object to a
     violation of a constitutional principle that allocates power within
11   government is illustrated, in an analogous context, by cases in which
12   individuals sustain discrete, justiciable injury from actions that
     transgress separation-of-powers limitations. Separation-of-powers
13   principles are intended, in part, to protect each branch of government
     from incursion by the others. Yet the dynamic between and among the
14   branches is not the only object of the Constitution's concern. The
15   structural principles secured by the separation of powers protect the
     individual as well."

16   In *Califano v. Yamasaki,* 442 U.S. 682, 700-701 (1979), the Supreme Court
17
     held that:
18
19   "[C]lass relief is appropriate in civil actions brought in federal court,
     including those seeking to overturn determinations of the departments
20   of the Executive Branch of the Government in cases where judicial
21   review of such determinations is authorized.... Indeed, a wide variety
     of federal jurisdictional provisions speak in terms of individual
22   plaintiffs, but class relief has never been thought to be unavailable
23   under them. (Citations omitted.) Where the district court has
     jurisdiction over the claim of each individual member of the class, Rule
24   23 provides a procedure by which the court may exercise that
25   jurisdiction over the various individual claims in a single proceeding."

26
27
28

1

A class action may be established if (1) the class is so numerous that joinder of all members is impracticable, (2) there are common questions of law or fact concerning the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, *and* (4) the interests of the class will be fairly and adequately protected by the representative parties. *In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309-310 (3d Cir. 2008), citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 155, 161 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).

"The trial court, well-positioned to decide which facts and legal arguments are most important to each Rule 23 requirement, possesses broad discretion to control proceedings and frame issues for consideration under Rule 23." *Id.* 552 F.3d at 310.

"Defining a class as consisting of all persons who have been or will be affected by the conduct charged to the defendants is entirely appropriate where only injunctive or declaratory relief is sought." *Rice v. City of Philadelphia*, 66 F.R.D. 17, 20 (E.D. Pa. 1974).

The proposed class is clear and is defined by whether Moderna and the United States may constitutionally shift Moderna's liabilities for its COVID-19 "prototype pathogen" vaccines to the United States in violation of the principles of federalism and the separation of powers doctrine.

2

Moreover, the existing parties cannot adequately protect the "powers" reserved to the People of the United States in the Tenth Amendment without their assistance.

**B.      Numerosity and Impracticality of Joinder**

The proposed class satisfies Rule 23(a)(1) because the class size is approximately 334,000,000 individuals and is "so numerous that joinder is impractical." Thus, the proposed class plainly satisfies the numerosity requirement of Rule 23(a).

**C.      Common Questions of Law or Fact**

All putative class members have the same rights guaranteed under the Federal Constitution and certain "powers" reserved to them under the Tenth Amendment. A sole discreet legal question all putative Plaintiffs-Intervenors share in common with the existing Plaintiffs is may constitutionally shift Moderna's liabilities for its COVID-19 "prototype pathogen" vaccines to the United States in violation of the principles of federalism and the separation of powers doctrine.

**D.      Typicality of Claims.**

Rule 23(a)(3) requires that the claims be "typical of the claims ... of the class." The loss of constitutional sovereignty and powers reserved to the People of the United States is typical of the putative class. Because McCray is a citizen of the United States and is among the "people" to whom the Tenth Amendment reserves

"powers not delegated to the United States by the Constitution, nor prohibited by it to the States", McCray has Article III standing to pursue declaratory relief under the typicality requirements of Rule 23 and this Court has already pointed to the difficulties Moderna and the United States face in their efforts to shift Moderna's liabilities to the United States.

Certification under Rule 23(b)(3), which is permissible when the court "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." (Citation omitted.) The twin requirements of Rule 23(b)(3) are known as predominance and superiority. *In re Hydrogen Peroxide Antitrust Litig.,* 552 F.3d at 310.

"Predominance 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.... Issues common to the class must predominate.... [A] district court must formulate some prediction as to how specific issues will play out in order to determine whether common or individual issues predominate in a given case...." *Id.* 552 F.3d at 310-11.

In this case, McCray and the proposed class members' legal and remedial theories predominate and are exactly the same. The predominance, superiority and typicality requirement of Rule 23(a)(3) are therefore satisfied.

