# **EXHIBIT A**



*Celebrating the past. Protecting the future.*

March 2, 2023

Dear Judge Goldberg:

On behalf of the Bayh-Dole Coalition, I'm writing in regard to the Department of Justice's recent statement of interest in the Arbutus Biopharma Corporation v. Moderna, Inc. (1:22-cv-00252).

The Coalition is not a party to this case and takes no position on the parties' substantive claims regarding infringement. Nor do we have any financial interest in this case.

The Bayh-Dole Coalition is a diverse group of innovation-oriented organizations committed to celebrating and protecting the Bayh-Dole Act. Our members stand united against misguided efforts to undermine the law by twisting its intent.

Passed in 1980, Bayh-Dole transformed America's technology transfer system by enabling universities, nonprofit research centers, and small businesses to own, patent, and license inventions that were supported by federal funding. Prior to the law, tens of thousands of technological breakthroughs gathered dust on the proverbial laboratory shelf.

Today, Bayh-Dole is credited with supporting the creation of more than 15,000 startups and more than 6.5 million jobs.

All this rests on strong, reliable intellectual property rights. That is why we are deeply concerned by the statement of interest filed by the Department of Justice on February 14, 2023 — and specifically, the government's articulated interpretation of 28 U.S.C. §1498.

By casting doubt on the enforceability of basic IP protections, the government's interpretation poses a threat to the very foundations of the U.S. patent system, as well as to the countless IP-intensive industries that depend on it.

As written, §1498(a) simply states that,

> "Whenever an invention described in and covered by a patent of the United States is used or manufactured by or for the United States without license of the owner . . . the owner's remedy shall be by action against the United States in the United States Court of Federal Claims for the recovery of his reasonable and entire compensation for such use and manufacture."



The purpose of the statute is analogous to eminent domain, *i.e.,* to permit the government to fulfill its essential purpose while nonetheless protecting the rights of patent owners from infringement by the government. In the event the government requires the use of patented technology, §1498(a) grants the patent-owner "reasonable and entire compensation" for that use.

In other words, §1498(a) makes plain that no entity — not even the federal government itself – can invade the patent property right without making the property owner whole. It is a compensatory statute; not a license to steal. Consequently, the statute serves to strengthen the reliability of the patent system.

However, in its statement of interest, the government advances a broad interpretation of §1498(a) that is not consistent with its historical use and interpretation. The Department of Justice argues that <u>any</u> contract entered into by the government, regardless of purpose, is "by or for the government" as invoked in §1498(a).

Yet this overly broad interpretation of "government use" is plainly not the law's intent. If it were, that would imply that the government could seize a patent for any product it had ever contracted to purchase for any purpose, regardless of whether the private sector was already fulfilling that need. The text and legislative history of §1498(a) make it clear that it does not apply to products and services made by private companies that happen to be purchased by the government for transfer to others.

The Department of Justice's distorted interpretation of §1498(a) and "government use" would produce serious adverse consequences for private-sector innovation in industries as varied as the life sciences, software, aerospace, and consumer electronics. Indeed, it would be the exception that swallows the rule, and it would undermine the very purpose for §1498, and ultimately the entire U.S. patent system.

My organization's core belief is that reliable, consistently enforced property rights in the form of patents are essential to a dynamic, prosperous, innovation-driven economy. Strengthening and extending IP protections was the chief aim of the Bayh-Dole Act, which ignited a historic era of U.S. technological innovation that continues to this day. But we can't take these essential legal protections for granted.

Without a strong system of IP rights, the incentive to spend decades developing state-of-the-art medicines, novel energy technologies, and other life-improving technologies would evaporate quickly. Investment in promising but risky areas of research would dry up. Independent



*Celebrating the past. Protecting the future.*

inventors would struggle to enter the market. And revolutionary advances like the mRNA vaccines at the center of this case would be far rarer.

If the government reserves the right to trample on IP protections for products it contracts to purchase, such a bleak future won't be far off. That's why we urge the court to reject the reckless and unjustified interpretation of §1498 advanced in the government's statement of purpose, and defend the integrity of the U.S. patent system.

Sincerely,

*Joseph P. Allen*

**Joseph P. Allen**
Executive Director
Bayh-Dole Coalition