IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC. and MODERNATX, INC.<br><br>Defendants.<br>MODERNA, INC. and MODERNATX, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH,<br><br>Counterclaim-Defendants. | C.A. No. 22-252 (MSG) |

**DEFENDANTS' OPPOSITION TO MOTIONS FOR LEAVE
TO FILE BRIEFS AS *AMICUS CURIAE* (D.I. 56 AND 61)**

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Mark C. McLennan
Nancy Kaye Horstman
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

March 7, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendants*

TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................................. 1

II. NATURE AND STAGE OF THE PROCEEDINGS ........................................................... 1

III. SUMMARY OF ARGUMENT ............................................................................................ 1

IV. STATEMENT OF FACTS ................................................................................................... 2

V. ARGUMENT ........................................................................................................................ 2

    A. Legal Standards ......................................................................................................... 2

    B. The Court Should Deny the Motions for Leave to File *Amicus* Briefs ................... 3

        1. Proposed *Amici* Have No Particularized Interest in this Litigation ............ 3

        2. All Interests Are Adequately Represented by the Parties ........................... 5

        3. The Proffered Information Is Not Useful to Resolving the Current Dispute ......................................................................................................... 5

VI. CONCLUSION ..................................................................................................................... 6

# TABLE OF AUTHORITIES[1]

Page(s)

**Cases**

*Am. Coll. of Obstetricians & Gynecologists, Pennsylvania Section*
  *v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983) ...............................................................................4

*Bernstein v. Twp. of Freehold, New Jersey*,
  No. CV 07-4110 (FLW), 2008 WL 11510751 (D.N.J. Jan. 4, 2008) ...................................4, 6

*Dobson Mills Apartments, L.P. v. City of Philadelphia*,
  No. 21-CV-273, 2022 WL 558348 (E.D. Pa. Feb. 23, 2022) .................................................3, 5

*Dwelling Place Network v. Murphy*,
  No. CV 20-6281, 2020 WL 3056305 (D.N.J. June 9, 2020) .................................................3, 5

*Granillo v. FCA US LLC*,
  No. 16-153(FLW)(DEA), 2018 WL 4676057 (D.N.J. Sept. 28, 2018) ................................2, 3

*Karlo v. Pittsburgh Glass Works, LLC*,
  No. 2:10-CV-1283, D.I. 320 (W.D. Pa. Aug. 5, 2013) ..........................................................4, 5

*Oakley Inc. v. The Partnerships And Unincorporated Associations Identified On*
  *Schedule A*, C.A. No. 1:22-cv-01570, Dkt. 52 (N.D. Ill. Oct. 24, 2022) ..................................6

*Panzer v. Verde Energy USA, Inc.*,
  No. 19-3598, 2021 WL 2186422 (E.D. Pa. May 27, 2021) ......................................................3

*Pro. Drug Co. Inc. v. Wyeth Inc.*,
  No. 11–5479, 2012 WL 4794587 (D.N.J. Oct. 3, 2012) ........................................................3, 5

*Sciotto v. Marple Newtown Sch. Dist.*,
  70 F. Supp. 2d 553 (E.D. Pa. 1999) .......................................................................................3, 4

*United States v. Olis*,
  No. CIV.A. H-07-3295, 2008 WL 620520 (S.D. Tex. Mar. 3, 2008) .......................................4

**Statutes**

28 U.S.C. § 1498 ...................................................................................................................1, 2, 4

---

[1] Unless otherwise indicated, internal quotation marks and citations have been omitted from quoted material.

**Rules**

Federal Rule of Appellate Procedure 29 ....................................................................................... 2

**I.      INTRODUCTION**

Since the Government's submission of a Statement of Interest, this case has garnered the interest of several groups and two motions seeking to enter this litigation as friends of the Court. However, both attempts fail to offer the type of information or guidance that can properly be introduced into a case through the vehicle of *amicus curiae*. These attempts should be denied.

**II.     NATURE AND STAGE OF THE PROCEEDINGS**

On February 28, 2022, Plaintiffs filed this action against Moderna. On May 6, 2022, Moderna filed a partial motion to dismiss based on § 1498 (D.I. 16). Briefing on the motion was completed June 24, 2022, and the Court issued its decision on Moderna's partial motion on November 2, 2022 (D.I. 31). On February 14, 2023, the Government filed a Statement of Interest, confirming the applicability of § 1498(a) (D.I. 49). A conference with the Court was held on February 16, 2023, at the conclusion of which the Court ordered simultaneous letters regarding the impact of the Government's Statement of Interest (D.I. 51). Subsequently, on March 2 and 6, 2023, two groups filed motions for leave to appear as *amici curiae*. D.I. 56; D.I. 61.

**III.    SUMMARY OF ARGUMENT**

The proposed *amicus* briefs fail to meet the standards set by the Third Circuit for granting *amicus* status because the proposed *amici* have no particularized interests that are not already competently represented in the matter and fail to provide information that would be useful to resolving the pending dispute. For at least these reasons, the Court should exercise its discretion to deny the motions for leave. In the alternative, should the Court permit the proposed *amici* to file their briefs, the Court should grant Moderna leave to respond substantively to the proposed *amici*'s arguments.

