IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ARBUTUS BIOPHARMA CORPORATION** and **GENEVANT SCIENCES GmbH,** | : : : | |
| **Plaintiffs,** | : : | **CIVIL ACTION** |
| v. | : : | |
| **MODERNA, INC. and MODERNATX, INC.** | : : | **NO. 22-252** |
| **Defendants.** | : : : | |
| **MODERNA, INC. and MODERNATX, INC.** | : : | |
| **Counterclaim-Plaintiffs,** | : : : | |
| v. | : : | |
| **ARBUTUS BIOPHARMA CORPORATION** and **GENEVANT SCIENCES GmbH,** | : : : | |
| **Counterclaim-Defendants.** | : | |

## SCHEDULING ORDER

**AND NOW**, this 21st day of March, 2023, the Court having conducted a Rule 16(b) scheduling conference and received the parties' Joint Status Report Pursuant to Rule 26(f), it is hereby **ORDERED** that:

1. <u>Rule 26(a)(1) Initial Disclosures and E-Discovery Default Standard.</u> Unless otherwise agreed to by the parties, initial disclosures shall be made pursuant to Federal Rule of Civil Procedure 26(a)(1) within **ten (10) days** of the date the Court enters this Order. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standard for Discovery) and is

incorporated herein by reference. The parties shall make their initial disclosures pursuant to Paragraph 3 of the Default Standard within **thirty (30) days** of the date the Court enters this Order. The parties shall meet and confer about a proposed ESI Order and submit it to the court within **forty-five (45) days** from the date the Court enters this Order. Until the parties have agreed on an appropriate ESI Order or the Court has resolved a dispute concerning a proposed ESI Order and such order is entered, the Court's Default Standard shall control. The lack of agreement between the parties on an ESI Order shall not be used as a basis to refuse to respond to discovery requests while such order is pending.

2. <u>Joinder of Other Parties and Amendment of Pleadings.</u> All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **October 16, 2023**. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 8(g) and 9.

3. <u>Application to Court for Protective Order.</u> Should counsel find it necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within **twenty-one (21) days** from the date of this Order. Any proposed protective order should comply with the factors set forth in <u>Pansy v. Borough of Stroudsburg</u>, 23 F.3d 772 (3d Cir. 1994). Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the Provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings.</u> By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the

parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4. <u>Papers Filed Under Seal.</u>  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.  Any request to seal should comply with the principles set forth in <u>In re Avandia Mktg. Sales Pracs. & Prods. Liab. Litig.</u>, 924 F.3d 662, 671 (3d Cir. 2019).

5. <u>Courtesy Copies.</u>  The parties shall provide to the Court one (1) courtesy copy of all briefs and other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

6. <u>Disclosures.</u>  Absent agreement among the parties, and approval of the Court:

(a) By **March 23, 2023**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.  Defendants shall also produce sales figures for the accused product(s).

(b) By **April 23, 2023**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

(c) By **May 19, 2023**, Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

(d) By **March 15, 2024**, Plaintiffs shall provide final infringement contentions.

(e) By **March 15, 2024**, Defendants shall provide final invalidity contentions.

3

7. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

(a) <u>Fact Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before **March 1, 2024**.

(b) <u>Document Production.</u> Document production shall be substantially complete by **October 13, 2023**.

(c) <u>Requests for Admission.</u> A maximum of 45 requests for admission are permitted for each side. Requests to admit the authenticity of a document shall not count toward this limit.

(d) <u>Interrogatories.</u>

i. A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

(e) <u>Depositions.</u>

i. <u>Limitations on Hours for Deposition Discovery.</u> Each side is limited to a total of 85 hours of taking testimony by deposition upon oral examination, including depositions of third parties. Any deposition lasting less than 4 hours will count as 4 hours against the total time of the side taking the deposition. Each deposition will be limited to seven (7) hours in length of on-the-record time except as specifically extended, by order of the Court, or otherwise

agreed to by the parties. For clarity, the hour limitations described in this paragraph do not apply to depositions of expert witnesses.

    ii. <u>Location of Depositions.</u>  The parties shall meet and confer regarding locations of depositions, taking into account convenience for the deponent.

 (f) <u>Disclosure of Expert Testimony.</u>

    i. <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before **April 5, 2024**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **May 6, 2024**. Reply expert reports from the party with the initial burden of proof are due on or before **June 7, 2024**. No other expert reports will be permitted without either consent of all parties or leave of the Court. On or before **June 10, 2024**, the parties shall advise of the dates and times of their experts' availability for deposition.

    ii. <u>Expert Discovery Cut-Off.</u>  All expert discovery in this case shall be initiated so that it will be completed on or before **July 10, 2024**.

