IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC. | ) ) ) | |
| Defendants. | ) | |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Counterclaim-Defendants. | ) ) | |

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery activity in the above-captioned action may call for the production or disclosure of trade secret or other proprietary or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), other private or competitively sensitive information, and/or personally identifiable information for which protection from public disclosure and from use for any purpose other than prosecuting and defending the above-captioned action is warranted. Accordingly, Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH ("Genevant") and Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna") (Plaintiffs and Defendants may be referred to herein as individually as a "Party," or collectively as the "Parties"), hereby stipulate to and ask the Court to enter this Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

## I.   DEFINITIONS

1.1   <u>Challenging Party</u> means a Party or Non-Party that challenges the designation of information or items under this Order.

1.2   <u>"CONFIDENTIAL" Material</u> means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "CONFIDENTIAL," based on the Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals information or material not generally known and which the Producing Party would normally not reveal to third parties, including but not limited to:

(a)   Confidential business information;

(b)   Sales figures and projections, which will be designated "CONFIDENTIAL";

(c)   the lipid molar ratio of the Accused Products and the lipid molar ratio of products developed or licensed by Plaintiffs (for clarity, the lipid molar ratio itself will be treated CONFIDENTIAL, but not necessarily documents that disclose such lipid molar ratios, which are to be designated according to the criteria in this paragraph 1.2 and paragraph 1.8);

(d)   Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(e)   Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, could result in competitive harm to the disclosing party;

(f)   Sensitive, non-public personal, client, or customer information concerning individuals or other entities.

(g)   Information as to which applicable law – foreign or domestic, including but not limited to the EU General Data Protection Regulation – requires the equivalent of

- 1 -

"CONFIDENTIAL" treatment or other protection from unauthorized disclosure as set forth in this Order.

      1.3    <u>Counsel (without qualifier)</u> means Outside Counsel and In-House Counsel.

      1.4    <u>Designating Party</u> means any Party or Non-Party that designates Discovery Material produced by itself or any other Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

      1.5    <u>Designated In-House Counsel</u> means In-House Counsel who seek access to "CONFIDENTIAL" information in this action.  Unless otherwise agreed to by the Parties, Designated In-House Counsel means up to two (2) in-house attorneys for Arbutus, (2) in-house attorneys for Genevant, and two (2) in-house attorneys for Defendants.  Designated In-House Counsel for Genevant may be employed by Genevant Sciences Ltd., Genevant Sciences, Inc., Genevant Sciences Corporation, or Genevant Sciences GmbH.  If Designated In-House Counsel ceases to be employed by the respective party, that party may substitute Designated In-House Counsel with written notice to all other Parties, which shall include the name, job title, and affiliation of the Designated In-House Counsel to be substituted.  In the event of such a substitution, the new Designated In-House Counsel may not receive "CONFIDENTIAL" information for seven (7) days after the notice is provided.  In the event of an objection to the substitution of Designated In-House Counsel during this period, the Parties will meet-and-confer and the objecting party will have seven (7) days after the objection to initiate the applicable dispute resolution mechanism.  Initial Designated In-House counsel, and their present job titles and affiliations, are set forth below:

For Arbutus:

(1)    [To be named at a later date].

(2)    [To be named at a later date].

For Genevant:

(1)    Peter Zorn, President and Chief Legal Officer, Genevant Sciences, Inc.

(2)    [To be named at a later date].

For Defendants:

(1)    [To be named at a later date].

(2)    [To be named at a later date].

1.6    <u>Discovery Material</u> means all items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced in this action.

1.7    <u>Expert and/or Consultant</u> means a person with specialized knowledge or experience in a matter pertinent to this action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or a consultant in this action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

1.8    <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material</u> means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" based on the Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals:

(a)    Confidential trade secret, know-how, personnel, financial, or other proprietary information the disclosure of which would result in competitive, commercial, of financial harm to the Producing Party or its personnel, clients, or customers;

- 3 -

(b)      Information that is likely to cause harm to the interests of individuals (e.g., research subjects or patients) who are not parties to this litigation.

1.9      <u>In-House Counsel</u> means the individuals listed in Paragraph 1.5.

1.10      <u>Non-Party</u> means any natural person or entity that is not a named Party to this action.

