IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 22-252-MSG ) |
| MODERNA, INC. and MODERNATX, INC., | ) ) |
| Defendants. | ) ) |
| MODERNA, INC. and MODERNATX, INC., | ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| v. | ) ) |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Counterclaim-Defendants. | ) |

**ORDER REGARDING DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")**

Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH ("Genevant"), and Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna," collectively with Plaintiffs, the "Parties," and each Plaintiff and each Defendant individually, a "Party") hereby stipulate that they will adhere to the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") with the following additional protocols:

1. The Parties have agreed to the following requirements for the formatting and contents of privilege logs:

1

(a) Each entry shall contain control numbers or other unique identifiers that shall persist for the same document through any revisions or updates to the log, and different redacted versions.

(b) Each entry corresponding to privilege redactions in a produced document shall identify the Bates number of the redacted document (and if reproduced with different Bates numbers, identify all such Bates numbers that it has been produced with).

(c) Each entry shall identify, if available and not privileged, the date, sender, recipients, custodian, type of privilege asserted, as well as a description of the contents of the document sufficient to evaluate the assertion of privilege and the type of privilege asserted.

(d) Each Party shall produce and maintain only one privilege log for withheld and redacted documents, with updates, revisions, and supplements causing reproduction of the single log in full, with new entries placed consecutively after pre-existing entries.

(e) Each Party shall produce a copy of the privilege log in Excel format if requested by the opposing Party.

2. The Parties will meet and confer to agree on a time for service of privilege logs.

3. With respect to information generated after the date of the complaint in this case, February 28, 2022, the Parties are not required to include any such information in privilege logs reflecting communications with and/or between inside and outside counsel.

4. The Parties have stipulated to a procedure for addressing the inadvertent production of privileged or otherwise protected material in the Stipulated Protective Order (D.I. 85).

5. **Specific E-Discovery Issues.**

(a) **Search methodology**. If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed. The parties must negotiate in good faith as to limitations to those search terms to avoid an unreasonable number of search hits.

(b) **Format**. ESI and non-ESI shall be produced to the requesting Party as text searchable image files (*e.g.*, PDF or TIFF). When a text-searchable image file is produced, the producing Party must preserve the integrity of the underlying ESI,

*i.e.*, the original formatting, the metadata (as noted below). The Parties shall produce their information in the following format: single-page TIFF images and associated multipage text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata. If a receiving Party believes that color or high-resolution images are important to understand a particular document, a Party may request that the document be produced in color or as high-resolution images.

(c) **Redactions for Non-Responsiveness**. Absent agreement between the Parties, the Parties are not permitted to redact responsive or partially responsive documents for Non-Responsiveness. Nothing in this sub-paragraph prevents a Party from redacting privileged material, patient Personal Identifiable Information, or other information to comply with applicable laws.

(d) **Native files**. The only files that may be produced in native format are files not easily converted to image format, such as Excel and Access files. PowerPoint files shall be produced as text searchable image files (*e.g.*, PDF or TIFF) that include speaker notes, if present. A Party may request native versions of any such files, and if the Parties are unable to agree to their production after meeting and conferring, the requesting Party may move the Court for their production. The producing Party shall bear the burden to show why such documents should not be re-produced in native format.

(e) **De-duplication.** Documents should be de-duplicated at the family-group level provided that the producing Party identifies the additional custodians in the Custodian(s) field or All Custodians field and the additional file paths in the All File Path(s) field.

(f) **Metadata fields**. Parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists and is able to be accurately collected (Metadata such as "Email Subject," "File Path," "FileName," and "DocText" may be redacted for privilege):

| | |
|---|---|
| ProdBeg | Email Subject |
| ProdEnd | Conversation Index |
| ProdBegAttach | FileName |
| ProdEndAttach | Author |
| Email From | DateCreated |
| Email To | DateLastModified |
| Email CC | EmailRecDate |
| Email BCC | EmailRecTime |
| Email Date Sent | MD5HASH or SHA Hash |
| Email Time Sent | DocText (File Path to document text file) |
| File Size | All Custodian(s) |
| File Extension | Protective Order Confidentiality Designation |
| All File Path(s) | |

6. Any Party that produces documents produced to it by a third party, such as in response to a subpoena, shall produce such documents in the format in which they were produced by the third party.

| | |
|---|---|
| */s/ Nathan R. Hoeschen* | */s/ Travis J. Murray* |
| John W. Shaw (No. 3362) | Jack B. Blumenfeld (No. 1014) |
| Karen E. Keller (No. 4489) | Brian P. Egan (No. 6227) |
| Nathan R. Hoeschen (No. 6232) | Travis J. Murray (No. 6882) |
| SHAW KELLER LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| I.M. Pei Building | 1201 North Market Street |
| 1105 North Market Street, 12th Floor | P.O. Box 1347 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| (302) 298-0700 | (302) 658-9200 |
| jshaw@shawkeller.com | jblumenfeld@morrisnichols.com |
| kkeller@shawkeller.com | began@morrisnichols.com |
| nhoeschen@shawkeller.com | tmurray@morrisnichols.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

Dated: June 9, 2023

SO ORDERED this 12th day of June, 2023.

                                                       **/s/ Mitchell S. Goldberg**
                                               UNITED STATES DISTRICT JUDGE