

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0709 – Direct
nhoeschen@shawkeller.com

September 27, 2023

**BY CM/ECF & FED EX**
The Honorable Mitchell S. Goldberg
United States District Court - Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, Room 17614
601 Market Street
Philadelphia, PA 19106-1797

Re:   *Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al.* C.A. No. 22-252-MSG

Dear Judge Goldberg:

Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH hereby move to compel Defendants Moderna, Inc. and ModernaTX, Inc. to produce two limited categories of documents that are highly relevant to infringement, validity, and damages—documents and communications involving a key witness in the case, Moderna's CEO Stéphane Bancel, and documents it produces in its co-pending action against Pfizer relating to COVID-19 vaccines.

**I.   RFP No. 99 (Bancel Documents)**

Plaintiffs' RFP No. 99 seeks documents to or from Moderna's CEO, Stéphane Bancel, related to the Accused Product, Plaintiffs, or the Patents-in-Suit.  Ex. A at 2.  The accused Spikevax COVID-19 vaccines single-handedly transformed Moderna from a product-less company into a forty-billion-dollar behemoth, and Bancel was central that transformation— deeply involved in areas relevant to this case and becoming a billionaire himself in the process.

Bancel "convinced his board and his company to proceed with the project" that resulted in the Accused Product and "pushed hard on the team" to "test mRNA encased in lipid nanoparticles."[1]  In fact, it was Bancel himself who first "reached out to the U.S. government because [he] believed [Moderna's] mRNA technology could make a positive impact."[2]  Bancel personally corresponded with key government players, including the deputy director of the Vaccine Research Center, to get the necessary "knowledge [that] would allow the design of the right sequence of messenger RNA" and "fund the Phase 1 and Phase 2 material" for the project.[3]  Bancel was part of the "core team" that was "dreaming up experiments" related to the Accused

---

[1] Peter Loftus, THE MESSENGER: MODERNA, THE VACCINE, AND THE BUSINESS GAMBLE THAT CHANGED THE WORLD 5, 64-68, 97 (2022).

[2] *Hearing before the Senate Health, Education, Labor and Pensions Committee*, 118th Cong. (Mar. 22, 2023) (testimony of Stéphane Bancel, Moderna, CEO) *available at* https://tinyurl.com/5emj77vc.

[3] Loftus, *supra* note 1, at 2-5; *see also* Barney Graham (@BarneyGrahamMD), TWITTER (Jan. 12, 2021), *available at* https://tinyurl.com/ypbv8ehd.

SHAW KELLER LLP
Page 2

Product and "is listed on hundreds of Moderna's patent applications."[4] He was the first person called when there was "positive" data or when "the science [was] working" related to lipid nanoparticles, and personally executed key contracts that would "scientifically and financially" support the project, including securing the manufacturing technology to make the Accused Product.[5] Bancel has spoken publicly about this case and the Asserted Patents; and he has been involved in patent-licensing discussions and decisions, including with respect to the Patents-in-Suit.[6] Despite the overwhelming public record of Bancel's pivotal involvement, Moderna has offered only bare assertions that he was not the ultimate decision maker on certain on relevant matters. Ex. G. Even if true, his documents are nonetheless highly relevant to disputed issues, from infringement to validity to damages to the government contractor defense.

Moderna's chief objection has been that Bancel is not one of the 10 custodians that *Moderna chose* to identify in its Paragraph 3 disclosures, which Moderna interprets to arrogate to itself the right to dictate the scope of discovery. *See* Ex. B. Courts in this District repeatedly reject efforts to limit discovery to the 10 custodians identified in a party's initial disclosures when there is good cause, such as when an additional custodian "has a significant amount of non-privileged responsive material." Ex. F, Oral Order D.I. 247, *United States v. Gilead Sciences, Inc.*, No. 19-CV-2103 (D. Del. December 21, 2021) (granting limited search of 11th custodian); *Frontier Commc'ns Corp. v. Google Inc.*, No. CV 10-545-GMS, 2014 WL 12606321, at *3-4 (D. Del. Feb. 3, 2014) (identification of 10 custodians "does not preclude Frontier from seeking … the production of documents from additional record custodians").

That standard is clearly met here. Moderna has not disputed that Bancel possesses relevant, non-duplicative documents. Nor has Moderna represented that it has met its burden of undertaking to determine the extent to which a collection of ESI from Bancel would return duplicative documents. *See* Oral Order, *Gilead Sciences,* No. 19-CV-2103, Ex. F. Courts have regularly concluded that high-ranking officials who have "unique firsthand, non-repetitive knowledge"—like Bancel—are appropriate custodians in the discovery process. *See, e.g.*, *Ever.Ag, LLC v. Milk Moovement, Inc.*, 2023 WL 3794312, at *1 (E.D. Cal. June 2, 2023); *In re Facebook, Inc. Consumer Priv. User Profile Litig.*, 2021 WL 10282213, at *1-2 (N.D. Cal. 2021). Plaintiffs themselves included high-level executives as custodians, including a CEO.

