# Exhibit B

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark C. McLennan<br>To Call Writer Directly:<br>+1 212 909 3451<br>mark.mclennan@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br><br>+1 212 446 4800<br><br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

August 1, 2023

                                    **CONTAINS INFORMATION MODERNA DESIGNATED HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**By Email**

| | |
|---|---|
| Shaun P. Mahaffy<br>Williams & Connolly LLP<br>680 Maine Ave SW<br>Washington, DC 20024<br>smahaffy@wc.com | Shaelyn K. Dawson<br>Morrison & Foerster LLP<br>425 Market Street<br>San Francisco, CA, 94105<br>shaelyndawson@mofo.com |

          Re: *Arbutus Biopharma Corporation et al. v. Moderna, Inc. et al.*, C.A. No. 22-252-MSG (D. Del.) – **Moderna's Responses & Objections to Plaintiffs' Second Set of RFPs**

Dear Shaun:

      I write in response to your July 11, 2023 letter.

      **RFP Nos. 99-100:** As explained in our July 6 email, Plaintiffs' request improperly attempts to push Moderna to exceed the default number of custodians and force Moderna to search the files of additional custodians beyond the ten custodians Moderna identified as most likely to have discoverable information in compliance with the Default Standard. As stated on July 6, Moderna has complied with its obligations to identify the 10 custodians whose files it will search and Plaintiffs' attempts to seek discovery from additional custodians is improper. Although we disagree with your characterizations of the public statements cited in your letter,[1] they change nothing, as Moderna has met its discovery obligations by identifying "[t]he 10 custodians most

---

[1] Based on your letter it is clear that Plaintiffs wish to embark on a fishing expedition on topics that bear no relevance to the litigation, including, for example, an alleged "conflict of interest" of Mr. Slaoui.

# KIRKLAND & ELLIS LLP

Shaun P. Mahaffy
Shaelyn K. Dawson
August 1, 2023
Page 2

**CONTAINS INFORMATION MODERNA
DESIGNATED HIGHLY CONFIDENTIAL
– OUTSIDE COUNSEL'S EYES ONLY**

likely to have discoverable information in their possession, custody or control," including on the issues you identified (e.g. patent licensing, product development decisions etc.).

To clarify, Moderna's response to each of these RFPs stated that "[s]ubject to and without waiving any of its general or specific objections, Moderna will not produce documents solely in response to this Request." Thus, Moderna will not withhold documents identified through the search of the files of one or more of Moderna's ESI custodians simply because such documents are communications by or with Stéphane Bancel and/or Moncef Slaoui, for example. But Moderna's searches will be carried out in compliance with the Default Standard.

With respect to your request that Moderna "be prepared to explain the search that Moderna has undertaken to determine whether Mr. Bancel possesses non-cumulative, relevant documents," please provide the authority requiring Moderna to do so for an individual not listed as a custodian in Moderna's Paragraph 3 disclosures. Otherwise, this is an improper attempt to seek discovery on discovery. With respect to your request that Moderna "be prepared to the provide details concerning the burden associated with" a search of Mr. Slaoui's communications, as explained above, Moderna is under no obligation to perform a holistic search of the communications of an individual who has not been identified as a custodian in Moderna's Paragraph 3 disclosures. Regardless, Moderna confirms that it has no custodial ESI for Mr. Slaoui. We consider this issue resolved. If Plaintiffs have authority to the contrary, please provide it ahead of any meet-and-confer on this topic.

We will respond separately as to whether we represent Mr. Slaoui.



# KIRKLAND & ELLIS LLP

Shaun P. Mahaffy  
Shaelyn K. Dawson  
August 1, 2023  
Page 6

**CONTAINS INFORMATION MODERNA DESIGNATED HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

███████████████████████████████████

**RFP Nos. 122-127**. Moderna has already agreed to produce prior art (if not already produced) in accordance with the schedule. Your letter states that Plaintiffs seek "communications concerning prior-art searches conducted with respect to the '069 patent and the '435 patent." You request that Moderna confirm whether it is claiming privilege "over the results of Moderna's prior-art searches." Please clarify whether you are referring to "communication" or "documents," and provide a basis for your position that such communications are relevant to the scope of Moderna's IPR estoppel.

Please explain why Plaintiffs are entitled to any discovery into Moderna's prior-art searches, including providing authority. We note that Moderna has already made its position clear that "[t]o the extent Moderna identifies prior art that a skilled searcher could not have found earlier, Moderna will supplement these contentions to rely on such art, which is exempt from estoppel." Prelim. Invalidity Contentions at 55–56. Moderna does not currently contend that any of the §§ 102/103 prior art patents/publications in its Invalidity Contentions for the '069 Patent could not have been found by a skilled searcher. Moderna further confirmed that "Moderna is not currently asserting that any Asserted Claim of the '069 Patent that was upheld by the PTAB as patentable is anticipated or obvious over printed publications or patents." Prelim. Invalidity Contentions at 55–56.

Discovery is ongoing and Moderna reserves the right to supplement its invalidity contentions in accordance with the Scheduling Order.

Sincerely,

*/s/ Mark C. McLennan*

Mark C. McLennan

cc: Counsel of Record