# Exhibit C

LAW OFFICES

WILLIAMS & CONNOLLY LLP®

SHAUN P. MAHAFFY
(202) 434-5554
smahaffy@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 29, 2023

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

<u>Via Email</u>

Mark C. McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 909-3451
mark.mclennan@kirkland.com

   Re: *Arbutus Biopharma Corporation and Genevant Sciences GmbH v. Moderna, Inc. and ModernaTX, Inc.*, Case 1:22-cv-00252-MSG (D. Del.)

Dear Mark:

  I write to memorialize the parties' meet and confer on August 23, 2023. As explained in more detail below, the parties are at an impasse with respect to several disputes, including related to productions from other litigations, RFP Nos. 99-100, and RFP Nos. 113-114.

  With respect to most of Plaintiffs' other RFPs, Moderna does not dispute their relevance, but rather is investigating how to collect and produce the documents (or, in a few cases, whether responsive documents exist). Plaintiffs served these RFPs approximately three months ago, and we are concerned that Moderna still apparently does not have a plan as to how it intends to collect and produce responsive documents, many of which—such as COAs and data related to lipid molar ratios—are incontrovertibly relevant. Please provide a response to this letter no later than September 5 that sets forth Moderna's plan for producing responsive documents and a timeline for that production.

**I.**  **Productions from Other Litigations**

  The parties discussed the production of documents from other litigations. We appreciate that Moderna has agreed to produce the documents Moderna produced or will produce in *Alnylam Pharmaceuticals, Inc. v. Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc.*, No. 22-cv-335-CFC (D. Del.). We will likewise produce the documents Plaintiffs produced or will produce in *Acuitas Therapeutics Inc. v. Genevant Sciences GmbH et al.*, No. 1-22-cv-02229 (S.D.N.Y.); *Acuitas*

WILLIAMS & CONNOLLY LLP

August 29, 2023
Page 2 of 7

*Therapeutics Inc. v. Genevant Sciences GmbH et al.*, No. 3-23-cv-04200 (D.N.J.); and *Arbutus Pharma Corp. et al. v. Pfizer Inc. et al.*, No. 3-23-cv-01876 (D.N.J.).

On the call, we repeated our request that Moderna produce documents that it has produced or will produce in *ModernaTX, Inc. and Moderna US, Inc. v. Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.*, No. 1:22-cv-11378-RGS (D. Mass.), which are relevant to, for example, damages to the extent that Moderna intends to assert in this case that the value of the Accused Products derives from the patented subject matter at issue in the Pfizer case. You did not deny that Moderna intends to make such arguments, and you did not dispute the relevance of these documents. You instead argued that producing these already-produced documents would be unduly burdensome, including due to the cost of FTPing the documents to counsel in this case. We disagree that any such burden justifies Moderna's refusal to produce these plainly relevant documents. The parties are at an impasse on this issue.

You also confirmed that you were still investigating whether or not you represented Moncef Slaoui and would notify us when that is resolved.

## II.  Plaintiffs' Second Requests for Productions

The parties discussed Moderna's responses to Plaintiffs' Second Requests for Production, including Moderna's correspondence on this issue from August 1, 2023.

### A.  RFP Nos. 99-100

We repeated our request that Moderna produce documents from Stéphane Bancel, which are plainly relevant in view of his role in Moderna's product-development and patent-licensing decisions (including of the Patents-in-Suit), as well as his public statements about Arbutus's technology. You did not dispute that Mr. Bancel possesses relevant documents that would be non-cumulative of the documents from the other custodians that Moderna has identified. However, you were unable to explain why Moderna selected those other individuals as custodians, rather than Mr. Bancel, and you were unable to represent that those other individuals were more involved in licensing decisions than Mr. Bancel. You refused to comment on whether or not Mr. Bancel was the ultimate decisionmaker with respect to Moderna's licensing decisions, including of the Patents-in-Suit. Given that Moderna has refused to produce plainly relevant documents in Mr. Bancel's possession, the parties are at an impasse.

In order to arrive at a potential compromise on this issue, Plaintiffs would be willing to consider substituting Mr. Bancel for Al Thomas, whom Moderna has included as one of its document custodians but not in its Rule 26(a) initial disclosures. Please confirm that Moderna is amenable to this change. In the event that Moderna does not accept this compromise, Plaintiffs intend to seek relief from the Court.

WILLIAMS & CONNOLLY LLP

August 29, 2023
Page 7 of 7

taking discovery relevant to estoppel.  We cannot—as you suggested on the call—hold this issue in abeyance until Moderna actually identifies such art, as fact discovery may be over by that point.  We could only consider forgoing this discovery if Moderna will agree that it will *not* rely on art that it contends is exempt from estoppel and that it will stipulate that all art and grounds it raises in this case could have been found by a skilled searcher.  Please let us know if Moderna is willing to so agree.  Otherwise, please confirm that Moderna will produce the full scope of documents responsive to these RFPs.

*   *   *

Please provide Moderna's responses to the above issues no later than September 5.

Sincerely,

*[signature]*

Shaun P. Mahaffy

cc: Counsel of Record