# Exhibit E

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION<br>and GENEVANT SCIENCES GmbH, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | C.A. No. _____ |
| MODERNA, INC. and MODERNATX, INC., | )<br>) | **JURY TRIAL DEMANDED** |
| Defendants. | )<br>)<br>) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH ("Genevant") file this Complaint seeking patent infringement damages against Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna") and allege the following:

### INTRODUCTION

1. The impact of the COVID-19 pandemic, one of the greatest public health challenges in modern history, would be immeasurably worse but for the rapid, widespread availability of cutting-edge mRNA-based vaccines like Moderna's. Moderna brought its vaccine from lab bench to arms in record speed. That unprecedented accomplishment was made possible by Moderna's use of breakthrough technology Arbutus had already created and patented—a revolutionary lipid nanoparticle ("LNP") delivery platform that took the scientists of Arbutus years of painstaking work to develop and refine. Moderna was well aware of Arbutus's LNP patents and licensed them for other product programs, but it chose not to do so for its COVID-19 vaccine. Instead, it attempted to invalidate several of the patents before the United States Patent

63. Arbutus and Genevant fully support Moderna's efforts to supply vaccines to people in the United States and worldwide and in no way seek to interfere with those efforts. Accordingly, no injunctive relief is sought in this case.

64. However, Moderna has made extensive use of, and earned billions in profits exploiting, Arbutus's patented technology, including the technology described and claimed in the Asserted Patents. Moderna's actions have caused harm, and continue to cause harm, to Arbutus and Genevant. Arbutus and Genevant have no choice but to defend their proprietary and patented technology and seek fair and reasonable compensation for the value of their innovation.[27]

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,058,069

65. Paragraphs 1 through 64 are incorporated by reference as if fully set forth herein.

66. The United States Patent and Trademark Office duly and legally issued the '069 Patent to one of Arbutus's predecessor companies on November 15, 2011. The '069 Patent is titled "Novel Lipid Formulations for Nucleic Acid Delivery."

67. Arbutus owns, and at all relevant times has owned, the '069 Patent.

68. Genevant holds, and at all relevant times has held, a license to Exclusive Rights in the '069 Patent for certain fields of use, which include the Accused Product. Genevant has the right to sue and seek damages for the infringement alleged herein.

69. Claims of the '069 Patent cover, among other things, nucleic acid-lipid particles and compositions thereof.

---

[27] The allegations herein are exemplary and without prejudice to Arbutus and Genevant's infringement contentions. In providing these allegations, Arbutus and Genevant do not convey or imply any particular claim constructions or the precise scope of the claims. Arbutus and Genevant's claim construction contentions regarding the meaning and scope of the claim terms will be provided under the Court's scheduling order and this District's Local Rules.

70. Moderna has directly infringed and continues to directly infringe claims of the '069 Patent under 35 U.S.C. § 271(a) by manufacturing, offering to sell, selling, or using within the United States, or importing into the United States, the Accused Product incorporating Arbutus's patented LNP delivery technology covered by the '069 Patent, without authority or license to do so, during the term of the '069 Patent.

71. Moderna actively, knowingly, and intentionally has induced, and continues to induce, infringement of one or more claims of the '069 Patent under 35 U.S.C. § 271(b) by encouraging others to make and use the Accused Product in the United States in a manner specifically intended to infringe the '069 Patent.

72. Moderna has contributed, and continues to contribute, to the infringement of one or more claims of the '069 Patent by others under 35 U.S.C. § 271(c) by offering to sell and selling within the United States, or importing into the United States, a component of a patented manufacture, combination or composition, constituting a material part of the invention of the '069 Patent, knowing the same to be especially made or especially adapted for use in the infringement of the '069 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

73. For example, Claim 1 of the '069 Patent recites a "nucleic acid-lipid particle comprising: (a) a nucleic acid; (b) a cationic lipid comprising from 50 mol % to 65 mol % of the total lipid present in the particle; (c) a non-cationic lipid comprising a mixture of a phospholipid and cholesterol or a derivative thereof, wherein the phospholipid comprises from 4 mol % to 10 mol % of the total lipid present in the particle and the cholesterol or derivative thereof comprises from 30 mol % to 40 mol % of the total lipid present in the particle; and (d) a conjugated lipid

that inhibits aggregation of particles comprising from 0.5 mol % to 2 mol % of the total lipid present in the particle."

