# Exhibit G

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

|  |  |  |
|---|---|---|
| Mark C. McLennan<br>To Call Writer Directly:<br>+1 212 909 3451<br>mark.mclennan@kirkland.com | 601 Lexington Avenue<br>New York, NY 10022<br>United States<br><br>+1 212 446 4800<br><br>www.kirkland.com | Facsimile:<br>+1 212 446 4900 |

September 19, 2023

**By Email**

HIGHLY CONFIDENTIAL - OUTSIDE
COUNSEL EYES ONLY

Shaun P. Mahaffy  
Williams & Connolly LLP  
680 Maine Ave SW  
Washington, DC 20024  
smahaffy@wc.com

Nate Tan  
Morrison & Foerster LLP  
2100 L Street, NW  
Washington, DC 20037  
ntan@mofo.com

Re: *Arbutus Biopharma Corporation et al. v. Moderna, Inc. et al.*, C.A. No. 22-252-MSG (D. Del.) – **Plaintiffs' Second Set of RFPs**

Dear Shaun:

I write in response to your August 29, 2023 letter regarding Plaintiffs' Second Set of Requests for Production and the parties' August 23, 2023 meet and confer.

At the outset, we disagree with your statement that "[w]ith respect to most of Plaintiffs' other RFPs, Moderna does not dispute their relevance." As discussed further below, there are several requests with respect to which Plaintiffs have failed to articulate a cogent explanation of relevance. Moreover, Plaintiffs have ignored the proportionality limit on discovery, and have been unwilling to meaningfully engage in narrowing the over-broad RFPs to what is relevant.

You also state that "Plaintiffs served these RFPs approximately three months ago, and [ ] are concerned that Moderna still apparently does not have a plan as to how it intends to collect and produce responsive documents." However, Moderna served its responses to Plaintiffs' Second Set of RFPs on June 26, 2023, stating for a number of the Requests that Plaintiffs now take issue with that Moderna was willing to meet and confer. Yet, it was not until August 17, nearly two months later, that Plaintiffs actually requested a meet and confer. Plaintiffs have known of Moderna's positions and cannot now complain or feign concern because of their own delay. Moreover, Moderna has produced more than 400,000 pages of technical documents months before the deadline for substantial completion of fact discovery. Plaintiffs also ignore that they have burdened Moderna with **173 RFPs** which has taken enormous resources to investigate and respond to.

KIRKLAND & ELLIS LLP

Shaun P. Mahaffy; Nate Tan
September 19, 2023
Page 2

### (a) Productions from Other Litigations

Thank you for confirming that Plaintiffs will produce the documents Plaintiffs produced or will produce in *Acuitas Therapeutics Inc. v. Genevant Sciences GmbH et al.*, No. 1-22-cv-02229 (S.D.N.Y.); *Acuitas Therapeutics Inc. v. Genevant Sciences GmbH et al.*, No. 3-23-cv-04200 (D.N.J.); and *Arbutus Pharma Corp. et al. v. Pfizer Inc. et al.*, No. 3-23-cv-01876 (D.N.J.), wherein the Asserted Patents are at issue as asserted patents or the subject of declaratory judgment actions.

We reiterate that Moderna will not produce "*all*" documents it has or will produce in *ModernaTX, Inc. and Moderna US, Inc. v. Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.*, No. 1:22-cv-11378-RGS (D. Mass.) just because they are produced in that matter. Moderna will produce, in accordance with among other things, the ESI Order in this case, documents that are relevant to the asserted claims and defense of this case. As to other documents, as we explained in earlier correspondence and during the meet-and-confer, Plaintiffs' request is at best speculative, and the sole relevance argument you could offer during the meet-and-confer was that Moderna may take certain positions with respect to damages in the Pfizer/BioNTech litigation. Although Plaintiffs have improperly refused to identify the date of hypothetical negotiation in this case, there is no basis to assume that the date is the same as in the other proceeding, where there are different facts and different products are accused of infringement. Plaintiffs are already getting a substantial volume of discovery in this case that they have sought related to their claim for damages, including from multiple ESI custodians relevant to damages and licensing. Nothing more is required or proportional to the needs of the case. *ClearPlay, Inc. v. Dish Network LLC*, No. 14-191, 2018 WL 2386057 (D. Utah Apr. 30, 2018) (affirming magistrate's order denying patentee's motion to compel accused infringer to produce documents from collateral litigations, and finding that while the collateral litigations involved related technology, that technology was not sufficiently close to the patented technology, or proportional to the needs of the case, to justify production of the materials) Tellingly, Plaintiffs have not come forward with a single case supporting their request that Moderna needs to produce materials from an unrelated litigation simply because it relates to the same accused product, particularly where there is no overlap in asserted patents or accused products.

