# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
(302) 658-3989 FAX

Travis Murray
302 351 9176
tmurray@morrisnichols.com

October 3, 2023

The Honorable Mitchell S. Goldberg  *VIA ELECTRONIC FILING*
United States District Court
  for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

Re:  *Arbutus Biopharma Corp., et al. v. Moderna, Inc., et al.,* C.A. 22-252 (MSG) (D. Del.)

Dear Judge Goldberg:

Defendants Moderna, Inc. and ModernaTX, Inc. respectfully submit this opposition to Plaintiffs Arbutus and Genevant's Motion to Compel (D.I. 133). Plaintiffs' Motion attempts an end-run around the Delaware Default Standard limit of 10 ESI custodians, seeking ESI from Moderna's CEO and **all** custodians in an unrelated litigation irrespective of whether each has ESI relevant to this case. Plaintiffs' motion attempts to convey the wholly inaccurate impression that Moderna has refused to produce documents relevant to the issues in this case. In response to Plaintiffs' 173 RFPs, Moderna has already produced over 400,000 pages of technical documents and agreed to collect and review 10 custodians' ESI comprising well over ***160,000 additional files*** that hit on the parties' negotiated search terms. Ex. H. Plaintiffs' Motion fails to articulate good cause for production of either set of documents. Indeed, during the meet-and-confer process, Moderna asked Plaintiffs to identify specific deficiencies for consideration and without doing so Plaintiffs filed their Motion. Moderna respectfully asks this Court to deny Plaintiffs' Motion.

**I.      RFP No. 99 (ESI from Moderna's CEO, Mr. Stéphane Bancel)**

Plaintiffs failed to meet their burden of articulating "particularized information which demonstrates the need for an expanded search" beyond the 10 ESI custodians permitted under the Default Standard. *Frontier Commc'ns Corp. v. Google Inc.*, No. CV 10-545-GMS, 2014 WL 12606321, at *3-4 (D. Del. Feb. 3, 2014). Here, no good cause exists in view of the voluminous ESI Moderna already agreed to provide from more knowledgeable custodians.

Plaintiffs initially argued Mr. Bancel's ESI was relevant to patent licensing. Ex. I at 2. But when Moderna explained that its custodians included the two most knowledgeable about patent licensing—Stephen Hoge (President), Said Francis (SVP for Business Development and Corporate Strategy)—Plaintiffs pivoted. Ex. G at 3. Now, Plaintiffs broadly assert Mr. Bancel's ESI relates to "infringement to validity to damages to the government contractor defense." Mot. at 2. This is insufficient to establish good cause especially where, as here, Moderna is already producing ESI related to its § 1498 (government contractor) defense from custodians most knowledgeable—Ms. Bennett (Sr. Dir., Vaccine Access & Partnerships), Mr. Thomas (Exec. Dir., US Commercial Strategy). *See Sprint Commc'ns Co. v. Cequel Commc'ns, LLC*, No. 18-1752-RGA, D.I. 100, Exs.

The Honorable Mitchell S. Goldberg
October 3, 2023

N, O, (D. Del. Jan. 2, 2020) (overruling objections to Special Master order (D.I. 85) denying motion to compel production of executive's ESI where opposing party already produced ESI from two relevant custodians). Further, Mr. Bancel's statements about mRNA sequences and clinical trials are not relevant to the asserted claims, which do not recite sequences or clinical uses, let alone uses of mRNA vaccines. Mot. at 1-2; Compl. ¶¶ 73, 157. Plaintiffs' shifting rationales bely any deficiency in Moderna's production and illuminate their goal—a fishing expedition.

Thus, collection and review of Mr. Bancel's ESI is overly burdensome, unwarranted, and not proportional to the needs of the case. *See Tulip Computs. Int'l BV v. Dell Comput. Corp.*, No. CIV.A. 00-981-RRM, 2002 WL 818061, at *7 (D. Del. Apr. 30, 2002) (finding it "unclear to the court that a search of [CEO's] e-mails will produce responsive discovery" where there was no indication his "involvement in the alleged incorporation of the patented device into [accused products] was at a detailed level, such that discovery of his e-mail records would uncover in relevant documents"); *Lutzeier v. Citigroup Inc.*, No. 4:14-cv-00183-RLW, 2015 WL 430196, at *7 (E.D. Miss. Feb. 2, 2015) (finding "Plaintiff has not satisfied his burden to show that these high level executives have unique or personal knowledge of the subject matter that warrants their information"); *Harris v. Union Pac. R.R. Co.*, No. 8:16CV381, 2018 WL 2729131, at *1 (D. Neb. June 6, 2018) (denying motion to compel CEO's ESI, finding insufficient showing of necessity). In the *Gilead* case Plaintiffs cite, the court held it was the movant's burden to "show good cause as to why more [custodians were] required," and denied an additional custodian where, as here, plaintiffs failed to show he likely had "a significant amount of non-privileged responsive material."

Plaintiffs raise the apex doctrine and argue that the first prong is satisfied: "**unique** first-hand, **non-repetitive** knowledge of the facts at issue." Mot. at 2 citing *Ever.Ag, LLC v. Milk Moovement, Inc.*, 2023 WL 3794312, at *1 (E.D. Cal. June 2, 2023). Although that prong is not satisfied, Plaintiffs omit the second prong entirely and fail to show they "exhausted other less intrusive discovery methods." *Id.*; *see also In re Facebook, Inc.*, No. 3:18-MD-02843-VC-JSC, 2021 WL 10282213, at *2 (N.D. Cal. Nov. 14, 2021) (ordered production from additional custodians of "categories of relevant information **not available through other data sources**."). Moderna is producing ESI from custodians most knowledgeable about U.S. government contracts, licensing, and relevant aspects of the accused product. The parties are negotiating dozens of ESI search terms, including terms targeting the issues Plaintiffs identify, many hitting on hundreds to thousands of documents. Ex. J at 1–3. If those terms hit on ESI custodians' emails to or from Mr. Bancel, Moderna will produce them. Plaintiffs complain that Moderna cannot guarantee that Mr. Bancel has no "non-duplicative documents," but that would require Moderna to collect and review his ESI, defeating the Default Standard's goal: proportionality. Moderna is sure Plaintiffs will have the discovery they need, but if after reviewing these productions Plaintiffs have particularized reasons to believe an additional custodian is necessary, Moderna is willing to confer with them.

