# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) C.A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC. | ) ) ) |
| Defendants. | ) |
| MODERNA, INC. and MODERNATX, INC., | ) ) |
| Counterclaim-Plaintiffs, | ) ) |
| v. | ) ) |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Counterclaim-Defendants. | ) |

**DEFENDANTS' INITIAL DISCLOSURES PURSUANT TO**
**PARAGRAPH 3 OF THE DELAWARE DEFAULT STANDARD FOR DISCOVERY**

Pursuant to Paragraph 3 of the District of Delaware Default Standard and Scheduling Order (D.I. 72), Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna") provide the following disclosures to Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH, based upon the information currently within their possession, custody, or control.

By making these disclosures, Moderna does not represent that it has identified every witness, document, or tangible thing that may be relevant to this lawsuit. These disclosures are based on information known to Moderna as of this date, without the benefit of contentions, discovery, or other specific allegations. Moderna reserves the right to amend and/or supplement these disclosures to the extent additional information comes within its possession, custody, or control in the future, but does not undertake any obligations to do so unless required by the

applicable local or Federal Rules. Accordingly, Moderna's current disclosures are subject to supplementation and/or modification as appropriate and do not constitute a waiver of any rights of supplementation or modification. Moderna further reserves all rights to object to the admission of any evidence at trial on the grounds of relevance, competency, materiality, authenticity, or any other grounds.

By making these disclosures, Moderna is not waiving its right to request any discovery from Plaintiffs involving or relating to this case.  Further, nothing in these disclosures is an admission on the part of Moderna regarding any matter.  These disclosures are made without any concession, agreement, admission, or waiver of any ultimate determination of relevance, admissibility, or discoverability concerning any document(s) or information in this action for any purpose, and without waiver of any designation of confidentiality, attorney-client privilege, work product immunity, or any other privilege or immunity.  Thus, by making these disclosures, Moderna is not waiving its right to object to any discovery request or proceeding involving or relating to the subject matter of these disclosures, including without limitation, on the basis of any applicable privilege, the work product doctrine, relevancy, undue burden, confidentiality or any other appropriate objection in the above-captioned case or any other case.

To the extent information in Moderna's interrogatory responses, other written discovery, or expert reports may be pertinent to Moderna's disclosure obligations, such information is incorporated herein by reference.

### A. Custodians

Based on information currently available to Moderna, and subject to modification as additional and more specific information becomes available, Moderna's custodians most likely to have discoverable information in their possession, custody, or control, listed from the most likely to the least likely, including name, title, role, and subject matter of information, are listed below.

Moderna does not represent that these custodians have relevant documents in their possession, custody, or control, and does not waive its right to object to the production of any tangible thing in the possession of these custodians on the basis of privilege, work product doctrine, relevance, or any other valid objection.  While Moderna has attempted to rank these custodians, the ranking may change or additional custodians may be identified as this litigation progresses and Moderna receives additional information.

| Name and Title | Role and Subject Matter of Information |
|---|---|
| Don Parsons<br>VP, Early Technical Development and LNP Process Development | Moderna's research and development relating to lipid nanoparticles; formulation development for Moderna's COVID-19 vaccine. |
| Michael Smith<br>Director, Process Development | Moderna's research and development relating to lipid nanoparticles; formulation development for Moderna's COVID-19 vaccine. |
| Said Francis<br>SVP, Business Development and Corporate Strategy | Moderna's licensing, including discussions and agreements with Acuitas Therapeutics; Moderna's licensing discussions with Tekmira Pharmaceuticals, Arbutus, and Genevant. |
| Kerry Benenato<br>Former VP, Platform Chemistry & Formulation Discovery | Moderna's research and development relating to lipid nanoparticles. |
| Kimberly Hassett<br>Associate Director, Novel Delivery Technologies | Moderna's research and development relating to lipid nanoparticles. |
| Stephen Hoge<br>President | Moderna's licensing discussions and agreements with Acuitas Therapeutics; Moderna's licensing discussions with Tekmira Pharmaceuticals, Arbutus, and Genevant; Moderna's history; development of Moderna's COVID-19 vaccine. |
| Hamilton Bennett<br>Senior Director, Vaccine Access & Partnerships | Moderna's contracts with the U.S. Government in connection Moderna's COVID-19 vaccine. |

| | |
|---|---|
| Al Thomas<br>Executive Director, US Commercial Strategy | Moderna's contracts with the U.S. Government in connection Moderna's COVID-19 vaccine. |
| Jack Kramarczyk<br>Director, Process Development | Moderna's research and development relating to lipid nanoparticles. |
| Örn Almarsson<br>Former Head, Delivery Sciences | Moderna's research and development relating to lipid nanoparticles; formulation development for Moderna's COVID-19 vaccine. |

The above individuals should be contacted only through Kirkland & Ellis LLP.

**B.     Non-Custodial Data Sources**

Moderna's non-custodial ESI data sources that are most likely to contain non-duplicative discoverable information for preservation and production consideration, from the most likely to the least likely, are:

- Moderna's VEEVA databases containing regulatory submissions and related documents
- Financial information from Moderna's financial and/or accounting systems and other sources
- SharePoint sites
- Network drives

**C.     Notice**

Pursuant to Paragraph 3(c)(i) of the Default Standard, Moderna states that Moderna is aware of custodial backup tapes that are not reasonably accessible, and which are also duplicative of information that is reasonably accessible under Fed. R. Civ. P. 26(b)(2)(C)(i). Moderna's investigation regarding the accessibility of ESI is ongoing.

Moderna expects that third-parties that have not yet been identified may be in possession of responsive information concerning Plaintiffs' disclosure of potential prior art before the effective priority date of the patents-in-suit. Plaintiffs have served third-party subpoenas on the

U.S. Government. Moderna is otherwise not currently aware of any third-party discovery under Fed. R. Civ. P. 45. To the extent any witness is a former employee of Moderna, Moderna does not consent to or authorize communication by Defendants with Moderna's current or former employees; any such communications should be initiated through counsel for Moderna. To the extent any documents or information subject to third-party confidentiality restrictions that require notice prior to production are determined to be relevant, such documents may require additional time to produce to accommodate provision of such notice. Further, certain documents sought by Plaintiffs may be subject to confidentiality obligations to the U.S. and other governments, which, for example, may require redaction of certain information and/or material prior to production; Moderna's investigation on these issues is ongoing.

Moderna objects to the production of ESI that Moderna is precluded from disclosing under HIPAA or other legal prohibitions of any kind. Moderna further discloses the likely production of information subject to protection under the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information), the Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information), and applicable state data protection and data privacy laws. In addition, ESI located in foreign countries may be subject to foreign laws that will impact the timing and scope of production. Reasonably accessible ESI for such custodians may therefore require additional time to identify and produce.

Moderna's investigation of these issues and of the case generally is ongoing. Moderna accordingly reserves the right to supplement these disclosures.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Travis J. Murray*

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Mark C. McLennan
Nancy Kaye Horstman
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

April 20, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 20, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Shaelyn K. Dawson, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017-3543<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| David N. Tan, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, DC  20037<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |

David I. Berl, Esquire *VIA ELECTRONIC MAIL*
Adam D. Harber, Esquire
Thomas S. Fletcher, Esquire
Jessica Palmer Ryen, Esquire
Lydia B. Cash, Esquire
Shaun P. Mahaffy, Esquire
Anthony H. Sheh, Esquire
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC  20024
*Attorneys for Plaintiff Genevant Sciences GmbH*

*/s/ Travis J. Murray*

Travis J. Murray (#6882)