# EXHIBIT K

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>Defendants.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>Counterclaim-Plaintiffs,<br><br>v.<br><br>ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH,<br><br>Counterclaim-Defendants. | C.A. No. 22-252-MSG<br><br>**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS (NOS. 128-173)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna" or "Defendants") provide their responses and objections to Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH ("Genevant")'s requests for production (Nos. 128-173).

**GENERAL OBJECTIONS**

Moderna incorporates by reference its General Objections provided in Moderna's Responses and Objections to Plaintiffs' First Set of Requests for Production to Defendants (Nos. 1–98) served February 2, 2023.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Moderna also objects the sheer number of requests, now totaling 173, as unreasonable burdensome, duplicative, and not proportional to the needs of the case, particularly where Plaintiffs expect Moderna to carry out an unreasonable number of searches at this stage in the case.

**DEFINITIONS**

Moderna incorporates by reference the Definitions provided in Moderna's Responses and Objections to Plaintiffs' First Set of Requests for Production to Defendants (Nos. 1–98) served February 2, 2023.

**OBJECTIONS TO REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 128**

All documents that estimate, define, describe, assess, study, or summarize the market for the Accused Product, including but not limited to company reports or studies, third-party research, or other information related to the market for the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 128:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents that estimate, define, describe, assess, study, or summarize the market for the Accused Product," which presumes that all such documents are relevant. Moderna will not search for documents relating to batches of the Accused Products (and materials used in those batches) that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna will not produce irrelevant and/or non-responsive documents. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents. Moderna objects to this Request as duplicative of at least RFP Nos. 74, 76, 78, and 79. Moderna also objects to this Request to the extent it calls for information that is publicly available. Moderna will not search for and produce information that is publicly available. Moderna objects to this Request to the extent it seeks a legal conclusion and/or expert discovery.

==Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged market reports and analyses for Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.==

**REQUEST FOR PRODUCTION NO. 129**

All documents and other information relating to the pricing strategies for the Accused Product, including, but not limited to, the factors, information, and/or data that Moderna considered in developing pricing strategies for the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 129:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents and other information relating to the pricing strategies for the Accused Product," which presumes that all such documents and information are relevant. Moderna will not search for documents relating to batches of the Accused Products (and materials used in those batches) that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna will not produce irrelevant and/or non-responsive documents and information. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "other information," which is not defined. Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents. Moderna objects to this Request as duplicative of at least RFP Nos. 69, 74, and 76. Moderna also objects to this Request to the extent it calls for information that is publicly available. Moderna will not search for and produce information that is publicly available. Moderna objects to this Request to the extent it seeks a legal conclusion and/or expert discovery.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents concerning pricing strategy for Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 130**

All documents and communications created, prepared, and/or reviewed for or by Moderna's Board of Directors, or any committee of such Board, related to the Accused Product, including, but not limited to, meeting minutes of Moderna's Board of Directors, presentations prepared for or provided to Moderna's Board of Directors, or financial analyses or projections about sales of the Accused Product provided to Moderna's Board of Directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 130:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents and communications created, prepared, and/or reviewed for or by Moderna's Board of Directors, or any committee of such

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

| | |
|---|---|
| Dated: September 5, 2023 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | /s/ Mark McLennan |
| | Jack B. Blumenfeld (#1014) |
| OF COUNSEL: | Brian P. Egan (#6227) |
| | 1201 North Market Street |
| Patricia A. Carson | P.O. Box 1347 |
| Jeanna M. Wacker | Wilmington, DE 19899 |
| Mark C. McLennan | (302) 658-9200 |
| Nancy Kaye Horstman | jblumenfeld@morrisnichols.com |
| KIRKLAND & ELLIS LLP | began@morrisnichols.com |
| 601 Lexington Avenue | |
| New York, NY 10022 | *Attorneys for Defendants* |
| (212) 446-4679 | |

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street 47th Floor
Boston, MA 0211
(617) 385 -7500

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street 27th Floor
San Francisco, CA 94104
(415) 439-1400
May 25, 2023

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2023, I caused the foregoing to be served on upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br><br>*Attorneys for Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Adam R. Brausa, Esquire<br>Eric C. Wiener, Esquire<br>Annie A. Lee, Esquire<br>Shaelyn K. Dawson, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105<br><br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017<br><br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| David N. Tan, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, DC 20037<br><br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| David I. Berl, Esquire<br>Adam D. Harber, Esquire<br>Thomas S. Fletcher, Esquire<br>Shaun P. Mahaffy, Esquire | *VIA ELECTRONIC MAIL* |

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Jessica Palmer Ryen, Esquire
Anthony H. Sheh, Esquire
Jihad J. Komis, Esquire
Denis R. Hurley, Esquire
Philip N. Haunschild, Esquire
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024

*Attorneys for Plaintiff Genevant Sciences GmbH*

/s/ *Mark McLennan*

Mark McLennan