# EXHIBIT L

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> MODERNA, INC. and MODERNATX, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, <br><br> Counterclaim-Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'
FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–98)**

Pursuant to Fed. R. Civ. P. 34, Defendants Moderna, Inc. and ModernaTX Inc. (collectively, "Moderna" or "Defendants") respond to Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH's ("Genevant," and collectively, "Plaintiffs") First Set of Requests for Production ("Requests" and each individually, a "Request").

**GENERAL OBJECTIONS**

The following general responses and objections apply to each individual response to Plaintiffs' Requests, as if fully set forth therein. The failure to repeat any of the following General Objections in the specific responses below shall not be deemed a waiver of such objection or limitation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "any other U.S. or foreign regulatory submission relating to approval or emergency authorization of the Accused Product," which presumes that all such documents are relevant. Moderna will not search for or produce irrelevant documents, including documents relating to aspects of the Accused Products that are not relevant to the Asserted Claims. Moderna will not search for or produce regulatory submissions relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law).

Subject to and without waiving any of its general or specific objections, Moderna will produce a copy of BLA No. 125752, IND 19745, and EUA No. 27073, as well as supplements and amendments thereto, excluding subsections containing patient Personal Identifiable Information.

**REQUEST FOR PRODUCTION NO. 4:**

All documents related to the research and development of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to the research and development of the Accused Product," which presumes that all such documents are relevant. Moderna will not search for or produce irrelevant documents, including documents relating to

11

aspects of the Accused Products that are not relevant to the Asserted Claims. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents.

==Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents relating to the LNP formulation research and development efforts for Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.==

**REQUEST FOR PRODUCTION NO. 5:**

All documents related to the manufacture of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to manufacture of the Accused Product," which presumes that all such documents are relevant. Moderna will not search for or produce irrelevant documents, including documents relating to aspects of the Accused Products that are not relevant to the Asserted Claims, which do not recite methods of manufacturing. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents sufficient to show the lipids and lipid molar ratio of the LNPs in Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 15:**

All documents related to the selection of the lipid composition or lipid molar ratio of, or to the determination of any variability of the lipid molar ratio in, the LNPs in the Accused Product, including but not limited to documents related to the consideration, research and development, and/or testing of the lipid composition or lipid molar ratio of the LNPs in the Accused Product or any alternative lipid compositions or lipid molar ratios.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to" the subject matter of the Request, which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents relating to aspects of the Accused Products that are not relevant to the Asserted Claims, and documents relating to "alternative[s]" which are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "lipid composition," which is not defined in this context. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine,

or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request as duplicative of other Requests, including RFP No. 14.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents relating to the lipids and lipid molar ratio (including the variability thereof) of the LNPs in Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 16:**

All documents related to the manufacturing process for the Accused Product, including but not limited to the manufacturing process for the LNPs in the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "documents related to the manufacturing process for the Accused Product," which are not relevant to the Asserted Claims, which do not recite methods of manufacturing. Moderna will not produce irrelevant and/or non-responsive documents, including documents relating to aspects of the Accused Products that are not relevant to the Asserted Claims. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents sufficient to show the stability studies of the LNPs in Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 31:**

All documents related to any testing conducted during the manufacture of any batch of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to any testing … of any batch," which presumes that all such documents and testing are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents relating to testing of aspects of the Accused Products that are not relevant to the Asserted Claims, and documents not relating to testing of the accused batches of the Accused Products. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

Moderna will not produce such documents. Moderna objects to this Request as duplicative of at least RFP Nos. 1–3.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents relating to the characterization of Moderna's COVID-19 Vaccine as to the appearance, particle size, lipid identity, lipid content, RNA content, and % RNA encapsulation identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 32:**

All documents, including but not limited to testing protocols, regarding variation in lipid ratios, including molar ratios, within each batch and between batches of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents . . . regarding variation in lipid ratios . . . within each batch and between batches of the Accused Product," which presumes that all such documents are relevant. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret

to the needs of this case, including because it seeks "a 10 g sample . . . of each ingredient in the Accused Product," which presumes all such ingredients are relevant to the Asserted Claims. Moderna will not produce samples and information that are irrelevant and/or not proportional to the needs of this case. Moderna objects to the Request for 10 g samples as overly broad and unduly burdensome and not proportionate to the needs of the case. Moderna objects to this Request to the extent it seeks material equally available to Plaintiffs.

Subject to and without waiving any of its general or specific objections, Moderna is willing to meet and confer regarding this Request.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Mark C. McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

February 2, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendants*

105

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Eric C. Wiener, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017-3543<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| David I. Berl, Esquire<br>Adam D. Harber, Esquire<br>Thomas S. Fletcher, Esquire<br>Jessica Palmer Ryen, Esquire<br>Lydia B. Cash, Esquire<br>Shaun P. Mahaffy, Esquire<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue S.W.<br>Washington, DC  20024<br>*Attorneys for Plaintiff Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |

/s/ *Brian P. Egan*

Brian P. Egan (#6227)