# EXHIBIT N

SPRINT COMMUNICATIONS CO. L.P. v. CEQUEL COMMUNICATIONS, LLC et al., C.A. 18-1752-RGA

## SPECIAL MASTER ORDER ON SPRINT'S MOTION AS TO ESI CUSTODIANS

On October 21, 2019 Sprint Communications Co. L.P. ["Sprint"] moved with a supporting brief and exhibits to compel Cequel Communications, LLC ["Cequel"] to identify and produce e mails from two individuals pursuant to the ESI Order. On October 23 Cequel filed its reply brief and exhibits. An in-person hearing was held on October 25 in Wilmington, Delaware.

Sprint alleges that Cequel identified only eight custodians, three of which were for email collection, and that the ESI Order provides for ten custodians. After searching its documents, Cequel reported that it had only three custodians for whom it could collect relevant e mails. Cequel states that this results from the fact that Sprint has waited fourteen years to bring suit. After such a long time, these are the only custodian individuals it could locate. It also notes that the ESI Order limits discovery to "appropriate limits" and that this motion should be decided based on the ESI Order.

As to the legal standard to decide this motion, I read the ESI Order as requiring a showing of "good cause" by the moving party before compelling the opposing party to designate a custodian and search the individual's emails after that party has submitted its designation of custodians. This burden of good cause on the moving party to persuade me that it is entitled to require its opponent to name someone as an email custodian can not be lightly met. The burden might be met if it is obvious that the person has relevant non privileged e mails.

Sprint has identified two Cequel individuals as to whom it contends should be listed as custodians and whose e mails should be produced.

As to Mr. Rosenthal, a former Cequel attorney, Cequel submits that as such Mr. Rosenthal's documents are not per se discoverable. Sprint contends that Cequel took the position during discovery that it would be unduly burdensome to search his documents for relevant non-privileged communications. Even if such a burden existed, Sprint writes that it provided Cequel with targeted search terms to reduce Cequel's burden in the search. Sprint argues that Mr. Rosenthal's documents may relate to Cequel's equitable defenses. As of the date of Sprint's brief, Cequel had provided no evidence supporting a claim of burden.

At the Hearing Cequel did not rely solely on its burden, but emphasized that under the ESI Order Sprint has the burden of showing "good cause" to have Mr. Rosenthal treated as a custodian and his emails searched. With Cequel's answering brief, it submitted the affidavit of Ms. Baneman. This brief reports that in a search of approximately of 3% of 977 e mails subject to Sprint's search terms, there were no responsive non-privileged Mr. Rosenthal e mails. The

affidavit states that Mr. Rosenthal acted in a purely legal capacity. While I regret that this affidavit was not submitted to Sprint prior to its motion, I can not ignore it for purposes of deciding this motion. It provides evidence that Mr. Rosenthal is not likely to have relevant non-privileged information. Sprint can not meet its burden of showing good cause to require Cequel to make Mr. Rosenthal a custodian under the ESI Order.

As to Ms. Meduski, Sprint contends that it is entitled to demand that she be designated as a custodian under the ESI Order because she is a Cequel executive who may have attended at least one meeting when a license to the subject patents was discussed. Cequel responded that attending such a meeting, without admitting that she did attend, does not make her necessarily a custodian, and Cequel has already identified two custodians who attended the meeting and produced their emails. It does not seem that merely being invited to an important meeting requires Ms. Meduski to be identified as a custodian and her emails searched. Here too, Sprint can not sustain its burden of showing good cause that she should be designated as a custodian.

Accordingly, Sprint's Motion to compel certain individuals to be identified as custodians under the ESI Order is Denied as of October 31, 2019.

Allen Terrell, Special Master