# EXHIBIT O

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SPRINT COMMUNICATIONS COMPANY, L.P., | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 18-1752-RGA |
| CEQUEL COMMUNICATIONS, LLC, et al., | : : : : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

The Special Master made a discovery ruling. (D.I. 85). Sprint objects (D.I. 89), and Cequel responds (D.I. 97). I review the ruling *de novo*.

I agree with the Special Master that Sprint needed to make a showing of good cause. The ESI order provided that each party would identify its own ESI custodians. Thus, when Sprint sought to identify custodians for Cequel, it was seeking additional discovery, for which the ESI order specifically required a showing of good cause. (D.I. 50 at 3 n.1).

I further agree with the Special Master that Sprint failed to make the showing of good cause. Sprint states in support of its having shown good cause: "[B]oth custodians have at least the meeting invitation and agenda in their custodial possession." (D.I. 89 at 3). I do not think this is good cause. Nor do I think their attendance with other Cequel employees, two of whom are custodians whose emails have been produced (*see* D.I. 97 at 4), at a meeting with Sprint provides good cause to add them as custodians.

Thus, Sprint's objections (D.I. 89) are **OVERRULED**.

IT IS SO ORDERED this 2 day of January 2020.

_____
United States District Judge