# EXHIBIT 5

LAW OFFICES
# WILLIAMS & CONNOLLY LLP

SHAUN P. MAHAFFY
(202) 434-5554
smahaffy@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 29, 2023

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

<u>Via Email</u>

Mark C. McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 909-3451
mark.mclennan@kirkland.com

    Re:    *Arbutus Biopharma Corporation and Genevant Sciences GmbH v. Moderna, Inc. and ModernaTX, Inc.*, Case 1:22-cv-00252-MSG (D. Del.)

Dear Mark:

    I write to memorialize the parties' meet and confer on August 23, 2023. As explained in more detail below, the parties are at an impasse with respect to several disputes, including related to productions from other litigations, RFP Nos. 99-100, and RFP Nos. 113-114.

    With respect to most of Plaintiffs' other RFPs, Moderna does not dispute their relevance, but rather is investigating how to collect and produce the documents (or, in a few cases, whether responsive documents exist). Plaintiffs served these RFPs approximately three months ago, and we are concerned that Moderna still apparently does not have a plan as to how it intends to collect and produce responsive documents, many of which—such as ==COAs and data related to lipid molar ratios—are incontrovertibly relevant==. Please provide a response to this letter no later than September 5 that sets forth Moderna's plan for producing responsive documents and a timeline for that production.

**I.    Productions from Other Litigations**

    The parties discussed the production of documents from other litigations. We appreciate that Moderna has agreed to produce the documents Moderna produced or will produce in *Alnylam Pharmaceuticals, Inc. v. Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc.*, No. 22-cv-335-CFC (D. Del.). We will likewise produce the documents Plaintiffs produced or will produce in *Acuitas Therapeutics Inc. v. Genevant Sciences GmbH et al.*, No. 1-22-cv-02229 (S.D.N.Y.); *Acuitas*

WILLIAMS & CONNOLLY LLP

August 29, 2023
Page 2 of 7

*Therapeutics Inc. v. Genevant Sciences GmbH et al.*, No. 3-23-cv-04200 (D.N.J.); and *Arbutus Pharma Corp. et al. v. Pfizer Inc. et al.*, No. 3-23-cv-01876 (D.N.J.).

On the call, we repeated our request that Moderna produce documents that it has produced or will produce in *ModernaTX, Inc. and Moderna US, Inc. v. Pfizer Inc., BioNTech SE, BioNTech Manufacturing GmbH, and BioNTech US Inc.*, No. 1:22-cv-11378-RGS (D. Mass.), which are relevant to, for example, damages to the extent that Moderna intends to assert in this case that the value of the Accused Products derives from the patented subject matter at issue in the Pfizer case. You did not deny that Moderna intends to make such arguments, and you did not dispute the relevance of these documents. You instead argued that producing these already-produced documents would be unduly burdensome, including due to the cost of FTPing the documents to counsel in this case. We disagree that any such burden justifies Moderna's refusal to produce these plainly relevant documents. The parties are at an impasse on this issue.

You also confirmed that you were still investigating whether or not you represented Moncef Slaoui and would notify us when that is resolved.

## II.     Plaintiffs' Second Requests for Productions

The parties discussed Moderna's responses to Plaintiffs' Second Requests for Production, including Moderna's correspondence on this issue from August 1, 2023.

### A.     RFP Nos. 99-100

We repeated our request that Moderna produce documents from Stéphane Bancel, which are plainly relevant in view of his role in Moderna's product-development and patent-licensing decisions (including of the Patents-in-Suit), as well as his public statements about Arbutus's technology. You did not dispute that Mr. Bancel possesses relevant documents that would be non-cumulative of the documents from the other custodians that Moderna has identified. However, you were unable to explain why Moderna selected those other individuals as custodians, rather than Mr. Bancel, and you were unable to represent that those other individuals were more involved in licensing decisions than Mr. Bancel. You refused to comment on whether or not Mr. Bancel was the ultimate decisionmaker with respect to Moderna's licensing decisions, including of the Patents-in-Suit. Given that Moderna has refused to produce plainly relevant documents in Mr. Bancel's possession, the parties are at an impasse.

In order to arrive at a potential compromise on this issue, Plaintiffs would be willing to consider substituting Mr. Bancel for Al Thomas, whom Moderna has included as one of its document custodians but not in its Rule 26(a) initial disclosures. Please confirm that Moderna is amenable to this change. In the event that Moderna does not accept this compromise, Plaintiffs intend to seek relief from the Court.

