# EXHIBIT 8

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 22-252-MSG ) |
| MODERNA, INC. and MODERNATX, INC., | ) **HIGHLY CONFIDENTIAL –** ) **OUTSIDE COUNSEL'S EYES ONLY** |
| Defendants. | ) |

**PLAINTIFF GENEVANT SCIENCES GMBH'S FOURTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS MODERNA, INC. AND MODERNATX, INC.'S FIRST SET OF INTERROGATORIES (NO. 1)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of the U.S. District Court for the District of Delaware, Plaintiff Genevant Sciences GmbH ("Genevant"), by undersigned counsel, hereby objects and responds as follows to Defendants Moderna, Inc. and ModernaTX Inc.'s (collectively, "Moderna" or "Defendants") First Set of Interrogatories (Nos. 1–7).

**GENERAL OBJECTIONS & OBJECTIONS TO DEFINITIONS**

Genevant incorporates in their entirety the General Objections and Objections to Definitions provided in Plaintiffs' Responses and Objections to Defendants Moderna, Inc. and ModernaTX Inc.'s First Requests for Production. These objections form a part of, and are hereby incorporated into, the response to each and every Interrogatory set forth below. Nothing in those responses, including any failure to recite a specific objection in response to a particular Interrogatory, should be construed as a waiver of any of these General Objections and Objections to Definitions.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**DEFINITIONS**

Genevant incorporates in their entirety the Definitions provided in Plaintiffs' Responses and Objections to Defendants Moderna, Inc. and ModernaTX Inc.'s First Requests for Production. These definitions form a part of, and are hereby incorporated into, the response to each and every Interrogatory set forth below.

**SPECIFIC OBJECTIONS AND RESPONSES**

**INTERROGATORY NO. 1**

For each Asserted Claim of the Patents-in-Suit, describe in detail all facts and circumstances relating to conception and reduction to practice, including the Dates and locations of conception and reduction to practice, both actual and constructive, and any alleged diligence from conception to reduction to practice, Identify all Persons knowledgeable of such conception, diligence, and/or reduction to practice and the subject matter of each Person's knowledge and the nature of each such Person's participation and/or contribution, and Identify all Documents and Things by production number relating or referring to any such conception, diligence, and/or reduction to practice.

**RESPONSE TO INTERROGATORY NO. 1**

Genevant incorporates its General Objections as though fully set forth herein. Genevant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and disproportionate to the needs of the case, to the extent it requests "all facts and circumstances" relating to, and "all Persons knowledgeable of," the subject of this Interrogatory. Genevant further objects to this Interrogatory as containing numerous subparts representing discrete requests. Genevant further objects to this Interrogatory as vague and ambiguous, including insofar as it seeks information on Persons "knowledgeable of such conception, diligence, and/or reduction to practice," "the subject matter of each Person's knowledge," and "the nature of each such Person's participation and/or contribution." Genevant further objects to this Interrogatory as premature to the extent it implicates the interpretation of the asserted claims prior to the Court's entry of a claim construction order. Genevant further objects to this Interrogatory to the extent it calls for legal

2

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY

analysis or a legal conclusion concerning the asserted claims and/or what constitutes "diligence" or "conception or reduction to practice, both actual or constructive" of the subject matter of each asserted claim. Genevant further objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and not proportional to the needs of the case including because it seeks information not relevant to the claims or defenses of any party, including information relating to obviousness defenses to the Molar Ratio Patents, which Defendants are estopped from presenting in this action pursuant to 35 U.S.C. § 315(e). Genevant further objects to this Interrogatory to the extent that Plaintiffs do not bear the burden of production or proof regarding validity. Genevant further objects to this Interrogatory as premature, as Defendants have not yet identified any alleged prior art related to the Patents-in- Suit. Genevant further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and General Objections, Genevant provides the following response in view of its ongoing investigation:

Genevant identifies Ian MacLachlan, Lloyd Jeffs, and Lorne Palmer as individuals with knowledge regarding the conception and reduction to practice of the inventions recited in the asserted claims of the '651 patent. Genevant further identifies the late Cory Giesbrecht as a named inventor of the '651 patent. Genevant further identifies Edward Yaworski, Kieu Lam, Lloyd Jeffs, Lorne Palmer, and Ian MacLachlan as individuals with knowledge regarding the conception and reduction to practice of the inventions recited in the asserted claims of the Molar Ratio Patents.

In addition, pursuant to Federal Rule of Civil Procedure 33(d), Plaintiffs will produce non-privileged documents in response to this Interrogatory that are within Plaintiffs' possession, custody, or control that can be located after a reasonably diligent search, including the Molar Ratio

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Research and Development Documents, the '651 Research and Development Documents, and the Patent Prosecution Documents; the burden of ascertaining the answer to this Interrogatory from these documents is substantially the same for Defendants as it is for Genevant.

Genevant reserves the right to supplement this response in accordance with Fed. R. Civ. P. 26(e)(1).

