# EXHIBIT 9

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH<br><br>*Plaintiffs*,<br><br>v.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>*Defendants*. | C.A. No. 22-252-MSG |
| MODERNA, INC. and MODERNATX, INC.,<br>*Counterclaim-Plaintiffs*,<br><br>v.<br><br>ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH<br><br>*Counterclaim-Defendants*. | **JURY TRIAL DEMANDED** |

**DECLARATION OF DAVID H. THOMPSON, PH.D.**
**REGARDING CLAIM CONSTRUCTION**

I hereby declare that all statements made herein of my own knowledge are true and that all statements made on information or belief are believed to be true, and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code.

Dated: September 25, 2022

David H. Thompson, Ph.D.

JA00404

of the manufacturing process, is indeed a particle within the scope of the claim. But so too are particles formed during the manufacturing process that are subject to further manufacturing or processing steps; those particles are likewise formed or finished particles, as distinguished from starting materials that can have a different lipid composition and ratio. My statements during the IPR distinguished starting materials from formed particles; they did not suggest that the nucleic acid-lipid particle must be free from any additional processing in order to fall within the scope of the claims, and I disagree with Moderna's contention that the claims contain such a limitation.

### 2.    The POSA would interpret the claimed mol % ranges using significant figures and rounding.

56.    As I discuss above, significant figures and rounding are standard scientific conventions that the POSA would have been aware of and would have applied in interpreting the claims of the Lipid Composition Patents. With respect to the recited mol % ranges, the POSA would have known that lipid concentrations could be experimentally determined, for example, using high-performance liquid chromatography ("HPLC"). *See, e.g.*, Tam 2000[14] at 1872 ("The final lipid concentration was determined by HPLC analysis."); Heyes 2006[15] at 282, 284 ("To ascertain lipid stability, we studied lipid concentrations over time in SPLP samples stored at different temperatures. Formulations . . . were examined by HPLC for degradation at 5, 25 and 40 °C."). Accordingly, the POSA would have known that mol % values, as with measured values more generally in the field, are subject to numerical uncertainty, and would have interpreted the claimed mol % ranges, in the context of the patent specification, using the standard convention of significant figures and rounding. *See supra* § III.B.

---

[14]  P. Tam et al., *Stabilized plasmid-lipid particles for systemic gene therapy*, Gene Therapy, vol. 7, pp. 1867-74 (2000) ("Tam 2000").

[15]  J. Heyes et al., *Synthesis and characterization of novel poly(ethylene glycol)-lipid conjugates suitable for use in drug delivery*, Journal of Controlled Release, vol. 112, pp. 280-90 (2006) ("Heyes 2006").

JA00431