# EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) | C.A. No. 22-252-MSG
| MODERNA, INC. and MODERNATX, INC., | ) ) | **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**
| Defendants. | ) |

**PLAINTIFF GENEVANT SCIENCES GMBH'S
RESPONSES AND OBJECTIONS TO DEFENDANTS MODERNA, INC.
AND MODERNATX, INC.'S THIRD SET OF INTERROGATORIES (NOS. 11–13)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the applicable Local Rules of the U.S. District Court for the District of Delaware, Plaintiff Genevant Sciences GmbH ("Genevant"), by undersigned counsel, hereby objects and responds as follows to Defendants Moderna, Inc. and ModernaTX Inc.'s (collectively, "Moderna" or "Defendants") Third Set of Interrogatories (Nos. 11–13).

**GENERAL OBJECTIONS & OBJECTIONS TO DEFINITIONS**

Genevant incorporates the General Objections and Objections to Definitions provided in Plaintiffs' Responses and Objections to Defendants Moderna, Inc. and ModernaTX Inc.'s First Requests for Production. These objections form a part of, and are hereby incorporated into, the response to each and every Interrogatory set forth below. Nothing in those responses, including any failure to recite a specific objection in response to a particular Interrogatory, should be construed as a waiver of any of these General Objections and Objections to Definitions.

1



**INTERROGATORY NO. 13**

Identify and describe in detail all known methods to Plaintiffs of determining the lipid content and/or the lipid molar ratio of a lipid composition, including the names of all individuals involved in developing such methods, the date those methods were first known to Plaintiffs, and describing any analytical validation of such methods including determination of each method's precision or accuracy. Your answer should also include an Identification of the Person(s) most knowledgeable about Your answer and an Identification of all Documents that relate to or support Your answer.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

## RESPONSE TO INTERROGATORY NO. 13

Genevant incorporates its General Objections as though fully set forth herein.  Genevant further objects to this Interrogatory as premature to the extent it seeks expert discovery, as fact discovery is ongoing and expert discovery has yet to begin.  Expert discovery will be provided according to the case schedule.  Genevant further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, including because it requests Genevant to "describe in detail *all* known methods," "the names of *all* individuals," "the date those methods were *first* known to Plaintiffs," and "*any* analytical validation."  Genevant further objects to this Interrogatory as unduly burdensome and disproportionate, given that Moderna has not shown how Genevant's analytical methods are relevant to any disputed in issue case.  Genevant further objects to this Interrogatory as containing numerous subparts representing discrete requests, including because Moderna requests information regarding "known methods," "the date those methods were first known," "analytical validation of such methods," "Identification of the Person(s) most knowledgeable" and "Identification of all Documents," which is at least five discrete requests. Genevant further objects to this Interrogatory to the extent that it seeks information regarding third-party communications or other information not within Genevant's possession, custody, or control. Genevant further objects to this Interrogatory to the extent it seeks information that is publicly available and therefore equally available to Moderna as Genevant.  Genevant further objects to this Interrogatory to the extent it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.

Subject to and without waiving the foregoing specific and General Objections, Genevant states that the lipid content and/or lipid molar ratio of a lipid composition may be determined using liquid chromatography, such as high-performance liquid chromatography ("HPLC") or reverse phase HPLC ("RP-HPLC"), coupled to a suitable detector, such as an evaporative light scattering

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

detector ("ELSD") or a charged aerosol detector ("CAD").   Other methods such as mass spectrometry may also be used.   James Heyes and Edward Yaworski are individuals having knowledge about the foregoing methods.   Genevant incorporates herein by reference its response to Interrogatory No. 1, including any supplemental responses thereto.   Pursuant to Federal Rule of Civil Procedure 33(d), further information responsive to this Interrogatory may be determined from documents that Plaintiffs have produced or will produce and the burden of ascertaining this information is substantially the same for Moderna as it is for Plaintiffs.   *See, e.g.*, GENV-00037196–GENV-00039738; GENV-00068821–GENV-00069936.

Genevant's investigation is ongoing, and Genevant reserves the right to supplement this response in accordance with Fed. R. Civ. P. 26(e)(1).

|  |  |
|---|---|
| | */s/ Nathan R. Hoeschen* |
| | John W. Shaw (No. 3362) |
| | Karen E. Keller (No. 4489) |
| OF COUNSEL: | Nathan R. Hoeschen (No. 6232) |
| David I. Berl | Emily S. DiBenedetto (No. 6779) |
| Adam D. Harber | SHAW KELLER LLP |
| Thomas S. Fletcher | I.M. Pei Building |
| Jessica Palmer Ryen | 1105 North Market Street, 12th Floor |
| Shaun P. Mahaffy | Wilmington, DE 19801 |
| Jihad J. Komis | (302) 298-0700 |
| Anthony H. Sheh | jshaw@shawkeller.com |
| Matthew W. Lachman | kkeller@shawkeller.com |
| Philip N. Haunschild | nhoeschen@shawkeller.com |
| WILLIAMS & CONNOLLY LLP | edibenedetto@shawkeller.com |
| 680 Maine Avenue S.W. | *Attorneys for Plaintiff Genevant* |
| Washington, DC 20024 | *Sciences GmbH* |
| (202) 434-5000 | |

Dated: November 13, 2023

7

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on November 13, 2023, this document was

served on the persons listed below in the manner indicated:

**BY EMAIL:**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
alina.afinogenova@kirkland.com

Patricia A. Carson, Ph.D.
Jeanna M. Wacker
Mark C. McLennan
Nancy Kaye Horstman
Shaoyao Yu
Caitlin Dean
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
patricia.carson@kirkland.com
jeanna.wacker@kirkland.com
mark.mclennan@kirkland.com
kaye.horstman@kirkland.com
shaoyao.yu@kirkland.com
caitlin.dean@kirkland.com

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400
yanxin.li@kirkland.com

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*

8