# EXHIBIT 26

# KIRKLAND & ELLIS LLP
### AND AFFILIATED PARTNERSHIPS

601 Lexington Avenue
New York, NY 10022
United States

Mark C. McLennan
To Call Writer Directly:
+1 212 909 3451
mark.mclennan@kirkland.com

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

November 6, 2023

**By Email**

**HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL EYES ONLY**

Shaun P. Mahaffy
Williams & Connolly LLP
680 Maine Ave SW
Washington, DC 20024
smahaffy@wc.com

Nate Tan
Morrison & Foerster LLP
2100 L Street, NW
Washington, DC 20037
ntan@mofo.com

Re:   *Arbutus Biopharma Corporation et al. v. Moderna, Inc. et al.*, C.A. No. 22-252-MSG (D. Del.) – **Plaintiffs' Second Set of RFPs**

Dear Shaun:

I write in response to your October 9, 2023 letter regarding Plaintiffs' Second Set of Requests for Production.

(a)   **RFP Nos. 101-102, 104, and 106**

[redacted] Moderna is still investigating the feasibility of collecting CoAs that are solely within the possession of third parties and will revert back shortly.

---

[1]  For all RFPs, Moderna maintains its objections—as restated in prior correspondence—to producing any information concerning batches that are not made, sold, used, imported in the United States, which are not accused of infringement and not at issue in this case.

Austin  Bay Area  Beijing  Boston  Brussels  Chicago  Dallas  Hong Kong  Houston  London  Los Angeles  Munich  Paris  Salt Lake City  Shanghai  Washington, D.C.

**KIRKLAND & ELLIS LLP**

Shaun P. Mahaffy; Nate Tan
November 6, 2023
Page 2

    **(b)**    **RFP Nos. 105 and 107**

As explained in Moderna's September 19, 2023 Letter, Moderna produced batch records with its productions of regulatory filings. Collection and production of more than one thousand duplicative batch records is unduly burdensome and not proportional to the needs of this case at least because it would require manual collection of extremely voluminous files. Moreover, Plaintiffs have not identified any specific pieces of information in the batch records not found in Moderna's regulatory filings or explained why such information is relevant and proportional to the needs of this case. Despite Plaintiffs agreeing on the August 23, 2023 meet-and-confer to identify specific parts of the batch records with relevant information, Plaintiffs have come forward with nothing despite several months passing. Accordingly, in the absence of any such identification, we understand these RFPs to be resolved.

    **(c)**    **RFP No. 108**

Moderna again confirms it will produce non-privileged documents relating to the characterization of the lipid molar ratios in accused batches of Moderna's COVID-19 Vaccine drug product and the mRNA-1273 LNP used to manufacture Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search. Additionally, while we reiterate that the production of all raw data is not proportional to the needs of the case given the burden in collection, in the interests of compromise, Moderna is willing to produce the raw data for lipid content testing of accused batches of mRNA-LNP and drug product. Moderna is still investigating the feasibility of collecting raw data that is solely within the possession of third parties and will revert back shortly.

[redacted]

    **(d)**    **RFP No. 111**

This RFP is addressed in Moderna's October 20, 2023 letter regarding samples.

    **(e)**    **RFP No. 112**

Moderna again confirms it will conduct a reasonable and proportionate search for non-privileged documents concerning testing for encapsulation and lipid content of the Accused Product. Moderna has informed Plaintiffs that it is using search terms to search custodial ESI, including emails, and SharePoint collections, and its collection from other centralized repositories is not relying on search terms. Plaintiffs have indicated that they are taking the same approach and

**KIRKLAND & ELLIS LLP**

Shaun P. Mahaffy; Nate Tan
November 6, 2023
Page 3

provided a similar level of detail about its search strategy. We trust this resolves all outstanding issues with respect to this RFP.

### (f)  RFP No. 113-114

Moderna again confirms it is doing a thorough collection regarding the changes to the lipid molar ratio of its COVID-19 vaccine and measurement of encapsulation. To the extent documents responsive to RFP 114 fall within that collection, they will not be withheld. Beyond that, we will not conduct a specific search for documents responsive to RFP 114 because as we have repeatedly explained, these requests directed to methods of manufacture are a blatant fishing expedition on the part of Plaintiffs to look for additional patents to assert against Moderna, a fact that Plaintiffs did not deny when raised by Moderna during the meet-and-confer process. That is not a proper purpose of discovery, particularly considering the asserted patents all claim lipid compositions, not methods of manufacture.

The documents Plaintiffs seek are not relevant to any claim or defense in this litigation. Plaintiffs have not offered any cogent explanation as to the relevance of how the make and model of the equipment Moderna uses could possibly be relevant or necessary to infringement analysis of ***composition claims***, or why the immense amount of information provided in Moderna's regulatory filings concerning the methods used to make the accused product was insufficient. These requests are particularly unreasonable where Plaintiffs have sought endless information in response to other RFPs regarding the lipid molar ratio and encapsulation, and where Plaintiffs demand production of this information before receiving the significant volume of material that Moderna has already agreed to produce.

### (g)  RFP No. 115-116

At the outset, Moderna disputes Plaintiffs allegations that Moderna is "shield[ing] plainly relevant documents" from discovery. As explained previously, Moderna is performing a thorough search for non-privileged documents relating to the changes in the lipid molar ratios. Moderna further confirms that it is collecting formulation reports from centralized repositories which it is not relying on search terms to collect. Accordingly, we understand the issues identified in your October 9, 2023 letter to be resolved and defer to the parties' separate correspondence regarding R&D documents and search terms on any other outstanding issues relating to these RFPs.

### (h)  RFP Nos. 122-127

Moderna agrees that if it asserts new art that it contends is exempt from estoppel, it will not refuse to produce relevant discovery on the grounds of timeliness. We trust this resolves all outstanding issues with respect to these RFPs.

## KIRKLAND & ELLIS LLP

Shaun P. Mahaffy; Nate Tan
November 6, 2023
Page 4

                                             Sincerely,

                                             */s/Mark C. McLennan*
                                             Mark C. McLennan