# EXHIBIT 9

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Defendants. | ) ) ) | |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Counterclaim-Defendants. | ) ) | |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION TO
DEFENDANTS (NOS. 1–98)**

Pursuant to Fed. R. Civ. P. 34, Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and

Genevant Sciences GmbH ("Genevant," together "Plaintiffs"), direct the following requests for

production to Defendants Moderna, Inc. and ModernaTX Inc. (collectively, "Moderna" or

"Defendants").  Responses to these requests shall be served upon Plaintiffs' undersigned counsel

within 30 days of service of these requests, or at such time and location as may be mutually

agreed upon by the parties.  Copies shall be produced as they are kept in the ordinary course of

business, including their labeling as to the source of the documents.  Pursuant to Fed. R. Civ. P.

26(e), these requests are continuing and require supplemental answers.

## DEFINITIONS

1.      The "Accused Product" shall be construed to include, but not be limited to, Moderna's mRNA-1273 COVID-19 mRNA LNP vaccine product ("Moderna's COVID-19 vaccine") or any supplemental or booster COVID-19 mRNA LNP vaccine product, including the mRNA-1273.214 Omicron bivalent booster.

2.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests any information or documents that might be deemed outside their scope.

3.      "Complaint" means the complaint filed by Plaintiffs in the United States District Court for the District of Delaware on February 28, 2022 as Civil Action No. 1:22-cv-00252-MN.

4.      The term "communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, electronic transmission, including electronic mail, and teleconference.

5.      "Document" is used in its broadest sense, and includes any written, printed, typed, recorded, electronic or graphic matter of every type, however and by whomever prepared, produced, reproduced, disseminated or made, in any form, including but not limited to, letters, calendars, correspondence, email, telegrams, memoranda, electronic files, spreadsheets, databases, records, minutes, contracts, agreements, leases, communications, microfilm, bulletins, circulars, pamphlets, studies, reports, notices, diaries, summaries, books, messages, instructions, work assignments, notes, notebooks, drafts, data sheets, data compilations, worksheets, statistics, speeches, tapes, tape recordings, magnetic, photographic, an any other writings or sound

recordings.  "Document" includes any version, copy, or reproduction not identical to the original or a produced copy.

6.       "You," "your," and "Defendants" means, collectively and singly, Moderna, Inc. and ModernaTX Inc., and their officers, directors, employees, agents, consultants, any divisions, subsidiaries, affiliates, parent companies, any joint ventures to which they may be a party, consultants, agents, and accountants, including any person who served in such a capacity at any time.

7.       "Refer," "refer to," "relate," or "relate to" shall mean any document or electronically stored information that evidences, reflects, mentions, discusses, constitutes, concerns, relates to (directly or indirectly), contradicts, or in any other way is factually or logically connected to the matter discussed, or pertains to its subject matter.

8.       The use of the singular form of any word shall include the plural and vice versa.

9.       The terms "all," "each," and "any" shall be construed as all and any.

10.      The term "LNP" means "lipid nanoparticle."

11.      "Test" or "testing" shall be construed to include but not be limited to any test, evaluation, comparison, analysis, study, experiment or trial for any purpose, including clinical trials or results, including any submissions to any governmental, regulatory, contracting, or granting agency or entity, whether published or unpublished.

12.      "Operation Warp Speed" shall refer to the public-private partnerships, individually and collectively, initiated by the U.S. government to facilitate and accelerate the development, manufacture, and distribution of COVID-19 vaccines, therapeutics, and diagnostics.

13.     "Patents-in-Suit" shall mean any patents presently or later asserted in this litigation.  Presently, this means U.S. Patent Nos. 8,058,069 (the "'069 patent"), 8,492,359 (the "'359 patent"), 8,822,668 (the "'668 patent"), 9,364,435 (the "'435 patent"), 9,504,651 (the "'651 patent"), and 11,141,378 (the "'378 patent").

