# EXHIBIT 14

# Haunschild, Philip

| | |
|---|---|
| **From:** | Li, Yan-Xin <yanxin.li@kirkland.com> |
| **Sent:** | Wednesday, January 3, 2024 9:32 PM |
| **To:** | Haunschild, Philip; Genevant Team; Arbutus_MoFo; *jshaw@shawkeller.com; 'kkeller@shawkeller.com'; 'nhoeschen@shawkeller.com' |
| **Cc:** | #KEModernaSpikevaxService; 'jblumenfeld@morrisnichols.com'; 'began@mnat.com'; 'tmurray@morrisnichols.com' |
| **Subject:** | RE: Arbutus v. Moderna (22-cv-252) // OUS Discovery |

Philip:

That Moderna has not allegedly produced "a single document Plaintiffs have requested" is a direct result of Plaintiffs' ever-changing demands over the last 10 months—a fact you do not (and cannot) dispute. Plaintiffs' conduct has unnecessarily and disproportionately enlarged the scope of this case against Moderna while continuing to stonewall relevant discovery sought by Moderna. Moreover, we wholly disagree that Moderna has not produced documents responsive to Plaintiffs' requests. In fact, Moderna has produced more than 1.35 million pages of information; Plaintiffs on the other hand have produced less than 500 thousand pages. And contrary to your reference to Plaintiffs' May 11, 2023 letter, which misrepresented the parties' discussions, Moderna did ***not*** agree that it is broadly required to "produce information regarding [] foreign activity" as Plaintiffs claim. *See* August 1, 2023 letter (M. McLennan to A. Sheh, S. Dawson) at 7. We further asked you to provide authority supporting how batches made outside the U.S. and never imported into the U.S. can constitute infringement of a U.S. patent. *Id.* To date, Plaintiffs have identified none.

We have also responded to your "extensive caselaw," and as we noted in our prior correspondence, your repeated selective recitation of certain language and the exclusion of others does not change the holding of those cases or the facts at issue here. We will not waste time repeating ourselves or highlighting Plaintiffs' convenient omissions from your cited cases.

Your listing of RFP Nos. 51, 53, 60, 64, 69, 74, 75, 81, 83, 97, and 174 as requests for which Plaintiffs continue to see production only further clouds Moderna's understanding of what exactly Plaintiffs want as to OUS discovery. We flagged in our last email that it appears Plaintiffs were now pivoting to seek foreign sales (after asking for all OUS batch COAs, followed by all OUS contracts), but it is unclear under which RFP you seek this information. Plaintiffs' shifting position makes it impossible for Moderna to negotiate in good faith. We will note as such should Plaintiffs declare impasse and move to compel for OUS discovery.

**Yan-Xin Li**

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618

yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Tuesday, January 2, 2024 6:31 PM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>; Arbutus_MoFo <Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'kkeller@shawkeller.com' <kkeller@shawkeller.com>; 'nhoeschen@shawkeller.com' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'jblumenfeld@morrisnichols.com' <jblumenfeld@morrisnichols.com>; 'began@mnat.com' <began@mnat.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: Arbutus v. Moderna (22-cv-252) // OUS Discovery

Yan-Xin,

Your email simultaneously asserts that the parties are not at an impasse while declaring unequivocally that "Moderna does not agree with Plaintiffs' position that 'discovery about batches manufactured [abroad] and used abroad' is relevant" and refusing to provide a single document Plaintiffs have requested.  We have repeatedly explained, including in our correspondence below, that Plaintiffs are seeking this discovery to assess whether Moderna's sales in fact occurred in the U.S., and whether these sales infringed the Patents-in-Suit, a point that Moderna acknowledged was relevant on the parties' meet-and-confers in March and April 2023.  *See* May 11, 2023 Letter from L. Cash at 4.  Your response to the extensive caselaw we have cited—including binding Federal Circuit caselaw—ignores the uniform conclusion of these cases that information regarding whether a sale occurred in the U.S. is relevant to determining whether there is an infringing sale, regardless of where a product is made or used.  And your attempt to distinguish the caselaw on the basis that these cases involve exports and imports to the United States ignores multiple cases cited below and in separate correspondence in which discovery was not limited solely to products that were imported or exported into or from the United States. *See, e.g.*, *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1310 (Fed. Cir. 2015); *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 992 (Fed. Cir. 2022); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2018 WL 6175982, at *2 (N.D. Cal. Nov. 26, 2018); *McGinley v. Luv N' Care, Ltd.*, No. CV 17-0821, 2018 WL 9814589, at *4 (W.D. La. Sept. 10, 2018) ("to the extent that a sale occurs within the United States, products not made or imported into the United States may be included in determining royalties"); *Polaris Innovations Ltd. v. Kingston Tech. Co.*, No. cv-00300-CJC-RAOX, 2017 WL 3275615, at *5 (C.D. Cal. Feb. 14, 2017).  Moderna may disagree on the ultimate merits of whether its sales occurred in the United States, but as the authority we have cited notes, there is no requirement that a plaintiff "essentially has to win before it can have discovery of that which is relevant to the question of whether [the defendant] is an infringer."  *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F. Supp. 2d 934, 946 (N.D. Ill. 2006).  While your most recent email states without support that Moderna's products were "sold to customers abroad," Plaintiffs are entitled to the discovery to assess that fact.

