# EXHIBIT B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH | |
| *Plaintiffs*, | C.A. No. 22-252-MSG |
| v. | |
| MODERNA, INC. and MODERNATX, INC., | **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY** |
| *Defendants*. | **FILED UNDER SEAL** |

## DECLARATION OF ED YAWORSKI
## IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL

DocuSign Envelope ID: 635E194C-4F98-4899-816B-AE2C90291617

I, Ed Yaworski, hereby declare as follows:

1.      I am the Chief Technology Officer of Genevant Sciences Corporation ("Genevant").  Previously, I was the Vice President of Pharmaceutical Development.  Prior to joining Genevant in April 2018, I directed and led CMC activities at Arbutus Biopharma Corporation ("Arbutus").  From these roles, I am familiar with Plaintiffs' technical research and development information.  I am familiar with the fact that Plaintiffs maintain this information as confidential, and I am familiar with the extensive efforts Plaintiffs take to protect their confidential information.  I have personal knowledge of the facts stated in this declaration and have become aware of such facts through my roles with Plaintiffs.  If called upon to testify, I could and would competently testify thereto.

2.      I write this declaration in support of Plaintiffs' request to avoid disclosure of sensitive and confidential information on the public record.  I discuss below how and why Plaintiffs' keep certain technical information confidential, and the serious harm that would result to Plaintiffs from disclosure of this information to Plaintiffs' competitors.

3.      I have been provided and have reviewed the information that Plaintiffs' propose to have remained sealed/redacted that were filed as exhibits to Moderna's Opposition to Plaintiffs' Motion to Compel Sample filed under seal on January 5, 2024, specifically Exhibits 7, 8, 10, 11, and 24 thereto, as well as a redacted version of Exhibit 14 provided by Moderna that I am informed does not contain any of Moderna's confidential information.  I have also been provided with a redacted version of Moderna's Opposition, for which I am similarly informed does not contain any of Moderna's confidential information.

4.      As I describe below, Exhibits 7, 8, 10, 11, and 24 are Plaintiffs' internal materials and contain confidential technical and/or business information that reflect Plaintiffs' experimental

2

DocuSign Envelope ID: 635E194C-4F98-4899-816B-AE2C90291617

and formulation development work concerning lipid nanoparticles ("LNPs"), and ongoing work to develop and commercialize LNPs. Exhibit 14 is a declaration by Dr. Stephen Byrn that relies on Plaintiffs' confidential internal materials and confidential technical or business information.

5.      Exhibit 7 is an excerpt of a confidential internal scientific lab notebook reflecting formulation work performed by Kieu Lam, one of the inventors of Plaintiffs' patented technology. The document discloses several charts with specific information concerning Plaintiffs' proprietary and trade secret information. In particular, these charts disclose scientific data regarding Plaintiffs formulation development work for LNPs, including the specific ingredients and amounts Plaintiffs used. Plaintiffs seek to redact this document to remove the public disclosure of this confidential technical information.

6.      Exhibit 8 contains responses that Genevant provided to Moderna's interrogatories relating to Plaintiffs' conception and reduction to practice of Plaintiffs patented LNP technology. These responses include a detailed description and accounting of work performed by the inventors of Plaintiffs' patented technology. The discussion discloses specific formulations developed, including which particular ingredients were used and in what amounts, and resulting data. Plaintiffs seek to redact lines 4–8 on page 6 of the PDF exhibit and lines 1–3, 8–20 on page 7.

7.      Exhibit 10 is a confidential internal Genevant document describing an analytical technique for a particular LNP developed at Genevant. The components of this LNP and the parameters of this testing, including the particular analytes and specifications, are confidential technical and business information. Plaintiffs seek to have this document sealed.

8.      Exhibit 11 is a confidential internal Genevant email chain that includes details of a confidential licensing agreement between Genevant and a third party and reflects ongoing work with one of Genevant's commercial collaborators in the LNP space to develop a commercial

DocuSign Envelope ID: 635E194C-4F98-4899-816B-AE2C90291617

product.  The information includes confidential information of Genevant's operations, the disclosure of which would be disruptive, including as to Genevant's business relationships.  This document also contains confidential technical and business information with respect to analytical tests performed at Genevant on LNPs.  Plaintiffs seek to have this document sealed.

