# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> MODERNA, INC. and MODERNATX, INC., <br><br> Defendants. <br><br> MODERNA, INC. and MODERNATX, INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, <br><br> Counterclaim-Defendants. | C.A. No. 22-252-MSG <br><br> **HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY** <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION TO DEFENDANTS (NOS. 128-173)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna" or "Defendants") provide their responses and objections to Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH ("Genevant")'s requests for production (Nos. 128-173).

**GENERAL OBJECTIONS**

Moderna incorporates by reference its General Objections provided in Moderna's Responses and Objections to Plaintiffs' First Set of Requests for Production to Defendants (Nos. 1–98) served February 2, 2023.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "regarding the disclosure," which is not defined. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna also objects to this Request as duplicative of at least RFP Nos. 113 and 114. Moderna objects to this Request to the extent it calls for the production of documents that are publicly available. Moderna will not search for documents that are publicly available.

Subject to and without waiving any of its general or specific objections, Moderna will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 163**

Documents sufficient to show the lipid composition and/or lipid molar ratio for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration and Moderna's reasons for selecting the lipid composition and lipid molar ratio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 163:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[d]ocuments sufficient to show the lipid composition and/or lipid molar ratio for ***all*** Investigational New Drug Applications submitted by Moderna," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents not relevant to the Accused Products or the Asserted Claims. Moderna will not search for or produce regulatory submissions relating to products that are not accused of infringement, particularly where Moderna has already produced hundreds of thousands of pages of regulatory documents for Moderna's COVID-19

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Vaccine—the only product accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "lipid composition," which is not defined in this context. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request as duplicative of at least RFP Nos. 1–3, 70, 72, in response to which Moderna has already agreed to produce a copy of BLA No. 125752, IND 19745, and EUA No. 27073, as well as supplements and amendments thereto, excluding subsections containing patient Personal Identifiable Information.

Subject to and without waiving any of its general or specific objections, Moderna will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 164**

Documents sufficient to show the lipid composition and/or lipid molar ratio for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration using (1) 50 mol % to 65 mol % cationic lipid; (2) 4 mol % to 10 mol % of phospholipid; (3) 30 mol % to 40 mol % cholesterol or derivative thereof; and (4) 0.5 mol % to 2 mol % PEG-lipid or conjugated lipid that inhibits aggregation of particles, and Moderna's reasons for selecting the lipid composition and lipid molar ratio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 164:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional

to the needs of this case, including because it seeks "[d]ocuments sufficient to show the lipid composition and/or lipid molar ratio for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration" as described, which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents not relevant to the Accused Products or the Asserted Claims. Moderna will not search for or produce regulatory submissions relating to products that are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "lipid composition," which is not defined in this context. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks a legal conclusion and/or expert discovery. Moderna also objects to this Request as duplicative of at least RFP Nos. 9, 13, 15, 115, and 116.

Subject to and without waiving any of its general or specific objections, Moderna will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 165**

Documents sufficient to show the lipid composition and/or lipid molar ratio for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration using (1) 50 mol % to 65 mol % cationic lipid; (2) 3 mol % to 15 mol % of phospholipid; (3) 30 mol % to 40 mol % cholesterol or derivative thereof; and (4) 0.5 mol % to 2

mol % PEG-lipid or conjugated lipid that inhibits aggregation of particles, and Moderna's reasons for selecting the lipid composition and lipid molar ratio.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 165:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[d]ocuments sufficient to show the lipid composition and/or lipid molar ratio for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration" as described, which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents not relevant to the Accused Products or the Asserted Claims. Moderna will not search for or produce regulatory submissions relating to products that are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "lipid composition," which is not defined in this context. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks a legal conclusion and/or expert discovery.

Subject to and without waiving any of its general or specific objections, Moderna is willing to meet and confer regarding the scope and relevance of this Request.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

**REQUEST FOR PRODUCTION NO. 166**

Documents sufficient to show the LNP manufacturing process for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration wherein the proposed product comprised LNPs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 166:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[d]ocuments sufficient to show the LNP manufacturing process for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration wherein the proposed product comprised LNPs," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents not relevant to the Accused Products or the Asserted Claims. Moderna will not produce documents relating to the LNP manufacturing process, of which Plaintiffs have not shown the relevancy. Plaintiffs have conceded that the Asserted Claims do not recite manufacturing methods. Moderna will not search for or produce regulatory submissions relating to products that are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "lipid composition," which is not defined in this context. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request as duplicative of at least RFP Nos. 1–3, 5, 16, 17, 21, 70, 72.

Subject to and without waiving any of its general or specific objections, Moderna will not produce documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 167**

Documents sufficient to show the lipid composition and lipid molar ratio for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration wherein the proposed product comprised LNPs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 167:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[d]ocuments sufficient to show the lipid composition and lipid molar ratio for all Investigational New Drug Applications submitted by Moderna to the U.S. Food & Drug Administration wherein the proposed product comprised LNPs," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents not relevant to the Accused Products or the Asserted Claims. Moderna will not search for or produce regulatory submissions relating to products that are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "lipid composition," which is not defined in this context. Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law). Moderna also objects to this Request as seeking the production of documents protected

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request as duplicative of at least RFP Nos. 1–3, 70, 72, in response to which Moderna has already agreed to produce a copy of BLA No. 125752, IND 19745, and EUA No. 27073, as well as supplements and amendments thereto, excluding subsections containing patient Personal Identifiable Information.

Subject to and without waiving any of its general or specific objections, Moderna will not produce documents responsive to this Request.



**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

| | |
|---|---|
| Dated: September 5, 2023 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | /s/ Mark McLennan |
| | Jack B. Blumenfeld (#1014) |
| OF COUNSEL: | Brian P. Egan (#6227) |
| | 1201 North Market Street |
| Patricia A. Carson | P.O. Box 1347 |
| Jeanna M. Wacker | Wilmington, DE 19899 |
| Mark C. McLennan | (302) 658-9200 |
| Nancy Kaye Horstman | jblumenfeld@morrisnichols.com |
| KIRKLAND & ELLIS LLP | began@morrisnichols.com |
| 601 Lexington Avenue | |
| New York, NY 10022 | *Attorneys for Defendants* |
| (212) 446-4679 | |

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street 47th Floor
Boston, MA 0211
(617) 385 -7500

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street 27th Floor
San Francisco, CA 94104
(415) 439-1400
May 25, 2023