# **EXHIBIT D**

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Mark C. McLennan
To Call Writer Directly:
+1 212 909 3451
mark.mclennan@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

November 6, 2023

**By Email**

Anthony Sheh
Williams & Connolly LLP
680 Maine Ave SW
Washington, DC 20024
asheh@wc.com

Shaelyn K. Dawson
Morrison & Foerster LLP
425 Market Street
San Francisco, CA, 94105
shaelyndawson@mofo.com

Re: *Arbutus Biopharma Corporation et al. v. Moderna, Inc. et al.*, C.A. No. 22-252-MSG (D. Del.) – **Moderna's R&D Documents**

Dear Tony:

We write in response to your October 6, 2023 letter, as well as Plaintiffs' October 9, 2023 letters, to the extent they cover the same topic of Moderna's research and development documents.

**(a)   Plaintiffs' Attempt to Dramatically Expand the Scope of Discovery to Unaccused Products is Improper and Wholly Inconsistent with its Prior Positions**

Regarding Plaintiffs' allegations concerning purported "copying" of "Plaintiffs' lipid molar ratios" and its alleged relevance to willfulness, we note that Plaintiffs continue to fail to acknowledge that: (1) Plaintiffs have not confirmed whether the molar ratio they point to actually originated with Plaintiffs, (2) the lipid molar ratio you point to does not appear in the asserted patents, (3) many of the unaccused pipeline products you have pointed to are protected by safe harbor, and could not constitute acts of infringement even if they were relevant in this case, (4) Plaintiffs allege that Moderna had a license for several of those unaccused and irrelevant pipeline products, which you did not dispute during recent meet-and-confers; thus according to Plaintiffs, those unaccused and licensed products are "obviously irrelevant." *LKQ Corp. v. Gen. Motors Co.*, No. 20 C 2753, 2021 WL 4127326, at *1 (N.D. Ill. Sept. 9, 2021) (denying motion to compel, noting that "documents showing the sale of parts that are not under patent – or are perhaps licensed – is obviously irrelevant" to arguments of willfulness based on purported copying), (5) Plaintiffs have no "copying" or "objective indicia" contentions, because Plaintiffs have improperly refused to respond to Moderna's interrogatory.

You do not explain how these unaccused products could be "directly and materially relevant to infringement" and "potentially other [unspecified] issues." Plaintiffs' "suspicion and speculation" "is not enough to render the requested discovery relevant." *Ethicon LLC v. Intuitive Surgical, Inc.*,

**KIRKLAND & ELLIS LLP**

Anthony Sheh; Shaelyn K. Dawson
November 6, 2023
Page 2

No. CV 17-871-LPS-CJB, 2018 WL 1392341, at *2–3 (D. Del. Feb. 12, 2018) (citing *Micro Motion, Inc. v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326, 1327 (Fed. Cir. 1990) ("The discovery rules are designed to assist a party to prove a claim it reasonably believes to be viable *without discovery*, not to find out if it has any basis for a claim.") (emphasis in original)). Plaintiffs' latest demands are also inconsistent with Arbutus's positions during the IPR appeals, where Plaintiffs argued that Moderna's other pipeline products were ***irrelevant*** to its COVID-19 Vaccine. Arbutus May 11, 2023 Response Brief in CAFC No. 2020-2329 at 5 (referring to the parties' licensing history as "stale" and arguing that "None of these statements [about licensing] relates in any way to Moderna's mRNA-1273 COVID vaccine, which did not even exist at the time they were made.").

### (b)  Despite the Lack of Relevance, Moderna Has Already Agreed to Far More Than Proportionate Discovery

As we have previously stated, we disagree with your accusations that Moderna is improperly limiting the scope of its production as to this issue. Your statement referencing "Moderna's refusal to produce highly relevant documents regarding the research and development that led to the Accused Product," Sheh Oct. 6 letter at 1, is plainly inaccurate given the broad scope of documents Moderna has already agreed to produce, totaling more than 50 separate search strings hitting on 200,000 plus documents, on top of the more than 400,000 pages of technical documentation that Moderna has already produced. However, it seems that the parties continue to talk past each other as to the scope of Moderna's production with respect to its research and development efforts, so in an effort to ease Plaintiffs' alleged concerns about the issue and avoid unnecessary disputes, Moderna provides the following information as to its approach to collection and review of the documents at issue. If Plaintiffs persist in their endless demands, please explain in detail how Plaintiffs are searching through their non-custodial repositories for R&D Documents, mRNA-LNP Formulation Development, and Licensing documents.

With respect to email ESI, Moderna is not limiting its production solely to documents referring to the COVID-19 vaccine, nor can reviewers reasonably be expected to determine what R&D efforts would have led to the COVID-19 vaccine. Rather, Moderna will be producing non-privileged documents, that hit upon the agreed search terms relating to, for example, the use of LNPs for delivery of mRNA, comparisons of Moderna's SM-family lipids against MC3, and the research and development of the specific lipid ratio or mole percentages for Moderna's LNP technology. Moderna will likewise produce non-privileged documents that hit upon its search terms that discuss modifications of the lipid molar ratios in the context of Moderna's LNP formulations, even where such discussion is in the context of an indication other than Moderna's COVID-19 vaccine.

With respect to non-custodial documents, Moderna also collected from SharePoint sites and will apply the agreed-upon search terms to these documents. Because collection of the entirety of the company's SharePoint data created over more than a decade is impractical, overly burdensome and not proportional to the needs of the case, SharePoint sites were identified for collection including sites related to the COVID-19 vaccine, as well as sites related to the broader LNP development and formulation efforts for the platform utilized in the COVID-19 vaccine. This addresses Plaintiffs' purported concern relating to Moderna's agreement to produce non-privileged

**KIRKLAND & ELLIS LLP**

Anthony Sheh; Shaelyn K. Dawson
November 6, 2023
Page 3

"documents regarding the research and development that led to the Accused Product." Oct. 6, 2023 Letter. We will not continue to engage with Plaintiffs' complaints that Moderna is not producing enough discovery, before the parties have even reached substantial completion of document production. We are sure once Moderna has completed its production that Plaintiffs will have voluminous relevant discovery that is far more than proportional to the needs of the case.

With respect to your commentary on the date ranges for certain search terms, given that the parties concluded their search term discussions today, including date ranges and sources to which those terms will be applied, we trust Plaintiffs have addressed their concerns through their revisions of the date ranges in the context of those discussions.

Finally, with respect to your query regarding "formulation development reports," Mahaffy Oct. 9 letter at 5, we confirm that Moderna has or will collect and produce any reports that are responsive to what Moderna has agreed to produce, subject to Moderna's responses and objections.

Sincerely,

*/s/ Mark C. McLennan*
Mark C. McLennan