# EXHIBIT I

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) ) | |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Counterclaim-Defendants. | ) | |

**DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS'**
**FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–98)**

Pursuant to Fed. R. Civ. P. 34, Defendants Moderna, Inc. and ModernaTX Inc. (collectively, "Moderna" or "Defendants") respond to Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH's ("Genevant," and collectively, "Plaintiffs") First Set of Requests for Production ("Requests" and each individually, a "Request").

## GENERAL OBJECTIONS

The following general responses and objections apply to each individual response to Plaintiffs' Requests, as if fully set forth therein. The failure to repeat any of the following General Objections in the specific responses below shall not be deemed a waiver of such objection or limitation.

1.    For Requests for which Moderna indicates it will not produce any documents, Moderna remains willing to meet and confer regarding the scope and relevance of the Request.

2.    Moderna objects to the Requests to the extent they purport to impose burdens and duties that exceed the scope of reasonable and permissible discovery under the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the District of Delaware (the "Local Rules"), or any other orders or pronouncements of the Court.

3.    Moderna objects to Plaintiffs' definition of "You," "Your," and "Defendants" to the extent the terms include entities that are third parties and/or that Moderna does not control. Unless otherwise indicated, when the term "Moderna" and "Defendants" are used herein, they refer only to Moderna, Inc. and ModernaTX Inc.

4.    Moderna objects to Plaintiffs' definition of "Patents-in-Suit" as seeking information that is not relevant to the claims or defenses of any party to this action and not proportionate to the needs of the current case. Moderna's use of the term "Patents-in-Suit" is defined below.

5.    Moderna objects to the Requests to the extent they seek documents that are not in Moderna's possession, custody, or control, or to the extent the documents are publicly available.

6.    Moderna objects to the Requests to the extent they seek proprietary or confidential business information, trade secrets, or other sensitive information. To the extent that the response to any Request requires the disclosure of any non-privileged proprietary or confidential information, trade secrets, or other sensitive information, Moderna will provide such information subject to the orders entered in this case and any agreement between the parties.

7.    Moderna objects to the Requests to the extent they seek the production of documents and things subject to confidentiality obligations owed to third parties (by agreement or

by law) that prohibit or restrict their disclosure by Moderna. Moderna will not provide such documents or things without either the consent of the relevant third party or an order compelling the production thereof, and/or without providing the relevant third party an opportunity to object to the production. Moderna may produce documents with redactions made or maintained at the direction of U.S. for foreign government. Moderna has indicated below in response to Requests where Moderna has agreed to produce documents that such documents may contain redactions. However, Moderna's investigation is ongoing and the nature and extent of redactions in response to any of Plaintiffs' Requests is at this time unknown.

8.     Moderna objects to the extent the Requests call for information that is subject to federal, state, and foreign data protection laws, and the production of which would violate such privacy laws, including but not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq.* (financial information); The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 C.F.R. Part 160 and Subparts A and E of Part 164 (medical information). Moderna will produce documents consistent with its obligations under these laws.  With respect to all regulatory filings, Moderna will not produce documents from subsections which contain patient Personal Identifiable Information, including Module 5, as such documents are not relevant to the issues in dispute, and therefore not proportional to the needs of the case, in part due to the immense burden in redacting Personal Identifiable Information from such documents.

9.     Moderna objects to Plaintiffs' Requests to the extent they seek information, documents, and/or things protected from disclosure by the attorney-client privilege, work product doctrine, common-interest privilege, and/or any other applicable privilege, immunity or protection, including in connection with the common-interest doctrine. Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any

other applicable privilege or doctrine. Moderna does not intend to produce information or documents that would divulge any privileged information. Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

10.   Moderna objects to the Requests as overly broad and unduly burdensome and therefore not proportionate to the needs of the case, including to the extent they seek "all" or "any" documents, things, and communications, without further limitations as to scope or time. Such scope is overly broad and the production of "all" or "any" documents would be unduly burdensome, and documents beyond those necessary and sufficient to describe such information are neither relevant nor proportionate to the needs of the case. Moderna also objects to Requests as overly broad and unduly burdensome and therefore not proportionate to the needs of the case, including to the extent they seek communications to or from "Moderna" as a whole, which has thousands of employees. Moderna will conduct a reasonable search from a proportionate number of custodians, and produce relevant, non-cumulative documents sufficient to provide the information requested.

