# EXHIBIT O

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Mark C. McLennan
To Call Writer Directly:
+1 212 909 3451
mark.mclennan@kirkland.com

601 Lexington Avenue
New York, NY 10022
United States

+1 212 446 4800

www.kirkland.com

Facsimile:
+1 212 446 4900

October 25, 2023

**By Email**

HIGHLY CONFIDENTIAL – OUTSIDE
COUNSEL'S EYES ONLY

Anthony Sheh
Williams & Connolly LLP
680 Maine Ave SW
Washington, DC 20024
asheh@wc.com

Shaelyn K. Dawson
Morrison & Foerster LLP
425 Market Street
San Francisco, CA, 94105
shaelyndawson@mofo.com

Re:   **Plaintiffs' Third Set of Requests for Production** – *Arbutus Biopharma Corporation et al. v. Moderna, Inc. et al.*, C.A. No. 22-252-MSG (D. Del.)

Dear Counsel:

Thank you for meeting and conferring with us on September 15, 2023 regarding Plaintiffs' Third Set of Requests for Production and Moderna's responses thereto. We write to memorialize the parties' discussions. As we reiterated at the outset, Plaintiffs' Third Set of RFPs—adding up to 173—are overly burdensome given the enormous amount of discovery that Moderna has already agreed to produce. We will write separately regarding your R&D Documents letter.

Regarding RFP Nos. 128 and 129, we confirm that Moderna's ESI searches are not limited to reports generated by Moderna, and that to the extent responsive non-privileged emails are captured by Moderna's searches, they will be produced, including emails to/from third parties. Please confirm Plaintiffs are doing the same. In response to your October 9, 2023 letter, we do not recall you asking about documents concerning the timing of Moderna's entry into the market to the extent they do not fall under the existing scope of RFP Nos. 128 and 129. As you know, RFP Nos. 128 and 129 do not refer to documents "concerning the timing of Moderna's entry into the market," nor did you seek expansion of these RFPs during our meet-and-confer. It is improper for Plaintiffs to now attempt to expand the scope of these RFPs and increase Moderna's burden by asking Moderna to conduct additional searches. Moderna's collection of documents responsive to these RFPs is already underway. We consider any issues relating to these RFPs resolved based on our confirmation that Moderna's searches include both third-party and internal documents.

**KIRKLAND & ELLIS LLP**

Anthony Sheh; Shaelyn K. Dawson
October 25, 2023
Page 2

Regarding RFP No. 130, you alleged the Request primarily relates to damages and infringement, and that you are seeking documents relating to distribution, productions, costs, and sales. However, as we iterated during the meet-and-confer and in the objections to this Request, Moderna has already agreed to produce relevant information in response to other RFPs. *See, e.g.*, Moderna's Responses to RFP Nos. 74 ("non-privileged brand plans, competitive analyses, market analysis, and forward-looking sales projections concerning accused sales of Moderna's COVID-19 Vaccine"), 76 ("non-privileged forward-looking forecasts and forward-looking sales projections relating to accused sales of Moderna's COVID-19 Vaccine"), 78 ("non-privileged historical quarterly or monthly profit and loss statements for Moderna's COVID-19 Vaccine"), and 79 ("non-privileged forward-looking sales projections of the accused sales of Moderna's COVID-19 Vaccine"). It remains unclear what additional documents Plaintiffs are seeking under this Request. The Request is also overbroad as it relates to all aspects of Moderna's COVID-19 Vaccine, not all of which are relevant to damages or infringement. Based on your October 9, 2023 letter, we understand Plaintiffs are still investigating whether to search for and produce non-privileged final Board minutes and materials provided to Plaintiffs' Board of Directors, or any committee of such Board, concerning Moderna's Accused Product. We await your response and will reevaluate the burden, relevance, and proportionality of the Request once we receive your confirmation. In the meantime, Moderna maintains its objections.

Regarding RFP No. 131, you represented the documents sought relate to distribution, including dose tracking, manufacturing reports, acceptance reports, and FDA correspondence. However, as we stated during the meet-and-confer, Moderna has already agreed to produce documents relating to distribution and FDA correspondence. We disagree that all information sought under the Request is relevant, including, for example, the "Security Plan" and "Supply Chain Resiliency Chain." We are still investigating the burden to produce "all" such documents given the breadth the Request seeks and will write back on our investigation.

