# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH<br><br>    *Plaintiffs*,<br><br> v.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>    *Defendants*. | C.A. No. 22-252-MSG |

**DECLARATION OF PETE ZORN**
**IN SUPPORT OF JOINT MOTION TO SEAL**

I, Pete Zorn, hereby declare as follows:

1. I am the President and Chief Legal Officer of Genevant Sciences, Inc. ("Genevant"). I am familiar with Genevant's collaborations with third parties to develop nucleic acid medicines comprising Genevant's lipid nanoparticle ("LNP") technology. I am also familiar with the personnel who are involved in Genevant's patent filing and prosecution activities. I am familiar with the fact that Genevant maintains information regarding Genevant's collaborations with third parties and regarding the filing and prosecution of patent applications as confidential and I am familiar with Genevant's efforts to protect its own confidential information and the confidential information of third parties in its possession. I have personal knowledge of the facts stated in this declaration and have become aware of such facts through my roles with Genevant. If called upon to testify, I could and would competently testify thereto.

2. I write this declaration in support of Plaintiffs' request to avoid disclosure of sensitive and confidential information on the public record. I discuss below how and why Genevant keeps information regarding its work with third parties and information regarding its patent filing and prosecution activities confidential and the serious harm that would result to Genevant from disclosure of this information to the public.

3. I have been provided and have reviewed the information that Plaintiffs propose to have remained sealed/redacted that were filed as exhibits to Moderna's Opposition to Plaintiffs' Motion to Compel, filed under seal on January 17, 2024, specifically Exhibits F, K, M, and N thereto. I have also been provided with a copy of Moderna's Opposition, which Plaintiffs propose to have remained sealed and/or redacted in part.

4. As I describe below, Exhibit F is a confidential letter from Genevant's counsel to counsel for Moderna that includes information about the documents that Genevant is producing in

2

this case, Exhibit K is Genevant's response to Moderna's Request for Admission that contains a confidential discussion regarding Plaintiffs' agreement, Exhibit M is a confidential communication from Plaintiffs' counsel regarding a patent application, and Exhibit N is a confidential communication between certain individuals at Arbutus and Roivant, some of whom later became Genevant employees, regarding a license agreement that Genevant entered into with a third party.

5. Exhibit F is a confidential letter from Genevant's counsel to counsel for Moderna that includes information about the documents that Genevant is producing in this case. The letter discloses specific details about Genevant's licensing communications and its protection for third-party confidentiality obligations in this case, the disclosure of which could potentially interfere with Genevant's business and collaborations with third parties. Plaintiffs seek to redact lines 2–3 on page 5 of the PDF exhibit.

6. Exhibit K contains Genevant's response to Moderna's Requests for Admission relating to Roivant Sciences Ltd.'s entitlement to receive reimbursement for its costs and expenses, including legal fees, that it, or any of its affiliates, incurs in connection with this litigation. Genevant's response discloses specific information regarding a commercial agreement that has been entered into between Plaintiffs. Plaintiffs seek to redact lines 5–9 on page 5 of the PDF exhibit.

7. Exhibit M is a confidential communication from a Patent Specialist at Kilpatrick Townsend & Stockton LLP, on which I am copied, regarding a patent application related to the Patents-in-Suit. Kilpatrick Townsend & Stockton LLP is counsel for Plaintiffs regarding the prosecution of certain patents, and this communication includes a discussion of an application filed by Genevant, including specifically discussion regarding the payment of an Issue Fee and a

Notice of Allowance from the U.S. Patent Office. Genevant's approach to its patent filing and prosecution, including the specific individuals and entities who participate in these activities, are confidential business information. Plaintiffs seek to redact lines 4–7, 16, and 24–25 on Page 2 of the PDF exhibit.

8. Exhibit N is a confidential email chain between individuals, some of whom became Genevant employees, that includes details of the confidential discussions regarding a licensing agreement that was subsequently entered into between Genevant and a third party. This discussion reflects confidential information of the third party, the disclosure of which would be disruptive to Genevant's business relationships. This discussion also reflects Genevant's confidential business information regarding its licensing strategies. Plaintiffs seek to redact lines 3–6, 9–10, 14, 17–20, and 23–33 on Page 2; lines 1, 5–6, and 8–44 on Page 3; and lines 1 and 3-11 on Page 4, all with respect to the PDF exhibit.

9. Moderna's Opposition refers to Plaintiffs' confidential internal material including describing the above confidential business information of Genevant and third parties. Plaintiffs seek to redact a portion of lines 3–4 of Footnote 4 on page 3 referring to or reflecting this confidential technical and/or business information.

10. Genevant considers information about its process and approach to patent filing and prosecution to be confidential. Included as part of its patent process and approach are the specific individuals who participate in pursuing intellectual property protection through the filing and prosecution of patent applications. It is critical to Genevant that the Court maintain under seal/redact Genevant's confidential information. Genevant's maintenance of its confidential information related to its patent filing and prosecution activities is ongoing.

11. Genevant and its predecessors conduct negotiations and collaborations with third parties pursuant to confidentiality and non-disclosure agreements which obligates them to keep confidential information received from such third parties confidential. It is critical to Genevant that the Court maintain under seal Genevant's confidential information and confidential information of its third-party collaborators. Genevant has spent substantial amounts of time and money developing and maintaining these confidential relationships with third parties regarding LNP research and development, and Genevant's current and future collaborations would be harmed by the disclosure of this confidential business and/or technical information. Genevant's collaborations and negotiations with third parties are ongoing.

12. Genevant takes measures to maintain the confidentiality of its patent filing and prosecution activities and the confidential information of third parties. Employees of Genevant enter into confidentiality obligations as part of their employment and are periodically reminded of their obligations and that confidential information is to be maintained in confidence.

13. The information Plaintiffs seek to have remain under seal/redacted is confidential and sensitive information that Genevant does not disclose publicly and wishes to remain confidential. Genevant continues to pursue collaborative relationships with third parties in connection with the research, development, and potential future sale of products related to LNP technology, which is a highly competitive area. Genevant also continues to pursue appropriate intellectual property protection to cover its inventions regarding LNP technology. Genevant has spent significant resources to pursue the appropriate intellectual property to protect its inventions and to build collaborative relationships with other third parties, and the release of confidential information regarding these efforts to the public, including Genevant's competitors, would significantly harm Genevant.

14. I have more than 20 years of experience in the pharmaceutical industry, substantially all of which includes working to establish business relationships with other companies and serving in a senior legal capacity with general management responsibility for patent matters. Based on my personal knowledge and experience, I believe that disclosure of this information would significantly harm Genevant by revealing confidential information to its competitors and the public generally, and by interfering with Genevant's ability to collaborate with third parties in developing nucleic acid medicines using Genevant's LNP technology. If the confidential information were made public, Genevant's competitors would gain an unfair advantage with respect to understanding Genevant's business strategies and that of Genevant's third-party collaborator. Genevant's competitors would gain a significant advantage in creating their own business strategies, which would put Genevant and its third-party collaborator at a significant competitive disadvantage, causing them real and serious harm.

*   *   *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: January 24, 2024

DocuSigned by:

Pete Zorn

6