# EXHIBIT F

LAW OFFICES

## WILLIAMS & CONNOLLY LLP®

PHILIP N. HAUNSCHILD
(202) 434-5979
phaunschild@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 19, 2023

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

<u>**Via Email**</u>

Mark C. McLennan
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 909-3451
mark.mclennan@kirkland.com

> Re:   *Arbutus Biopharma Corporation and Genevant Sciences GmbH v. Moderna, Inc.
> and ModernaTX, Inc.*, Case 1:22-cv-00252-MSG (D. Del.)

Dear Mark:

We write in response to Moderna's September 7, 2023 letter regarding Plaintiffs' responses to Moderna's First Set of Interrogatories (Nos. 1–7) and First Set of RFPs (Nos. 1–100).

## I.    Plaintiffs' Interrogatory Responses

### A.  Interrogatory No. 3



WILLIAMS & CONNOLLY LLP®

October 19, 2023
Page 2 of 10

**HIGHLY CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY**



## II.    Plaintiffs' RFP Responses

### A.   General Issues

*Third-Party Confidentiality*:  As we have noted in our October 10, 2023 email, Plaintiffs intend to redact third-party confidential information that is otherwise not responsive or relevant to the subjects in dispute, or the categories of documents that Plaintiffs have agreed to produce. Moderna has requested, and Plaintiffs have agreed to produce, documents spanning decades of work, across at least five different companies, and Plaintiffs and their predecessors have entered into hundreds of agreements that contain confidentiality obligations over that period of time. Plaintiffs do not intend to engage in an unnecessary and unduly burdensome exercise of obtaining disclosure from every party whose otherwise irrelevant information appears in documents that Plaintiffs have agreed to produce.  As evidenced by at least Moderna's search terms and Plaintiffs'

WILLIAMS & CONNOLLY LLP®

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

response to Moderna's Interrogatory No. 3, Plaintiffs have already identified implicated third parties and Moderna is aware of them.  To the extent that Moderna has specific questions regarding any redactions, Plaintiffs are willing to discuss such redactions with Moderna.



WILLIAMS & CONNOLLY LLP®

October 19, 2023                                    **HIGHLY CONFIDENTIAL**
Page 4 of 10                               **OUTSIDE COUNSEL'S EYES ONLY**



### B.  Specific RFP Responses

*RFP No. 2.*  Plaintiffs have agreed to produce ███████████████████████ as defined in prior correspondence, in addition to the ██████████████████  These categories of documents are more than sufficient to satisfy Moderna's asserted bases of relevance in requesting these documents.  Given the number of Plaintiffs' third-party collaborators and Plaintiffs' corresponding obligations of confidentiality, Moderna's request to go beyond the broad categories Plaintiffs have already agreed to produce is not a proportional means to seek relevant information to the disputed issues in this case, particularly given that the approach to licensing from Arbutus and other predecessors does not define Genevant's licensing approach, for which Plaintiffs have agreed to produce relevant documents.  Further, as identified in Plaintiffs' separate correspondence regarding the search terms that Plaintiffs are using for their search, Plaintiffs are conducting a search for documents that hit on the designated terms for each of the patents-in-suit (Search Term I-11)  To the extent that documents identified during this search are responsive to a category of documents that Plaintiffs have already agreed to produce, Plaintiffs will be doing so.

WILLIAMS & CONNOLLY LLP®

October 19, 2023
Page 10 of 10

**HIGHLY CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY**



Sincerely,

Philip N. Haunschild

cc: Counsel of Record