IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | **Redacted - Public Version** |
| | ) | C.A. No. 22-252 (MSG) |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| MODERNA, INC. and MODERNATX, INC. | ) ) | |
| Defendants. | ) ) | |

**LETTER TO THE HONORABLE MITCHELL S. GOLDBERG
REGARDING MODERNA'S MOTION TO COMPEL DISCOVERY FROM
<u>ROIVANT SCIENCES LTD.</u>**

*OF COUNSEL*:

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Mark C. McLennan
Caitlin Dean
N. Kaye Horstman
Shaoyao Yu
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA  02116
(617) 385-7500

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
(415) 439-1400

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*

February 22, 2024

Dear Judge Goldberg:

Moderna moves for production of the following relevant information unique to Roivant Sciences Ltd. ("Roivant"), ███████████████ [1] communications from at least Jan. 1, 2018 to present across limited Roivant custodians relating to the Patents-in-Suit or infringement actions against Moderna relating to Moderna's COVID-19 Vaccine, Spikevax®; [2] non-public investors presentations from Roivant's centralized repository referring to the Patents-in-Suit, Moderna, Spikevax®, or this action; [3] documents and communications concerning Roivant's involvement in the decision to file suit against Moderna; [4] communications between Roivant and third parties relating to Moderna, Spikevax®, or this action; and [5] Roivant's Board materials that discuss the Patents-in-Suit, Moderna, Spikevax®, or infringement actions against Moderna. Moderna and Roivant have agreed to raise this dispute through the Court's discovery dispute procedures rather than through a separate action. Moderna also seeks Roivant's compliance with either the ESI Order (D.I. 111) or Delaware's Default Standard, including logging documents pre-dating the complaint (Feb. 28, 2022) that are withheld on the basis of privilege.

**Roivant is not a disinterested third party, and has not articulated any undue burden.** Moderna served a subpoena on Roivant on July 31, 2023. Ex-A. Roivant responded on Aug. 31, 2023. Ex-B. Contrary to any argument by Roivant, it is *not* a disinterested third party. Roivant is Genevant's parent and owns 10% or more of Arbutus stock. D.I. 143. Genevant's Designated In-House Counsel includes Lindsay Androski, President and CEO of *Roivant* Social Ventures, who attended the *Markman* hearing. Ex-I, D.I. 220 at 4:6-21. The day Plaintiffs sued Moderna, Roivant issued a 6 am EST press release, and hosted a live webcast as Genevant's main shareholder. Ex-K. Roivant also posted a presentation analyzing Spikevax® vis-à-vis claims of the Patents-in-Suit and discussing "Next Steps." Ex-L at 8, 9, 11. Indeed, Genevant has admitted ███████████████████████████████████████████████████████ Ex-M at 4-6.

While Roivant has made vague allegations of burden (Ex-C at 2; Ex-E at 3), such burden must be balanced with the relevance of the limited volume of Roivant-unique documents Moderna seeks. *New Atl. Venture Fund III, L.P. v. Vir2us, Inc.*, No. 15-162, 2016 WL 3583797, at *2-3 (D. Del. June 30, 2016) (allowing non-party discovery of "highly relevant information necessary to support the issues of patent infringement and reasonable royalty damages"); *see also Culliver v. Ctr. for Toxicology & Env't Health LLC*, No. 21-4942, 2022 WL 475185, at *4 (N.D. Fla. Feb. 16, 2022) (undue burden inquiry for non-party viewed under different lens when non-party "is not truly disinterested"); *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 13-1053, 2019 WL 5864595, at *4 (D.D.C. Nov. 8, 2019) (nonparty "involved with the underlying factual issues" is "far from a disinterested bystander"). Roivant is represented by Williams & Connolly LLP, which also represents Genevant. Because of this shared counsel, Roivant has repeatedly engaged in quid pro quo, stating that it will produce responsive documents it admits exist *if and only if* Moderna produces "the same discovery" *to Plaintiffs*. Ex-H at 6, 7; Ex-D at 2. Roivant has neither provided nor identified any authority that supports its compliance as a "third party" to a Rule 45 subpoena can be contingent on obtaining overly broad discovery from Moderna *on behalf of* Genevant. The discovery Plaintiffs seek from Moderna is far from "the same." Moderna accordingly seeks the Court's assistance to obtain the following five relevant, targeted categories of information:

**Category [1] (RFPs 1 & 2).** Plaintiffs' production confirms Roivant was involved in ███████████████████████████████████████████████████████

Patents-in-Suit. Ex-N; Ex-P ███████████████████████████████████████████
███████████████ Ex-Q ████████████████████████████████████████████████████
██████████ which was forwarded to Arbutus). Moderna thus seeks Roivant-unique non-privileged documents discussing the Patents-in-Suit (*e.g.*, valuation, diligence, negotiations of license agreements; claim scope). Such information is relevant to Plaintiffs' infringement allegations and wildly inflated damages claim (D.I. 212-9), including hypothetical negotiation considerations and reasonable royalty analysis. *Acceleration Bay LLC v. Activision Blizzard, Inc.*, No. 16-453, 2018 WL 798731, at *3 (D. Del. Feb. 9, 2018); *cf. Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1327 (Fed. Cir. 2014) (reasonable royalty requires court to tie proof of damages to claimed invention's marketplace footprint); *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324-25 (Fed. Cir. 2009) (hypothetical negotiation attempts to ascertain royalty that parties would have agreed on if they successfully negotiated an agreement before infringement began). Plaintiffs have sought similar communications from Moderna, further highlighting their relevance. *See* D.I. 206.

Roivant has not denied the relevance of the information sought, but claims burden. Moderna offered to limit the date from Jan. 1, 2018 to present based on Roivant's and Arbutus's Apr. 11, 2018 launch of Genevant. Although Moderna was unable to assess dates Roivant is likely to have discoverable communications, Moderna's proposed range extends just prior to Genevant's launch, *e.g.*, including Roivant's investment in patent portfolio(s) including the Patents-in-Suit. Ex-R at 6. Roivant limited the front-end cut-off to Apr. 1, 2018 without explanation. Ex-R at 3. Roivant identified Kunal Kishnani from whom it would collect custodial records (both emails and non-email documents). However, Mr. Kishnani was employed at Roivant only from Nov. 2017 to Apr. 2018 and June 2019 to Dec. 2020. Ex-S. Moderna asked Roivant to identify one or more custodians to fill in the gaps of his employment. Ex-R at 6-7. Although Roivant admitted there were other custodians who may have responsive documents (*Id.* at 3-4), it refused to identify another custodian, claiming such information would be "duplicative" of information Moderna is purportedly already receiving from Plaintiffs or Mr. Kishnani. Roivant's position is nonsensical. As Mr. Kishnani was not employed consistently at Roivant, another custodian's information during the periods he was not at Roivant could not be duplicative of Mr. Kishnani's documents or documents from Plaintiffs. Roivant has never articulated the burden or volume of custodial information at issue, and should produce documents sought by Category [1].

**Category [2] (RFP 7).** Here, Moderna only seeks non-public, Roivant-unique investor presentations referring to Spikevax®, Moderna, or this action. Roivant conditioned production of its investor presentations, contained in Roivant's centralized repository, ***only if*** Moderna would agree to provide "the same discovery" to Plaintiffs. Ex-H at 6. That is, Roivant ***refuses*** to produce non-privileged, relevant information, for which it has alleged no burden for production, unless Moderna provides investor communications to Plaintiffs. As to Plaintiffs' RFP 171 (the language for which is virtually identical to RFP 7), Moderna already confirmed non-privileged documents and communications that hit on the agreed-upon search terms and custodians have or will be produced. The only basis Roivant has for refusing to produce information for RFP 7 is therefore moot. Roivant should produce the limited volume of documents sought by Category [2].

**Category [3] (RFP 12).** Roivant refuses to produce documents and communications regarding Roivant's involvement in the decision to file suit against Moderna on the basis of privilege. Ex-R at 5. Roivant argues that Moderna is receiving discovery from Plaintiffs. Ex-H at 6. However, documents that Plaintiffs have produced to Moderna shows that ███████████████████
███████████████████████████████████████████████████████████████████████

Ex-O (Plaintiffs' licensee noting ███████████████████████████████████
████████████████████████████████████████████████████ Roivant has provided no authority as to why it can unilaterally refuse to search and produce information based on the belief that a majority of documents are privileged, especially when these documents are dated pre-suit. The Federal Rules run contrary to Roivant's position. Fed. R. Civ. P. 45(e)(2); Fed. R. Civ. P. 26(b)(5).

Relatedly, Roivant has taken an ever-shifting position as to what communications it intends to log on a privilege log. Initially, Roivant only objected to providing a privilege log for documents generated post-complaint. Ex-B at 2; Ex-C at 1-2. Roivant then backtracked, stating it would log pre-complaint documents except those "involving outside counsel." Ex-D at 1. Roivant stated if it "had any communications with [Plaintiffs'] litigation counsel for this action [pre-complaint], or regarding the IPRs that Moderna filed against Plaintiffs' patents, identifying and logging any such communications would not be proportional, given the irrelevance." Ex-F at 1. Such pre-complaint information is entirely relevant, especially if it concerned validity of the Patents-in-Suit. Ex-G at 1-2. Moderna asked Roivant to confirm what it would log, and that it was complying with this case's ESI Order (D.I. 111) or Delaware's Default Standard. To date, Roivant refuses to confirm, merely arguing it would "revisit the issue." That is not sufficient clarity. Fed. R. Civ. P. 45(e)(2); Fed. R. Civ. P. 26(b)(5); *Veroblue Farms USA, Inc. v. Wulf*, No. 21-MC-00016, 2021 WL 1979047, at *4-5 (D. Colo. May 18, 2021) (party cannot "invoke a privilege based on 'mere conclusory or ipse dixit assertions'"). Roivant should be compelled to produce Category [3] documents and log pre-Feb. 28, 2022 communications.

**Category [4] (RFP 16).** While this category may include "investor communications," which would be related to Category [2] (RFP 7) above, this RFP is not so limited. Rather, RFP 16 seeks communications with third parties, such as lobbyists or political consultants. Indeed, Plaintiffs' production shows that Roivant had been involved with campaigns against Moderna. Ex-J ████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ Roivant-unique communications with third parties about Spikevax® are relevant to the hypothetical negotiation, and *Georgia Pacific* Factors 10 (nature and benefits of patented invention) and 11 (extent to which accused infringer made use of invention). *Georgia–Pacific Corp. v. U.S. Plywood Corp.*, 318 F.Supp. 1116, 1120 (S.D.N.Y. 1970). Roivant does not dispute Moderna's multiple bases for relevance. As this RFP is tailored to only seek communications with third parties relating to Moderna, Spikevax®, or this action, Roivant should be compelled to produce such Category [4] documents.

**Category [5].** Finally, where Roivant's Board materials discuss the Patents-in-Suit (*e.g.*, their valuations) or Moderna (including Spikevax® or this action), such information would be encompassed by Roivant's own definition of Valuation Documents (Ex-B at 8; Ex-F at 1) and responsive to RFPs 1, 2, and 7. Such information is also directly relevant to Moderna's defenses against Plaintiffs and would solely be in Roivant's possession, custody, or control. Moderna sought clarification that Roivant was searching its Board materials as part of a reasonable investigation to Moderna's subpoena. Roivant has not articulated any burden, but again refused to provide discovery unless Moderna provided "the same discovery" to Plaintiffs. But while Moderna seeks a ***subset*** of Roivant Board documents concerning the Patents-in-Suit or Moderna, Plaintiffs' request for Moderna Board documents effectively sought ***all*** Moderna Board documents without limitation. Ex-R at 1. This is not "the same" discovery. Roivant should confirm it will search and produce Board materials concerning the Patents-in-Suit or Moderna.

Respectfully,

*/s/  Travis J. Murray*

Travis Murray (#6882)

cc:    Roivant and Moderna Counsel of Record (via CM/ECF and electronic mail)

# EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
District of Delaware

| | | |
|---|---|---|
| Arbutus Biopharma Corp.,Genevant Sciences GmbH | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  C.A. No. 22-252-MSG |
| Moderna, Inc. and ModernaTX, Inc. | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      Roivant Sciences Ltd., Suite 1, 3rd Floor 11-12 St. James's Square, London SW1Y 4LB, United Kingdom
c/o Williams & Connolly LLP, 680 Main Avenue SW, Washington DC 20024

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, NY 10022 | Date and Time:<br><br>09/22/2023 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      07/31/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | /s/ Mark McLennan |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Moderna, Inc. & ModernaTX, Inc. _____ , who issues or requests this subpoena, are:

Mark McLennan, Kirkland & Ellis LLP, 601 Lexingon Ave., NY, NY 10022, mark.mclennan@kirkland.com,  212-446-4800

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   C.A. No. 22-252-MSG

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A—REQUESTS FOR PRODUCTION

### DEFINITIONS

1.      "You," "Your," or "Roivant" shall, unless otherwise noted, refer to Roivant Sciences Ltd., and includes (i) any and all predecessors-in-name; (ii) any and all past or present, domestic or foreign parents, sisters, affiliates, subsidiaries (owned in whole or part, at any time), partnerships, joint ventures, predecessors-in-interest, successors-in interest, divisions, departments, corporate subunits, foundations, organizations, or other business entities of any of the foregoing; and (iii) any and all past and present officers, directors, agents, Employees, consultants, attorneys, and other Persons or entities acting or purporting to act on behalf of any of the foregoing.

2.      "Genevant" shall, unless otherwise noted, refer to Genevant Sciences GmbH, and includes (i) any and all predecessors-in-name and (ii) any and all parents, sisters, affiliates, subsidiaries (owned in whole or part, at any time) joint ventures, predecessors-in-interest, successors-in interest, including Genevant Sciences Ltd., Genevant Sciences, Inc., or Genevant Sciences Corporation.

3.      "Arbutus" shall, unless otherwise noted, refer to Arbutus Biopharma Corporation, and includes (i) any and all predecessors-in-name and (ii) any and all past or present, domestic or foreign parents, sisters, affiliates, subsidiaries (owned in whole or part, at any time), predecessors-in-interest, and successors-in interest, including Tekmira Pharmaceuticals Corporation.

4.      "Moderna" means Moderna, Inc. and ModernaTX, Inc., individually or collectively.

1

5.      "Moderna's COVID-19 Vaccine" shall mean Moderna's mRNA-1273 COVID-19 vaccine.

6.      "LNP" shall mean lipid nanoparticle.

7.      "This Action" refers to *Arbutus Biopharma Corp. v. Moderna, Inc.*, No. 1:22-cv-00252 (D. Del.).

8.      "Patents-in-Suit" means U.S. Patent Nos. 8,058,069, 8,492,359, 8,822,668, 9,364,435, 9,504,651, and 11,141,378, and any others that are asserted against Moderna in This Action, and the respective patent applications, including any applications to which they claim priority, that led to each.

9.      "Related Applications" means any patent or patent application that claims priority from the Patents-in-Suit and any patent or patent application from which a claim of priority has been made in the Patents-in-Suit, including any divisional, continuation, CPA, or CIP application, any reissue, reexamination or extension thereof, any foreign counterpart application, and any patent issuing from any of the foregoing.

10.      "Person" shall mean any natural person, alive or deceased, and any business, legal or governmental entity or association.

11.      "Employee" means any director, trustee, officer, employee, partner, corporate parent, subsidiary, affiliate, or servant of the designated entity, whether active or retired, full-time or part-time, current or former, and compensated or not.

12.      "Documents" shall mean all materials, as defined in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, any handwritten, printed, typed, recorded photographic, and computer-generated materials of any kind or nature, however produced or reproduced, as well as material stored electronically, electromagnetically, mechanically,

optically, and electronic recordings or transcripts thereof, and includes drafts, revisions of drafts, preliminary and preparatory materials, originals, copies, emails, attachments, exhibits, removable notes, and all translations and summaries thereof.

13.     "Communication(s)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise) by oral, written, telephonic, electronic, or any other means.

14.     "Thing" is defined to be synonymous in meaning and equal in scope to the usage of the term "tangible things" in Federal Rule of Civil Procedure 34(a)(1)(B).  This meaning includes any tangible object of any kind and nature other than a Document, including prototypes, models, and physical specimens thereof.

15.     "Date" means the exact day, month, and year, if ascertainable, or, if not, the closest approximation thereto that can be made by means of a relationship to other events, locations, or matters.  Identify each instance in which the given date is an approximation, and state Your bases for making such approximation.

16.     The term "including" or "includes" shall mean including without limitation.

17.     The terms "concerning" and "relating to" shall mean, in whole or in part, referring to, describing, evidencing, constituting, containing, comprising, referring to, embodying, connected to, reflecting, analyzing, showing, discussing, identifying, illustrating, stating, regarding, supporting, refuting, rebutting, responding to, commenting on, evaluating, about, in respect of, mentioning, dealing with, or in any way pertaining to, either explicitly or implicitly.

18.     The singular form of each word shall be interpreted in the plural, and vice versa, so as to give each request the broadest possible scope.

19.     Regardless of the tense employed, all verbs shall be read as applying to past, present, and future as necessary to make any phrase more, rather than less, inclusive.

20.     The conjunctives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

21.     The terms "all," "each," and "any" shall be construed as all and any.

## INSTRUCTIONS

1.     These Requests are to be responded to in accordance with the definitions and instructions provided herein.  In the event that You do not understand a Request, the definition of a term, or the meaning of an instruction, You should immediately seek clarification from counsel for Moderna.

2.     A separate answer should be given to each Request.

3.     These Requests are intended to cover all Documents in Your possession, custody or control, whether located at any of Your offices, or at the offices of Your successors or assigns, accountants, agents, Employees, directors, officers, representatives, attorneys, assistants, bankers, brokers, or others, or at any other place.  Documents to be produced include Documents in Your possession, custody, or control, wherever located.

4.     Documents shall be produced as they are maintained in the ordinary course of business.  All associated file labels, file headings, and file folders shall be produced together with the responsive Documents and Things from each file.

5.     Electronic materials shall be produced in accordance with the Federal Rules of Civil Procedure and any applicable standards adopted by the United States District Court for the District of Delaware, unless otherwise agreed to in writing by counsel for Moderna .

6.     If You have any good faith objection(s) to any Request or any part thereof, the specific nature of the objection and whether it applies to the entire Request or to part of the

4

Request shall be stated.  If there is an objection to any part of a Request, then the part objected to should be identified, and Documents responsive to the part that is not objected to shall be produced.

7.      If any of the requested Documents cannot be disclosed or produced in full, produce the Documents to the extent possible, and specify Your reasons for Your inability to produce the remainder, stating whatever information, knowledge or belief You have concerning the unproduced portions.

8.      If any responsive Document or Thing is not produced on the grounds of the attorney client privilege, work product immunity, or any other applicable privilege or immunity, You shall identify the Document by providing the Date of the Document; the names of all authors, addressees, and recipients; a summary of the contents of the general subject matter of the Document; and the basis for withholding the Document.  To the extent that only a portion of a Document is claimed to be privileged, the non-privileged portions of the Document should be produced, and information set forth above should be provided with respect to the redacted portions of the Document.

9.      To the extent that You are aware of any Document that would be responsive to any of these Requests, but is no longer in existence, identify such Document and the circumstances surrounding its destruction or loss.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Communications relating to the Patents-in-Suit, Related Applications, and/or patent infringement actions (actual or contemplated) against Moderna in relation to Moderna's COVID-19 Vaccine, including This Action.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning any due diligence or valuation of the Patents-in-Suit and/or Related Applications (or of an intellectual property portfolio that includes one or more of the Patents-in-Suit), including when You acquired a financial or ownership interest in the Patents-in-Suit and/or Related Applications.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Things concerning any opinion, assessment, or evaluation regarding the value, patentability, enforceability, validity, claim scope, and/or infringement of one or more of the Patents-in-Suit and/or Related Applications.

**REQUEST FOR PRODUCTION NO. 4:**

Documents sufficient to identify Your rights and/or interests in the Patents-in-Suit and/or Related Applications, including past and current rights and interests.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents relating to valuations or projections of royalty or license fees or rates, potential royalty or license fees or rates, upfront payments, and/or milestones related to one or more of the Patents-in-Suit and/or Related Applications.

**REQUEST FOR PRODUCTION NO. 6:**

All Documents and Things concerning analysis (including testing and data collection) and monitoring of Moderna's COVID-19 Vaccine or other LNP products developed or commercialized by Moderna.

**REQUEST FOR PRODUCTION NO. 7:**

All Documents and Things related to monthly, quarterly, or otherwise periodic investor updates, market updates, or internal company monitoring alerts concerning the Patents-in-Suit

and/or Related Applications, This Action, Moderna's COVID-19 Vaccine, or other LNP products commercialized by Moderna.

**REQUEST FOR PRODUCTION NO. 8:**

Appendices A through H and Exhibits A through C identified as part of the Master Contribution and Share Subscription Agreement by and among Genevant Sciences Ltd., Arbutus Biopharma Corporation, and Roivant Sciences Ltd. dated April 11, 2018.[1]

**REQUEST FOR PRODUCTION NO. 9:**

Documents sufficient to identify Your ownership interest (including the amount or percentage) or control in Genevant and/or in Arbutus.[2]

**REQUEST FOR PRODUCTION NO. 10:**

Documents sufficient to identify Genevant's and/or Arbutus' ownership interest(s) (including the amount or percentage) or control in Roivant.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and Communications concerning any litigation funding, investment, or financing arrangements You have with Genevant and/or Arbutus concerning This Action, the Patents-in-Suit, and/or Related Applications.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents and Communications concerning any involvement by Roivant in the decision to file suit against Moderna in This Action, including the timing of filing suit.

---

[1] *See* https://www.sec.gov/Archives/edgar/data/1447028/000162828018005886/exhibit101genevantma sterag.htm.

[2] *See* https://www.sec.gov/Archives/edgar/data/1447028/000144702820000118/R11.htm ("In connection with the recapitalization, the three parties entered into an Amended and Restated Shareholders Agreement that provides Roivant with substantial control of Genevant.").

**REQUEST FOR PRODUCTION NO. 13:**

Documents sufficient to show all Your investment, capitalization, recapitalization, and contributions, whether financial, equity, or otherwise, made to Genevant and/or to Arbutus.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify the amount or percentage of proceeds You expect or are entitled to receive if Genevant and Arbutus prevail in This Action.[3]

**REQUEST FOR PRODUCTION NO. 15:**

All agreements and licenses (including sub-licenses and intellectual property transfer agreements or assignments and any corresponding amendments, supplements, appendices, attachments, and exhibits thereto) and related negotiations between You and Genevant and/or Arbutus concerning LNP technology and/or the Patents-in-Suit or Related Applications, including but not limited to the Intellectual Property Security Agreement between Genevant and Roivant dated March 27, 2020.

**REQUEST FOR PRODUCTION NO. 16:**

Communications between You and third parties relating to Moderna or Moderna's COVID-19 Vaccine, or This Action (including the U.S. Government's Statement of Interest (filed February 14, 2023 at D.I. 49) and/or Contract No. W911QY20C0100 between Moderna and U.S. Government).

---

[3] *See* https://www.sec.gov/Archives/edgar/data/1635088/000119312521365107/d268332dex1037.htm ("The Parties shall share in the proceeds from any Infringement Action … including settlements thereof (the 'Proceeds'), as follows: … (B) Roivant Sciences. or any of its Affiliates").

# **PROTECTIVE ORDER**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARBUTUS BIOPHARMA CORPORATION )
and GENEVANT SCIENCES GmbH, )
                                )
               Plaintiffs, )
                                )
       v.                          )   C.A. No. 22-252 (MSG)
                                )
MODERNA, INC. and MODERNATX, INC. )
                                )
            Defendants. )
MODERNA, INC. and MODERNATX, INC., )
                                )
       Counterclaim-Plaintiffs, )
                                )
       v.                          )
                                )
ARBUTUS BIOPHARMA CORPORATION )
and GENEVANT SCIENCES GmbH, )
                                )
     Counterclaim-Defendants. )

## STIPULATED PROTECTIVE ORDER

Disclosure and discovery activity in the above-captioned action may call for the production or disclosure of trade secret or other proprietary or confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c), other private or competitively sensitive information, and/or personally identifiable information for which protection from public disclosure and from use for any purpose other than prosecuting and defending the above-captioned action is warranted. Accordingly, Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH ("Genevant") and Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna") (Plaintiffs and Defendants may be referred to herein as individually as a "Party," or collectively as the "Parties"), hereby stipulate to and ask the Court to enter this Stipulated Protective Order ("Order") pursuant to Fed. R. Civ. P. 26(c) and Fed. R. Evid. 502(d).

The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

# I.  DEFINITIONS

1.1  <u>Challenging Party</u> means a Party or Non-Party that challenges the designation of information or items under this Order.

1.2  <u>"CONFIDENTIAL" Material</u> means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "CONFIDENTIAL," based on the Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals information or material not generally known and which the Producing Party would normally not reveal to third parties, including but not limited to:

(a)  Confidential business information;

(b)  Sales figures and projections, which will be designated "CONFIDENTIAL";

(c)  the lipid molar ratio of the Accused Products and the lipid molar ratio of products developed or licensed by Plaintiffs (for clarity, the lipid molar ratio itself will be treated CONFIDENTIAL, but not necessarily documents that disclose such lipid molar ratios, which are to be designated according to the criteria in this paragraph 1.2 and paragraph 1.8);

(d)  Non-public communications with regulators or other governmental bodies that are protected from disclosure by statute or regulation;

(e)  Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, could result in competitive harm to the disclosing party;

(f)  Sensitive, non-public personal, client, or customer information concerning individuals or other entities.

(g)  Information as to which applicable law – foreign or domestic, including but not limited to the EU General Data Protection Regulation – requires the equivalent of

"CONFIDENTIAL" treatment or other protection from unauthorized disclosure as set forth in this Order.

1.3    Counsel (without qualifier) means Outside Counsel and In-House Counsel.

1.4    Designating Party means any Party or Non-Party that designates Discovery Material produced by itself or any other Producing Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

1.5    Designated In-House Counsel means In-House Counsel who seek access to "CONFIDENTIAL" information in this action.  Unless otherwise agreed to by the Parties, Designated In-House Counsel means up to two (2) in-house attorneys for Arbutus, (2) in-house attorneys for Genevant, and two (2) in-house attorneys for Defendants.  Designated In-House Counsel for Genevant may be employed by Genevant Sciences Ltd., Genevant Sciences, Inc., Genevant Sciences Corporation, or Genevant Sciences GmbH.  If Designated In-House Counsel ceases to be employed by the respective party, that party may substitute Designated In-House Counsel with written notice to all other Parties, which shall include the name, job title, and affiliation of the Designated In-House Counsel to be substituted.  In the event of such a substitution, the new Designated In-House Counsel may not receive "CONFIDENTIAL" information for seven (7) days after the notice is provided.  In the event of an objection to the substitution of Designated In-House Counsel during this period, the Parties will meet-and-confer and the objecting party will have seven (7) days after the objection to initiate the applicable dispute resolution mechanism.  Initial Designated In-House counsel, and their present job titles and affiliations, are set forth below:

For Arbutus:

(1)    [To be named at a later date].

- 2 -

(2)     [To be named at a later date].

For Genevant:

(1)     Peter Zorn, President and Chief Legal Officer, Genevant Sciences, Inc.

(2)     [To be named at a later date].

For Defendants:

(1)     [To be named at a later date].

(2)     [To be named at a later date].

1.6     <u>Discovery Material</u> means all items or information, regardless of the medium or manner in which it is generated, stored or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced in this action.

1.7     <u>Expert and/or Consultant</u> means a person with specialized knowledge or experience in a matter pertinent to this action, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or a consultant in this action, and who is not currently an employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.

1.8     <u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material</u> means any Discovery Material a Producing Party has, subject to the provisions of this Order, designated as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" based on the Producing Party's reasonable and good faith belief that the Discovery Material constitutes or reveals:

(a)     Confidential trade secret, know-how, personnel, financial, or other proprietary information the disclosure of which would result in competitive, commercial, of financial harm to the Producing Party or its personnel, clients, or customers;

- 3 -

(b)      Information that is likely to cause harm to the interests of individuals (e.g., research subjects or patients) who are not parties to this litigation.

1.9      <u>In-House Counsel</u> means the individuals listed in Paragraph 1.5.

1.10      <u>Non-Party</u> means any natural person or entity that is not a named Party to this action.

1.11      <u>Outside Counsel</u> means attorneys, along with their paralegals and other support personnel assisting them with this action (including temporary or contract staff, assistants, and other employees of the respective law firms of Outside Counsel), who are not employees of a Party and who have entered an appearance in this action and did not file a notice of withdrawal before February 10, 2023.

1.12      <u>Party</u> means any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support personnel).

1.13      <u>Privileged Material</u> means Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

1.14      <u>Producing Party</u> means any Party or Non-Party that produces Discovery Material in this action.

1.15      <u>Professional Vendors</u> means persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, or processing data in any form or medium) and their employees and subcontractors.

1.16    Protected Material means any Discovery Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

1.17    Receiving Party means any Party or Non-Party that receives Discovery Material from a Producing Party.

## II.    SCOPE

2.1    The protections conferred by this Order cover not only Protected Material, but also:

(a)    Any information copied or extracted from Protected Material;

(b)    All copies, excerpts, summaries, or compilations of Protected Material; and

(c)    Any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

2.2    The protections conferred by this Order do not cover the following information:

(a)    Any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through litigation or otherwise; and

(b)    Any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

(c)    Any use of Protected Material at trial shall be governed by a separate agreement or order.

## III.    DURATION

3.1    The confidentiality obligations imposed by this Order shall remain in effect (including after an order, mandate, or dismissal terminating this action with prejudice) until the

Designating Party agrees otherwise in writing, this Court orders otherwise, or the information is made public by the Designating Party.

## IV.    DESIGNATING PROTECTED MATERIAL

4.1    <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)    <u>For documents in hardcopy form or any other tangible items</u>, that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to each page that contains Protected Material in such a way so as not to obscure any part of the text or content or in a prominent place on the item itself or exterior of the container or containers in which the information or item is stored.

(b)    <u>In the case of electronically stored documents</u>, that the Producing Party note on the image for each document or in the file name when noting on the image is not practicable, in any suitable and readily viewable manner, "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY".  Whenever a Receiving Party to whom electronically stored Discovery Material so designated is produced reduces such information to hard copy form, to the extent such pages have not previously been marked by the Producing Party, such Receiving Party shall mark the hard copy by affixing the designation to such document.

(c)    <u>For deposition transcripts</u>, that the Designating Party or Non-Party identify on the record, before the close of the deposition, all protected testimony and specify the level of protection being asserted.  Alternatively, a Designating Party or Non-Party may specify, at the deposition, or up to 30 days after receipt of the final transcript or recording that (1) the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL'S EYES ONLY"; or (2) the designating Party or Non-Party may designate the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days, subject to any other time periods agreed upon by the Parties and Non-Parties, shall be covered by the provisions of this Protective Order.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and when the entire transcript has not been so designated the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript prepared before the expiration of the 30-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, and any extensions agreed upon by the Parties (and Non-Parties where applicable), the transcript shall be treated only as actually designated.

(d)    For reports created by an Expert or Consultant relying on or incorporating Protected Material in whole or in part, that the Party responsible for its creation include the confidentiality designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" on the report.

- 7 -

4.2     <u>Inadvertent Failures to Designate</u>:  If corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material of the Producing Party learning of the inadvertent failure to designate.  The Party discovering such inadvertent failure to designate must promptly notify counsel for the Receiving Party in writing.  Upon such notification of an inadvertent failure to designate, the Receiving Party must make reasonable efforts to assure the material is treated in accordance with the provisions of this Order and notify the Producing Party of any disclosure of the Protected Material, including identifying the persons or entities to whom the Protected Material was disclosed, within ten (10) days of the notification by the Producing Party.  The Producing Party shall reproduce the Protected Material with the correct confidentiality designation upon its notification to the Receiving Party.  Upon receiving the Protected Material with the correct confidentiality designation, the Receiving Party shall return or securely destroy all Discovery Material that was not designated properly.

A Receiving Party shall not be in breach of this Order for any use of such Discovery Material before the Receiving Party receives notice that such Discovery Material is protected under one of the categories of this Order.

4.3     <u>Upward Designation of Information or Items Produced by Other Parties or Non-Parties</u>:  A Party may upward designate (i.e., change any Discovery Material produced without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" to one of those designations, or change any Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY") any Discovery Material produced by another Party or Non-Party, provided that said Discovery Material contains the upward Designating Party's "CONFIDENTIAL" or

- 8 -

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material, or otherwise is entitled to protective treatment under Federal Rule of Civil Procedure 26(c) or other law, foreign or domestic, such that the upward designation is appropriate under the terms of this Order. Upward designation shall be accomplished by providing written notice to all Parties identifying (by Bates number or other individually identifiable information) the Discovery Material to be re-designated. Any Party may object to the upward designation of Discovery Material pursuant to the procedures set forth in Section V regarding challenging designations.

## V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

5.1    <u>Timing of Challenges</u>:  Any Party or Non-Party may challenge a designation of confidentiality at any time consistent with the Court's Scheduling Order.  A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2    <u>Meet and Confer</u>: If a Party elects to challenge a Designating Party's confidentiality designation, it must do so in good faith and must begin the process by notifying the Designating Party in writing of its challenge and identifying the challenged material with as much specificity as reasonably practical, including for example, by production number, and by providing a basis for the challenge.  The objecting Party and the Designating Party shall, within seven (7) days after service of the written objections, meet and confer concerning the objections, unless otherwise agreed.  The Parties shall meet and confer regarding any challenge to confidentiality designations before raising those disputes with the Court.

5.3    <u>Judicial Intervention</u>:  If the Parties are not able to resolve a dispute about a confidentiality designation during the meet and confer process set forth in Section 5.2, the Party challenging the designation may seek relief promptly from the Court in accordance with its rules and procedures.  At all times, the Designating Party carries the burden of establishing the propriety

of the designation and protection level.  Until the Court rules on the dispute, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation.  In the event the Court rules that the challenged material's designation should be changed, the Designating Party shall reproduce copies of all materials with their designations removed or changed in accordance with the ruling.

## VI. ACCESS TO AND USE OF DISCOVERY MATERIAL

6.1     <u>Basic Principles</u>.  A Receiving Party may access or use Protected Material that is disclosed or produced by a Producing Party only in connection with the prosecution of, defense of, appeal of, attempted settlement of, or the enforcement of insurance rights with respect to this action or any related appellate proceeding.  Except as required by law, Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, contractual demands, or any purpose related to any other investigation or proceeding. With respect to disclosure of Discovery Material as required by law, the party intending to reveal such Discovery Material shall provide reasonable notice and opportunity to object to the party that produced the Discovery Material, unless consent from the party that produced the Discovery Material was previously obtained.  Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Following the termination of this action, each Receiving Party must comply with the provisions of Section 12.1, below.

6.2     This Order does not preclude any Party or Non-Party from using Protected Material with the consent of the Designating Party or by order of the Court.

6.3     The recipient of any Protected Material shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient under all applicable laws to safeguard against unauthorized or inadvertent disclosure of such material to persons or entities not authorized under this Order.

