IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARBUTUS BIOPHARMA CORPORATION )
and GENEVANT SCIENCES GMBH, )
)
        Plaintiffs, )
)
        v. )  C.A. No. 22-252 (MSG)
)
MODERNA, INC. and MODERNATX, INC., )
)
        Defendants. )

**STIPULATION CONCERNING**
**PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT**

WHEREAS, on April 17, 2024, Plaintiffs filed a motion for leave to amend the Complaint
(D.I. 277);

WHEREAS, pursuant to the stipulation between the parties, Defendants Moderna, Inc. and
ModernaTX, Inc. ("Moderna") have not yet responded to the motion to amend (D.I. 289 & 292);

WHEREAS, the parties have continued to meet and confer on the motion in an effort to
avoid burdening the Court with further briefing on the issue and have subsequently reached an
agreement;

NOW THEREFORE, the parties hereby stipulate and agree, subject to the approval of the
court that:

1.    Although Moderna disagrees with the characterizations of the discovery record in
Plaintiffs' motion for leave to amend the complaint (D.I. 278), Moderna will not oppose the motion
for leave based on the terms in this stipulation, but reserves all rights to answer, move to dismiss,
or otherwise respond to Plaintiffs' amended complaint if entered by the Court.

2.      Based on presently known information, Plaintiffs will not seek to extend any current deadline in the scheduling order based on its amended complaint, including its new 271(f) claim.

3.      Plaintiffs will supplement their infringement contentions to address their new 271(f) claim by May 6, 2024.

4.      The depositions of Moderna's 30(b)(1) and 30(b)(6) witnesses will not be rescheduled or deferred as a result of Plaintiffs' amended complaint asserting a new 271(f) claim.

5.      Based on Moderna's current understanding, any follow-up discovery for additional batches potentially implicated by Plaintiffs' new 271(f) claim will be of a similar nature to discovery Plaintiffs already have (additional rows in a spreadsheet, additional COAs, specifications, financial information, etc.). In addition, Moderna is investigating its ability to produce other discovery requested by Plaintiffs, including information sufficient to show for each batch of the specific components identified in Plaintiffs' Amended Complaint (Exhibit N to D.I. 278) at ¶¶ 56–58, 77-78, 98-99, 119-120, 143-144, 169-170, 190-191 used in batches of the Accused Product, the exportation dates and shipping destination, as well as information enabling Plaintiffs to identify the number of doses sold that included such exported components, the price per dose, and revenue and profit associated with such dose(s).[1] Moderna will aim to produce such follow-up discovery, including discovery specifically referenced in this paragraph, and any supplemental interrogatory responses (as supplementation of responses may be required under

---

[1] Moderna is still investigating the availability of this requested discovery. The parties agree to work in good faith to resolve any disputes concerning the information Moderna subsequently produces, and reserve the right to raise any disputes with respect to this requested discovery or the implication (including the preclusive effect, if any) of not producing this information (including because this information is not maintained in the ordinary course of business).

Rule 26(e)) or other document production relating to Plaintiffs' 271(f) claim, by May 10, 2024 and will complete such productions by close of fact discovery.

6.      For any new mRNA-LNP part numbers placed at issue based on Plaintiffs' 271(f) claim, the parties will treat the selection and production of samples for such part numbers in accordance with paragraphs 1–2 of Exhibit A of the parties' February 26, 2024 stipulation (D.I. 225). Based on Moderna's representation that the genealogy (MRNA-GEN-01424942, MRNA-GEN-01711164) it has produced contains all of the part numbers that use components manufactured in the United States, Plaintiffs will inform Moderna what additional part numbers Plaintiffs seek samples of based on the genealogy information Moderna has produced to date. Because Plaintiffs' new 271(f) claim implicates overseas drug product, if there are logistical issues with collecting and producing such samples within the time periods in the stipulation, the parties will work together in good faith on an appropriate schedule for production and any other schedule.

7.      Based on the discovery Plaintiffs have received to date and Moderna's representations, Plaintiffs do not presently intend to take any additional depositions of Moderna's witnesses or serve new written discovery requests related to Plaintiffs' new 271(f) claim (although supplementation of existing responses may be required under Rule 26(e)). Because Plaintiffs have not yet seen the information Moderna intends to produce and do not know the precise timing, however, this stipulation does not preclude the taking of additional discovery or deposition testimony where there is a good-faith basis for doing so in light of the information Moderna produces and/or the timing of that production. The parties agree to work together in good faith to address any such additional discovery based on the information Moderna produces and will present any disputes to the Court about the scope of discovery at that time.

8.      Upon approval of this Stipulation by the Court, and as set forth in the Stipulation and Order to Extend Time (D.I. 291), Plaintiffs have leave to file the Amended Complaint (attached as Exhibit N to their Motion for Leave to Amend, D.I. 278) under seal, and Moderna shall file any motion to seal within three (3) business days from the date it is docketed. If no motion to seal is required, Moderna shall notify the Court that the Amended Complaint can be unsealed.

SHAW KELLER LLP

/s/ Karen E. Keller
_____
John W. Shaw (#3362)
Karen E. Keller (#4489)
Nathan R. Hoeschen (#6232)
Emily S. DiBenedetto (#6779)
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com

Attorney for Plaintiffs

April 29, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Travis J. Murray
_____
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

Attorneys for Defendants


SO ORDERED this  1st   day of ___May_____, 2024.


/s/ Mitchell S. Goldberg
_____
UNITED STATES DISTRICT JUDGE