# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347
———
(302) 658-9200
(302) 658-3989 FAX

**Brian P. Egan**
(302) 351-9454
began@morrisnichols.com

June 27, 2024

The Honorable Mitchell S. Goldberg  *VIA ELECTRONIC FILING*
United States District Court
  Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106-1797

     Re:   *Arbutus Biopharma Corporation., et al. v. Moderna, Inc., et al.*
          C.A. No. 22-252 (MSG)

Dear Judge Goldberg:

     We write on behalf of Moderna to respectfully seek clarification of Your Honor's June 20, 2024 Order (D.I. 355). In response to Moderna's motion to compel lobbying documents (D.I. 341), the Court ordered the parties to proceed with their agreed-upon collection and production of lobbying materials, and also ordered Moderna to produce "non-lobbying documents" that Plaintiffs sought in their opposition (D.I. 348) to Moderna's motion to compel. D.I. 355 at 10 (ordering production of "Defendant's communications with the Government regarding the vaccine, the Government contracts, and the Statement of Interest"). In connection with those non-lobbying documents, the Court also made a finding that Moderna's communications with the U.S. Government regarding the application of Section 1498, including those relating to the Statement of Interest, are not subject to the common interest privilege exception.

     Since the Order issued, Plaintiffs have taken the position that Moderna must produce all communications between Moderna and the U.S. Government concerning this lawsuit more generally (*i.e.*, not just communications relating to the application of Section 1498 or on the Statement of Interest) and that the Court's finding of no common interest applies to ***all*** communications between Moderna and the U.S. Government. Moderna believes this goes beyond the Court's Order, which was premised on what Plaintiffs sought in their opposition letter to

The Honorable Mitchell S. Goldberg
June 27, 2024
Page 2

Moderna's motion, *i.e.*, "communications with the U.S. Government regarding § 1498 and the Government's Statement of Interest." D.I. 348 at 1, 3.[1]

Moderna thus respectfully seeks the Court's clarification of its Order, including confirmation of whether the Court's Order and finding regarding common interest are limited to communications discussing the application of Section 1498 and the Statement of Interest. If, as Moderna believes, the Court's Order found that there is no common interest as to "communications with the U.S. Government regarding § 1498 and the Government's Statement of Interest," Moderna will proceed in producing this limited scope of communications.[2] If the Court's Order is interpreted more broadly, however, there is a broader common interest agreement in place between Moderna and the U.S. Government that would be implicated by any such reading. By way of example, as discussed at the hearing, because there remains a possibility in light of Section 1498 that Moderna and the U.S. Government may be facing parallel lawsuits, Moderna has relied and will continue to rely on the common interest exception to coordinate with the U.S. Government in the defense of Plaintiffs' patent infringement allegations concerning the accused product that was developed, manufactured, and procured pursuant to contracts between the Moderna and the U.S. Government. Notwithstanding Moderna's disagreement that no common interest can exist with respect to Section 1498 and the Government's Statement of Interest,[3] expanding the Court's Order beyond these categories implicates other issues that *would* be protected by the common interest exception and the common interest agreement between Moderna and the U.S. government, which Moderna is willing to make available to the Court for *in camera* review if requested.

Ultimately, because Plaintiffs' arguments regarding common interest were raised primarily in their opposition letter to Moderna's motion to compel, neither Moderna nor the U.S. Government had the opportunity to fully brief this issue. Accordingly, should the Court find that its Order is not limited to communications with the U.S. Government regarding Section 1498 and the Government's Statement of Interest, Moderna requests to be heard on a more fulsome record on the common interest exception and its application to the facts of this case before the Court determines whether any further production is appropriate.

---

[1] Moderna completed its production months ago of communications between Moderna and the U.S. Government regarding the vaccine and the negotiation of the U.S. Government supply contracts—including negotiations relating to FAR 52-227 clause that Moderna relies upon—and does not claim those documents were privileged and subject to a common interest exception.

[2] To be clear, because the Court found that the common interest exception is not applicable to these categories of documents, Moderna understands that production of these documents does not constitute a waiver (limited or otherwise) of any privilege.

[3] Moderna disagrees with Plaintiffs' (admittedly speculative) suggestion that there has been any "disagreement" between Moderna and the U.S. government as to the application of § 1498. D.I. 354 at 33–35. Moderna also disagrees with Plaintiffs' inaccurate characterization that there was any "shift" in liability with the filing of the Statement of Interest (D.I. 348 at 1)—that Statement merely confirmed what the parties agreed in the C-0100 contract years earlier. D.I. 49.

The Honorable Mitchell S. Goldberg
June 27, 2024
Page 3

                                                                              Respectfully,

                                                                              */s/ Brian P. Egan*

                                                                              Brian P. Egan (#6227)

BPE/bac

cc:      All Counsel of Record (via CM/ECF and electronic mail)