IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 22-252-MSG<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFFS' MOTION FOR A TWO-WEEK EXTENSION OF THE DEADLINE TO DEPOSE THIRD-PARTY GOVERNMENT WITNESSES**

Arbutus Biopharma Corporation and Genevant Sciences GmbH ("Plaintiffs") respectfully move for a short, two-week extension of the Court's October 25, 2024, deadline for deposing third-party government witnesses. *See* D.I. 401. Plaintiffs have completed the depositions, but are awaiting the production of an affidavit by the Government resolving a dispute about the adequacy of the Government's preparation of its deposition designees. *See* Ex. A.

1. Plaintiffs diligently sought discovery from the Government for over a year, initially serving subpoenas for documents and testimony in March 2023 on the Department of Health and Human Services ("HHS"), the Administration of Strategic Preparedness and Response ("ASPR"), and the Centers for Disease Control and Prevention ("CDC"), and the Department of Army ("Army"), as well as serving requests for authorization of testimony pursuant to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), between March 2023 and May 2023.

2. After more than a year of negotiations, on July 31, 2024, and August 2, 2024, ASPR and CDC, respectively, authorized Plaintiffs to take depositions of agency witnesses, leading Plaintiffs to seek the Court's permission to take those depositions after the close of fact

discovery.  *See* D.I. 400.  Plaintiffs deposed two government witnesses following the Court's August 23, 2024 Order (D.I. 401): Jeanne Santoli, of the CDC, on August 27, 2024, and Robert Johnson, of ASPR, on September 10, 2024.

3.  Following these depositions, Plaintiffs contacted counsel for the Government concerning the Government's failure to prepare its witnesses to address certain information about the distribution of Moderna's COVID-19 vaccine doses to federal agencies—information within the scope of authorized testimony and relevant to the defense Moderna has asserted under 28 U.S.C. § 1498.  Ex. A. at 6–7.

4.  In an effort to avoid motions practice, Plaintiffs proposed accepting an affidavit containing the missing information in lieu of additional testimony.[1]  *Id.*  After several weeks of discussions, Plaintiffs reached an agreement with the Government on October 24, 2024, with the Government explaining that it would not be able to produce the affidavit on October 25, 2024, but would endeavor to do so the following week.  *Id.* at 1–2.

5.  Good cause to amend a case schedule "exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension."  *TOT Power Control, S.L. v. Samsung Elecs. Co.*, 2024 WL 1759177, at *1 (D. Del. Apr. 23, 2024) (citation omitted).  Plaintiffs were diligent in their efforts to obtain the information from the Government, whose

---

[1] During the Parties' meet and confer, Moderna also objected to Plaintiffs' more recent request for business record certifications from the Government, Ex. A. at 1, which Plaintiffs requested in order to avoid the need for live authentication testimony.  *See* Fed. R. Evid. 803(6), 902(11).  The certifications are limited to documents produced during fact discovery.  Record custodian affidavits "may properly be considered by the court" even absent disclosure during discovery so long as the underlying documents were disclosed.  *Barron v. EverBank*, 2019 WL 1495305, at *4 n.1 (N.D. Ga. Feb. 7, 2019); s*ee also Lam v. City & Cnty. of San Francisco*, 565 F. App'x 641, 643 (9th Cir. 2014) (allowing declarations authenticating "documents already in the record" despite failure to disclose during discovery).  Indeed, Rule 902(11) requires only "reasonable written notice of the intent to offer the record"—which Plaintiffs will provide well in advance of trial.

timing in investigating Plaintiffs' request and producing the information is outside of Plaintiffs' control.

6. Plaintiffs' repeated efforts to reach a negotiated resolution with the Government demonstrated diligence. Plaintiffs wrote to the Government on October 2, 2024, Ex. A at 6—about a week after receiving the final transcript of the Johnson deposition, *see* Ex. B., and still several weeks prior to the Court's October 25, 2024 deadline. The Government responded that it was investigating Plaintiffs' request. Ex. A. at 6.

7. The Government's investigation ultimately took almost three weeks, until October 21, 2024. *Id.* at 3. Plaintiffs had no control over the length of the Government's investigation, but repeatedly wrote to the Government in an effort to expedite the production. Indeed, at no point did more than 5 days elapse between Plaintiffs' exchanges of emails with the Government.

8. Plaintiffs' ultimately reached an agreement with the Government on October 24, 2024, but learned that day that the Government would not be able to produce the affidavit by October 25. *Id.* at 1–2. Plaintiffs immediately wrote to Moderna seeking a stipulation to extend the deadline by two weeks.

9. The parties met and conferred on October 25, 2024, but Moderna refused to agree to the extension, citing previous extensions for other third-party discovery and offering to stipulate only if Plaintiffs agreed to forego any future extension requests. Plaintiffs cannot agree to prospectively limit their right to seek adjustments to the schedule in response to unknown, future events outside of Plaintiffs' control. Moderna effectively seeks a ruling on future requests that may never be filed and for which the facts are not known. The Court will be able to rule on any hypothetical future requests based on the relevant facts and arguments at that time.

10. During the meet and confer, Moderna articulated no prejudice it would suffer from the requested extension during the meet and confer and indeed, it would suffer no prejudice from a short extension—the requested information is not voluminous and will be received more than two weeks before opening expert reports and over three months before rebuttal expert reports. The requested information also concerns the distribution of Moderna's own COVID-19 vaccine, about which it has much greater knowledge than Plaintiffs.

THEREFORE, Plaintiffs respectfully request that the Court extend the October 25, 2024 deadline for deposing third-party government witnesses, D.I. 401, to November 8, 2024.

|  |  |
|---|---|
| OF COUNSEL:<br>David I. Berl<br>Adam D. Harber<br>Thomas S. Fletcher<br>Shaun P. Mahaffy<br>Jihad J. Komis<br>Anthony H. Sheh<br>Andrew L. Hoffman<br>Matthew W. Lachman<br>Ricardo Leyva<br>Falicia Elenberg<br>Kathryn Larkin<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue S.W.<br>Washington, DC 20024<br>(202) 434-5000<br>*Attorneys for Plaintiff Genevant Sciences GmbH* | /s/ Nathan R. Hoeschen<br>John W. Shaw (No. 3362)<br>Nathan R. Hoeschen (No. 6232)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Plaintiffs* |

Daralyn J. Durie
Adam R. Brausa
Eric C. Wiener
Annie A. Lee
Shaelyn K. Dawson
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
(415) 268-6080

Kira A. Davis
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA  90017-3543
(213) 892-5200

David N. Tan
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC 20037
(202) 887-1500
*Attorneys for Plaintiff Arbutus Biopharma Corporation*

Dated: October 25, 2024