

Nathan R. Hoeschen
1105 N. Market Street, 12th floor
Wilmington, DE 19801
(302) 298-0700
(302) 298-0701 – Direct
nhoeschen@shawkeller.com

March 7, 2025

**BY CM/ECF AND FEDEX**
The Honorable Mitchell S. Goldberg
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, Room 17614
601 Market Street, Philadelphia, PA 19106-1797

Re**:** *Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al.* C.A. No. 22-252-MSG

Dear Judge Goldberg:

The parties write jointly regarding the trial date in this matter in light of the District of Delaware Bench and Bar Conference.

Trial is currently set to begin on September 24, 2025 (D.I. 396). On January 13, 2025, the District of Delaware announced that the Bench and Bar Conference would be held on September 25 and 26. In connection with that announcement, Chief Judge Connolly issued an "Order Canceling Court Proceedings and Extending Filing Deadlines."[1]

The parties wish to minimize disruptions to the trial schedule, and set forth their respective positions below.

**Plaintiffs' Position**

The trial should proceed on the currently scheduled date.[2] Chief Judge Connolly's Order ultimately leaves to the Court's discretion whether to reschedule proceedings that conflict with the Bench and Bar Conference. There is ample reason not to disturb the trial date here.

This is a significant case that has now been pending for 3 years. The trial has already been delayed once, and in connection with that delay, the parties agreed that the shift was made to "avoid disruptions to . . . the trial schedule, as well as the potential need for further extensions" (D.I. 396). The parties, their lawyers, and the witnesses have all arranged their schedules around the current trial date, and have reserved hotel and work room space accordingly. Indeed, Moderna's own witness conflict noted below is precisely why the best course is to maintain the current trial.

If the Court is unable to keep the current trial date, Plaintiffs request that the trial take place either before, or as close as possible to, September 24. If it is necessary to proceed on

---

[1] https://www.ded.uscourts.gov/news/order-canceling-court-proceedings-and-extending-filing-deadlines-2025-bench-and-bar-conference.
[2] Currently, the trial is set to begin on the second day of Rosh Hashanah. Plaintiffs would not oppose starting the next day, September 25, 2025, to account for that.

**SHAW KELLER LLP**
Page 2

September 29, Plaintiffs will aim to complete the trial in 9 days to account for the Yom Kippur holiday on October 2.  Moderna has indicated that one of its invalidity expert witnesses has a conflict if the trial is moved to September 29, and has asked for an accommodation.  Plaintiffs do not oppose Moderna calling that expert by video during Moderna's case-in-chief, should the Court permit remote testimony.[3]  But Plaintiffs do not agree that Moderna can ask the Court to reschedule the trial and then use a conflict of its own making to call its expert live in the middle of Plaintiffs' case-in-chief.

In addition, while Moderna proposes below that the trial can be completed in 7 days, that is completely impractical.  Expert discovery is not even complete, and Moderna has already submitted reports from 7 different expert witnesses.  This is in addition to the 15 fact witnesses identified in Moderna's Rule 26(a)(1) disclosures.  If Moderna does not believe it needs more than three days present its case (including cross-examining Plaintiffs' witnesses), it can limit itself accordingly.  But Plaintiffs respectfully maintain that 10 trial days will be needed to present this case to the jury.

In light of the significant logistical considerations for a trial of this size, as well as the need to coordinate the schedules of witnesses and counsel, Plaintiffs would appreciate guidance from the Court as early as practicable.

**Defendant's Position**

Moderna disagrees that conducting trial during the Bench and Bar Conference is appropriate in light of Judge Connolly's Order Canceling Court Proceedings and Extending Filing Deadlines, which provided "that all members of the court … will, to the greatest extent possible, cancel and refrain from scheduling court proceedings and filing deadlines on the two days of the Conference." Members of the Moderna team anticipate participating in the Bench and Bar Conference, and there is no prejudice in a modest adjustment to the trial schedule.

Regarding Plaintiffs' request to move the trial date *before* September 24, 2025, Moderna objects based on Moderna's counsel availability and to avoid reducing the amount of time the Court has to decide dispositive motions. While Plaintiffs note that the trial has been previously delayed, that is a problem of their own making: Plaintiffs requested the five-month extension to the schedule in part to seek "raw data" discovery from third-parties and to "digest" and "incorporate it into [] expert reports." D.I. 404 at 4–5. However, Plaintiffs and their experts chose not to rely on any of the raw data produced by those third-parties in their infringement reports. Additionally, Plaintiffs are not seeking an injunction, and a further modest extension to accommodate counsel and witness availability is not overly prejudicial.

Moderna tried to reach agreement with Plaintiffs to jointly propose trial starting on September 29, 2025, but Plaintiffs would not agree to a reasonable accommodation for one of

---

[3] The expert at issue, Dr. Anderson, principally addresses a futile invalidity theory previously rejected by both the PTAB and Federal Circuit.  It is highly unlikely that Dr. Anderson ultimately will testify at trial, including because Moderna is estopped from advancing most of the arguments in his report.  There is thus even less basis to tailor the trial schedule to accommodate his travel.

SHAW KELLER LLP
Page 3

Moderna's expert witnesses[4] to appear in the first week of trial, who is attending an international conference the following week. Plaintiffs' proposal that one of Moderna's main invalidity experts could testify remotely from overseas unfairly prejudices Moderna. Regarding the length of trial, Plaintiffs would also not agree to limit the length of trial to 9 days to accommodate a conflicting trial date in October. Moderna respectfully submits that 7 days is adequate and will motivate the parties to meaningfully streamline the case for trial. Indeed, counsel for the parties regularly try jury cases in Delaware, where 5-day jury trials for patent-infringement cases is standard practice.  If the Court is inclined to reschedule the trial to September 29, 2025, Moderna respectfully requests (1) Moderna's expert witness be permitted to testify in person in the week of September 29 to October 2, 2025, (2) the length be limited to 7 days or a maximum of 9 days.

To the extent that September 29 is also not possible, Moderna respectfully seeks guidance as to later potential trial dates, so that the parties can confirm counsel and witness availability.

\*   \*   \*

Counsel are available should the Court have any questions or concerns.

Respectfully submitted,

*/s/ Nathan R. Hoeschen*

Nathan R. Hoeschen (No. 6232)

cc:   Clerk of the Court (by CM/ECF)
      All Counsel of Record (by CM/ECF and Email)

---

[4] While Moderna does not wish to litigate the merits of its invalidity theories in a letter regarding the scheduling of trial, Moderna disagrees that its expert is "estopped from advancing most of the arguments in his report" and will not testify at trial. For example, he opines on invalidity grounds for the Ratio Patents that have not (and could not) been presented before the Federal Circuit or the PTAB, including obviousness-type double patenting, as well as the invalidity of the '651 Patent from a separate patent family that has never been considered by those forums.