# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

———

(302) 658-9200
(302) 658-3989 FAX

**Travis Murray**
302 351 9176
tmurray@morrisnichols.com

March 21, 2025

The Honorable Mitchell S. Goldberg          *VIA ELECTRONIC FILING*
United States District Court
  for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106-1797

    Re:    *Arbutus Biopharma Corporation et al. v. Moderna, Inc. et al.,*
            C.A. No. 22-252 (MSG)

Dear Judge Goldberg:

    Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna") respectfully request that the Court reschedule the April 24, 2025 hearing concerning the parties' anticipated summary judgment and *Daubert* motions, along with the associated letter submissions, to early May 2025, subject to the Court's availability, so that the parties can complete expert discovery in advance of these proceedings.  Completion of expert discovery would allow the parties to better identify and narrow any anticipated summary judgment and *Daubert* motions before raising them with Your Honor.

**Background**

    Fact discovery has been extended numerous times to accommodate Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH (collectively, "Plaintiffs'") serial requests for extensions to complete third-party fact discovery.  In almost every instance, Moderna agreed not to oppose the requests despite having concerns that Plaintiffs were not diligent in pursuing such discovery.  *See, e.g.*, D.I. 385, 389, 400, 402, 408, 412, and 414.  The parties are now preparing to serve the reply round of expert reports on March 21, 2025.  No less than seven experts for each side have submitted reports so far and, recognizing the logistical challenges for the experts and for counsel to depose a total of fifteen expert witnesses, certain expert depositions have been scheduled to take place after the currently scheduled close of expert discovery, set for April 25, 2025.  D.I. 396; *see also* Feb. 27, 2025 email from M. McLennan (Ex. A).  As part of the parties' negotiations regarding expert deposition dates, Moderna requested that the parties jointly request to move the in-person conference concerning summary judgment and *Daubert* motions from April 24, 2025 to May 2025. Although the parties ultimately agreed on a deposition schedule for all fifteen experts, which will take place between March 27 and April 30, 2025, the parties could not

The Honorable Mitchell S. Goldberg
March 21, 2025
Page 2

agree on a proposal to extend the April 24 hearing and associated letter briefing. Mar. 10, 2025 email from M. Lachman (Ex. A). As it stands, the letter advising this Court of anticipated summary judgment and *Daubert* motions would be due on April 17, 2025, and the hearing would be on April 24, 2025—in the midst of expert depositions. *See* D.I. 396, 397. This schedule thus requires identification of issues that may or may not be resolved through depositions taking place after these deadlines, which counsels in favor of extending these deadlines to allow for the completion of depositions in the first instance, followed by the identification of summary judgment and *Daubert* issues based on a complete record of expert discovery.

**Good Cause Exists to Continue the April 24, 2025 Hearing, and a Continuance Would Promote Efficiency and Would Not Prejudice Plaintiffs**

Federal courts have broad discretion in managing discovery. *Dow Chem. Canada Inc. v. HRD Corp.*, 287 F.R.D. 268, 270 (D. Del. 2012). A schedule may be modified for good cause and with the judge's consent. Fed R. Civ. P. 16(b)(4). "The good cause standard hinges on the diligence of the moving party; in order to show good cause, a movant must first meet the threshold requirement that it demonstrate that, despite diligence, the proposed new filing could not have reasonably been made in a timely manner." *Vaxel Int'l Co., Ltd v. HealthCo LLC*, C.A. No. 20-224-GBW, D.I. 226 (D. Del. June 28, 2022) (Ex. B). "The good cause standard under Rule 16(b) hinges on diligence of the movant and not on prejudice to the non-moving party." *Venetec Int'l v. Nexus Med.*, 541 F. Supp. 2d 612, 618 (D. Del. 2010).

Good cause exists here to extend the April 17, 2025 deadline to submit a letter regarding the parties' anticipated summary judgment and *Daubert* motions and the April 24, 2025 hearing date because the parties, and the Court, could conserve resources by narrowing any disputes—and presenting any to the Court that remain—after the parties have had a full opportunity to complete expert discovery. Only after the completion of expert discovery will the parties be best positioned to identify what, if any, summary judgment and *Daubert* motions they intend to file and whether there is an opportunity to reach resolution on any issues before raising them with the Court. Presenting such motions before the completion of expert discovery would be premature and may unnecessarily burden the Court with issues that may be resolved after the currently scheduled April 24 hearing.

The Court's August 15, 2024 Order, also requests that the parties identify "[t]he number of claims and prior art references that will be litigated at trial." D.I. 397. It would be premature to present the narrowed set of asserted claims and prior art references while expert depositions are ongoing. Moderna fully expects to narrow the prior art references it intends to rely on for its invalidity case at trial, but such narrowing should not be required until the completion of expert depositions.

Moderna was diligent in raising this request with Plaintiffs as early as February 27, 2025. *See* Mar. 21, 2025 email from T. Kurschner (Ex. A) (nothing that "Even though the schedule only required the parties to disclose deposition dates next Monday, March 24, Moderna was proactive in reaching out nearly a month before this deadline to begin deposition scheduling and avoid delays in the schedule. Moderna also identified the need to reschedule the letter and hearing dates for

The Honorable Mitchell S. Goldberg
March 21, 2025
Page 3

proposed Daubert and SJ grounds at that time."). It is unfortunate the parties could not agree to this modest extension request given the accommodations Moderna has made for plaintiffs' belated third-party discovery demands. In the meet and confer and in written correspondence, Plaintiffs have identified no prejudice to this request other than it would "reduce the time Plaintiffs have to adjust to the Court's rulings before the deadline to submit summary judgment and Daubert motions." Mar. 20, 2025 email from M. Lachman (Ex. A). But any adjustment will impact the parties equally, and this impact will be minimal as the parties will have to account for the entire expert discovery record in preparing its motions regardless, which will not be completed until the end of April. Moreover, given the pending request to adjust the start of trial, there may also be an opportunity to make small adjustments to the summary judgment and *Daubert* briefing schedules to address any purported prejudice raised by plaintiffs.

**Conclusion**

For good cause shown, Moderna respectfully requests that the Court grant Moderna's request to amend the deadline for the parties to submit 4-page letters addressing summary judgment motions, *Daubert* motions, and claim and prior art narrowing until at least May 2, 2025, and to reschedule the April 24, 2025 hearing to May 7, 2025, subject to the Court's availability. Moderna also respectfully requests that expert discovery be extended until April 30, 2025 to accommodate the parties' agreed-to deposition schedule. A proposed order is submitted herewith.

Respectfully,

*/s/ Travis J. Murray*

Travis J. Murray (#6882)

TJM/rah
Enclosures
    cc: All Counsel of Record (via electronic mail)

## **RULE 7.1.1 CERTIFICATE**

Pursuant to D. Del. LR 7.1.1, counsel for Defendants hereby certify that the parties have met and conferred regarding the foregoing, and the parties have not been able to reach agreement on the issues raised in Defendants' letter.

/s/ *Travis J. Murray*

Travis J. Murray (#6882)