# EXHIBIT B

## U.S. District Court
## District of Delaware (Wilmington)
## CIVIL DOCKET FOR CASE #: 1:20-cv-00224-GBW

| | |
|---|---|
| Vaxcel International Co., Ltd. v. HeathCo LLC | Date Filed: 02/14/2020 |
| Assigned to: Judge Gregory B. Williams | Date Terminated: 12/01/2022 |
| Cause: 35:1 Patent Infringement | Jury Demand: Defendant |
| | Nature of Suit: 830 Patent |
| | Jurisdiction: Federal Question |

| | | |
|---|---|---|
| 06/28/2022 | 226 | ORAL ORDER: The Court, having reviewed the remaining unresolved portion of Plaintiff's discovery dispute motion ("motion"), (D.I. 192), in which Plaintiff requests that the Court extend the deadline for final infringement contentions to February 9, 2022, (D.I. 184 at 1), and the parties' letter briefs relating thereto, (D.I. 184; D.I. 193), and having heard argument on May 16, 2022, (D.I. 208), hereby ORDERS as follows with respect to the motion: There was a deadline in the applicable Scheduling Order for Plaintiff to file its final infringement contentions, and both sides agree that: (1) this deadline was January 6, 2022; and (2) Plaintiff did not, in fact, file its final infringement contentions by that deadline (instead, it filed those contentions a little over a month later, on February 9, 2022). (D.I. 184 at 1-2; D.I. 193 at 2-3) As a result, Plaintiff's motion here seeks an alteration to a Scheduling Order deadline. Therefore, the motion implicates the good cause standard under Fed. R. Civ. P. 16(b)(4). Lipocine Inc. v. Clarus Therapeutics, Inc., C.A. No. 19-622 (WCB), 2020 WL 4794576, at *3 (D. Del. Aug. 18, 2020). The good cause standard hinges on the diligence of the moving party; in order to show good cause, a movant must first meet the threshold requirement that it demonstrate that, despite diligence, the proposed new filing could not have reasonably been made in a timely manner. Id. Here, it is clear that Plaintiff has not demonstrated diligence. Plaintiff simply made a strategic choice not to meet the January 6, 2022 deadline for filing final infringement contentions; Plaintiff says that it did so "because [in its view] the fate of the asserted claims remained uncertain" as of that January 6 deadline. (Plaintiff argues that this uncertainty was not cleared up until February 3, 2022, when the District Court ruled on several post-Markman-hearing-related motions.). (D.I. 184 at 3) Indeed, Plaintiff's counsel acknowledged that Plaintiff could have filed final infringement contentions by January 6, 2022 and could thereafter have sought to modify such contentions in light of the District Court's February 3, 2022 ruling (if it turned out there was a need to do so); counsel candidly admitted that Plaintiff's failure to meet the January 6 deadline was a |

| | | |
|---|---|---|
| | | strategic "mistake." (D.I. 208 at 24, 32) (By the way, Plaintiff's counsel was right to make this admission, no matter its impact on the outcome of this motion -- since the truth of the admission was patently clear from the record, and because counsel's failure to do so would only have harmed Plaintiff's credibility in the case more broadly.). However, "[a] strategic mistake does not equate to a showing of good cause under Rule 16." iCeutica Pty Ltd v. Novitium Pharma LLC, Civil Action No. 18-599-CFC, 2019 WL 4604029, at *2 (D. Del. Sept. 23, 2019) (internal quotation marks and citation omitted). And because the good cause standard is applicable here, Plaintiff cannot turn to the Pennypack factors to try to save its belatedly-filed contentions. See Lipocine Inc., 2020 WL 4794576, at * 9 n.4 (noting that because an issue of untimeliness before the court related to a motion to file an amended answer after a related scheduling order deadline had passed, the Pennypack factors did not apply and the good cause standard controlled instead); Finjan, Inc. v. Rapid7, Inc., C.A. No. 18-1519-MN, 2020 WL 5798545, at *5-6 (D. Del. Sept. 29, 2020) (recognizing that if a motion is one that relates to a scheduling order violation, then the good cause standard would apply, and resort to the Pennypack factors would not be proper); see also Faiella v. Sunbelt Rentals, Inc., --- F. Supp. 3d ---, 2022 WL 827146, at *3 (D.N.J. Mar. 18, 2022) (same); Otsuka Pharm. Co. v. Aurobindo Pharma Ltd., Civil Action No. 14-3306 (JBS/KMW), 2017 WL 11463663, at *4 (D.N.J. Sept. 15, 2017) (same). This result might seem harsh in light of the facts here, since Plaintiff submitted the belated contentions at issue only about a month after the filing deadline called for by the Scheduling Order. But more broadly, the United States Court of Appeals for the Third Circuit has explained why it makes sense that the good cause standard (and its threshold requirement of a showing of diligence) should control, even in such circumstances: if courts allowed scheduling orders to be "disregarded without a specific showing of good cause, their utility would be severely impaired." Compagnie des Grands Hotels dAfrique S.A. v. Starwood Cap. Grp. Global I LLC, Civil Action No. 18-654-RGA, 2019 WL 4740083, at *1 (D. Del. Sept. 27, 2019) (quoting Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986)); see also Faiella, 2022 WL 827146, at *3 ("[I]f a court only considers the Pennypack factors when a party obtains discovery in contravention of a scheduling order [instead of utilizing the good cause standard], a party may strategically not seek an extension of time in order to evade the scheduling order and evade the good cause standard"). Because Plaintiff has failed to show good cause, its motion is DENIED. Ordered by Judge Christopher J. Burke on 6/28/2022. (dlb) (Entered: 06/28/2022) |