

Nathan R. Hoeschen
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0709 – Direct
nhoeschen@shawkeller.com

March 24, 2025

**BY CM/ECF & FEDEX**
The Honorable Mitchell S. Goldberg
U.S. District Court for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse, Room 17614
601 Market Street
 Philadelphia, PA 19106-1797

Re:     *Arbutus Biopharma Corporation, et. al. v. Moderna, Inc., et. al.* C.A. No. 22-252-MSG

Dear Judge Goldberg:

Plaintiffs seek to maintain the current schedule to the greatest degree possible in order to prevent any delay to the September trial date.  Indeed, in stipulating to the prior schedule changes described in Moderna's motion, the parties expressly agreed that those changes "***would avoid disruptions to the expert discovery schedule and the trial schedule, as well as the potential need for further extensions***."  D.I. 396 (emphasis added).  Consequently, we do not oppose Moderna's request to reschedule the April 24, 2025 hearing and associated letter to early May, *see* D.I. 440, but only if such extension does not lead to a delay of the May 30 deadline for opening summary judgment and *Daubert* briefs or to the remainder of the schedule.

Moderna's motion preempted ongoing discussions between the parties—unfortunately and unnecessarily burdening the Court with this issue.  It is true that Plaintiffs do not believe that moving the hearing date is necessary and opposed Moderna's first proposal, which was to move the hearing to mid-May, leaving only a little more than two weeks before summary judgment motions are due.  However, Plaintiffs still hoped to resolve the issue with Moderna and, just a day before Moderna's motion, had made a counter-proposal to move only the letter due date.  *See* Mar. 20, 2025 M. Lachman Email, Ex. 1 at 2.  Moderna then countered with the May 7 and May 2, 2025 hearing and letter dates described in its motion.  *Id.* at 1.

Plaintiffs responded shortly thereafter that we would "confer with our client and get back to you"—an email continuing the email chain Moderna submitted as Exhibit A to its motion, but omitted from that exhibit.  *Compare* Ex. 1 *with* D.I. 440-1.  Moderna filed its motion less than 24 hours later, before Plaintiffs had the opportunity to confer and respond.  *See* D.I. 440.

Our main concern with Moderna's proposal is the risk that it leads to further delays, to summary judgment or *Daubert* motions or to the trial.  Moderna's statements have heightened our concern, as according to published reports, Moderna's management told market analysts last month that the trial could be "delay[ed] as materially as 2026/2027":

SHAW KELLER LLP                                                                                          Page 2

> However, any positive outcome is likely to be eclipsed by the upcoming Roivant litigation regarding Moderna's LNP technology, with the summary judgement expected in late spring (to determine whether the US govt. could assume partial liability) and the jury trial expected in September. That said, we'd flag that during our callback mgmt. not only reiterated its confidence in its IP, but also, the potential for the September hearing to be delayed as materially as 2026/2027.

Feb. 14, 2025 Wolfe Research Report on Moderna, Inc., Ex. 2.

These statements were made not long before the parties' joint letter concerning the trial date, in which Moderna alone requested a delay. See D.I. 439. Given these statements by Moderna's management and Moderna's two separate submissions to this Court seeking delays that soon followed, see D.I. 439; 440, Plaintiffs are concerned that the schedule change sought in its motion may be used by Moderna as a basis to seek to adjourn the trial. By contrast, consistent with our statement in the joint letter, it is Plaintiffs' strong desire to maintain the current schedule and trial date, minimizing any changes to the schedule to those the Court feels are necessary. Thus, while Plaintiffs do not object to moving the upcoming hearing and associated letter submission dates to May 7 and May 2, 2025, we respectfully request that no changes be made to the May 30 summary judgment and *Daubert* deadlines or to the remainder of the schedule.

                                                                 Respectfully submitted,

                                                                 *Nathan R. Hoeschen*

                                                                 Nathan R. Hoeschen (No. 6232)

cc:      Clerk of the Court (via CM/ECF)
          All Counsel of Record (via CM/ECF & Email)