IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **ARBUTUS BIOPHARMA CORPORATION** and **GENEVANT SCIENCES GMBH,** | : : : : | **CIVIL ACTION** |
| Plaintiffs, | : : | |
| v. | : : | |
| **MODERNA, INC.** and **MODERNATX, INC.,** | : : : | NO. 22-252 |
| Defendants. | : : | |

**ORDER**

**AND NOW**, this 29th day of May 2025, after a telephone conference wherein Plaintiffs asked me to reconsider my May 16, 2025 Narrowing Order, I note the following:

1. On May 2, 2025, the Parties submitted letters regarding the scheduling of summary judgment, <u>Daubert</u>, and the narrowing of issues to be litigated during trial. Both Parties proposed narrowing the number of asserted patent claims and invalidity defenses but had differing views on the extent of that narrowing.

2. On May 7, 2025, a status conference was held, during which the Parties suggested that the narrowing of claims should occur before a schedule for summary judgment and <u>Daubert</u> motions was set. Thereafter, I ordered the Parties to meet and confer and submit proposals to narrow the number of asserted claims and invalidity defenses.

3. On May 13, 2025, the Parties submitted their proposals, and for the first time Defendants suggested that the number of asserted patents be narrowed. Plaintiffs opposed this suggestion.

4. On May 16, 2025, I issued a Narrowing Order, which required Plaintiffs to narrow the number of asserted patents to no more than three (3) by May 18, 2025, and no more than two (2) patents prior to trial.

5. On May 16, 2025, Plaintiffs filed a letter requesting that I reconsider my order regarding the narrowing of the number of asserted patents. Plaintiffs requested permission to assert up to five (5) patents through summary judgment, and at least four (4) patents at trial. Plaintiffs argued that narrowing the number of patents was prejudicial as: (1) Defendants' alleged infringement spanned a period before the '378 patent issued and after the '651 expired; (2) several of the Lipid Composition Patents were differently situated with respect to IPR estoppel; and (3) Plaintiffs intended to advance different theories which could potentially lead to different infringement and damages outcomes for each of the Lipid Composition Patents. Additionally, Plaintiffs assured me that the evidence presented at trial would be largely the same regardless of the number of patents asserted.

6. On May 19, 2025, Defendants filed a letter opposing Plaintiffs' request for reconsideration, arguing that Plaintiffs failed to meet their burden for reconsideration.

7. On May 19, 2025, another on-the-record teleconference was held. There, Plaintiffs reiterated that reconsideration was appropriate because: (1) their "broadest patent," the '378 patent, was issued during Defendants' allegedly infringing sales and therefore did not cover the entire infringement period; (2) the asserted patents at issue are not similarly situated in terms of IPR estoppel, and (3) the infringement issues to be presented to the jury would be the same regardless of the number of asserted patents.

8. Upon consideration of the Parties' arguments and balancing the interest of judicial efficiency with Plaintiffs' interest in asserting their property rights, and noting that while the timing of narrowing is worth considering, an inordinate amount of time on this issue has been expended, I find it appropriate to limit Plaintiffs to no more than four (4) patents prior to the filing of summary judgment and <u>Daubert</u> motions. Further narrowing will be discussed following resolution of summary judgment and <u>Daubert</u> motions.

9. Requiring Plaintiffs to narrow to four patents will allow them to preserve: (1) the '651 patent, which is the only asserted patent in its family; (2) the '378 patent, which Plaintiffs claim is the broadest asserted patent but does not cover the entire period of alleged infringement; (3) the '435 patent, which Plaintiffs claim may be subject to IPR estoppel following summary judgment, and (4) any other member of the Lipid Formulation Family which spans the entire alleged infringement period, and will not be affected by summary judgment on the issue of IPR estoppel. While Plaintiffs are not required to select these specific patents, I believe limiting Plaintiffs to four (4) asserted patents adequately addresses the concerns raised in Plaintiffs' letter brief and subsequent telephone conference while also narrowing the issues to be addressed through summary judgment and Daubert motions. The issue of patent narrowing will be revisited after summary judgment.

**WHEREFORE**, it is hereby **ORDERED** that the scheduling order is amended such that:

1. On or before **June 3, 2025**, Plaintiffs will narrow the number of asserted patents to no more than four (4). Plaintiffs shall also narrow the number of asserted claims to no more than fifteen (15);

2. On or before **June 9, 2025**, Defendants shall narrow the number of asserted invalidity grounds under 35 U.S.C. §§ 102–103 to no more than eight (8) per asserted claim, and the number of asserted invalidity grounds under 35 U.S.C. § 112, to no more than six (6) per asserted claim;

3. An conference will be held on **June 12, 2025, at 2:00 PM**, in Courtroom 17A, U.S. Courthouse, 601 Market Street, Philadelphia, Pa. During that conference, the Parties will discuss proposed summary judgment and Daubert motions;

4. Paragraph 5 of my May 16 Order (D.I. 468) is **STAYED**. A conference to discuss further narrowing will be scheduled pending the resolution of summary judgment and Daubert motions.

BY THE COURT:

 */s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG,  J.**