IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ARBUTUS BIOPHARMA CORPORATION** <br> **and GENEVANT SCIENCES GMBH,** <br><br> Plaintiffs, <br><br> v. <br><br> **MODERNA, INC. and MODERNATX, INC.,** <br><br> Defendants. | CIVIL ACTION <br><br><br> NO. 22-252 |

## ORDER

**AND NOW**, this 25th day of June, after several discovery and scheduling conferences, it is hereby **ORDERED** that:

1. On or before July 11, 2025, Plaintiffs shall produce:

    a. All images of samples of Moderna's COVID-19 vaccine upon receipt by Coriolis;

    b. All documents relating to, including any methods and results of, sample testing of which Dr. Schuster or Coriolis is aware, which relates to this litigation, including the method development, proof of concept, and feasibility testing conducted by Coriolis;

    c. All images of samples pre- and post-centrifugation;

    d. All "dockets' in which the work underlying the testing set forth in Dr. Shuster's report was recorded by Coriolis personnel; and

    e. The two PowerPoints discussed during Dr. Schuster's deposition, with redactions for purported privilege as long as their redactions are not made to test results, test data, or descriptions of test methods/parameters, with a privilege log to follow in 24 hours.

2. Plaintiffs shall make Dr. Schuster available for an additional two-hour deposition regarding the above-mentioned discovery.

3. Plaintiffs may file a sur-reply report responding only to information learned as a result of the above-mentioned discovery.

4. The parties shall not file cross motions on the issues of indefiniteness and § 1498 liability. If they wish to raise these issues, they shall follow a four-brief schedule whereby the party with the burden of proof files the opening brief. If the opening brief is not filed, the party without the burden of proof may file its motion during the response deadline.

5. Any party that files for summary judgment must also submit a separate statement of undisputed material facts in a numbered, paragraph-by-paragraph recitation that contains specific citations to exhibits or testimony supporting each factual assertion. Any response or opposition to a summary judgment motion must be accompanied by a responsive statement of facts. The responsive statement of facts must include (a) the responding party's response to each factual assertion, which shall be directly under the original paragraph and must include citation to any evidence that the responding party contends creates a material factual dispute and/or any argument for why the evidence that the moving party has cited does not support the factual assertion or is not admissible; and (b) any additional facts that the responding party intends to submit as part of the summary judgment briefing. The moving party may, but need not, submit with its reply brief a response to the respondent's responsive statement of facts. The moving party's response must provide the response directly under the relevant paragraph. The result of this process will be a single, consolidated statement of facts that permits the Court to see each party's position on each factual assertion in one place.

6. In the event that any party contends that the Court should not consider expert evidence in resolving a summary judgment motion because the evidence is not admissible under Federal Rule of Evidence 702, the party making such an argument must file a separate,

contemporaneous motion to exclude the evidence, rather than including the argument in its summary judgment briefs.

7. The following deadlines[1] are set:

| | |
|---|---|
| Opening motions for summary judgment (35 pages) | July 25, 2025 |
| Oppositions/responses to summary judgment (35 pages) | August 22, 2025 |
| Replies regarding summary judgment (if necessary) (20 pages) | September 5, 2025 |
| Sur-replies on the issues of indefiniteness and § 1498 liability (if necessary) (10 pages) | September 19, 2025 |
| Daubert motions | November 7, 2025 |
| Oppositions to Daubert motions | November 21, 2025 |
| Replies in support of Daubert motions (if necessary) | December 5, 2025 |
| Proposed pretrial orders, jury instructions, voir dire, special verdict forms, and motions *in limine* | January 23, 2026 |
| Pretrial Conference | March 2, 2026 |
| Trial[2] | March 9, 2026 |

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG,  J.**

---

[1] The Parties shall combine all summary judgment briefings into a single brief per party for each respective deadline, for a total of two opening briefs, two opposition briefs, and, if necessary, two reply briefs and two sur-reply briefs.
[2] I have considered both parties numerous arguments regarding the trial date and have concluded that a three-month difference between dates (December 1, 2025 vs. March 9, 2025) is inconsequential.