# EXHIBIT 3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH<br><br>*Plaintiffs*,<br><br>v.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>*Defendants*.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>*Counterclaim-Plaintiffs,*<br><br>v.<br><br>ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH<br><br>*Counterclaim-Defendants* | C.A. No. 22-252-MSG<br><br>**JURY TRIAL DEMANDED**<br><br>**CONTAINS INFORMATION DESIGNATED CONFIDENTIAL BY THE PARTIES** |

### MODERNA'S FINAL INVALIDITY CONTENTIONS

Pursuant to Paragraph 6(c) of the Court's March 21, 2023 Scheduling Order (D.I. 72) as amended (D.I. 233), Defendants and Counterclaim-Plaintiffs Moderna, Inc. and ModernaTX, Inc. (collectively "Moderna" or "Defendants") hereby provide the following Initial Invalidity Contentions ("Contentions") with respect to the asserted claims of U.S. Patent Nos. 8,058,069 (the "'069 Patent"), 8,492,359 (the "'359 Patent"), 8,822,668 (the "'668 Patent"), 9,364,435 (the "'435 Patent"), 9,504,651 (the "'651 Patent"), and 11,141,378 (the "'378 Patent") (collectively, the "Patents in Suit"), asserted by Plaintiffs and Counterclaim-Defendants Arbutus Biopharma

CONFIDENTIAL INFORMATION

public." *Endo Pharms. Inc. v. Actavis LLC*, 922 F.3d 1365, 1374 (Fed. Cir. 2019) (internal citations omitted).

Moderna intends to obtain discovery on the alleged invention of the Patents in Suit. If discovery reveals that the named inventors did not invent the subject matter of the Patents in Suit, each of the claims are invalid under § 102(f) and (g). In such a case, Plaintiffs would no longer have standing to assert the Patents in Suit since the true inventors are not listed on the Patents in Suit and did not assign their invention to Plaintiffs.

**Supplemental Contentions Regarding Derivation of the '651 Patent (Jun. 28, 2024)**

35 U.S.C. 102(f) prohibits the grant of a patent to one who "did not himself invent the subject matter sought to be patented." Discovery has revealed that the named inventors of the '651 Patent did not invent the claimed subject matter of the '651 Patent. The named inventors instead derived the claimed subject matter from others, namely Moderna. Therefore, each of the asserted claims of the '651 Patent are invalid under § 102(f).[8]

**Prior conception of the alleged invention by another**: As discussed below (§ I.C.2.a), at best, Plaintiffs are not entitled to a priority date for the '651 Patent any earlier than June 14, 2014, when Protiva filed the application for the '651 Patent. Therefore, others conceived of using the claimed invention of the '651 Patent, including lipid formulations encapsulating mRNA, prior to Plaintiffs, including Moderna, and communicated that to Plaintiffs, who later filed the application that issued as the '651 Patent.

---

[8]   To the extent it is found that Plaintiffs are not entitled to an effective filing date on or after March 16, 2013 and the AIA provisions of 35 U.S.C. apply, the '651 Patent is similarly invalid under § 101 because patents can only be granted to "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter . . . " 35 U.S.C. § 101. *See Bd. of Trustees of Univ. of Illinois v. Micron Tech., Inc.*, 245 F. Supp. 3d 1036, 1042 n.1 (C.D. Ill. 2017). The '651 Patent would similarly be invalid for failure to list all proper inventors, which does not comply with 35 U.S.C. §§ 101, 115.

**CONFIDENTIAL INFORMATION**

discover" the prior art raised as grounds for invalidity. *Ironburg*, 64 F.4th at 1299. To the extent Moderna identifies prior art that a skilled searcher could not have found earlier, Moderna will supplement these contentions to rely on such art, which is exempt from estoppel.

If the Court construes a term that was not construed in the IPRs, or construes one differently than the PTAB, Moderna reserves the right to rely on that construction as a basis that estoppel should not apply to affected claims.

The Federal Circuit has recently observed that it "has not decided . . . whether § 315(e) would have estoppel effect even where the IPR petitioner lacked Article III standing to appeal the Board's decision to this court." *AVX Corporation v. Presidio Components, Inc.*, 923 F.3d 1357, 1363 (Fed. Cir. 2019). Based on the Federal Circuit's finding that Moderna did not have Article III standing to appeal IPR2018-00739, Moderna reserves the right to challenge the application of estoppel to any Asserted Claim of the '435 Patent and to assert they are anticipated or obvious over printed publications or patents.

Subject to the above, Moderna is not currently asserting that any Asserted Claim of the '069 Patent that was upheld by the PTAB as patentable is anticipated or obvious over printed publications or patents. Moderna includes anticipation or obviousness arguments below in this Section for the '069 Patent based on printed publications and patents, as those are relevant to Moderna's contentions with respect to obviousness-type double patenting in Section II.

### b.      Anticipation

The Asserted Claims of the Molar Ratio Patents are anticipated, either expressly or inherently as understood by a POSA, by the references below, which disclose and enable the claimed subject matter under Plaintiffs' infringement theory. Each of these references contains the same or greater level of detail as the Molar Ratio Patents; thus, to the extent Plaintiffs contend the Asserted Claims are enabled and the specification provides adequate written description, the prior

**CONFIDENTIAL INFORMATION**

June 28, 2024

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL  60654
(312) 862-2000

Patricia A. Carson
Jeanna M. Wacker
Mark C. McLennan
Caitlin Dean
Nancy Kaye Horstman
Shaoyao Yu
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mark C. McLennan*
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*
*Moderna, Inc. and ModernaTX, Inc.*

203