IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) C.A. No. 22-252 (JDW) ) ) **REDACTED – PUBLIC VERSION** |
| MODERNA, INC. and MODERNATX, INC. | ) ) |
| Defendants. | ) |

### MODERNA'S REPLY TO PLAINTIFFS' OPPOSITION TO MODERNA'S MOTION TO SEAL (D.I. 541)

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Leslie M. Schmidt, P.C.
Mark C. McLennan
N. Kaye Horstman
Shaoyao Yu
Mara L. Greenberg
Andrew Lee
Brad Deem
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679

Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*

Noah Frank
Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

Yan-Xin Li
Laura Ashley Harris
Hannah Suh
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400

August 12, 2025

## **TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................................1

II. Argument ................................................................................................................................1

    A. Moderna's Molar Ratios Are Not Publicly Available and Should Remain Sealed .1

    B. The Name of Moderna's LNP..................................................................................4

    C. Moderna Does Not Oppose Unsealing Certain Acuitas Confidential Information With Its Consent. ......................................................................................................4

III. CONCLUSION.......................................................................................................................5

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aptiv Techs., Ltd. v. Microchip Tech. Inc.*,
  C.A. No. 23-307-JDW, D.I. 163 (D. Del. Apr. 1, 2024) ...............................................................4

*Guardant Health, Inc. v. Foundation Med., Inc.*,
  C.A. No. 17-1616-LPS-CJB, D.I. 447 (D. Del. Jun. 16, 2020) ...................................................4

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
  998 F.2d 157 (3d Cir. 1993)..........................................................................................................4

*Nitto Denko Corp. v. Hutchinson Tech. Inc.*,
  C.A. No. 16-3595 (CCC/MF), 2017 WL 2782639 (D.N.J. Mar. 3, 2017) ..............................3, 4

*Nixon v. Warner Commc'ns, Inc.*,
  435 U.S. 589 (1978)......................................................................................................................3

*PACT XPP Schweiz AG v. Intel Corp.*,
  2024 WL 3539018 (D. Del. May 9, 2024)....................................................................................1

*Pansy v. Borough of Stroudsburg*,
  23 F.3d 772 (3d Cir. 1994).......................................................................................................1, 4

*SmartSky Networks, LLC v. Gogo Business Aviation, LLC*,
  C.A. No. 22-266-JDW, D.I. 487 (D. Del. Mar. 11, 2025) ...........................................................3

I.      INTRODUCTION

Moderna carefully reviewed nearly hundreds pages of material in both parties' summary judgment briefs, statement of facts, and corresponding exhibits and proposed a narrowly tailored set of redactions that contain Moderna's sensitive and confidential technical information, including confidential regulatory submissions, sensitive business and financial records, and trade secrets. Moderna supported these proposed redactions with two sworn declarations explaining the reasons why the redacted material is highly confidential. For the limited set of information identified, the need to keep this information secret "outweighs the presumption of [public access to judicial records] by demonstrating that the material is the kind of information that judges will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *PACT XPP Schweiz AG v. Intel Corp.*, 2024 WL 3539018, at *1 (D. Del. May 9, 2024).

Moderna submits this Reply to briefly address three points in Plaintiffs' opposition to Moderna's motion to seal that raise issues on which that the parties had not conferred. For the remainder of the redactions that Moderna proposed that are not address in this Reply, Moderna respectfully maintains its request to keep its confidential information under seal and disagrees with Plaintiffs' assertions that Moderna failed to meet the *Avandia* standard.

For these reasons, Moderna respectfully requests that this Court maintain its confidential information under seal.

II.     ARGUMENT

    A.      **The Lipid Molar Ratios Moderna Seeks to Seal Are Not Publicly Available and Should Remain Sealed**

At the outset, Moderna notes that the lipid molar ratios that Moderna seeks to maintain under seal are unnecessary to the resolution of summary judgment, cutting against the idea that the public has a legitimate public interest in this information. *Pansy v. Borough of Stroudsburg*,

23 F.3d 772, 786–88 (3d Cir. 1994). Plaintiffs have not pointed to a single theory in any of the motions for summary judgment that requires consideration of the lipid molar ratio in Moderna's COVID-19 Vaccine, let alone the lipid molar ratio of the other ***unaccused*** product that Plaintiffs oppose sealing. *See* Plaintiffs' MSJ; Exs. 5, 25 to Plaintiffs' MSJ; Ex. 29 to Moderna's MSJ.

