IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH, <br><br> *Plaintiffs*, <br><br> v. <br><br> MODERNA, INC. and MODERNATX, INC., <br><br> *Defendants*. | Case No. 1:22-cv-00252-JDW |

**ORDER**

**AND NOW**, this 26th day of September, 2025, upon consideration of Defendants Moderna, Inc. and ModernaTX, Inc.'s Partially Opposed Motion To Seal Portions Of Plaintiffs' And Moderna's Answering Dispositive Motion Filings (D.I. 576), I note as follows.

1. The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, Third Circuit law governs motions to seal in this patent case. *See, e.g.*, *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020).

2. The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). To overcome the strong presumption of access that attaches to judicial records, a movant must show that the interest in secrecy outweighs the presumption by demonstrating that "the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (quotation omitted) (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). A court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same). That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it.

3. As set forth in my prior Order (D.I. 546), trade secrets and other confidential technical information are types of material that courts will protect from public disclosure. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp.2d 503, 511 (D. Del. 2012). And again, Moderna has come forward with evidence, in the form of Brian Doyle's declaration, that

demonstrates that most of the information it seeks to keep from public view is likely a trade secret. *See, e.g.*, *Elenza, Inc. v. Alcon Lab'ys Holding Corp.*, 183 A.3d 717, 721 (Del. 2018) (defining trade secret) (quotation omitted). This information pertains to Moderna's proprietary lipid nanoparticle ("LNP") formulations, "including development of manufacturing processes, formulations, and analytical techniques[.]" (D.I. 578 at ¶ 5.) And Mr. Doyle explained that "Moderna has always taken extensive measures to maintain the confidentiality of its technical information and product development, including by implementing procedures that restrict access to sensitive information even within Moderna." (*Id.* at ¶ 7.)

4. Because there are so few competitors in the market for developing LNPs for mRNA-based products, the market is "highly competitive, and any information about one of the competitors, even seemingly minor information, may prove competitively advantageous." (*Id.* at ¶ 31.) According to Mr. Doyle, the harm from disclosing Moderna's confidential information "would be immediate and substantial[,]" and he provides various, specific examples of how disclosure of the information at issue would cause it to suffer competitive harm. (*Id.* at ¶ 32.)

5. Again, Moderna has proposed narrowly-tailored redactions in an effort to avoid competitive harm while respecting the public's right of access.[1] For the most part,

---

[1] I also appreciate the Parties' meet and confer efforts to narrow the disputes over redactions in light of both the number of documents at issue and the short turn-around time.

the redactions that Moderna has proposed are proper under *Avandia*. Yet, there are a few instances where Moderna has failed to demonstrate that sealing is warranted.

**Non-technical Information**

6. Just because information is confidential or otherwise sensitive does not mean that Moderna gets to keep it from the public. Certainly, confidential trade secrets and other technical information pertaining to testing is the type of material that courts will shield from public view. But Stephen Hoge's statement in Exhibit 85 to the Lachman Declaration does not fall within that category. Nor does it constitute sensitive business information, which is another type of information that courts will protect. The result might be different if Mr. Hoge's email disclosed the *actual* business reasons why he believed that a composition with 40% amino lipid was more attractive, but he didn't. Thus, Moderna's proposed redactions of Mr. Hoge's statement are *not* warranted where they appear in: (a) Ex. 85 to the Lachman Declaration; (b) pages 15 and17 of Plaintiffs' Responsive Brief In Opposition To Moderna's Motion For Summary Judgment And In Support Of Plaintiffs' Cross-Motion For Summary Judgment; and (c) Paragraphs 156 and 170 of Plaintiffs' Counterstatement Of Facts To Moderna's Motion For Summary Judgment.

**Public Information**

7. Moderna has not met its burden with respect to proposed redactions pertaining to the molar ratio of its COVID-19 vaccine and other products, as well as some

information about its fractionation testing. Because this information is publicly available, it is not the type of material that courts will protect from public view. *See Insight Equity AP X LP v. Transitions Optical Inc.*, No. 10-cv-635, 2016 WL 7477751, at *1 (D. Del. Dec. 29, 2016). And where the cat is already out of the bag, "[t]here can be no risk of harm from disclosing information [that] is already publicly available[.]" *PACT XPP Schweiz AG v. Intel Corp.*, No. 19-cv-1006, 2024 WL 3966753, at *2 (D. Del. Jan. 4, 2024).

8. During the opening round of summary judgment briefing, Plaintiffs made the same argument they repeat here—that the combination of publicly-available information about the lipid component weight in Moderna's COVID-19 vaccine and a well-known equation renders the molar ratio public. At the time, I rejected that argument as lacking sufficient evidentiary support. Now, however, Plaintiffs have come forward with more, specifically concerning the accessibility of the equation to make this calculation.

