## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| **ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH,** | |
| *Plaintiffs*, | **Case No. 1:22-cv-00252-JDW** |
| v. | |
| **MODERNA, INC. and MODERNATX, INC.,** | |
| *Defendants*. | |

### <u>ORDER</u>

**AND NOW**, this 3rd day of October, 2025, upon consideration of Defendants Moderna, Inc. and ModernaTX, Inc.'s Partially Opposed Motion To Seal Portions Of Plaintiffs' And Moderna's Reply Dispositive Motion Filings (D.I. 603), Moderna's Partially Opposed Motion To Seal Portions Of Exhibits To Plaintiffs' Reply And Sur-Reply Dispositive Motion Filings (D.I. 619), and the Parties' Stipulation And Order Regarding Pending Motions To Seal (D.I. 633), I note as follows.

1.      The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*,

265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, Third Circuit law governs motions to seal in this patent case. *See, e.g.*, *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020).

2.    The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). To overcome the strong presumption of access that attaches to judicial records, a movant must show that the interest in secrecy outweighs the presumption by demonstrating that "the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (quotation omitted) (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). A court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same). That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it.

3.    As set forth in my prior Orders (D.I. 546, 622), trade secrets and other confidential technical information are types of material that courts will protect from public

disclosure. And, as before, Moderna has come forward with supporting declarations from Brian Doyle that demonstrate that the information it seeks to keep from public view is likely a trade secret.[1] (*See* D.I. 604-1 & 620-1.) In addition, Mr. Doyle's declarations describe the competitive harm that Moderna will incur if this information is made public. (*See id.*) Thus, I am convinced that Moderna has met its burden to demonstrate that the limited redactions that remain at issue are proper under *Avandia*.

Therefore, it is **ORDERED** as follows:

1. Moderna's Partially Opposed Motion To Seal Portions Of Plaintiffs' And Moderna's Reply Dispositive Motion Filings (D.I. 603) is **GRANTED**, consistent with the Parties' Stipulation at D.I. 633;

2. Moderna's Partially Opposed Motion To Seal Portions Of Exhibits To Plaintiffs' Reply And Sur-Reply Dispositive Motion Filings (D.I. 619) is **GRANTED**, consistent with the Parties' Stipulation at D.I. 633; and

3. Consistent with this Order and the Parties' Stipulation at D.I. 633, on or before October 7, 2025, the Parties shall either: (a) re-file any documents for which Moderna has withdrawn its requests to seal and/or redact, or (b) coordinate with the Clerk's Office to substitute those documents on the docket where necessary.

---

[1] Moderna has withdrawn its requests to redact and/or seal documents, as set forth in the Parties' Stipulation And Order Regarding Pending Motions To Seal (D.I. 633). Accordingly, I have considered whether redaction is warranted only as to the proposed redactions that remain at issue. Again, I appreciate the Parties' good faith efforts to narrow the number of proposed redactions.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.