# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>　　　　*Defendants*. | C.A. No. 22-252-MSG |

**DECLARATION OF PETE ZORN IN SUPPORT OF
MOTION TO SEAL *DAUBERT* BRIEFING**

I, Pete Zorn, hereby declare as follows:

1.    I am the President and Chief Legal Officer of Genevant Sciences, Inc. ("Genevant").  I am familiar with Genevant's collaborations with third parties to develop nucleic acid medicines comprising Genevant's lipid nanoparticle ("LNP") technology and I am primarily responsible for Genevant's business negotiations with third parties, including its licensees.  I am familiar with the fact that Genevant maintains information regarding Genevant's licensing relationships with third parties and its business and legal strategies as confidential and I am familiar with Genevant's efforts to protect its own confidential information and the confidential information of third parties in its possession.  I have personal knowledge of the facts stated in this declaration and have become aware of such facts through my roles with Genevant.  If called upon to testify, I could and would competently testify thereto.

2.    I write this declaration in support of Plaintiffs' request to avoid disclosure of certain sensitive and confidential information on the public record.  I discuss below how and why Genevant keeps information regarding its licenses and collaborations with third parties and confidential and the serious harm that would result to Genevant from disclosure of this information to the public, and more directly, the competitors of Genevant and the competitors of Genevant's licensees.

3.    I am familiar with the information that Plaintiffs propose to have remained sealed/redacted from the following documents regarding the parties' *Daubert* motions:

- Plaintiffs' Nov. 7, 2025, Opening Brief in Support of Motion to Exclude Expert Testimony;
- Moderna's Nov. 7, 2025, Opposition to Plaintiffs' Motion to Exclude Expert Testimony;
- Plaintiffs' Nov. 21, 2025, Reply Brief in Support of Motion to Exclude Expert Testimony;
- Moderna's Nov. 21, 2025, Memorandum in Support of Moderna's *Daubert* Motion;
- Plaintiffs' Dec. 5, 2025, Opposition Brief to Moderna's *Daubert* Motion;

- Moderna's Dec. 5, 2025, Reply Brief in support of Moderna's *Daubert* Motion;
- Exhibits 1, 3, 5, 12, 13, 14, 31, 33, 36, 37, and 38 to the parties' briefing regarding Plaintiffs' Motion to Exclude Expert Testimony;
- Exhibits A, C, D, R, and S to the parties' briefing regarding Moderna's *Daubert* Motion.

4.      Genevant conducts its negotiations and collaborations with third parties pursuant to agreements that require Genevant to keep the confidential information received from such third parties confidential.  It is critical to Genevant that the Court maintain under seal Genevant's confidential information and confidential information of its third-party licensees.  Genevant continues to pursue collaborative relationships with third parties in connection with the research, development, and potential future sale of products comprising LNP technology, which is a highly competitive area.  Genevant has spent substantial amounts of time and money developing and maintaining these relationships with third parties regarding LNP research and development. Genevant's collaborations and negotiations with third parties are ongoing.  The release of confidential information regarding these efforts to the public, including Genevant's competitors, would significantly harm Genevant, as its current and future collaborations would be harmed by the disclosure of this confidential business and/or technical information.  Further, employees of Genevant enter into confidentiality obligations as part of their employment and are periodically reminded of their obligations to maintain confidential information of Genevant and its third-party collaborators in confidence.  The information Plaintiffs seek to have remain under seal/redacted is confidential and sensitive information that Genevant does not disclose publicly and wishes to remain confidential.

5.      I have more than 20 years of experience in the pharmaceutical industry, substantially all of which includes working to establish business relationships with other companies and serving in a senior legal capacity with general management responsibility.  Based

3

on my personal knowledge and experience, I believe that disclosure of this information would significantly harm Genevant by revealing confidential information to its competitors and the public generally and by interfering with Genevant's ability to collaborate with third parties in developing nucleic acid medicines comprising Genevant's LNP technology. The pharmaceuticals industry is very competitive, including specifically among companies utilizing LNP technology for the delivery of therapeutics and vaccines. Given this competition, the disclosure of the financial terms of Plaintiffs' confidential agreements and other information disclosing Genevant's legal and business strategies would affect Plaintiffs' competitive standing in this industry. If the confidential information were made public, Genevant's competitors would gain an unfair advantage with respect to understanding Genevant's business strategies and that of Genevant's third-party collaborators. Moreover, Genevant's competitors would gain a significant advantage in creating their own business strategies, which would put Genevant and its third-party collaborators at a significant competitive disadvantage and thereby cause them real and serious harm.

