# EXHIBIT 36

**Exhibit 10**

**Historical Comparable Licenses PCA-Apportioned Effective Royalty Rates[1]**

| Agreement | Exclusivity[2] | Unapportioned Genevant Patent Portfolio Effective Royalty Rate[3] | PCA-Apportioned Effective Royalty Rate[4] |
|---|---|---|---|
| [A] | [B] | [C] | [D] |
| [1] Gritstone: 10/16/17 | Exclusive | | |
| [2] Providence: 5/11/20 | Non-Exclusive[2] | | |
| [3] Gritstone: 10/20/20 | Exclusive | | |
| [4] Gritstone: 1/15/21 | Non-Exclusive | | |
| [5] Takeda: 3/9/21 | Exclusive | | |
| [6] Takeda: 8/12/21 | Exclusive | | |
| [7] Korro: 3/2/23 | Non-Exclusive | | |
| [8] Gritstone: 8/10/23 | Non-Exclusive | | |
| [9] Novo Nordisk: 11/1/23 | Non-Exclusive | | |
| [10] Tome: 1/12/24 | Non-Exclusive | | |
| [11] Repair: 9/23/24 | Non-Exclusive | | |
| [12] Editas: 10/21/24 | Non-Exclusive | | |
| [13] Epitopea: 12/12/24 | Non-Exclusive | | |

**Notes:**

1. For further discussion of the Historical Comparable Licenses, *see* Vellturo Report, Section III.C.1; Exhibit 4; Exhibit 6.

2. As I note in my report, the license resulting from the Hypothetical Negotiation would confer non-exclusive rights to the Patents-in-Suit, *see* Vellturo Report III.B.2. Since several of the Historical Comparable Licenses provided exclusive rights to IP portfolios including the Patents-in-Suit, I adjust those licenses' running royalty rates so that they more closely reflect the circumstances of the Hypothetical Negotiation. I perform such an adjustment by harnessing the "license conversion" terms in the Providence agreement, which gave Genevant the right to convert that agreement (whose licensed IP portfolio included rights to the Patents-in-Suit) from an exclusive license to a non-exclusive license and provided for changes in payment terms accordingly, *see* GENV-00022307 at 321, 328-329; Exhibit 6. Specifically, I multiply the running royalty rates of the exclusive Historical Comparable Licenses by the ratio ▉▉▉▉▉ which is the ratio created from dividing the Providence agreement's running royalty rate for non-exclusive rights by the rate for exclusive rights. I further note that Genevant would not be able to grant the license resulting from the Hypothetical Negotiation without converting the Providence agreement from exclusive to non-exclusive, and I therefore consider the Providence agreement under its non-exclusive license terms. *See* Vellturo Report, Section III.C.1; Exhibits 7.1-7.13.

3. Effective royalty rates calculate the aggregate royalty rate implied by the terms of a given agreement, including running royalty rates and non-running royalty rates (e.g. upfront payments and milestone payments), *see* Vellturo Report, Section III.C.1.e.iii; Exhibits 7.1-7.13. For a discussion on how I derive these effective royalty rates, *see* Vellturo Report, Section III.C.1.e.iii.

4. To parse out the value of the Patents-in-Suit from the value of the other patents that are in the licensed patent portfolios of the Historical Comparable Licenses and that are not at issue in this matter, I apportion the Unapportioned Genevant Patent Portfolio Effective Royalty Rates by applying the sum of the relative values of the Patents-in-Suit and their family members, which I derive from a distribution of patent values published in Schankerman (1998). *See* Vellturo Report, Section III.C.1.e.iii; Exhibit 8 Notes 4 and 5; Exhibit 9.

**Sources:**

| | | |
|---|---|---|
| [A]-[B]: Exhibit 6 | [5][C]: Exhibit 7.5 | [10][C]: Exhibit 7.10 |
| [1][C]: Exhibit 7.1 | [6][C]: Exhibit 7.6 | [11][C]: Exhibit 7.11 |
| [2][C]: Exhibit 7.2 | [7][C]: Exhibit 7.7 | [12][C]: Exhibit 7.12 |
| [3][C]: Exhibit 7.3 | [8][C]: Exhibit 7.8 | [13][C]: Exhibit 7.13 |
| [4][C]: Exhibit 7.4 | [9][C]: Exhibit 7.9 | [D] = [C] * 25.43% (*see* Exhibit 8, column [I]) |

**HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL EYES ONLY**

**q**uantitative **e**conomic **s**olutions, LLC