# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | C.A. No. 22-252 (JDW) |
| v. | ) ) | |
| MODERNA, INC. and MODERNATX, INC. | ) ) | |
| Defendants. | ) ) | |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Counterclaim-Plaintiffs, | ) ) | |
| v. | ) ) | |
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Counterclaim-Defendants. | ) ) | |

**DECLARATION OF PAUL BARANELLO
IN SUPPORT OF DEFENDANTS' MOTION TO SEAL**

I, Paul Baranello, hereby declare as follows:

1.      I am Head of Corporate Financial Planning & Analysis and Treasury at ModernaTX, Inc. (hereinafter, "Moderna"). In this role, I am familiar with Moderna's products, including costs of goods, pricing, and related financial information and considerations. I am familiar with the fact that Moderna maintains this information as confidential,[1] and I am familiar with the extensive efforts Moderna takes to protect its confidential information. I have personal knowledge of the facts stated in this declaration or have become aware of such facts through my role at Moderna. If called upon to testify, I could and would competently testify thereto.

2.      I write this declaration in support of Moderna's request to avoid disclosure of sensitive and confidential information on the public record. I discuss below how and why Moderna keeps confidential certain business and licensing information that contains commercial information, and the serious harm that would result to Moderna from disclosure of this information to Moderna's competitors.

3.      I understand this case relates to Moderna's COVID-19 Vaccine, known as mRNA-1273 or "SpikeVax." SpikeVax is comprised of messenger RNA (mRNA) which is encased in lipid nanoparticles (LNPs).

4.      I have been provided and have reviewed the information that Moderna proposes to maintain under seal in connection with the parties' *Daubert* briefing.  As explained below, Moderna would suffer competitive and economic harm concerning its ability to price its products,

---

[1]    I understand that the Protective Order in this case (D.I. 91) includes two categories of Protected Material: "Confidential" and "Highly Confidential – Outside Counsel's Eyes Only." I understand that the parties' *Daubert* briefs and the exhibits thereto include "Highly Confidential – Outside Counsel's Eyes Only" information. For the purposes of this declaration, I have used the term "confidential" to cover this category, which should not be disclosed to the public for the reasons explained herein.

enter into contracts with vendors, and customers, as well as with other third parties, that would adversely impact its clinical development, regulatory approvals, and ability to generate revenue.

5.    The documents Moderna proposes to maintain under seal information in connection with (1) Moderna's Motion to Exclude the Expert Opinions of Catharine Lawton, Georg Schuster, Ph.D., Michael Mitchell, Ph.D., Peter J. Pitts, and Alex M. Brill and (2) Plaintiffs' Motion to Exclude Expert Testimony are summarized as follows:

(a)    Exhibit 5 (Excerpt of Reply Expert Report of Catharine Lawton)

(b)    Exhibit 15 (Excerpt of Moderna Five-Year Plan)

(c)    Exhibit 17 (Excerpt of May 15, 2020 Moderna Board Deck)

(d)    Exhibit 38 (Excerpt of the Expert Report of Catharine Lawton)

(e)    Exhibit A (Excerpt of the Expert Report of Catharine Lawton)

(f)    Exhibit C (Excerpt of the Reply Expert Report of Catharine Lawton)

(g)    Exhibit W (Excerpt of Board Meeting – CEO Update)

(h)    Exhibit X (Excerpt of Moderna July 10, 2020 Cost Proposal)

(i)    Exhibit Z is a May 15, 2020 Moderna Board of Directors Discussion

I will address the confidential information and the harm to Moderna and third parties if this information became publicly below generally as well as on a document-by-document basis.

6.    I have also been provided and have reviewed the information that Moderna proposes to maintain under seal in Exhibits A, C, W, X, and Z to Moderna's *Daubert* briefing and Exhibits 5, 15, 17, and 38 to Plaintiffs' *Daubert* briefing. The information to be maintained under seal in Moderna's Exhibits A, C, W, X and Z relate to confidential financial information such as the methods for calculating relevant sales of its products. Not only does Moderna routinely maintain the confidentiality of these categories of financial information, but Moderna would also sustain harm to its competitive standing in the pharmaceutical industry if such information were

2

disclosed to the public. Public access to the costs of goods, profit margins, and pricing structures which reflect Moderna's confidential financial modeling, market forecasting, sensitivity analyses, and risk tolerance, could enable competitors to reverse-engineer Moderna's internal pricing assumptions, cost-of-goods projections, and risk tolerances, and profit margins. Thus, in an increasingly competitive market with various biopharmaceutical companies seeking to develop and sell mRNA-based products, including COVID-19 vaccines, disclosure of Moderna's confidential financial terms would provide competitors with valuable insight into the pricing considerations, analyses, and business considerations that Moderna has developed and considers when pricing its products.

