# ATTACHMENT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **APTIV TECHNOLOGIES LIMITED**<br><br>*Plaintiff,*<br><br>v.<br><br>**MICROCHIP TECHNOLOGY, INC.,**<br><br>*Defendant.* | **Case No. 1:23-cv-00307-JDW** |

## <u>ORDER</u>

**AND NOW**, this 29th day of March, 2024, upon consideration of Defendant Microchip Technology, Inc.'s Motion to Seal Portions of the Joint Claim Construction Appendix (D.I. 159), I note as follows.

1.      The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). District courts apply regional circuit law with respect to motions to seal in patent cases.

2.      The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir.

2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court . . . or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

3.      A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). A district judge "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same).

4.      Microchip seeks to seal one exhibit to the Parties' Joint Claim Construction Appendix, which contains confidential technical information and schematics concerning the design and operation of Microchip's automotive USB hub technology.

5.      Proprietary technical information is a type of information that courts protect. *See, e.g., Cordis Corp. v. Abbott Lab'ys*, No. CV 07-2265 (JAP), 2009 WL 10728329,

at *2 (D.N.J. Apr. 8, 2009). Microchip states that if this information were made public, it would prove competitively advantageous to its competitors. Microchip's competitors would be able to use this information to replicate certain Microchip products and features. The market for this technology is small and highly competitive, so competitors would likely exploit this sort of technical information. Microchip has articulated a specific harm that would come from making this information public. Microchip's request is narrowly tailored to the information that would work such a competitive harm.

Therefore, it is **ORDERED** that the Motion to Seal Portions of the Joint Claim Construction Appendix (D.I. 159) is **GRANTED**.

It is **FURTHER ORDERED** that the exhibits of the Sealed Amended Joint Claim Construction Chart Appendix (D.I. Nos. 157-1, 157-2) and the Redacted Amended Joint Claim Construction Chart Appendix (D.I. Nos. 161-1, 161-2) are **STRICKEN** for failure to comply with the formatting requirement for exhibits set forth in Section I.C.1 of my Policies and Procedures. The Parties shall re-file the exhibits by April 1, 2024.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.