# ATTACHMENT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **SMARTSKY NETWORKS, LLC,**<br><br>*Plaintiff,*<br>**v.**<br><br>**GOGO BUSINESS AVIATION, LLC and**<br>**GOGO INC.,**<br><br>*Defendants.* | **Case No. 1:22-cv-00266-JDW** |

## ORDER

**AND NOW**, this 11th day of March, 2025, upon consideration of the Parties' Joint Motion For Leave To File Under Seal (D.I. 483), I note as follows.

1. The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). District courts apply regional circuit law with respect to motions to seal in patent cases.

2. The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel*

*GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that 'has been filed with the court ... or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (citation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added).

3. A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). A district judge "must 'conduct[] a document-by-document review'" to determine whether sealing is warranted. *Id.* (same).

4. The Parties seek to seal Defendant Gogo Business Aviation LLC et al.'s Opening Brief Regarding Construction Of "Overlap" Terms and the supporting exhibits, which contain confidential technical information regarding their air-to-ground networks.

5. Proprietary technical information is a type of information that courts protect. *See, e.g.*, *Cordis Corp. v. Abbott Lab'ys*, No. 07-cv-2265, 2009 WL 10728329, at *2 (D.N.J. Apr. 8, 2009). SmartSky Networks, LLC and Gogo state that if this information were

public, their competitors could replicate certain products and capabilities, giving them an advantage in the business aviation air-to-ground connectivity market. The market is small and highly competitive, so competitors would likely exploit and benefit from this sort of technical information. The Parties have articulated a specific harm that would come from making this information public, they have supported the request with Declarations rather than just arguments of counsel, and their request is narrowly tailored to the information that would work such a competitive harm.

Therefore, it is **ORDERED** that the Joint Motion For Leave To File Under Seal (D.I. 483) is **GRANTED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON