# ATTACHMENT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

<table>
<tr><td>

**MED-EL ELEKTROMEDIZINISCHE GERÄTE GES.M.B.H.** *et al.*,

                 *Plaintiffs,*

  **v.**

**ADVANCED BIONICS, LLC, et. al,**

                 *Defendants.*

</td><td>

Case No. 1:18-cv-01530-JDW

</td></tr>
</table>

## <u>ORDER</u>

**AND NOW**, this 18th day of April, 2022, the Court notes as follows.

1.     The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, the Court applies Third Circuit law with respect to motions to seal in patent cases.

2.     The common law presumes that the public has a right of access to judicial records. *In re Avandia Marketing*, 924 F.3d at 672. "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-cv-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). "A 'judicial record' is a document that

'has been filed with the court … or otherwise somehow incorporated or integrated into a district court's adjudicatory proceedings.'" *Avandia*, 924 F.3d at 672 (quotation omitted). To overcome the strong presumption of access that attaches to judicial records, a movant must show that an interest in secrecy outweighs the presumption by demonstrating that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure. *See id.* (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). The Court "must 'conduct[ ] a document-by-document review' to determine whether sealing is warranted. *Id.* (same). That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it.

3. The Parties' Joint Motion To Seal Med-El's Opening Brief In Support Of Its *Daubert* Motion To Exclude Opinions And Testimony Of Julie L. Davis And Certain Exhibits To The Declaration Of Katherine W. Soule Filed In Support Thereof (D.I. 238) and Joint Motion To Seal The Opening Brief And Certain Exhibits To The Declaration In Support Of Advanced Bionics's *Daubert* Motion To Exclude Expert Opinions Of Barry Sussman (D.I. 261) are **GRANTED** as follows:

 a. In both motions (D.I. 238, 261), the Parties ask the Court to seal certain commercially sensitive materials related to their respective businesses and finances. Those materials include highly-confidential, non-public information related to the Parties' respective unit sales, revenues, pricing, costs, inventory, profits/margins,

sales growth, market shares, market penetration, financial projections, and licensing strategies. "[C]ourts may permissibly seal judicial records 'where they are sources of business information that might harm a litigant's competitive standing.'" *Avandia*, 924 F.3d at 679 (quotation omitted); *see also Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp.2d 503, 511 (D. Del. 2012).

b.      The Court has already determined that MED-EL carried its burden to demonstrate that the Court should keep certain portions of Barry Sussman's expert report from public view and authorized MED-EL to redact those portions of the report, including Tables 1-5 and 14 and Paragraphs 211, 216, and 251. (D.I. 203.)  For the reasons set forth in the Court's prior Order, MED-EL may continue to keep those portions of Mr. Sussman's report under seal.

c.      With respect to the other materials that the Parties have asked the Court to seal, the Parties have met their respective burdens to demonstrate that they will suffer harm if their confidential financial information is made public.  The Parties agree that the highly competitive nature of the cochlear implant market heightens their need to keep their business and financial information confidential.

d.      Both MED-EL and Advanced Bionics have taken care to articulate the specific, competitive injuries that would result if this information were made public. MED-EL has supported its assertions with sworn declarations from its Head of IP.  For its part, Advanced Bionics has made the necessary showing with sworn declarations from its Senior Financial Planning and Analysis Manager.  These declarations set forth the specific harms that would occur if each specific category of the Parties' respective business and

3

financial information were made available to their fellow competitors in the highly-competitive cochlear implant market.

e.        Finally, the Court notes that the Parties' joint motions to seal are narrowly tailored.  Indeed, the Parties seek to redact relatively small, limited portions of certain briefs and exhibits, rather than seal the documents in full.  This approach will not impede the public's right to access and understand the substantive subject matter of the Parties' respective *Daubert* motions.  Thus, the Parties' proposed redactions are no greater than necessary to protect their respective interests in confidentiality of the sensitive information they have identified.  As a result, the Court will grant both motions to seal (D.I. 238, 261).

