# ATTACHMENT 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KONINKLIJKE KPN N.V.,             :

                               :

        Plaintiff,             :

                               :

v.                            :     C.A. No. 17-90-LPS

                               :

SIERRA WIRELESS, INC., AND      :

SIERRA WIRELESS AMERICA, INC.,   :

                               :

        Defendants.         :

## MEMORANDUM ORDER

At Wilmington this **16th** day of **September, 2019**:

Pending before the Court is Plaintiff's motion to seal portions of the October 24, 2018 transcript of a discovery dispute teleconference. (D.I. 169) Defendants oppose all redactions. (*See* D.I. 173) Having reviewed the parties' briefing (D.I. 169, 173, 177), IT IS HEREBY ORDERED that the motion (D.I. 169) is GRANTED.

Plaintiff has shown good cause for its proposed redactions. *See Mosaid Techs. Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 507-08 (D. Del. 2012) (outlining "good cause" standard for motion to seal). The transcript contains sensitive and confidential licensing information, the disclosure of which may harm Plaintiff's competitive position and relationship with contracting parties not subject to suit. (*See* D.I. 169 at 2 (Plaintiff arguing "public disclosure would inflict a clearly defined and serious injury on KPN (and the non-party Sisvel entities) by allowing their respective competitors to gain access to proprietary information regarding the specifics of their patent licensing arrangements"); *see also Mosaid*, 878 F. Supp. 2d at 510 (granting motion to seal portions of judicial transcript addressing terms of patent licensing agreement))

Defendants are correct that there is a public interest in revealing how Plaintiff (and its licensing affiliates) allegedly breached FRAND obligations. (*See* D.I. 173 at 2) At some stage of this case, that public interest may well come to outweigh Plaintiff's countervailing interests.[1] However, the pending motion relates solely to the transcript of a discovery teleconference. At this point, the Court is persuaded that Plaintiff's identified harm – supported by the affidavit of Mr. Wuyts, Plaintiff's Chief Intellectual Property Officer (D.I. 169-3) – is sufficiently specific and probable to warrant granting the motion.

_____
HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE

---

[1] Importantly, the transcript at issue here is of a teleconference addressing discovery disputes. Whether the same showing that has persuaded the Court to seal portions of this transcript would yield the same result had the hearing been held in Court (or if, instead of a motions hearing, it was a transcript of a trial) is not a matter presently before the Court.