4

**E.    Adequacy of Representation.**

The final requirement for class certification, set out in Rule 23(a)(4), is that the named plaintiffs "will fairly and adequately protect the interest of the class."

McCray is a citizen of the United States. The Federal Constitution applies equally to each citizen of the United States. See *Bond,* 564 U.S. at 222 (2011): "Fidelity to principles of federalism is not for the States alone to vindicate…. The structural principles secured by the separation of powers protect the individual as well." There are no formal or personal conflicts of interests between McCray, the putative class members, and the single claim for declaratory relief which McCray seeks to pursue.

Moreover, "[i]t is not 'fatal if some members of the class might prefer not to have violations of their rights remedied.'" *Lanner v. Wimmer*, 662 F.2d 1349, 1357 (10th Cir. 1981), citing *United States Fidelity Guaranty Co. v. Lord,*585 F.2d 860, 873 (8th Cir. 1978) (quoting *Leisner v. New York Telephone Co.,*358 F. Supp. 359, 372 (S.D.N.Y. 1973)), *cert. denied,* 440 U.S. 913, 99 S.Ct. 1228, 59 L.Ed.2d 462 (1979). Whether McCray will adequately represent the class is a question of fact to be 'raised and resolved in the trial court in the usual manner.

## II.    CONCLUSION

For the foregoing reasons, this action for declaratory relief should be certified as a class action pursuant to Fed.R.Civ.Proc., Rule 23(a) and (b).

5

1    Respectfully submitted this 26th day of February
2    2023.

3    *Emanuel McCray*
4    Emanuel McCray
     2700 Caples Street
5    P.O. Box 3134
6    Vancouver, WA 98668
     (564) 208-7576
7    emanuel.mccray@hotmail.com

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION AND GENEVANT SCIENCES GMBH, | ) Case No.:  22-cv-00252-MSG<br>)<br>) |
| Plaintiffs, | ) **CERTIFICATE OF SERVICE**<br>) |
| v. | )<br>) |
| MODERNA, INC. and MODERNATX, INC. | )<br>) |
| Defendants. | )<br>) |
| EMANUEL MCCRAY, *On Behalf of Himself and All Others Similarly Situated,* | )<br>)<br>) |
| Intervenors-Plaintiffs. | )<br>)<br>) |

I hereby certify that on the 26th day of February 2023, I mailed a copy of the following documents,

(1) MOTION TO INTERVENE

(2) CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF

1

1

(3) NOTICE OF MOTION AND MOTION FOR CLASS CERTIFICATION,

2

with postage prepaid, to all parties addressed as follows:

3

| | |
|---|---|
| JOHN W. SHAW<br>NATHAN ROGER HOESCHEN<br>KAREN ELIZABETH KELLER<br>Shaw Keller LLP<br>I.M. Pei Building<br>1105 North Market Street<br>12th Floor<br>Wilmington, DE 19801<br>Email: jshaw@shawkeller.com<br>Email: nhoeschen@shawkeller.com<br>Email: kkeller@shawkeller.com<br>*Attorneys for Plaintiffs*<br><br>BRIAN P. EGAN<br>JACK B. BLUMENFELD<br>Morris, Nichols, Arsht & Tunnell LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>302-351-9454<br>Email: began@mnat.com<br>Email: Jbbefiling@mnat.com<br>*Attorneys for Defendants* | DAVID C. WEISS<br>United States Attorney<br>1313 North Market Street<br>PO Box 2046<br>Wilmington, DE 19801<br>*Attorney for the United States*<br><br>MICHAEL GRANSTON<br>GARY L. HAUSKEN<br>PHILIP CHARLES STERNHELL<br>HAYLEY A. DUNN<br>KAVYASRI NAGUMOTU<br>Commercial Litigation Branch<br>Civil Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br>Email: Gary.L.Hausken@usdoj.gov<br>Email: Philip.C.Sternhell@usdoj.gov<br>Email: Hayley.A.Dunn@usdoj.gov<br>Email: Kavyasri.Nagumotu@usdoj.gov<br>*Attorneys for the United States* |

*Emanuel McCray*
Emanuel McCray

2