## IV. STATEMENT OF FACTS

The first set of proposed *amici curiae* are Professor Adam Mossoff and other law professors and former federal judges (collectively, "Professor Mossoff") with a stated interest "in ensuring the integrity of the patent system and the proper application of the federal government's eminent domain power to patented inventions." D.I. 56-2 at 1. The second set of proposed *amici* is the Bayh-Dole Coalition, a group of "innovation-oriented organizations and academic institutions" who are "committed to celebrating and protecting the Bayh-Dole Act, and to preserving the reliability of U.S. patents as private property rights on which the Bayh Dole system depends." D.I. 61, ¶5. Both groups of *amici* come before the Court seeking to "offer supporting legal analysis" relating to the "express text, legislative history, and judicial interpretation of Section 1498." D.I. 56, ¶6; D.I. 61, ¶6.

## V. ARGUMENT

### A. Legal Standards

As there is no rule governing the appearance of an *amicus curiae* in district court, "district courts have been guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29, which governs the appearance of amici in the circuit courts." *Granillo v. FCA US LLC*, No. 16-153 (FLW)(DEA), 2018 WL 4676057, at *3 (D.N.J. Sept. 28, 2018). Rule 29(3) states the following with respect to Motions for Leave to File:

> The motion must be accompanied by the proposed brief and state:
>
> (A) the ***movant's interest***; and
>
> (B) the reason why an amicus brief is ***desirable*** and why the matters asserted are ***relevant*** to the disposition of the case.

In applying the "interest," "desirability" and "relevance" prongs of Rule 29(3) to determine whether to grant *amicus* status, courts often consider whether, "(1) the amicus curiae has a 'special

interest' in the particular case; (2) the amicus curiae's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Granillo*, 2018 WL 4676057, at *4 (quoting *Pro. Drug Co. Inc. v. Wyeth Inc.*, No. 11–5479, 2012 WL 4794587, at *1 (D.N.J. Oct. 3, 2012)).

Courts in this Circuit have found that "[a]t the trial level, where issues of fact as well as law predominate, the aid of amicus curiae may be less appropriate than at the appellate level." *Dwelling Place Network v. Murphy*, No. CV 20-6281 (RBK/AMD), 2020 WL 3056305, at *1 (D.N.J. June 9, 2020). Ultimately, it "rests within a district court's discretion whether to permit the filing of an amicus brief." *Dobson Mills Apartments, L.P. v. City of Philadelphia*, No. 21-CV-273, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022) (citing *Panzer v. Verde Energy USA, Inc.*, No. 19-3598, 2021 WL 2186422, at *1 (E.D. Pa. May 27, 2021)).

### B.  The Court Should Deny the Motions for Leave to File *Amicus* Briefs

The proposed *amici* have failed to show that they have any special interest in this matter or that any argument they intend to bring into the matter is not (or cannot be) addressed by the parties. The motions should therefore be denied.

#### 1.  Proposed *Amici* Have No Particularized Interest in this Litigation

"When evaluating a potential amici's proffered interest in a case, the court looks to whether its interests which [*sic*] would be ultimately and directly affected by the court's ruling on the substantive matter before it." *Dwelling Place*, 2020 WL 3056305, at *2. "The potential amici must show more than simply 'a generalized interest in all cases' of a similar subject matter." *Granillo,* 2018 WL 4676057, at *5 (quoting *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)). Neither set of proposed *amici* here contends that the Court's decision on the issue will "impact them directly." Rather, their purported interests are at best "generalized" academic or policy interests in all cases relating to at least § 1498, and perhaps patent law more

3

broadly. The purported interests of both proposed sets of *amici* here are "not the kind of special interest that warrants amicus status." *Sciotto*, 70 F. Supp. 2d at 555; *id.* at 556 ("While policy arguments are certainly interesting and perhaps helpful at the appellate level, they are not the currency of a trial court.").

The Third Circuit has denied a similar motion by law professors, even when neither party objected, where "[t]he law professors d[id] not purport to represent any individual or organization with a legally cognizable interest in the subject matter at issue, and g[a]ve only their concern about the manner in which this court will interpret the law." *Am. Coll. of Obstetricians & Gynecologists, Pennsylvania Section v. Thornburgh*, 699 F.2d 644, 645 (3d Cir. 1983). Other courts have reached similar conclusions. *See, e.g.*, *United States v. Olis*, No. CIV.A. H-07-3295, 2008 WL 620520, at *7 (S.D. Tex. Mar. 3, 2008) (denying motion to file *amici curiae* brief purporting to "elucidate, from a historical and scholarly perspective, the constitutional right to free access to defense funding and to be free of government interference with the right to counsel" where the facts did not support the defendant's original motion); *Karlo v. Pittsburgh Glass Works, LLC*, No. 2:10-CV-1283, D.I. 320 at 3 (W.D. Pa. Aug. 5, 2013) (denying a motion to file *amicus* brief where "[t]he moving parties have identified no 'special interest' of [Professor] Sperino"); *Bernstein v. Twp. of Freehold, New Jersey*, No. CV 07-4110 (FLW), 2008 WL 11510751, at *2 (D.N.J. Jan. 4, 2008) (denying ACLU's motion to appear *amicus curiae* because despite "obvious general interest in the constitutional questions involved in this case, [ ] absent a specific showing of a special interest, participation as *amicus curiae* would be inappropriate"). Where, as here, the proposed *amici*'s interests are grounded in "legal principles" or statutory interpretation, no special interest exists.