 (g) <u>Discovery Matters and Disputes Relating to Protective Orders.</u>  Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1, that they are unable to resolve a discovery matter or a dispute relating to a protective order, a party may file correspondence on ECF that shall not exceed three (3) pages outlining the issues in dispute and its position on those issues. Within seven (7) days thereafter, any responsive correspondence shall also be filed on ECF and shall not exceed three (3) pages. Upon review, the Court may schedule a telephone conference. Prior to the above submissions, counsel shall meet and confer to make every effort to come to an amicable resolution.

      8.      <u>Motions to Amend/Motions to Strike</u>

          (a)      Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g) above.

          (b)      Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

      9.      <u>Advice of Counsel.</u>  On or before **October 27, 2023**, the parties shall advise each other if they intend to assert an advice of counsel defense and, if so, produce and identify all document they intend to rely on to support that defense.

      10.      <u>Technology Tutorials.</u>  If any party chooses to file a technology tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed.

      11.      <u>Claim Construction Issue Identification.</u>  On **June 9, 2023**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s).  On **June 16, 2023**, the parties shall exchange counter proposed constructions for any terms identified only by the opposing party in the initial exchange of claim terms.  These documents will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on **June 29, 2023**.  The parties' Joint Claim Construction Chart should identify for the Court **no more than ten (10) term(s)/phrase(s)** of the claim(s) in issue for construction, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  Intrinsic evidence (including copies of the patent(s) at issue) shall NOT be attached to the joint claim construction chart and, instead, the parties shall include a joint appendix with the joint claim

construction brief, and the joint appendix shall include a copy of the patent(s) at issue and portions of all relevant intrinsic evidence that would have otherwise been included with the joint claim construction chart, as well as any additional evidence cited in the parties' briefing.

   12. <u>Claim Construction Briefing.</u>  Plaintiffs shall serve, but not file, their opening brief, not to exceed twenty (20) pages, on **July 28, 2023**  Defendants shall serve, but not file, their answering brief, not to exceed thirty (30) pages, on **August 28, 2023**.  Plaintiffs shall serve, but not file, their reply brief, not to exceed twenty (20) pages, on **September 18, 2023**.  Defendants shall serve, but not file, their sur-reply brief, not to exceed ten (10) pages, on **October 9, 2023**.  No later than **October 11, 2023**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.  If the joint brief as submitted is more than eighty (80) pages, the parties must certify that the page limits (or equivalent word counts) in the Scheduling Order have been complied with and provide a brief explanation (e.g., formatting issues, listing of agreed-upon terms) as to why the brief is longer than 80 pages.

**JOINT CLAIM CONSTRUCTION BRIEF**

 I.  Agreed-Upon Constructions

 II.  Disputed Constructions

  [TERM 1]

    1.  Plaintiffs' Opening Position

    2.  Defendants' Answering Position

    3.  Plaintiffs' Reply Position

    4.  Defendants' Sur-reply Position

  [TERM 2]

1. Plaintiffs' Opening Position
2. Defendants' Answering Position
3. Plaintiffs' Reply Position
4. Defendants' Sur-reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

13. <u>Hearing on Claim Construction.</u> Beginning at **10:00 a.m.** on **January 25, 2024**, in a location and courtroom to be determined, the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing. If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion of the claim construction hearing.

14. <u>Summary Judgment Motions.</u>

No case dispositive motions shall be filed without prior authorization of the Court. Any party requesting leave to file a dispositive motion shall submit a letter, not exceeding (3) pages, briefly setting out the basis for such motion. Any such letter shall be submitted no later than

**August 1, 2024**.  Within seven (7) days after the submission of a letter in compliance with this Order, any opposing party shall file a responsive letter, not to exceed three (3) pages.  Within three (3) days thereafter, the party requesting leave may file a reply letter, not to exceed two (2) pages, and, by this same date, the parties shall file a letter requesting a teleconference to address the request for leave to file a case dispositive motion.  If leave is granted, the Court will thereafter set a briefing schedule.

15.     *Daubert* Motions.  Each SIDE is permitted to file a single, comprehensive *Daubert* motion.  Any *Daubert* motion and any opening brief in support of the motion shall be served and filed on or before **August 12, 2024**.  Any opposition brief shall be served and filed on or before **September 12, 2024**.  Opening and opposition briefs shall be limited to twenty-five (25) pages.  Reply or sur-reply briefs may only be filed with leave of Court.  Counsel is reminded that Federal Rule of Evidence 702 has a "liberal policy of admissibility," Pineda v. Ford Motor Co., 520 F.3d 237, 243 (3d Cir. 2008) (quotation omitted), and "the rejection of expert testimony is the exception rather than the rule."  Fed. R. Evid. 702, Advisory Comm. Notes (2000).

16.     Applications by Motion.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

17.     All further deadlines, including setting a trial date, shall be set following resolution of dispositive/*Daubert* motions, or, if no such motions are filed, after the deadline for filing such motions has passed.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**