1.11      <u>Outside Counsel</u> means attorneys, along with their paralegals and other support personnel assisting them with this action (including temporary or contract staff, assistants, and other employees of the respective law firms of Outside Counsel), who are not employees of a Party and who have entered an appearance in this action and did not file a notice of withdrawal before February 10, 2023.

1.12      <u>Party</u> means any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support personnel).

1.13      <u>Privileged Material</u> means Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

1.14      <u>Producing Party</u> means any Party or Non-Party that produces Discovery Material in this action.

1.15      <u>Professional Vendors</u> means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

1.16     Protected Material means any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

1.17     Receiving Party means any Party or Non-Party that receives Discovery Material from a Producing Party.

## II.     SCOPE

2.1     The protections conferred by this Order cover not only Protected Material, but also:

(a)     Any information copied or extracted from Protected Material;

(b)     All copies, excerpts, summaries, or compilations of Protected Material; and

(c)     Any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

2.2     The protections conferred by this Order do not cover the following information:

(a)     Any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through litigation or otherwise; and

(b)     Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(c)     Any use of Protected Material at trial shall be governed by a separate agreement or order.

## III.     DURATION

3.1     The confidentiality obligations imposed by this Order shall remain in effect (including after an order, mandate, or dismissal terminating this action with prejudice) until the

Designating Party agrees otherwise in writing, this Court orders otherwise, or the information is made public by the Designating Party.

## IV.    DESIGNATING PROTECTED MATERIAL

4.1    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    <u>For documents in hardcopy form or any other tangible items</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to each page that contains Protected Material in such a way so as not to obscure any part of the text or content or in a prominent place on the item itself or exterior of the container or containers in which the information or item is stored.

(b)    <u>In the case of electronically stored documents</u>, that the Producing Party note on the image for each document or in the file name when noting on the image is not practicable, in any suitable and readily viewable manner, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY".  Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation to such document.

(c)    <u>For deposition transcripts</u>, that the Designating Party or Non-Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  Alternatively, a Designating Party or Non-Party may specify, at the deposition, or up to 30 days after receipt of the final transcript or recording that (1) the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL'S EYES ONLY"; or (2) the designating Party or Non-Party may designate the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted.  Only those portions of the testimony that are appropriately designated for protection within the 30 days, subject to any other time periods agreed upon by the Parties and Non-Parties, shall be covered by the provisions of this Protective Order.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and when the entire transcript has not been so designated the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.  The Designating Party shall inform the court reporter of these requirements.  Any transcript prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in its entirety unless otherwise agreed.  After the expiration of that period, and any extensions agreed upon by the Parties (and Non-Parties where applicable), the transcript shall be treated only as actually designated.

(d)      For reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on the report.

4.2    Inadvertent Failures to Designate:  If corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material of the Producing Party learning of the inadvertent failure to designate.  The Party discovering such inadvertent failure to designate must promptly notify counsel for the Receiving Party in writing.  Upon such notification of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order and notify the Producing Party of any disclosure of the Protected Material, including identifying the persons or entities to whom the Protected Material was disclosed, within ten (10) days of the notification by the Producing Party.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation upon its notification to the Receiving Party.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order.

4.3    Upward Designation of Information or Items Produced by Other Parties or Non-Parties:  A Party may upward designate (i.e., change any Discovery Material produced without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to one of those designations, or change any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's "CONFIDENTIAL" or

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order.  Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section V regarding challenging designations.

## V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1   <u>Timing of Challenges</u>:  Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2   <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within seven (7) days after service of the written objections, meet and confer concerning the objections, unless otherwise agreed.  The Parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

5.3   <u>Judicial Intervention</u>:  If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 5.2, the Party challenging the designation may seek relief promptly from the Court in accordance with its rules and procedures.  At all times, the Designating Party carries the burden of establishing the propriety

of the designation and protection level.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling.

## VI.     ACCESS TO AND USE OF DISCOVERY MATERIAL

6.1     <u>Basic Principles</u>.  A Receiving Party may access or use Protected Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this action or any related appellate proceeding.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, or any purpose related to any other investigation or proceeding. With respect to disclosure of Discovery Material as required by law, the party intending to reveal such Discovery Material shall provide reasonable notice and opportunity to object to the party that produced the Discovery Material, unless consent from the party that produced the Discovery Material was previously obtained.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this action, each Receiving Party must comply with the provisions of Section 12.1, below.