Plaintiffs have offered to substitute Bancel for Al Thomas, whom Moderna included as a document custodian but not a Rule 26(a)(1) witness. *See* Ex. B. Moderna refused this offer. Ex. G. Plaintiffs do not seek to "arbitrarily select Moderna's custodians," as Moderna's claims. By all public accounts, Bancel is a key witness, and Plaintiffs respectfully ask the Court to prevent Moderna from withholding his documents.

---

[4] Damian Garde, *Ego, ambition, and turmoil: Inside one of biotech's most secretive startups*, STAT NEWS (Sept. 13, 2016), *available at* https://tinyurl.com/3vyp6zvz.

[5] Loftus, *supra* note 1, at 5, 129, 135-138.

[6] *See* Nathan Vardi, "Moderna's Mysterious Medicines," Forbes, (Dec. 14, 2016), *available at* https://tinyurl.com/48wt2dxk; *see also* Nathan Vardi, *Covid's Forgotten Hero: The Untold Story Of The Scientist Whose Breakthrough Made The Vaccines Possible*, (Aug. 12 2021) *available at* https://tinyurl.com/49ct4skp.

### II. RFP No. 118 (*Moderna v. Pfizer* Documents)

Plaintiffs' RFP No. 118 requests documents produced by Moderna in the *Moderna v. Pfizer* case related to COVID-19 vaccines. Ex. A at 24. Moderna has refused, agreeing only to produce documents it deems relevant. Ex. G. Moderna's purported compromise is to consider requests for "specific categories of documents" from *Pfizer* it is not already producing here, and to impose on Plaintiffs the onus to speculate what those documents might be. Moderna's proposal is unworkable. Plaintiffs have no visibility into what documents Moderna might be intending to produce in this case compared to what it produced in *Pfizer*. Just like several other related litigations from which the parties have agreed to re-produce documents, the burden of re-producing the *Pfizer* documents is negligible. Plaintiffs respectfully request an Order for Moderna to produce documents responsive to the full scope of this RFP.

Moderna's documents in *Pfizer* are plainly relevant. In the *Pfizer* Complaint, Moderna alleged that its Spikevax COVID-19 vaccine—the Accused Product here—practices every patent asserted in that case. Ex. D ¶¶ 61, 68, 71. *Pfizer* and this case therefore focus on the same underlying product and technology. Where, as here, the "products at issue in this action were at issue in the" other action, Courts have compelled the production of documents in parallel patent suits. *Alloc, Inc. v. Unilin Beheer B.V.*, 2006 WL 757871, at *5 (E.D. Wis. Mar. 24, 2006). As articulated below, the documents Moderna produces in *Pfizer* will be relevant to numerous contested issues here, including damages and infringement, despite the fact that there may be some differences in the ultimate legal theories in each case.

Moderna's productions in *Pfizer* will relate to the technology Moderna purportedly developed and used in the Spikevax vaccine, such as the chemically modified mRNA. Ex. D ¶¶ 60-61. Moderna does not dispute that it may argue that the value of the Accused Product derives from that technology. *See* Ex. C at 2. And in *Pfizer*, Moderna is likely to produce documents regarding the market for Spikevax, which are relevant to assessing the market- and competition-related *Georgia Pacific* factors for determining a reasonable royalty. With respect to infringement, the patents in *Pfizer*—like the ones asserted here—claim, in part, compositions of lipid nanoparticles comprising particular lipids. *Compare* Ex. D ¶¶ 89, 110, 128, *with* Ex. E ¶¶ 69, 73, 88, 92, 107, 111, 129, 153, 157, 172, 176. Moderna has asserted that Spikevax practices claims of these patents. Ex. D ¶¶ 61, 68, 71. The documents are thus relevant to infringement.

Given the clear relevance, Moderna must identify a burden that would justify refusing the discovery. *Thompson-El v. Greater Dover Boys & Girls Club*, No., 2022 WL 606700, at *2 (D. Del. Jan. 28, 2022). It has not done so. Plaintiffs do not seek the collection or review of any new documents. Rather, Plaintiffs *only* request documents that Moderna has *already* produced (or will produce) in another case. Moderna would have to do little more than forward Plaintiffs a copy of already-created production files.[7] *Munoz v. PHH Corp.*, 2013 WL 684388, at *5 (E.D. Cal. Feb. 22, 2013). Plaintiffs respectfully request Moderna be compelled to do so.

---

[7] Moderna has suggested that producing these documents may require consent from third parties. Presumably, however, Moderna already has obtained such consent to produce the documents in the *Pfizer* case. Moreover, the discovery requested by Moderna in this case has required Plaintiffs to seek consent from numerous third parties, which Plaintiffs have done.

SHAW KELLER LLP
Page 4

                                                    Respectfully submitted,

                                                    */s/ Nathan R. Hoeschen*

                                                  Nathan R. Hoeschen (No. 6232)

cc:      Clerk of the Court (by CM/ECF)
           All counsel of record (by CM/ECF & Email)