74. The Accused Product is a pharmaceutical composition of nucleic acid-lipid particles. The nucleic acid in the Asserted Product is an mRNA which encodes the COVID-19 spike protein.

75. The Accused Product comprises nucleic acid-lipid particles comprising the following lipids: an ionizable cationic lipid (SM-102); a phospholipid (DSPC); cholesterol; and a conjugated lipid that inhibits aggregation of particles (a PEG-lipid conjugate).

76. On information and belief, as indicated in the Moderna/NIH preprint and in International Patent Publication WO 2021/159130, the Accused Product comprises nucleic acid-lipid particles comprising the following lipids in the following ratio of the total lipid present in the particle: 50 mol % of an ionizable cationic lipid; 10 mol % of a phospholipid; 38.5 mol % of cholesterol; and 1.5 mol % of a conjugated lipid that inhibits aggregation of particles.

77. Moderna has known of the '069 Patent since before it commenced the infringing conduct or has been willfully blind to its existence and contents since then. Moderna has long been aware of, and has actively monitored Arbutus's patent estate, including the '069 Patent.[28] Moderna secured unauthorized limited sublicenses to Arbutus's LNP-related patents through Acuitas; Moderna later sought to invalidate three of Arbutus's LNP-related patents, including the '069 Patent, through *inter partes* review; and Moderna has repeatedly made public representations regarding Arbutus's LNP technology and patents.[29] Despite such knowledge,

---

[28] *See, e.g.*, Moderna Mot. at 4-5, Dkt. No. 18, *Moderna TX, Inc. v. Arbutus Biopharma Corp.* (Fed. Cir. No. 2020-2329).
[29] *See, e.g.*, Moderna Mot. at 5, Dkt. No. 18, *Moderna TX, Inc. v. Arbutus Biopharma Corp.* (Fed. Cir. No. 2020-2329); Press Release, Moderna, Statement from Moderna on Patent Trial

25

## COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 8,492,359

84. Paragraphs 1 through 83 are incorporated by reference as if fully set forth herein.

85. The United States Patent and Trademark Office duly and legally issued the '359 Patent to one of Arbutus's predecessor companies on July 23, 2013. The '359 Patent is titled "Lipid Formulations for Nucleic Acid Delivery."

86. Arbutus owns, and at all relevant times has owned, the '359 Patent.

87. Genevant holds, and at all relevant times has held, a license to Exclusive Rights in the '359 Patent for certain fields of use, which include the Accused Product. Genevant has the right to sue and seek damages for the infringement alleged herein.

88. Claims of the '359 Patent cover, among other things, nucleic acid-lipid particles and compositions thereof.

89. Moderna has directly infringed and continues to directly infringe claims of the '359 Patent under 35 U.S.C. § 271(a) by manufacturing, offering to sell, selling, or using within the United States, or importing into the United States, the Accused Product incorporating Arbutus's patented LNP delivery technology covered by the '359 Patent, without authority or license to do so, during the term of the '359 Patent.

90. Moderna actively, knowingly, and intentionally has induced, and continues to induce, infringement of one or more claims of the '359 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make and use the Accused Product in the United States in a manner specifically intended to infringe the '359 Patent.

91. Moderna has contributed, and continues to contribute to the infringement of one or more claims of the '359 Patent by others under 35 U.S.C. § 271(c) by offering to sell and selling within the United States, or importing into the United States, a component of a patented manufacture, combination or composition, constituting a material part of the invention of the

28

'359 Patent, knowing the same to be especially made or especially adapted for use in the infringement of the '359 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

92. For example, Claim 1 of the '359 Patent recites a "nucleic acid-lipid particle comprising: (a) a nucleic acid; (b) a cationic lipid comprising from 50 mol % to 65 mol % of the total lipid present in the particle; (c) a non-cationic lipid comprising a mixture of a phospholipid and cholesterol or a derivative thereof, wherein the phospholipid comprises from 3 mol % to 15 mol % of the total lipid present in the particle and the cholesterol or derivative thereof comprises from 30 mol % to 40 mol % of the total lipid present in the particle; and (d) a conjugated lipid that inhibits aggregation of particles comprising from 0.5 mol % to 2 mol % of the total lipid present in the particle."

93. The Accused Product is a pharmaceutical composition of nucleic acid-lipid particles. The nucleic acid in the Accused Product is an mRNA which encodes the COVID-19 spike protein.

94. The Accused Product comprises nucleic acid-lipid particles comprising the following lipids: an ionizable cationic lipid (SM-102); a phospholipid (DSPC); cholesterol; and a conjugated lipid that inhibits aggregation of particles (a PEG-lipid conjugate).