Moreover, you conceded during the meet-and-confer that different patented technology is at issue in the Pfizer/BioNTech litigation—namely, chemically-modified mRNAs and betacoronavirus vaccines. Plaintiffs' request that Moderna produce ***every single document it produces*** when those patents involve different technology, different R&D personnel and different time periods is completely unreasonable and not proportional to the needs of the case. Given that Plaintiffs have now served 173 RFPs, it is hard to believe that there remains something relevant to any claim or defense in this litigation that has not already been requested by Plaintiffs in this lawsuit.

If Plaintiffs can identify specific categories of documents that they believe they are not already receiving that may be produced in the Moderna v. Pfizer litigation, please identify it for our consideration. Otherwise, if Plaintiffs persist in their unreasonable request for "all" documents from that litigation, we confirm we are at an impasse.

**KIRKLAND & ELLIS LLP**

Shaun P. Mahaffy; Nate Tan
September 19, 2023
Page 3

**(b)    RFP Nos. 99-100**

Your letter does not contain an accurate characterization of the discussion of these RFPs during the meet-and-confer.

During the meet and confer, you asked if Mr. Bancel is "most knowledgeable" regarding patent licensing. As stated on the meet and confer, Moderna has no obligation to identify the person(s) "most knowledgeable" on *each separate* issue in the litigation to comply with the Delaware Default Standard. Contrary to your statement that we "were unable to explain why Moderna selected those other individuals as custodians," we explained that we followed the Default Standard and based on our investigations, we identified "[t]he 10 custodians most likely to have discoverable information in their possession, custody or control," across the issues in this case, including patent licensing and product development. Moderna met its obligations under the Delaware Default Standard by doing so. Although Moderna has already satisfied its obligations, in order to avoid a needless discovery dispute, Moderna confirms that Stephen Hoge and Said Francis, not Mr. Bancel, are the two most knowledgeable individuals at Moderna with respect to patent licensing—both of whom are listed as ESI custodians. Under these circumstances where Moderna is already producing ESI from the two most knowledgeable on this issue, collection and review of Mr. Bancel's ESI is overly burdensome, unwarranted, and not proportional to the needs of the case. *See Tulip Computs. Int'l BV v. Dell Comput Corp.*, No. CIV.A. 00-981-RRM, 2002 WL 818061, at *7 (D. Del. Apr. 30, 2002) (finding it "unclear to the court that a search of Dell CEO Michael Dell's e-mails will produce responsive discovery in this case" where there was no indication that his "involvement in the alleged incorporation of the patented device into the [accused product] was at a detailed level, such that discovery of his e-mail records would uncover in relevant documents"); *Lutzeier v. Citigroup Inc.*, No. 4:14-cv-00183-RLW, 2015 WL 430196, at *7 (E.D. Miss., Feb. 2, 2015) (finding "[a]t this stage of the litigation, Plaintiff has not satisfied his burden to show that these high level executives have unique or personal knowledge of the subject matter that warrants their information); *Harris v. Union Pac. R.R. Co.*, No. 8:16CV381, 2018 WL 2729131, at *1 (D. Neb. June 6, 2018) (denying motion to compel production of CEO's ESI, finding there was not a sufficient showing of necessity).