Finally, as to Plaintiffs' offer to "substitute" Mr. Bancel for Mr. Thomas, review of Mr. Thomas' ESI is underway so "substitution" would not reduce Moderna's burden. Moreover, Plaintiffs' motion is inconsistent with their own conduct: initially Plaintiffs refused to identify 10 custodians, and improperly put the onus on Moderna to identify more custodians. Ex. G at 3-4. Moderna named Plaintiffs' former executives involved in licensing discussions with Moderna. Contrary to Plaintiffs' position here, Plaintiffs refused to add them or respond to questions on whether Plaintiffs determined if they possessed relevant non-cumulative documents. *Id.*

**II.     RFP No. 118 (All Documents from unrelated *Moderna v. Pfizer* Litigation)**

2

The Honorable Mitchell S. Goldberg
October 3, 2023

Plaintiffs also failed to establish the relevance of *all* ESI produced by Moderna in the unrelated *Pfizer* litigation, concerning different patents-in-suit, different technology, and a different accused product. Plaintiffs fail to specify any *relevant* ESI that Moderna has not already agreed to produce in response to Plaintiffs' 173 RFPs. **First**, Plaintiffs identify ESI related to technology at issue in the *Pfizer* litigation, namely, "chemically modified mRNA," but Plaintiffs have conceded that different technology is at issue here (Ex. G at 2). *See ClearPlay, Inc. v. Dish Network LLC*, No. 14-cv-00191-DN-BCW, 2018 WL 2386057 (D. Utah Apr. 30, 2018) (affirming denial of motion to compel documents from collateral litigations, finding technology was not sufficiently close to patented technology). By contrast, Moderna did agreed to produce documents from the *Alnylam v. Pfizer* litigation, which also relates to lipid compositions. **Second**, Plaintiffs claim to need ESI regarding the accused product's market, but Moderna already agreed to produce that. Ex. K at 3. **Third**, Plaintiffs claim to need ESI related to the lipid formulation of the accused product. But Plaintiffs ignore that Moderna (1) produced 400,000 pages of technical documents on the accused product, (2) agreed to produce ESI relating to, *inter alia*, "LNP formulation research and development efforts for Moderna's COVID-19 Vaccine" and "lipids and lipid molar ratio . . . [of] Moderna's COVID-19 Vaccine," and (3) agreed to dozens of searches related to the accused lipid formulation. Ex. J at 1–3, Ex. L at 11–12. Plaintiffs are already receiving copious discovery on the accused product. Ex. H. *Alloc* is inapposite, as the moving party limited its request to specific types of documents, rather than seeking "*all* documents." *Alloc, Inc. v. Unilin Beheer B.V.*, No. 03-C-1266, 03-C-342, 04-C-121, 2006 WL 757871, at *5 (E.D. Wis. Mar. 24, 2006).

Because Plaintiffs failed to show relevance of "*all* documents," the Court need not reach burden. *Thompson-El v. Greater Dover Boys & Girls Club*, No. 18-1426-RGA, 2022 WL 606700, at *2 (D. Del. Jan. 28, 2022) ("party moving to compel discovery bears the initial burden of establishing the relevance of the requested information" before the burden "shifts"). Even then, producing all ESI from *Pfizer* (nearly 100,000 documents, over one million pages) would be burdensome as it would require Moderna to obtain third-party consents. *See VLSI Tech. LLC v. Kirkland & Ellis LLP*, No. MC 18-63-RGK (PLAX), 2018 WL 6930769, at *1, *3 (C.D. Cal. June 19, 2018) (denying motion to compel all documents from another suit involving same accused product, finding it "overly broad," as the subpoena was "not limited to only those documents that relate to the claims at issue in the pending action" and "would require . . . hundreds of hours [to] review[]" for confidentiality). Indeed, Plaintiffs said that its own production of documents from an earlier ligation concerning the patents-in-suit would be delayed to allow time to review for third-party confidentiality. Ex. M at 1. Wholesale production would also circumvent this District's default number of custodians (adding 7 custodians) and inject unnecessary issues into this case.

Accordingly, Plaintiffs' request is unreasonable and not proportional to the needs of the case. *See Wyeth v. Impax Lab'ys., Inc.*, 248 F.R.D. 169 (D. Del. 2006) (denying motion to compel "all" documents from another litigation relating to the same patents as "overly broad" because the moving party failed to show that the documents were "critical to resolving the issues before the Court"). Plaintiffs have not identified any ESI relevant to any claim or defense in **this litigation** that Moderna has not already agreed to produce in response to Plaintiffs' 173 RFPs. Moderna offered to consider any specific categories of ESI that Plaintiffs believe they are not already receiving. Ex. G at 2. Plaintiffs ignored Moderna's offer, refused to identify any such categories, instead contending that to do so would be "unworkable." Mot. at 3.

Moderna respectfully requests that the Court deny Plaintiffs' Motion to Compel.

The Honorable Mitchell S. Goldberg
October 3, 2023

                                            Respectfully,

                                            */s/ Travis Murray*

                                            Travis Murray (#6882)

TJM/rah
Attachments
cc:      All Counsel of Record (via electronic mail)