**WILLIAMS & CONNOLLY** LLP

August 29, 2023
Page 3 of 7

  B.  RFP Nos. 101, 102

  With respect to RFP No. 101, we are amenable to narrowing this request to certificates of analysis for the PEG used to manufacture the Accused Products. We explained that the molecular weight of the PEG used in the Accused Products could potentially impact the lipid molar ratio, and you did not dispute the relevance of this information. You asked whether Plaintiffs would be amenable to accepting summary information concerning the PEG certificates of analysis (for example, a chart containing certain of the information from the CoAs). We are potentially amenable to such a compromise. [REDACTED]

  With respect to RFP No. 102, [REDACTED]. You did not dispute these relevance grounds, instead stating that you needed to take this issue back and consider it further. We have, however, repeatedly explained this infringement theory to Moderna, including in our infringement contentions and correspondence, *see* Ltr. from A. Sheh at 8 (July 5, 2012). Moderna's delay in producing these concededly relevant documents is unjustified and prejudicial. Please promptly confirm that Moderna will produce the requested documents.

  C.  RFP Nos. 103, 105, 107

  With respect to RFP No. 103 and 105, you asked if we were still seeking batch records for the Accused Product or [REDACTED]. We are still evaluating this request and will revert as necessary.

  D.  RFP Nos. 104, 106

  ==With respect to RFP Nos. 104 and 106, we repeated our request for all certificates of analysis for any batch or lot of mRNA-1273 LNP used to manufacture the Accused Product, or for the Accused Product itself. As we have repeatedly explained, these documents are plainly relevant at least to infringement,== and we remain surprised that Moderna has still not produced them in this litigation. You asserted that it was burdensome to produce these documents, but you could not articulate the nature of that burden, other than to state that it would be a manual process to collect these documents. You suggested that it might be possible to export the underlying data from the certificates of analysis, and you asked us to identify the data in the CoAs that we were interested in receiving. We are potentially amenable to such a compromise, but—as we explained on the call—we need to see that exported data before we can agree to forgo production of the CoAs themselves. Moreover, we need to receive more details from Moderna about the how the data export would be conducted to ensure its reliability. [REDACTED]

**WILLIAMS & CONNOLLY**LLP

August 29, 2023
Page 4 of 7



To be clear, our investigation is continuing, and we may need additional information as the case progress. If Moderna intends to refuse to provide further information from its CoAs after the parties reach an initial agreement on parameters—on relevance, burden, or any other grounds—then Plaintiffs must insist on Moderna simply producing the CoAs in full.

E.   RFP No. 108

We discussed two aspects of this RFP. First, we repeated our request that Moderna produce *all* testing of the lipid molar ratios for its Accused Product (including on both ▮▮▮ and mRNA-1273 LNP). In other words, to the extent Moderna conducted additional testing on the lipid ratio/content of its LNPs—separate and apart from the CoA-related testing described in the previous section—Moderna must produce documents related to that testing. You did not dispute the relevance of such information, and our understanding is that Moderna will produce these documents.

Second, we explained that we needed the *raw data* underlying Moderna's testing of lipid molar ratios. These data are important because ▮▮▮ You did not dispute the relevance of these raw data, and you stated that you were still investigating how to collect and produce them. We confirmed that we were potentially amenable to an export of these data (if, for example, the underlying files do not readily convert to comprehensible text). However, since Moderna has not produced any such data to-date, we are unable to specify the exact contours of the information that we need. To facilitate this discussion, please provide us with an example of the exported data that you would propose to produce, as well as the corresponding underlying data file itself. To the extent these data are recorded in a lab notebook or similar, we maintain our request for these documents as well.

F.   RFP No. 109

We reiterated our request for all versions of the analytical methods that Moderna has used to test lipid molar ratios of the Accused Product. You did not dispute the relevance of these documents, and you stated that you were investigating how best to collect these documents. You confirmed that you were not simply relying on search terms, but were instead reviewing centralized repositories to identify these protocols. Our understanding is that Moderna will be producing the full scope of documents responsive to this RFP.

Our RFP identifies several specific SOPs that we believe Moderna may have used to test lipid molar ratios. We made clear that these SOPs were exemplary and that—if Moderna has tested lipid molar ratio in some other manner—Moderna should produce documents related to those methods as well. You asked us to let Moderna know if we are aware of any other SOPs.

WILLIAMS & CONNOLLY LLP

August 29, 2023
Page 7 of 7

taking discovery relevant to estoppel. We cannot—as you suggested on the call—hold this issue in abeyance until Moderna actually identifies such art, as fact discovery may be over by that point. We could only consider forgoing this discovery if Moderna will agree that it will *not* rely on art that it contends is exempt from estoppel and that it will stipulate that all art and grounds it raises in this case could have been found by a skilled searcher. Please let us know if Moderna is willing to so agree. Otherwise, please confirm that Moderna will produce the full scope of documents responsive to these RFPs.

\* \* \*

Please provide Moderna's responses to the above issues no later than September 5.

Sincerely,

Shaun P. Mahaffy

cc: Counsel of Record