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (5/5/2023)**

Genevant incorporates by reference its prior objections to this Interrogatory. Subject to the General Objections and the specific objections to this Interrogatory, Genevant further responds:

The asserted claims of U.S. Patent No. 8,058,069 were conceived of and reduced to practice no later than April 15, 2008, the filing date of U.S. Provisional Application No. 61/045,228. *See, e.g.,* GENV-00012721

The asserted claims of U.S. Patent No. 8,492,359 were conceived of and reduced to practice no later than April 15, 2008, the filing date of U.S. Provisional Application No. 61/045,228. *See, e.g.,* GENV-00012721

The asserted claims of U.S. Patent No. 8,822,668 were conceived of and reduced to practice no later than April 15, 2008, the filing date of U.S. Provisional Application No. 61/045,228. *See, e.g.,* GENV-00012721

The asserted claims of U.S. Patent No. 9,364,435 were conceived of and reduced to practice no later than April 15, 2008, the filing date of U.S. Provisional Application No. 61/045,228. *See, e.g.,* GENV-00012721

The asserted claims of U.S. Patent No. 9,504,651 were conceived of and reduced to practice no later than June 28, 2002, the filing date of U.S. Provisional Application No. 60/392,887. *See, e.g.,* GENV-00012843

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

The asserted claims of U.S. Patent No. 11,141,378 were conceived of and reduced to practice no later than April 15, 2008, the filing date of U.S. Provisional Application No. 61/045,228.  *See, e.g.,* GENV-00012721



Genevant's investigation is ongoing, and Genevant reserves the right to supplement this response in accordance with Fed. R. Civ. P. 26(e)(1).

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 1 (10/27/2023)**

Genevant incorporates by reference its prior objections to this Interrogatory.  Subject to the General Objections and the specific objections to this Interrogatory, Genevant further responds:

A. **The '069, '359, '668, '435, and '378 Patents**

Claims 1, 8, 9, 10, 11, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of U.S. Patent No. 8,058,069 ("the '069 patent"); claims 1, 7, 8, 9, 10, 11, 12, 13, 14, 15, 18, 19, 20, and 21 of U.S. Patent No. 8,492,359 ("the '359 patent"); claims 1, 8, 9, 10, 11, 12, 15, 16, 17, 18, and 19 of U.S. Patent No. 8,822,668 ("the '668 patent"); claims 7, 8, 10, 13, and 16 of U.S. Patent No. 9,364,435 ("the '435 patent"); and claims 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 24, 25, 26, and 27 of U.S. Patent No. 11,141,378 ("the '378 patent") were conceived of on or around October 24, 2006, and thereafter diligently reduced to practice on or around November 14, 2006; alternatively, the foregoing claims were conceived of and/or reduced to practice on or around November 30, 2006, or on or around January 18, 2007, or on or around February 22, 2007, or on or around March 8, 2007, or on or around May 3, 2007, based on the activities of one or more of the named inventors in connection with Plaintiffs'

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

efforts (and/or the efforts of Plaintiffs' predecessors) to ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ during the course of which the inventors developed one or more formulations within the scope of the claims. For instance, nucleic acid and lipid particles prepared from a formulation comprising a cationic lipid, a phospholipid, cholesterol or a derivative thereof, and a conjugated lipid that inhibits aggregation of the particles in a molar ratio (PEG:DLinDMA:DPPC:Cholesterol) of 1:57:7:34 were conceived of by one or more of the named inventors on or around October 24, 2006. *See, e.g.*, GENV-00063813; GENV-00063770; GENV-00063808. ▮▮▮▮▮



Alternatively, the asserted claims of the '069 patent, '359 patent, '668 patent, '435 patent, and '378 patent were constructively reduced to practice on April 15, 2008, the filing date of U.S. Provisional Application No. 61/045,228, and no later than April 15, 2009, the filing date of U.S.

6

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Application No. 12,424,367. *See, e.g.*, GENV-00000001; GENV-00000074; GENV-00000148; GENV-00000223; GENV-00000327; GENV-00000404; GENV-00003978; GENV-00005270; GENV-00006295; GENV-00011655.

Pursuant to Federal Rule of Civil Procedure 33(d), further information responsive to this Interrogatory may be determined from documents that Plaintiffs have produced, or will produce, and the burden ascertaining this information is substantially the same for Moderna as it is for Plaintiffs. *See, e.g.*, GENV-00049551; GENV-00049551; GENV-00057931; GENV-00055290; GENV-00057846; GENV-00058048; GENV-00063773; GENV-00057995; GENV-00055246; GENV-00057783; GENV-00055226; GENV-00055246; GENV-00057595; GENV-00057719; GENV-00046202; GENV-00047910; GENV-00012329; GENV-00049551; GENV-00012523; GENV-00049929; GENV-00064181; GENV-00050127; GENV-00065855; GENV-00064500; GENV-00064376; GENV-00064695; GENV-00065082; GENV-00065661; GENV-00064889; GENV-00065276; GENV-00064500; GENV-00065466; GENV-00040486; GENV-00040960; GENV-00040404; GENV-00040725; GENV-00040654; GENV-00040550; GENV-00040909; GENV-00040913; GENV-00040858; GENV-00040851; GENV-00040800; GENV-00040812; GENV-00040747; GENV-00040753; GENV-00040787; GENV-00040507; GENV-00041052; GENV-00064175; GENV-00064165; GENV-00064155; GENV-00064150; GENV-00064143; GENV-00064172; GENV-00063813; GENV-00063770; GENV-00063808.