14.     "The Alnylam litigation" refers to *Alnylam Pharmaceuticals, Inc. v. Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc.*, C.A. No. 22-cv-335-CFC (D. Del.).

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

A copy of Biologics License Application 125752, including all correspondence, amendments, and supplements relating thereto.

### REQUEST FOR PRODUCTION NO. 2

All documents related to the preparation of Biologics License Application 125752.

### REQUEST FOR PRODUCTION NO. 3

A copy of any other U.S. or foreign regulatory submission relating to approval or emergency authorization of the Accused Product, including all correspondence, amendments, and supplements relating thereto.

### REQUEST FOR PRODUCTION NO. 4

All documents related to the research and development of the Accused Product.

### REQUEST FOR PRODUCTION NO. 5

All documents related to the manufacture of the Accused Product.

### REQUEST FOR PRODUCTION NO. 6

All documents related to Operation Warp Speed.

**REQUEST FOR PRODUCTION NO. 7**

Documents sufficient to show the time it took to develop the Accused Product.

**REQUEST FOR PRODUCTION NO. 8**

All documents related to the decision to utilize LNPs in the Accused Product, including but not limited to any document concerning the advantages of LNPs compared to other technologies; the consideration of alternatives to LNPs for use in the Accused Product; and the testing or development of any COVID-19 vaccine product without LNPs.

**REQUEST FOR PRODUCTION NO. 9**

All documents related to any comparisons between LNPs including but not limited to comparisons of LNPs with different lipid compositions or different lipid molar ratios.

**REQUEST FOR PRODUCTION NO. 10**

All patents, publications, or other documents relied on or considered in the development and selection of LNPs for the Accused Product.

**REQUEST FOR PRODUCTION NO. 11**

All documents related to any comparison between the Accused Product and any other COVID-19 vaccine product, including but not limited to comparisons between potential vaccine products in connection with the research and development, preclinical testing, clinical testing, or regulatory approval of the Accused Product.

**REQUEST FOR PRODUCTION NO. 12**

All documents related to the formulation of the Accused Product.

**REQUEST FOR PRODUCTION NO. 13**

All documents related to the selection of the formulation of the Accused Product, including but not limited to documents related to the consideration, research and development, and/or testing

of that formulation or any alternative formulations.

**REQUEST FOR PRODUCTION NO. 14**

All documents related to the lipid composition or lipid molar ratio of the LNPs in the Accused Product.

**REQUEST FOR PRODUCTION NO. 15**

All documents related to the selection of the lipid composition or lipid molar ratio of, or to the determination of any variability of the lipid molar ratio in, the LNPs in the Accused Product, including but not limited to documents related to the consideration, research and development, and/or testing of the lipid composition or lipid molar ratio of the LNPs in the Accused Product or any alternative lipid compositions or lipid molar ratios.

**REQUEST FOR PRODUCTION NO. 16**

All documents related to the manufacturing process for the Accused Product, including but not limited to the manufacturing process for the LNPs in the Accused Product.

**REQUEST FOR PRODUCTION NO. 17**

All documents related to the selection of the manufacturing process for the Accused Product, including but not limited to the manufacturing process for the LNPs in the Accused Product, and including but not limited to documents related to the consideration, research and development, and/or testing of those manufacturing processes or any alternative manufacturing processes.

**REQUEST FOR PRODUCTION NO. 18**

All documents related to the identity of each manufactured batch of the Accused Product, including but not limited to documents sufficient to show the identity of the manufacturer, the date and location the batch was manufactured, the size of the batch, the intended market for the batch,

the characteristics and testing of the batch, the specification for the batch, the lipid molar ratio of the batch, and the status of the batch.

**REQUEST FOR PRODUCTION NO. 19**

All documents relating to the analytical procedures used to characterize the Accused Product at any point during or after manufacturing.

**REQUEST FOR PRODUCTION NO. 20**

All documents related to the selection of the analytical procedures used to characterize the Accused Product at any point during or after manufacturing, including but not limited to documents related to the consideration, research and development, and/or testing of those procedures or any alternative procedures.