We have been meeting and conferring about these requests for ten months.  If Moderna has a good faith offer to make about documents it will produce in response to RFP Nos. 51, 53, 60, 64, 69, 74, 75, 81, 83, 97, and 174, as well as Interrogatories 6 and 11, by COB tomorrow, we will consider your position.  Otherwise, the parties are in fact at an impasse, and we will seek the Court's assistance in obtaining this discovery.

Thank you,

Philip N. Haunschild
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Friday, December 22, 2023 4:26 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; Arbutus_MoFo <Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'kkeller@shawkeller.com' <kkeller@shawkeller.com>; 'nhoeschen@shawkeller.com' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'jblumenfeld@morrisnichols.com' <jblumenfeld@morrisnichols.com>; 'began@mnat.com' <began@mnat.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: Arbutus v. Moderna (22-cv-252) // OUS Discovery

Philip:

If Plaintiffs actually explained the relevance of the OUS-related materials that you seek, the parties would not be in this present situation.  Indeed, Plaintiffs' demand for information concerning Moderna's OUS batches morphed from all testing, analyses, and collection of COAs to an "initial" request for all OUS-related contracts, which Plaintiffs only raised for the first time in the parties' November 17 meet and confer.  This is hardly "precise[]" as you allege.  Moreover, as Moderna has explained since the onset, collecting all testing, analysis, and COAs for *every one of the* OUS batches is incredibly burdensome and not proportionate.  Collection and production of all OUS-related contracts would similarly require enormous burden, including addressing third-party confidentiality issues, which is not proportionate to the needs of the case.

Moderna further responded to the "extensive caselaw" that Plaintiffs cited in their November 15 and 20 emails in our December 7 email.  Your recitation yet again does not change the fact that Moderna's "substantial activities" of these OUS batches for which Plaintiffs seek discovery are manufactured abroad, sold to customers abroad, and not imported into the United States—a point Plaintiffs continue to ignore because it does not serve their burdensome fishing expedition into information that is not relevant to the parties' claims and defenses.  Your newly identified cases overlook the distinguishable facts of this case.  *Apeldyn Corp. v. AU Optronics Corp.*, No. 08-568, 2010 WL 11470585, at *1 (D. Del. Apr. 12, 2010) (Court noted defendant's excuse that "it does not know where its products go is not good enough to avoid the production of documents"); *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. 16-10914, 2019 WL 13089050, at *1 (D. Mass. June 21, 2019) (foreign sales sought were for products whose components were *exported from the United States*); *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F. Supp. 2d 934, 945 (N.D. Ill. 2006) (based on plaintiff's claim that *defendant was inducing non-party component manufacturers* to incorporate infringing component into their products *to import and sell in the United States*); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-3657, 2018 WL 6175982, at *2 (N.D. Cal. Nov. 26, 2018) (Court noting defendant's declarant stated information sought was "readily available").

Moreover, the cases you cite now suggest that Plaintiffs are seeking Moderna's foreign sales—which is different than your November 17 request for Moderna's OUS contracts and different from your prior broad request of all testing, analyses, and collection of COAs for each OUS batch.  Even your email below pivots to seeking "executed contracts" *and* "documents evidencing their negotiation, execution, individual purchases, or marketing documents."  This only emphasizes Plaintiffs' ever-shifting position as to what exactly Plaintiffs seek concerning Moderna's OUS batches.  Moderna does not agree with Plaintiffs' position that "discovery about batches manufactured [abroad] and used abroad" is relevant.

For the reasons that Plaintiffs argue Moderna cannot "unilaterally declare a dispute premature," Plaintiffs similarly cannot unilaterally declare impasse where Moderna has attempted in good faith to understand and respond to Plaintiffs' unreasonable and changing demands.  Moderna reserves all rights if Plaintiffs move prematurely.


**Yan-Xin Li**

---

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618

---

yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Thursday, December 21, 2023 3:58 PM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>; Arbutus_MoFo <Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'kkeller@shawkeller.com' <kkeller@shawkeller.com>; 'nhoeschen@shawkeller.com' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'jblumenfeld@morrisnichols.com' <jblumenfeld@morrisnichols.com>; 'began@mnat.com' <began@mnat.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: Arbutus v. Moderna (22-cv-252) // OUS Discovery