9.   Dr. Bryn's declaration in Exhibit 14 refers to Plaintiffs' confidential, internal materials including describing tests performed by Plaintiffs and parameters of those tests, which constitute Plaintiffs confidential technical information.  Plaintiffs seek to redact lines 2–5 of paragraph 37, lines 1–2 of paragraph 39, and paragraph 40 of Exhibit 14.

10.   Exhibit 24 is a presentation prepared at Protiva, one of Plaintiffs' predecessor corporations, where I was also previously employed.  Exhibit 24 contains confidential LNP stability data and parameters for various formulations that Plaintiffs designed.  The data disclosed in Exhibit 24 includes specific ingredients and concentrations used for Plaintiffs formulations and the results of analytical tests performed on them.  Plaintiffs seek to have this document sealed.

11.   Moderna's Opposition refers to Plaintiffs' confidential internal material including describing the above confidential technical and/or business information of Plaintiffs.  Plaintiffs seek to redact a portion of lines 15–16 on page 3 referring to or reflecting this confidential technical and/or business information.

12.   Plaintiffs consider precise LNP formulations, including the quantities and types of ingredients used, and related stability and specification data trade secret, which is not public knowledge.  Plaintiffs have also spent considerable resources developing analytical techniques for their LNP technology and consider such techniques to be trade-secret, non-public knowledge.  It is critical to Plaintiffs that the Court maintain under seal/redact Plaintiffs' confidential information.  Plaintiffs have spent substantial amounts of time and money developing and maintaining their

DocuSign Envelope ID: 635E194C-4F98-4899-816B-AE2C90291617

confidential proprietary and trade secret information related to LNP research and development. Plaintiffs' development and maintenance of their confidential proprietary and trade secret information related to their LNP work is ongoing.

13.     Plaintiffs have always taken extensive measures to maintain the confidentiality of their technical information, including by implementing procedures that restrict access to sensitive information.  Employees of Plaintiffs, and employees of their predecessors, have confidentiality obligations as part of their employment and are provided guidance regarding how to treat sensitive information.   Employees receive periodic guidance and training on how to maintain confidentiality, and confidential information is not to be disclosed outside of Plaintiffs except under confidentiality agreement and when necessary.  Documents containing such information may be marked as confidential or otherwise indicate they contain restricted or sensitive information.

14.     The information Plaintiffs seek to have remain under seal/redacted is confidential and sensitive information that Plaintiffs do not disclose publicly, and wish to remain confidential. Plaintiffs compete, and will continue to compete, with others in connection with the research, development, and sale of products related to their LNP technology.  Because there are so few competitors in these markets, the markets are highly competitive, and any information about one of the competitors, even seemingly minor information, may prove competitively advantageous. Plaintiffs have spent significant resources to research and develop various effective and lucrative LNP compositions, and the release of such information to the public, including Plaintiffs competitors, would significantly harm Plaintiffs.

15.     I have more than 30 years of experience in the pharmaceutical industry, including more than 20 years working with nucleic-acid delivery systems such as LNPs.  Based on my

DocuSign Envelope ID: 635E194C-4F98-4899-816B-AE2C90291617

personal knowledge and experience in the pharmaceutical business, I believe that disclosure of this information would significantly harm Plaintiffs by revealing confidential data to their direct competitors and the public generally.  If the confidential information were made public, Plaintiffs competitors would be able to potentially replicate Plaintiffs products, features within Plaintitfs products, and methods of making Plaintiffs products, or make decisions about where, when, and how to offer directly competitive goods with full knowledge of Plaintiffs' technology.  Plaintiffs' competitors would gain a significant advantage in creating their own business strategies, which would put Plaintiffs at a significant competitive disadvantage, causing it real and serious harm.

*          *          *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Dated: January 10, 2024

Ed Yaworski