11.   Moderna objects to these Requests to the extent they seek documents or things that are unreasonably duplicative or cumulative of other discovery requests, to the extent that discovery can be obtained by less burdensome means, and to the extent the requested information is publicly available, or in the possession of Plaintiffs. To the extent Moderna objects to any Request that is duplicative or cumulative of another Request, in whole or in part, each and every objection to such Request shall be deemed incorporated by reference in response to any other Request for which there is overlap, whether or not such incorporation by reference is expressly stated.

12.     Moderna objects to the Requests to the extent they seek information that is not relevant to the claims or defenses of any party to this action or are not proportionate to the needs of the case.

13.     Moderna objects to the Requests as overly broad and unduly burdensome and therefore not proportionate to the needs of the case, including to the extent that they seek information concerning products not accused of infringement and therefore not at issue in This Action, including dozens of Moderna's pipeline products (past or present) involving over a decade of research and development efforts.

14.     By responding to Plaintiffs' Requests, Moderna does not acknowledge or concede the truth or accuracy of any characterization, allegation, or statement made in the Requests.

15.     By producing or agreeing to produce requested documents, Moderna does not concede that any of the information sought or provided is relevant, material, or admissible or that the search for or production of these documents was proportionate to the needs of the case. Moderna reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility as evidence, in any subsequent proceeding in or trial of this or any other action for any purpose whatsoever, of any document or thing identified or provided in response to these Requests. A partial response to any Request to which Moderna has objected, in whole or in part, does not constitute a waiver of any objection.

16.     Moderna objects to the Requests to the extent they encompass documents or things for which the burden or expense of production outweighs the likely benefit in resolving the issues in this litigation, including without limitation, documents in electronic form that are not reasonably accessible or retrievable.

17.     The failure of Moderna to make a specific objection to a particular Request is not, and shall not be construed as, an admission that responsive information or documents exist. Likewise, any statement herein that Moderna will provide information or produce documents in response to an individual Request does not mean that Moderna, in fact, has any such information or documents, or that any such information or documents exist. Rather, any such statement reflects the intention of Moderna, subject to its objections, to conduct a reasonable search for responsive documents and information.

18.     Moderna objects to the Requests to the extent they are premature in light of the dates agreed to by the parties or set forth in the Court's Scheduling Order, and amendments to the Court's Scheduling Order (collectively, the "Scheduling Order"). Any documents or things that Moderna may provide in response are without prejudice to this objection.

19.     Moderna objects to the Requests to the extent they improperly seek premature expert discovery, or information that will be disclosed during the expert discovery phase of this litigation as set forth under the Local Rules, the Federal Rules of Civil Procedure, and the Scheduling Order.

20.     Moderna objects to the Requests to the extent that they relate to sales to the U.S. Government. Moderna will not provide discovery relating to those sales if Plaintiffs' claims based on those sales are dismissed from the case pursuant to 28 U.S.C. § 1498.

21.     Moderna objects to Plaintiffs' requests to the extent they seek information, documents, and/or things relating to batches and doses of the Accused Products not accused of infringement, including batches of doses of the Accused Products not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of

infringement. Moderna will not produce irrelevant information, documents, and/or things concerning such batches and doses.

22.     Moderna objects to Plaintiffs' requests to the extent they seek information, documents, and/or things relating solely to batches and doses of the Accused Products subject to safe harbor under 35 U.S.C. § 271(e)(1), which are not relevant or proportional to the needs of the case. Moderna will not produce irrelevant information, documents, and/or things concerning such batches and doses.

23.     Moderna has not yet served its preliminary invalidity contentions and reserves the right to contend that terms of the Asserted Claims are invalid under § 112 as indefinite. Moderna's use of any terms of the asserted claims in its responses is not an admission that such terms are definite.