Regarding RFP Nos. 132–136, you asserted they are relevant to damages and copying. However, when asked whether Arbutus and Genevant will produce similar documents and communications relating to licensing negotiations regarding LNP technology in response to Moderna's RFPs, Plaintiffs did not confirm that they were doing so. Arbutus argued its earlier LNP licenses were less relevant, and that it would be burdensome to produce licenses back in time. Plaintiffs did not explain why similar documents would be relevant and not burdensome to produce for Moderna. Indeed, when we pointed out that Plaintiffs are asking Moderna to produce documents and communications back in 2013, Genevant could not reconcile its position, but merely stated it is producing "final" agreements. Arbutus confirmed that if a document hits on the search terms, such documents will be produced, confirming that it is not limiting to final license documents. Arbutus also agreed to get back to Moderna regarding the date ranges it will perform searches. We await Plaintiffs' response, specifying what each Plaintiff will search for, including subject matter and date limitations. We also await your response to our question of whether Plaintiffs are searching their non-custodial repositories, which was not answered in your October 9, 2023 letter. Genevant has not answered Moderna's questions in the context of ESI search terms as to how it is applying date cut-offs based on the dates of licenses. Moderna will not agree to search for or produce documents and communications that Plaintiffs are unwilling to search for and produce themselves. We continue to await your responses on these matters, which were not addressed in your letter.

**KIRKLAND & ELLIS LLP**

Anthony Sheh; Shaelyn K. Dawson
October 25, 2023
Page 6

Vaccine and has included Mike Smith as a custodian. It is extremely burdensome and not proportional to the needs of the case for Moderna to conduct additional searches and review to determine which documents could constitute "conception, reduction to practice, research, or development" of an unasserted patent.

Regarding RFP No. 162, we disagree with your assertion that the Request relates to encapsulation and thus copying. You did not dispute that the Patents-in-Suit have no claims relating to a mixer or a mixing process, let alone any specific method of encapsulating mRNA. To the extent you assert the Request relates to encapsulation, as previously stated, Moderna is already producing documents relating to the characterization of Moderna's COVID-19 Vaccine as to % RNA encapsulation. Moderna will not entertain Plaintiffs' troubling and improper fishing expedition which has no relevance to the asserted patents.

Regarding RFP Nos. 163–165 and 167, we disagree with your alleged relevancy based on copying, as explained above. As we noted during the meet-and-confer, these Requests are overly burdensome and irrelevant, especially because they encompass various products not accused of infringement. As you know, Moderna has already produced documents relating to the BLA, EUA, and IND for Moderna's COVID-19 Vaccine.

Regarding RFP No. 168, we are working to ascertain whether we can collect underlying raw data for lipid content testing, which, as mentioned during the meet-and-confer, is difficult because these documents require manual collection. We will write back soon with an update on our investigations.

Regarding RFP No. 170, you represented Plaintiffs were not asking Moderna to add Noubar Afeyan as a new ESI custodian. You appear to concede in your October 9, 2023 letter that this Request is encompassed by and duplicative of RFP No. 169. To the extent Moderna's ESI searches hit on any non-privileged documents relating to due diligence or valuation of any of the Patents-in-Suit and/or related applications, we confirm these documents will be produced in response to at least RFP No. 169. We trust that this resolves any purported concerns.

Regarding RFP No. 171, please confirm whether Plaintiffs will produce the same information in response to Moderna's RFPs. Your letter does not provide a response to our question during the meet-and-confer.

Regarding RFP No. 172, you alleged the requested documents are relevant to Section 1498, but failed to provide any specific reasons other than Plaintiffs' thought it was "curious" that the U.S. government entered a statement of interest. This is not a valid ground for discovery. To be clear, we did not acknowledge the relevance of this Request, and note that this Request seeks post-filing communications, which is beyond the scope of the what the parties agreed to collect and produce. Moderna does not agree to Plaintiffs' attempt to unilaterally expand the scope of email discovery.

Regardless, to respond to Plaintiffs' questions during the meet-and-confer, Moderna confirms [REDACTED]

## KIRKLAND & ELLIS LLP

Anthony Sheh; Shaelyn K. Dawson
October 25, 2023
Page 7

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Regarding Plaintiffs' request for Moderna to "produce any common interest agreement in has with the U.S. government, to the extent that it exists in a written form" Plaintiffs provide no basis for requesting this.

                      Sincerely,

                      */s/ Mark C. McLennan*
                      Mark C. McLennan