6.4     <u>Disclosure of Confidential Material</u>: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, material designated "CONFIDENTIAL" may be disclosed by a Receiving Party only to the following persons:

(a)     The Receiving Party's Outside Counsel;

(b)     Designated In-House Counsel of the Receiving Party who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A), following the required disclosure procedure set forth in Paragraph 1.5;

(c)     Experts and/or Consultants retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, following the disclosure procedure set forth in Paragraph 6.6, provided that Counsel, in good faith, requires their assistance in connection with this action; and provided further that any part of a report created by such expert or consultant incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation; and provided further that experts or consultants may not use Protected Material for any purpose that does not relate to this action (including but not limited to other litigations and other work in their respective fields);

(d)     The Court and its personnel;

(e)     Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

(f)     Court reporters and/or videographers, their staffs, and Professional Vendors to the extent that such disclosure is reasonably necessary for this action and with respect to

Professional Vendors only, those Professional Vendors must first sign the "Agreement To Be Bound By Protective Order" (Exhibit A);

      (g)    The author, addressees, or recipients of the document, or any other natural person who reviewed or had access to such document during his or her employment as a result of the substantive nature of his or her employment position, or who is specifically identified as an author, addressee, or recipient in the document or its accompanying metadata;

      (h)    Current employees of the Designating Party;

      (i)    During their depositions or other evidentiary action, former employees of the Designating Party to whom disclosure is reasonably necessary, unless otherwise ordered by the Court;

      (j)    Professional jury or trial consultants or mock jurors who have signed the "Agreement To Be Bound By Protective Order" (Exhibit A);

      (k)    Any other person agreed to by the Designating Party in writing; and

      (l)    Any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

    6.5    <u>Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material</u>:  Material produced and marked as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" may be disclosed by the Receiving Party only to individuals identified in Paragraphs 6.4(a), (c)-(l), unless otherwise ordered by the Court or permitted in writing by the Designating Party.

    6.6    Any "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material produced in discovery shall be made available in an electronic format allowing it to be reasonably reviewed and searched.  The Receiving Party's Outside Counsel shall host any

electronically stored "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material at their offices and/or the offices of any data hosting Professional Vendor employed by said Outside Counsel, provided that the following restrictions shall apply:

(a)     Only Outside Counsel of record (and their support staff) and the hosting Professional Vendor employed by said Outside Counsel shall have direct access to the database(s) that store the entirety of the production of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material;

(b)     The Receiving Party shall store "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material in a secure electronic review database in such a manner as to allow the Receiving Party, if needed and with respect to a good-faith allegation of improper disclosure and upon order of the Court, to generate a list of the specific documents by Bates number from a Producing Party that a given individual has accessed or downloaded in the electronic review database.  Outside Counsel shall be required only to track the identity of Outside Counsel who accessed specific documents in a secure electronic review database, but shall not otherwise be required to track Outside Counsel who had access to documents by other means such as a print copy, email, or the like.  For clarity, the Receiving Party shall not be required to log any attorney work product or material subject to Fed. R. Civ. P. 26(b)(4) that cites, excerpts, or otherwise references "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material.  The Receiving Party shall, within a reasonable period of time, provide a copy of this log to the Producing Party upon request after order of the Court;

(c)     The Receiving Party may provide access to "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material to the individuals identified in Section 6.5. Except as otherwise provided herein, the Receiving Party may only provide such access to

- 13 -

"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material to the individuals identified in Paragraphs 6.4 (c), (f), (j), and (k) through a secured web-based interface, a secure electronic review database, or a secure electronic file transfer portal (collectively, "**Secure File Platforms**") in such a manner as to allow the Receiving Party, if needed and with respect to a good-faith allegation of improper disclosure and upon order of the Court, to generate a list of the specific documents by Bates number from a Producing Party that a given individual has been provided access to and/or downloaded.  For clarity, the Receiving Party shall not be required to log any attorney work product or material subject to Fed. R. Civ. P. 26(b)(4) that cites, excerpts, or otherwise references "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material.  The Receiving Party shall, within a reasonable period of time, provide a copy of this log to the Producing Party upon request after order of the Court; and

(d)     The Receiving Party shall maintain all paper copies of any printed portions of the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material in a secured, locked area when not in use or in transport. When in use or transport, access to such materials shall be limited to those persons identified in 6.5.  The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format, except as provided in this section.  The Receiving Party shall only make additional paper or electronic copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying Expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case.  Subject to Section XI and the foregoing provisions of Section 6.6, all copies of any portion of the "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" material in whatever form shall be securely destroyed if they are no longer in use.

6.7     Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Information or Items to Experts.

(a)     Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert any information or item that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information first must make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary residence and (2) attaches a copy of the Expert's most recent curriculum vitae or resume, (3) provides a list of all publications the Expert authored in the previous 10 years and a list of all other cases in which the Expert testified as an expert at trial or by deposition in the previous 4 years, (4) discloses any work the Expert has previously undertaken for any of the Parties, and (5) attaches a copy of the "Agreement To Be Bound By Protective Order" (Exhibit A) signed by the Expert.  If the most recent curriculum vitae or resume of the Expert provides the information required under this paragraph, then the information need not be separately provided.

(b)     A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless the Party receives a written objection from the Designating Party within seven (7) days of delivering the request, or as otherwise agreed by the parties.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within seven (7) days of the written objection, or as otherwise agreed by the parties.  If no agreement is reached, the Party seeking to

prevent the disclosure to the Expert must initiate the applicable dispute resolution mechanism within fourteen (14) days of the written objection, or as otherwise agreed by the parties.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to the Expert.

6.8     <u>Retention of Exhibit A</u>:  Counsel for the Party that obtains the signed "Agreement To Be Bound By Protective Order" (Exhibit A), as required above, shall retain the hardcopy or electronic copy for six (6) months following the final termination of this action, including any appeals, and shall make them available to other Parties or the Court upon good cause shown.

## VII.    PROSECUTION, FDA, AND COMPETITION BAR

7.1     Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not be involved in the prosecution of patents or patent applications pertaining to (1) lipid nanoparticles, (2) ionizable lipids for nucleic acid delivery, or (3) vaccines comprising nucleic acids; including without limitation the patents identified in this action and any patent or application claiming priority to the patents identified in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For clarity, the subject matter in (1) to (3) includes but is not limited to claims and disclosures directed to compositions, apparatuses, methods of manufacture, and methods of use.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, or advising in a way that affects the scope of patent claims or the maintenance of pending claims.  To avoid any doubt, In-House Counsel does not engage in "prosecution" for purposes of this paragraph solely by supervising, directly or indirectly, another individual who engages in prosecution.  To further avoid any doubt, "prosecution" as used in this paragraph does not include advising on the

maintenance of issued patents or representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination, *inter partes* reexamination, an *inter partes* review proceeding, and/or any similar administrative proceeding pertaining to an issued patent), except that an individual subject to this bar may not draft proposed amended claims in an *inter partes* review proceeding, or otherwise advise in a way that affects the scope of proposed amended claims. For the avoidance of doubt, "defending" a patent does not include involvement in drafting any new claims or claim amendments, which is not permitted under the previous sentence. This prosecution bar applies to all Outside Counsel. For avoidance of doubt, this prosecution bar applies on an individual-by-individual-basis to all Outside Counsel, not a firm-by-firm basis, and does not apply to individuals who have not entered an appearance or who filed a notice of withdrawal before February 10, 2023, so long as those individuals have not accessed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information.

7.2     Absent written consent from the Producing Party, any individual who receives access to "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not be involved in the preparation or submission of any FDA correspondence (e.g., citizen petitions) or any similar correspondence in any foreign country pertaining to (1) lipid nanoparticles, (2) ionizable lipids for nucleic acid delivery, or (3) vaccines comprising nucleic acids, unless requested by the FDA or otherwise required by law. In such communications, drafting, and reviewing, however, no such individual shall quote, cite, or refer to any material subject to a confidentiality obligation under this Protective Order and not otherwise known to that individual or to the Party on whose behalf that individual works.

7.3    Absent written consent from the Producing Party, any individual who accesses "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not be involved in any Competitive Decision-Making (strategic business decisions, including marketing, financial, product development/design, and pricing decisions, on issues affecting competition) relating to (1) lipid nanoparticles, (2) ionizable lipids for nucleic acid delivery, or (3) vaccines comprising nucleic acids, for the duration of these actions and for one year after entry of final judgment from which no appeal may be taken (or the dismissal of these actions) without first obtaining (1) consent from the Producing Party or (2) an order from the Court.  Competitive Decision-Making shall be interpreted consistently with the Federal Circuit's decision in *In re Deutsche Bank*, 605 F.3d 1373 (Fed. Cir. 2010), and shall not include decision-making as an attorney related to this action.

7.4    The Prosecution and FDA Bar shall begin when the Designating Party first discloses "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information and shall end one (1) year after final termination of this action.

## VIII.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

8.1    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, including identifying the persons or entities to whom the disclosure was made, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement To Be Bound By Protective Order" (Exhibit A). Unauthorized or inadvertent disclosure does not change the status of Discovery Material or waive a Producing Party's right to maintain the disclosed document or information as Protected Material.

## IX.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

9.1    Pursuant to Federal Rule of Evidence 502(d), the production of documents or materials that the Producing Party thereafter claims to be subject to the attorney-client privilege, work-product immunity, or other privilege or immunity ("Privileged Information") shall not constitute a waiver of, or estoppel as to, any claim of privilege or other protection, either as to the Protected Material or as to any other documents or communications embracing the same or similar subject matter, in the above-captioned action or any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

9.2    Upon discovery by a Producing Party (whether by notice from the Receiving Party or otherwise) that it did or may have produced Privileged Information, the Producing Party shall, within five (5) business days of such discovery, request the return or deletion of such Privileged Information by sending a written notification ("Clawback Notice") to the Receiving Party, which shall identify the documents or ESI in question by Bates number or otherwise and the basis on which the Privileged Information should have been withheld from production. The requirements in this paragraph apply equally to instances in which a Producing Party discovers during a deposition that it did or may have produced Privileged Information. For purposes of this Protective Order, "discovery" shall mean "actual notice;" the production of Privileged Information alone is insufficient to constitute actual notice.

9.3    After receiving a Clawback Notice from the Producing Party that documents or materials subject to the attorney-client privilege, work-product immunity, or other protection have been produced, the Receiving Party shall not review, copy, or otherwise disseminate the documents or materials, nor shall it disclose their substance. In addition, the Receiving Party shall

return the documents or materials and all copies within five (5) days from receiving notice, or provide written confirmation of the destruction of the original and all copies of the identified documents, including all documents and things generated by a Receiving Party which contain information derived, including through summary, description, or quotation, from the returned/destroyed materials. The Receiving Party shall not utilize the information contained in the returned/destroyed documents or materials for any purpose, or disseminate or transmit such information. The Producing Party shall, within ten (10) business days of the date of the Clawback Notice, reproduce any document or ESI that is comprised only partially of Privileged Information with the Privileged Information redacted.

(a)     If the Receiving Party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other protection mandated by local law, the Receiving Party shall so notify the producing party in writing when the document or thing is returned to the Producing Party ("Notice of Designation").

(b)     Within five (5) days after receiving a Notice of Designation, the Producing Party shall provide to the Receiving Party for each such document or thing a description of the basis for the claim of privilege, immunity, or other protection.

(c)     Within five (5) days after the Receiving Party receives such description, the parties shall meet and confer in a good faith attempt to resolve the dispute. In the event that the Parties do not resolve their dispute, within five (5) days of the meet and confer, the Receiving Party may seek relief from the Court to compel production of such documents and things, the protection of which is still disputed.   In any such motion to compel production of the returned/destroyed document, the Receiving Party shall not rely upon in any manner or assert as a

ground for ordering production the fact, circumstances, or contents of the production. Any such motion shall be filed under seal.

(d)    The parties may stipulate to extend the time periods set forth in (b) and (c) above.

(e)    The Producing Party retains the burden—upon challenge pursuant to paragraph (c)—of establishing the privileged or protected nature of the information in question.

(f)    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced. If a Receiving Party discovers that it is in receipt of a document or ESI that it reasonably believes might contain Privileged Information, it shall notify the Producing Party, and identify the document(s) or ESI in question, within ten (10) business days of such discovery.

(g)    If, in a deposition, hearing, or other proceeding, the party who made the inadvertent production or disclosure makes a request on the record for return of the inadvertently produced or disclosed document or thing within a reasonably prompt period of time after recognizing that the information has been produced or disclosed, all copies of the inadvertently produced or disclosed document or thing present at the deposition, hearing, or other proceeding shall immediately be sequestered and there shall be no further use of the inadvertently produced or disclosed document or thing. For the avoidance of any dispute, the marking of an inadvertently produced or disclosed document or thing as an exhibit at a deposition, hearing, or other proceeding has no bearing on the timeliness of the request for return.

(h)    Nothing in this order limits the right of any party to petition the Court for an in camera review.

- 21 -

         (i)     This order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule of Evidence 502(a) apply when the Producing Party uses or indicates that it may use information produced under this order to support a claim or defense.

         (j)     Under this order, Federal Rule of Evidence 502(b)(3) still applies to require prompt and reasonable steps to rectify erroneous disclosures.

## X.    FILING PROTECTED MATERIAL

     10.1    A Party that seeks to file any Protected Material must file under seal. Filings submitted under seal must be accompanied by a motion to seal, in compliance with *In re Avandia, Mktg., Sales Practices, & Products Liab. Litig.*, 924 F.3d 662 (2019) and pursuant to Section G of the Administrative Procedures Governing Filing and Service by Electronic Means. Any Party that submits any filings under seal is responsible for preparing and filing timely the redacted version of such filings. A Party must minimize the amount of Protected Material being filed as much as practical, including by excerpting.

## XI.    FINAL DISPOSITION

     11.1    Within 60 days after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that affirms the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports, attorney work product, Expert work product, work product of Professional Vendors, and work product of jury consultants, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

11.2    This Order shall survive the termination of this action, and this Court shall have continuing jurisdiction for enforcement of its provisions following termination of this action. No part of the restrictions imposed by this Order may be waived or terminated, except by written stipulation executed by Counsel for each Designating Party or by an Order of the Court for good cause shown.

## XII.    A DESIGNATING OR PRODUCING PARTY'S USE OF ITS OWN DOCUMENTS

12.1    Nothing in this Order shall be construed to limit in any way any Producing Party's, Receiving Party's, or any other person's use of its own documents, including documents obtained independently and lawfully from sources other than a Producing Party, nor shall it affect any Producing Party's, Receiving Party's, or any other person's subsequent waiver of its own prior designation with respect to its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" Material.

## XIII.   LEGAL PROCESS

13.1    If a Receiving Party is served with a discovery request, subpoena, or an order issued in other litigation, or receives some other form of legal process or request from any court, federal or state regulatory or administrative body or agency, legislative body, self-regulatory organization, or other person or entity purporting to have authority to require the production thereof, that seeks

disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY," the Receiving Party must promptly notify, to the extent permitted by law and the rules, requirements, or requests of any relevant governmental or self-regulatory organization, the Designating Party, in writing (by electronic mail and overnight courier, if possible), and shall provide the Producing Party with an opportunity to object to the production of such materials.

13.2    The notice shall include a copy of the discovery request, subpoena, order, or other form of legal process.

13.3    If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XIV.    NON-PARTIES

14.1    Any Party, in seeking discovery from Non-Parties in connection with this action, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her, or its rights herein. If a Non-Party provides discovery to any Party in connection with this action, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, the Non-Party shall have the same rights and obligations under the Order with respect to designating material as Protected Material set forth in this Order for the Parties to this action. Any Non-Party producing

- 24 -

Discovery Material or giving deposition testimony in this action may avail herself, himself, or itself of the provisions of this Protective Order available to "Parties" for her, his, or its testimony and Discovery Material by executing Exhibit A to this Order and informing the Party that served the subpoena of the same.

## XV.    NOTICES

15.1    All notices required by this Order must be provided by email to Outside Counsel of record for each Party.  If applicable, notices to a Non-Party shall be in writing.  Any of the notice requirements herein may be waived in whole or in part, but only in writing by an attorney for the Designating Party.

## XVI.   AMENDMENT OF ORDER

16.1    This Order is without prejudice to the right of any Party to seek further or additional protection of information for which the protection of this Order is believed by any Party to be inadequate, and nothing herein shall preclude any Party from seeking to amend this Order in writing for good cause, in the form of a written Amended Stipulated Protective Order signed by each Party's Outside Counsel and filed with the Court for approval.  Nor shall anything herein preclude any Party or Non-Party from seeking additional or different protections on a case-by-case basis, including, without limitation, an order that certain information may not be discovered at all.

## XVII.  MISCELLANEOUS

17.1    <u>Right to Assert Other Objections</u>:  By stipulating to the entry of this Order, no Producing Party waives any right it otherwise might have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

17.2   <u>Counsel's Right to Provide Advice</u>:  Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Protected Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Protected Material to anyone not authorized to receive such Protected Material pursuant to the terms of this Order.

17.3   <u>No Modification of Privileges</u>:  Except as provided, nothing in this Order shall modify the law regarding the attorney-client privilege, the attorney work product doctrine, the joint defense privilege, and any other applicable privilege or reason for non-disclosure with respect to trade secrets or other confidential information to the extent such privilege or protection exists under applicable law.

17.4   <u>No Waiver</u>: Review of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information as permitted in Section VI above in connection with this action shall not waive the confidentiality of the information or objections to production. The inadvertent, unintentional, or *in camera* disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY" information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality.

17.5   <u>Execution</u>: This Order shall become effective as a stipulation as among the executing Parties immediately upon written agreement of the Parties, subject to any subsequent modifications if and when so-ordered by the Court.  Execution of this Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any document,

communication, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

17.6    Successors:  This Order shall be binding upon the Parties hereto, their successors, and anyone else who obtains access to Protected Material.

17.7    Other Proceedings.   By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or Party subject to this order who becomes subject to a motion to disclose another Party's Protected Material shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

SHAW KELLER LLP

*/s/ Nathan R. Hoeschen*

_____
John W. Shaw (#3362)
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com

*Attorney for Plaintiffs*

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Travis J. Murray*

_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*

- 27 -

OF COUNSEL:

David I. Berl
Adam D. Harber
Thomas S. Fletcher
Shaun P. Mahaffy
Jessica Palmer Ryen
Anthony H. Sheh
Lydia B. Cash
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

*Attorneys for Plaintiff Genevant
Sciences GmbH*

Daralyn J. Durie
Shaelyn K. Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105-2482
(415) 268-6080

Kira A. Davis
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017-3543
(213) 892-5200

David N. Tan
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037

*Attorneys for Plaintiff Arbutus
Biopharma Corporation*

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Mark C. McLennan
Nancy Kaye Horstman
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

SO ORDERED this  28th  day of  April , 2023.

 */s/ Mitchell S. Goldberg* 
UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-252 (MSG) |
| MODERNA, INC. and MODERNATX, INC. | ) ) ) | |
| Defendants. | ) | |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Counterclaim-Defendants. | ) | |

**Agreement To Be Bound By Protective Order**

I, _____, have been informed that on

_____, the U.S. District Court for the District of Delaware entered a

protective order in the above-captioned litigation (the "Protective Order"). I have read the

Protective Order, I agree to abide by the obligations of the Protective Order as they apply to me,

and I voluntarily submit to the jurisdiction of the U.S. District Court for the District of Delaware

for purposes of any proceeding related to the Protective Order, including my receipt or review of

information that has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

OUTSIDE COUNSEL'S EYES ONLY."

Dated: _____   By: _____

Printed Name:

_____

# ESI STIPULATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-252-MSG |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Defendants. | ) ) | |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Counterclaim-Defendants. | ) | |

**ORDER REGARDING DISCOVERY, INCLUDING DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("ESI")**

Plaintiffs Arbutus Biopharma Corporation ("Arbutus") and Genevant Sciences GmbH ("Genevant"), and Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna," collectively with Plaintiffs, the "Parties," and each Plaintiff and each Defendant individually, a "Party") hereby stipulate that they will adhere to the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI") with the following additional protocols:

1.      The Parties have agreed to the following requirements for the formatting and contents of privilege logs:

(a) Each entry shall contain control numbers or other unique identifiers that shall persist for the same document through any revisions or updates to the log, and different redacted versions.

(b) Each entry corresponding to privilege redactions in a produced document shall identify the Bates number of the redacted document (and if reproduced with different Bates numbers, identify all such Bates numbers that it has been produced with).

(c) Each entry shall identify, if available and not privileged, the date, sender, recipients, custodian, type of privilege asserted, as well as a description of the contents of the document sufficient to evaluate the assertion of privilege and the type of privilege asserted.

(d) Each Party shall produce and maintain only one privilege log for withheld and redacted documents, with updates, revisions, and supplements causing reproduction of the single log in full, with new entries placed consecutively after pre-existing entries.

(e) Each Party shall produce a copy of the privilege log in Excel format if requested by the opposing Party.

2. The Parties will meet and confer to agree on a time for service of privilege logs.

3. With respect to information generated after the date of the complaint in this case, February 28, 2022, the Parties are not required to include any such information in privilege logs reflecting communications with and/or between inside and outside counsel.

4. The Parties have stipulated to a procedure for addressing the inadvertent production of privileged or otherwise protected material in the Stipulated Protective Order (D.I. 85).

5. **Specific E-Discovery Issues.**

(a) **Search methodology**.  If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms to the requesting party. Absent a showing of good cause, a requesting party may request no more than 10 additional terms to be used in connection with the electronic search. Focused terms, rather than over-broad terms (e.g., product and company names), shall be employed.  The parties must negotiate in good faith as to limitations to those search terms to avoid an unreasonable number of search hits.

(b) **Format**.  ESI and non-ESI shall be produced to the requesting Party as text searchable image files (*e.g.*, PDF or TIFF).  When a text-searchable image file is produced, the producing Party must preserve the integrity of the underlying ESI,

*i.e.*, the original formatting, the metadata (as noted below). The Parties shall produce their information in the following format: single-page TIFF images and associated multipage text files containing extracted text or OCR with Concordance and Opticon load files containing all requisite information including relevant metadata. If a receiving Party believes that color or high-resolution images are important to understand a particular document, a Party may request that the document be produced in color or as high-resolution images.

(c) **Redactions for Non-Responsiveness**. Absent agreement between the Parties, the Parties are not permitted to redact responsive or partially responsive documents for Non-Responsiveness. Nothing in this sub-paragraph prevents a Party from redacting privileged material, patient Personal Identifiable Information, or other information to comply with applicable laws.

(d) **Native files**. The only files that may be produced in native format are files not easily converted to image format, such as Excel and Access files. PowerPoint files shall be produced as text searchable image files (*e.g.*, PDF or TIFF) that include speaker notes, if present. A Party may request native versions of any such files, and if the Parties are unable to agree to their production after meeting and conferring, the requesting Party may move the Court for their production. The producing Party shall bear the burden to show why such documents should not be re-produced in native format.

(e) **De-duplication.** Documents should be de-duplicated at the family-group level provided that the producing Party identifies the additional custodians in the Custodian(s) field or All Custodians field and the additional file paths in the All File Path(s) field.

(f) **Metadata fields**. Parties are only obligated to provide the following metadata for all ESI produced, to the extent such metadata exists and is able to be accurately collected (Metadata such as "Email Subject," "File Path," "FileName," and "DocText" may be redacted for privilege):

| | |
|---|---|
| ProdBeg | Email Subject |
| ProdEnd | Conversation Index |
| ProdBegAttach | FileName |
| ProdEndAttach | Author |
| Email From | DateCreated |
| Email To | DateLastModified |
| Email CC | EmailRecDate |
| Email BCC | EmailRecTime |
| Email Date Sent | MD5HASH or SHA Hash |
| Email Time Sent | DocText (File Path to document text file) |
| File Size | All Custodian(s) |
| File Extension | Protective Order Confidentiality Designation |
| All File Path(s) | |

6.      Any Party that produces documents produced to it by a third party, such as in response to a subpoena, shall produce such documents in the format in which they were produced by the third party.

| | |
|---|---|
| */s/ Nathan R. Hoeschen* | */s/ Travis J. Murray* |
| John W. Shaw (No. 3362) | Jack B. Blumenfeld (No. 1014) |
| Karen E. Keller (No. 4489) | Brian P. Egan (No. 6227) |
| Nathan R. Hoeschen (No. 6232) | Travis J. Murray (No. 6882) |
| SHAW KELLER LLP | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| I.M. Pei Building | 1201 North Market Street |
| 1105 North Market Street, 12th Floor | P.O. Box 1347 |
| Wilmington, DE 19801 | Wilmington, DE 19899 |
| (302) 298-0700 | (302) 658-9200 |
| jshaw@shawkeller.com | jblumenfeld@morrisnichols.com |
| kkeller@shawkeller.com | began@morrisnichols.com |
| nhoeschen@shawkeller.com | tmurray@morrisnichols.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

Dated: June 9, 2023

SO ORDERED this 12th day of June, 2023.

    */s/ Mitchell S. Goldberg*
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-252-MSG |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Defendants. | ) | |

**THIRD PARTY ROIVANT SCIENCES LTD. RESPONSES AND OBJECTIONS TO
MODERNA, INC. AND MODERNATX, INC.'S RULE 45 DOCUMENT SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure and the applicable Local Rules

of the U.S. District Court for the District of Delaware, Third Party Roivant Sciences Ltd.

("Roivant"), by undersigned counsel, hereby objects and responds as follows to Moderna, Inc.

and ModernaTX Inc.'s (collectively, "Moderna") Subpoena to Produce Documents, Information,

or Objects.  Except as provided otherwise, documents produced in response to these Requests (as

set forth in detail below) will be produced on a rolling basis and in accordance with the Court's

Scheduling Order.

## GENERAL OBJECTIONS & OBJECTIONS TO DEFINITIONS

Pursuant to Federal Rule of Civil Procedure 45, Roivant provides the following General

Objections and Objections to Definitions.  These objections form a part of, and are hereby

incorporated into, the response to each and every Request set forth below.  Nothing in those

responses, including any absence of a specific objection in response to a particular Request,

should be construed as a waiver of any of these General Objections and Objections to

Definitions.

1

1.      <u>Conflicts with Rules</u>.  Roivant objects to each Request, definition, and instruction generally to the extent that they purport to impose obligations or responsibilities different from or in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware.  Roivant will interpret and respond to the Requests in good faith and in accordance with the aforementioned Rules.

2.      <u>Privileged Information</u>.  Roivant objects to any part of the Requests calling for the production of information or documents that are privileged or otherwise protected from discovery pursuant to the attorney-client privilege, the accountant-client privilege, the work product doctrine, or any other applicable privilege, protection, or immunity.  Roivant does not agree to produce such information or documents protected from discovery and is withholding or redacting information or documents on that basis.  If protected information or documents are inadvertently produced in response to the Requests, the production of such information or documents shall not constitute a waiver of Roivant's rights to assert the applicability of any privilege, protection, or immunity to the information or documents, to seek the return of such material, or to object to the use of such material at any stage of the action or in any other action or proceeding.  If Moderna receives any such information or documents, Moderna shall promptly notify Roivant and return, delete, or destroy—and not use—such documents.

Roivant will comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Delaware in identifying privileged material, but Roivant specifically objects to identifying documents on a document privilege log that were generated on or subsequent to February 28, 2022 (the filing of *Arbutus Biopharma Corporation et al v. Moderna, Inc. et al*, No. 22-252 (MSG) (D. Del.)).

3.     <u>Confidential Information Generally</u>.  Roivant objects to the Requests to the extent that they call for production of trade secret, proprietary, personal, commercially sensitive, or other confidential information.  Roivant will only produce confidential information, including trade secret, proprietary, personal, commercially sensitive, or other confidential information, that is responsive, relevant, and not otherwise protected, pursuant to the Stipulated Protective Order [D.I. 91].  Roivant may withhold documents on this basis, and Roivant may redact from documents that it has otherwise agreed to produce information unrelated to the subject matter of the Patents-in-Suit.

4.     <u>Third-Party Confidential Information</u>.  Roivant objects to the Requests to the extent that they call for the production of third-party confidential information, which may be protected by confidentiality agreements with other parties unrelated to this litigation.  Roivant may withhold or redact documents that contain or otherwise reflect such third-party confidential information.

5.     <u>Third Party Status</u>.  Roivant objects to each Request as unduly burdensome and oppressive, as it seeks information from Roivant, which is a third party to This Action, that is duplicative of information obtained from the parties to This Action and that is more efficiently obtained through discovery from a party to the lawsuit.  As a third party here, the burden Roivant should shoulder to comply with Moderna's Rule 45 subpoena is less than the burden that parties to the litigation should bear themselves.  Roivant further objects to each request insofar as it would require a search of electronic documents or data without regard for the expense and burden of such undertaking, particularly in light of the marginal benefit to be obtained from such a search and the fact that Roivant is a third party.

6.      <u>Relevance Scope</u>.  Roivant objects to each Request, definition, and instruction as overly broad, unduly burdensome, oppressive, and not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1)) to the extent that it seeks or purports to seek documents and/or things relating to subject matters other than the infringement and validity of the "Patents-in-Suit" (currently, collectively, U.S. Patent Nos. 8,058,069 (the "'069 patent"); 8,492,359 (the "'359 patent"); 8,822,668 (the "'668 patent"); 9,364,435 (the "'435 patent"); 9,504,651 (the "'651 patent"); and 11,141,378 (the "'378 patent")) and will not produce such documents or things.  Roivant specifically objects to each Request to the extent it seeks documents or things related solely to foreign counterparts to the Patents-in-Suit or U.S. patents in the same family as the Patents-in-Suit that are not at issue in this litigation, and Roivant will not produce such documents or things.

7.      <u>Burden and Custodial Scope</u>.  Roivant objects to each Request, definition, and instruction to the extent that it seeks "any" or "all" documents responsive to the Request.  Such demands are unduly burdensome and overly broad, and they seek documents that are not relevant to the claim or defense of any party nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1)).  Unless otherwise indicated in response to a specific Request, Roivant's search for responsive documents and information will be limited to the non-custodial sources and custodians identified by Roivant, agreed to by Moderna and Roivant, or ordered by the Court.  Similarly, Roivant objects to each Request, definition, and instruction as overly broad and unduly burdensome to the extent that it purports to require Roivant to search for and produce electronic documents without reasonable limitations upon the scope of information to be searched or the content of the material to be searched for.

8.    <u>Subjective Relevance Determinations</u>.  Roivant objects to each Request for documents incorporating or calling for a subjective judgment that a document "concerns" a particular issue.  By their subjective nature, such Requests are vague and ambiguous.  To the extent that such Requests seek "all" documents, they also are overly broad and unduly burdensome because they fail to account for proportionality.

9.    <u>Legal Determinations</u>.  Roivant objects to each Request for documents incorporating or calling for a legal conclusion.  By incorporating the need to make a legal conclusion, such Requests are vague and ambiguous.  Such Requests also intrude upon the attorney-work product protection by seeking an identification of the documents that counsel believes satisfy the legal contention.  To the extent that such Requests seek "all" documents, they also are overly broad and unduly burdensome because they fail to account for proportionality.

10.   <u>No Admission</u>.  In furnishing these objections and responses to the Requests and in producing documents in response to the Requests, Roivant does not admit or concede the relevance, materiality, authenticity, or admissibility in evidence of any such Request or document in any hearing or trial.  Roivant expressly reserves the right to object to further discovery on the subject matters addressed in this Subpoena.

11.   <u>No Representation Concerning Existence of Documents</u>.  Roivant's statements that it will produce documents in response to a particular Request do not mean that it has any such documents, and its responses should not be construed in such a manner.

12.   <u>Public Documents or Documents Already in Moderna's Possession</u>.  Roivant objects to each Request to the extent that it seeks documents (including electronically stored information) or things that are already in the possession, custody, or control of Moderna or Moderna's counsel, or to the extent that it seeks documents or things that are in the public

domain or are of no greater burden for Moderna to obtain than for Roivant to obtain.  Unless otherwise specifically indicated below, Roivant will not produce any such documents or things.

13.     <u>Documents Not Within Roivant's Possession</u>.  Roivant objects to each Request, definition, and instruction to the extent that it seeks any document or thing that is not within Roivant's possession, custody, or control.  Nothing in these responses should be interpreted to mean that Roivant will produce, or that it will cause Arbutus or Genevant to produce, documents in Arbutus or Genevant's  possession, custody, or control.

14.     Roivant objects to Moderna's definition of "Roivant" as overly broad to the extent that it refers to "(i) any and all predecessors-in-name"; "(ii) any and all past or present, domestic or foreign parents, sisters, affiliates, subsidiaries (owned in whole or part, at any time), partnerships, joint ventures, predecessors-in-interest, successors-in-interest, divisions, departments, corporate subunits, foundations, organizations, or other business entities of any of the foregoing"; and "(iii) any and all past and present officers, directors, agents, Employees, consultants, attorneys, and other Persons or entities acting or purporting to act on behalf of any of the foregoing."  Documents and things in the possession, custody, or control of Roivant's officers, directors, employees, partners, corporate parents, subsidiaries, affiliates, successors, predecessors, and any person or organization under their control, are not necessarily in Roivant's possession, custody, or control, and Roivant will not construe the Requests to require production of such documents or things to the extent that they are not in Roivant's possession, custody, or control.  Roivant will interpret all references to "Roivant," to mean Roivant Sciences Ltd.

15.     Roivant objects to Moderna's definition of "Genevant" as overly broad to the extent that it refers to "any and all parents, sisters, affiliates, subsidiaries (owned in whole or part, at any time), predecessors-in-interest, and successors-in interest."  Roivant will interpret all

references to "Genevant" to mean Genevant Sciences GmbH, Genevant Sciences Ltd., Genevant

Sciences, Inc., or Genevant Sciences Corporation.

16.     Roivant objects to Moderna's definition of "Arbutus" as overly broad to the

extent that it refers to or "any and all past or present, domestic or foreign parents, sisters,

affiliates, subsidiaries (owned in whole or part, at any time), predecessors-in-interest, and

successors-in interest."  Roivant will interpret all references to "Arbutus" to mean Arbutus

Biopharma Corporation.

17.     Roivant objects to Moderna's definition of "Employee" as overly broad to the

extent that it includes "any director, trustee, officer, employee, partner, corporate parent,

subsidiary, affiliate, or servant of the designated entity, whether active or retired, fulltime or part-

time, current or former, and compensated or not."  Roivant will interpret all references to

"Employee" to refer to current or former employees of Roivant Sciences Ltd.

18.     Roivant objects to the date, time, and location to produce the documents specified

in the Subpoena.

19.     Roivant objects to Moderna's references to documents or things "concerning"

and "relating to" to various subject matter as overly broad, unduly burdensome, vague,

ambiguous, and imposing on Roivant a burden of production greater than that provided in the

Federal Rules of Civil Procedure.  Roivant will consider as responsive to any Request that seeks

documents or things "concerning" or "relating to" (or similar language) a designated subject only

those documents or things that discuss the subject on their face.

## DEFINITIONS

1.     As used herein, "Plaintiffs" means, collectively, Arbutus Biopharma

Corporation and Genevant Sciences GmbH.

2.      As used herein, "Defendants" means, collectively, Moderna, Inc. and ModernaTX, Inc.

3.      As used herein, "Patents-in-Suit" means U.S. Patent Nos. 8,058,069 (the "'069 patent"); 8,492,359 (the "'359 patent"); 8,822,668 (the "'668 patent"); 9,364,435 (the "'435 patent"); 9,504,651 (the "'651 patent"); and 11,141,378 (the "'378 patent").

4.      As used herein, "Valuation Documents" means non-privileged final documents that contain a valuation of the Patents-in-Suit or an intellectual property portfolio that includes one or more of the Patents-in-Suit, after a reasonable search of Roivant's records.