Plaintiffs repeatedly assert that much of Moderna's LNP product information, particularly concerning the molar ratios of its vaccine products, is already public. *See* Opp. Br. 6–7, 8, 9, 11. This is incorrect. First, that Moderna has patents describing various molar ratios does not tell the public which of the various ratios in those patents Moderna uses for its target molar ratios in each of its various products. *See, e.g.*, Ex. 12 at 74:59–75:8 (identifying eight different molar ratios in the embodiments of the specification). Second, Plaintiffs allege that Moderna's actual molar ratios could be reverse engineered, but if this were so easy, then the allegations in Plaintiffs' own complaint would not have identified the incorrect target molar ratios in the commercial formulations of Moderna's COVID-19 vaccine. *See* D.I. 1 ¶¶ 45, 49, 76, 95, 114, 137, 179 (identifying the purported target ratio in Moderna's COVID-19 vaccine). Moreover, the suggestion from Plaintiffs is pure unsupported attorney argument, not entitled to any weight. D.I. 541 at 7. Third, with respect to the Japanese product, Plaintiffs have made no effort to show that the listings of the absolute weight of each component discloses the target lipid molar ratios of Moderna's COVID-19 Vaccine that Moderna seeks to maintain under seal. *See* Ex. 4 at 1; Ex. 5 at 1. Fourth, even if certain molar ratios are public, such as the target lipid molar ratio used in preclinical studies which Moderna does not seek to redact, this does not justify publicly revealing all target and actual molar ratios for all Moderna products. Finally, the parties explicitly agreed that the lipid molar ratios used in Moderna and ***Plaintiffs'*** products was to be treated as 'CONFIDENTIAL' under the Protective Order, and expressly stated that such information was

"generally not known" and "would not normally [be] reveal[ed] to third parties". D.I. 91 at ¶ 1.2 ("CONFIDENTIAL" Material means . . . information or material not generally known and which the Producing Party would normally not reveal to third parties, including but not limited to" . . . "the lipid molar ratio of the Accused Products and the lipid molar ratio of products developed or licensed *by Plaintiffs*"). To be clear, Moderna does not submit that this Protective Order provision that Plaintiffs stipulated to *alone* shows the information is entitled to remain under seal, but it directly contradicts Plaintiffs' new position three years into this lawsuit that lipid molar ratios are generally considered public knowledge. Plaintiffs' new position is also contrary to its previous positions in this case, where it argued that the "quantities of ingredients" in its own products were "not public knowledge" and considered "trade secret information" worthy of sealing. D.I. 186 at 9, and Ex. 24.

As explained in Mr. Fernandez's declaration, "there are companies considering entering the vaccine market and companies developing mRNA-based vaccines and therapeutics for other diseases or developing LNPs for mRNA-based products that would be at a strategic advantage if Moderna's proprietary formulation and ratio of ingredients became public." Ex. B. at ¶ 6 (also discussing the highly competitive market and the significant resources Moderna has spent on developing its formulation). These types of harm should be protected against by maintaining confidential information under seal. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *SmartSky Networks, LLC v. Gogo Business Aviation, LLC*, C.A. No. 22-266-JDW, D.I. 487 (D. Del. Mar. 11, 2025); *Nitto Denko Corp. v. Hutchinson Tech. Inc.*, C.A. No. 16-3595 (CCC/MF), 2017 WL 2782639, at *2 (D.N.J. Mar. 3, 2017).

### B. The Naming of Different Components in Moderna's COVID-19 Vaccine Reveals Confidential Information

Plaintiffs allege that the name of Moderna's LNP is public and should not be redacted. Opp. Br. at 9, 12; *see also* Exs. 2, 20 to Plaintiffs' MSJ; Exs. 42, 44–45 to Moderna's MSJ. Again, Moderna notes at the outset that Plaintiffs do not allege this information is relevant to any of the issues being decided on summary judgment, which lowers any public interest in its disclosure. *Pansy*, 23 F.3d at, 786–88

Moderna does not contend that the name of Moderna's LNP in the abstract is confidential. Instead, Moderna narrowly tailored its redactions to the naming of materials in Moderna's COVID-19 Vaccine, that, in context with the surrounding descriptions of other materials, would reveal information about highly confidential and trade secret manufacturing processes for its LNPs, which Plaintiffs agree is worthy of sealing. *See, e.g.*, *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential business information may be protected from disclosure . . . ."); *Aptiv Techs., Ltd. v. Microchip Tech. Inc.*, C.A. No. 23-307-JDW, D.I. 163, at 2-3 (D. Del. Apr. 1, 2024) ("Proprietary technical information is a type of information that courts protect."); *Guardant Health, Inc. v. Foundation Med., Inc.*, C.A. No. 17-1616-LPS-CJB, D.I. 447 (D. Del. Jun. 16, 2020); *Nitto Denko*, 2017 WL 2782639, at *2. Trade secrets are valuable expressly because they are secret. Moderna would be severely harmed and prejudiced by the public availability of the name of its LNP in certain contexts (i.e., the contexts in which Moderna requested this information to remain under seal here) because it could expose certain trade secret information to competitors.