9. Given that Plaintiffs made this argument before, Moderna had every reason to anticipate that they would renew their argument. Tellingly, however, neither Moderna nor Mr. Doyle challenges the publicly available nature of the weight amount of the COVID-19 vaccine components nor the fact that the equation to convert these weights to a molar ratio is readily available. Instead, Mr. Doyle contends that "the specific concentrations," such as those in Paragraph 456 of Exhibit 77 to the McLennan Declaration,[2] are "more

---

[2] The same calculations appear in Paragraph 456 of Exhibit 48 to the Lachman Declaration.

precise." (D.I. 178 at ¶ 11.) That may be, but for all practical purposes, this information is publicly available. Thus, Moderna may not redact any references to the molar ratio of its COVID-19 vaccine.[3]

10. It is also public that "Moderna used the 50% cationic lipid formulation as its '*standard* LNP.'" (D.I. 574 at ¶ 151 (emphasis added).) And, as Plaintiffs point out, Moderna disclosed use of this 50% formulation with respect to clinical trials for its COVID-19 vaccine and for "other clinical and preclinical work" for vaccines for influenza, the Zika virus, and CMV.[4] (*See* D.I. 581-1, 581-3 thru 581-5.)

11. Moderna does not dispute that. Instead, it contends that the information it seeks to redact is "is *broader* than the specific candidate products (and the *specific* preclinical or clinical studies with those products) that are discussed in the articles" that Plaintiffs identified. (D.I. 585 at 2 (original emphasis).) But after conducting a document-by-document review of Moderna's proposed redactions, I'm not convinced that distinction matters, and, if it does, Moderna did not meet its burden to explain why. As a result, the following proposed redactions to Exhibit 48 to the Lachman Declaration are *not* warranted: (a) Paragraphs 262, 264, 265, 266, 312; and (b) all of the proposed redactions prior to the phrase "and that Moderna was" in Paragraph 824.

---

[3] Whether or not Plaintiffs argued to the contrary regarding the molar ratios for their own product(s) in prior briefing has no bearing on my current analysis under *Avandia*. And Moderna has not argued estoppel.

[4] I assume that CMV refers to Cytomegalovirus.

12. Finally, some information about Moderna's fractionation testing is also public. Moderna has not sought to seal Exhibit 86 to the Lachman Declaration, which has been on the public docket since August 29, 2025. That exhibit contains a proposal to conduct fractionation testing and a response from Don Parsons, expressing concern about what Moderna might learn as a result.[5] Given the public nature of this information, the following proposed redactions to Exhibit 48 to the Lachman Declaration are also *not* warranted: (a) all but the final sentence in Paragraph 462; (b) all but the text between the phrases "Despite recognizing the scientific motivation and value of the study" and "Moderna affirmatively chose not to obtain those data for its COVID-19 vaccine" in Paragraph 463; (c) the phrase "Notwithstanding Dr. Parsons' apparent reluctance to study the compositional heterogeneity of Moderna's COVID-19 vaccine" in Paragraph 464; and (d) the last proposed redaction in Paragraph 825.

13. The remaining redactions that Moderna has proposed are proper under *Avandia*. That is, Moderna has demonstrated that the information it seeks to redact is the type of information that courts will shield from the public, and the declaration from Mr. Doyle establishes the harm that would befall Moderna if the information is disclosed.

---

[5] Ex. 86 discloses a proposal only; it does not reveal the full scope of the testing nor the results. Thus, such information may remain from the public view.

Therefore, it is **ORDERED** that Moderna's Partially Opposed Motion To Seal Portions Of Plaintiffs' And Moderna's Answering Dispositive Motion Filings (D.I. 576) is **DENIED IN PART** and **GRANTED IN PART**, as follows:

    a.    Moderna's Motion is **DENIED** with respect to:

        i.    Certain redactions to Exhibits 48 and 85 to the Lachman Declaration, as set forth above;

        ii.    Certain redactions to Plaintiffs' Responsive Brief In Opposition To Moderna's Motion For Summary Judgment And In Support Of Plaintiffs' Cross-Motion For Summary Judgment, as set forth above;

        iii.    Certain redactions to Plaintiffs' Counterstatement Of Facts To Moderna's Motion For Summary Judgment, as set forth above; and

        iv.    Redactions to references to the molar ratio of Moderna's COVID-19 vaccine; and

    b.    Moderna's Motion is **GRANTED** in all other respects.

    c.    On or before October 1, 2025, and consistent with the analysis set forth above, the Parties shall either re-file any exhibits for which I have denied a request for redaction or coordinate with the Clerk's Office to substitute those documents on the docket.

                                              **BY THE COURT:**

                                              */s/ Joshua D. Wolson*
                                              JOSHUA D. WOLSON, J.