6.     Disclosing the information identified in these exhibits regarding Genevant's third-party license agreements, its licensing strategies and negotiations, its evaluations of its internal portfolios, and its legal strategies would put Genevant at a significant competitive disadvantage. Specifically, disclosing this information would give Genevant's current and future licensees, and Genevant's competitors in the LNP industry, substantial insight into its internal business and licensing strategies, which would allow these entities to make decisions about where, when, and how to negotiate more favorable terms in licensing discussions or to more directly compete with full knowledge of Genevant's strategies.

7.     Exhibit 1 is the Rebuttal Expert Report of Christopher Vellturo, Moderna's expert in this case. Plaintiffs have proposed redacting certain information on pages 10, 11, 45, 49, 50-

4

74, 91, 98, 99, 100, 107, 122, 124, 156, and 187, regarding the financial terms of Genevant's confidential license agreements with third parties. Similarly, Exhibits 13, 14, 31, and 36 are exhibits to the Rebuttal Expert Report of Christopher Vellturo, which contain summary tables of information drawn from the confidential licenses that Genevant has entered into with certain third parties. Each of these licenses is subject to confidentiality provisions. The specific information that Plaintiffs have proposed to redact are the financial terms, fields of use, and territories of these agreements, which is information that Genevant and its licensees deem sensitive and confidential. Disclosure of this information would work a competitive harm to both Genevant and its licensees by disclosing to Genevant's competitors and potential licensees information that may have a bearing upon negotiations or discussions in the future. Genevant spends considerable resources in developing its relationships with third parties and invests heavily in pursuing its licenses. Genevant continues to negotiate licenses with third parties and has active collaborations and licensing agreements with parties disclosed in the excerpted portions of these exhibits. Thus, disclosing the financial terms of Genevant's licenses with these parties would undermine Genevant's ability to negotiate licenses with future potential licensees, and could adversely affect Genevant's relationship with its current partners and licensees. Genevant's third-party licensees are likewise engaged in continued partnering relationships and would be similarly competitively affected by disclosure of this information. To avoid this harm, Plaintiffs have proposed to redact information regarding the financial terms (*e.g.*, royalty rates, milestone payment dollar amounts, and upfront payment amounts) as well as the terms identifying non-public fields of use, targets, and territories for these agreements, which are included on the pages identified in this paragraph.

8.      Exhibit 3 is an excerpt of the transcript from my deposition in this case. Plaintiffs have proposed redacting information on pages 126, and 128–30 from this transcript. On these

5

pages, I disclose information regarding Genevant's licensing practices, including descriptions of the factors that Genevant considers when negotiating licenses with counterparties, the relative weight that Genevant considers in its negotiations, and Genevant's overall licensing strategy. For example, the excerpted testimony provides information regarding the relative value of Genevant's patent portfolio and the relative importance to Genevant of different licensing terms that may arise in a negotiation. Disclosing this information would affect a competitive harm to Genevant, because it would provide additional information to Genevant's potential licensees regarding the information and strategy that goes into Genevant's licensing decisions. While there are multiple individuals at Genevant who participate in negotiations with third parties, I am the individual who is responsible for Genevant's business negotiations regarding potential licenses. As noted above, Genevant has active and ongoing discussions and negotiations with counterparties for potential licenses to Genevant's patents and LNP technology. Thus, disclosing the excerpted portions of my testimony regarding Genevant's licensing strategies would be detrimental to Genevant's active and ongoing commercial activities. Furthermore, if the confidential information of these third parties that Genevant obtained pursuant to confidentiality agreement was disclosed, then Genevant would be harmed in its ability to ensure potential third-party collaborators that the disclosure of third-party information will remain in confidence.

9.    Exhibit 12 is a confidential presentation from one of Genevant's licensees regarding its manufacturing plans and budgeting for its Covid-19 vaccine. Similarly, Exhibit 5 is an excerpt of the Opening Expert Report of Catharine Lawton, Plaintiffs' expert witness in this case, which discusses information that is disclosed in Exhibit 12. The document included in Exhibit 12 was made available to Genevant under obligations of confidentiality owed to this third party as part of a development program for a Covid-19 vaccine. Genevant treats the types of information disclosed