7.  The information proposed for sealing reflects non-public and highly sensitive details about Moderna's confidential business and pricing strategies, including forecasts and non-public revenue and pricing information that would prove highly commercially valuable to Moderna's competitors and seriously harm Moderna's competitive standing among other biopharmaceutical companies in this industry. I understand that courts, including the Third Circuit, protect confidential business and financial information where disclosure would cause clearly defined and serious harm. The information I describe below fits this category. The preparation of these business, financial and commercial recommendations, strategies, and goals by multidisciplinary teams at Moderna required extensive resources and planning. Disclosure of this information would not only reveal the risk evaluations, models, strategies, and planning Moderna relied on to become commercially successful, but it can also enable competitors to avoid failed or abandoned approaches that Moderna considered at significant cost.

8.  I will now address the exhibits individually, beginning with Exhibit 5. Exhibit 5 is an excerpt of the Reply Expert Report of Catharine Lawton.  The proposed redactions in footnote

3

471 and in Paragraph 161 contains highly confidential financial projections and sensitive information that is not publicly known. If these projections became public, Moderna's competitors in the biopharmaceutical industry could exploit this information to compare and prepare their own projections and business models. Competitors would bypass the research, effort, and risk valuations undertaken by Moderna, causing a clearly defined injury to Moderna. Competitors could also evaluate this information to gain non-public information about Moderna's standing and extrapolate Moderna's future planning and financial position that is not otherwise publicly available.

9. Exhibit 15 is an excerpt of Moderna's Five-Year Accelerated Plan. The presentation includes highly sensitive information about Moderna's projected valuation, investment opportunities, and assets that were presented to executive leadership. Maintaining Moderna's sensitive proprietary business forecasting information as confidential is crucial for Moderna to be able to prepare informed and specific recommendations and projections for executive leadership without incurring risk of public disclosure. Moderna's business projections contains sensitive financial information and identify specific valuations and projections that were presented to Moderna's executive leadership. This sort of information could be used by competitors in the biopharmaceutical industry preparing for regulatory approval and commercial production of drug and vaccine products to compare and prepare their own five-year plans. Competitors would bypass the research, effort, and risk valuations undertaken by Moderna, causing a clearly defined injury to Moderna. Competitors could also evaluate this information to gain non-public information about Moderna's standing and extrapolate Moderna's future planning and financial position that is not otherwise publicly available.

4

10.     Exhibit 17 and Exhibit Z are excerpts of a May 15, 2020 Moderna Board Deck. This slide deck includes detailed cost per dose information relating to Moderna's COVID-19 vaccine. Moderna's cost per dose is not publicly available, and such information would prove competitively advantageous to Moderna's competitors if made public. Moderna's cost per dose— and how it relates to Moderna's pricing strategies and calculations—could be valuable intelligence used by Moderna's competitors to evaluate Moderna's financial position and prepare pricing protocols and calculations for their own products, causing a serious injury to Moderna. Although this information is from 2020, the information included projections that extended years into the future. This information could also be extrapolated and used by competitors presently to determine Moderna's pricing strategies by simply accounting for current economic and regulatory factors in view of the model used by Moderna in 2020. In particular, slides 30 through 32 contain highly confidential financial information that, if known to Moderna's competitors, would provide valuable insight into Moderna's market position, revenue streams, projections, and overall financial position and harm Moderna's ability to sell, license, and collaborate in this highly competitive industry. These slides include detailed financial figures, risk analysis, and other sensitive commercial information that was presented to Moderna's executives and directors and is only known within a select group of Moderna employees entrusted to keep this information confidential.

11.     Exhibit 38 is an excerpt of the Expert Report of Catharine Lawton.  Paragraph 1444 contains highly confidential information relating to Moderna's financial position and equity value that is not part of public filings. This sensitive financial information could be used by Moderna's competitors, to Moderna's detriment, to negotiate agreements.

12.     Exhibit A is an excerpt of the Expert Report of Catharine Lawton. Pages 210–211, 219, 338–354, 394–400, 780–789, 861–864, 1001, 1004, 1011, and 1019 contain highly confidential information pertaining to Moderna's cost of goods as well as non-public financial position of Moderna based on internal board presentations based on future projections and projects, and other pricing analysis performed by Moderna that factored into the cost of the vaccine and Moderna's overall financial position. This analysis and advice to Moderna's executives and the calculations that were performed are sensitive business and financial information that could be analyzed and projected to gain valuable insight into Moderna's current and future financial positions. This information would be valuable to Moderna's competitors to gain favorable negotiation positions based on Moderna's confidential information.

13.     Exhibit C is an excerpt of the Reply Expert Report of Ms. Lawton. Pages 140–143, 321, 322, and 339 contains highly confidential financial position and revenue projects based on internal board meeting and executive presentations and non-public evaluations. This information, if known to Moderna's competitors, would provide valuable insight into Moderna's market position, revenue streams, projections, and overall financial position and harm Moderna's ability to sell, license, and collaborate in this highly competitive industry. These pages include detailed financial figures, risk analysis, and other sensitive commercial information that was presented to Moderna's executives and directors and is only known within a select group of Moderna employees entrusted to keep this information confidential.