4.        The Parties' Joint Motion To Seal Certain Exhibits To The Declaration In Support Of Advanced Bionics's *Daubert* Motion To Exclude Certain Testimony Of David Trumper (D.I. 254) is **GRANTED** as follows:

a.        MED-EL has presented evidence that certain highly confidential, technical information about its 3T MRI-compatible implants, as described in Paragraph 226 of Martin Graves, Ph.D.'s rebuttal expert report, is likely a trade secret.  Indeed, that paragraph contains technical information about the implants that "derives independent economic value … from not being generally known" to MED-EL's competitors, and MED-EL takes great care to keep this information confidential, even internally.  *Elenza, Inc. v. Alcon Lab'ys Holding Corp.*, 183 A.3d 717, 721 (Del. 2018)

4

(defining trade secret) (quotation omitted).  Trade secrets are a type of material that courts will protect from disclosure.  *See Mosaid Techs.*, 878 F. Supp. 2d at 511.

b.  In addition, MED-EL has presented evidence that should this information become public and available to MED-EL's rivals in such a competitive market, then those competitors would have an advantage in creating their own messaging and business strategies, to MED-EL's disadvantage.  Thus, MED-EL has demonstrated that sealing of this single paragraph is warranted, and the Court will grant the motion (D.I. 254).

5.  The Parties' Joint Motion To Seal The Opening Brief, Statement Of Facts, And Certain Exhibits To The Declaration In Support Of Advanced Bionics's Motion For Summary Judgment (D.I. 247) is **DENIED** as follows:

a.  MED-EL asks the Court to seal documents and testimony related to its "Spherical Implant Magnet" project assignment from 2006.  This sort of confidential development and/or technical information is the type of material that courts will protect.  *See Mosaid Techs.*, 878 F. Supp. 2d at 511.  However MED-EL has not demonstrated that it will suffer a specific and serious injury if this information is disclosed on the public docket now.

b.  "[S]ealing must be based on ***current*** evidence to show how public dissemination of the pertinent materials ***now*** would cause the competitive harm." *Avandia*, 924 F.3d at 678 (quotation omitted) (original emphasis).  As a result,  "[t]he presence of stale information weighs against finding a competitive disadvantage will be created by disclosure." *Feenix Payment Sys., LLC v. Steel Cap. Mgmt., LLC*, No. 20-

5

cv-1519, 2021 WL 2188169, at *2 (D. Del. May 28, 2021) (citations omitted); *see also Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016) (explaining the fact that "information is old" may weigh against the necessity of sealing).

      c.    MED-EL seeks to seal testimony from one of the patent inventors about his thought processes back in 2003 and information concerning a related internal research development project from 2006. While MED-EL contends that it would be placed at a "significant competitive disadvantage" if its competitors have access to "data and information regarding [its] research and development projects," the Court cannot impose a seal "to protect stale information from public disclosure absent a **specific** explanation of harm resulting from such disclosure." *Feenix Payment Sys.*, 2021 WL 2188169 at *2 (emphasis added); *see also FTC v. Thomas Jefferson Univ.*, No. 21-cv-1817, 2022 WL 473024, at *3 (3d Cir. Feb. 16, 2022) ("[C]onclusory briefs and declarations seeking to seal documents miss the mark."). That is, MED-EL needed to explain with greater specificity what competitive harm will result if this decade-old information became public now. Nothing in the Declaration of Mario Konegger explains why research projects from 15-20 years ago (nearly the life of a patent) require continued secrecy, nor does he support his assertions that disclosure of this material will put MED-EL at a competitive disadvantage by exposing "competitive analysis documents" or "strategies regarding IP protection." (D.I. 250 at ¶ 13.) And nothing on the face of the documents supports that contention.

      d.    In light of the foregoing, it is **FURTHER ORDERED** that the Clerk of Court shall **UNSEAL** docket entries nos. 243, 244, 246, 246-1, 246-2, and 246-3.

BY THE COURT:

_/s/ Joshua D. Wolson_

**JOSHUA D. WOLSON, J**.
**United States District Judge**