The generalized interests of both groups of proposed *amici* weigh against granting their motions.

### 2. All Interests Are Adequately Represented by the Parties

District Courts in this Circuit have found *amici* unnecessary where their interests are competently represented. *Dobson Mills Apartments*, 2022 WL 558348, at *1 (denying a motion for leave to file *amicus curiae* where the petitioner made no claim that party counsel was not qualified to represent its asserted interest); *see also Pro. Drug*, 2012 WL 4794587, at *2 (denying a motion where petitioner had not expressed an interest that was not represented competently and plaintiffs were "represented by competent counsel who have ably addressed the relevant issues relating to the motions to dismiss"). The proposed *amici* do not contend that the parties' counsel are not qualified to represent their asserted interests. Nor is there any reason why the parties' counsel cannot competently represent said interests. *See Karlo*, No. 2:10-CV-1283, Dkt. 320 at 3 (concluding that the petitioner law professor's presumed interest was "competently represented by able counsel"). This factor also weighs against granting their motions.

### 3. The Proffered Information Is Not Useful to Resolving the Current Dispute

The proposed groups of *amici* purport to "offer supporting legal analysis beyond that provided by the parties." D.I. 56-2 at 2; *see also* D.I. 61, ¶6 ("Bayh-Dole seeks leave to offer supporting legal analysis that is necessary for this Court to consider"). However, the vast majority of at least Professor Mossoff's "judicial interpretation" is spent on rehashing case law raised by the parties and the Government in their briefing, cited in the Court's Memorandum Opinion, and discussed at the February 16 conference with the Court. To the extent the Court finds that the proposed *amici* are raising new information through their historical analysis or constitutional arguments, they are "not present[ing] any arguments or information that could not be provided just

5

as readily by [the parties] themselves." *Dwelling Place*, 2020 WL 3056305, at *3. In fact, allowing the proposed *amici* to raise any new constitutional or historical arguments would run afoul the "classic role of an *amicus curiae*" under which it "cannot initiate, create, extend, or enlarge [the] issues" before the Court. *Bernstein*, 2008 WL 11510751, at *2; *see also Oakley Inc. v. The Partnerships And Unincorporated Associations Identified On Schedule A*, C.A. No. 1:22-cv-01570, Dkt. 52, at 3 (N.D. Ill. Oct. 24, 2022) (denying a motion to file *amicus* brief where "[a]llowing Movant to present new" "constitutional and historical arguments" would "pay insufficient heed to the principle of party presentation"). Additionally, the brief provided by the Bayh-Dole Coalition provides no analysis of case law and no citations to legislative history or documents evidencing legislative intent to support its position. D.I. 61-1. The substance of the proposed submissions therefore does not provide a basis for granting *amicus* status.

## VI.  CONCLUSION

Moderna respectfully requests that the Court deny the *amicus* motions. In the alternative, should the Court grant these motions, Moderna requests that it be permitted an opportunity to substantively respond to the proposed *amici*'s positions.

<table>
<tr><td>

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Mark C. McLennan
Nancy Kaye Horstman
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

March 7, 2023

</td><td>

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendants*

</td></tr>
</table>

7

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on March 7, 2023, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017-3543<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| David I. Berl, Esquire<br>Adam D. Harber, Esquire<br>Thomas S. Fletcher, Esquire<br>Jessica Palmer Ryen, Esquire<br>Lydia B. Cash, Esquire<br>Shaun P. Mahaffy, Esquire<br>Anthony H. Sheh, Esquire<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue S.W.<br>Washington, DC  20024<br>*Attorneys for Plaintiff Genevant Sciences GmbH* | VIA ELECTRONIC MAIL |
| Stephen B. Brauerman, Esquire<br>BAYARD, P.A.<br>600 North King Street, Suite 400<br>Wilmington, DE  19801<br>*Attorneys for Proposed Amici Law Professors, Scholars, and Former Government Officials* | VIA ELECTRONIC MAIL |
| Stephanie S. Riley, Esquire<br>WOMBLE BOND DICKINSON (US) LLP<br>1313 North Market Street, Suite 1200<br>Wilmington, DE  19801<br>*Attorney for Bayh-Dole Coalition* | VIA ELECTRONIC MAIL |

/s/ *Jack B. Blumenfeld*

------------------------

Jack B. Blumenfeld (#1014)