6.2     This Order does not preclude any Party or Non-Party from using Protected Material with the consent of the Designating Party or by order of the Court.

6.3     The recipient of any Protected Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order.

   6.4 <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed by a Receiving Party only to the following persons:

   (a) The Receiving Party's Outside Counsel;

   (b) Designated In-House Counsel of the Receiving Party who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), following the required disclosure procedure set forth in Paragraph 1.5;

   (c) Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, following the disclosure procedure set forth in Paragraph 6.6, provided that Counsel, in good faith, requires their assistance in connection with this action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this action (including but not limited to other litigations and other work in their respective fields);

   (d) The Court and its personnel;

   (e) Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

   (f) Court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this action and with respect to

Professional Vendors only, those Professional Vendors must first sign the "Agreement To Be Bound By Protective Order" (Exhibit A);

(g)     The author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified as an author, addressee, or recipient in the document or its accompanying metadata;

(h)     Current employees of the Designating Party;

(i)     During their depositions or other evidentiary action, former employees of the Designating Party to whom disclosure is reasonably necessary, unless otherwise ordered by the Court;

(j)     Professional jury or trial consultants or mock jurors who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(k)     Any other person agreed to by the Designating Party in writing; and

(l)     Any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

6.5     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material:  Material produced and marked as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may be disclosed by the Receiving Party only to individuals identified in Paragraphs 6.4(a), (c)-(l), unless otherwise ordered by the Court or permitted in writing by the Designating Party.

6.6     Any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material produced in discovery shall be made available in an electronic format allowing it to be reasonably reviewed and searched.  The Receiving Party's Outside Counsel shall host any

electronically stored "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material at their offices and/or the offices of any data hosting Professional Vendor employed by said Outside Counsel, provided that the following restrictions shall apply:

(a)     Only Outside Counsel of record (and their support staff) and the hosting Professional Vendor employed by said Outside Counsel shall have direct access to the database(s) that store the entirety of the production of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material;

(b)     The Receiving Party shall store "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material in a secure electronic review database in such a manner as to allow the Receiving Party, if needed and with respect to a good-faith allegation of improper disclosure and upon order of the Court, to generate a list of the specific documents by Bates number from a Producing Party that a given individual has accessed or downloaded in the electronic review database.  Outside Counsel shall be required only to track the identity of Outside Counsel who accessed specific documents in a secure electronic review database, but shall not otherwise be required to track Outside Counsel who had access to documents by other means such as a print copy, email, or the like.  For clarity, the Receiving Party shall not be required to log any attorney work product or material subject to Fed. R. Civ. P. 26(b)(4) that cites, excerpts, or otherwise references "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material.  The Receiving Party shall, within a reasonable period of time, provide a copy of this log to the Producing Party upon request after order of the Court;

(c)     The Receiving Party may provide access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material to the individuals identified in Section 6.5.  Except as otherwise provided herein, the Receiving Party may only provide such access to

- 13 -

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material to the individuals identified in Paragraphs 6.4 (c), (f), (j), and (k) through a secured web-based interface, a secure electronic review database, or a secure electronic file transfer portal (collectively, "**Secure File Platforms**") in such a manner as to allow the Receiving Party, if needed and with respect to a good-faith allegation of improper disclosure and upon order of the Court, to generate a list of the specific documents by Bates number from a Producing Party that a given individual has been provided access to and/or downloaded.  For clarity, the Receiving Party shall not be required to log any attorney work product or material subject to Fed. R. Civ. P. 26(b)(4) that cites, excerpts, or otherwise references "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material.  The Receiving Party shall, within a reasonable period of time, provide a copy of this log to the Producing Party upon request after order of the Court; and

(d)     The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material in a secured, locked area when not in use or in transport. When in use or transport, access to such materials shall be limited to those persons identified in 6.5.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as provided in this section.  The Receiving Party shall only make additional paper or electronic copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Subject to Section XI and the foregoing provisions of Section 6.6, all copies of any portion of the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material in whatever form shall be securely destroyed if they are no longer in use.