95. On information and belief, as indicated in the Moderna/NIH preprint and in International Patent Publication WO 2021/159130, the Accused Product comprises nucleic acid-lipid particles comprising the following lipids in the following ratio of the total lipid present in the particle: 50 mol % of an ionizable cationic lipid; 10 mol % of a phospholipid; 38.5 mol % of cholesterol; and 1.5 mol % of a conjugated lipid that inhibits aggregation of particles.

102. This is an exceptional case. Genevant and Arbutus are entitled to attorneys' fees and costs under 35 U.S.C. § 285 as a result of Moderna's infringement of the '359 Patent.

**COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 8,822,668**

103. Paragraphs 1 through 102 are incorporated by reference as if fully set forth herein.

104. The United States Patent and Trademark Office duly and legally issued the '668 Patent to one of Arbutus's predecessor companies on September 2, 2014. The '668 Patent is titled "Lipid Formulations for Nucleic Acid Delivery."

105. Arbutus owns, and at all relevant times has owned, the '668 Patent.

106. Genevant holds, and at all relevant times has held, a license to Exclusive Rights in the '668 Patent for certain fields of use, which include the Accused Product. Genevant has the right to sue and seek damages for the infringement alleged herein.

107. Claims of the '668 Patent cover, among other things, nucleic acid-lipid particles and compositions thereof and methods of using them.

108. Moderna has directly infringed and continues to directly infringe claims of the '668 Patent under 35 U.S.C. § 271(a) by manufacturing, offering to sell, selling, or using within the United States, or importing into the United States, the Accused Product incorporating Arbutus's patented LNP delivery technology covered by the '668 Patent, without authority or license to do so, during the term of the '668 Patent.

109. Moderna actively, knowingly, and intentionally has induced, and continues to induce, infringement of one or more claims of the '668 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make and use the Accused Product in the United States in a manner specifically intended to infringe the '668 Patent.

110. Moderna has contributed, and continues to contribute, to the infringement of one or more claims of the '668 Patent by others under 35 U.S.C. § 271(c) by offering to sell and

32

selling within the United States, or importing into the United States, a component of a patented manufacture, combination or composition, constituting a material part of the invention of the '668 Patent, knowing the same to be especially made or especially adapted for use in the infringement of the '668 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

111. For example, Claim 1 of the '668 Patent recites a "nucleic acid-lipid particle comprising: (a) a nucleic acid; (b) a cationic lipid comprising from 50 mol % to 65 mol % of the total lipid present in the particle; (c) a non-cationic lipid comprising up to 49.5 mol % of the total lipid present in the particle and comprising a mixture of a phospholipid and cholesterol or a derivative thereof, wherein the cholesterol or derivative thereof comprises from 30 mol % to 40 mol % of the total lipid present in the particle; and (d) a conjugated lipid that inhibits aggregation of particles comprising from 0.5 mol % to 2 mol % of the total lipid present in the particle."

112. The Accused Product is a pharmaceutical composition of nucleic acid-lipid particles. The nucleic acid in the Accused Product is an mRNA which encodes the COVID-19 spike protein.

113. The Accused Product comprises nucleic acid-lipid particles comprising the following lipids: an ionizable cationic lipid (SM-102); a non-cationic lipid comprising a mixture of a phospholipid and cholesterol; and a conjugated lipid that inhibits aggregation of particles (a PEG-lipid conjugate).

114. On information and belief, as indicated in the Moderna/NIH preprint and in International Patent Publication WO 2021/159130, the Accused Product comprises nucleic acid-lipid particles comprising the following lipids in the following ratio of the total lipid present in

people to have the Accused Product administered to them within the United States. At all times after Moderna knew or should have known that the Accused Product constituted a material part of the invention of the '668 Patent, it contracted with others to manufacture the Accused Product, both in the United States and abroad, knowing healthcare professionals would directly infringe one or more claims of the '668 Patent by administering the Accused Product in the United States.

121. Arbutus and Genevant are entitled to a judgment that Moderna infringes the claims of the '668 Patent by engaging in the manufacture, use, sale, or offer for sale of the Accused Product within the United States, and/or the importation of the Accused Product into the United States, and/or by actively inducing others to do the same, and/or by contributing to the same.

122. Moderna's infringement has damaged and continues to damage Genevant and Arbutus in an amount yet to be determined, of at least a reasonable royalty.