Next, you state that we "refused to comment on whether or not Mr. Bancel was the ultimate decisionmaker with respect to Moderna's licensing decisions, including of the Patents-in-Suit." However, as stated during the meet-and-confer, an RFP (as opposed to, e.g., a interrogatory) is not the proper written discovery mechanism for such questions, and we have no obligation to provide such information during a meet-and-confer about Plaintiffs' RFPs, particularly where you had not raised this vague question in advance. Although Moderna is under no obligation to provide this information, in order to avoid a needless discovery dispute, we confirm that Mr. Bancel was not the ultimate decisionmaker with respect to decisions to license the patent-in-suit.

Further, contrary to the allegation in your letter, you did not inquire whether we "dispute that Mr. Bancel possesses relevant documents that would be non-cumulative of the documents

**KIRKLAND & ELLIS LLP**

Shaun P. Mahaffy; Nate Tan
September 19, 2023
Page 4

from the other custodians that Moderna has identified." In fact, as we have explained in prior correspondence, we are not withholding documents that include Mr. Bancel as a recipient or sender that are collected from other ESI custodians. Regarding the potential for non-cumulative documents, to satisfy Plaintiffs' endless demands, Moderna would have to review far more than 10 custodians' ESI to determine whether they were entirely cumulative, which defeats the purpose of the proportionality limit in the Default Standard.

Your "offer" to substitute Mr. Bancel for Al Thomas is likewise improper. Plaintiffs do not get to arbitrarily select Moderna's custodians. We note that when Plaintiffs improperly suggested that Moderna had to identify additional custodians for Plaintiffs to list as their 10 ESI custodians, Plaintiffs did not accept all of the individuals identified by Moderna—including CEOs at the time patent licensing discussions were taking place. *See* McLennan June 7, 2023 Letter (identifying Bo Rode Hansen, former Genevant CEO 2018 to 2020, and William Collier, Arbutus President and CEO, 2019 to Present). Did Plaintiffs investigate whether all applicable "ultimate decisionmakers" for patent licensing decisions were listed on their ESI disclosures, in addition to those "most knowledgeable"? Plaintiffs continue to hold themselves to a different standard.

We confirm we are at an impasse with respect to RFP No. 99.

With respect to RFP No. 100, given the representations in our previous letter, we do not understand there to be any outstanding dispute.

**(c)    RFP Nos. 101-102**



**KIRKLAND & ELLIS LLP**

Shaun P. Mahaffy; Nate Tan
September 19, 2023
Page 9

███████████████████████████████████

**(m)     RFP No. 120-121**

As stated on the meet-and-confer and in prior correspondence, Moderna is not withholding publicly available documents that are identified by the use of Moderna's search terms through its custodial documents, or the communications to which those documents are attached, if they are responsive to the agreed-upon scope of Plaintiffs' RFPs (for example, RFPs concerning specific aspects of LNP research and development). However, as explained on the meet-and-confer, Moderna cannot instruct the reviewers to identify what is "prior art." We understand any issues with respect to these RFPs are resolved.

**(n)     RFP Nos. 122-127**

We are disappointed to hear that Plaintiffs are not willing to hold their requests in abeyance as discussed on the meet-and-confer. However, it is unclear how Plaintiffs propose to proceed with these RFPs given that, as we confirmed on the meet-and-confer, Moderna is not presently asserting that there are any prior art publications that could not have been found by a skilled searcher. As such, there is nothing for Moderna to search for.

Plaintiffs, not Moderna, advocated for the parties to be able to supplement contentions throughout discovery. Having accepted Plaintiffs' proposal, we will not now forego the right to supplement invalidity contentions, particularly where the claims have not even been construed.

We reiterate that Plaintiffs are attempting to generate a discovery dispute over nothing. *If* this issue ever becomes relevant, we are confident that the parties can work together to agree to a limited window of discovery that will not prejudice the case schedule.

Sincerely,

*/s/Mark C. McLennan*
Mark C. McLennan