Genevant's investigation is ongoing, and Genevant reserves the right to supplement this response in accordance with Fed. R. Civ. P. 26(e)(1).

**B.     The '651 Patent**

In light of Moderna's contentions to date, which Plaintiffs have relied upon, Plaintiffs do not at this time intend to assert a date of conception or reduction to practice with respect to the asserted claims of U.S. Patent No. 9,504,651 ("the '651 patent") earlier than June 28, 2002, the

7

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

filing date of U.S. Provisional Application No. 60/392,887, which constitutes a constructive reduction to practice of the claimed invention. *See, e.g.,* GENV-00012843. Pursuant to Federal Rule of Civil Procedure 33(d), further information responsive to this Interrogatory may be determined from documents that Plaintiffs have produced, or will produce, and the burden ascertaining this information is substantially the same for Moderna as it is for Plaintiffs. *See, e.g.*, GENV-00063810; GENV-00064129; GENV-00041164; GENV-00041253; GENV-00013164; GENV-00013268; GENV-00016730; GENV-00016929; GENV-00017128; GENV-00017328; GENV-00017527; GENV-00017725; GENV-00017922; GENV-00018122; GENV-00018320; GENV-00018519; GENV-00018918; GENV-00019115; GENV-00019313; GENV-00019511; GENV-00019904; GENV-00020302; GENV-00020510; GENV-00064127; GENV-00064128; GENV-00055789; GENV-00055791; GENV-00064125; GENV-00055787; GENV-00055793; GENV-00055794; GENV-00058506; GENV-00055768; GENV-00055772; GENV-00055770; GENV-000055777; GENV-00055774; GENV-00055785; GENV-00055783; GENV-00055780; GENV-00055651; GENV-00055748; GENV-00055745; GENV-00055738; GENV-00055668; GENV-00055664; GENV-00055751; GENV-00055708; GENV-00055738; GENV-00055659; GENV-00055679; GENV-00055715; GENV-00055708; GENV-00055731; GENV-00055734; GENV-00055727; GENV-00055763; GENV-00055759; GENV-00055698; GENV-00055695; GENV-00055693; GENV-00055683; GENV-00055700; GENV-00055705; GENV-00055702; GENV-00055760; GENV-00055756; GENV-00055639; GENV-00055637; GENV-00055631; GENV-00055669; GENV-00055675; GENV-00055626; GENV-00055622; GENV-00055617; GENV-00055647; GENV-00055643; GENV-00055741; GENV-00055712; GENV-00055724; GENV-00055720; GENV-00055717; GENV-00055682; GENV-00055715; GENV-00055692; GENV-00056153; GENV-00057590; GENV-00057795; GENV-00057807; GENV-00057808;

HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY

GENV-00064137; GENV-00064140; GENV-00064142; GENV-00064133; GENV-00064136; GENV-00064141; GENV-00063816.

  Genevant's investigation is ongoing, and Genevant reserves the right to supplement this response in accordance with Fed. R. Civ. P. 26(e)(1).

|  |  |
|---|---|
| | Respectfully submitted, |
| | */s/ Nathan R. Hoeschen* |
| | John W. Shaw (No. 3362) |
| | Karen E. Keller (No. 4489) |
| | Nathan R. Hoeschen (No. 6232) |
| | Emily S. DiBenedetto (No. 6779) |
| | SHAW KELLER LLP |
| OF COUNSEL: | I.M. Pei Building |
| David I. Berl | 1105 North Market Street, 12th Floor |
| Adam D. Harber | Wilmington, DE 19801 |
| Thomas S. Fletcher | (302) 298-0700 |
| Shaun P. Mahaffy | jshaw@shawkeller.com |
| Jessica Palmer Ryen | kkeller@shawkeller.com |
| Anthony H. Sheh | nhoeschen@shawkeller.com |
| Jihad J. Komis | edibenedetto@shawkeller.com |
| Philip N. Haunschild | *Attorneys for Plaintiff Genevant* |
| WILLIAMS & CONNOLLY LLP | *Sciences GmbH* |
| 680 Maine Avenue S.W. | |
| Washington, DC 20024 | |
| (202) 434-5000 | |

Dated: October 27, 2023

9

**CERTIFICATE OF SERVICE**

I, Nathan R. Hoeschen, hereby certify that on October 27, 2023, this document was served on the persons listed below in the manner indicated:

**BY EMAIL:**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
alina.afinogenova@kirkland.com

Patricia A. Carson, Ph.D.
Jeanna M. Wacker
Mark C. McLennan
Nancy Kaye Horstman
Shaoyao Yu
Caitlin Dean
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
patricia.carson@kirkland.com
jeanna.wacker@kirkland.com
mark.mclennan@kirkland.com
kaye.horstman@kirkland.com
shaoyao.yu@kirkland.com
caitlin.dean@kirkland.com

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400
yanxin.li@kirkland.com

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*