**REQUEST FOR PRODUCTION NO. 21**

All documents related to any changes to the formulation, lipid composition, lipid molar ratio, manufacturing process, product characteristics, or methods used to characterize the Accused Product and any reasons for such changes.

**REQUEST FOR PRODUCTION NO. 22**

All documents related to any efforts by or on behalf of Defendants to avoid infringement of or design around the Patents-in-Suit, including but not limited to any modifications considered or made to the Accused Product to avoid infringement.

**REQUEST FOR PRODUCTION NO. 23**

All documents related to any regulatory or manufacturing specifications for the Accused Product, including but not limited to the selection of such specifications.

**REQUEST FOR PRODUCTION NO. 24**

All documents related to any batch of the Accused Product found to be out of specification.

**REQUEST FOR PRODUCTION NO. 25**

All documents related to any testing conducted to characterize the Accused Product including but not limited to any testing related to: the lipid composition of the LNPs, the lipid molar ratio of the LNPs; the mRNA content of the LNPs; the percentage encapsulation of mRNA in the LNPs; and the structural characteristics of the LNPs (including but not limited to diameter, polydispersity, and microstructure).

**REQUEST FOR PRODUCTION NO. 26**

All documents related to any testing conducted to characterize LNPs during development or manufacturing of the Accused Product, including but not limited to testing of: the lipid composition of the LNPs; the lipid molar ratio of the LNPs; the mRNA content of the LNPs; the percentage encapsulation of mRNA in the LNPs; and the structural characteristics of the LNPs (including but not limited to diameter, polydispersity, and microstructure).

**REQUEST FOR PRODUCTION NO. 27**

All documents related to the development of any analytical procedure for characterizing LNPs during development or manufacturing of the Accused Product, including but not limited to the development of any analytical procedure for characterizing: the lipid composition of the LNPs; the lipid molar ratio of the LNPs; the mRNA content of the LNPs; the percentage encapsulation of mRNA in the LNPs; and the structural characteristics of the LNPs (including but not limited to diameter, polydispersity, and microstructure), and any results from using such analytical procedure.

**REQUEST FOR PRODUCTION NO. 28**

Any internal communications or communications with third parties, including but not limited to collaborators, contractors, or regulatory entities, regarding the development or selection of any analytical procedure for characterizing LNPs, including but not limited to the lipid

composition of the LNPs, including the lipid molar ratio; the mRNA content of the LNPs; the

percentage encapsulation of mRNA in the LNPs; and the structural characteristics of the LNPs,

including diameter, polydispersity, and microstructure, and any results from such analytical

procedures.

**REQUEST FOR PRODUCTION NO. 29**

All documents relating to the selection of regulatory acceptance criteria for the Accused

Product and justifications therefore, including but not limited to criteria for:  pH, impurities, LNP

size and polydispersity, mRNA content, mRNA encapsulation, identity of lipid components and

lipid molar ratio.

**REQUEST FOR PRODUCTION NO. 30**

All documents relating to the characterization of LNPs before and after storage or transport

under different conditions, including protocols for and results of any stability studies.

**REQUEST FOR PRODUCTION NO. 31**

All documents related to any testing conducted during the manufacture of any batch of the

Accused Product.

**REQUEST FOR PRODUCTION NO. 32**

All documents, including but not limited to testing protocols, regarding variation in lipid

ratios, including molar ratios, within each batch and between batches of the Accused Product.

**REQUEST FOR PRODUCTION NO. 33**

All documents, including but not limited to testing protocols, regarding the variation in lipid

ratios, including molar ratios, in each batch of the Accused Product before and after manufacture.

**REQUEST FOR PRODUCTION NO. 34**

All documents related to any testing conducted on the materials used to manufacture the

Accused Product, including but not limited to any testing on any of the lipids used to manufacture the LNPs in the Accused Product.