Yan-Xin,

We disagree that any motion would be premature.  Plaintiffs have repeatedly explained the relevance of the materials we have requested and have cited extensive caselaw, including most recently during the parties' meet and confer on November 17, and in our emails on November 15 and November 20.  As we have now explained a number of times,

regardless of whether batches were manufactured and used outside of the United States, Plaintiffs are entitled to discovery about whether sufficient activities surrounding the sale occurred within the United States (for example, from Moderna's headquarters in Massachusetts) to constitute an act of infringement in the United States.  *See, e.g.*, 28 U.S.C. 271(a); *Carnegie Mellon Univ. v. Marvell Tech. Grp., Ltd.*, 807 F.3d 1283, 1310 (Fed. Cir. 2015) (products "not made or used in, or imported into, the United States" may infringe if there is a "domestic location of sale").  In your December 7 email, you acknowledged that to determine whether a sale occurred in the United States, "'the key question' is 'whether there were such substantial activities in the United States.'" December 7, 2023 Email from Y. Li (quoting *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 992 (Fed. Cir. 2022).  That is precisely the question that Plaintiffs are trying to assess, and it is entirely improper for Moderna to insist that its *ipse dixit* should control, rather than providing discovery on this issue.  *See, e.g.*, *Apeldyn Corp. v. AU Optronics Corp.*, 2010 WL 11470585, at *1 (D. Del. Apr. 12, 2010); *Abiomed, Inc. v. Maquet Cardiovascular LLC*, No. CV 16-10914-FDS, 2019 WL 13089050, at *1, n.1 (D. Mass. June 21, 2019) (granting discovery into foreign sales where Plaintiff had not even pleaded a theory of infringement under § 271(f)); *Murata Mfg. Co. v. Bel Fuse, Inc.*, 422 F.Supp.2d 934, 946 (N.D. Ill. 2006) (§ 271(f) case emphasizing there is no requirement that a plaintiff "essentially has to win before it can have discovery of that which is relevant to the question of whether [the defendant] is an infringer"); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 14-CV-03657-SI, 2018 WL 6175982, at *2 (N.D. Cal. Nov. 26, 2018) (compelling discovery of worldwide sales information).

Moderna may disagree with the precedent compelling the discovery that Plaintiffs have sought, but Moderna cannot unilaterally declare a dispute premature by simply asking us to re-explain what we have said multiple times before.  Nor can Moderna point to its production of its regulatory files and other documents as resolving the scope of what Plaintiffs have requested concerning Moderna's OUS batches.  Moderna has refused to provide its executed contracts for the sale of the Accused Product with entities outside the United States, let alone documents evidencing their negotiation, execution, individual purchases, or marketing documents.

If Moderna agrees that discovery about batches manufactured and used abroad is relevant, and that it will negotiate in good faith over the documents it will provide, we will consider your position.  Please confirm that clearly in writing by 4:00 PM tomorrow or we will continue to understand that the parties are at an impasse over this issue and seek the Court's assistance in compelling discovery.

Thank you,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Wednesday, December 20, 2023 12:11 PM
**To:** Genevant Team <GenevantTeam@wc.com>; Arbutus_MoFo <Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'kkeller@shawkeller.com' <kkeller@shawkeller.com>; 'nhoeschen@shawkeller.com' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'jblumenfeld@morrisnichols.com' <jblumenfeld@morrisnichols.com>; 'began@mnat.com' <began@mnat.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** Arbutus v. Moderna (22-cv-252) // OUS Discovery

Dear Counsel:

Footnote 1 of Plaintiffs' December 15, 2023 letter to the Court states "[t]he parties also dispute discovery concerning batches manufactured overseas, which Plaintiffs allege were sold or offered for sale (and thereby infringed) in the U.S.  Plaintiffs are filing a separate motion on this dispute, but for clarity, seek samples from all Moderna's batches, including those manufactured overseas."

As an initial matter, any motion Plaintiffs intend to file concerning discovery of Moderna's batches manufactured outside of the United States ("OUS") is premature, as Plaintiffs have not explained the relevance of such information and how it is within the scope of Plaintiffs' claims in this action, i.e., under 35 U.S.C. § 271(a).  *See* 12/7/2023 Y. Li Email.  Plaintiffs cannot ignore authority that the scope of their infringement claim "appl[ies] only domestically." *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 992 (Fed. Cir. 2022).  To date, Plaintiffs have not made clear what their theory is for requesting OUS discovery.  It appears that Plaintiffs are simply dissatisfied with the fact that Moderna's OUS batches are manufactured OUS, sold to customers OUS, and not imported into the United States—a point the parties' prior correspondence acknowledge and agree—and seek discovery to prove a negative.  *See also Kajeet, Inc. v. Qustodio, LLC*, 2019 WL 8060078, at *13 (C.D. Cal. Oct. 22, 2019) (any alleged foreign exploitation of a purported patented invention "is not infringement at all," and noting OUS discovery may be appropriate where a claim for infringement is made under § 271(f)).

Any motion Plaintiffs intend to file is additionally premature given Moderna's rolling productions.  Moderna has provided almost a million pages of discovery to date and, per the parties' agreement, will be making another large production this week.  Plaintiffs should therefore review the information Moderna has and will produce to identify documents that may arguably support their theory for the relevance of OUS discovery.  Should Plaintiffs actually articulate a basis for OUS discovery, Moderna is willing to consider a limited and further targeted collection.

Best regards,
Yan-Xin

**Yan-Xin Li**
––––––––––––––––––––––––––––––––––––––––
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
T +1 415 439 1618
F +1 415 439 1500
––––––––––––––––––––––––––––––––––––––––

yanxin.li@kirkland.com

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.