24.     Moderna's responses are based on Moderna's current knowledge, understanding and belief and the information and documents available to it. Moderna has not yet received Plaintiffs' infringement contentions or identification of Asserted Claims. Moderna reserves the right to, at any time, revise, correct, supplement, amend, or clarify any response or objection as this matter continues, whether as a result of subsequent investigation, later acquired information or otherwise.

25.     Moderna objects to the Requests as overly broad and unduly burdensome to the extent that they do not specify a time frame and are thus unlimited as to time. Moderna will not collect, review, produce or log documents dated after February 28, 2022. Further, absent a showing of good cause, Moderna will only collect, review, produce, and/or log documents from up to 6 years before the filing of the complaint, with the exception of discovery related to asserted prior art, as required by Paragraph 4(e) of the D. Del. Default ESI Standard.

26.     By producing documents in response to the Requests, Moderna does not waive, intends to preserve, and is preserving all of its rights to assert that any and all such documents are confidential and proprietary. Documents produced by Moderna shall only be used in connection with this litigation in accordance with the orders entered in this litigation.

27.     Moderna incorporates by reference in each of its specific responses and objections below, as if set forth therein, each and every one of its general objections.

## DEFINITIONS

1.     "Plaintiffs" shall mean Arbutus Biopharma Corporation and Genevant Sciences GmbH, collectively.

2.     "This Case" or "this Action" refers to the above-captioned action, *Arbutus Biopharma Corp., et al v. Moderna, Inc. et al*, No. 1:22-cv-00252 (D. Del.).

3.     "Complaint" refers to the Complaint filed in This Action at D.I. 1, on February 28, 2022, and any amendments thereto.

4.     "Patents-in-Suit" means U.S. Patent Nos. 8,058,069, 8,492,359, 8,822,668, 9,364,435, 9,504,651, and 11,141,378.

5.     "Moderna's COVID-19 Vaccine" shall mean Moderna's mRNA-1273 COVID-19 vaccine, including COVID-19 vaccine boosters (monovalent and bivalent).

6.     "Accused Products" shall mean Moderna's COVID-19 Vaccine and any other Moderna product that Plaintiffs allege infringes the Patents-in-Suit.

7.     "Asserted Claim" shall mean each claim of the Patents-in-Suit that Plaintiffs allege, in the Complaint or in subsequent pleadings or disclosures, is infringed by one or more of the Accused Products, either directly or indirectly.

8.     "LNP" shall mean lipid nanoparticle.

9.      "Operation Warp Speed" shall refer to the public-private partnership by the U.S. Government as it relates to facilitating the development of Moderna's COVID-19 Vaccine.

10.      "EUA" shall mean Emergency Use Authorization.

11.      "BLA" shall mean Biologics License Application.

12.      "IND" shall mean Investigational New Drug.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST FOR PRODUCTION NO. 1:**

A copy of Biologics License Application 125752, including all correspondence, amendments, and supplements relating thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "all correspondence, amendments, and supplements relating" to BLA No. 125752, which presumes that all such submissions, correspondence, amendments, and supplements are relevant.  Moderna will not search for or produce irrelevant documents, including documents relating to aspects of the Accused Products that are not relevant to the Asserted Claims.  Moderna objects to this Request to the extent it seeks proprietary, confidential, or trade secret information of Moderna or of others to whom Moderna is under an obligation of confidentiality (by agreement or by law).

Subject to and without waiving any of its general or specific objections, Moderna will produce BLA No. 125752, excluding subsections containing patient Personal Identifiable Information.

**REQUEST FOR PRODUCTION NO. 2:**

All documents related to the preparation of Biologics License Application 125752.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a] copy of any patent license agreement between Defendants and any entity relating to LNP technology," which presumes that all such agreements are relevant. Moderna will not produce irrelevant and/or non-responsive documents. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions.  Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna and will not produce such documents. Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents responsive to this Request as it relates to U.S. patent license agreements pertaining to the LNPs in Moderna's COVID-19 vaccine identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 60:**

A copy of any written agreement, contract, or license concerning the development, manufacture, sale, or distribution of the Accused Product, including any exhibits or annexes to such written agreement, contract, or license.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks documents concerning the "development, manufacture, sale, or distribution" of the Accused Product, which is of enormous scope and which presumes all such agreements are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including those relating to the manufacture and distribution of the Accused Product. Moderna will not search for documents relating to the sale of doses of the Accused Product that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents. Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 61:**

A copy of any written agreement, contract, grant, or license between Defendants and the U.S. Government concerning the development, manufacture, sale, or distribution of the Accused Product, including any exhibits or annexes to such written agreement, contract, or license.

extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna will produce an executed copy of Contract No. W911QY20C0100 between Moderna and the United States Government and any amendments thereto, which may include redactions made at the Government's direction. Moderna is willing to meet and confer regarding any additional scope.