## OBJECTIONS AND RESPONSES TO SPECIFIC REQUESTS

**Request No. 1:**

All Communications relating to the Patents-in-Suit, Related Applications, and/or patent infringement actions (actual or contemplated) against Moderna in relation to Moderna's COVID-19 Vaccine, including This Action.

**Response:**

Roivant incorporates its General Objections as though fully set forth herein.  Roivant objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds and to the extent that it seeks documents that are already in the public domain and are of no greater burden for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests documents from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Communications are in the custody of Plaintiffs, the Communications should be obtained from them.  Roivant further objects to this Request as of minimal relevance, including because this request seeks documents related to unrelated patents,

and discussions of actions, including uninitiated actions, unrelated to the present action.  Roivant

further objects to this Request on the grounds that it is overly broad, unduly burdensome, and

seeks documents not relevant to any party's claim or defense nor proportional to the needs of the

case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including because it seeks large

volumes of documents from numerous custodians.  Roivant further objects to this Request on the

grounds that it is overly broad and unduly burdensome because it seeks production of "all"

communications relating to the subject matter of this Request.  Roivant further objects to this

Request to the extent that it seeks documents protected by the attorney-client privilege, the work-

product doctrine, the common-interest privilege, and/or any other applicable privilege.  Roivant

further objects to this Request to the extent that it seeks documents containing Confidential

Information, which will only be produced, to the extent that producing those documents will not

violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I.

91].

Subject to and without waiving the foregoing specific and General Objections, Roivant

will not produce documents responsive solely to this Request absent further clarification of the

relevance and appropriate narrowing in a meet-and-confer.

## Request No. 2:

All Documents and Communications concerning any due diligence or valuation of the
Patents-in-Suit and/or Related Applications (or of an intellectual property portfolio that includes
one or more of the Patents-in-Suit), including when You acquired a financial or ownership
interest in the Patents-in-Suit and/or Related Applications.

### Response:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's

possession, custody, or control.  Roivant further objects to this Request on the grounds and to the

extent that it seeks documents that are already in the public domain and are of no greater burden for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents and Communications from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents and Communications are in the custody of Plaintiffs, the Documents and Communications should be obtained from them.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1)), including because it seeks large volumes of documents from numerous custodians and it seeks documents related to patents or patent applications not at issue in this litigation.  Roivant further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks production of "all" documents and communications relating to the subject matter of this Request, which would encompass a search of numerous custodians.  Roivant further objects to the phrases "concerning any due diligence or valuation of the Patents-in-Suit and/or Related Applications" and "an intellectual property portfolio that includes one or more of the Patents-in-Suit" as vague and ambiguous.  Roivant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege.  Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

  Subject to and without waiving the foregoing specific and General Objections, Roivant

will produce the Valuation Documents, as defined above, to the extent any such documents are found after a reasonable search.

## Request No. 3:

All Documents and Things concerning any opinion, assessment, or evaluation regarding the value, patentability, enforceability, validity, claim scope, and/or infringement of one or more of the Patents-in-Suit and/or Related Applications.

### Response:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents and Things from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents and Things are in the custody of Plaintiffs, the Documents and Things should be obtained from them.  Roivant further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks production of "all" documents and communications relating to the subject matter of this Request.  Roivant further objects to this Request as of minimal relevance because it seeks communications from Roivant, a third party, which have no relevance to the issues in dispute in this litigation between Plaintiffs and Moderna.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1)), including because it seeks large volumes of documents from numerous custodians and it seeks documents related to patents or patent applications not at issue in this litigation.  Roivant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the

11

work-product doctrine, the common-interest privilege, and/or any other applicable privilege. Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant will produce the Valuation Documents, as defined above, to the extent any such documents are found after a reasonable search.

**Request No. 4:**

Documents sufficient to identify Your rights and/or interests in the Patents-in-Suit and/or Related Applications, including past and current rights and interests.

**Response:**

Roivant incorporates its General Objections as though fully set forth herein.  Roivant objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents are in the custody of Plaintiffs, the Documents should be obtained from them.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including because it seeks large volumes of documents from numerous custodians, to the extent it seeks documents related to patents or patent applications not at issue in this litigation, and Roivant's rights and interests have no bearing on any issue in dispute. Roivant further objects to this

12

Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege.  Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant will produce the Master Contribution and Share Subscription Agreement by and among Genevant Sciences Ltd., Arbutus Biopharma Corporation, and Roivant Sciences Ltd. dated April 11, 2018, including its exhibits and appendices, and the Intellectual Property Security Agreement, by and between Genevant Sciences Ltd. and Roivant Sciences Ltd., dated as of March 27, 2020.

**<u>Request No. 5:</u>**

All Documents relating to valuations or projections of royalty or license fees or rates, potential royalty or license fees or rates, upfront payments, and/or milestones related to one or more of the Patents-in-Suit and/or Related Applications.

**<u>Response</u>**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including because it seeks large volumes of documents from numerous custodians. Roivant further objects to this Request on the grounds that it is overly broad and unduly

burdensome because it seeks production of "all" communications relating to the subject matter of this Request.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents are in the custody of Plaintiffs, the Documents should be obtained from them. Roivant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege.  Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant will produce the Valuation Documents, as defined above, to the extent any such documents are found after a reasonable search.

**Request No. 6:**

All Documents and Things concerning analysis (including testing and data collection) and monitoring of Moderna's COVID-19 Vaccine or other LNP products developed or commercialized by Moderna.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant further objects to this Request to the extent that it seeks documents and things that are already within the possession of Moderna, such as Moderna's own documents.  Roivant further objects to this Request on the grounds and to the extent that it seeks documents that are already in the public domain and are of no greater burden for Moderna to obtain than for Roivant to obtain.

14

Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents and Things from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents and Things are in the custody of Plaintiffs, the Documents and Things should be obtained from them.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including because it seeks large volumes of documents from numerous custodians. Roivant further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks production of "all" documents and things relating to the subject matter of this Request.  Roivant further objects to the phrase "concerning analysis (including testing and data collection) and monitoring" as vague and ambiguous.  Roivant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege. Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant will not produce any documents responsive solely to this request absent further clarification of the relevance of any non-privileged documents and appropriate narrowing in a meet-and-confer.

**Request No. 7:**

All Documents and Things related to monthly, quarterly, or otherwise periodic investor updates, market updates, or internal company monitoring alerts concerning the Patents-in-Suit

and/or Related Applications, This Action, Moderna's COVID-19 Vaccine, or other LNP products commercialized by Moderna.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds and to the extent that it seeks documents that are already in the public domain and are of no greater burden for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents and Things from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents and Things are in the custody of Plaintiffs, the Documents and Things should be obtained from them.  Roivant further objects to this Request as irrelevant because it seeks documents and things from Roivant, a third party, which have no relevance to the issues in dispute in this litigation between Plaintiffs and Moderna.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including because it seeks large volumes of documents from numerous custodians and it seeks documents related to patents or patent applications not at issue in this litigation, and products that are not at issue in this litigation.  Roivant further objects to this Request on the grounds that it is overly broad and unduly burdensome because it seeks production of "all" documents and things relating to the subject matter of this Request, which would encompass a search of numerous custodians. Roivant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any

16

other applicable privilege.  Roivant further objects to this Request to the extent that it seeks

documents containing Confidential Information, which will only be produced, to the extent that

producing those documents will not violate third-party confidentiality rights, subject to the

protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant

will not produce any documents responsive solely to this request absent further clarification of

the relevance and appropriate narrowing in a meet-and-confer.

**Request No. 8:**

Appendices A through H and Exhibits A through C identified as part of the Master
Contribution and Share Subscription Agreement by and among Genevant Sciences Ltd., Arbutus
Biopharma Corporation, and Roivant Sciences Ltd. dated April 11, 2018.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's

possession, custody, or control.  Roivant further objects to this Request on the grounds that it is

unduly burdensome and duplicative, including because it requests Documents from Roivant that

can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the

requested Documents are in the custody of Plaintiffs, the Documents should be obtained from

them.  Roivant further objects to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents not relevant to any party's claim or defense nor proportional

to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)).  Roivant

further objects to this Request to the extent that it seeks documents containing Confidential

Information, which will only be produced, to the extent that producing those documents will not

violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I.

91].

Subject to and without waiving the foregoing specific and General Objections, Roivant

will produce Appendices A through H and Exhibits A through C of the Master Contribution and

Share Subscription Agreement by and among Genevant Sciences Ltd., Arbutus Biopharma

Corporation, and Roivant Sciences Ltd. dated April 11, 2018.

**Request No. 9:**

Documents sufficient to identify Your ownership interest (including the amount or
percentage) or control in Genevant and/or in Arbutus.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's

possession, custody, or control.  Roivant further objects to this Request on the grounds and to the

extent that it seeks documents that are already in the public domain and are of no greater burden

for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the

grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any

party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R.

Civ. P. 26(b)(1) and 45(d)(1)), including because it seeks large volumes of documents from

numerous custodians. Roivant further objects to this Request on the grounds that it is unduly

burdensome and duplicative, including because it requests Documents from Roivant that can be

requested from the Plaintiffs, who are parties to this litigation, and to the extent that the

requested Documents are in the custody of Plaintiffs, the Documents should be obtained from

them.   Roivant further objects to this Request to the extent that it seeks documents containing

Confidential Information, which will only be produced, to the extent that producing those

documents will not violate third-party confidentiality rights, subject to the protective order

entered in this case.  [D.I. 91]

Subject to and without waiving the foregoing specific and General Objections, Roivant will not produce any documents responsive solely to this request.  Roivant understands that this information has been, or will be, produced by parties to this litigation.

**Request No. 10:**

Documents sufficient to identify Genevant's and/or Arbutus' ownership interest(s) (including the amount or percentage) or control in Roivant.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1)), including because it seeks large volumes of documents from numerous custodians.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents are in the custody of Plaintiffs, the Documents should be obtained from them.   Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant will not produce any documents responsive solely to this request.  Roivant understands that this information has been, or will be, produced by parties to this litigation.

**Request No. 11:**

All Documents and Communications concerning any litigation funding, investment, or financing arrangements You have with Genevant and/or Arbutus concerning This Action, the Patents-in-Suit, and/or Related Applications.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds and to the extent that it seeks documents that are already in the public domain and are of no greater burden for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including because the items sought by this request are not relevant to Moderna's infringement of the Patents-in-Suit, the validity of the Patents-in-Suit, the damages owed to Plaintiffs, Moderna's affirmative defenses, or any other issue in this case.  *See, e.g.*, *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 405 F. Supp. 3d 612 (D.N.J. 2019); *United Access Techs., LLC v. AT&T Corp.*, 2020 WL 3128269, at *1 (D. Del. June 12, 2020).   Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Documents and Communications from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Documents and Communications are in the custody of Plaintiffs, the Documents and Communications should be obtained from them.    Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party

confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].  Roivant

further objects to this Request to the extent that it seeks documents protected by the attorney-

client privilege, the work-product doctrine, the common-interest privilege, and/or any other

applicable privilege.

Subject to and without waiving the foregoing specific and General Objections, Roivant

will not produce any documents responsive solely to this request.

### Request No. 12:

All Documents and Communications concerning any involvement by Roivant in the
decision to file suit against Moderna in This Action, including the timing of filing suit.

### Response:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's

possession, custody, or control.  Roivant further objects to this Request on the grounds and to the

extent that it seeks documents that are already in the public domain and are of no greater burden

for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the

grounds that it is unduly burdensome and duplicative, including because it requests Documents

and Communications from Roivant that can be requested from the Plaintiffs, who are parties to

this litigation, and to the extent that the requested Documents and Communications are in the

custody of Plaintiffs, the Documents and Communications should be obtained from them.

Roivant further objects to this Request as vague and ambiguous with respect to its temporal

scope.  Roivant further objects to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents not relevant to any party's claim or defense nor proportional

to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including

because it seeks large volumes of documents from numerous custodians, and because the items

sought by this request are not relevant to Moderna's infringement of the Patents-in-Suit, the

validity of the Patents-in-Suit, the damages owed to Plaintiffs, Moderna's affirmative defenses,

or any other issue in this case.  Roivant further objects to this Request to the extent that it seeks

documents protected by the attorney-client privilege, the work-product doctrine, the common-

interest privilege, and/or any other applicable privilege.  Roivant further objects to this Request

to the extent that it seeks documents containing Confidential Information, which will only be

produced, to the extent that producing those documents will not violate third-party

confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant

will not produce additional documents responsive solely to this Request.

## Request No. 13:

Documents sufficient to show all Your investment, capitalization, recapitalization, and
contributions, whether financial, equity, or otherwise, made to Genevant and/or to Arbutus.

### Response:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's

possession, custody, or control.  Roivant further objects to this Request on the grounds and to the

extent that it seeks documents that are already in the public domain and are of no greater burden

for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the

grounds that it is unduly burdensome and duplicative, including because it requests Documents

from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to

the extent that the requested Documents are in the custody of Plaintiffs, the Documents should be

obtained from them.  Roivant further objects to this Request as vague and ambiguous with

respect to its temporal scope.  Roivant further objects to this Request on the grounds that it is

overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or

defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and

45(d)(1)), including because the items sought by this request are not relevant to Moderna's

infringement of the Patents-in-Suit, the validity of the Patents-in-Suit, the damages owed to

Plaintiffs, Moderna's affirmative defenses, or any other issue in this case.  Roivant further

objects to this Request to the extent that it seeks documents protected by the attorney-client

privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable

privilege.  Roivant further objects to this Request to the extent that it seeks documents containing

Confidential Information, which will only be produced, to the extent that producing those

documents will not violate third-party confidentiality rights, subject to the protective order

entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant

will not produce additional documents responsive solely to this Request.

**Request No. 14:**

Documents sufficient to identify the amount or percentage of proceeds You expect or are
entitled to receive if Genevant and Arbutus prevail in This Action.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's

possession, custody, or control.  Roivant further objects to this Request on the grounds and to the

extent that it seeks documents that are already in the public domain and are of no greater burden

for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the

grounds that it is unduly burdensome and duplicative, including because it requests Documents

from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to

the extent that the requested Documents are in the custody of Plaintiffs, the Documents should be

obtained from them.  Roivant further objects to this Request on the grounds that it is overly

broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor

proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)),

including because it seeks large volumes of documents from numerous custodians, and because

the items sought by this request are not relevant to Moderna's infringement of the Patents-in-

Suit, the validity of the Patents-in-Suit, the damages owed to Plaintiffs, Moderna's affirmative

defenses, or any other issue in this case.  Roivant further objects to this Request to the extent that

it seeks documents protected by the attorney-client privilege, the work-product doctrine, the

common-interest privilege, and/or any other applicable privilege.  Roivant further objects to this

Request to the extent that it seeks documents containing Confidential Information, which will

only be produced, to the extent that producing those documents will not violate third-party

confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant

will not produce any documents responsive solely to this request.  Roivant understands that this

information has been, or will be, produced by parties to this litigation.

**Request No. 15:**

All agreements and licenses (including sub-licenses and intellectual property transfer
agreements or assignments and any corresponding amendments, supplements, appendices,
attachments, and exhibits thereto) and related negotiations between You and Genevant and/or
Arbutus concerning LNP technology and/or the Patents-in-Suit or Related Applications,
including but not limited to the Intellectual Property Security Agreement between Genevant and
Roivant dated March 27, 2020.

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks documents not in Roivant's

possession, custody, or control.  Roivant further objects to this Request on the grounds that it is

unduly burdensome and duplicative, including because it requests Documents from Roivant that

can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the

requested Documents are in the custody of Plaintiffs, the Documents should be obtained from

them.  Roivant further objects to this Request on the grounds that it is overly broad, unduly

burdensome, and seeks documents not relevant to any party's claim or defense nor proportional

to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)).  Roivant

further objects to this Request to the extent that it seeks documents containing Confidential

Information, which will only be produced, to the extent that producing those documents will not

violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I.

91].

Subject to and without waiving the foregoing specific and General Objections, Roivant

will produce the Valuation Documents, as defined above, to the extent any such documents are

found after a reasonable search, the Master Contribution and Share Subscription Agreement by

and among Genevant Sciences Ltd., Arbutus Biopharma Corporation, and Roivant Sciences Ltd.

dated April 11, 2018, and the Intellectual Property Security Agreement, by and between

Genevant Sciences Ltd. and Roivant Sciences Ltd., dated as of March 27, 2020.

**Request No. 16:**

Communications between You and third parties relating to Moderna or Moderna's
COVID-19 Vaccine, or This Action (including the U.S. Government's Statement of Interest
(filed February 14, 2023 at D.I. 49) and/or Contract No. W911QY20C0100 between Moderna
and U.S. Government).

**Response**:

Roivant incorporates its General Objections as though fully set forth herein.  Roivant

objects to this Request on the grounds and to the extent that it seeks communications not in

Roivant's possession, custody, or control.  Roivant further objects to this Request on the grounds and to the extent that it seeks communications that are already in the public domain and are of no greater burden for Moderna to obtain than for Roivant to obtain.  Roivant further objects to this Request on the grounds that it is unduly burdensome and duplicative, including because it requests Communications from Roivant that can be requested from the Plaintiffs, who are parties to this litigation, and to the extent that the requested Communications are in the custody of Plaintiffs, the Communications should be obtained from them.  Roivant further objects to this Request as vague and ambiguous with respect to its temporal scope.  Roivant further objects to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case (in accordance with Fed. R. Civ. P. 26(b)(1) and 45(d)(1)), including because it seeks large volumes of documents from numerous custodians, and because large volumes of the items sought by this request are not relevant to Moderna's infringement of the Patents-in-Suit, the validity of the Patents-in-Suit, the damages owed to Plaintiffs, Moderna's affirmative defenses, or any other issue in this case.  Roivant further objects to this Request to the extent that it seeks documents protected by the attorney-client privilege, the work-product doctrine, the common-interest privilege, and/or any other applicable privilege.  Roivant further objects to this Request to the extent that it seeks documents containing Confidential Information, which will only be produced, to the extent that producing those documents will not violate third-party confidentiality rights, subject to the protective order entered in this case.  [D.I. 91].

Subject to and without waiving the foregoing specific and General Objections, Roivant will not produce documents responsive solely to this Request absent further clarification of the relevance and appropriate narrowing in a meet-and-confer.

Respectfully submitted,

/s/ Nathan R. Hoeschen
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
*Attorneys for Roivant Sciences Ltd.*

OF COUNSEL:
David I. Berl
Adam D. Harber
Thomas S. Fletcher
Shaun P. Mahaffy
Jessica Palmer Ryen
Anthony H. Sheh
Jihad J. Komis
Philip N. Haunschild
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024
(202) 434-5000

Dated: August 31, 2023

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on August 31, 2023, this document was served on the

persons listed below in the manner indicated:

**BY EMAIL:**

| | |
|---|---|
| Jack B. Blumenfeld | Patricia A. Carson, Ph.D. |
| Brian P. Egan | Jeanna M. Wacker |
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | Mark C. McLennan |
| 1201 North Market Street | Nancy Kaye Horstman |
| P.O. Box 1347 | KIRKLAND & ELLIS LLP |
| Wilmington, DE 19899 | 601 Lexington Avenue |
| (302) 658-9200 | New York, NY 10022 |
| jblumenfeld@morrisnichols.com | (212) 446-4800 |
| began@morrisnichols.com | patricia.carson@kirkland.com |
| | jeanna.wacker@kirkland.com |
| James F. Hurst | mark.mclennan@kirkland.com |
| KIRKLAND & ELLIS LLP | kaye.horstman@kirkland.com |
| 300 North LaSalle | |
| Chicago, IL 60654 | Yan-Xin Li |
| (312) 862-2000 | KIRKLAND & ELLIS LLP |
| james.hurst@kirkland.com | 555 California Street, 27th Floor |
| | San Francisco, CA 94104 |
| Alina Afinogenova | (415) 439-1400 |
| KIRKLAND & ELLIS LLP | yanxin.li@kirkland.com |
| 200 Clarendon Street | |
| Boston, MA 02116 | |
| (617) 385-7500 | |
| alina.afinogenova@kirkland.com | |

/s/ *Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Roivant Sciences Ltd.*

28

# EXHIBIT C

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104
United States

Yan-Xin Li
To Call Writer Directly:
+1 415 439 1618
yanxin.li@kirkland.com

+1 415 439 1400

Facsimile:
+1 415 439 1500

www.kirkland.com

**By Email**

September 29, 2023

**HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY**

Shaun Mahaffy
Philip Haunschild
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
smahaffy@wc.com
phaunschild@wc.com

Karen E. Keller
SHAW KELLER LLP
I.M. Pei Building
1105 N. Market Street, 12th Floor
Wilmington, DE 1980
kkeller@shawkeller.com

Re: *Arbutus Biopharma Corp. et al. v. Moderna, Inc. et al.*, 1:22-cv-00252-MSG (D. Del.)

Dear Counsel:

We write to memorialize our discussion during the parties' meet and confer on September 12, 2023 concerning Roivant Sciences Ltd.'s ("Roivant") August 31, 2023 responses and objection to Moderna's Rule 45 document and testimony subpoenas.

## I.    General Objections and Roivant Definitions

As an initial matter, the parties agreed to hold further discussion concerning Moderna's testimony subpoena in abeyance until resolution of disputes concerning Moderna's document subpoena to Roivant.

With respect to General Objection No. 2, Roivant objected to identifying documents on a privilege log that were generated on or subsequent to February 28, 2022, the filing of the Complaint in *Arbutus Biopharma Corp. v. Moderna, Inc.*, No. 22-252-MSG (D. Del.) ("This Action"). 8/31/2023 Roivant Document Subpoena Response ("8/31/2023 Doc. Resp.") at 2. We discussed and understand that Roivant **will** be providing a privilege log for responsive

# KIRKLAND & ELLIS LLP

Roivant
September 29, 2023
Page 2

communications and documents dated before February 28, 2022 that are being withheld on the basis of privilege.

Roivant objected to Moderna's definition of "Arbutus" in General Objection No. 16 and interpreted all references to "Arbutus" to mean only Arbutus Biopharma Corporation. We explained that the definition of "Arbutus" should include at least Protiva Biotherapeutics, Inc. ("Protiva"), a predecessor entity that was the original assignee of certain Patents-in-Suit before Protiva was acquired by Arbutus. Roivant indicated this would depend on the request and on context. Moderna's position is that if a document request concerns Roivant and the Patents-in-Suit or Related Applications, the definition of "Arbutus" should include Protiva for the reason described herein. If Roivant disagrees, please let us know your basis.

In response to Moderna's Request Nos. 2, 3, 5, and 15, Roivant agreed to produce "Valuation Documents," defined as "non-privileged final documents that contain a valuation of the Patents-in-Suit or an intellectual property [("IP")] portfolio that includes one or more of the Patents-in-Suit, after a reasonable search of Roivant's records." 8/31/2023 Doc. Resp. at 8 (Definition No. 4). We asked if Roivant could identify the difference in alleged burden between "final documents" versus drafts. Because Roivant has alleged burden as a third party to This Action, understanding the delta between "final documents" versus drafts would be a useful metric in assessing such burden. Moreover, as we noted on our call, Moderna's position is that drafts, including draft valuations or agreements contemplated but never finalized, are relevant and responsive. For example, if a draft document discussed the validity of the Patents-in-Suit or the scope of claims as covering possible infringing products, but was not considered "finalized," such drafts may still show information relevant to Plaintiffs' claims relating to the alleged value of the Patents-in-Suit. Please confirm by <u>October 5, 2023</u> that Roivant will agree not to limit "Valuation Documents" to "final documents," or otherwise confirm the alleged burden in collecting and reviewing both "final documents" and drafts versus "final documents" alone.

## II.    Specific Objections to Document Requests

In response to Moderna's Request Nos. 1, 4–9, and 11–16, Roivant specifically objected to "undue burden" under Fed. R. Civ. P. 45(d)(1). Although Roivant states that it is a third party to This Action, it clearly has an interest in and stands to gain a financial benefit from the outcome of This Litigation. As Plaintiff Genevant has admitted, pursuant to the April 11, 2018 Third Amendment to Cross License Agreement (GENV-00021671), ███████████████████████ ██████████████████████████████████  7/28/2023 Genevant First Supp. Resp. to RFA No. 7. Moreover, as Genevant's "principal shareholder," Roivant would expect a benefit from a damages award to Genevant in the form of increased value in Genevant shares. When a third party "actually has an interest in the outcome of the case," concerns about burden on such a third party "are not as great as they would be" if the third party had no interest in or involvement with

# KIRKLAND & ELLIS LLP

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

Roivant
September 29, 2023
Page 3

the underlying lawsuit. *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, No. 1:13-CV-1053-RCL, 2019 WL 5864595, at *4 (D.D.C. Nov. 8, 2019); *see also Culliver v. Ctr. for Toxicology & Env't Health LLC*, No. 3:21-CV-4942-MCR-GRJ, 2022 WL 475185, at *4 (N.D. Fla. Feb. 16, 2022) (Rule 45's prohibition against ***unduly*** burdening a non-party viewed under different lens when the non-party is not truly disinterested" (emphasis added)). Moderna disagrees that Roivant is truly a disinterested third party. Further, as we discussed, where Roivant alleges a document request "seeks large volumes of documents from numerous custodians," if Roivant can provide a metric as to how large such a volume is or how many custodians are being considered, Moderna is open to discussion as to how a specific request may be narrowed to avoid ***undue*** burden. That there is ***some*** burden to Roivant does not void its obligation to produce documents in response to Moderna's subpoena. *Rardon v. Falcon Safety Prod., Inc.*, No. 23-1594, 2023 WL 5347298, at *2 (3d Cir. Aug. 21, 2023) (noting factors weighed in the undue burden analysis).

### A. Request No. 1

*1) All Communications relating to the Patents-in-Suit, Related Applications, and/or patent infringement actions (actual or contemplated) against Moderna in relation to Moderna's COVID-19 Vaccine, including This Action.*

      Roivant responded it would not produce documents responsive solely to this request absent further clarification as to relevance and narrowing. On our call, Roivant stated Request No. 1 was broad and could encompass too many custodians. As addressed above, Moderna is open to discussion regarding burden in terms of how "broad" Roivant interprets this Request and/or the number of identified custodians. We explained that Request No. 1 is relevant as to Roivant's standing and damages that may be at issue in This Action. Given Plaintiff Genevant's admission (as noted above), Roivant's independent and public representations regarding Moderna,[1] and the fact that ███████████████████████████████████████ (*e.g.*, GENV-00027708, GENV-00028826, GENV-00031179), Moderna is entitled to discovery as to whether Plaintiffs have all substantial rights as they allege, and thus standing to bring suit, or whether Roivant holds such rights. Moreover, the control over enforcement actions is another substantial right, and internal Roivant communications between Roivant employees (such as discussing the strategy to sue Moderna and the timing of suit) are relevant. Such emails may not be privileged, and would be solely within the control of Roivant and not either Plaintiff entity. Roivant stated it would consider the points raised by Moderna.

---

[1] *E.g.*, https://investor.roivant.com/static-files/ba1b36f5-2037-4ae1-941c-85b06a498fde ("Roivant 2/28/2022 Update") at slides 8, 10.

## KIRKLAND & ELLIS LLP

HIGHLY CONFIDENTIAL
OUTSIDE COUNSEL'S EYES ONLY

### B.  Request No. 2

*2)  All Documents and Communications concerning any due diligence or valuation of the Patents-in-Suit and/or Related Applications (or of an intellectual property portfolio that includes one or more of the Patents-in-Suit), including when You acquired a financial or ownership interest in the Patents-in-Suit and/or Related Applications.*

Roivant responded it would produce Valuation Documents.  We asked whether Roivant was excluding email communications from Request No. 2.  Roivant stated that it was not limiting its investigation solely to documents, and did not intend to exclude emails or other Communications within the definition of Valuation Documents.  We further explained that Request No. 2 was aimed at Documents and Communications unique to Roivant, which could not be resolved by simply seeking discovery from Plaintiffs.  Information responsive to Request No. 2 also goes to Roivant's standing and interests in the Patents-in-Suit and This Action.

### C.  Request No. 3

*3)  All Documents and Things concerning any opinion, assessment, or evaluation regarding the value, patentability, enforceability, validity, claim scope, and/or infringement of one or more of the Patents-in-Suit and/or Related Applications.*

Roivant responded it would produce Valuation Documents.  We noted that Request No. 3 also seeks information such as patentability, enforceability, validity, claim scope, and/or infringement.  You did not dispute the relevance of these documents, which is clear.  We explained that there is no basis to assume all such documents are privileged.  For example, where such Documents or Things are disclosed to third parties such as litigation funders, privilege may be waived.  Moreover, non-legal employees may have discussed these matters, which may not necessarily be privileged.  Roivant agreed to consider Moderna's points.

### D.  Request No. 4

*4)  Documents sufficient to identify Your rights and/or interests in the Patents-in-Suit and/or Related Applications, including past and current rights and interests.*

Roivant agreed to produce the April 11, 2018 Master Contribution and Share Subscription Agreement by and among Genevant Sciences Ltd., Arbutus Biopharma Corporation, and Roivant Sciences Ltd. (including exhibits and appendices), and the March 27, 2020 Intellectual Property Security Agreement, by and between Genevant Sciences Ltd. and Roivant Sciences Ltd.  We noted that Roivant's response did not fully address the scope of Request No. 4, and asked Roivant to clarify if it was representing that these two aforementioned agreements were the ***only*** Documents responsive to this request, including "past and current

## KIRKLAND & ELLIS LLP

Roivant
September 29, 2023
Page 5

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

rights and interests." Further, Roivant is in a better position than Moderna to identify what other Documents show its rights and/or interests in the Patents-in-Suit. Roivant stated it would consider whether there were additional documents responsive to Request No. 4.

### E.  Request No. 5

*5)  All Documents relating to valuations or projections of royalty or license fees or rates, potential royalty or license fees or rates, upfront payments, and/or milestones related to one or more of the Patents-in-Suit and/or Related Applications.*

Roivant responded it would produce Valuation Documents. We explained that Request No. 5 is relevant as it provides information concerning reasonable royalty rates at the time of a hypothetical negotiation in This Action. Roivant asked why Plaintiffs' production was not sufficient. We stated that Roivant (and Plaintiffs) would be in the position to identify whether responsive documents are the same, or whether there are Roivant-unique documents responsive to this request. Roivant agreed to confirm differences, if any, between what Plaintiffs have produced and agreed to produce versus what Roivant may additionally have in response to this request, outside of Valuation Documents.

### F.  Request Nos. 6, 7, and 12

*6)  All Documents and Things concerning analysis (including testing and data collection) and monitoring of Moderna's COVID-19 Vaccine or other LNP products developed or commercialized by Moderna.*

*7)  All Documents and Things related to monthly, quarterly, or otherwise periodic investor updates, market updates, or internal company monitoring alerts concerning the Patents-in-Suit and/or Related Applications, This Action, Moderna's COVID-19 Vaccine, or other LNP products commercialized by Moderna.*

*12)  All Documents and Communications concerning any involvement by Roivant in the decision to file suit against Moderna in This Action, including the timing of filing suit.*

Roivant responded it would not produce documents responsive solely to these requests.

We explained that information responsive to Request No. 6 would go to at least standing, including whether Roivant has all substantial rights, including driving the decision to file suit against Moderna. If Roivant was independently monitoring Moderna and Moderna's COVID-19 vaccine, this information would be relevant and responsive to Request No. 6. For instance, Roivant 2/28/2022 Update at slide 8 notes the purported phospholipid and cholesterol molar percentages in Moderna's mRNA-1273 as compared to the claim scope of the Patents-in-Suit,

## KIRKLAND & ELLIS LLP

Roivant
September 29, 2023
Page 6

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

even though as a "third party," Roivant is not the assignee to the Patents-in-Suit.  It therefore begs the question why Roivant is providing "updates" as to This Action and the purported composition of Moderna's COVID-19 vaccine.  Request No. 6 seeks Documents and Things concerning Roivant's monitoring or searches of public or non-public disclosures concerning Moderna's COVID-19 vaccine.  Such materials may also be relevant to the scope of the alleged claims according to Roivant and Plaintiffs.

Request No. 7 (similar to Request No. 6) is relevant to Plaintiffs' alleged standing in This Action and any independent information gathering by Roivant concerning Moderna and Moderna's products for the purposes of filing suit.  Investor updates, market updates, or Roivant internal company monitoring alerts concerning the Patents-in-Suit, This Action, and/or Moderna and its products may also reflect monetary amounts that are relevant to the extent of damages claimed in This Action.  In addition to the Roivant 2/28/2022 Update, Roivant also provided a Webcast concerning an "Update Regarding Initiation of Patent Litigation Against Moderna,"[2] and press releases concerning This Action.[3]  Request No. 7 thus seeks other similar and additional investor, market, or company updates Roivant has akin to those identified herein.  During the call, Roivant stated it would further consider Moderna's explanation as to relevance.

Please let us know if Roivant has reconsidered Request Nos. 6 and 7 in view of the foregoing.

As to Request No. 12, Roivant indicated that documents responsive to this request would all be privileged, would have minimal relevance, and would be burdensome to produce given likely privilege.  For the reasons explained above, this request also goes to Plaintiffs' alleged standing, and may be relevant to any arguments Plaintiffs may make about the reasons they filed suit and when they filed suit.  Given Roivant's concern as to burden, we asked if Roivant had identified the number or volume of documents that would be responsive to this request.  Roivant indicated that it was still investigating, but that relevance should come first.  Moderna explained that not all Documents or Communications would be privileged, particularly if Roivant business personnel were involved and if the decision was made on non-legal or commercial grounds.  Please let us know if you have identified the number of documents responsive to this request such that Roivant and Moderna can assess burden of production.

---

[2]  *See* https://investor.roivant.com/news-events/events.
[3]  *See* https://investor.roivant.com/news-releases/news-release-details/genevant-sciences-and-arbutus-biopharma-file-patent-infringement noting Roivant is "Genevant's principal shareholder" and "host[ing]" a live conference call.

# KIRKLAND & ELLIS LLP

Roivant

September 29, 2023

Page 7

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

### G. Request Nos. 9 and 10

*9)  Documents sufficient to identify Your ownership interest (including the amount or percentage) or control in Genevant and/or in Arbutus.[4]*

*10)  Documents sufficient to identify Genevant's and/or Arbutus' ownership interest(s) (including the amount or percentage) or control in Roivant.*

Roivant stated that it would not produce any documents solely in response to these requests, and noted that this information has been, or will be, produced by Plaintiffs in This Action.  During our call, we asked Roivant to clarify if what has been and will be produced by Plaintiffs will capture any changes in Roivant's ownership interest or control in Plaintiffs, or Plaintiffs ownership or control in Roivant.  For example, if a shift in stock offerings occurred, would the parties execute another agreement; if so, how would Moderna determine if any changes or updates occurred?  This information would be relevant to standing and determining the entity that holds substantial rights in driving strategy for and any resulting outcome of This Action, especially since Roivant has already publicly touted itself as Genevant's "principal shareholder."  Roivant noted that it was not sure there would be more documents to produce beyond organization charts that Plaintiffs already produced.  Moderna has reviewed an organization chart produced by Plaintiffs, GENV-00037195, which identifies Roivant's ownership in Genevant Sciences Ltd. and Arbutus "as of June 30, 2023."  However, the public SEC information Moderna identified at https://www.sec.gov/Archives/edgar/data/1447028/000144702820000118/R11.htm states that on July 31, 2020, "Roivant recapitalized Genevant through an equity investment."  To the extent that the percentage of control Roivant had in Genevant and/or Arbutus changed between 2020 and 2023, at least Request No. 9 seeks this information.  If Roivant represents that any documents it has responsive to Request Nos. 9 and 10 have been or will be produced by Plaintiffs, Moderna is willing to consider such a representation.