### C. Moderna Does Not Oppose Unsealing Certain Acuitas Confidential Information with Acuitas's Consent

Following Moderna's Motion to Seal, the parties and Acuitas continued to meet and confer regarding the redactions in Exhibits 21–24 to Plaintiffs' Motion for Summary Judgment

4

(i.e., the Acuitas Agreements) and have reached an agreement regarding unsealing parts of those agreements. The parties unfortunately did not have sufficient time to discuss the agreement before Plaintiffs filed their opposition and so that brief does not note Moderna's agreement. Opp. Br. 14–15.

Specifically, Plaintiffs agreed that they would not oppose any of the redactions to the Acuitas Agreements (Exs. 21–24) if Moderna and third-party Acuitas removed proposed redactions to (1) names of the targets of the four licenses in Appendix A to the licenses (i.e., Influenza A, Chikungunya virus, Respiratory Syncytial Virus, and Zika virus), and (2) the reference to the in-licensed agreement in Appendix B. For clarity, Moderna still seeks to seal the information in Appendix B concerning the target other than the name of the virus (i.e., Influenza A, Chikungunya virus, Respiratory Syncytial Virus, and Zika virus) for the reasons detailed in Moderna's opening brief. Moderna attaches updated versions of these agreements with this brief with highlighting for redactions. Exs. 21–24.

With regard to the remaining redactions, Moderna again notes that the four sublicenses—cited only in the introduction of Plaintiffs' summary judgment brief—are not relevant to any of the dispositive issues the Court is deciding, which reduces the public interest in these documents.

### III.  CONCLUSION

For the foregoing reasons, Moderna respectfully requests that the Court grant Moderna's Motion to Seal Moderna's highly confidential information.

| | |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | */s/ Travis J. Murray* |
| OF COUNSEL: | _____ |
| | Brian P. Egan (#6227) |
| James F. Hurst | Travis J. Murray (#6882) |
| KIRKLAND & ELLIS LLP | 1201 North Market Street |
| 300 North LaSalle | P.O. Box 1347 |
| Chicago, IL 60654 | Wilmington, DE 19899 |
| (312) 862-2000 | (302) 658-9200 |
| | began@morrisnichols.com |
| Patricia A. Carson, Ph.D. | tmurray@morrisnichols.com |
| Jeanna M. Wacker, P.C. | |
| Leslie M. Schmidt, P.C. | *Attorneys for Defendants* |
| Mark C. McLennan | |
| N. Kaye Horstman | |
| Shaoyao Yu | Noah Frank |
| Mara L. Greenberg | Alina Afinogenova |
| Andrew Lee | KIRKLAND & ELLIS LLP |
| Brad Deem | 200 Clarendon Street |
| KIRKLAND & ELLIS LLP | Boston, MA 02116 |
| 601 Lexington Avenue | (617) 385-7500 |
| New York, NY 10022 | |
| (212) 446-4679 | Yan-Xin Li |
| | Laura Ashley Harris |
| Jason M. Wilcox, P.C. | Hannah Suh |
| KIRKLAND & ELLIS LLP | KIRKLAND & ELLIS LLP |
| 1301 Pennsylvania Avenue, N.W. | 555 California Street, 27th Floor |
| Washington, D.C. 20004 | San Francisco, CA 94104 |
| (202) 389-5000 | (415) 439-1400 |
| | |
| August 12, 2025 | |

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 12, 2025, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Adam R. Brausa, Esquire<br>Eric C. Wiener, Esquire<br>Annie A. Lee, Esquire<br>Shaelyn K. Dawson, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017-3543<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |

| | |
|---|---|
| David N. Tan, Esquire<br>MORRISON & FOERSTER LLP<br>2100 L Street, NW, Suite 900<br>Washington, DC  20037<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| David I. Berl, Esquire<br>Adam D. Harber, Esquire<br>Thomas S. Fletcher, Esquire<br>Shaun P. Mahaffy, Esquire<br>Andrew L. Hoffman, Esquire<br>Matthew W. Lachman, Esquire<br>Ricardo Leyva, Esquire<br>Arthur J. Argall III, Esquire<br>Falicia Elenberg, Esquire<br>Kathryn Larkin, Esquire<br>WILLIAMS & CONNOLLY LLP<br>680 Maine Avenue S.W.<br>Washington, DC  20024<br>*Attorneys for Plaintiff Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Andrei Iancu, Esquire<br>Jeffrey B. Wall, Esquire<br>SULLIVAN & CROMWELL LLP<br>1700 New York Avenue, N.W., Suite 700<br>Washington, DC 20006<br>*Attorneys for Plaintiff Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |

/s/ *Travis J. Murray*
_____
Travis J. Murray (#6882)