in this presentation from this third party as confidential and has not freely disclosed this information to others.  First, this presentation contains information regarding this licensee's clinical trial and manufacturing timelines.  This licensee continues to pursue development of a Covid-19 vaccine and has multiple other products that are undergoing preclinical studies.  Thus disclosing the information contained in this presentation regarding the licensee's clinical timelines could affect a competitive harm on the licensee with respect to the development of its other products.  Based on my experience in the pharmaceutical industry, the pace of clinical trials and manufacturing can have significant impact on the timing of market entry and commercial success of a product, and disclosing this information to competitors in the field could thus be detrimental to an entity's competitive position.  Thus, disclosing information regarding another party's development timeline for one of its products could detrimentally affect this licensee's business.  Second, this presentation contains substantial information regarding this licensee's budget projections, costs of manufacturing, and costs of conducting its clinical trials.  This includes information regarding this licensee's contracts with its suppliers and manufacturing organizations.  Disclosure of this type of information could harm this licensee, because it would disclose this licensee's competitive information regarding its manufacturing development, including for both its discontinued Covid-19 vaccine and its ongoing development of other products.  To avoid disclosure of this third party's confidential information, Plaintiffs have proposed filing Exhibit 12 entirely under seal and have proposed redactions on pages 162–166 of Exhibit 5.

10.    Exhibits 33, 37, R, and S are excerpts of Genevant's licenses with three of its licensees: Providence Therapeutics Covid Inc. (Exs. 33 and S), Gritstone bio, Inc (Ex. 37), and Chulalongkorn University (Ex. R).  I understand that Plaintiffs have proposed redacting certain figures on the following pages of these exhibits:

7

- Ex. 33: 19–22
- Ex. 37: 24–33
- Ex. R: 5, 7, 12, 16, 17, 18, 23, 24, and 37
- Ex. S: 5, 7, 12, 13, 14, 19, 20, 21, 22, 28, 30, and 44.[1]

These licenses are subject to confidentiality terms and Genevant has treated, and continues to treat, the information in these agreements as confidential. The excerpted versions of these agreements disclose their financial terms, including the lump sum amount, royalty rates, royalty reduction terms, milestone payment dollar amounts, and milestone triggers. Disclosure of this information would work a competitive harm to both Genevant and its licensees by disclosing information that may bear upon negotiations or discussions with future potential licensees or licensors. Specifically, Genevant spends considerable resources in developing its relationships with third parties and invests heavily in pursuing its licenses. Genevant continues to negotiate licenses with third parties and has active collaborations and licensing agreements with parties disclosed in the excerpted portions of these exhibits. I understand that Genevant's licensees are likewise engaged in continued partnering relationships. Thus, disclosing the financial terms of these licenses would undermine Genevant's ability to negotiate licenses with future potential licensees. To avoid this harm to Genevant and its licensees, together with the other harms identified in this paragraph, Plaintiffs have proposed minimal redactions to the financial terms (*e.g.*, royalty rates, milestone payment dollar amounts, and upfront payments) of each of these excerpted licenses.

11. Exhibit 38 is an excerpt of the Opening Expert Report of Catharine Lawton, which contains a summary table of information with respect to the licenses that Genevant has entered into with certain third parties on page 1024 and contains discussion of the financial terms of

---

[1] The page numbers identified in this paragraph are identified from the pagination identified in the license agreements themselves.

8

Genevant's license with one of its counterparties for a Covid-19 vaccine on pages 945 and 946. For the same reasons that Plaintiffs have proposed redacting portions of these licenses and the information I describe in paragraph 4 above, Plaintiffs have proposed redacting the information in this summary table. These licenses are subject to confidentiality terms. The summary information included in these exhibits substantially contain the financial terms, fields of use, and territories, which is information that Genevant and its licensees deem sensitive and confidential. This Exhibit 38 also contains excerpts of testimony from my deposition in this case, on page 945, including a portion that Plaintiffs have proposed to redact from Exhibit 3, as I describe above. For the same reasons that Plaintiffs have proposed to redact portions of Exhibit 3, Plaintiffs propose to redact this excerpt of Ms. Lawton's report.

12.    Exhibit D is an excerpt of the transcript of Ms. Lawton's deposition in this case. Plaintiffs have proposed to redact information from the following pages: 4, 54–66, 78, and 79, which contains discussion of the financial terms of Genevant's license with one of its licensees concerning a Covid-19 vaccine. For the same reasons that Plaintiffs have proposed redacting the information noted in paragraphs 4, 7, and 8 above, Plaintiffs have proposed redacting portions of Ms. Lawton's deposition disclosing this same information.