14.     Exhibit W is an excerpt of a June 25, 2020 Board Meeting Update for Moderna's CEO. Exhibit W includes recommended pricing information for Moderna's COVID-19 vaccine, including the recommended price for certain foreign governments. The recommended pricing is based on underlying costs and valuation information that has not been made publicly available and

would prove competitively advantageous to Moderna's competitors. Moderna's pricing strategies and calculations could be valuable intelligence used by its competitors to evaluate Moderna's financial position and prepare pricing protocols and calculations for their own products, causing a serious injury to Moderna. Although this information is from 2020, it could be extrapolated and used by competitors presently to determine Moderna's pricing strategies by simply accounting for current economic and regulatory factors in view of the model used by Moderna in 2020.

15.     Exhibit X is an excerpt of a July 10, 2020 Cost Proposal. It includes confidential, negotiated prices for Moderna's COVID-19 vaccine, including with foreign governments, and COGS information. For the same reasons discussed above with respect to Exhibits 17 and Z, such information would prove competitively advantageous to Moderna's competitors if made public because Moderna's cost per dose—and that relationship to Moderna's pricing strategies and calculations—could be valuable intelligence used by Moderna's competitors to evaluate Moderna's financial position. The prices negotiated with foreign governments, as well as information relating to their procurement of vaccines during the pandemic, were discussed pursuant to strict confidentiality obligations. Public release of the specific pricing information would be commercially valuable intelligence for Moderna's competitors and seriously harm Moderna's ability to engage in contracts and sales with governments and third parties.

16.     The fact that confidential information to be maintained under seal in some of Moderna's exhibits date back a few years does not undermine the risk of concrete harm to Moderna that would result from its disclosure. Especially in the financial projections, revenues, profit margins, and overall financial position at Moderna. Moderna's competitive position in this highly competitive industry and its ability to develop pricing strategies, commercial strategies, and future

projections is essential for Moderna to be able to maximize its position in the market and negotiate favorable terms in commercial agreements with customers, vendors, and others in the industry.

17.     It is critical to Moderna that the Court maintain under seal Moderna's confidential information. Moderna has always taken extensive measures to maintain the confidentiality of its technical and business information, including by implementing procedures that restrict access to sensitive information even within Moderna. Employees have confidentiality obligations as part of their employment and are provided guidance regarding how to treat sensitive information. Specifically, confidential Moderna information is not to be disclosed outside of Moderna except under confidentiality agreement and when necessary. Documents containing such information may be marked as confidential or otherwise indicate they contain restricted or sensitive information. Internal to Moderna, employee access to commercially sensitive information relating to Moderna's pricing strategies, costs of goods, and financial positions, especially when presented to executives and directors at Moderna, are often restricted on a need-to-know basis, as determined by a person's group or role on a project. Moderna has been extremely concerned about the protection of its confidential information during this litigation and has been very careful to always protect this information.

18.     Based on my personal knowledge and experience in the pharmaceutical business and in business finances, I believe that disclosure of this information would significantly harm Moderna by revealing confidential data to its direct competitors and the public generally. If the confidential information and the terms of the agreement were made public, Moderna's competitors would gain a significant advantage in creating their own business strategies, and potential future negotiations involving Moderna, which would put Moderna at a significant competitive disadvantage, causing it real and serious harm.

\*        \*        \*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this December 16, 2025            Respectfully submitted,

                                             /s/ Paul Baranello
                                             Paul Baranello

9

## CERTIFICATE OF SERVICE

I hereby certify that on December 16, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on December 16, 2025, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorneys for Plaintiffs Arbutus Biopharma*<br>*Corporation and Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Adam R. Brausa, Esquire<br>Eric C. Wiener, Esquire<br>Annie A. Lee, Esquire<br>Shaelyn K. Dawson, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>*Attorneys for Plaintiff Arbutus Biopharma*<br>*Corporation* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA 90017-3543<br>*Attorneys for Plaintiff Arbutus Biopharma*<br>*Corporation* | *VIA ELECTRONIC MAIL* |

David N. Tan, Esquire                                          *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Plaintiff Arbutus Biopharma*
*Corporation*


David I. Berl, Esquire                                         *VIA ELECTRONIC MAIL*
Adam D. Harber, Esquire
Thomas S. Fletcher, Esquire
Shaun P. Mahaffy, Esquire
Andrew L. Hoffman, Esquire
Matthew W. Lachman, Esquire
Ricardo Leyva, Esquire
Arthur J. Argall III, Esquire
Falicia Elenberg, Esquire
Kathryn Larkin, Esquire
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC  20024
*Attorneys for Plaintiff Genevant Sciences GmbH*


Andrei Iancu, Esquire                                         *VIA ELECTRONIC MAIL*
Jeffrey B. Wall, Esquire
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC 20006
*Attorneys for Plaintiff Genevant Sciences GmbH*


                                   */s/ Travis J. Murray*
                                   _____
                                   Travis J. Murray (#6882)

2