6.7     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence and (2) attaches a copy of the Expert's most recent curriculum vitae or resume, (3) provides a list of all publications the Expert authored in the previous 10 years and a list of all other cases in which the Expert testified as an expert at trial or by deposition in the previous 4 years, (4) discloses any work the Expert has previously undertaken for any of the Parties, and (5) attaches a copy of the "Agreement To Be Bound By Protective Order" (Exhibit A) signed by the Expert.  If the most recent curriculum vitae or resume of the Expert provides the information required under this paragraph, then the information need not be separately provided.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless the Party receives a written objection from the Designating Party within seven (7) days of delivering the request, or as otherwise agreed by the parties.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection, or as otherwise agreed by the parties.  If no agreement is reached, the Party seeking to

prevent the disclosure to the Expert must initiate the applicable dispute resolution mechanism within fourteen (14) days of the written objection, or as otherwise agreed by the parties.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

6.8    <u>Retention of Exhibit A</u>:  Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain the hardcopy or electronic copy for six (6) months following the final termination of this action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

## VII.   PROSECUTION, FDA, AND COMPETITION BAR

7.1    Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not be involved in the prosecution of patents or patent applications pertaining to (1) lipid nanoparticles, (2) ionizable lipids for nucleic acid delivery, or (3) vaccines comprising nucleic acids; including without limitation the patents identified in this action and any patent or application claiming priority to the patents identified in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For clarity, the subject matter in (1) to (3) includes but is not limited to claims and disclosures directed to compositions, apparatuses, methods of manufacture, and methods of use.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, or advising in a way that affects the scope of patent claims or the maintenance of pending claims.  To avoid any doubt, In-House Counsel does not engage in "prosecution" for purposes of this paragraph solely by supervising, directly or indirectly, another individual who engages in prosecution.  To further avoid any doubt, "prosecution" as used in this paragraph does not include advising on the

- 16 -

maintenance of issued patents or representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, an *inter partes* review proceeding, and/or any similar administrative proceeding pertaining to an issued patent), except that an individual subject to this bar may not draft proposed amended claims in an *inter partes* review proceeding, or otherwise advise in a way that affects the scope of proposed amended claims.  For the avoidance of doubt, "defending" a patent does not include involvement in drafting any new claims or claim amendments, which is not permitted under the previous sentence.  This prosecution bar applies to all Outside Counsel.  For avoidance of doubt, this prosecution bar applies on an individual-by-individual-basis to all Outside Counsel, not a firm-by-firm basis, and does not apply to individuals who have not entered an appearance or who filed a notice of withdrawal before February 10, 2023, so long as those individuals have not accessed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information.

7.2     Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not be involved in the preparation or submission of any FDA correspondence (e.g., citizen petitions) or any similar correspondence in any foreign country pertaining to (1) lipid nanoparticles, (2) ionizable lipids for nucleic acid delivery, or (3) vaccines comprising nucleic acids, unless requested by the FDA or otherwise required by law.  In such communications, drafting, and reviewing, however, no such individual shall quote, cite, or refer to any material subject to a confidentiality obligation under this Protective Order and not otherwise known to that individual or to the Party on whose behalf that individual works.

7.3     Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not be involved in any Competitive Decision-Making (strategic business decisions, including marketing, financial, product development/design, and pricing decisions, on issues affecting competition) relating to (1) lipid nanoparticles, (2) ionizable lipids for nucleic acid delivery, or (3) vaccines comprising nucleic acids, for the duration of these actions and for one year after entry of final judgment from which no appeal may be taken (or the dismissal of these actions) without first obtaining (1) consent from the Producing Party or (2) an order from the Court.  Competitive Decision-Making shall be interpreted consistently with the Federal Circuit's decision in *In re Deutsche Bank*, 605 F.3d 1373 (Fed. Cir. 2010), and shall not include decision-making as an attorney related to this action.

7.4     The Prosecution and FDA Bar shall begin when the Designating Party first discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information and shall end one (1) year after final termination of this action.

## VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including identifying the persons or entities to whom the disclosure was made, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" (Exhibit A). Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

IX.     **INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

9.1      Pursuant to Federal Rule of Evidence 502(d), the production of documents or materials that the Producing Party thereafter claims to be subject to the attorney-client privilege, work-product immunity, or other privilege or immunity ("Privileged Information") shall not constitute a waiver of, or estoppel as to, any claim of privilege or other protection, either as to the Protected Material or as to any other documents or communications embracing the same or similar subject matter, in the above-captioned action or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

9.2      Upon discovery by a Producing Party (whether by notice from the Receiving Party or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, within five (5) business days of such discovery, request the return or deletion of such Privileged Information by sending a written notification ("Clawback Notice") to the Receiving Party, which shall identify the documents or ESI in question by Bates number or otherwise and the basis on which the Privileged Information should have been withheld from production. The requirements in this paragraph apply equally to instances in which a Producing Party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this Protective Order, "discovery" shall mean "actual notice;" the production of Privileged Information alone is insufficient to constitute actual notice.

9.3      After receiving a Clawback Notice from the Producing Party that documents or materials subject to the attorney-client privilege, work-product immunity, or other protection have been produced, the Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. In addition, the Receiving Party shall

return the documents or materials and all copies within five (5) days from receiving notice, or provide written confirmation of the destruction of the original and all copies of the identified documents, including all documents and things generated by a Receiving Party which contain information derived, including through summary, description, or quotation, from the returned/destroyed materials. The Receiving Party shall not utilize the information contained in the returned/destroyed documents or materials for any purpose, or disseminate or transmit such information. The Producing Party shall, within ten (10) business days of the date of the Clawback Notice, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other protection mandated by local law, the Receiving Party shall so notify the producing party in writing when the document or thing is returned to the Producing Party ("Notice of Designation").

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege, immunity, or other protection.

(c)     Within five (5) days after the Receiving Party receives such description, the parties shall meet and confer in a good faith attempt to resolve the dispute. In the event that the Parties do not resolve their dispute, within five (5) days of the meet and confer, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed.   In any such motion to compel production of the returned/destroyed document, the Receiving Party shall not rely upon in any manner or assert as a

ground for ordering production the fact, circumstances, or contents of the production.  Any such motion shall be filed under seal.

(d)      The parties may stipulate to extend the time periods set forth in (b) and (c) above.

(e)      The Producing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the information in question.

(f)      Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced. If a Receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the Producing Party, and identify the document(s) or ESI in question, within ten (10) business days of such discovery.

(g)      If, in a deposition, hearing, or other proceeding, the party who made the inadvertent production or disclosure makes a request on the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing.  For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at a deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

(h)      Nothing in this order limits the right of any party to petition the Court for an in camera review.

(i)     This order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the Producing Party uses or indicates that it may use information produced under this order to support a claim or defense.

(j)     Under this order, Federal Rule of Evidence 502(b)(3) still applies to require prompt and reasonable steps to rectify erroneous disclosures.

## X.     FILING PROTECTED MATERIAL

10.1     A Party that seeks to file any Protected Material must file under seal. Filings submitted under seal must be accompanied by a motion to seal, in compliance with *In re Avandia, Mktg., Sales Practices, & Products Liab. Litig.*, 924 F.3d 662 (2019) and pursuant to Section G of the Administrative Procedures Governing Filing and Service by Electronic Means. Any Party that submits any filings under seal is responsible for preparing and filing timely the redacted version of such filings. A Party must minimize the amount of Protected Material being filed as much as practical, including by excerpting.

## XI.    FINAL DISPOSITION

11.1     Within 60 days after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, Expert work product, work product of Professional Vendors, and work product of jury consultants, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

11.2    This Order shall survive the termination of this action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this action.  No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## XII.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

12.1    Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material.

## XIII.   LEGAL PROCESS

13.1    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks

disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the Receiving Party must promptly notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail and overnight courier, if possible), and shall provide the Producing Party with an opportunity to object to the production of such materials.