123. Moderna has undertaken its infringing actions despite knowing that such actions infringe one or more claims of the '668 Patent. As such, Moderna has and continues to willfully infringe one or more claims of the '668 Patent.

124. This is an exceptional case. Genevant and Arbutus are entitled to attorneys' fees and costs under 35 U.S.C. § 285 as a result of Moderna's infringement of the '668 Patent.

## COUNT 4: INFRINGEMENT OF U.S. PATENT NO. 9,364,435

125. Paragraphs 1 through 124 are incorporated by reference as if fully set forth herein.

126. The United States Patent and Trademark Office duly and legally issued the '435 Patent to one of Arbutus's predecessor companies on June 14, 2016. The '435 Patent is titled "Lipid Formulations for Nucleic Acid Delivery."

127. Arbutus owns, and at all relevant times has owned, the '435 Patent.

128. Genevant holds, and at all relevant times has held, a license to Exclusive Rights in the '435 Patent for certain fields of use, which include the Accused Product. Genevant has the right to sue and seek damages for the infringement alleged herein.

129. Claims of the '435 Patent cover, among other things, nucleic acid-lipid particles and compositions thereof and methods of using them.

130. Moderna has directly infringed and continues to directly infringe claims of the '435 Patent under 35 U.S.C. § 271(a) by manufacturing, offering to sell, selling, or using within the United States, or importing into the United States, the Accused Product incorporating Arbutus's patented LNP delivery technology covered by the '435 Patent, without authority or license to do so, during the term of the '435 Patent.

131. Moderna actively, knowingly, and intentionally has induced, and continues to induce, infringement of one or more claims of the '435 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make and use the Accused Product in the United States in a manner specifically intended to infringe the '435 Patent.

132. Moderna has contributed, and continues to contribute, to the infringement of one or more claims of the '435 Patent by others under 35 U.S.C. § 271(c) by offering to sell and selling within the United States, or importing into the United States, a component of a patented manufacture, combination or composition, constituting a material part of the invention of the '435 Patent, knowing the same to be especially made or especially adapted for use in the infringement of the '435 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

133. The Accused Product infringes at least Claim 7 of the '435 Patent.

people to have the Accused Product administered to them within the United States. At all times after Moderna knew or should have known that the Accused Product constituted a material part of the invention of the '435 Patent, it contracted with others to manufacture the Accused Product, both in the United States and abroad, knowing healthcare professionals would directly infringe one or more claims of the '435 Patent by administering the Accused Product in the United States.

145. Arbutus and Genevant are entitled to a judgment that Moderna infringes the claims of the '435 Patent by engaging in the manufacture, use, sale, or offer for sale of the Accused Product within the United States, and/or the importation of the Accused Product into the United States, and/or by actively inducing others to do the same, and/or by contributing to the same.

146. Moderna's infringement has damaged and continues to damage Genevant and Arbutus in an amount yet to be determined, of at least a reasonable royalty.

147. Moderna has undertaken its infringing actions despite knowing that such actions infringed one or more claims of the '435 Patent. As such, Moderna has and continues to willfully infringe one or more claims of the '435 Patent.

148. This is an exceptional case. Genevant and Arbutus are entitled to attorneys' fees and costs under 35 U.S.C. § 285 as a result of Moderna's infringement of the '435 Patent.

### COUNT 5: INFRINGEMENT OF U.S. PATENT NO. 9,504,651

149. Paragraphs 1 through 148 are incorporated by reference as if fully set forth herein.

150. The United States Patent and Trademark Office duly and legally issued the '651 Patent to one of Arbutus's predecessor companies on November 29, 2016. The '651 Patent is titled "Lipid Compositions for Nucleic Acid Delivery."

151. Arbutus owns, and at all relevant times has owned, the '651 Patent.

152. Genevant holds, and at all relevant times has held, a license to Exclusive Rights in the '651 Patent for certain fields of use, which include the Accused Product. Genevant has the right to sue and seek damages for the infringement alleged herein.

153. Claims of the '651 Patent cover, among other things, lipid vesicle formulations comprising mRNA.

154. Moderna has directly infringed and continues to directly infringe the claims of the '651 Patent under 35 U.S.C. § 271(a) by manufacturing, offering to sell, selling, or using within the United States, or importing into the United States, the Accused Product, incorporating Arbutus's patented LNP delivery technology covered by the '651 Patent, without authority or license to do so, during the term of the '651 Patent.