**REQUEST FOR PRODUCTION NO. 35**

All documents related to, or constituting, communications with the FDA concerning the Accused Product.

**REQUEST FOR PRODUCTION NO. 36**

All documents related to, or constituting, communications with any U.S. government agency concerning the Accused Product.

**REQUEST FOR PRODUCTION NO. 37**

All documents related to the FDA emergency authorization and/or approval process for the Accused Product.

**REQUEST FOR PRODUCTION NO. 38**

All documents related to any preclinical or clinical testing conducted in connection with the authorization or approval process for the Accused Product.

**REQUEST FOR PRODUCTION NO. 39**

All documents relating to the preclinical study of Moderna's COVID-19 vaccine authored by Corbett et al. and published on the website of *The New England Journal of Medicine* on July 28, 2020.[1]

**REQUEST FOR PRODUCTION NO. 40**

All documents related to any proposed, contemplated, or actual package insert or labeling,

---

[1] *See* Corbett et al., "Evaluation of the mRNA-1273 Vaccine against SARS-CoV-2 in Nonhuman Primates," NEJM 383;16:1544-1555, 1546 (2020) (citing Hassett et al., "Optimization of Lipid Nanoparticles for Intramuscular Administration of mRNA Vaccines," *Mol. Ther. Nucl. Acids* 15:1-11, 8 (2019)), *available at* https://www.nejm.org/doi/full/10.1056/nejmoa2024671#.

including revisions thereto, concerning the Accused Product.

**REQUEST FOR PRODUCTION NO. 41**

All documents related to or generated in connection with any research collaborations, research partnerships, or funding arrangements between Defendants and any other entities or individuals in connection with the research and development of the Accused Product.

**REQUEST FOR PRODUCTION NO. 42**

All documents that constitute, or refer or relate to, documents or publications that Defendants assert (i) constitute prior art to the Patents-in-Suit, or (ii) render the Patents-in-Suit invalid.

**REQUEST FOR PRODUCTION NO. 43**

All documents related to the Patents-in-Suit, or any related patents or patent applications.

**REQUEST FOR PRODUCTION NO. 44**

All documents that Defendants may rely on to assert the invalidity, unenforceability, or non-infringement of any claim of the Patents-in-Suit or which otherwise refer or relate to any defense asserted by Defendants.

**REQUEST FOR PRODUCTION NO. 45**

All documents that constitute, or refer or relate to, any opinions regarding the Patents-in-Suit, including but not limited to (a) opinions relating to the validity, enforceability, or infringement of the Patents-in-Suit, or (b) freedom-to-operate opinions, as well as drafts of said opinions, and any documents considered, reviewed, used, or relied on in formulating and/or rendering said opinions.

**REQUEST FOR PRODUCTION NO. 46**

All documents related to, or reflecting, Defendants' knowledge or awareness of the Patents-

in-Suit, or any related patents or patent applications.

**REQUEST FOR PRODUCTION NO. 47**

All documents reflecting or related to communications by or on behalf of Defendants referring to Plaintiffs or any related companies (*e.g.*, Tekmira Pharmaceuticals or Protiva Biotherapeutics), including but not limited to any communications related to Plaintiffs' work on LNP technology.

**REQUEST FOR PRODUCTION NO. 48**

All documents related to any testing of the lipid formulations or LNP manufacturing methods described or claimed in the Patents-in-Suit, including but not limited to any testing by Defendants to reproduce any of the experiments in the Patents-in-Suit.

**REQUEST FOR PRODUCTION NO. 49**

All documents related to communications by or on behalf of Defendants to financial or securities analysts regarding the Patents-in-Suit, or any related patents or patent applications, or this lawsuit.

**REQUEST FOR PRODUCTION NO. 50**

All documents related to press releases or communications by or on behalf of Defendants to reporters regarding the Patents-in-Suit, or any related patents or patent applications, or this lawsuit.