**REQUEST FOR PRODUCTION NO. 64:**

All documents related to any negotiations between Defendants and any third party, including but not limited to the U.S. Government, related to any written agreement, contract, or grant, concerning the development, manufacture, sale, or distribution of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to any negotiations between Defendants and any third party . . . related to any written agreement, contract, or grant, concerning the development, manufacture, sale, or distribution of the Accused Product," which presumes that all such documents are relevant.  Moderna will not produce irrelevant and/or non-responsive documents. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as seeking the production of documents

protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna will produce responsive non-privileged communications between Moderna and the U.S. Government relating to any final executed written agreement between Moderna and the U.S. Government concerning Moderna's COVID-19 Vaccine (which may include redactions at the Government's direction) identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 65:**

All documents related to the nature and extent of the U.S. government's involvement, if any, in the development, manufacture, sale, or distribution of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to the nature and extent of the U.S. government's involvement, if any, in the development, manufacture, sale, or distribution of the Accused Product," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-

calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "true beneficiary," which is not defined. Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks a legal conclusion and/or expert discovery. Moderna objects to this Request as duplicative of at least RFP Nos. 61 and 67. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

All documents related to any negotiations or communications between Defendants and third parties, including but not limited to the U.S. Government, about the price of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to any negotiations or communications between Defendants and third parties . . . about the price of the Accused Product," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents. Moderna objects to this Request as overbroad, unduly burdensome,

and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, the common-interest privilege, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request as duplicative of at least RFP No. 61. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged communications between Moderna and the U.S. Government relating to any executed written agreement between Moderna and the U.S. Government that reflects the price of Moderna's COVID-19 Vaccine (which may include redactions at the Government's direction) identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 70:**

All regulatory submissions regarding the Accused Product submitted to U.S. or foreign regulatory bodies.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll regulatory submissions regarding the Accused Product submitted to U.S. or foreign regulatory bodies," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents relating to aspects of the Accused Products that are not relevant to the

relevant aspects of research and development of the LNPs in Moderna's COVID-19 Vaccine that are identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 74:**

All documents related to any brand plans, long range plans, competitive analyses, market surveys, sales projections, and contracting strategies for the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 74:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to any brand plans, long range plans, competitive analyses, market surveys, sales projections, and contracting strategies for the Accused Product," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal and geographic restrictions. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrases "long range plans" and "contracting strategies," which are not defined. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged brand plans, competitive analyses, market analysis, and forward-looking

sales projections concerning accused sales of Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 75:**

All documents related to Defendants' efforts to market, promote, or publicize the Accused Product, including but not limited to documents describing any advantages related to the LNP technology of the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 75:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to Defendants' efforts to market, promote, or publicize the Accused Product," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal or geographic restrictions. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna will not search for documents that are publicly available or equally accessible to Plaintiffs.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents responsive to this Request that relate to LNP technology in Moderna's COVID-19 Vaccine identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 81:**

A copy of any commercial agreement Defendants have made with any third party relating to the Accused Product, including but not limited to any document relating to a payment or financial commitment made by Defendants to develop and/or market the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 81:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ny commercial agreement Defendants have made with any third party relating to the Accused Product," which presumes that all such agreement(s) are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including commercial agreements not relating to the sale or purchase of the Accused Products. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions and geographical restrictions. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna objects to this Request as vague and ambiguous, at least with respect to the phrase "financial commitment," which is not defined. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents. Moderna objects to this Request as duplicative of at least RFP No. 82.

Subject to and without waiving any of its general or specific objections, Moderna is willing to meet and confer to discuss the scope of this Request.