### H. Request No. 11

*11)  All Documents and Communications concerning any litigation funding, investment, or financing arrangements You have with Genevant and/or Arbutus concerning This Action, the Patents-in-Suit, and/or Related Applications.*

Roivant responded it would not produce any documents solely in response to this request.  During our call, Roivant noted that litigation funding is not relevant in certain cases.  Moderna

---

[4]  *See* https://www.sec.gov/Archives/edgar/data/1447028/000144702820000118/R11.htm ("In connection with the recapitalization, the three parties entered into an Amended and Restated Shareholders Agreement that provides Roivant with substantial control of Genevant.").

## KIRKLAND & ELLIS LLP

Roivant
September 29, 2023
Page 8

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

explained that litigation funding for This Action goes to potential arguments Plaintiffs may advance at trial with respect to the size and capitalization of Moderna versus Plaintiffs. You did not dispute that Plaintiffs may take such positions. ███████████████████████████
███████████████████
         Moderna is entitled to seek discovery regarding ████████████████████████
█████████████████          Request No. 11 to Roivant is not coextensive with other requests that Moderna has already served on Plaintiffs, and for which Plaintiffs to date still refuse to produce documents. If Roivant represents that Plaintiffs will produce all Documents and Communications responsive to this request, Moderna is willing to consider such a representation. Otherwise, we consider the parties to be at an impasse.

### I.   Request Nos. 13 and 14

*13)  Documents sufficient to show all Your investment, capitalization, recapitalization, and contributions, whether financial, equity, or otherwise, made to Genevant and/or to Arbutus.*

*14)  Documents sufficient to identify the amount or percentage of proceeds You expect or are entitled to receive if Genevant and Arbutus prevail in This Action.[5]*

Roivant responded it would not produce any documents solely in response to these requests. For these requests, the amount of Roivant's investment, capitalization, contributions, equity, or otherwise, as well as proceeds Roivant expects to receive from This Action are relevant to Plaintiffs' alleged standing in this case, and the amount of damages that may be at issue. We asked what burden is at issue given that document searches for other requests (such as for Roivant agreements concerning the Patents-in-Suit and with Plaintiffs) would include documents responsive to these requests. We also asked whether Roivant was representing that any documents it would have responsive to Request Nos. 13 and 14 would be or has already been produced by Plaintiffs. Roivant was not able to make such a representation and did not have on hand the number of any Roivant-unique documents. Roivant also stated that agreements and organization charts produced by Plaintiffs would be responsive to these requests. As Moderna noted above with respect to Request Nos. 9 and 10, what organization charts have been produced only show ownership interests as of June 2023. If the amount of Roivant's investments, capitalization, contributions or otherwise in Plaintiffs have changed, Moderna is entitled to understand those changes, as well as the details concerning how Roivant will be reimbursed should Plaintiffs prevail in This Action. Again, if Roivant can represent that any documents it has responsive to these requests have been or will be fully produced by Plaintiffs, Moderna is

---

[5] *See*
https://www.sec.gov/Archives/edgar/data/1635088/000119312521365107/d268332dex1037.htm
("The Parties shall share in the proceeds from any Infringement Action … including settlements thereof (the 'Proceeds'), as follows: … (B) Roivant Sciences. or any of its Affiliates").

## KIRKLAND & ELLIS LLP

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

willing to consider such a representation.  But as noted, Moderna separately seeks information that may be unique to Roivant, and for which Roivant would be in the best position to identify.

### J.  Request No. 15

*15)  All agreements and licenses (including sub-licenses and intellectual property transfer agreements or assignments and any corresponding amendments, supplements, appendices, attachments, and exhibits thereto) and related negotiations between You and Genevant and/or Arbutus concerning LNP technology and/or the Patents-in-Suit or Related Applications, including but not limited to the Intellectual Property Security Agreement between Genevant and Roivant dated March 27, 2020.*

Roivant responded it would produce Valuation Documents, the April 11, 2018 Master Contribution and Share Subscription Agreement, and the March 27, 2020 Intellectual Property Security Agreement.  We asked Roivant to confirm that there are no other documents or agreements except Valuation Documents and the April 11, 2018 and March 27, 2020 agreements as explicitly identified.  Roivant asked Moderna to obtain this discovery from Plaintiffs.  As we explained, Moderna has already sought such discovery from Plaintiffs without confirmation as to whether or not Plaintiffs will produce such documents.  If Roivant represents that any documents it has in its possession responsive to Request No. 15 has been or will be produced by Plaintiffs, Moderna is willing to consider such a representation.

### K.  Request No. 16

*16)  Communications between You and third parties relating to Moderna or Moderna's COVID-19 Vaccine, or This Action (including the U.S. Government's Statement of Interest (filed February 14, 2023 at D.I. 49) and/or Contract No. W911QY20C0100 between Moderna and U.S. Government).*

Roivant responded it would not produce documents solely in response to this request absent further clarification as to relevance and narrowing.  We explained that this request is seeing information regarding how Roivant is characterizing Moderna to third parties, which goes to Roivant' interest in This Action and Plaintiffs' alleged standing.  Roivant noted that this category was broad.  We discussed examples, *e.g.*, Roivant has made public representations regarding Moderna and This Action to its investors.  If relatedly, Roivant has an email list of investors, potential investors, or interested readers that subscribe to updates, and Roivant mentioned Moderna, Moderna's products, or This Action in such updates, this information would be responsive to this request.  We indicated that we were willing to narrow this request to certain custodians or keywords, but would need Roivant to clarify the types of Communications it has with third parties.  Roivant stated that it would consider the parties' discussion.

## KIRKLAND & ELLIS LLP

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

Roivant
September 29, 2023
Page 10

\*      \*      \*

Please let us know your position with respect to the above by <u>October 5, 2023</u>.

Sincerely,

Yan-Xin Li

cc:     Counsel of record

# EXHIBIT D

LAW OFFICES

## WILLIAMS & CONNOLLY LLP*

PHILIP N. HAUNSCHILD
(202) 434-5979
phaunschild@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

October 16, 2023

**CONFIDENTIAL**

<u>Via Email</u>

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1618
yanxin.li@kirkland.com

> Re:   *Arbutus Biopharma Corporation and Genevant Sciences GmbH v. Moderna, Inc.*
> *and ModernaTX, Inc.*, Case 1:22-cv-00252-MSG (D. Del.)

Dear Yan-Xin:

I write in response to your September 29 letter regarding Roivant's August 31, 2023 responses and objections to Moderna's third-party subpoenas.

## General Objections and Definitions

*Privilege Log*.  Your letter indicates that on our meet-and-confer we agreed to provide a privilege log for documents created prior to February 28, 2022.  We can confirm that, to the extent that Roivant withholds on the basis of privilege documents that Roivant has otherwise agreed to produce, Roivant will provide Moderna with a log identifying those documents (with the exception of communications involving outside counsel).

*Arbutus Definition*.  Your letter indicates that Roivant's definition of Arbutus should include Arbutus's predecessor entity, Protiva Biotherapeutics, Inc., with respect to the requests that concern Roivant and the Patents-in-Suit or Related Applications.  To the extent these requests directed to Roivant pertain to one or more of the Patents-in-Suit or Related Applications, Roivant will interpret the requests to include Protiva Biotherapeutics, Inc.

*Valuation Documents*.  In response to several requests, Roivant has agreed to provide Moderna with "Valuation Documents," defined as "non-privileged final documents that contain a valuation of the Patents-in-Suit or an intellectual property portfolio, that includes one or more of

WILLIAMS & CONNOLLY LLP®

October 16, 2023                                                                    **CONFIDENTIAL**
Page 2 of 6

the Patents-in-Suit, after a reasonable search of Roivant's records." Your letter specifically requests that we identify what documents are excluded by limiting these documents to "final" documents, or else to confirm that we will not limit the documents we produce to "final" documents. We note that in response to Plaintiffs' RFPs, including, *e.g.*, Plaintiffs' RFP No. 2, Moderna has limited its responses to final versions of documents. *See* Moderna February 3, 2023 Response to Plaintiffs' First set of RFPs. To the extent that Moderna confirms that it will not limit its own production to final documents, Roivant will confirm that it will not exclude documents solely on the basis that they are non-final, to the extent that they are identified during our search.

   ***Roivant's Third-Party Status***. Your letter indicates that Roivant should not be entitled to Rule 45(d)(1)'s protections against undue burden or expense because Roivant is not a true third party. Your letter points to Roivant's ownership of a portion of Genevant's shares, █████████ and that Roivant could see an increase in its own value from an increase in Genevant's value. That is not enough to overcome the strong protection for the interests of third parties under Rule 45. *In re Wilmington Tr. Sec. Litig.*, 2017 WL 9605172, at *2 (D. Del. Sept. 25, 2017), *objections overruled*, 2018 WL 3062563 (D. Del. Jan. 12, 2018) ("[N]on-parties are not immune from the burdens of discovery, but receive an extra degree of protection"). The cases your letter cites are inapposite. In *Fairholme Funds*, the Treasury Department was directly involved *in parallel litigation* against the same plaintiffs. *Fairholme Funds, Inc. v. Fed. Hous. Fin. Agency*, 2019 WL 5864595, at *4 (D.D.C. Nov. 8, 2019). In *Culliver*, the third party had acted as a 30(b)(6) designee for one of the parties. *Culliver v. Ctr. for Toxicology & Env't Health LLC*, 2022 WL 475185, at *2 (N.D. Fla. Feb. 16, 2022). Moreover, the court's primary rationale was the third party's failure to establish the nature of the burden. *Id.* at *6. Put simply, Roivant's ownership of a portion of Genevant's shares does not override Rule 45's additional protections of Roivant's interests as a third party. *E.g. In re TQ Delta*, 2018 WL 5033756, at *2 (D. Del. Oct. 17, 2018); *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007).

   In any event, even if the concerns about burden were not as great, Moderna would still be obligated to seek available discovery from Plaintiffs, who are parties to this litigation, before turning to Roivant. *AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*, No. CV 17-1065-MSG, 2018 WL 2337133, at *3 (D. Del. May 23, 2018) ("When discovery is sought from a non-party, a court may take into account whether the discovery can be obtained from a fellow litigant, rather than from a bystander."); *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-mc-13, 2008 WL 440458, at *5 (N.D. Ohio Feb. 13, 200).

**<u>Specific RFPs</u>**

   ***RFP No. 1***. Moderna's subpoena requests all Communications relating to the Patents-in-Suit, Related Applications, and/or patent infringement actions (actual or contemplated) against Moderna in relation to Moderna's COVID-19 Vaccine. Roivant responded that it would not agree to produce any documents absent further clarification as to narrowing and Moderna's explanation of relevance. Neither on our meet-and-confer nor in your September 29 letter did Moderna identify any ways in which it could narrow this incredibly broad request for all communications on a variety of topics.

WILLIAMS & CONNOLLY LLP®

October 16, 2023                                                    **CONFIDENTIAL**
Page 3 of 6

Further, Moderna has failed to establish the relevance of any unique information available from Roivant as to any issue in dispute in this litigation.  Your letter indicates that this request is relevant to "Roivant's standing and damages that may be at issue."  First, it is not clear why *Roivant's* standing to sue, is relevant to any issue in dispute.  Roivant is not a party in this suit, and Roivant has not asserted that it has standing to sue Moderna.  Second, it is not clear why Roivant's internal communications would have any relevance to the damages to which Plaintiffs are entitled.  And to the extent such communications would have any probative value, they would likely be cumulative or duplicative of information available from Plaintiffs.

Your letter indicates that "Moderna is entitled to discovery as to whether Plaintiffs have all substantial rights."  But your letter fails to connect that assertion to any need for discovery from *Roivant*.  To the extent we can understand Moderna's position, it is that Roivant's entitlement to reimbursement of its legal fees from a potential award, ███████████████████████████ ███████████ and its public commentary about Moderna, are sufficient to negate Plaintiffs' substantial rights in the Patents-in-Suit.  If you have any legal authority for these assertions, please provide it, so that we can more effectively assess Moderna's asserted basis of relevance.

Similarly, your letter indicates that Roivant's internal communications could be relevant to assessing whether Plaintiffs have control over enforcement actions brought for the Patents-in-Suit.  If you have support for the proposition that participation by a corporate parent in "discussing the strategy to sue . . . and the timing of suit," can defeat the substantial rights of another entity, please provide it.  Absent clarification of Moderna's assertions of relevance, and any agreed-upon narrowing, Roivant will not produce further documents responsive solely to this request.

**RFP No. 2**.  This RFP requests all Documents and Communications concerning any due diligence or valuation of the Patents-in-Suit and/or Related Applications (or of an intellectual property portfolio that includes one or more of the Patents-in-Suit), including when Roivant acquired a financial or ownership interest in the Patents-in-Suit and/or Related Applications.  Roivant has agreed to provide Valuation Documents in response to this request.  On our meet-and-confer, we indicated that as part of our search for Valuation Documents, we were conducting a reasonable and proportionate search of custodial email records.  To the extent that we identify such Valuation Documents in custodial records that are not privileged, we intend to produce them.

**RFP No. 3**.  This RFP requests all Documents and Things concerning any opinion, assessment, or evaluation regarding the value, patentability, enforceability, validity, claim scope, and/or infringement of one or more of the Patents-in-Suit and/or Related Applications.  Roivant has agreed to produce Valuation Documents in response to this request.  Your letter further indicates that this request seeks information concerning patentability, enforceability, validity, claim scope, and/or infringement.  This information should first be sought from Plaintiffs.  Further, Roivant does not intend to conduct a search for documents that are entirely or largely privileged solely for purposes of preparing a privilege log.

**RFP No. 4**.  This RFP requests Documents sufficient to identify Roivant's rights and/or interests in the Patents-in-Suit and/or Related Applications, including past and current rights and interests.  Roivant has agreed to produce the April 11, 2018 Master Contribution and Share

WILLIAMS & CONNOLLY LLP®

October 16, 2023                                                    **CONFIDENTIAL**
Page 4 of 6

Subscription Agreement and the March 27, 2020 Intellectual Property Security Agreement.  Your letter asks Roivant to confirm whether there are other documents that show Roivant's rights and/or interests in the Patents-in-Suit. ███████████████████████████████████████████████ ████████████████████████████████████  To the extent that Moderna seeks additional information concerning Roivant's *past* rights and interests, to the extent they differ from the current interests, please explain Moderna's basis for relevance of such information.

    ***RFP No. 5***.  This RFP requests all Documents relating to valuations or projections of royalty or license fees or rates, potential royalty or license fees or rates, upfront payments, and/or milestones related to one or more of the Patents-in-Suit and/or Related Applications.  Roivant has agreed to produce Valuation Documents in response to this request, in addition to the Royalty Reports that Plaintiffs have agreed to produce.  Roivant will shortly be producing its Valuation Documents, and Plaintiffs are making rolling productions, including of the Royalty Documents Plaintiffs have agreed to produce.  To the extent that Moderna has a further inquiry after reviewing those documents, Roivant is willing to consider such further inquiry.

    ***RFP Nos. 6, 7 & 12***.  These RFPs request all Documents and Things concerning analysis (including testing and data collection) and monitoring of Moderna's COVID-19 Vaccine or other LNP products developed or commercialized by Moderna; all Documents and Things related to monthly, quarterly, or otherwise periodic investor updates, market updates, or internal company monitoring alerts concerning the Patents-in-Suit and/or Related Applications, This Action, Moderna's COVID-19 Vaccine, or other LNP products commercialized by Moderna; and all Documents and Communications concerning any involvement by Roivant in the decision to file suit against Moderna in This Action, including the timing of filing suit.

    The basis of relevance that your letter provides for these requests is that they go to Roivant's standing to bring suit, and whether Roivant has all substantial rights.  As noted above, Moderna has provided no authority for its assertions that Roivant's monitoring of or involvement in the enforcement of the Patents-in-Suit has any bearing on Plaintiffs' rights in the Patents-in-Suit.

    Your letter identifies two updates provided by Roivant concerning This Action, and requests similar updates in response to RFP No. 7.  Roivant will agree to produce its "**SEC Disclosures and Press Releases**," defined as public filings with the SEC and press releases by Roivant concerning LNP technology, the Patents-in-Suit, or This Action, located after a reasonable search of Roivant's files.  Roivant further understands that Moderna has not agreed to produce documents in response to certain of Plaintiffs requests seeking communications with its own investors, including Noubar Afeyan or Flagship Pioneering.

    Further, with respect to RFP No. 12, your letter asserts that any documents concerning Roivant's involvement in the decision to file suit would be relevant to arguments Plaintiffs may make about the reasons they filed suit and when they filed suit.  But Moderna has failed to tie these points to any issue actually in dispute in this litigation.  Absent Moderna identifying the relevance of any unique documents it seeks specifically from Roivant, Roivant will not conduct a wide-ranging investigation.

WILLIAMS & CONNOLLY LLP®

October 16, 2023
Page 5 of 6

**CONFIDENTIAL**

*RFP Nos. 9 & 10*.   These RFPs request Documents sufficient to identify Roivant's ownership interest (including the amount or percentage) or control in Genevant and/or in Arbutus, and Genevant's and/or Arbutus' ownership interest(s) (including the amount or percentage) or control in Roivant. As we stated on the meet-and-confer, the information sought by Moderna through these requests is available from Plaintiffs.  And as your letter acknowledges, Plaintiffs have already produced information identifying the corporate relationship between Arbutus, Genevant, and Roivant.  To the extent that Moderna seeks additional information beyond that which has already been provided by Plaintiffs, that discovery should be sought from Plaintiffs, not Roivant.  Moderna has identified no documents that could not be obtained from Plaintiffs, and must instead be sought from Roivant, a third party.  Roivant can confirm that it does not have unique and relevant information on these requests, beyond that which is available from Plaintiffs sufficient to identify the requested information concerning ownership interests and control.

*RFP No. 11*.   This RFP Requests all Documents and Communications concerning any litigation funding, investment, or financing arrangements Roivant has with Genevant and/or Arbutus concerning This Action, the Patents-in-Suit, and/or Related Applications.  Roivant has not agreed to produce any documents solely in response to this request.  Your letter fails to identify any unique, relevant information that Roivant has which would not be available from Plaintiffs.

Further, as you acknowledge, Plaintiffs have already provided information regarding ███████████████████████████████████████████████████████████████████████  our letter asserts that because Plaintiffs have provided this information, ████████████████████████████████████████████████████████████████████ Moderna is now entitled to seek discovery regarding ████████████████████████████████ But it is not clear how ███████████████████████████ █████████████████████████████████████████████████████████ is relevant to any issue in dispute.  Nor, as indicated above, has Moderna shown why this information could not be obtained from Plaintiffs.

Finally, Roivant understands that Plaintiffs have objected to similar requests on the basis of relevance.  *See, e.g., In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 405 F. Supp. 3d 612 (D.N.J. 2019); *United Access Techs., LLC v. AT&T Corp.*, 2020 WL 3128269, at *1 (D. Del. June 12, 2020).  To the extent that Moderna has failed to establish the relevance of its requests from a party to the litigation, it cannot satisfy the heightened standard that applies to discovery from a third party.  *See In re Wilmington Tr. Sec. Litig.*, 2017 WL 9605172, at *2 (D. Del. Sept. 25, 2017).

*RFP Nos. 13 & 14*.   These RFPs request Documents sufficient to show all Roivant's investment, capitalization, recapitalization, and contributions, whether financial, equity, or otherwise, made to Genevant and/or to Arbutus and to identify the amount or percentage of proceeds Roivant expects or is entitled to receive if Genevant and Arbutus prevail in This Action. Roivant has not agreed to produce any documents solely in response to these requests.  The only bases for relevance that Moderna has provided, in our meet-and-confer and in your letter, are that these documents are relevant to Plaintiffs' standing and the amount of damages that may be at issue.

WILLIAMS & CONNOLLY LLP

October 16, 2023                                                    **CONFIDENTIAL**
Page 6 of 6

As your letter acknowledges, however, ████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████ Plaintiffs
have also produced or agreed to produce agreements responsive to this request. And Plaintiffs
have already produced Organization Charts showing the corporate structure between Roivant,
Arbutus, and Genevant. Those documents are sufficient to show Roivant's investments in
Plaintiffs and Roivant's entitlement to any proceeds.

Your letter states that these requests seek information that may be unique to Roivant, but
fails to indicate what that unique information might be. These requests seek documents sufficient
to show/identify Roivant's investments and contributions to Genevant and/or Arbutus, or the
proceeds to which Roivant is entitled from *Genevant and/or Arbutus*. To the extent that Moderna
seeks additional information concerning any historical change in the levels of ownership or
investment in either of the Plaintiffs, please provide the basis for the relevance of this request.
Please further identify why that information cannot be pursued from Plaintiffs.

**RFP No. 15**. This RFP requests all agreements and licenses and related negotiations
between Roivant and Genevant and/or Arbutus concerning LNP technology and/or the Patents-in-
Suit or Related Applications, including but not limited to the Intellectual Property Security
Agreement between Genevant and Roivant dated March 27, 2020. In response to this RFP,
Roivant has agreed to produce Valuation Documents, the April 11, 2018 Master Contribution and
Share Subscription Agreement, and the March 27, 2020 Intellectual Property Security Agreement.
As we stated on our meet-and-confer, this request specifically requests agreements between
Roivant and *Genevant or Arbutus*, who are parties to this litigation. Before turning to Roivant for
further discovery, Moderna should first exhaust available discovery from the Plaintiffs. If there
are specific agreements Moderna requests from Roivant that are not available from Plaintiffs, and
for which Moderna can demonstrate their relevance, Roivant will consider Moderna's position.

**RFP No. 16**. This RFP requests Communications between Roivant and third parties
relating to Moderna or Moderna's COVID-19 Vaccine, or This Action (including the U.S.
Government's Statement of Interest (filed February 14, 2023 at D.I. 49) and/or Contract No.
W911QY20C0100 between Moderna and U.S. Government). The sole basis that Moderna has
provided for the relevance of these documents is that the manner in which Roivant refers to
Moderna could go to Roivant's interest and Plaintiffs standing. As requested above, to the extent
that Moderna has legal authority for its position that Roivant's communications, separate from
those which are available from Plaintiffs, can negate Plaintiffs' interests in the Patents-in-Suit,
please provide it so that we can effectively assess the scope of Moderna's requests.

Sincerely,

Philip N. Haunschild

cc: Counsel of Record

# EXHIBIT E

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104
United States

Yan-Xin Li
To Call Writer Directly:
+1 415 439 1618
yanxin.li@kirkland.com

+1 415 439 1400

Facsimile:
+1 415 439 1500

www.kirkland.com

**By Email**

November 13, 2023

**HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL'S EYES ONLY**

Philip Haunschild
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
phaunschild@wc.com

Re:     *Arbutus Biopharma Corp. et al. v. Moderna, Inc. et al.*, 1:22-cv-00252-
MSG (D. Del.)

Dear Philip:

I write in regards to Roivant's October 16, 2023 letter concerning its objections and
responses to Moderna's document subpoena and in reply to Moderna's September 29 letter.

## I.      General Objections and Definitions

PRIVILEGE LOG.  With respect to a privilege log, Roivant notes it will provide a log
identifying privileged documents before February 28, 2022 "with the exception of
communications involving outside counsel."  10/16/2023 Letter at 1.  This is neither
contemplated under Delaware's Default Standard for Discovery nor the ESI Order with respect
to this litigation (Dkt. 111).  Please explain why Roivant is additionally narrowing pre-
Complaint documents to exclude "communications involving outside counsel."

VALUATION DOCUMENTS.  Our September 29 letter asked Roivant to identify the
difference between "final documents" versus drafts of Valuation Documents, given that Roivant
repeatedly alleged burden in its August 31 subpoena response.  Roivant's October 16 letter fails
to address this, though you do not deny the relevance of "draft" documents as we explained in
our September 29 letter.  9/29/2023 Letter at 2.  Instead, Roivant states that it will not exclude
non-final documents ***if*** Moderna would similarly agree not to exclude non-final documents in

## KIRKLAND & ELLIS LLP

Roivant                                        **HIGHLY CONFIDENTIAL**
November 13, 2023                        **OUTSIDE COUNSEL'S EYES ONLY**
Page 2

response to Plaintiffs' requests, *e.g.*, Plaintiffs' RFP No. 2. That is, Roivant draws a distinction
as to its status as a "third-party" when convenient to avoid relevant discovery in response to
Moderna's subpoena, but simultaneously acts like a party to this litigation to leverage and horse-
trade for discovery **on behalf of Plaintiffs**. This is improper, and wholly undercuts Roivant's
argument that it is a disinterested "third party." If you have legal authority to the contrary,
please provide it for our consideration.

Moreover, you identify Plaintiffs' RFP No. 2 as an instance where Moderna "limited its
responses to final versions of documents." 10/16/2023 Letter at 2. Plaintiffs' RFP No. 2 seeks
"All documents related to the preparation of Biologics License Application 125752." In
response to Plaintiffs' RFP No. 2, Moderna has already produced nearly 14,000 documents
totaling more than 400,000 pages. The sheer volume of responsive final versions of documents
makes additionally searching and producing drafts burdensome, cumulative and duplicative, not
proportional to the needs of the case, and unreasonable. By contrast, for Plaintiffs' requests that
seek information likely having a **comparable** volume of draft and final documents as Moderna's
subpoena requests to Roivant, Moderna did not limit its production to only final versions. *See,
e.g.*, Moderna's response to Plaintiffs' RFP Nos. 128, 129. Please confirm Roivant will not limit
Valuation Documents to only "final" versions, or provide the difference in terms of estimated
number of responsive documents between "final documents" versus drafts to support your basis
as to burden, as we originally requested.

THIRD PARTY STATUS. Roivant's claim that it is a disinterested third-party that should be
afforded "strong protection[s]" from the burden of discovery is belied by its own attempts to
offer relevant discovery to which Moderna is entitled under Rule 45 **in exchange** for Moderna to
produce additional documents **to Plaintiffs**, as noted above. Your attempts to distinguish our
cited case law fall flat, and the cases you note are, in fact, inapposite in view of how Roivant has
held itself out as an interested private affiliate ██████████████████████████████
████████████████████████████ negotiating for discovery on behalf
of Plaintiffs, publicly holding itself out as directing the litigation[1]) rather than a "non-party" or
government agency. *In re Wilmington Tr. Sec. Litig.*, No. 10-990, 2017 WL 9605172, at *2 (D.
Del. Sept. 25, 2017) (granting a motion to quash a **deposition subpoena** because costs associated
with deposing **multiple Federal Reserve employees** were "substantial" and likely duplicative of
testimony in a separate criminal trial); *Watts v. S.E.C.*, 482 F.3d 501, 509 (D.C. Cir. 2007)
(noting Rule 26 and 45 "must properly accommodate '*the government's* serious and legitimate
concern that its employee resources not be commandeered into service by private litigants'");
*Recycled Paper Greetings, Inc. v. Davis*, No. 08-MC-13, 2008 WL 440458, at *5 (N.D. Ohio
Feb. 13, 2008) (noting that materials sought by subpoena went to the issue of whether a
defendant violated the Illinois Trade Secrets Act and breached fiduciary duty, which
presupposed that defendant owed plaintiff a fiduciary duty and that trade secrets existed, and

---

[1]     *See* https://investor.roivant.com/static-files/ba1b36f5-2037-4ae1-941c-85b06a498fde.

# KIRKLAND & ELLIS LLP

finding based on the record that interests served by compliance with subpoena were outweighed by harm to disinterested third party). Roivant likewise cannot hide behind "blanket general objections" of burden, which your October 16 letter concedes is an insufficient basis to "resist" relevant discovery. 10/16/2023 Letter at 2; *Culliver v. Ctr. for Toxicology & Env't Health LLC*, No. 21-4942, 2022 WL 475185, at *2, 6 (N.D. Fla. Feb. 16, 2022).

## II.    Specific Requests

REQUEST NO. 1. During our September 12, 2023 meet-and-confer, Roivant merely claimed that this request was "broad" and could encompass too many custodians without providing further detail. Roivant also stated its investigation was ongoing. As we stated during the call, as well as in our September 29 letter, Moderna is open to discussion on how a request may be narrowed to avoid undue burden. To date, Roivant has failed to articulate how this request is "incredibly broad" or covers "a variety of topics," particularly given Moderna's additional explanation as to relevance of Roivant-unique communications concerning the Patents-in-Suit and patent infringement actions against Moderna. As you acknowledge, a third-party's "failure to establish the nature of the burden" was at least one basis for denying a motion to quash. 10/16/2023 Letter at 2.

As to the issue of standing and all substantial rights, Roivant does not deny that it was ███████████████████████ *See* 9/29/2023 Letter at 3. Your October 16 letter is incorrect in stating that Moderna "fail[ed] to connect that assertion [of whether Plaintiffs have all substantial rights] to any need for discovery from *Roivant*." 10/16/2023 Letter at 3. We explained that unique, internal, non-privileged Roivant communications responsive to this request could contain information as to whether "Roivant holds such [substantial] rights." 9/29/2023 Letter at 3. This would include communications discussing the value or amount of damages as a result of infringement that Roivant expected would result from a litigation (it was directing) concerning the Patents-in-Suit, especially if this number was drastically different than the amount of damages Plaintiffs are seeking, which are also relevant to Plaintiffs' claim for damages. Additionally, to the extent Roivant was involved in licensing decisions concerning the Patents-in-Suit, discovery of internal communications concerning those licenses would likewise be relevant to the hypothetical negotiation analysis and royalty rate. Roivant provides no basis for why or how such communications would likely be "cumulative or duplicative of information available from Plaintiffs" besides its own say so.

Your letter further suggests that Moderna is arguing that Roivant's activities "negate Plaintiffs' substantial rights in the Patents-in-Suit." 10/16/2023 Letter at 3. Moderna is not arguing that Roivant's conduct "negates" or "defeats" certain substantial rights Plaintiffs may have; rather, Moderna seeks relevant, non-privileged information to determine whether Roivant shares or separately holds substantial rights in the Patents-in-Suit. If Roivant exercised complete

## KIRKLAND & ELLIS LLP

Roivant                                                          **HIGHLY CONFIDENTIAL**
November 13, 2023                                      **OUTSIDE COUNSEL'S EYES ONLY**
Page 4

control over Plaintiffs' business decisions and enforcement activities by virtue of their corporate relationship, then Roivant has had control over the Patents-in-Suit, *i.e.*, substantial rights, which can establish standing.  *Hologic, Inc. v. Minerva Surgical, Inc.*, 163 F. Supp. 3d 118, 122 (D. Del. 2016).

If Roivant has no unique communications relating to the Patents-in-Suit or infringement actions against Moderna, please let us know as it would moot any dispute as to this request. Otherwise, please identify specific burdens with respect to this request such that the parties can work to reasonably narrow.  If not, then we understand the parties to be at an impasse as to Request No. 1.

REQUEST NO. 2.  Thank you for confirming that as part of Valuation Documents, Roivant is conducting a search of custodial email records with respect to this request.  Please identify the custodian(s), and let us know if "custodial email records" include custodial non-email documents (like files or folders in OneDrive).  Please also confirm if Roivant is searching non-custodial documents (such as in central repositories) with respect to this request.

REQUEST NO. 3.  Roivant again does not dispute the relevance of patentability, enforceability, validity, claim scope, and/or infringement as covered by this request, or instances where such information would not be subject to privilege.  Instead, Roivant argues this information should be sought from Plaintiffs and that it "does not intend to conduct a search for documents that are entirely or largely privileged solely for purposes of preparing a privilege log."  10/16/2023 Letter at 3.

First, if Roivant has unique documents, discovery from Plaintiffs would not include this information.  A simple way to resolve any dispute as to this request would be if Roivant could confirm it has no unique documents—something only Roivant could do.  Your second comment raises concerns as to how and whether Roivant has actually conducted a good faith investigation in response to Moderna's subpoenas.  That you claim documents are "entirely or largely privileged" implies that Roivant has searched and reviewed such documents.  Please confirm if that is the case.  If not, please provide authority that a party can refuse to search or review documents simply because it *believes* a large number of such documents could be privileged, particularly given existing case law supports the contrary.  *See, e.g., HTC Corp. v. Tech. Props. Ltd.*, No. C08-00882 (N.D. Cal. Jan. 12, 2011), ECF No. 240 at 9-10.

REQUEST NO. 4.  Roivant's October 16 letter raises—for the first time—an objection to this request concerning "*past* rights and interests."  This delineation, nearly three months after receiving Moderna's subpoena, appears to be a vehicle with which Roivant is evading relevant discovery.  Further, our September 29 letter asked Roivant to confirm whether the April 11, 2018 Master Contribution and Share Subscription Agreement and the March 27, 2020 Intellectual Property Security Agreement ███████████████████████████████  Your October

## KIRKLAND & ELLIS LLP

Roivant
November 13, 2023
Page 5

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

16 letter does not answer this question, but ███████████████████████████
██████████████████

Moderna is entitled to understand, for example, any changes in the total amount of
Common Shares discussed in the April 11, 2018 Master Contribution and Share Subscription
Agreement versus today, particularly because as of June 20, 2023, Roivant owns ███████
████████████████████████████████████████████████████████████
███████████████ lease confirm whether any new or other agreements responsive to this
request have been executed on or between April 11, 2018 and March 27, 2020, and since March
27, 2020.

Further, Moderna seeks to understand past rights and interests, and particular reasons for
changes between past and current rights and interests in the lead up to the lawsuit and Plaintiffs'
proposed hypothetical negotiation date.

REQUEST No. 5.  Thank you for confirming Roivant's forthcoming production of
Valuation Documents (the scope and volume of which is subject to outstanding discussion as
noted in Request No. 1 above).  Please confirm differences, if any, between Plaintiffs' rolling
productions versus what Roivant may additionally have in response to this request, outside of
Valuation Documents (*e.g.*, pertaining to royalty or license rates and payments, which you do not
deny is relevant).  Roivant had agreed to do this identification during our September 12 meet-
and-confer.

Separately, we understand Roivant's position is that Moderna should wait and review
Roivant's Valuation Documents and Plaintiffs additional productions before any further inquiry.
Moderna can be amendable to this given all parties' good faith efforts for rolling productions.
We note that Roivant's cited case law recognizes that a wait-see-and-further-inquire approach
may likely "result in much work and time spent in order to get largely the same place" as if the
third-party complied with its independent production to subpoena requests.  *See AbbVie Inc. v.
Boehringer Ingelheim Int'l GmbH*, No. CV 17-1065-MSG, 2018 WL 2337133, at *4 (D. Del.
May 23, 2018).

REQUEST NOS. 6, 7, AND 12.  Thank you for agreeing to additionally produce SEC
Disclosures and Press Releases, which Roivant has defined as "public filings with the SEC and
press releases by Roivant concerning LNP technology, the Patents-in-Suit, or This Action," in
response to Request No. 7.  However, this request is not limited to Roivant's public filings and
public press releases.  Please confirm Roivant will also include internal updates and other market
updates or investor alerts that may be distributed to a smaller circulation and not available

## KIRKLAND & ELLIS LLP

Roivant                                                                    **HIGHLY CONFIDENTIAL**
November 13, 2023                                              **OUTSIDE COUNSEL'S EYES ONLY**
Page 6

publicly.  If Roivant has no periodic internal updates, market updates, or monitoring alerts, please let us know.