13.    Exhibit A is an 887-page excerpt of Ms. Lawton's Opening Expert Report. Plaintiffs have proposed to redact information from the following pages[2]: 144, 145, 217, 233, 235, 358, 507–515, 517–520, 523, 524, 526, 531–533, 535, 537, 539, 541–543, 546, 548, 551, 553, 554–556, 727, 728, 739, 768, 807, 808, and 883. The information that Plaintiffs have proposed to redact from pages 271 and 556 concerns certain offers and transactions that were made pursuant

---

[2] The pages identified in this paragraph and others concerning Exhibits A and C are from the Adobe PDF reader pagination.

9

to confidentiality agreements, and which have not been disclosed publicly by Genevant, its predecessors, or its counterparties. Specifically, the information disclosed on these pages concerns offers to acquire Genevant and/or Genevant's LNP portfolio. Plaintiffs have proposed to redact the dollar figure for each of these potential transactions. The pharmaceuticals industry is very competitive, including specifically among companies utilizing LNP technology for the delivery of therapeutics and vaccines. Given this competition, the disclosure of the dollar amounts of these confidential transactions that did not proceed to execution would affect Plaintiffs' competitive standing in this industry. In particular, competitors and others in the industry could seek to use this information to Genevant's detriment in other negotiations concerning Genevant or its assets.

14.     Similarly, the information disclosed on page 358 to Exhibit A discloses an internal valuation of Genevant's investments in its LNP technology. This information has not been publicly disclosed and Genevant treats this information regarding investments in technology development that it makes confidential. As already noted, the pharmaceutical industry is very competitive, including specifically among companies utilizing LNP technology for the delivery of therapeutics and vaccines. Given this competition, the disclosure of Genevant's confidential prior internal valuation of its LNP portfolio would affect Plaintiffs' competitive standing in this industry. In particular, disclosing the total amount of Genevant's investments in its LNP technology would affect Genevant's competitive standing in this industry, as competitors and potential partners with Genevant could use this information to Genevant's detriment.

15.     Further, the information disclosed on pages 507, 517–520, 523, 524, 526, 531–533, 535, 537, 539, 541–543, 546, 548, 551, 553, 554, 555, 727, 728, 739, 768, 807, 808, and 883 of Exhibit A contains information about the financial terms of Genevant's licenses and collaborations with third parties. For the same reasons that Plaintiffs have proposed redacting this information

10

that I describe in Paragraph 7 above, Plaintiffs have proposed redacting the information contained on these pages to Exhibit A.

16.    Further, pages 144 and 233 of Exhibit A, in addition to page 118 of Exhibit 3 contain information regarding confidential settlement offers that Genevant made in order to resolve ongoing or anticipated litigation with Moderna.  Plaintiffs have proposed redacting the information in these exhibits, as its disclosure would cause competitive harm to Genevant. Specifically, Genevant deems its litigation strategies as confidential.  Moreover, the disclosure of the terms for this settlement offer could affect Genevant's negotiations in other pending litigation. In addition, Genevant has ongoing litigation with other third parties, and disclosure of Genevant's confidential settlement discussions with respect to Moderna could similarly affect Genevant's position with respect to settlement negotiations with Genevant's counterparties in these other actions.

17.    Exhibit C is a 112-page excerpt of Ms. Lawton's Reply Expert Report in this case. Plaintiffs have proposed to redact information from the following pages: 25, 26, 86, 87, and 88. These pages contain information about the financial terms of Genevant's license and collaborations with third parties.  For the same reasons that Plaintiffs have proposed redacting this information that I describe in Paragraph 7 above, Plaintiffs have proposed redacting the information contained on these pages to Exhibit C.

18.    Exhibit V is an excerpt of Ms. Lawton's First Supplemental Opening Expert Report in this case.  Plaintiffs have proposed to redact information from pages 9 and 10 of this exhibit. These pages contain information about the financial terms of seven of Genevant's license and collaboration agreements with third parties.  For the same reasons that Plaintiffs have proposed

11

redacting this information that I describe in Paragraph 7 above, Plaintiffs have proposed redacting the information contained on these pages to Exhibit V.

19.    The briefing regarding the parties' respective motions likewise refers to Genevant's confidential internal material including describing the above confidential business information of Genevant and third parties identified in Paragraphs 7–19.  For the same reasons that Plaintiffs have proposed to file under seal certain information in the exhibits to the motions, they have proposed redacting the information in the briefing that quotes from, describes, or otherwise discloses the content of this otherwise confidential material.

*    *    *

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Dated: December 16, 2025

_____
Pete Zorn

12