13.2    The notice shall include a copy of the discovery request, subpoena, order, or other form of legal process.

13.3    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XIV.   NON-PARTIES

14.1    Any Party, in seeking discovery from Non-Parties in connection with this action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights herein.  If a Non-Party provides discovery to any Party in connection with this action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party.  Under such circumstances, the Non-Party shall have the same rights and obligations under the Order with respect to designating material as Protected Material set forth in this Order for the Parties to this action.  Any Non-Party producing

Discovery Material or giving deposition testimony in this action may avail herself, himself, or itself of the provisions of this Protective Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

## XV.   NOTICES

15.1    All notices required by this Order must be provided by email to Outside Counsel of record for each Party.  If applicable, notices to a Non-Party shall be in writing.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by an attorney for the Designating Party.

## XVI.   AMENDMENT OF ORDER

16.1    This Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Order is believed by any Party to be inadequate, and nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause, in the form of a written Amended Stipulated Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis, including, without limitation, an order that certain information may not be discovered at all.

## XVII.   MISCELLANEOUS

17.1    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

17.2   <u>Counsel's Right to Provide Advice</u>:  Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Protected Material to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

17.3   <u>No Modification of Privileges</u>:  Except as provided, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

17.4   <u>No Waiver</u>: Review of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information as permitted in Section VI above in connection with this action shall not waive the confidentiality of the information or objections to production. The inadvertent, unintentional, or *in camera* disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

17.5   <u>Execution</u>: This Order shall become effective as a stipulation as among the executing Parties immediately upon written agreement of the Parties, subject to any subsequent modifications if and when so-ordered by the Court.  Execution of this Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any document,

communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

17.6    <u>Successors</u>:  This Order shall be binding upon the Parties hereto, their successors, and anyone else who obtains access to Protected Material.

17.7    <u>Other Proceedings</u>.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's Protected Material shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

SHAW KELLER LLP

*/s/ Nathan R. Hoeschen*
_____
John W. Shaw (#3362)
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorney for Plaintiffs*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Travis J. Murray*
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*

OF COUNSEL:                              OF COUNSEL:

David I. Berl                            James F. Hurst
Adam D. Harber                           KIRKLAND & ELLIS LLP
Thomas S. Fletcher                       300 North LaSalle
Shaun P. Mahaffy                         Chicago, IL  60654
Jessica Palmer Ryen                      (312) 862-2000
Anthony H. Sheh
Lydia B. Cash                            Patricia A. Carson, Ph.D.
WILLIAMS & CONNOLLY LLP                  Jeanna M. Wacker, P.C.
680 Maine Avenue SW                      Mark C. McLennan
Washington, DC 20024                     Nancy Kaye Horstman
(202) 434-5000                           KIRKLAND & ELLIS LLP
                                         601 Lexington Avenue
*Attorneys for Plaintiff Genevant*       New York, NY  10022
*Sciences GmbH*                          (212) 446-4800

Daralyn J. Durie                         Yan-Xin Li
Shaelyn K. Dawson                        KIRKLAND & ELLIS LLP
MORRISON & FOERSTER LLP                  555 California Street, 27th Floor
425 Market Street                        San Francisco, CA  94104
San Francisco, CA 94105-2482             (415) 439-1400
(415) 268-6080
                                         Alina Afinogenova
Kira A. Davis                            KIRKLAND & ELLIS LLP
MORRISON & FOERSTER LLP                  200 Clarendon Street
707 Wilshire Boulevard                   Boston, MA  02116
Los Angeles, CA 90017-3543               (617) 385-7500
(213) 892-5200

David N. Tan
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037

*Attorneys for Plaintiff Arbutus*
*Biopharma Corporation*


SO ORDERED this __28th_____ day of _____April_____, 2023.


 __*/s/ Mitchell S. Goldberg*_____
  UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC. | ) ) ) | |
| Defendants. | ) ) | |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Counterclaim-Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Counterclaim-Defendants. | ) | |

**<u>Agreement To Be Bound By Protective Order</u>**

I, _____, have been informed that on

_____, the U.S. District Court for the District of Delaware entered a

protective order in the above-captioned litigation (the "Protective Order").  I have read the

Protective Order, I agree to abide by the obligations of the Protective Order as they apply to me,

and I voluntarily submit to the jurisdiction of the U.S. District Court for the District of Delaware

for purposes of any proceeding related to the Protective Order, including my receipt or review of

information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL'S EYES ONLY."

Dated: _____   By: _____

Printed Name:

_____