155. Moderna actively, knowingly, and intentionally has induced, and continues to induce, infringement of one or more claims of the '651 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make and use the Accused Product in the United States in a manner specifically intended to infringe the '651 Patent.

156. Moderna has contributed, and continues to contribute, to the infringement of one or more claims of the '651 Patent by others under 35 U.S.C. § 271(c) by offering to sell and selling within the United States, or importing into the United States, a component of a patented manufacture, combination or composition, constituting a material part of the invention of the '651 Patent, knowing the same to be especially made or especially adapted for use in the infringement of the '651 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

157. For example, Claim 1 of the '651 Patent recites a "lipid vesicle formulation comprising: (a) a plurality of lipid vesicles, wherein each lipid vesicle comprises: a cationic

42

lipid; an amphipathic lipid; and a polyethyleneglycol (PEG)-lipid; and (b) messenger RNA (mRNA), wherein at least 70% of the mRNA in the formulation is fully encapsulated in the lipid vesicles." Claim 9 of the '651 Patent further requires "[t]he lipid vesicle formulation of claim 1, wherein each lipid vesicle is a lipid-nucleic acid particle."

158. The Accused Product is a lipid vesicle formulation comprising mRNA and lipid vesicles. The mRNA in the Accused Product encodes the COVID-19 spike protein.

159. The Accused Product comprises a lipid vesicle comprising the following lipids: an ionizable cationic lipid (SM-102); an amphipathic lipid (DSPC); and a PEG-lipid.

160. Upon information and belief, in connection with the Accused Product, Moderna makes a lipid vesicle formulation wherein at least 70% of the mRNA in the formulation is fully encapsulated in the lipid vesicles.

161. On information and belief, Moderna has known of the '651 Patent since before it commenced the infringing conduct or has been willfully blind to its existence and contents since then. Moderna has long been aware of and actively monitored Arbutus's patent estate. Moderna secured unauthorized limited sublicenses to Arbutus's LNP-related patents through Acuitas; Moderna later sought to invalidate three of Arbutus's LNP-related patents through *inter partes* review, and Moderna has repeatedly made public statements regarding Arbutus's LNP technology and patents. Despite such knowledge, Moderna nonetheless has engaged in the manufacture, offer for sale, sale or use of the Accused Product within the United States, and/or the importation of the Accused Product into the United States, in violation of Plaintiffs' patent rights.

162. Moderna actively and knowingly has infringed the '651 Patent and actively and knowingly induced infringement of the '651 Patent by others. After Moderna knew or should

43

have known that the Accused Product infringed, it applied for and obtained EUA and then full approval from the FDA to market and sell the Accused Product in the United States, with the specific intent to induce customers to purchase the Accused Product and for people to have the Accused Product administered to them within the United States.  At all times after Moderna knew or should have known that the Accused Product infringed, it contracted with multiple companies to manufacture the Accused Product, both in the United States and abroad, with the specific intent to induce those companies to make its infringing product.  Upon information and belief, Moderna actively markets the Accused Product to governments and other entities with the intent for healthcare professionals to administer the Accused Product to millions and potentially billions of people as a means of protection against SARS-CoV-2 infection.

163. Moderna actively and knowingly contributes to the infringement of healthcare professionals in the United States who administer or otherwise use the Accused Product in the United States.  After Moderna knew or should have known that the Accused Product constituted a material part of the invention of the '651 Patent, knowing the same to be especially made or especially adapted for use in the infringement of the '651 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, it pursued and obtained EUA and then full approval from the FDA to market and sell the Accused Product in the United States with the specific intent to induce customers to purchase the Accused Product and for people to have the Accused Product administered to them within the United States.  At all times after Moderna knew or should have known that the Accused Product constituted a material part of the invention of the '651 Patent, it contracted with others to manufacture the Accused Product, both in the United States and abroad, knowing healthcare professionals would directly infringe one or more claims of the '651 Patent by administering the Accused Product in the United States.

164. Arbutus and Genevant are entitled to a judgment that Moderna infringes the claims of the '651 Patent by engaging in the manufacture, use, sale, or offer for sale of the Accused Product within the United States, and/or the importation of Moderna's COVID-19 vaccine into the United States, and/or by actively inducing others to do the same, and/or by contributing to the same.

165. Moderna's infringement has damaged and continues to damage Genevant and Arbutus in an amount yet to be determined, of at least a reasonable royalty.