**REQUEST FOR PRODUCTION NO. 51**

All documents related to communications between Defendants and any purchaser of the Accused Product regarding the Patents-in-Suit, or any related patents or patent applications, or this lawsuit.

**REQUEST FOR PRODUCTION NO. 52**

Any presentations regarding LNP technology or the Accused Product given by Defendants to FDA or any other regulatory body or any purchaser.

**REQUEST FOR PRODUCTION NO. 53**

All documents related to any indemnification agreement or warranty between Defendants and any purchaser of the Accused Product.

**REQUEST FOR PRODUCTION NO. 54**

All documents related to Defendants' knowledge of any USPTO proceedings or any foreign patent office proceedings that concern the Patents-in-Suit, or any related patents or patent applications.

**REQUEST FOR PRODUCTION NO. 55**

All documents related to Defendants' involvement in any USPTO proceedings or any foreign patent office proceedings related to the Patents-in-Suit, or any related patents or patent applications.

**REQUEST FOR PRODUCTION NO. 56**

All documents related to any consideration given by Defendants to seeking a license under the Patents-in-Suit, or any related patents or patent applications, including but not limited to all communications related to a potential license.

**REQUEST FOR PRODUCTION NO. 57**

A copy of any patent license agreement relating to the Accused Product, including any agreement relating to the manufacture, use, or sale of the Accused Product, as well as documents sufficient to show any royalty payments Defendants made or received pursuant to those license agreements.

**REQUEST FOR PRODUCTION NO. 58**

A copy of any patent license agreement between Defendants and any entity relating to COVID-19 vaccines, as well as documents sufficient to show any royalty payments Defendants made or received pursuant to those license agreements.

**REQUEST FOR PRODUCTION NO. 59**

A copy of any patent license agreement between Defendants and any entity relating to LNP technology, as well as documents sufficient to show any royalty payments Defendants made or received pursuant to those license agreements.

**REQUEST FOR PRODUCTION NO. 60**

A copy of any written agreement, contract, or license concerning the development, manufacture, sale, or distribution of the Accused Product, including any exhibits or annexes to such written agreement, contract, or license.

**REQUEST FOR PRODUCTION NO. 61**

A copy of any written agreement, contract, grant, or license between Defendants and the U.S. Government concerning the development, manufacture, sale, or distribution of the Accused Product, including any exhibits or annexes to such written agreement, contract, or license.

**REQUEST FOR PRODUCTION NO. 62**

All documents related to any written agreement, contract, grant, or license between Defendants and the U.S. Government concerning the development, manufacture, sale, or distribution of the Accused Product.

**REQUEST FOR PRODUCTION NO. 63**

A copy of any written agreement, contract, grant, or license concerning funding from the U.S. Government relating to LNP therapeutics.

**REQUEST FOR PRODUCTION NO. 64**

All documents related to any negotiations between Defendants and any third party, including but not limited to the U.S. Government, related to any written agreement, contract, or grant, concerning the development, manufacture, sale, or distribution of the Accused Product.

**REQUEST FOR PRODUCTION NO. 65**

All documents related to the nature and extent of the U.S. government's involvement, if any, in the development, manufacture, sale, or distribution of the Accused Product.

**REQUEST FOR PRODUCTION NO. 66**

All documents related to how doses of the Accused Product were distributed and to whom (including but not limited to customers of drug stores, grocery stores, private medical practices, or on military bases).

**REQUEST FOR PRODUCTION NO. 67**

All documents related to Defendants' understanding of who was the true beneficiary of any contract with the U.S. Government concerning the development, manufacture, sale, or distribution of the Accused Product.

**REQUEST FOR PRODUCTION NO. 68**

All correspondence between Defendants and the U.S. Government relating to who was the true beneficiary of any contract with the U.S. Government concerning the development, manufacture, sale, or distribution of the Accused Product.

**REQUEST FOR PRODUCTION NO. 69**

All documents related to any negotiations or communications between Defendants and third parties, including but not limited to the U.S. Government, about the price of the Accused Product.