**REQUEST FOR PRODUCTION NO. 82:**

Documents sufficient to show the first commercial offer for sale of the Accused Product, including when the first commercial offer for sale occurred.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 82:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[d]ocuments sufficient to show the first commercial offer for sale of the Accused Product," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal or geographic restrictions. Moderna will not search for documents relating to doses that were not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna will produce non-privileged documents responsive to this Request identified after a reasonable and proportionate search.

**REQUEST FOR PRODUCTION NO. 83:**

All documents related to the offer for sale of the Accused Product, including without limitation documents identifying Defendants' role in those activities and all efforts by Defendants or any third party working with Defendants or on Defendants' behalf to design, develop, make, and/or market the Accused Product.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 83:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to the offer for sale of the Accused Product," and "all efforts by Defendants or any third party working with Defendants" which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents relating to the "mak[ing]" of Moderna's COVID-19 Vaccine, and relating to the offer for sale of doses and batches of the Accused Products that are not made, used, offered for sale, or sold within the United States or imported into the United States, which are not accused of infringement. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents. Moderna objects to this Request to the extent it seeks documents that are protected by confidentiality obligations to

92

third parties that prohibit or restrict their disclosure by Moderna (by agreement or by law) and will not produce such documents.

Subject to and without waiving any of its general or specific objections, Moderna are willing to confer regarding the scope and relevance of this Request.

**REQUEST FOR PRODUCTION NO. 84:**

All documents related to any studies, preprints, or other publications relating to the development or testing of the Accused Product, including but not limited to all manuscripts of the same, reviews of same, and correspondence relating to same.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 84:**

Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, including because it seeks "[a]ll documents related to any studies, preprints, or other publications relating to the development or testing of the Accused Product," which presumes that all such documents are relevant. Moderna will not produce irrelevant and/or non-responsive documents, including documents relating to aspects of the Accused Products that are not relevant to the Asserted Claims. Moderna objects to this Request as overbroad, unduly burdensome, and calling for information not relevant to any of the claims or defenses in this litigation and/or not proportional to the needs of this case, specifically because it lacks reasonable temporal restrictions. Moderna objects to this Request to the extent it calls for the production of documents that are publicly available. Moderna will not search for documents that are publicly available. Moderna objections to this Request as seeking documents not in its possession, custody, or control. Moderna also objects to this Request as seeking the production of documents protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. Moderna will not produce such documents.

to the needs of this case, including because it seeks "a 10 g sample . . . of each ingredient in the Accused Product," which presumes all such ingredients are relevant to the Asserted Claims. Moderna will not produce samples and information that are irrelevant and/or not proportional to the needs of this case. Moderna objects to the Request for 10 g samples as overly broad and unduly burdensome and not proportionate to the needs of the case. Moderna objects to this Request to the extent it seeks material equally available to Plaintiffs.

Subject to and without waiving any of its general or specific objections, Moderna is willing to meet and confer regarding this Request.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Brian P. Egan*
_____

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Mark C. McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

February 2, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2023, copies of the foregoing were caused to be served upon the following in the manner indicated:

John W. Shaw, Esquire                                    *VIA ELECTRONIC MAIL*
Karen E. Keller, Esquire
Nathan R. Hoeschen, Esquire
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiffs Arbutus Biopharma*
*Corporation and Genevant Sciences GmbH*

Daralyn J. Durie, Esquire                               *VIA ELECTRONIC MAIL*
Eric C. Wiener, Esquire
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
*Attorneys for Plaintiff Arbutus Biopharma*
*Corporation*

Kira A. Davis, Esquire                                  *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
*Attorneys for Plaintiff Arbutus Biopharma*
*Corporation*

David I. Berl, Esquire                                  *VIA ELECTRONIC MAIL*
Adam D. Harber, Esquire
Thomas S. Fletcher, Esquire
Jessica Palmer Ryen, Esquire
Lydia B. Cash, Esquire
Shaun P. Mahaffy, Esquire
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC  20024
*Attorneys for Plaintiff Genevant Sciences*
*GmbH*

*/s/ Brian P. Egan*

_____
Brian P. Egan (#6227)