We disagree with the other points you raise with respect to Request Nos. 6 and 7, but have nevertheless addressed these above.  And again, Roivant, in an effort to elicit discovery ***on behalf of Plaintiffs***, notes that Moderna has not agreed to produce documents for Plaintiffs' requests seeking communications with Noubar Afeyan or Flagship Pioneering. ███████████ ████████████████████████████ neither Roivant nor Plaintiffs have identified similar relevance of communications by, with, or from Mr. Afeyan or Flagship Pioneering as to this litigation.  Moderna has already addressed Plaintiffs' concern as to Plaintiffs' RFP No. 170 in its October 25, 2023 letter.  For Request No. 12, we have "tie[d]" Roivant's involvement in the decision to file suit to disputes in this litigation.  *See supra* re Roivant's alleged Third-Party Status and Request No. 1.  Please confirm if Roivant will reconsider its position for these requests in view of the foregoing.

R̲e̲q̲u̲e̲s̲t̲ ̲N̲o̲s̲.̲ ̲9̲,̲ ̲1̲0̲,̲ ̲1̲1̲,̲ ̲1̲3̲,̲ ̲a̲n̲d̲ ̲1̲4̲.  For Request Nos. 9 and 10, thank you for confirming that Roivant does not have unique, relevant information beyond that available from Plaintiffs.

For Request No. 11, your October 16 letter notes that Moderna failed to identify "any unique, relevant information that Roivant has."  10/16/2023 Letter at 5.  This comment makes little sense given Moderna is not in possession, custody, or control of Roivant documents.  It is therefore unclear how Roivant expects Moderna to identify Roivant-unique information. ███ Roivant also states that Moderna is not entitled to discovery on ███████████ ███████████████████████████████████████  We disagree.  Roivant cannot deny that it is entitled to reimbursement for costs and expenses of this litigation from proceeds of any award.  How and the manner of reimbursement goes to the corporate relationship between Roivant and Plaintiffs and how Roivant exercises control.  *See supra* re Request No. 1.  Details of this information may not necessarily be in Plaintiffs' possession, custody, or control—unless Roivant can confirm to the contrary.  And given that Roivant is not a disinterested third-party, there is no "heightened standard" of burden from discovery.

Additionally, for Request Nos. 9, 10, 11, 13, and 14, Roivant takes the position that the information sought should be pursued from Plaintiffs.  As with Request No. 5, Moderna can be amendable to waiting and reviewing Plaintiffs' forthcoming rolling productions to determine if these requests can be resolved via Plaintiffs, and if Roivant agrees not to claim that any later requests from Moderna are untimely.

R̲e̲q̲u̲e̲s̲t̲ ̲N̲o̲.̲ ̲1̲5̲.  Notwithstanding Roivant's position that additional documents in response to this request should be sought from Plaintiffs, we asked Roivant to confirm that there

## KIRKLAND & ELLIS LLP

Roivant
November 13, 2023
Page 7

**HIGHLY CONFIDENTIAL**
**OUTSIDE COUNSEL'S EYES ONLY**

are no other documents or agreements except Valuation Documents and the April 11, 2018 and March 27, 2020 agreements as Roivant explicitly identified.  Your October 16 letter did not provide an answer.  Please confirm that there are no other agreements, licenses, or documents concerning related negotiations.  Further, and for clarity, to the extent Roivant was involved in licensing decisions, particularly around the date of Plaintiffs' alleged hypothetical negotiation date, such documents or agreements would be informative of and provide context to Plaintiffs' negotiating position.

Similar to Request Nos. 5, 9, 10, 11, 13, and 14, Moderna is amendable to reviewing Plaintiffs' good-faith forthcoming rolling productions to determine if Plaintiffs' documents can resolve this request, and if Roivant agrees not to claim that any later requests from Moderna are untimely.

REQUEST NO. 16.  The only issue you raise with respect to Request No. 16 is authority concerning how Roivant's communications "can negate Plaintiffs' interests in the Patents-in-Suit."  We have already addressed this concern above.  *See supra* re Request No. 1.  Please confirm Roivant will produce documents in response to this request.

\*      \*      \*

Please provide your responses to the foregoing by November 17, 2023 and let us know your ability to meet and confer, together with Delaware counsel.

Sincerely,

Yan-Xin Li

cc:     Counsel of record

# EXHIBIT F

LAW OFFICES

## WILLIAMS & CONNOLLY LLP*

PHILIP N. HAUNSCHILD
(202) 434-5979
phaunschild@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

December 12, 2023

## HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYE'S ONLY

<u>Via Email</u>

Yan-Xin Li
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
(415) 439-1618
yanxin.li@kirkland.com

Re:   *Arbutus Biopharma Corporation and Genevant Sciences GmbH v. Moderna, Inc. and ModernaTX, Inc.*, Case 1:22-cv-00252-MSG (D. Del.)

Dear Yan-Xin:

I write in response to your November 13, 2023 letter regarding Roivant's responses and objections to Moderna's third-party subpoenas.

**General Objections and Definitions**

***Privilege Log***. Your letter asks Roivant to explain why it is excluding communications with outside counsel from its privilege log.   To the extent that Roivant had any communications with litigation counsel for this action in advance of the filing of the Complaint, or regarding the IPRs that Moderna filed against Plaintiffs' patents, identifying and logging any such communications would not be proportional, given the irrelevance of such communications to any dispute in this litigation.

***Valuation Documents***. Our prior letter noted that Moderna should not expect Roivant to provide greater discovery than that which Moderna has agreed to provide.  Nevertheless, based on our investigation to date, we can confirm that Roivant will provide draft Valuation Documents, to the extent that any are identified in response to a reasonable and proportional search.

***Roivant's Third-Party Status***.  We disagree with the statements in your letter attempting to distinguish our caselaw.  We also disagree that Roivant has "held itself out as an interested private affiliate," Nov. 13 Letter at 3, which we have already explained in our prior

**WILLIAMS & CONNOLLY** LLP®

December 12, 2023
Page 2 of 6

correspondence. For example, your letter asserts that Roivant has "publicly h[eld] itself out as directing the litigation," Nov. 13, 2023 Letter at 2, but the document that you cite, an "Update Regarding Initiation of Patent Litigation Against Moderna" slideshow, includes nothing about Roivant holding itself out as directing this litigation.

*All Substantial Rights*. With respect to RFP Nos. 1, 4, 6, 7, 9, 10, 11, 12, 13, 14, and 16, Moderna has asserted that these requests are relevant because they go to Roivant's standing and whether Plaintiffs have all substantial rights. At the outset, we once again note that it is entirely irrelevant whether Roivant has standing to sue for Moderna's infringement. As you are well aware, Roivant is not a Plaintiff, nor has Roivant ever represented that it intends to bring suit.[1]

In our October 16, 2023 letter, we asked Moderna to provide caselaw support for its position concerning the relevance of its requests as to whether Plaintiffs have all substantial rights. *See* Oct. 16, 2023 Letter at 3. In response, your letter cites *Hologic, Inc. v. Minerva Surgical, Inc.*, 163 F. Supp. 3d 118, 122 (D. Del. 2016), for the proposition that "[i]f Roivant exercised complete control over Plaintiffs' business decisions and enforcement activities by virtue of their corporate relationship, then Roivant has had control over the Patents-in-Suit, *i.e.,* substantial rights, which can establish standing." Nov. 13, 2023 Letter at 4. What your letter omits from *Hologic*, however, is that that case concerned *equitable* standing to sue on the patents at issue in that case. *See Hologic*, 163 F. Supp. 3d at 122 ("Hologic has established its equitable standing to pursue injunctive relief."). The case you cite, and settled Federal Circuit precedent, draws a clear distinction between a plaintiff's standing to sue for equitable relief, as opposed to Plaintiffs standing to bring a legal action. "'The general rule is that one seeking to recover money damages for infringement of a United States patent (an action "at law") must have held the legal title to the patent during the time of infringement.' In contrast, '[a]n owner of the equitable title may seek redress against an infringer in a court of equity' where he may only seek equitable relief." *Id.* at 121–22 (quoting *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579–80 (Fed. Cir. 1991)).[2]

As you well know, Plaintiffs have not brought an action for injunctive relief. *See* Case No. 22-cv-252, D.I. 1. In fact, Plaintiffs have explicitly asserted that they are not requesting injunctive relief. *Id.* ¶ 63 ("Arbutus and Genevant fully support Moderna's efforts to supply vaccines to people in the United States and worldwide and in no way seek to interfere with those efforts. Accordingly, no injunctive relief is sought in this case."); Demand for Relief ¶ G ("Arbutus and Genevant DO NOT seek any form of injunctive relief concerning the Accused Product."). As such, Plaintiffs' equitable title to the Patents-in-Suit is not at issue in this case. Accordingly, Moderna's asserted basis for the relevance of its requests fails.

---

[1] Even were the Court to find that Roivant did have standing to sue for injunctive relief, that would be irrelevant to whether Plaintiffs have all substantial rights to the Patents-in-Suit, because more than one entity can have equitable title. *See Hologic*, 163 F. Supp. 3d at 122.

[2] *See also, e.g.*, *Juno Therapeutics, Inc. v. Kite Pharma, Inc.*, No. 2:17-CV-07639 SJO-KS, 2019 WL 7169788, at *11 (C.D. Cal. Nov. 6, 2019) ("[E]quitable title would entitle Plaintiffs to pursue only 'injunctive relief.'" (quoting *Hologic*, 163 F. Supp. 3d at 122.)).

WILLIAMS & CONNOLLY LLP

December 12, 2023
Page 3 of 6

Moderna has already obtained more than proportional sufficient discovery to assess Plaintiffs' legal title to the Patents-in-Suit, and thus Plaintiffs' standing to sue and ownership of all substantial rights. Roivant has already agreed to produce the documents that ███████████████████ Plaintiffs have already produced these documents. *See* GENV-00021679; GENV-00023685; GENV-00037170. And Roivant █████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Further, in response to Moderna's Interrogatory No. 4, Plaintiffs have identified the complete chain of title for the Patents-in-Suit. *See* Plaintiffs' April 11, 2023 First Supplemental Responses and Objections to Moderna's First Set Of Interrogatories (No. 4).

Federal Circuit precedent is clear that it is the *agreement* that controls whether a Plaintiff has all substantial rights, and Moderna has not provided any reason why the agreements that Plaintiffs have already produced are insufficient to make that determination. *See Alfred E. Mann Found. For Sci. Rsch. v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010) ("[T]he question is whether the license *agreement* transferred sufficient rights to the exclusive licensee to make the licensee the owner of the patents in question." (emphasis added).

**Specific RFPs**

**RFP No. 1**. Your letter asserts that this request is relevant to establishing Roivant's standing to sue, and whether Plaintiffs hold all substantial rights. As noted above, we disagree that Moderna has established the relevance of this request on that basis.

Further, your November 13 letter raises for the first time Roivant's potential involvement in the hypothetical negotiation between Genevant and Moderna as a basis of relevance for this request, because documents responsive to this request might go to show Roivant's involvement in any licensing decisions. In response to the inquiry in your letter whether Roivant has unique communications related to this basis for relevance, *see* Nov. 13 Letter at 4, we can confirm that to the extent that Roivant communicated with Genevant regarding licenses to the Patents-in-Suit around the time of the hypothetical negotiation date that Plaintiffs have preliminarily identified—the third quarter of 2020—Genevant is already conducting a reasonable search of the custodians with whom any such communications would most likely have occurred, and Genevant will be producing them consistent with the agreed-upon scope of the parties' custodial searches.

Plaintiffs have already agreed to produce extensive licensing communications and negotiations, including internal communications and communications with relevant third parties, regarding commercial licenses that Genevant has granted to the Patents-in-Suit, located after a

WILLIAMS & CONNOLLY LLP®

December 12, 2023
Page 4 of 6

reasonable search of the custodial files of the custodians most responsible for Genevant's licensing activities. *See* July 5, 2023 Letter from A. Sheh. This will include non-privileged communications between individuals at Roivant and Genevant regarding Licenses granted by Genevant to the Patents-in-Suit, to the extent that any such communications exist. Absent an explanation of the additional relevance of communications from Roivant, conducting an additional custodial and/or noncustodial search for such documents would be unduly burdensome given that such documents would be cumulative and/or duplicative of the same documents and information that Plaintiffs have agreed to produce.

**RFP No. 2.** In response to your inquiries, we have collected the custodial records of Kunal Kishnani, including both custodial emails and non-email documents. We are further conducting a reasonable and proportionate review of documents from centralized repositories. However, to be clear, we have not yet identified any Valuation Documents from our custodial search. Our investigation is ongoing.

**RFP No. 3.** Moderna asks us to confirm that Roivant has no unique documents in response to this request. While we cannot confirm that there is not a single unique document in the custody possession or control of Roivant—which would include the custody, possession, or control of *any* employee of Roivant, based on Moderna's definitions—we can confirm that based on our reasonable and proportionate investigation to date we are not aware of any non-privileged formal opinions, assessments, or evaluations regarding the value, patentability, enforceability, validity, claim scope, and/or infringement of the Patents-in-Suit that are unique to Roivant.

**RFP No. 4.** This request is for "Documents sufficient to identify Roivant's rights and/or interests in the Patents-in-Suit and/or related Applications, including past and current rights and interests." We disagree with your statement that Roivant is only now raising a new objection to the scope of this RFP by asking for Moderna's basis for the relevance of document sufficient to show Roivant's past rights and interests in the Patents-in-Suit and/or related Applications. Roivant's August 31, 2023 Responses and Objections objected to the scope of this RFP, because it "seeks documents not relevant to any party's claim or defense nor proportional to the needs of the case." Roivant's Aug. 31, 2023 R&Os at 12. Nevertheless, Roivant agreed to provide the Master Contribution and Share Subscription Agreement by and among Genevant Sciences Ltd., Arbutus Biopharma Corporation, and Roivant Sciences Ltd. dated April 11, 2018, including its exhibits and appendices, and the Intellectual Property Security Agreement, by and between Genevant Sciences Ltd. and Roivant Sciences Ltd., dated as of March 27, 2020. In our October 16, 2023 letter ███████████████████████████████████████████████████████████████ ██████████. *See* Oct. 16, 2023 Letter at 4. We disagree with your assertions of relevance of the additional inquiries regarding this request. Nevertheless, Roivant has already agreed to produce ██████████████████████████████████████████ Plaintiffs have already produced these documents. *See* GENV-00021679*;* GENV-00023685; GENV-00037170. And Roivant has confirmed that ████████ ███████████████████████████████████████████████████████████

**WILLIAMS & CONNOLLY** LLP*

December 12, 2023
Page 5 of 6

*RFP No. 5*.  Your November 13, 2023 Letter requests Roivant to confirm the difference between Plaintiffs' productions versus what Roivant may additionally have in response to this request.  We can confirm that based on our reasonable investigation to date, we are not aware of any unique non-custodial documents that contain a valuation or projection of royalty or license fees or rates, potential royalty or licensee fees or rates, upfront payments, and/or milestones related to one or more of the Patents-in-Suit, which are solely in the possession, custody, or control of Roivant, and not Plaintiffs.

*RFP Nos. 6, 7 & 12*.  Regarding Moderna's RFP No. 7, Moderna ignores that it has to date been unwilling to provide comparable discovery to what Roivant requests from Roivant.  *See* Dec. 6, 2023 Letter from P. Haunschild.  Regardless of whether Moderna's objections are based on relevance, burden, or proportionality, those same objections would apply with even greater force to Moderna's requests from Roivant.  *See* Aug. 1, 2023 Letter from M. McLennan at 3 ("Moderna's common-sense suggestion for mutuality is grounded in Rule 26 and is based on proportionality and relevance. For example, if Plaintiffs contend that certain parts of the BLA are relevant, those same sections of Plaintiffs' regulatory filings are relevant . . . . Additionally, to the extent Plaintiffs contend that extensive searches and voluminous discovery from Moderna is 'proportional to the needs of the case,' that necessarily is applicable to Plaintiffs' discovery obligations considering the Rule 26(b) factors . . . .").  For each of these RFPs, again, your letter only asserts that they are relevant to assessing Roivant's involvement in the decision to file suit, which goes to assessing Plaintiffs' standing to sue.  But as discussed above, any discussions could only go to Roivant's *equitable* standing, and not Plaintiffs' legal title to the Patents-in-Suit.  Moderna is already receiving more than a proportionate scope of discovery as to Plaintiffs' legal title to the patents, including in Plaintiffs' responses to interrogatories and Roivant's and Plaintiffs' confirmations that they are producing the agreements that show Plaintiffs' title.

*RFP Nos. 9, 10, 11, 13 & 14*.  With respect to RFP Nos. 9 and 10, we understand that all issues with respect to these RFPs are resolved.

Regarding RFP No. 11, we asked in our October 16, 2023 letter for Moderna to explain the relevance of its request for documents showing the manner in which Roivant would obtain any reimbursement.  *See* Oct. 16, 2023 Letter at 5.  The sole basis of relevance that your November 13 letter provides is that the "[h]ow and the manner of reimbursement goes to the corporate relationship between Roivant and Plaintiffs and how Roivant exercises control." Nov. 13, 2023 Letter at 6.  As discussed above, we disagree that the manner that Roivant exercises any control is relevant to assessing Plaintiffs' legal title to the Patents-in-Suit.  Again, we confirm that Roivant and Plaintiffs have agreed to produce the documents that ███████████████████████████████████████████████████ as described above.  Further discovery is not warranted, given that these agreements establish Plaintiffs' legal title to the Patents-in-Suit.  To the extent that Moderna is able to provide any authority to the contrary, we will consider it.

With respect to RFP Nos 13 & 14, in our October 16, 2023 letter, we asked why Moderna could not obtain the requested information from Plaintiffs rather than Roivant.  Your letter does not provide a response.  Further, we asked Moderna to identify the relevance of any additional

WILLIAMS & CONNOLLY LLP®

December 12, 2023
Page 6 of 6

information that Moderna was seeking from Roivant that it has not already obtained from Plaintiffs. Again, your letter does not provide a response. Accordingly, we understand these RFPs to be resolved with respect to Moderna's requests from Roivant.

*RFP No. 15*. For the first time, your letter asserts Roivant's potential involvement in the hypothetical negotiation between Genevant and Moderna as a basis of relevance for this request, to the extent that documents responsive to this request would go to show Roivant's involvement in any licensing decisions. It is not clear, however, how this asserted ground for the relevance of this request matches the scope of this request. This request is directed to agreements and licenses between Roivant and *Plaintiffs*, and is not directed to Genevant's grants of licenses to the Patents-in-Suit. Please let us know whether we are misunderstanding the scope of this request. Once we have your confirmation on the scope of this request, we can confirm whether there are other agreements beyond those already identified that might be responsive to this request.

In addition, as noted above, we can confirm that to the extent that Roivant communicated with Genevant regarding licenses to the Patents-in-Suit around the time of the hypothetical negotiation date that Plaintiffs have preliminarily identified—the third quarter of 2020—Genevant is already conducting a reasonable search of the custodial files of the individuals with whom any such communications would most likely have occurred, and Genevant will be producing them consistent with the agreed-upon scope of the parties' custodial searches. Plaintiffs have agreed to produce extensive licensing communications and negotiations, including internal communications and communications with relevant third parties, regarding commercial licenses that Genevant has granted to the Patents-in-Suit, located after a reasonable search of the custodial files of the custodians most responsible for Genevant's licensing activities. *See* July 5, 2023 Letter from A. Sheh. Accordingly, Moderna is already receiving a more than proportional scope of discovery.

*RFP No. 16*. With respect to this RFP, Moderna's only basis for relevance is that it goes to "Roivant's interest in This Action and Plaintiffs' alleged standing." Sep. 29, 2023 Letter at 9; Oct. 16, 2023 Letter at 6. As discussed above, Moderna has still failed to provide a legally relevant basis for discovery, because Moderna has not explained why Roivant's purely internal communications could have any bearing on Plaintiffs' legal title to the Patents-in-Suit. Roivant will not agree to provide discovery for which Moderna has provided no legally relevant basis.

\*     \*     \*

We can be available to meet and confer, if needed.

Sincerely,

Philip N. Haunschild

cc: Counsel of Record

# EXHIBIT G

# KIRKLAND & ELLIS LLP

### AND AFFILIATED PARTNERSHIPS

555 California Street
San Francisco, CA 94104
United States

Yan-Xin Li
To Call Writer Directly:
+1 415 439 1618
yanxin.li@kirkland.com

+1 415 439 1400

Facsimile:
+1 415 439 1500

www.kirkland.com

**By Email**

December 20, 2023

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Philip Haunschild
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
+1 202-434-5000
phaunschild@wc.com

> Re:    *Arbutus Biopharma Corp. et al. v. Moderna, Inc. et al.*, 1:22-cv-00252-MSG
> (D. Del.)—**Roivant Document Subpoena**

Dear Philip:

In response to Roivant's December 12, 2023 letter ("12/12/2023 Letter" or "Letter"), please let us know your availability to meet and confer on December 22, 2023 at or after 3:00 pm ET to resolve the outstanding issues we identify below.

**A. Privilege Log**

Your Letter notes that Roivant intends to exclude communications dated before February 28, 2022 to the extent that Roivant "had any communications with litigation counsel for this action in advance of the filing of the Complaint, or regarding the IPRs that Moderna filed against Plaintiffs' patents." 12/12/2023 Letter at 1. We fail to understand what basis Roivant has to unilaterally exclude logging such pre-Complaint communications based on Roivant's repeated insistence of its third-party status, for which there would be no attorney-client privilege. Indeed, it is our understanding that Williams & Connolly LLP ("W&C") did not represent Roivant until about July 2023 when Moderna indicated it intended to serve subpoenas on Roivant. *See, e.g.*, 7/21/2023 Y. Li Email; 7/25/2023 T. Sheh Email (confirming W&C authorized to accept service of subpoenas for Roivant). If Roivant is claiming attorney-client privilege, please explain your basis.

Your Letter further argues that "identifying and logging" any such pre-Complaint communications "would not be proportional, given the irrelevance of such communications to any

## KIRKLAND & ELLIS LLP

Roivant
December 20, 2023
Page 2

**HIGHLY CONFIDENTIALITY**
**OUTSIDE COUNSEL'S EYES ONLY**

dispute in this litigation." We disagree. *First*, we fail to see how any identification of such communications would not already be included in the investigation Roivant is performing or has already performed in its search for documents. *Second*, communications Roivant had with litigation counsel **concerning this Action** or concerning the IPRs Moderna filed contesting **the validity of the Patents-in-Suit** is entirely relevant to claims and defenses in this case. *Third*, you fail to note the volume of such pre-Complaint communications; given that such communications took place **before** February 28, 2022, we fail to see how the volume would be so large as to "not be proportional" under Fed. R. Civ. P. 26.

Please clarify Roivant's basis for refusing to log pre-Complaint communications with outside counsel. If Roivant now intends to claim it has a common interest with Plaintiffs, please confirm if such common interest is reflected in a written agreement.

## B. Valuation Documents

Thank you for confirming that Roivant's search and production of Valuation Documents will not be limited to only final versions, and will include both final and draft documents.

## C. Third-Party Status

Suffice to say that Moderna disagrees that Roivant is only a disinterested third-party. We note that your Letter only addresses your disagreement that Roivant "has 'publicly h[eld] itself out as directing the litigation'" based on **Roivant's** "Update Regarding Initiation of Patent Litigation Against Moderna" public presentation. 12/12/2023 Letter at 2. We disagree that the presentation "includes nothing about Roivant holding itself out as directing this litigation." *Id.* Indeed, the entire presentation is made **by** Roivant and is future-looking as to "Next Steps." We also identified other instances how Roivant is not a disinterested third-party, which neither of your letters (December 12 or October 16) deny. *See* Moderna 9/29/2023 Letter at 2-3, 6; Moderna 11/13/2023 Letter at 2-3.

## D. All Substantial Rights

We likewise disagree with Roivant's position that "Moderna's asserted basis for the relevance of its requests fails" as to standing and all substantial rights. 12/12/2023 Letter at 2-3. ██████████████████████████████ Moderna has the right to understand Roivant's "interest"—separate and apart from Roivant's legal or equitable title to the Patents-in-Suit—and especially given Roivant's public conduct and activities. *See* Moderna 9/29/2023 Letter at 2-3, 6; Moderna 11/13/2023 Letter at 2-3. Based on Roivant's refusal, we understand that the parties are therefore at an impasse as to at least Moderna's Request Nos. 1, 6, 7, 12, 9, 10, 13, 14, 16 on this issue. *See* Moderna 9/29/2023 Letter.

# KIRKLAND & ELLIS LLP

Roivant
December 20, 2023
Page 3

**HIGHLY CONFIDENTIALITY**
**OUTSIDE COUNSEL'S EYES ONLY**

## E.  Request No. 1

Your Letter alleges that the only relevance Moderna offered for Request No. 1 was Roivant's standing to sue, and that Moderna "raised for the first time" Roivant's potential involvement in the hypothetical negotiation as a basis for relevance.  Letter at 3.  That is incorrect.  Our original September 29 letter identified damages as a basis for relevance to this request, and our November 13 letter simply clarified this basis in response to Roivant's October 16 letter.  *See* Moderna 9/19/2023 Letter at 3; Moderna 11/13/2023 Letter at 3-4.

While we appreciate that Roivant represents Genevant will be searching for and producing Roivant "communicat[ions] with Genevant regarding licenses to the Patents-in-Suit around the time of the hypothetical negotiation date that Plaintiffs have preliminarily identified" (12/12/2023 Letter at 3),[1] this improperly narrows the scope of subpoena Request No. 1.  *First*, Moderna does not have to accept Plaintiffs' hypothetical negotiation time frame, and discovery permits a Moderna to seek scope broader and earlier and/or later than third quarter of 2020.  *Second*, it is unclear how restrictive Genevant or Roivant is applying the phrase "***around the time of*** the hypothetical negotiation"—is "around the time" within days, weeks, months?  Moreover, Plaintiffs have pushed for extensive licensing communications from Moderna far predating Genevant's existence, and some of the Patents-in-Suit issued as early as 2011 and 2016.  Any date limitation is improper.

*Third*, our November 13 letter asked Roivant to confirm it has no unique communications relating to this request, as it would moot any dispute, and particularly given Roivant's prior argument that this request was "broad" and not narrowed to avoid undue burden.  Moderna 11/13/2023 Letter at 3-4.  Your Letter fails to address this, and raises concerns as to whether Roivant has performed ***any*** searches or investigation over the last four months in response to this request.  And as we have previously explained, if for instance Roivant has internal communications that were never made to Genevant relating to the Patents-in-Suit concerning licensing, such communications would be relevant, non-privileged, and separate from any communications Genevant produces as a party to this Action.  Again, such information evidencing Roivant's involvement in licensing or activities relating to the Patents-in-Suit or infringement is relevant to the amount and scope of damages Plaintiffs claim against Moderna.

*Fourth*, as you are aware, Moderna and Plaintiffs are disputing Plaintiffs' production as to certain Moderna RFPs (Nos. 60-62, 64-66) and responses to certain Moderna interrogatories (No. 3).  *See* Moderna 12/6/2023 Letter (K. Horstman to P. Haunschild, S. Dawson).  Specifically, Moderna disputes Plaintiffs' limitation of licenses and corresponding communications and negotiations to

---

[1]  Please confirm that when Roivant represents that "Genevant is already conducting a reasonable search of the custodians with whom any such communications would most likely have occurred, and Genevant will be producing them" (12/12/2023 Letter at 3), such communications includes emails ***to and/or from*** Roivant.

## KIRKLAND & ELLIS LLP

Roivant                                                         **HIGHLY CONFIDENTIALITY**
December 20, 2023                                        **OUTSIDE COUNSEL'S EYES ONLY**
Page 4

"*commercial* licenses"—a limitation Roivant now repeats.  For the reasons reiterated above, and as we repeatedly explained in our prior letters, should Roivant have unique communications relating to the Patents-in-Suit or infringement actions, such information is independently relevant and within the scope of subpoena Request No. 1, and should therefore be produced.

Please confirm Roivant has no unique communications relating to the Patents-in-Suit or infringement actions against Moderna.  If Roivant is unable to provide this representation, we understand that Roivant **has** unique communications, and maintain our request that Roivant produce these documents without limiting the time frame to "around the time" of third quarter of 2020 or limiting the scope of licensing communications to "commercial" licenses.  If Roivant claims burden, please let us know such that Roivant and Moderna may work together to resolve any issue to Request No. 1.

## F.  Request No. 2

Thank you for identifying Mr. Kunal Kishnani as a custodian, confirming collection of both his custodial emails and custodial non-email documents, and also confirming that Roivant is searching for non-custodial documents from centralized repositories for Request No. 2.  We note that per Mr. Kishnani's LinkedIn profile,[2] he was employed at Roivant from November 2017 to April 2018 and then June 2019 to December 2020.  Please clarify whether Roivant's production of Valuation Documents will similarly be only from the November 2017–April 2018 and June 2019–December 2020 time frame.  If so, we ask for inclusion of another custodian to cover the time frame between November 2017, between April 2018 and June 2019, and after December 2020 because some of the Patents-in-Suit issued as early as 2011 and 2016.

## G.  Request No. 3

We appreciate Roivant's efforts thus far in confirming that based on reasonable investigation to date, Roivant has not identified "any non-privileged formal opinions, assessments, or evaluations regarding the value, patentability, enforceability, validity, claim scope, and/or infringement of the Patents-in-Suit that are unique to Roivant."  12/12/2023 Letter at 4.  However, Request No. 3 does not seek only "*formal*" opinions, assessments, or evaluations.  Roivant raises this qualification for the first time in its Letter without explanation as to how it is distinguishing "*formal*" opinions, assessments, or evaluations versus non-formal ones.  In any event, this is an improper narrowing of scope.  **Informal** opinions, assessments, or evaluations that are not privileged would still be relevant. Please produce both formal and informal (or non-formal) opinions, assessments, or evaluations unique to Roivant in response to Request No. 3.

---

[2]  *See* https://www.linkedin.com/in/kunalkishnani.

## KIRKLAND & ELLIS LLP

Roivant
December 20, 2023
Page 5

**HIGHLY CONFIDENTIALITY**
**OUTSIDE COUNSEL'S EYES ONLY**

### H.  Request No. 4

In response to Roivant's objection regarding the relevance of Roivant's "*past* rights and interests," our November 13 letter pointed to the April 11, 2018 Master Contribution and Share Subscription Agreement and provided explanation as to why Roivant's past rights and interests are relevant.  Moderna 11/13/2023 Letter at 4-5.  We further asked Roivant to confirm whether any new or other agreements responsive to Request No. 4 were executed on or between April 11, 2018 and March 27, 2020, and then since March 27, 2020.  *Id.* at 5.  Your Letter did not address our questions, and instead ████████ the April 11, 2018 Master Contribution and Share Subscription Agreement and the March 27, 2020 Intellectual Property Security Agreement ██████████████████████ ███████████████████████████  Please provide an answer to our actual questions.  Even if the two aforementioned agreements ███████████████████████ that does not mean other agreements may not also exist and be relevant in providing further context to Roivant's current (or past) rights and interests.

### I.  Request No. 5

Thank you for confirming that based on Roivant's reasonable investigation, Roivant has not identified any unique non-custodial documents that contain a valuation or projection of royalty or license fees or rates, potential royalty or licensee fees or rates, upfront payments, and/or milestones related to one of more of the Patents-in-Suit.  12/12/2023 Letter at 5.  However, you qualify that this pertains to "*non-custodial* documents."  Please confirm the distinction made here for Request No. 5 as to "non-custodial" versus custodial documents.

### J.  Request Nos. 6, 7, and 12

Rather than acknowledge Moderna's basis for relevance of these requests as explained in our September 29 and November 13 letters, Roivant once again conditions its production *as a third-party* in an effort to horse trade for discovery *on behalf of Plaintiffs*.  12/12/2023 Letter at 5.  We previously asked for legal authority supporting Roivant's position that it could refuse to produce relevant, responsive, non-privileged documents in response to Moderna's subpoena unless Moderna produced information to Plaintiffs.  Moderna 11/13/2023 Letter at 2.  Your Letter fails to address this.  Your comparison of Moderna's resistance to producing voluminous documents supporting its regulatory filings (after Moderna already produced hundreds of thousands of pages of information) versus Roivant's resistance to searching for and producing what appears to be a finite, discrete set of information is not apples to apples.  Moreover, our letters did not *only* assert Roivant's "equitable standing."  We already explained how Roivant-unique documents concerning analysis or monitoring of Moderna's COVID-19 Vaccine and Roivant periodic investor or market updates are relevant to the scope and meaning of the alleged patent claims.  *See* Moderna 9/29/2023 Letter at 5-6.

## KIRKLAND & ELLIS LLP

Roivant                                              **HIGHLY CONFIDENTIALITY**
December 20, 2023                          **OUTSIDE COUNSEL'S EYES ONLY**
Page 6

     For the sake of efficiency, as to Request No. 6, please confirm whether Roivant has any unique analysis or monitoring of Moderna's COVID-19 Vaccine or LNP products.  The technical and scientific information underlying any analysis or monitoring is relevant to the scope of the patent claims and infringement.  If Roivant has no analysis or monitoring, this would moot any dispute of Request No. 6.  If Roivant has unique, non-privileged analysis or monitoring, please produce. Otherwise, we understand the parties are at an impasse for this request.

     For Request No. 7, please confirm whether Roivant has unique periodic investor updates, market updates, or monitoring alerts concerning the Patents-in-Suit, this Action, or Moderna's COVID-19 Vaccine or LNP products.  If not, this moots any dispute of Request No. 7.  If Roivant has unique, non-privileged information concerning periodic investor updates, market updates, or monitoring alerts, please produce.  Otherwise, we understand the parties are at an impasse.

     For Request No. 12, if Roivant refuses to search or produce documents or communications concerning Roivant's involvement or support in Plaintiffs' decision to file suit against Moderna, we understand the parties are at an impasse.  Moderna reserves all rights, and will seek to preclude Plaintiffs from offering any evidence concerning Roivant's involvement in the decision to file suit or the timing of suit.

### K.  Request Nos. 9, 10, 11, 13, and 14

     Based on Roivant's prior representation that it has no unique, relevant information beyond that available from Plaintiffs for Request Nos. 9 and 10 (10/16/2023 Letter at 5), we agree that there are no outstanding issues as to these two requests.

     For Request No. 13, Moderna already noted it is amenable to reviewing Plaintiffs' rolling productions to determine if this request can be resolved, and provided Roivant does not claim any later request from Moderna is untimely.

     As to Request No. 11, and relatedly Request No. 14, how ██████████████████████ ████████████████████████████████████████████████████████████ sheds light as to the value or worth of the Patents-in-Suit or how Plaintiffs structure payments as to the Patents-in-Suit.  This would provide context to other licensing agreements Plaintiffs have as relevant to damages and licensing negotiations, including at the time of a hypothetical negotiation.  Please confirm whether Roivant will provide this information for Request Nos. 11 and 14; otherwise we will consider the parties at an impasse.