166. Moderna has undertaken their infringing actions despite knowing that such actions infringed one or more claims of the '651 Patent. As such, Moderna has and continues to willfully infringe one or more claims of the '651 Patent.

167. This is an exceptional case. Genevant and Arbutus are entitled to attorneys' fees and costs under 35 U.S.C. § 285 as a result of Moderna's infringement of the '651 Patent.

## COUNT 6: INFRINGEMENT OF U.S. PATENT NO. 11,141,378

168. Paragraphs 1 through 167 are incorporated by reference as if fully set forth herein.

169. The United States Patent and Trademark Office duly and legally issued the '378 Patent to Arbutus on October 12, 2021. The '378 Patent is titled "Lipid Formulations for Nucleic Acid Delivery."

170. Arbutus owns, and at all relevant times has owned, the '378 Patent.

171. Genevant holds, and at all relevant times has held, a license to Exclusive Rights in the '378 Patent for certain fields of use, which include the Accused Product. Genevant has the right to sue and seek damages for the infringement alleged herein.

172. Claims of the '378 Patent cover, among other things, nucleic acid-lipid particles and compositions thereof.

173. Moderna has directly infringed and continues to directly infringe claims of the '378 Patent under 35 U.S.C. § 271(a) by manufacturing, offering to sell, selling, or using within the United States, or importing into the United States, the Accused Product incorporating Arbutus's patented LNP delivery technology covered by the '378 Patent, without authority or license to do so, during the term of the '378 Patent.

174. Moderna actively, knowingly, and intentionally has induced, and continues to induce, infringement of one or more claims of the '378 Patent under 35 U.S.C. § 271(b) by actively encouraging others to make and use the Accused Product in the United States in a manner specifically intended to infringe the '378 Patent.

175. Moderna has and continues to contribute to the infringement of one or more claims of the '378 Patent by others under 35 U.S.C. § 271(c) by offering to sell and selling within the United States, or importing into the United States, a component of a patented manufacture, combination or composition, constituting a material part of the invention of the '378 Patent, knowing the same to be especially made or especially adapted for use in the infringement of the '378 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use.

176. For example, Claim 1 of the '378 Patent recites a "nucleic acid-lipid particle consisting essentially of: (a) an RNA; (b) a cationic lipid having a protonatable tertiary amine; (c) a mixture of a phospholipid and cholesterol of from 30 mol % to 55 mol % of the total lipid present in the particle, wherein the phospholipid consists of from 3 mol % to 15 mol % of the total lipid present in the particle; and (d) a polyethyleneglycol (PEG)-lipid conjugate consisting of from 0.1 mol % to 2 mol % of the total lipid present in the particle." An ionizable lipid having a protonatable tertiary amine becomes a cationic lipid.

  D. A declaration that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

  E. An award of Arbutus's and Genevant's costs and expenses in this action;

  F. An award of pre- and post-judgement interest; and

  G. Such other and further relief as this court may deem just and proper, except that Arbutus and Genevant DO NOT seek any form of injunctive relief concerning the Accused Product.

## JURY DEMAND

Arbutus and Genevant, by and through undersigned counsel, hereby demand, pursuant to Fed. R. Civ. P. 38, a trial by jury on all claims so triable in this action.

            */s/ John W. Shaw*
            John W. Shaw (No. 3362)
            Karen E. Keller (No. 4489)
            SHAW KELLER LLP
            I.M. Pei Building
            1105 N. Market Street, 12th Floor
            Wilmington, DE 19801
            (302) 298-0700
            jshaw@shawkeller.com
            kkeller@shawkeller.com
            *Attorneys for Plaintiffs*

            OF COUNSEL:
            David I. Berl
            Adam D. Harber
            Thomas S. Fletcher
            Jessica Palmer Ryen
            Denis R. Hurley
            WILLIAMS & CONNOLLY LLP
            725 Twelfth St. NW
            Washington, DC 20005
            (202) 434-5000
            *Attorneys for Plaintiff Genevant Sciences GmbH*

|  |  |
|---|---|
|  | Daralyn J. Durie |
|  | Eric C. Wiener |
|  | DURIE TANGRI LLP |
|  | 217 Leidesdorff St |
|  | San Francisco, CA 94111 |
|  | (415) 362-6666 |
| Dated: February 28, 2022 | *Attorneys for Plaintiff Arbutus Biopharma Corporation* |

Case 1:22-cv-00252-MSG Document 181-5 Filed 02/28/23 Page 519 of 519 PageID #: 51811

51