**REQUEST FOR PRODUCTION NO. 70**

All regulatory submissions regarding the Accused Product submitted to U.S. or foreign regulatory bodies.

**REQUEST FOR PRODUCTION NO. 71**

All communications and documents concerning communications with any regulatory agency regarding the Accused Product, including but not limited to communications with the FDA, European Medicines Agency/European Medicines Evaluation Agency, or any other U.S. or foreign regulatory body.

**REQUEST FOR PRODUCTION NO. 72**

Any Investigational New Drug ("IND") applications involving the Accused Product.

**REQUEST FOR PRODUCTION NO. 73**

Organization charts and/or employee directories sufficient to identify any officers, directors or employees of Defendants involved in any stage of the conceptualization, design, research, development, testing, commercialization, marketing, manufacturing, or regulatory authorization or approval process for the Accused Product.

**REQUEST FOR PRODUCTION NO. 74**

All documents related to any brand plans, long range plans, competitive analyses, market surveys, sales projections, and contracting strategies for the Accused Product.

**REQUEST FOR PRODUCTION NO. 75**

All documents related to Defendants' efforts to market, promote, or publicize the Accused Product, including but not limited to documents describing any advantages related to the LNP technology of the Accused Product.

**REQUEST FOR PRODUCTION NO. 76**

All documents related to any forecasting or other model used by Defendants to develop their market and/or sales projections for the Accused Product.

**REQUEST FOR PRODUCTION NO. 77**

All documents related to any forecasts or budgets relating to the Accused Product, including historical forecasts or budgets and current forecasts and budgets.

**REQUEST FOR PRODUCTION NO. 78**

A copy of all profit-and-loss statements, whether historical, current, or projected, for the Accused Product.

**REQUEST FOR PRODUCTION NO. 79**

All documents related to the projected sales of the Accused Product, including projected profits.

**REQUEST FOR PRODUCTION NO. 80**

Documents sufficient to show, on a monthly basis, the following information for the Accused Product:

(a) Units made in the United States;

(b) Units sold in the United States to the United States Government;

(c) Units sold in the United States to entities other than the United States Government;

(d) Units made in the United States and sold outside the United States;

(e) Revenue from those sales;

(f) Costs attributable to those sales;

(g) Profits from those sales.

**REQUEST FOR PRODUCTION NO. 81**

A copy of any commercial agreement Defendants have made with any third party relating to the Accused Product, including but not limited to any document relating to a payment or financial commitment made by Defendants to develop and/or market the Accused Product.

**REQUEST FOR PRODUCTION NO. 82**

Documents sufficient to show the first commercial offer for sale of the Accused Product, including when the first commercial offer for sale occurred.

**REQUEST FOR PRODUCTION NO. 83**

All documents related to the offer for sale of the Accused Product, including without limitation documents identifying Defendants' role in those activities and all efforts by Defendants or any third party working with Defendants or on Defendants' behalf to design, develop, make, and/or market the Accused Product.

**REQUEST FOR PRODUCTION NO. 84**

All documents related to any studies, preprints, or other publications relating to the development or testing of the Accused Product, including but not limited to all manuscripts of the same, reviews of same, and correspondence relating to same.

**REQUEST FOR PRODUCTION NO. 85**

A copy of each U.S. or foreign patent or patent application owned by, assigned to, or licensed to Defendants that describes, claims, or otherwise relates to the Accused Product.

**REQUEST FOR PRODUCTION NO. 86**

A copy of each U.S. or foreign patent or patent application owned by, assigned to, or licensed to Defendants that relates to COVID-19 or LNPs.

**REQUEST FOR PRODUCTION NO. 87**

All communications with any third party, including any U.S. government agency, referring or relating to any patent or patent application owned by, assigned to, or licensed to Defendants that describes, claims, or otherwise relates to the Accused Product or relates to COVID-19 or LNPs.