### L.  Request No. 15

     Request No. 15 seeks agreements and licenses and related negotiations between Roivant and Plaintiffs concerning LNP technology and/or the Patents-in-Suit.  Roivant's involvement in licenses

# KIRKLAND & ELLIS LLP

Roivant                                        **HIGHLY CONFIDENTIALITY**
December 20, 2023                    **OUTSIDE COUNSEL'S EYES ONLY**
Page 7

and related negotiations provides context as to the ascribed value or worth of the Patents-in-Suit and factors that were relevant in finalizing the terms in such agreements and licenses, *e.g.*, if Roivant advised Genevant certain terms to accept or reject as part of negotiations Genevant had with a potential licensee. This information is also relevant as to how Moderna and Plaintiffs would have approached a hypothetical negotiation. We noted that Moderna was amenable to reviewing Plaintiffs' rolling productions to determine if Plaintiffs' documents would resolve this request. That said, if Roivant can confirm there are no other agreements, licenses, or documents concerning related negotiations, it would moot any dispute as to Request No. 15.

## M. Request No. 16

Your Letter noted Roivant will not agree to provide discovery to this request, and that Moderna "has not explained why Roivant's purely internal communications could have any bearing on Plaintiffs' legal title." 12/12/2023 Letter at 6. We do not understand your argument given Request No. 16 asks for communications between Roivant and third parties, which by definition are not internal communications. Communications Roivant has with third parties relating to Moderna or its COVID-19 Vaccine (which Plaintiffs accuse of infringement) bear on *Georgia Pacific* factors 10 (nature of patented invention, benefits to those who have used the invention) and 11 (extent to which accused infringer has made use of the invention, evidence probative of the value of that use). Please confirm Roivant will produce documents in response to this request.

*          *          *

Please provide a date certain when Roivant will be producing the Valuation Documents and SEC Disclosures and Press Releases it has already agreed it would produce.

Sincerely,

Yan-Xin Li

cc:      Counsel of record

# EXHIBIT H

LAW OFFICES

**WILLIAMS & CONNOLLY** LLP®

PHILIP N. HAUNSCHILD
(202) 434-5979
phaunschild@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

January 19, 2024

## HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYE'S ONLY

Via Email

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1618
yanxin.li@kirkland.com

Re:   *Arbutus Biopharma Corporation and Genevant Sciences GmbH v. Moderna, Inc.
and ModernaTX, Inc.*, Case 1:22-cv-00252-MSG (D. Del.)

Dear Yan-Xin:

I write in response to your December 20, 2023 letter, and further to the parties' January 2, 2024 meet-and-confer regarding Roivant's responses and objections to Moderna's third-party subpoenas.

### General Objections and Definitions

*Privilege Log*.  We disagree with the statements in your letter as to the relevance of Roivant's purely privileged communications, and the necessity of logging them.  Nevertheless, given the categories that Roivant has agreed to produce to Moderna, we do not see value in continuing to dispute this issue, as Roivant has not identified communications with litigation counsel for Roivant within the categories of documents that Roivant has agreed to produce. Roivant would propose that the parties revisit this issue should that change at any point.  And as to the separate questions in your letter, and as we confirmed on the meet-and-confer, Roivant is asserting a common interest with Plaintiffs.  This common interest is reflected in a written agreement.

*Roivant's Third-Party Status*.   Again, we note our disagreement with Moderna's statements that Roivant is not a third party to this litigation, as we have explained in our prior correspondence.  *See* Dec. 12, 2023 Letter at 2; October 16, 2023 Letter at 2.

WILLIAMS & CONNOLLY LLP®

January 19, 2024
Page 2 of 7

***All Substantial Rights***.  Regarding Moderna's assertion that it is entitled to discovery as to whether Plaintiffs have "all substantial rights" in the Patents-in-Suit, Moderna has already obtained more than proportional and sufficient discovery to assess Plaintiffs' legal title to the Patents-in-Suit, and thus Plaintiffs' standing to sue and ownership of all substantial rights.  Roivant has already agreed to produce the documents tha█████████████████████████████████████████████████████████████████████  Plaintiffs have already produced these documents.  *See* GENV-00021679*;* GENV-00023685; GENV-00037170.  And Roivant has confirmed that the April 11, 2018 Master Contribution and Share Subscription Agreement represents Roivant's status as a shareholder of Genevant, which provides Roivant with an indirect interest in Genevant's license to the Patents-in-Suit, and the March 27, 2020 Intellectual Property Security Agreement represents Roivant's security interest in Genevant's Intellectual Property Collateral, as defined in that Agreement, including the Cross-License Agreement dated as of April 11, 2018.  Together, these agreements ███████████████████████████████████████████████████  And we have already provided authority establishing that it is the *agreement* that controls whether a Plaintiff has all substantial rights.  *See Alfred E. Mann Found. For Sci. Rsch. v. Cochlear Corp.*, 604 F.3d 1354, 1360 (Fed. Cir. 2010).  Moderna has not provided any reason why the agreements that Plaintiffs have already produced, or Plaintiffs' responses to Moderna's Interrogatory No. 4 regarding the complete chain of title for the Patents-in-Suit, are insufficient to make that determination.  *See*  Plaintiffs' April 11, 2023 First Supplemental Responses and Objections to Moderna's First Set Of Interrogatories (No. 4).

We also asked Moderna for clarification on the parties' meet-and-confer as to Moderna's basis for seeking additional discovery into Plaintiffs' substantial rights, and Moderna could not identify additional information that was relevant to this question.

We continue to await Moderna's response to the authority we have cited, or explanation of why additional discovery is necessary from Roivant as to whether Plaintiffs have "all substantial rights" in the Patents-in-Suit.

***Board Materials***.  As to your request that Roivant search its board materials—raised by separate email for the first time on January 9, 2023 in an apparent attempt to justify Moderna's refusal to search its own board materials in response to Plaintiffs' requests, Moderna has provided no justification for *Roivant* to collect or produce these materials.

## Specific RFPs

***RFP No. 1***.  As we have noted, Moderna's continually altered explanations of relevance—shifting from a request of Plaintiffs' substantial rights (which Moderna now apparently understands is an untenable basis) to a purported interest in any participation by Roivant in the hypothetical negotiation—makes it difficult for Roivant to appropriately respond to Moderna's requests.  Nevertheless, we provide specific responses to the questions Moderna has raised regarding this RFP.

Your letter asserts that "it is unclear how restrictive Genevant or Roivant is applying the phrase 'around the time of the hypothetical negotiation,'" and asks what time frame this refers to.

WILLIAMS & CONNOLLY LLP®

January 19, 2024
Page 3 of 7

Dec. 20, 2023 Letter at 3.  We confirm that this time frame includes at least July 2019 through the present.  Further, the bulk of communications between Roivant and Plaintiffs prior to this time—including back to January 1, 2018—would be captured the custodial documents Plaintiffs have agreed to review.

Your letter asks Roivant to "confirm that when Roivant represents that Genevant is already conducting a reasonable search of the custodians with whom any [communications regarding licenses to the Patents-in-Suit occurred], and Genevant will be producing them,' such communications includes emails to and/or from Roivant."  Dec. 20, 2023 Letter at 3 n.1.  We confirmed on the meet-and-confer that Genevant is producing its licensing communications and negotiations, including internal communications and communications with relevant third parties, regarding commercial licenses that Genevant has granted to the Patents-in-Suit, located after a reasonable search of the custodial files of the custodians most responsible for Genevant's licensing activities, and that, to the extent that such custodians had communications with individuals at Roivant, Genevant will be producing them consistent with the agreed-upon scope of the parties' custodial searches.[1]  Moderna has available the licensing search terms that Plaintiffs have run, and accordingly Moderna can identify the broad scope of the search that Plaintiffs have conducted.  To the extent that non-privileged communications with Roivant were responsive to the criteria that Plaintiffs have provided to Moderna and hit on by these search terms, they have been or will be produced, even if they are communications between Genevant/Arbutus and Roivant.  We trust that this resolves Moderna's concerns.

Your December 20, 2023 letter states that Moderna's November 13 letter asked Roivant to confirm it has no unique communications relating to this request" and that Roivant's "letter fails to address this."  Dec. 20, 2023 Letter at 3.  That is wrong.  We addressed precisely this question, and stated:

> In response to the inquiry in your letter whether Roivant has unique communications, *see* Nov. 13 Letter at 4, we can confirm that to the extent that Roivant communicated with Genevant regarding licenses to the Patents-in-Suit around the time of the hypothetical negotiation date that Plaintiffs have preliminarily identified—the third quarter of 2020—Genevant is already conducting a reasonable search of the custodians with whom any such communications would most likely have occurred, and Genevant will be producing them consistent with the agreed-upon scope of the parties' custodial searches.

We also stated on the parties' meet-and-confer that Moderna's demand that Roivant confirm that is has *no* unique communications is asking Roivant to prove a negative.[2]  As we explained, given the broad scope of Moderna's request, this would involve confirming that no Roivant employee,

---

[1] In fact, Moderna is already aware that Plaintiffs have produced such communications, given that Moderna has already cited communications between Roivant and Plaintiffs regarding licenses to the Patents-in-Suit that Plaintiffs have produced.  *See* D.I. 196 Ex. N.

[2] We strongly disagree with the unfounded assertions in your letter that Roivant has not performed any searches or investigation over the last four months.

WILLIAMS & CONNOLLY LLP®

January 19, 2024
Page 4 of 7

director, or affiliate has communicated about any materials within the scope of this request—a point that Moderna did not dispute on the parties' meet-and-confer.

Your January 10, 2024 email asserts that "Roivant has not articulated particular burdens and has instead claimed burden in broad strokes because of Roivant's purported third party status or not being a licensor/licensee." That is incorrect. You imply that Plaintiffs have to provide a precise document count in order to allege burden, but provide no basis for that assertion. We note that that contradicts the tack that Moderna has asserted in its responses to Plaintiffs requests directed to Moderna. *E.g.,* January 4, 2024 Letter from M. McLennan; January 5, 2024 Letter from M. McLennan. We outlined Roivant's burden extensively on our meet and confer—and in prior correspondence—including by detailing the unbounded range of time which Moderna requests, as well as the number of potential individuals that we would have to collect documents from (at least 10), and we pointed Moderna to prior correspondence from Plaintiffs (Dec. 22, 2023 Letter from P. Haunschild) outlining the potential number of research and/or evaluation agreements and the burden implicated in responding to Moderna's overbroad requests, which we understand from your letter Moderna is also demanding from Roivant. *See* Dec. 20, 2023 Letter at 3-4. Moderna's compromise it proposed in its January 2, 2024 email does little to alleviate this burden, as it seeks documents going back more than six years, and prior to the formation of Genevant—the current licensee to the Patents-in-Suit, and the party to the hypothetical negotiation. As we explained on the parties meet-and-confer, this burden is compounded by the fact that based on our investigations to date, the communications that Moderna seeks regarding potential or actual litigation are privileged—*e.g.*, communications about actual or contemplated litigation—many of which Plaintiffs are already going through the exercise of logging as privileged.

The documents cited in your January 17, 2024 email purportedly showing "direct and independent involvement" by Roivant prove only that Moderna is receiving any relevant documents concerning Roivant from the current set of custodians. Nevertheless, if Moderna will agree that it will resolve the scope of discovery with respect to this RFP, we are willing to produce any available non-privileged documents discussing Moderna or Plaintiffs' patents from the available custodial files of Kunal Kishnani. We do not believe that a further burdensome search for the documents Moderna requests through this RFP is warranted, when Moderna has continually shifted its explanations of relevance, and has already received an extraordinary scope of discovery from Plaintiffs regarding licensing and regarding the Patents-in-Suit, which is more than proportional. It would be unduly burdensome for Roivant to engage in further separate custodial review, just to search for and reproduce many of the exact same documents.

**RFP No. 2.** We have investigated the feasibility and necessity of identifying additional custodians, and we do not believe such a custodial review is warranted given the categories of documents that Plaintiffs have agreed to provide. In response to your remaining questions, Roivant is not limiting its investigation of valuation documents purely to the timeframe of November 2017–April 2018 and June 2019–December 2020.

**RFP No. 3.** On the parties' meet-and-confer we confirmed that, based on our reasonable investigation to date, we are not aware of any opinions, assessments, or evaluations of the value, patentability, enforceability, validity, claim scope, and/or infringement of the Patents-in-Suit—

**WILLIAMS & CONNOLLY** LLP*

January 19, 2024
Page 5 of 7

whether formal or informal—that are unique to Roivant.  We confirmed that should that fact change, we will inform Moderna.  We trust that this resolves your requests with respect to this RFP.

*RFP No. 4.*  As we explained in prior correspondence, the Master Contribution and Share Subscription Agreement by and among Genevant Sciences Ltd., Arbutus Biopharma Corporation, and Roivant Sciences Ltd. dated April 11, 2018, including its exhibits and appendices, and the Intellectual Property Security Agreement, by and between Genevant Sciences Ltd. and Roivant Sciences Ltd., dated as of March 27, 202█████████████████████████████████████ Plaintiffs have already produced these documents.  *See* GENV-00021679; GENV-00023685; GENV-00037170.  And Roivant has confirmed that █████████████████████████████████████████████████████████████████ As we explained on the parties' meet-and-confer, we are genuinely confused as to what additional information Moderna is trying to obtain from Roivant, and what it is seeking with its additional questions as to whether these agreements are the "only" agreements.

Based on the parties' conversation, Moderna's January 2, 2024 email and the questions raised in Moderna's November 13 letter, we understand that Moderna is particularly interested in the changes in ownership levels of Plaintiffs.  To that end, Plaintiffs will agree to produce a copy of the July 30, 2020 Amended & Restated Shareholders Agreement, by and among Genevant Sciences Ltd., Arbutus Biopharma Corporation, and Roivant Sciences, referenced in your September 29 and November 13 letters.  We trust that this will resolve Moderna's concerns with respect to this RFP.

*RFP No. 5.*  As we explained on the parties' meet-and-confer, we can confirm that, based on our reasonable investigation to date, we are not aware of any unique documents that contain a valuation or projection of royalty or license fees or rates, potential royalty or licensee fees or rates, upfront payments, and/or milestones related to one of more of the Patents-in-Suit, which are solely in the possession, custody, or control of Roivant, and not Plaintiffs.

*RFP Nos. 6, 7 & 12.*  Your letter notes that Moderna is now asserting as its basis for relevance of these requests that "Roivant unique documents concerning analysis or monitoring of Moderna's COVID-19 Vaccine and Roivant Periodic investor or market updates are relevant to the scope and meaning of the alleged patent claims."  Dec. 20, 2023 Letter at 5.  That is an extraordinarily tenuous basis for relevance, and does not warrant additional discovery from third party Roivant, particularly in light of the numerous documents, presentations, and communications that Plaintiffs have already provided regarding the Patents-in-Suit and Moderna.

Regarding Moderna's RFP No. 6, we understand that Moderna is requesting Roivant to confirm whether has unique scientific analysis/monitoring of Moderna's COVID-19 Vaccine. Roivant can confirm that based on its reasonable investigation to date, it is not aware of any such analysis that is unique to Roivant.

**WILLIAMS & CONNOLLY** LLP®

January 19, 2024
Page 6 of 7

As we noted before with respect to RFP No. 7, Moderna has not been willing to provide comparable discovery to what Moderna requests from Roivant. *See* Dec. 6, 2023 Letter from P. Haunschild. Nevertheless, if Moderna will agree that it will resolve the scope of discovery as to this request (and RFP No. 16) and will provide the same discovery, Roivant will agree to produce its non-privileged presentations to investors, collected from Roivant's centralized repository of such presentations, referring to Moderna's COVID-19 Vaccine or this action. Please confirm that Moderna is amenable to this resolution.

With respect to RFP No. 12, Moderna is already receiving the discovery that it is requesting from Plaintiffs, including because Plaintiffs have produced, or will produce, any nonprivileged communications in the files of Plaintiffs identified ESI custodians between February 28, 2016, and February 28, 2022, referring to Moderna's Accused Product or Moderna's LNP technology identified after a reasonable and proportionate search. This includes non-privileged communications with any Roivant personnel regarding filing suit regarding Moderna's COVID-19 Vaccine. This is more than adequate discovery, and accordingly any motion to preclude Plaintiffs from offering evidence concerning Roivant's involvement in the decision to file suit or the timing of suit is improper.

*RFP Nos. 11 & 14.* Regarding these RFPs, Moderna again has shifted its basis for relevance from being tied to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ goes to the corporate relationship between Roivant and Plaintiffs and how Roivant exercises control," to now asserting that documents sought by this request would "provide context to other licensing agreements Plaintiffs have." *Compare* Nov. 13, 2023 Letter at 6, *with* Dec. 20, 2023 Letter at 6. As discussed above, the manner in which Roivant exercises any control is not relevant to assessing Plaintiffs' legal title to the Patents-in-Suit. Again, we confirm that Roivant and Plaintiffs ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ as described above. Further discovery is not warranted, given that these agreements establish Plaintiffs' legal title to the Patents-in-Suit. To the extent that Moderna is able to provide any authority to the contrary, we will consider it. Further, Roivant is not a licensee to the Patents-in-Suit, and thus it is not clear why any further discovery would be relevant to providing "context" to Plaintiffs' licenses.

We have also asked Moderna three times—in our October 16 and December 12, 2023 letters, and on the parties' January 2, 2024 meet-and-confer—to explain why it could not pursue the information that it is requesting from Plaintiffs. We reiterate that this information is appropriately pursued through discovery from Plaintiffs. We note that Moderna has already obtained answers from Plaintiffs in discovery regarding whether ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see* Plaintiffs' First Supplemental Resps. & Objs. To Moderna's First Set of Requests for Admissions, at 4. Moderna has not explained why the information that Plaintiffs have provided is insufficient, or why it needs additional information from Roivant that it cannot obtain from Plaintiffs.

*RFP No. 15.* On the parties' meet-and-confer, we explained (as we have in each of our prior letters) that because this request is seeking agreements between Genevant or Arbutus and

WILLIAMS & CONNOLLY LLP®

January 19, 2024
Page 7 of 7

Roivant, by definition, Roivant does not have any unique agreements responsive to this request that would not be available from Plaintiffs.  We understand that this request is resolved.

      ***RFP No. 16***.  Again, Moderna has shifted its assertions of relevance with respect to this RFP, moving from the assertion that it goes to "Roivant's interest in This Action and Plaintiffs' alleged standing," Sep. 29, 2023 Letter at 9; Oct. 16, 2023 Letter at 6, to the new position that "[c]ommunications Roivant has with third parties relating to Moderna or its COVID-19 Vaccine . . . bear on *Georgia Pacific* factors 10 . . . and 11." Dec. 20, 2023 Letter at 7.  Based on the parties' meet and confer, we understand that Moderna is primarily interested in Roivant's investor communications.  If Moderna will agree that it will resolve the scope of discovery as to this request (and RFP No. 11) and will provide the same discovery, Roivant will agree to produce its non-privileged presentations to investors, collected from Roivant's centralized repository of its presentations, referring to Moderna's COVID-19 Vaccine or this action.  Please confirm that Moderna is amenable to this scope.

*     *     *

      Roivant will be in a position to produce its Valuation Documents, SEC Disclosures, Press Releases, and the agreements Roivant has agreed to produce, next week.

      Sincerely,

      Philip N. Haunschild

cc: Counsel of Record

# EXHIBIT I

| From: | Sheh, Anthony |
|---|---|
| To: | McLennan, Mark C.; Mahaffy, Shaun |
| Cc: | Genevant Team; Daralyn Durie (ddurie@mofo.com); Hurst, James F.; Wacker, Jeanna; Carson, Patricia A.; Horstman, N. Kaye; Jack Blumenfeld (jblumenfeld@morrisnichols.com); Brian P. Egan (began@mnat.com); #KEModernaSpikevaxService; Kira Davis (kiradavis@mofo.com); Shaelyn Dawson (shaelyndawson@mofo.com); Nate Tan (ntan@mofo.com); *Arbutus_MoFo*; *jshaw@shawkeller.com; Karen E. Keller (kkeller@shawkeller.com); Nathan R. Hoeschen (nhoeschen@shawkeller.com); Blumenfeld, Jack; Murray, Travis |
| Subject: | RE: Arbutus v. Moderna, 22-252-MSG (D. Del.) - PO Disclosure |
| Date: | Friday, May 19, 2023 7:40:59 PM |

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Mark,

Ms. Androski is employed by a Genevant entity covered by the Protective Order, and Moderna has no basis to preclude her designation.  Moderna again fails to identify any harm it would suffer from Ms. Androski's viewing of Moderna's CONFIDENTIAL information, including the lipid molar ratio of the Accused Product—Ms. Androski has reviewed and will abide by the terms of the Protective Order and has executed Exhibit A.  And your reference to the parties' negotiation of the Protective Order simply underscores that this dispute is merely an extension of Moderna's previous improper attempt to achieve third-party discovery through inappropriate means.  Per our earlier email, if Moderna desires discovery from Roivant, it can avail itself of a Rule 45 third-party subpoena.

Finally, your insinuations as to Plaintiffs' sitting "silently by" below are further incorrect and inaccurate.  Plaintiffs have made abundantly clear from the beginning that they disagree with Moderna's improper use of the protective order as a negotiating tactic to obtain third-party discovery, and Moderna has never disputed that employees of Genevant Sciences, Inc. designated as in-house counsel under the Protective Order may view CONFIDENTIAL information.  We have also made abundantly clear that the Genevant entities identified in the Protective Order will participate in discovery as parties, but that Roivant will not.  Genevant stated in its Rule 7.1 disclosures last year that "its ultimate corporate parent is Roivant Sciences Ltd., a publicly-held company," and corporate parents are not subject to discovery simply by virtue of that fact  *See, e.g., Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 233 F.R.D. 143, 145 (D. Del. 2005).  ("A subsidiary, by definition, does not control its parent corporation.").  Again, to the extent that Moderna seeks discovery from a Roivant entity, Rule 45 is the appropriate mechanism for Moderna to do so.

We are available to meet and confer on Monday at 1 p.m.  Please confirm that this works for Moderna or propose another time.

Best,
Tony

**Anthony Sheh | Associate | Williams & Connolly LLP |** (202) 434-5436 | vcard

From: McLennan, Mark C. <mark.mclennan@kirkland.com>

**Sent:** Friday, May 19, 2023 11:18 AM
**To:** Mahaffy, Shaun <SMahaffy@wc.com>; Sheh, Anthony <ASheh@wc.com>
**Cc:** Genevant Team <GenevantTeam@wc.com>; Daralyn Durie (ddurie@mofo.com)
<ddurie@mofo.com>; Hurst, James F. <james.hurst@kirkland.com>; Wacker, Jeanna
<jeanna.wacker@kirkland.com>; Carson, Patricia A. <patricia.carson@kirkland.com>; Horstman, N.
Kaye <kaye.horstman@kirkland.com>; Jack Blumenfeld (jblumenfeld@morrisnichols.com)
<jblumenfeld@morrisnichols.com>; Brian P. Egan (began@mnat.com) <began@mnat.com>;
#KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Kira Davis
(kiradavis@mofo.com) <kiradavis@mofo.com>; Shaelyn Dawson (shaelyndawson@mofo.com)
<shaelyndawson@mofo.com>; Nate Tan (ntan@mofo.com) <ntan@mofo.com>; 'Arbutus_MoFo'
<Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen E. Keller
(kkeller@shawkeller.com) <kkeller@shawkeller.com>; Nathan R. Hoeschen
(nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>
**Subject:** RE: Arbutus v. Moderna, 22-252-MSG (D. Del.) - PO Disclosure

Shaun,

The history of the negotiation of the PO speaks for itself. Plaintiffs clearly knew Moderna's position
that it objected to the disclosure of its confidential information to unnamed entities including
Roivant unless those entities agreed to fully participate in discovery. Despite that, Plaintiffs sat
silently and did not inform Moderna that it was intending to disclose Ms. Androski--CEO of a Roivant
entity--as in-house counsel. Then, just days after the PO was entered by the Court, Ms. Androski
appears to have suddenly started a new position as "Special Counsel" of Genevant (while continuing
to serve as CEO of a Roivant entity).

As you know, the PO provisions as to what could be designated "CONFIDENTIAL" (and thus able to
be shared with designated in-house counsel) was highly negotiated. Plaintiffs' undisclosed intentions
to include a Roivant employee under the PO are all the more troubling because at the same time
Plaintiffs were asking Moderna to agree to disclose extremely sensitive information as
"CONFIDENTIAL," including the lipid molar ratio of the Accused Product. Moderna agreed to
accommodate Plaintiffs' request based on its understanding that only the named parties would have
in-house counsel under the PO.

Moderna has already accommodated Genevant's request to have another in-house counsel, Mr.
Zorn, under the PO, despite him not being employed by a party to this litigation, because that
Genevant entity agreed to participate in discovery. However, Moderna is not willing to agree to
allow Roivant employees to appear under the PO while Plaintiffs maintain their erroneous assertion
that Roivant has no interest in this lawsuit and that its documents and employees are not under the
possession, custody, or control of Plaintiffs. Genevant's position that it needs a Roivant employee to
oversee Genevant's outside counsel in the lawsuit (and gain access to Moderna's confidential
information in doing so) confirms that Roivant has an interest in the lawsuit and in the patents in
suit, despite Plaintiffs' omission of Roivant from their responses to Moderna's Interrogatory Nos. 3
and/or 4.

As requested in my May 12 email, please provide your availability to meet and confer. We could be available this afternoon or Monday. Moderna maintains its objections in the meantime.

Regards,
Mark

**Mark C. McLennan**

-----------------------------------------------------

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3451

-----------------------------------------------------

mark.mclennan@kirkland.com

---

**From:** Mahaffy, Shaun <SMahaffy@wc.com>
**Sent:** Tuesday, May 16, 2023 3:46 PM
**To:** McLennan, Mark C. <mark.mclennan@kirkland.com>; Sheh, Anthony <ASheh@wc.com>
**Cc:** Genevant Team <GenevantTeam@wc.com>; Daralyn Durie (ddurie@mofo.com) <ddurie@mofo.com>; Hurst, James F. <james.hurst@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; Carson, Patricia A. <patricia.carson@kirkland.com>; Horstman, N. Kaye <kaye.horstman@kirkland.com>; Jack Blumenfeld (jblumenfeld@morrisnichols.com) <jblumenfeld@morrisnichols.com>; Brian P. Egan (began@mnat.com) <began@mnat.com>; #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Kira Davis (kiradavis@mofo.com) <kiradavis@mofo.com>; Shaelyn Dawson (shaelyndawson@mofo.com) <shaelyndawson@mofo.com>; Nate Tan (ntan@mofo.com) <ntan@mofo.com>; 'Arbutus_MoFo' <Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>; Nathan R. Hoeschen (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>
**Subject:** RE: Arbutus v. Moderna, 22-252-MSG (D. Del.) - PO Disclosure

Mark,

Your email does not articulate any valid basis for objecting to Ms. Androski's designation under the Protective Order.  As we explained in our May 8 email, Ms. Androski is an in-house attorney employed by Genevant Sciences, Inc., who has executed Exhibit A to the Protective Order.  Ms. Androski therefore satisfies the requirements set forth in Sections 1.5 and 6.4(b) of the Protective Order.

Moderna has failed to identify any harm that it would suffer from Ms. Androski viewing Moderna's Confidential Information in this action.  Rather, Moderna appears to be manufacturing a Protective Order dispute in an attempt to extract unrelated discovery concessions.  If Moderna wishes to obtain discovery from a Roivant entity, Moderna may seek that information through appropriate procedures, such as a third-party subpoena.  It is entirely inappropriate for Moderna to attempt to short-circuit that process by lodging a baseless Protective Order objection against a Genevant employee.

Please confirm that Moderna will withdraw its objection to Ms. Androski.  We can be available this week for a meet-and-confer.

Thanks,
Shaun

**Shaun P. Mahaffy**
**Williams & Connolly LLP**
680 Maine Ave., S.W., Washington, DC 20024
(P) 202-434-5554 | (F) 202-434-5029
smahaffy@wc.com | www.wc.com

---

**From:** McLennan, Mark C. <mark.mclennan@kirkland.com>
**Sent:** Friday, May 12, 2023 5:59 PM
**To:** Sheh, Anthony <ASheh@wc.com>
**Cc:** Genevant Team <GenevantTeam@wc.com>; Daralyn Durie (ddurie@mofo.com)
<ddurie@mofo.com>; Hurst, James F. <james.hurst@kirkland.com>; Wacker, Jeanna
<jeanna.wacker@kirkland.com>; Carson, Patricia A. <patricia.carson@kirkland.com>; Horstman, N.
Kaye <kaye.horstman@kirkland.com>; Jack Blumenfeld (jblumenfeld@morrisnichols.com)
<jblumenfeld@morrisnichols.com>; Brian P. Egan (began@mnat.com) <began@mnat.com>;
#KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Kira Davis
(kiradavis@mofo.com) <kiradavis@mofo.com>; Shaelyn Dawson (shaelyndawson@mofo.com)
<shaelyndawson@mofo.com>; Nate Tan (ntan@mofo.com) <ntan@mofo.com>; 'Arbutus_MoFo'
<Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen E. Keller
(kkeller@shawkeller.com) <kkeller@shawkeller.com>; Nathan R. Hoeschen
(nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Murray, Travis <tmurray@morrisnichols.com>
**Subject:** RE: Arbutus v. Moderna, 22-252-MSG (D. Del.) - PO Disclosure

Tony,

Thanks for your email.

Is Ms. Androski also currently CEO (and an employee) of a Roivant entity?

We ask because when Plaintiffs previously asked to include a Roivant employee under the PO as an
"affiliate," we asked if Roivant would participate in discovery (*see* Afinogenova March 24, 2023
email). You later indicated Roivant would not participate in discovery. When the parties agreed to
remove language from the PO allowing "affiliates" to have a designated in-house counsel, we
specifically asked you to let us know if you were still seeking to have someone from Roivant included
under the PO.  *See* McLennan April 5, 2023 email. You didn't respond, but Plaintiffs then added
language to the draft PO allowing "contract staff" to appear as in-house counsel. We asked on April
7 if that was added to allow affiliate (e.g. Roivant) employees to appear as "contract staff" of a
Genevant entity, and you indicated that was what was intended with that language. *See* Afinogenova
April 10, 2023 email. Moderna did not agree to add "contract staff" to the PO, stating that as
"discussed on recent meet-and-confers, Moderna is not willing to allow other unnamed entities to
have their employees within the PO if those entities are not willing to fully participate in discovery."
*See* Afinogenova April 10, 2023 email. Plaintiffs agreed to remove the "contract staff" and "affiliate"
language from the final PO and we considered the matter resolved.

Now it appears that Plaintiffs are again seeking to have a Roivant employee involved in the case,

**4**

accessing Moderna's Confidential information, without Roivant fully participating in discovery. Please confirm that Roivant will fully participate in discovery, otherwise provide your availability to meet and confer. In the meantime, we object to any disclosure of Moderna Confidential information to Ms. Androski until this issue is resolved with the Court.

Best regards,
Mark

**Mark C. McLennan**
------------------------------------------------
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue, New York, NY 10022
**T** +1 212 909 3451
------------------------------------------------
mark.mclennan@kirkland.com

---

**From:** Sheh, Anthony <ASheh@wc.com>
**Sent:** Monday, May 8, 2023 7:36 PM
**To:** Hurst, James F. <james.hurst@kirkland.com>; Wacker, Jeanna <jeanna.wacker@kirkland.com>; McLennan, Mark C. <mark.mclennan@kirkland.com>; Carson, Patricia A. <patricia.carson@kirkland.com>; Horstman, N. Kaye <kaye.horstman@kirkland.com>; Jack Blumenfeld (jblumenfeld@morrisnichols.com) <jblumenfeld@morrisnichols.com>; Brian P. Egan (began@mnat.com) <began@mnat.com>; #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>
**Cc:** Genevant Team <GenevantTeam@wc.com>; Daralyn Durie (ddurie@mofo.com) <ddurie@mofo.com>; Kira Davis (kiradavis@mofo.com) <kiradavis@mofo.com>; Shaelyn Dawson (shaelyndawson@mofo.com) <shaelyndawson@mofo.com>; Nate Tan (ntan@mofo.com) <ntan@mofo.com>; 'Arbutus_MoFo' <Arbutus_MoFo@mofo.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen E. Keller (kkeller@shawkeller.com) <kkeller@shawkeller.com>; Nathan R. Hoeschen (nhoeschen@shawkeller.com) <nhoeschen@shawkeller.com>
**Subject:** Arbutus v. Moderna, 22-252-MSG (D. Del.) - PO Disclosure

Counsel,

Pursuant to Paragraph 1.5 of the Protective Order (D.I. 91), Genevant discloses Lindsay Androski as Genevant's second Designated In-House Counsel.  Ms. Androski is Special Counsel at Genevant Sciences, Inc. and has executed Exhibit A.

Best,
Tony

**Anthony Sheh**
**Associate | Williams & Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
(202) 434-5436 | vcard | *He, Him, His*

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Lindsay Androski — Roivant Social Ventures



About Us    Our Work    RSV In The Spotlight

# Lindsay Androski

## President and CEO, Board Member



Lindsay Androski serves as President and CEO of Roivant Social Ventures.  Ms. Androski joined Roivant Sciences as one of its earliest employees, and built and led the team responsible for the in-licensing or acquisition of more than 30 therapeutic programs, resulting in the launch and incubation of 16 subsidiary biotechs and several successful IPOs.

Ms. Androski has likewise demonstrated a longstanding commitment to public service, including by serving on the MIT Alumni Association Board, as Chair of the MIT Annual Fund Board, on the Board of the Women Lawyers Association of LA, and on the Leadership Council of the LA Center for Law and Justice.

Prior to joining Roivant Sciences, Ms. Androski spent more than a decade as a trial lawyer, including as an Assistant U.S. Attorney in Alexandria, Virginia, where she led investigations and prosecutions of high-profile cybercrime and national security cases and received the highest awards given by several federal agencies. Earlier in her career, Ms. Androski was a strategy consultant advising Fortune 100 clients on merger integration and other business challenges.

Ms. Androski received two B.S. degrees from MIT, and J.D. and M.B.A degrees from The University of Chicago. She is a registered patent lawyer and a Chartered Financial Analyst.

LinkedIn

7

Lindsay Androski — Roivant Social Ventures



About Us     Our Work     RSV In The Spotlight



About Us

Our Work

RSV In the Spotlight

Email Address

Sign Up for RSV Updates

Copyright © 2022 Roivant Social Ventures. All rights reserved. Privacy Policy | Terms & Conditions |
EIN: 83-3947490
151 West 42nd Street | 15th Floor New York, NY 10036

8

# EXHIBIT J

**FILED UNDER SEAL**

# EXHIBIT K

roivant

# Press Release

## Genevant Sciences and Arbutus Biopharma File Patent Infringement Lawsuit Against Moderna

February 28, 2022 at 6:02 AM EST

- Conference call today at 8:00am ET

VANCOUVER, British Columbia and CAMBRIDGE, Mass. and BASEL, Switzerland, Feb. 28, 2022 (GLOBE NEWSWIRE) -- Genevant Sciences, a leading nucleic acid delivery company, and Arbutus Biopharma Corporation (Nasdaq: ABUS) today filed a lawsuit in the U.S. District Court for the District of Delaware against Moderna, Inc. (Nasdaq: MRNA) and an affiliate seeking damages for infringement of U.S. Patent Nos. 8,058,069, 8,492,359, 8,822,668, 9,364,435, 9,504,651, and 11,141,378 in the manufacture and sale of mRNA-1273, Moderna's vaccine for COVID-19. The patents relate to nucleic acid-lipid particles and lipid vesicles, as well as compositions and methods for their use. The filed complaint is available at https://investor.roivant.com/news-events/events.

Genevant and Arbutus **do not seek an injunction or otherwise to impede the sale, manufacture or distribution of mRNA-1273**. Genevant is collaborating with various companies and nonprofits to develop vaccines against COVID-19 in territories around the world, including low- and middle-income countries, with the goal of eradicating COVID-19.