**REQUEST FOR PRODUCTION NO. 88**

All documents relating to Defendants' seeking indemnification from the U.S. Government for infringing the Patents-in Suit.

**REQUEST FOR PRODUCTION NO. 89**

All documents related to any work performed by third parties related to the Accused Product, including but not limited to any development, testing, or manufacturing work performed by third parties related to the Accused Product.

**REQUEST FOR PRODUCTION NO. 90**

Curricula vitae or resumes for each witness listed in Defendants' initial disclosures.

**REQUEST FOR PRODUCTION NO. 91**

A copy of any document referred to in any of Defendants' responses to interrogatories served on Defendants in this case, or the identification of which is sought by any such interrogatories.

**REQUEST FOR PRODUCTION NO. 92**

A copy of any document reviewed, considered, or relied upon when answering any interrogatories served on Defendants in this case.

**REQUEST FOR PRODUCTION NO. 93**

A copy of any document reviewed, considered, or relied upon by Defendants in preparation of their invalidity contentions.

**REQUEST FOR PRODUCTION NO. 94**

A copy of any document that Defendants intend to introduce at trial, or introduce with respect to any motion, opposition, or hearing in this action.

**REQUEST FOR PRODUCTION NO. 95**

All documents produced in the Alnylam litigation, *Alnylam Pharmaceuticals, Inc. v. Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc.*, C.A. No. 22-cv-335-CFC (D. Del.).

**REQUEST FOR PRODUCTION NO. 96**

All pleadings, correspondence, transcripts, discovery requests, discovery responses, or other documents associated with the Alnylam litigation, *Alnylam Pharmaceuticals, Inc. v. Moderna, Inc., ModernaTX, Inc., and Moderna US, Inc.*, C.A. No. 22-cv-335-CFC (D. Del.), including but not limited to requests for production, responses to requests for production, interrogatories, interrogatory responses, discovery correspondence, briefs, deposition transcripts, and hearing transcripts.

**REQUEST FOR PRODUCTION NO. 97**

50 vials of the Accused Product from each lot referenced in Biologics License Application 125752 or that has otherwise been manufactured by or on behalf of Moderna, and the material safety data sheet and any handling and storage instructions and histories for each sample.

**REQUEST FOR PRODUCTION NO. 98**

A 10 g sample (divided into five 2 g aliquots) of each ingredient in the Accused Product, and the material safety data sheet and any handling and storage instructions and histories for each sample.

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)

OF COUNSEL:                              Karen E. Keller (No. 4489)
David I. Berl                            Nathan R. Hoeschen (No. 6232)
Adam D. Harber                           SHAW KELLER LLP
Thomas S. Fletcher                       I.M. Pei Building
Jessica Palmer Ryen                      1105 North Market Street, 12th Floor
Denis R. Hurley                          Wilmington, DE 19801
Lydia B. Cash                            (302) 298-0700
Shaun P. Mahaffy                         jshaw@shawkeller.com
WILLIAMS & CONNOLLY LLP                  kkeller@shawkeller.com
680 Maine Avenue S.W.                    nhoeschen@shawkeller.com
Washington, DC 20024                     *Attorneys for Plaintiffs*
(202) 434-5000
*Attorneys for Plaintiff Genevant*
*Sciences GmbH*

Daralyn J. Durie
Eric C. Wiener
DURIE TANGRI LLP
217 Leidesdorff St
San Francisco, CA 94111
(415) 362-6666

Kira A. Davis
DURIE TANGRI LLP
953 East 3rd Street
Los Angeles, CA 90013
(213) 992-4499
*Attorneys for Plaintiff Arbutus*
*Biopharma Corporation*

Dated: December 20, 2022

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on December 20, 2022 this document was served

on the persons listed below in the manner indicated:

**BY EMAIL:**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com

Patricia A. Carson, Ph.D.
Jeanna M. Wacker
Mark C. McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
patricia.carson@kirkland.com
jeanna.wacker@kirkland.com
mark.mclennan@kirkland.com

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*