It is well established in the scientific literature that the most significant technological hurdle to developing and deploying medicines using mRNA is engineering a safe and effective way to deliver the mRNA to human cells. Scientists at Arbutus and Genevant have spent years developing and refining lipid nanoparticle (LNP) delivery technology, which has been licensed for various applications to many different third parties. Genevant and Arbutus's LNP technology relies on microscopic particles built

from four carefully selected types of fat-like molecules to shelter and protect RNA molecules. With this technology, the RNA can travel through the human body to a target cell and through the target cell's membrane before releasing the RNA. Without this crucial delivery technology, the RNA would quickly degrade in the body and be ineffective.

In December 2021, the United States Court of Appeals for the Federal Circuit rejected Moderna's appeal of a prior decision of the U.S. Patent Trial and Appeal Board holding all claims of the asserted '069 patent to be patentable and dismissed Moderna's appeal challenging a similar finding of patentability with respect to certain claims of the asserted '435 patent. Moderna had initiated inter partes review (IPR) challenges against these patents in 2018 and 2019.

Genevant will participate in a live conference call and webcast today at 8:00 a.m. ET hosted by Roivant Sciences (Nasdaq: ROIV), Genevant's principal shareholder. To access the live conference call, please dial +1 (844) 224-1923 (domestic) or +1 (214) 989-7105 (international) and use conference ID 1379815. A link to the webcast will be available under "Events & Presentations" in the Investors section of the Roivant website at https://investor.roivant.com/news-events/events. The archived webcast will be available on Roivant's website after the conference call.

## About Genevant Sciences

Genevant Sciences is a leading nucleic acid delivery company with world-class platforms, a robust and expansive lipid nanoparticle (LNP) patent estate, and decades of experience and expertise in nucleic acid drug delivery and development. The Company's scientists have pioneered LNP delivery of nucleic acids for over 20 years, and the Company's LNP platform, which has been studied across more than a dozen discrete product candidates and is the delivery technology behind the first and only approved systemic RNA-LNP product (patisiran), enables a wide array of RNA-based applications, including vaccines, therapeutic protein production, and gene editing. For more information, please visit www.genevant.com.

## Genevant Contact:

Pete Zorn
Genevant Sciences
pete.zorn@genevant.com

# EXHIBIT L



# Update Regarding Initiation of Patent Litigation Against Moderna

February 28, 2022



# Forward-Looking Statements

This presentation includes forward-looking statements that are subject to substantial risks and uncertainties that could cause actual results to differ materially from those expressed or implied by such statements. Our forward-looking statements include, but are not limited to, statements regarding our or our management team's expectations, hopes, beliefs, intentions or strategies regarding the future, and statements that are not historical facts, including statements about the clinical and therapeutic potential of our product candidates, the availability and success of topline results from our ongoing clinical trials, any commercial potential of our product candidates, and any pending litigation, including but not limited to our expectations regarding the outcome of any such litigation and costs and expenses associated with such litigation. In addition, any statements that refer to projections, forecasts or other characterizations of future events or circumstances, including any underlying assumptions, are forward-looking statements.

Although we believe that our plans, intentions, expectations and strategies as reflected in or suggested by those forward-looking statements are reasonable, we can give no assurance that the plans, intentions, expectations or strategies will be attained or achieved. Furthermore, actual results may differ materially from those described in the forward-looking statements and will be affected by a number of risks, uncertainties and assumptions, including, but not limited to, those risks set forth in the sections captioned "Risk Factors" and "Forward-Looking Statements" of our filings with the US Securities and Exchange Commission, available at www.sec.gov and investor.roivant.com. We operate in a very competitive and rapidly changing environment in which new risks emerge from time to time. These forward-looking statements are based upon the current expectations and beliefs of our management as of the date of this presentation, and are subject to certain risks and uncertainties that could cause actual results to differ materially from those described in the forward-looking statements. Except as required by applicable law, we assume no obligation to update publicly any forward-looking statements, whether as a result of new information, future events or otherwise.

This presentation is being provided pursuant to Roivant's disclosure obligations under applicable federal securities laws.



# Speakers



**Matthew Gline**

*Chief Executive Officer*





**Pete Lutwyche, PhD**

*President & Chief Executive Officer*





# Genevant and Arbutus have Jointly Filed a Complaint against Moderna Asserting Patent Infringement

Today, Genevant and Arbutus jointly filed a complaint against Moderna in the US District Court for the District of Delaware asserting infringement of six patents

**Genevant and Arbutus do not seek an injunction or otherwise to impede the sale, manufacture, or distribution of Moderna's COVID-19 vaccine**

We recognize the important work of Moderna that helped lead to a lifesaving vaccine in record time

That success was built on, and made possible by, the substantial advances and contributions of Arbutus and Genevant scientists

Genevant has out-licensed its LNP technology on multiple occasions; the filing of this lawsuit was necessary because Moderna has not meaningfully engaged in licensing discussions



4

# Genevant is a Leading Nucleic Acid Delivery Solutions Company

- Genevant was formed in 2018 by Roivant and Arbutus and licensed Arbutus's LNP technology and patent portfolio

- Deep expertise in delivery systems for mRNA and other nucleic acids

- Without adequate protection, nucleic acids degrade quickly in the body before accessing their target cells – long known to be a significant obstacle to accessing their therapeutic potential

- Many years ago, a team of research scientists at an Arbutus predecessor company began to take on this challenge

  o Years of effort led to the innovative solution — tiny particles made of four carefully selected lipid types, now commonly known as **lipid nanoparticles** or **LNP**

  o Genevant's technology became the first LNP to be included in an FDA-approved RNA product in 2018, Alnylam's Onpattro® developed under LNP license from Arbutus

- Today, LNPs have emerged as the primary means for delivering the industry's mRNA pipeline, as well as a key delivery approach for gene editing

- Core members of the team behind the early LNPs now lead Genevant's R&D efforts, collaborating with leading companies to develop innovative nucleic acid medicines





# Genevant Collaborates with Leading Companies for Access to its LNP Technology to Develop Medicines for a Variety of Diseases and Disorders, Including COVID-19

| Collaboration Partner | LNP Collaborations Outside of COVID-19 | Publicly Disclosed Financials* |
|---|---|---|
| SAREPTA THERAPEUTICS | Gene editing therapeutics for specified neuromuscular diseases, including DMD[1] | Royalty rate: mid-single to low-double digits† Near-term: $50M + significant milestones |
| Takeda | Nucleic acid therapeutics directed to specified targets in HSCs to treat liver fibrosis[2] | Royalty rate: undisclosed Upfront and milestones: $600M |
| Takeda | Nonviral gene therapies for up to two rare liver diseases[3] | Royalty rate: undisclosed Upfront and milestones: $303M |
| 2seventybio | Gene editing therapies for hemophilia A[4] | Royalty rate: mid-single digits† Upfront and near-term option: $10M + milestones |
| gritstone | Self-amplifying RNA for an unspecified indication[5] | Low to mid-single digits† Initial payment and milestones: $73M |
| BIONTECH | mRNA for a specified number of oncology targets; co-dev in up to five rare diseases[6] | Milestones and royalties (amounts undisclosed); 50:50 on co-development programs |

| Collaboration Partner | LNP Collaborations for COVID-19 | Publicly Disclosed Financials* |
|---|---|---|
| gritstone | Self-amplifying RNA COVID-19 vaccine program[7] | Royalty rate: mid-single to mid-double digits† Upfront + milestones: $192M/product |
| ST PHARM | mRNA COVID-19 vaccine program in specified Asian countries[8] | Royalty rate: 8% Upfront + milestones: $133.75M |
| PROVIDENCE | mRNA COVID-19 vaccine program | Undisclosed |
| Chula | mRNA COVID-19 vaccine program in specified Asian countries | Undisclosed |



*Includes publicly disclosed terms only and therefore does not reflect all payments that may be applicable and received by Genevant (e.g., reimbursements for FTE support, field expansion fees, etc.). All potential payments are contingent upon achievement of specified milestones. †Depending on the circumstances.

All trademarks are property of their respective owners. 1. Genevant and Sarepta joint press release, January 13, 2021. 2. Genevant press release, March 15, 2021. 3. Genevant press release, August 23, 2021. 4. 2seventy bio press release, January 6, 2022. 5. Gritstone Oncology 8-K, October 20, 2020. 6. BioNTech Form F-1, July 21, 2020. 7. Genevant and Gritstone joint press release, January 20, 2021. 8. ST Pharm Korean disclosure document, April 8, 2021.

6

# Genevant Has an Expansive LNP IP Portfolio

- Genevant owns or licenses approximately 700 LNP-related patents and pending patent applications, including the following US patents which are licensed from Arbutus and were asserted in today's complaint:

| Subject Matter | US Patent No. | Expiration Date |
|---|---|---|
| Particle Composition | 8,058,069 | April 2029 |
| | 8,492,359 | April 2029 |
| | 8,822,668 | April 2029 |
| | 9,364,435 | April 2029 |
| | 11,141,378 | April 2029 |
| mRNA-LNP Compositions | 9,504,651 | July 2023 |

- The particle composition patents listed above are directed to compositions comprising various lipid types, including cationic lipids, phospholipids, cholesterol and conjugated lipids

    - Phospholipids and cholesterol are types of amphipathic lipids and/or non-cationic lipids; PEG-lipids are a type of conjugated lipid

    - In addition to the US, particle composition patents have also issued in the EU, Japan, Australia, Canada, China, Israel, and New Zealand, with the EU patent validated in certain major European countries

- Claim 1 of the '651 patent is directed to a lipid vesicle formulation comprising (1) lipid vesicles comprising a cationic, an amphipathic and a PEG lipid and (2) mRNA at least 70% of which is fully encapsulated in the lipid vesicles

- The patents refer to lipid vesicles or nucleic acid lipid particles, which we'll refer to as LNPs for the purpose of this presentation



# Existing Disclosures Regarding Moderna's COVID-19 Vaccine Indicate Infringement of the Particle Composition Patents

**1** A 2020 preprint describing mRNA-1273 development and preclinical data disclosed molar ratios of 50:10:38.5:1.5[1]

**2** A 2020 study published in *NEJM* described the mRNA as encapsulated in an LNP "as described previously" and cited a prior Moderna publication that discloses the same molar ratio as #1[2]

**3** An international patent application showed that the same 50:10:38.5:1.5 molar ratio was used in the Phase I trial of mRNA-1273[3]

**4** Moderna has acknowledged that the "lipid carrier particle" used in its Phase I study is the same as the one that was "ultimately approved" for use in its product[4]

| | Moderna Public Disclosures re mRNA-1273[6] | US Pat. No. 8,058,069 | US Pat. No. 8,492,359 | US Pat. No. 8,822,668 | US Pat. No. 9,364,435 | US Pat. No. 11,141,378 |
|---|---|---|---|---|---|---|
| **Cationic Lipid** | 50% SM-102 (contains a protonatable tertiary amine[5]) | 50 - 65% | | | 50 - 85% | No quantitative limitation; must contain protonatable tertiary amine |
| **Non-Cationic Lipid** | PL: 10% Chol: 38.5% | PL: 4 - 10% Chol: 30 - 40% | PL: 3 - 15% Chol: 30 - 40% | Up to 49.5% (incl. Chol: 30 - 40%) | 13 - 49.5% Claim 7: PL: 3 - 15% Claim 8: Chol: 30 - 40% | 30 - 55% (incl. PL: 3 - 15%) |
| **Conjugated Lipid** | PEG-lipid: 1.5% | 0.5 - 2% | | | | PEG-lipid: 0.1 - 2% |



PL: Phospholipid. Chol: Cholesterol.
1. Corbett et al., Preprint, 2020
2. Corbett et al., *New England Journal of Medicine*, 2020
3. International Patent Publication WO 2021/159130
4. Decl. of Shaun Ryan, US Federal Circuit Court of Appeals, February 23, 2021
5. International Patent Publication WO 2017/049245 A2
6. Corbett et al., Preprint, 2020; FDA SPIKEVAX authorization letter

8

# Genevant and Arbutus also Assert that Moderna's Vaccine Infringes the '651 Patent

**Claim 1 of US Patent No. 9,504,651, titled "Lipid Compositions for Nucleic Acid Delivery," is directed to a lipid vesicle formulation comprising:**

**Moderna's COVID-19 vaccine**

**(1)** a plurality of lipid vesicles, wherein each lipid vesicle comprises: a cationic lipid; an amphipathic lipid and a PEG-lipid

The vaccine comprises a lipid vesicle comprising a cationic lipid (SM-102), an amphipathic lipid (DSPC) and a PEG-lipid (PEG2000-DMG)[1]

**(2)** mRNA, at least 70% of which is fully encapsulated in the lipid vesicles

We believe the vaccine comprises a lipid vesicle formulation wherein at least 70% of the mRNA in the formulation is fully encapsulated in the lipid vesicles



1. FDA SPIKEVAX authorization letter

9

# Despite Denying Infringement, Moderna Has Unsuccessfully Attempted to Invalidate the '069 and '435 Patents



**2016** — Moderna's CEO, Stéphane Bancel, publicly stated that Moderna was in the process of producing its own LNPs and dismissed Arbutus's LNP technology (which was later licensed to Genevant) as "not very good"[1]

**2017** — Bancel claimed that Moderna had developed its own LNPs that would not be covered by Arbutus's IP[2]

**2018** — Nevertheless, beginning in 2018, Moderna filed *inter partes* review (IPR) petitions requesting that the US Patent and Trademark Office cancel the claims of three patents licensed by Genevant from Arbutus, including the '069 and '435 patents*

**2020** — In July 2020, the Patent Trial and Appeal Board (PTAB) upheld all claims of the '069 patent; it had previously rejected Moderna's challenge as to ten of the '435 patent's twenty claims

**2021** — In December 2021, the Federal Circuit rejected Moderna's appeal of the PTAB's decision holding all claims of the '069 patent patentable and dismissed Moderna's appeal challenging a similar finding of patentability of certain claims of the '435 patent

*Moderna also attempted to invalidate US Patent No. 9,404,127 via IPR; a Genevant/Arbutus appeal of the PTAB's decision in Moderna's favor remains ongoing; infringement of the '127 patent was not asserted in the complaint filed today



1. Nathan Vardi, "Moderna's Mysterious Medicines," Forbes.com, December 14, 2016, available at https://www.forbes.com/sites/nathanvardi/2016/12/14/modernas-mysterious-medicines/?sh=26dd47526ef6
2. Nathan Vardi, "Moderna Can't Escape My Intellectual Property, Says Arbutus CEO," Forbes.com, May 16, 2017, available at https://www.forbes.com/sites/nathanvardi/2017/05/16/moderna-cant-escape-my-intellectual-property-says-arbutus-ceo/?sh=163a7337633a

10

# Next Steps

**1** We expect that Moderna will respond to the complaint within the next several months

**2** Pending Moderna's response, the court will set a schedule for further proceedings in the case

**3** We expect that litigation with Moderna could take at least 2 years, but there are many factors that could affect that timeline



11



# EXHIBIT M

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 22-252-MSG |
| MODERNA, INC. and MODERNATX, INC., | ) ) | **HIGHLY CONFIDENTIAL –** |
| Defendants. | ) ) | **OUTSIDE COUNSEL EYES ONLY** |

**PLAINTIFF GENEVANT SCIENCES GMBH'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS MODERNA, INC. AND MODERNATX, INC.'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 5–8)**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure and the applicable Local Rules of the U.S. District Court for the District of Delaware, Plaintiff Genevant Sciences GmbH ("Genevant"), by undersigned counsel, hereby objects and responds as follows to Defendants Moderna, Inc. and ModernaTX Inc.'s (collectively, "Moderna" or "Defendants") First Set of Requests for Admission (Nos. 1–8).

## GENERAL OBJECTIONS & OBJECTIONS TO DEFINITIONS

Genevant incorporates in their entirety the General Objections and Objections to Definitions provided in Plaintiffs' Responses and Objections to Defendants Moderna, Inc. and ModernaTX Inc.'s First Requests for Production. These objections form a part of, and are hereby incorporated into, the response to each and every Request for Admission set forth below. Nothing in those responses, including any failure to recite a specific objection in response to a particular Request for Admission, should be construed as a waiver of any of these General Objections and Objections to Definitions.

1

and redacted, publicly available version of the -0100 Contract—page 46 of which lists "52.227-1

Authorization and Consent" — that Moderna cited in its partial motion to dismiss, D.I. 17 at 3 n.4,

which the Court, after considering the same document and clause, denied on November 2, 2022

and reaffirmed its denial of on March 10, 2023.

## REQUEST FOR ADMISSION NO. 7

Admit that Roivant Sciences Ltd. is entitled to receive Litigation Proceeds should one or
more Plaintiffs be awarded damages in This Action.

## RESPONSE TO REQUEST FOR ADMISSION NO. 7

Genevant incorporates its General Objections as though fully set forth herein.  Genevant

further objects to this Request as on the basis that it does not seek information relevant to any

claim or defense in this case, including because whether Roivant Sciences Ltd. is entitled to receive

Litigation Proceeds is not relevant to whether any of the asserted patents are infringed or invalid,

nor is it relevant to the merits *vel non* of Moderna's § 1498 defense, or any other issue in this case.

*In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 405 F. Supp.

3d 612 (D.N.J. 2019); *United Access Techs., LLC v. AT&T Corp.*, 2020 WL 3128269, at *1 (D.

Del. June 12, 2020) (finding "litigation updates provided to individuals and entities entitled to

recover a portion of litigation proceeds" not relevant).  Genevant further objects to this Request as

vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case

to the extent the definition of "Litigation Proceeds" includes payments "as a result" of "a

litigation," and therefore includes payments that might indirectly result from litigation and

payments that might result from litigations unrelated to this Action.

## FIRST SUPP. RESPONSE TO REQUEST FOR ADMISSION NO. 7 [7/28/2023]

Genevant incorporates its General Objections and specific objections above as though fully

set forth herein.  Moderna has not identified any disputed issue on which this Request for

Admission is relevant, despite Genevant's objections.  Based on the parties' meet-and-confer discussion regarding the meaning of "Litigation Proceeds," Genevant interprets "Litigation Proceeds" to mean a right to receive a financial or monetary payment because Genevant receives proceeds from Moderna in this litigation.

Subject to and without waiving the foregoing objections, Genevant 

## REQUEST FOR ADMISSION NO. 8

Excluding Roivant Sciences Ltd., admit that one or more Third Parties is entitled to receive Litigation Proceeds should one or more Plaintiffs be awarded damages in This Action.

## RESPONSE TO REQUEST FOR ADMISSION NO. 8

Genevant incorporates its General Objections as though fully set forth herein.  Genevant further objects to this Request as on the basis that it does not seek information relevant to any claim or defense in this case, including because whether any third party (excluding Roivant Sciences Ltd.) is entitled to receive Litigation Proceeds is not relevant to whether any of the asserted patents are infringed or invalid, nor is it relevant to the merits *vel non* of Moderna's § 1498 defense, or any other issue in this case.  *In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prod. Liab. Litig.*, 405 F. Supp. 3d 612 (D.N.J. 2019); *United Access Techs., LLC v. AT&T Corp.*, 2020 WL 3128269, at *1 (D. Del. June 12, 2020) (finding "litigation updates provided to individuals and entities entitled to recover a portion of litigation proceeds" not relevant).  Genevant further objects to this Request as vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case to the extent the definition of "Litigation

Proceeds" includes payments "as a result" of "a litigation," and therefore includes payments that might indirectly result from litigation and payments that might result from litigations unrelated to this Action.

**FIRST SUPP. RESPONSE TO REQUEST FOR ADMISSION NO. 8 [7/28/2023]**

Genevant incorporates its General Objections and specific objections above as though fully set forth herein.  Moderna has not identified any disputed issue on which this Request for Admission is relevant, despite Genevant's objections.  Based on the parties' meet-and-confer discussion regarding the meaning of "Litigation Proceeds," Genevant interprets "Litigation Proceeds" to mean a right to receive a financial or monetary payment because Genevant receives proceeds from Moderna in this litigation.

Subject to and without waiving the foregoing objections, ▮▮▮▮

Respectfully submitted,

/s/ Nathan R. Hoeschen

OF COUNSEL:                          John W. Shaw (No. 3362)
David I. Berl                        Karen E. Keller (No. 4489)
Adam D. Harber                       Nathan R. Hoeschen (No. 6232)
Thomas S. Fletcher                   SHAW KELLER LLP
Shaun P. Mahaffy                     I.M. Pei Building
Jessica Palmer Ryen                  1105 North Market Street, 12th Floor
Jihad J. Komis                       Wilmington, DE 19801
Anthony H. Sheh                      (302) 298-0700
Philip N. Haunschild                 jshaw@shawkeller.com
WILLIAMS & CONNOLLY LLP              kkeller@shawkeller.com
680 Maine Avenue S.W.                nhoeschen@shawkeller.com
Washington, DC 20024                 *Attorneys for Plaintiff Genevant Sciences*
(202) 434-5000                       *GmbH*

Dated: July 28, 2023

## CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on July 28, 2023, this document was served on

the persons listed below in the manner indicated:

**BY EMAIL:**

Jack B. Blumenfeld
Brian P. Egan
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
alina.afinogenova@kirkland.com

Patricia A. Carson, Ph.D.
Jeanna M. Wacker
Mark C. McLennan
Nancy Kaye Horstman
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
patricia.carson@kirkland.com
jeanna.wacker@kirkland.com
mark.mclennan@kirkland.com
kaye.horstman@kirkland.com

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400
yanxin.li@kirkland.com

/s/ Nathan R. Hoeschen
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiff Genevant Sciences GmbH*

# EXHIBIT N

| | |
|---|---|
| Date: | Wednesday, November 11 2020 04:31 PM |
| Subject: | Continuation Application filed 11/10/20 - U.S. Application No. 17/094,724 - KTS Ref. 104290-007790US-1218149 |
| From: | Lane, Sharleen |
| To: | ███████████████████ |
| CC: | 'Hao, Joe (jhao@kilpatricktownsend.com)' <jhao@kilpatricktownsend.com>; ███████████████████ |
| Attachments: | image001.jpg; 2020-11-10 [ **Redacted - Privileged** ] 104290-007790US-1218149.PDF |

Re:     U.S. Patent Application No. 17/094,724
(continuation of U.S. 16/422,441 filed May 24, 2019)
Filing Date: November 10, 2020
Titled: NOVEL LIPID FORMULATIONS FOR NUCLEIC ACID DELIVERY
Applicant: Arbutus Biopharma Corporation
First Inventor: Ed Yaworski
KTS Ref.: 104290-007790US-1218149

Dear ███████,

The above-referenced continuation patent application was filed on November 10, 2020 with the U.S. Patent and Trademark Office.  Attached for your records is a copy of the application as-filed.

# Redacted - Privileged

Please let us know if you have any questions.

Very truly yours,



**Sharleen Lane**
Patent Specialist
**Kilpatrick Townsend & Stockton LLP**
Suite 600 | 2175 North California Boulevard | Walnut Creek, CA 94596
office 925 472 5009 | fax 925 407 8366
slane@kilpatricktownsend.com | www.kilpatricktownsend.com | vCard

GENV-00027708

| Date: | Wednesday, November 11 2020 04:10 PM |
|---|---|
| Subject: | Petition for Extension of Time filed 11/10/20 - U.S. Application No. 16/422,441 - KTS Ref. 104290-007780US-1138754 |
| From: | Lane, Sharleen |
| To: | █████████████████████████████████████ |
| CC: | 'Hao, Joe (jhao@kilpatricktownsend.com)' <jhao@kilpatricktownsend.com>; ████████████████████████████████ |
| Attachments: | image001.jpg; 2020-11-10 FWR EOT FEE 104290-007780US-1138754.PDF |

Re:     U.S. Patent Application No.: 16/422,441
Filing Date: May 24, 2019
Titled: NOVEL LIPID FORMULATIONS FOR NUCLEIC ACID DELIVERY
Applicant: Arbutus Biopharma Corporation
First Inventor: Ed Yaworski
KTS Ref.: 104290-007780US-1138754

Dear█████

Attached please find a copy of the Petition for Extension of Time and fee payment as filed with the U.S. Patent and Trademark Office on November 10, 2020 in response to the Non-Final Office Action. **Redacted - Privileged**

# Redacted - Privileged

Please let us know if you have any questions.

Very truly yours,



**Sharleen Lane**
Patent Specialist
**Kilpatrick Townsend & Stockton LLP**
Suite 600 | 2175 North California Boulevard | Walnut Creek, CA 94596
office 925 472 5009 | fax 925 407 8366
slane@kilpatricktownsend.com | www.kilpatricktownsend.com | vCard

CONFIDENTIAL

| | |
|---|---|
| Date: | Monday, August 30 2021 05:29 PM |
| Subject: | Notice of Allowance Received 8/30/21; Issue Fee Payment filed 8/30/21 - U.S. Application No. 17/227,802 - KTS Ref. 104290-007791US-1243808 |
| From: | Lane, Sharleen |
| To: | ████████████████████████████████ |
| CC: | 'Hao, Joe (jhao@kilpatricktownsend.com)' <jhao@kilpatricktownsend.com >; ████████████████████████████████ |
| Attachments: | image001.jpg; 2021-08-30 FWR ISSUEFEE 104290-007791US-1243808.PDF; 2021-08-30 Notice of Allowance - 007791US.PDF |

Re:     U.S. Patent Application No. 17/227,802 (Track 1)
Filing Date: April 12, 2021
Title: NOVEL LIPID FORMULATIONS FOR NUCLEIC ACID DELIVERY
Applicant: Arbutus Biopharma Corporation
First Inventor: Ed Yaworski
KTS Ref.: 104290-007791US-1243808

Dea███████

██**Redacted - Privileged**██ we paid the Issue Fee today to the U.S. Patent Office in response to the Notice of Allowance dated August 30, 2021. Attached for your records is a copy of the Issue Fee Transmittal as filed and payment receipt. ██████████**Redacted - Privileged**██████████

██**Redacted - Privileged**██ we also attach a copy of the Notice of Allowance dated August 30, 2021.

Please let us know if you have any questions.

Very truly yours,


**KILPATRICK TOWNSEND**
ATTORNEYS AT LAW

**Sharleen Lane**
Patent Specialist
**Kilpatrick Townsend & Stockton LLP**
Suite 600 | 2175 North California Boulevard | Walnut Creek, CA 94596
office 925 472 5009 | fax 925 407 8366
slane@kilpatricktownsend.com | www.kilpatricktownsend.com | vCard

# EXHIBIT O

**FILED UNDER SEAL**

# EXHIBIT P

**FILED UNDER SEAL**

# EXHIBIT Q

| | |
|---|---|
| **From:** | Adam Judge [adam.judge@roivant.com] |
| **Sent:** | 4/9/2018 7:37:04 PM |
| **To:** | James Heyes [jheyes@arbutusbio.com] |
| **Subject:** | Re: financial terms update & next steps |

Jimmy

Glad you are finally getting to talk with Bo.

I would double check his preference for in house vs outsourced activities in the R&D group. He was pretty adamant with me he would prefer to build out all sorts of capabilities in research including siRNA design, bioinformatics, screening etc (essentially everything we thought ▆▆▆▆▆▆▆▆▆▆ He specifically didn't want to use ▆▆▆▆

As you know, this is at odds with any budget of headcount we had planned.

He also said he had intentionally not looked at any real information from LEK or Genevant on indications or targets as he couldn't contaminate himself before leaving Roche. So in his mind this is all still an open question. Again, not really in line with anything I had heard from Paris, but good nonetheless. Just don't know how we could start these programs before Bo is on board.

Speaking of Paris, have you heard from him recently? Its been complete radio silence with me.

Adam

On Apr 9, 2018, at 8:04 PM, James Heyes <jheyes@arbutusbio.com> wrote:

I have a telecon with Bo at 8:15am which I'd like to keep, as he & I still haven't managed to connect yet.

I've cancelled my team meeting at 9:30am though, so I'm now available from that point onward – hopefully that works?

James

**From:** Kunal Kishnani [mailto:Kunal.Kishnani@roivant.com]
**Sent:** April-09-18 11:48 AM
**To:** Peter Lutwyche <plutwyche@arbutusbio.com>
**Cc:** James Heyes <jheyes@arbutusbio.com>; Adam Judge <adam.judge@roivant.com>
**Subject:** Re: financial terms update & next steps

Agree on including Nana. I'll make sure to invite her when we speak tomorrow.

Thanks guys,
Kunal

Kunal Kishnani
919-768-3593

Sent from my iPhone

On Apr 9, 2018, at 7:46 PM, Peter Lutwyche <plutwyche@arbutusbio.com> wrote:

I can make time earlier. I think you should pull Nana in to put the dev plan together.

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY

GENV-00273343

Pete

---

**From:** Kunal Kishnani <Kunal.Kishnani@roivant.com>
**Date:** Monday, April 9, 2018 at 11:35 AM
**To:** James Heyes <jheyes@arbutusbio.com>, Peter Lutwyche <plutwyche@arbutusbio.com>, Adam Judge <adam.judge@roivant.com>
**Subject:** RE: financial terms update & next steps

Okay. I am currently in London and think I will be flying back at the times you suggest below. Any chance earlier could work? I think it is important we start getting a ████████████████████████ so we can quickly get a deal signed.

Let me know.

Thanks,
Kunal

---

**From:** James Heyes <jheyes@arbutusbio.com>
**Sent:** Monday, April 9, 2018 12:36 PM
**To:** Kunal Kishnani <Kunal.Kishnani@roivant.com>; Peter Lutwyche <plutwyche@arbutusbio.com>; Adam Judge <adam.judge@roivant.com>
**Subject:** RE: financial terms update & next steps

I have a pretty packed schedule today, but free between 11:30am and 3pm tomorrow (Pacific).

James

---

**From:** Kunal Kishnani [mailto:Kunal.Kishnani@roivant.com]
**Sent:** April-09-18 5:46 AM
**To:** Peter Lutwyche <plutwyche@arbutusbio.com>; Adam Judge <adam.judge@roivant.com>; James Heyes <jheyes@arbutusbio.com>
**Subject:** Fwd: financial terms update & next steps

Team,

FYI. Let's briefly chat at some point today or tomorrow on next steps. We should move quickly to get the development plans outlined for the collaboration.

Best
Kunal

Kunal Kishnani
████████████████

Sent from my iPhone

Begin forwarded message:

**From** ███████████████████████████████
**Date:** April 9, 2018 at 1:30:32 PM GMT+1

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY                    GENV-00273344

**To:** "Kunal Kishnani (Kunal.Kishnani@roivant.com)" <Kunal.Kishnani@roivant.com>
**Subject: financial terms update & next steps**

Dear Kunal,



- o    Start of Phase 1:
- o    Start of pivotal trials in ph2/3
- o    Approval:
- o    Sales Milestones at achieving annual cumulative net sales:

- o    Royalty rate:

Since both parties are keen to complete an agreement quickly, I would appreciate if Roivant could provide us with the first draft of the collaboration agreement. Also, let me know when we should schedule a call with Roivant's transaction head in Basel. I believe you mentioned it is Sascha Bucher whom I have met informally at the last BIOEurope together with

I will also brief             our project management lead, concerning the current status of our discussions and that we have settled on the key terms under our collaboration, so that agreeing on an indication list in the course of this week is important.

I wish you a successful time in London and safe trip back to the US!

Best regards,

Kind regards

<image001.jpg>

HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL'S EYES ONLY



Der Inhalt dieser E-Mail ist vertraulich und ausschließlich für den bezeichneten Adressaten bestimmt. Wenn Sie nicht der vorgesehene Adressat dieser E-Mail oder dessen Vertreter sein sollten, so beachten Sie bitte, dass jede Form der Kenntnisnahme, Veröffentlichung, Vervielfältigung oder Weitergabe des Inhalts dieser E-Mail unzulässig ist. Wir bitten Sie, sich in diesem Fall mit dem Absender der E-Mail in Verbindung zu setzen.

The information contained in this email is intended for the personal and confidential use of the addressee only. It may also contain privileged information. If you are not the intended recipient then you are hereby notified that you have received this document in error and that any review, distribution or copying of this document is strictly prohibited. If you have received this communication in error, please notify the sender.

--
---This email was Virus checked by UTM 9. http://www.sophos.com---

---This Email was scanned by Sophos UTM system---

# EXHIBIT R

| | |
|---|---|
| **From:** | Li, Yan-Xin |
| **To:** | Haunschild, Philip; Genevant Team; *jshaw@shawkeller.com; "Karen Keller"; "Nate Hoeschen" |
| **Cc:** | #KEModernaSpikevaxService; Blumenfeld, Jack; "Brian Egan"; "tmurray@morrisnichols.com" |
| **Subject:** | RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections |
| **Date:** | Wednesday, February 14, 2024 5:41:23 PM |

Hi Philip:

Moderna has made every effort to reasonably work with Roivant to resolve disputes concerning the requests in Moderna's July 31, 2023 document subpoena. These efforts have been met with obfuscation. We disagree that we have not made "clear" what Moderna views as impasse given our February 2 email below, and Roivant's response appears to only be an attempt to delay Moderna obtaining resolution on issues pending for the past seventh months.

Please let us know Roivant's final position by EOD tomorrow, February 15, 2024 in view of statements made in Roivant's February 5 email.

**Re Board Materials**
- Our January 17 email explains why a search of Roivant's Board Materials is responsive to Moderna's Request 1. For clarity, Roivant's Board Materials that discuss the Patents-in-Suit (such as valuation of the Patents-in-Suit) or Moderna (including the Accused Product or this action) would also be encompassed by Roivant's own definition of Valuation Documents and likewise responsive to Moderna's Request 7.
- Moderna has consistently maintained that Roivant's refusal to provide discovery to Moderna's document subpoena unless Moderna provides overbroad and burdensome discovery *to Plaintiffs* is improper. Unlike Plaintiffs' requests to Moderna, Moderna's subpoena requests to Roivant were narrowly drafted, and Moderna has continuously expressed willingness to further narrow in response to claims of burden by Roivant. Moderna offered to produce to Plaintiffs Board documents referring to the Patents-in-Suit and the lipid molar ratio of the Accused Product, which are relevant to the claims and defenses in the action between Plaintiffs and Moderna. This was rejected by Plaintiffs because Plaintiffs insisted on Moderna Board documents regarding decisionmaking of the Accused Product. Given that Moderna's only commercial product *is* the Accused Product, Plaintiffs' request effectively seeks all Moderna Board documents. By contrast, Moderna's request to Roivant is tailored to seek Board Materials that contain references to the Patents-in-Suit, Moderna, and infringement actions against Moderna. Such information is directly relevant to Moderna's defenses against Plaintiffs and would solely be in Roivant's possession, custody, or control. Roivant has not articulated any burden.
- Please confirm that Roivant will agree to search and produce its Board Materials concerning the Patents-in-Suit, Moderna, and infringement actions against Moderna.

**Re Request 1 & 2**
- Please confirm Roivant will identify one or more additional custodians to fill in the gaps when Mr. Kunal Kishnani was not at Roivant (i.e., from April 2018 to June 2019 and from December 2020 to present) and search for responsive, non-privileged custodial information (emails or other custodial documents). Your February 5 email concedes that there are other custodians who could have responsive documents. Your statement that Mr. Kishnani was the individual most likely to have responsive and non-duplicative information makes no sense given the gaps of his tenure at Roivant. By definition, documents another Roivant custodian may have during the times Mr. Kishnani was not at Roivant cannot be duplicative.

**Re Request 7 & 16**
- For Requests 7 and 16, Roivant's January 19, 2024 letter stated that Roivant would agree to produce "non-privileged presentations to investors, collected from Roivant's centralized repository of such presentations, referring to Moderna's COVID-19 vaccine or this action," only if Moderna would provide "the same discovery" to

Plaintiffs. Please clarify whether such non-privileged Roivant presentations to investors are only public documents (e.g., those found at https://investor.roivant.com/news-events/events) or if they include non-public information.

### Third Party Motion to Compel

- As we previously stated, it is improper for Williams & Connolly to agree to motion practice before Judge Goldberg on the Case No. 22-cv-252 (D. Del.) docket with respect to Roivant only if Kirkland agrees to the same with respect to Dr. Slaoui. That said, as counsel for Dr. Slaoui, Kirkland can agree if Plaintiff Genevant intends to engage in motion practice with respect to Genevant's Slaoui document subpoena, it can be done according to Judge Goldberg's discovery dispute practice on the 22-cv-252 case docket.

### Adherence by Counsel to Protective Order (C.A. No. 22-252, Dkt. 91)

- Roivant's February 5 email below quotes from an August 1, 2023 letter concerning Moderna's Responses and Objections to Plaintiffs' RFPs. This letter is marked Highly Confidential – Outside Counsel's Eyes Only because it contains Moderna highly confidential information concerning, among other things, Moderna's regulatory documents, R&D, and formulations. It is unclear how or why third-party Roivant would have access to information that is Moderna OCEO. Please explain. Please also confirm that Moderna OCEO has not been improperly shared with Roivant.

Best regards,
Yan-Xin

### Yan-Xin Li

----------------------------------------

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
T +1 415 439 1618

----------------------------------------

yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Monday, February 5, 2024 1:52 PM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>;
**\***jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

---

### This message is from an EXTERNAL SENDER

Be cautious, particularly with links and attachments.

**HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY**

Yan-Xin,

Thank you for meeting last week.  As we explained on the meet-and-confer, it is not clear what Moderna intends to move on with respect to the subpoena it has issued to Roivant, and your email does not add clarity including because it misstates a number of our positions as well as our prior discussions.  To the extent that Moderna prematurely moves to compel, including on issues where there does not appear to be any dispute, much less an impasse, Roivant reserves all rights.  We address each of your points below:

***Privilege Log***:  Your email completely mischaracterizes our January 19, 2024 letter, in which we stated that (1) Roivant has not identified communications with litigation counsel for Roivant within the categories of documents that Roivant has agreed to produce, and (2) we will revisit the issue of whether Roivant will log such communications with litigation counsel if that changes at any point.  Otherwise, to the extent that we identify privileged documents and/or communications that are not with outside litigation counsel during our review, we will log them.  As to your assertion that the parties are at an impasse—it remains unclear what dispute there is to be at an impasse since the current set of documents over which Moderna would move to compel a privilege log is a null set.

***Board Materials***:  Your email misrepresents our conversation on the meet-and-confer and our position on Board materials.  As we explained on the call, Roivant would consider a concrete proposal to search its own board materials, which we have yet to see, if Moderna is taking the consistent position that Board materials are relevant and proportionate and it will produce them too.  When we sought clarity on what specific materials Moderna was seeking, you simply stated that Moderna was requesting Board Materials to the extent they were responsive to each of Moderna's RFPs.  But as we explained, given that Moderna has taken the position that searching Moderna's own board materials is too burdensome even for a party to this litigation, we do not see how it is proper to ask third party Roivant to search for board materials in the abstract.  That position is completely at odds with Federal Rules 26 and 45.  In that regard, we are confused by your statement that "Modern has already agreed to provide Board materials."  There is a disputed motion to compel hearing later this week in which Moderna is arguing against providing such materials.  Please let us know if Moderna is willing to reconsider its position and/or provide a concrete proposal regarding the scope of Roivant's board materials so we may consider it.

***RFP No. 1***:  As to your question regarding the timing of documents, we can confirm that Roivant will agree to produce documents discussing Moderna or Plaintiffs' patents from the available custodial files of Kunal Kishnani, dating back to April 1, 2018.  As to your question regarding the scope of the search that we have agreed to conduct, we stated that we had already produced the Valuation Documents, identified after a custodial review of Mr. Kishnani's files.   As is apparent from our January 26, 2023 production, which included the Valuation Documents, to date we have only identified responsive documents and not emails.  As to the remainder of our review of Mr. Kishnani's files—*i.e.*, for documents discussing Moderna or the Patents-in-Suit—our review of his custodial files —including his available email communications and employee workspace—is ongoing.

***RFP No. 2***:  Your email misrepresents our conversation.  We explained that, based on our reasonable investigation, Mr. Kishnani was the individual most likely to have responsive and non-duplicative information.  We did not say there are no other custodians who conceivably could have responsive

documents, but rather that based on our investigation, the material from other individuals would be duplicative of the information that Moderna is already receiving from Plaintiffs and/or from Mr. Kishnani.  As we discussed on the meet-and-confer, and as your email notes, we did conduct a search for the custodial files of Adam Judge, but Roivant no longer has any such files.  We maintain that our custodial review of Mr. Kishnani's materials is a reasonable and proportionate review of the materials most likely to yield nonprivileged, responsive, and nonduplicative information.

**RFP No. 4**:  On the meet-and-confer we explained that this RFP requests "documents sufficient to identify [Roivant's] rights and/or interests in the Patents-in-Suit and/or Related Applications, including past and current rights and interests" and the agreements that we have provided are sufficient to identify Roivant's rights and/or interests for the reasons described in our prior correspondence.  Accordingly, we have responded to the full scope of this RFP, and we understand this RFP to be resolved.

**RFP No. 6**:  Based on our reasonable investigation, we are not aware of any unique scientific analysis/monitoring of Moderna's COVID-19 Vaccine or Moderna's other LNP products.

**RFP No. 7**:  Moderna did not raise on the parties' meet-and-confer the question in your email with respect to the scope of the presentations that Roivant would agree to provide in response to RFP No. 7.  Roivant has proposed providing its non-privileged presentations to investors, collected from Roivant's centralized repository of such presentations, referring to Moderna's COVID-19 Vaccine or this action.  We explained that we are willing to go through the additional burden of collecting and reviewing Roivant's non-privileged investor presentations, but Moderna has refused to consider providing a commensurate scope even though it is a party. As to your assertions that Roivant cannot rely on Moderna's refusal to produce the same documents, we point you to Moderna's own explanation regarding the justifications for mutuality:

> Moderna's common-sense suggestion for mutuality is grounded in Rule 26 and is based on proportionality and relevance. For example, if Plaintiffs contend that certain parts of the BLA are relevant, those same sections of Plaintiffs' regulatory filings are relevant as they would be necessary for us to assess what methods Plaintiffs are telling the FDA are accurate for the determination of, *inter alia*, lipid content.
>
> Additionally, to the extent Plaintiffs contend that extensive searches and voluminous discovery from Moderna is "proportional to the needs of the case," that necessarily is applicable to Plaintiffs' discovery obligations considering the Rule 26(b) factors, particularly "2) the amount in controversy;" and the "the importance of the issues at stake in the action" which are the same for the parties. . . . If Plaintiffs are unwilling to provide certain discovery, they should not expect the same from Moderna.

Aug. 1, 2023 Letter from M. McLennan re Moderna's RFP Responses at 3.  The "common-sense suggestion for mutuality" that Moderna asserts should apply between the parties certainly applies with even greater force for a third party responding to a subpoena.  If Moderna contends that Roivant's investor updates and third party communications are relevant concerning specific topics, then undoubtedly, Moderna's communications on the same topics are relevant.

**RFP No. 12**:  Once again, your email misrepresents the parties' conversation in an attempt to draw a contradiction.  We explained that based on our reasonable investigation, documents and communications about any involvement by Roivant in the decision to file suit are privileged. As to your statement that "discovery showed that Roivant had separate communications regarding the decision to file suit" that would not be privileged, citing GENV-00232478, your email fails to note that this email is directly between Plaintiffs and a third party, *not* Roivant.  We stated that Plaintiffs have already performed a reasonable and proportionate scope of discovery into this topic, including because Plaintiffs specifically agreed to add the term "Roivant" to their search terms at Moderna's request.  We understand that Moderna has reserved the right to move to preclude Plaintiffs from raising this topic at trial, but any such motion would be unwarranted.

**RFP No. 16**:  We have already agreed to go through the additional burden and expense of collecting and reviewing Roivant's Investor Presentations responsive to this request, but we understand that Moderna is maintaining the position that producing the same materials that Moderna is requesting from Roivant would be unduly burdensome.  As to your assertion that we had no authority to support our arguments for proportionality and mutuality, we explained that Rule 45's protection for third parties against undue burden, and the discovery obligations of parties to a case pursuant to Rule 26, make clear that a litigant cannot expect a third party to go above and beyond what any party to a case is willing to provide.

**Reproduction**:  As we explained on the meet and confer, Moderna is requesting Roivant to reproduce its pdf files in color and/or at a higher resolution, which we agreed to do so even though we do not believe there is anything wrong with the quality of the files identified in your email.  We reproduced already the pdf documents you identified—as well as a number of additional documents based on our review of the documents for which color would aid in readability.

**Third Party Motion to Compel**:  Roivant is amenable to any motion being filed before Judge Goldberg on the C.A. 22-252 docket, provided that Moderna agrees to the same procedure for any motion filed in relation to Plaintiffs' Rule 45 subpoenas to Dr. Slaoui.  Notwithstanding Roivant's agreement to this procedure, Roivant reserves all rights as a Third Party to this action pursuant to Federal Rule of Civil Procedure 45.  Should Moderna initiate motion practice, Roivant reserves all rights, including on the basis that Moderna demands greater discovery from Roivant, a non-party, than that which Moderna itself is willing to provide in this litigation.

Thank you,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Friday, February 2, 2024 6:37 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate

Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack'
<JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

***CONTAINS INFORMATION DESIGNATED BY PLAINTIFFS AS HIGHLY CONFIDENTIAL***

Counsel:

Thank you for the meet and confer yesterday. We memorialize our discussion below. Where Roivant had stated it
would confirm or follow-up, please do so by EOD Monday, February 5, 2024.

**Privilege Log**
- We asked (1) Roivant to clarify what it would actually log on a privilege log given Roivant's 1/19/2024 letter
  stated "Roivant's purely privileged communications" would not be logged, regardless of if they were before the
  filing of the Complaint; and (2) whether Roivant was complying with either Delaware's Default Standard for
  Discovery or the Stipulated ESI Order in this case (D.I. 111). Roivant did not answer either question, and instead
  stated it was a "non-issue." Moderna disagrees that Roivant can refuse to provide clarity on what it intends to
  log, especially given that the parties dispute the scope of what Roivant should produce. We consider Roivant and
  Moderna to be at an impasse on this issue.

**Board Materials**
- Roivant stated that it would not search or produce Roivant Board materials unless Moderna agreed to provide
  Moderna Board materials to *Plaintiffs*. Moderna disagreed that third-party/non-party Roivant could make its
  obligation to respond to a subpoena contingent on obtaining discovery from Moderna on behalf of Plaintiffs.
  Moreover, Modern has already agreed to provide Board materials. We consider Roivant and Moderna to be at an
  impasse on this issue.

**Request 1**
- During our prior 1/2/2024 call, Roivant continued to claim that Request 1 was overbroad because it was not
  limited to a specific time frame. We offered to compromise on a date range of 1/1/2018 to present. Roivant's
  1/19/2024 letter did not address this point, but Roivant on yesterday's call stated that it would confirm, but likely
  could agree to a date range of 1/1/2018 to present for Request 1. Please confirm.
- Roivant's 1/19/2024 letter offered to produce any "non-privileged documents discussing Moderna or Plaintiffs'
  patents from the available custodial files of Kunal Kishnani," but yesterday we understood Roivant to have stated
  that any search of Mr. Kishnani's custodial files for Request 1 (or otherwise) would be in the context of Valuation
  Documents. Please clarify Roivant's proposal as to Request 1. Please also clarify what is included as part of Mr.
  Kishnani's "custodial files" (e.g., is it only emails, is it emails and an employee OneDrive folder, etc.). Last, Roivant
  seemed to suggest on our call that Mr. Kishnani had no responsive emails; we ask for confirmation as to this
  representation.

**Request 2**
- As also related to Request 1, Moderna noted that Mr. Kishnani was not employed at Roivant from about April
  2018 to June 2019, and departed Roivant again around December 2020. We asked Roivant to identify another
  custodian(s) for the periods when Mr. Kishnani was not at Roivant. Roivant's 1/19/2024 letter stated it "did not
  believe such a custodial review is warranted." We asked if Adam Judge could serve as a second custodian for the
  time periods Mr. Kishnani was not at Roivant. Roivant stated it had already considered and confirmed it had no
  custodial information for Adam Judge. Roivant also represented that it had performed a search for other

custodians who may have responsive documents and communications to Requests 1 and 2, but that there were no other custodians at Roivant who had information. We stated that Roivant has an obligation to identify another custodian given the gaps in Mr. Kishnani's time at Roivant. Roivant stated that with respect to Request 2, Mr. Kishnani was the only custodian with relevant information, but would follow-up.

### Request 4

- We noted that the July 30, 2020 Amended & Restated Shareholders Agreement mentioned in Roivant's 1/19/2024 letter was recently produced. Moderna's review is ongoing. We asked Roivant to confirm that it was producing all relevant documents for Request 4 (as Roivant had only identified the April 11, 2018 Master Contribution and Share Subscription Agreement and the March 27, 2020 IP Security Agreement ███████████ ████████████████████████████████████████████████████████████████████████████████ ████.

### Requests 6, 7, and 12

- On Request 6, Roivant's 1/19/2024 letter stated it had not identified unique scientific analysis/monitoring of Moderna's COVID-19 Vaccine. Request 6 seeks analysis and monitoring of Moderna's COVID-19 Vaccine *and* other LNP products developed or commercialized by Moderna. We asked for clarification that Roivant was not excluding "other LNP products developed or commercialized by Moderna." Roivant stated it was not intending to exclude, but would follow-up and confirm. Please let us know.
- On Request 7 (similar for Request 6), please confirm Roivant's "non-privileged presentations to investors … referring to Moderna's COVID-19 Vaccine or this action" is not intending to exclude "market updates, and internal company monitoring alerts concerning the Patents-in-Suit" or "other LNP products commercialized by Moderna."
- Separately, for Request 7, Roivant's 1/19/2024 letter stated Moderna did not provide "comparable discovery" to Plaintiffs. Further, although Roivant has non-privileged responsive information in a centralized repository, Roivant confirmed yesterday that it would *not* produce this information *unless* Moderna produced Moderna's presentations to investors to Plaintiffs. We consider Roivant and Moderna to be at an impasse on Request 7.
- On Request 12, Roivant stated yesterday that it was not clear whether any documents or communications would be non-privileged, but then also stated such documents or communications did not exist. We pointed out these two statements were contradictory. We also noted that discovery showed that Roivant had separate communications regarding the decision to file suit, e.g., GENV-00262478 ████████████████████████████ ██████████████████████████████████████████████ and such communications would not be privileged. Roivant stated it would not perform a separate search in its files because Plaintiffs had already run "Roivant" as an ESI search term. We consider Roivant and Moderna to be at an impasse on Request 12.

### Request 16

- As with Request 7, Roivant stated it would agree to produce "Roivant's investor communications" for Request 16 if Moderna would provide "the same discovery" to Plaintiffs. We noted that Request 16 was not limited to just "investor communications," and would cover communications with other third parties. Roivant stated that it would *not* search or produce other communications, such as with the U.S. government, because Moderna has refused to produce Moderna-U.S. government communications to Plaintiffs. We asked again for Roivant's basis on refusing to produce documents in response to Moderna's subpoena unless Moderna produces documents for Plaintiffs. You had no authority except to refer generally to Rule 26 and Rule 45. We consider Roivant and Moderna to be at an impasse on Request 16.

### Reproduction in color

- On 1/29/2024, we asked Roivant to reproduce in color and higher resolution certain documents because the black and white image quality made smaller text illegible. Roivant agreed to re-produce documents in color with higher resolution where such documents were originally in color. We asked for reproduction to be made by today, February 2, 2024 given Roivant's Vol. 001 production only contained 78 documents total. Please confirm.

**Third-party motion to compel in 22-252 case docket**

- We asked Roivant if it would be agreeable to any motion practice as related to Moderna's subpoenas in the C.A. 22-252 case docket and using Judge Goldberg's discovery dispute procedure. Roivant said it would confirm.
- Counsel separately asked, for the first time, if Moderna would similarly agree to motion practice for Plaintiffs' subpoena of Mr. Slaoui in the C.A. 22-252 case docket. We will follow-up. We note, however, that whether or not *Roivant* agrees to motion practice on the 22-252 case docket has *nothing* to do with *Plaintiffs'* subpoena on Mr. Slaoui. Moreover, Roivant is a company, and a corporate parent of Plaintiff Genevant, while Mr. Slaoui is an individual. Any sort of quid pro quo is improper.

Best regards,
Yan-Xin

**Yan-Xin Li**

------------------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
------------------------------------------------

yanxin.li@kirkland.com

---

**From:** Li, Yan-Xin
**Sent:** Monday, January 29, 2024 2:49 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Philip:

Thursday, February 1, 2024 at 11:30 am ET works for us. Please confirm Roivant's Delaware counsel will also be present.

We can use the following dial-in:
    Click to join meeting: https://meet.loopup.com/G39ajY4
    Guest passcode: 47677987#
    Mobile Quick Join: +1 (281) 913-1081,,,47677987#
    US Toll: +1 (281) 913-1081
    US Toll Free: +1 (866) 331-1856

Thanks,
Yan-Xin

**Yan-Xin Li**

------------------------------------------------
**KIRKLAND & ELLIS LLP**

555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
----------------------------------------------------------
yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Monday, January 29, 2024 12:23 PM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate
Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack'
<JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Hi Yan-Xin,

Roivant is unavailable today or Tuesday after 1:00 PM.  However, we are available to meet and
confer later this week at any of the below times:

- Wednesday, Jan. 31, from 12:00–2:00 or 4:00–5:00 pm ET;
- Thursday, Feb. 1, from 11:30-1:00 pm ET;
- Friday, Feb. 2, from 10:00–11:00 am ET.

Please let us know if any of those times works for you.

Thanks,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Friday, January 26, 2024 3:01 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate
Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack'
<JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Philip:

Please let us know if Roivant is able to meet and confer Monday or Tuesday (January 29 or 30) at or after 1:00 pm ET with Delaware counsel.  If not, please let us know Roivant's availability next week.

Thanks,
Yan-Xin

**Yan-Xin Li**

------------------------------------------------

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618

------------------------------------------------

yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Friday, January 19, 2024 7:12 AM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Yan-Xin,

Please see the attached correspondence.

Thank you,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Wednesday, January 17, 2024 10:29 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

*CONTAINS INFORMATION DESIGNATED HIGHLY CONFIDENTIAL BY PLAINTIFFS*

Philip:

Further to the below, including our 1/2/2024 email and our 12/20/2023 and 11/13/2023 letters, Plaintiffs' productions to date show ██████████████████████████████████████████ ████████████████████████████████████████ This information is responsive to at least Request 1 of Moderna's document subpoena and suggests existence of additional correspondence *unique* to Roivant.  *See, e.g.*, GENV-00508209-219 (Arbutus and Roivant discussing proposal ████████ ████████ in a campaign against Moderna); GENV-00262478 (email from ████████████████████████████ ████████████████████████████████████████████; GENV-00517314 (Arbutus CEO Mark Murray noting "I have reached agreement with Vivek [Ramaswamy of Roivant] on ████████); GENV-00273343 ████████ accepting Roivant's proposal "for the 5 exclusive LNP licenses to ████████" which was forwarded to Arbutus).  Please confirm that Roivant has and will search for communications concerning the Patents-in-Suit (including licensing, negotiations related to licensing, and communications with Plaintiffs' licensees), Moderna, and infringement actions against Moderna.  Such information is relevant at least to the value of the Patents-in-Suit and factors impacting the hypothetical negotiation and reasonable royalty, as we previously explained.  Further, Roivant's intimate involvement demonstrates it is clearly not a disinterested third party.

Moderna has been patiently awaiting a response from Roivant, and has already twice requested Roivant to provide its final position as to disputes on certain requests.  As you know, Moderna served its subpoenas on Roivant on 7/31/2023, and to date has not received any documents from Roivant—even the documents Roivant agreed to produce from the get-go.  Please provide a response this week.  Otherwise, Moderna will need to seek relief from the Court for Roivant's non-response in advance of the upcoming fact discovery deadline.

Best regards,
Yan-Xin

**Yan-Xin Li**

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618

‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

yanxin.li@kirkland.com

**From:** Li, Yan-Xin
**Sent:** Wednesday, January 10, 2024 4:34 AM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Philip:

Thank you for your email.  As Roivant's investigation has been ongoing for over four months, please confirm you will respond this week to the issues raised in our January 2 meet-and-confer, our follow-up email below, our December 22 letter, and questions unanswered in our November 13 letter.  Please also confirm that as part of Roivant's investigation for responsive, non-privileged documents, it is searching for and producing Roivant's Board of Director materials.

Best regards,
Yan-Xin

**Yan-Xin Li**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Tuesday, January 9, 2024 6:05 AM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Yan-Xin,

We are diligently investigating the issues raised on the January 2 meet-and-confer, and we aim to respond to the points you have raised shortly.

Thank you,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Tuesday, January 2, 2024 8:40 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack'

<JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Philip:

Thank you for the call today.  During our discussion, Roivant was not in the position to provide responses to the questions and issues identified in our December 20, 2023 letter, which as noted, we provided in an effort to streamline and ensure preparedness.  We understand that Roivant plans to fully respond to the questions and issues raised in our December 20, 2023 letter.  Please do so by January 8, 2024.

Separately, Roivant was not able to identify a date certain as to when it would begin production of Valuation Documents and SEC Disclosures and Press Releases.  Please let us know when we may expect Roivant's production(s).

We also provide follow-up and memorialize a few specific items raised during our call:

- **Request No. 1**:  Roivant stated during our call that this request was "unlimited in time."  We explained (both on the call and in our December 20 letter) why the vague representation of "around the time of [Plaintiffs' alleged] hypothetical negotiation" was improperly narrow.  In an effort to compromise as to this request, Moderna can agree to a **date range of 1/1/2018 to present**, given among other things that the Master Contribution and Share Subscription Agreement was executed by and between Roivant, Arbutus, and Genevant on April 11, 2018.

  Relatedly, for Request No. 1 and generally for all requests, the issue of Roivant's alleged burden was discussed.  To date, Roivant has not articulated particular burdens and has instead claimed burden in broad strokes because of Roivant's purported third party status or not being a licensor/licensee.  For instance, you noted that such communications sought by Request No. 1 were "presumably" privileged, but you could not tell us the number of documents potentially at issue because it was "impossible to do without collecting documents" across potentially double-digit number of custodians.  Roivant does not dispute the relevance of Roivant-unique documents.  And as we stated in our prior letters, your responses raise concerns as to whether Roivant **has even conducted searches** for responsive documents.  If you had investigated, surely you could quantify this burden (e.g., 100,000 or 10,000 or 1,000 documents that would have to be reviewed).  Where Roivant is alleging burden, it would be helpful for Moderna (and the Court) to understand such burden.

- **Request No. 2**:  We understand that Roivant is not limiting non-custodial Valuation Documents to a specific time frame.  As to custodial documents, Roivant is still investigating as to whether additional custodian(s) would be identified during the gaps when Mr. Kunal Kishnani was not employed at Roivant.  See 12/20/2023 letter at 4.

- **Request No. 3**:  We understand that Roivant agreed to search for, but has not presently identified unique opinions, assessments, or evaluations regarding the value, patentability, enforceability, validity, claim scope, and/or infringement of the Patents-in-Suit  in response to this request – whether or not "formal" or "informal."  Should Roivant identify unique opinions, assessments, or evaluations, we understand Roivant would agree to produce such information.

- **Request No. 4**:  We asked Roivant to confirm whether the April 11, 2018 and March 27, 2020 agreements are the **only** documents indicating Roivant's "current" interests.  As we noted in our December 20 letter,

even if these to agreements are representative, other agreements and documents may provide context as to Roivant's interests.  We also raised outstanding issues in our November 13 letter which Roivant's December 12 letter did not directly address.  Roivant stated it would follow-up in writing.

- **Request No. 12**:  We discussed that timing or commercial considerations may not be privileged for this request.  It is improper to say information "might be privileged" without even conducting a search.  See 11/13/2023 letter at 4 (discussing Request No. 3).  We'll look to Roivant's written response for its final position.

Best regards,
Yan-Xin

**Yan-Xin Li**

---------------------------------------------------------

**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618

---------------------------------------------------------

yanxin.li@kirkland.com

---

**From:** Li, Yan-Xin
**Sent:** Thursday, December 21, 2023 11:52 AM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Philip:

January 2 from 2:00–3:00 pm ET works. Dial-in below:

Click to join meeting: https://meet.loopup.com/G39ajY4
Guest passcode: 47677987#
Mobile Quick Join: +1 (281) 913-1081,,,47677987#
US Toll: +1 (281) 913-1081
US Toll Free: +1 (866) 331-1856
Full list of international dial-in numbers can be seen here: https://loopup.com/us/dial-in-numbers

Safe travels over the holidays.

Best regards,
Yan-Xin

**Yan-Xin Li**

---------------------------------------------------------

**KIRKLAND & ELLIS LLP**

555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
**F** +1 415 439 1500
------------------------------------------------------------
yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Thursday, December 21, 2023 10:25 AM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate
Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack'
<JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Hi Yan-Xin,

We are not available Friday afternoon, and I will be travelling December 26–29 for the holidays.  We
could meet on January 2 from 11:00 am – 12:00 pm or 2:00–3:00 pm ET. Or we are generally
available the rest of that week, if you can provide us with windows of your availability.

Thanks,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Wednesday, December 20, 2023 6:25 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate
Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack'
<JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Hi Philip:

9:00 am ET on December 22 does not work for us.  We could accommodate earlier Friday afternoon, such as 1:00
pm ET.  If that does not work, please let us know Roivant's availability December 27, 28, or 29.

Our letter today does not contain Moderna confidential information.  We conservatively marked our letter OCEO

based on the fact that Roivant's December 12 letter (which we quote from) was marked OCEO and because it otherwise discusses the content of documents produced by Genevant marked OCEO under the Protective Order in this case.

Best regards,
Yan-Xin

**Yan-Xin Li**
--------------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
**F** +1 415 439 1500
--------------------------------------------
yanxin.li@kirkland.com

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Wednesday, December 20, 2023 1:42 PM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Yan-Xin,

December 22 after 3:00 PM does not work for us, but we could meet at 9 am ET on December 22. Could you please confirm as well whether Moderna's letter contains any Moderna or other third party confidential information?  If so, could you please provide a redacted version that we can share with Roivant?

Thank you,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Wednesday, December 20, 2023 1:14 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack'

<JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Philip:

Please let us know if Roivant is available to meet and confer on December 22, 2023 at or after 3:00 pm ET concerning its December 12 letter.  We provide the attached correspondence in an effort to streamline and ensure preparedness for the issues for discussion.

Best regards,
Yan-Xin

**Yan-Xin Li**

-------------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
**F** +1 415 439 1500
-------------------------------------------
yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Tuesday, December 12, 2023 2:04 PM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>;
'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Yan-Xin,

Please see the attached correspondence.  Thank you.

Best,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Monday, November 13, 2023 9:07 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>;

**17**

*jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Philip:

Please see the attached correspondence.

Best regards,
Yan-Xin

**Yan-Xin Li**
-------------------------------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
**F** +1 415 439 1500
-------------------------------------------------------------
yanxin.li@kirkland.com

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Monday, October 16, 2023 8:45 AM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; 'Karen Keller' <kkeller@shawkeller.com>; 'Nate Hoeschen' <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; 'Blumenfeld, Jack' <JBlumenfeld@morrisnichols.com>; 'Brian Egan' <began@morrisnichols.com>; 'tmurray@morrisnichols.com' <tmurray@morrisnichols.com>
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Yan-Xin,

Please see the attached correspondence. Thank you.

Best,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979   phaunschild@wc.com | www.wc.com

**From:** Haunschild, Philip
**Sent:** Thursday, October 5, 2023 6:53 PM

**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen Keller <kkeller@shawkeller.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Brian Egan <began@morrisnichols.com>; tmurray@morrisnichols.com
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Hi Yan-Xin,

We are considering the points raised in your letter and aim to have a response to you next week.

Thank you,

**Philip N. Haunschild**
**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979 | phaunschild@wc.com | www.wc.com

---

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Friday, September 29, 2023 3:22 PM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen Keller <kkeller@shawkeller.com>; Nate Hoeschen <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Brian Egan <began@morrisnichols.com>; tmurray@morrisnichols.com
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. - Responses & Objections

Counsel:

Please see the attached correspondence.

Best regards,
Yan-Xin

**Yan-Xin Li**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
**F** +1 415 439 1500
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
yanxin.li@kirkland.com

---

**From:** Li, Yan-Xin

**Sent:** Thursday, September 7, 2023 8:57 AM
**To:** Haunschild, Philip <phaunschild@wc.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen Keller <kkeller@shawkeller.com>; Nate
Hoeschen <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Brian Egan <began@morrisnichols.com>;
tmurray@morrisnichols.com
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Thanks Philip.

Tuesday, September 12 at 2:00 pm ET works for us. Please use the following conference line:
     US Toll Free: +1 (866) 331-1856
     Guest passcode: 47677987#
     Mobile Quick Join: +1 (281) 913-1081,,,47677987#

Best regards,
Yan-Xin

**Yan-Xin Li**

--------------------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
**F** +1 415 439 1500
--------------------------------------------------
yanxin.li@kirkland.com

---

**From:** Haunschild, Philip <phaunschild@wc.com>
**Sent:** Wednesday, September 6, 2023 5:43 PM
**To:** Li, Yan-Xin <yanxin.li@kirkland.com>; Genevant Team <GenevantTeam@wc.com>;
*jshaw@shawkeller.com <jshaw@shawkeller.com>; Karen Keller <kkeller@shawkeller.com>; Nate
Hoeschen <nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Brian Egan <began@morrisnichols.com>;
tmurray@morrisnichols.com
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Dear Yan-Xin,

Thank you for your email.  Friday afternoon unfortunately does not work for us.  We could do 2:00
pm ET on Tuesday, September 12?

Best,

**Philip N. Haunschild**

**Associate | Williams and Connolly LLP**
680 Maine Avenue SW, Washington, DC 20024
202-434-5979   phaunschild@wc.com | www.wc.com

**From:** Li, Yan-Xin <yanxin.li@kirkland.com>
**Sent:** Tuesday, September 5, 2023 9:15 PM
**To:** Genevant Team <GenevantTeam@wc.com>; *jshaw@shawkeller.com
<jshaw@shawkeller.com>; Karen Keller <kkeller@shawkeller.com>; Nate Hoeschen
<nhoeschen@shawkeller.com>
**Cc:** #KEModernaSpikevaxService <KEModernaSpikevaxService@kirkland.com>; Blumenfeld, Jack
<JBlumenfeld@morrisnichols.com>; Brian Egan <began@morrisnichols.com>;
tmurray@morrisnichols.com
**Subject:** RE: C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Dear Counsel:

We are in receipt of Roivant's responses and objections to Moderna's document and testimony subpoenas. Please
let us know if you are available for a meet and confer this Friday, September 8, 2023 at or after 1:00 pm ET.

Best regards,
Yan-Xin

**Yan-Xin Li**
-------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco, CA 94104
**T** +1 415 439 1618
**F** +1 415 439 1500
-------------------------------------
yanxin.li@kirkland.com

**From:** Courtney Harris <charris@shawkeller.com>
**Sent:** Thursday, August 31, 2023 1:49 PM
**To:** Afinogenova, Alina <alina.afinogenova@kirkland.com>; Brian Egan <began@morrisnichols.com>;
Blumenfeld, Jack <JBlumenfeld@morrisnichols.com>; Hurst, James F. <james.hurst@kirkland.com>;
Wacker, Jeanna <jeanna.wacker@kirkland.com>; Horstman, N. Kaye
<kaye.horstman@kirkland.com>; #KEModernaSpikevaxService
<KEModernaSpikevaxService@kirkland.com>; McLennan, Mark C. <mark.mclennan@kirkland.com>;
Carson, Patricia A. <patricia.carson@kirkland.com>; tmurray@morrisnichols.com; Li, Yan-Xin
<yanxin.li@kirkland.com>
**Subject:** C.A. No. 22-252-MSG Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al. -
Responses & Objections

Please find attached the following documents for service:

1. Third Party Roivant Sciences Ltd. Responses and Objections to Moderna, Inc. and
   Modernatx, Inc.'s Rule 45 Document Subpoena

2.  Third Party Roivant Sciences Ltd. Responses and Objections to Moderna, Inc. and
    Modernatx, Inc.'s Rule 45 Deposition Subpoena

3.  Notice of Service

Courtney N. Harris
*Senior Paralegal*
**SHAW KELLER LLP**
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0716- Telephone
(302) 300-4026- Facsimile

NOTE:  This email may contain PRIVILEGED and CONFIDENTIAL information and is intended only for the use of the specific individuals(s) to which it is addressed.  If you are not an intended recipient of this email, you are hereby notified that any unauthorized use, dissemination or copy of this email or the information contained in it or attached to it is strictly prohibited.  If you have received this email in error, please delete it and immediately notify the person named above by reply email.  Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

---

This message and any attachments are intended only for the addressee and may contain information that is privileged and confidential. If you have received this message in error, please do not read, use, copy, distribute, or disclose the contents of the message and any attachments. Instead, please delete the message and any attachments and notify the sender immediately. Thank you.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis

International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.


The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of Kirkland & Ellis LLP or Kirkland & Ellis International LLP. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

# EXHIBIT S

# Kunal Kishnani

President of Rare Diseases at Kriya Therapeutics

San Diego, California, United States

## Contact

www.linkedin.com/in/kunalkishnani
(LinkedIn)

## Languages

Spanish

Hindi

## Experience

**Kriya Therapeutics**
President of Rare Diseases
January 2022 - January 2023 (1 year 1 month)
New York, New York, United States

**Warden Bio, Inc.**
Founder and CEO
December 2020 - January 2022 (1 year 2 months)
New York, New York, United States

**Roivant Sciences**
Principal, Corporate Development
June 2019 - December 2020 (1 year 7 months)
New York, New York, United States

**Genevant Sciences**
Co-Founder and Head of Operations
April 2018 - December 2019 (1 year 9 months)
New York, New York

**Roivant Sciences**
Director, Special Projects
November 2017 - April 2018 (6 months)
New York, New York

**Axovant Sciences**
2 years 7 months

Chief of Staff, R&D
November 2016 - November 2017 (1 year 1 month)
New York, NY

Corporate Development
May 2015 - November 2016 (1 year 7 months)
New York, New York

Dell
Financial Analyst Intern
June 2014 - August 2014 (3 months)
Plano, TX

Wells Fargo Advisors
Securities Analyst Intern
May 2013 - August 2013 (4 months)
Saint Louis, MO

_____

## Education

Elon University - Martha and Spencer Love School of Business
Bachelor of Science in Business Administration (B.S.B.A), Accounting and
Finance

Durham Academy