# ATTACHMENT 8

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| **SMARTSKY NETWORKS, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GOGO BUSINESS AVIATION, LLC and GOGO INC.,**<br><br>*Defendants.* | **Case No. 1:22-cv-00266-JDW** |

## ORDER

**AND NOW**, this 5th day of November, 2025, upon consideration of Defendants Gogo Business Aviation, LLC and Gogo Inc.'s Unopposed Motions to Seal (D.I. 557; D.I. 573) and Plaintiff SmartSky Networks, LLC's Unopposed Motions to Seal (D.I. 560; D.I. 565), I note as follows.

1.     The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, Third Circuit law governs the motions to seal in this patent case. *See, e.g.*, *Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020).

2.      In the Third Circuit, there is a presumption at common law that the public has a right to access judicial records. *See In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). While that common law right of access is "a recognized and venerated principle, … the right is not absolute." *In re Cendant Corp. v. Forbes*, 260 F.3d 183, 194 (3d Cir. 2001) (internal quotation marks omitted). In other words, the presumption can be rebutted. *See id.*

3.      The party seeking to file material under seal can rebut the presumption by "showing that the interest in secrecy outweighs the presumption" of access. *Avandia*, 924 F.3d at 672 (internal quotation marks omitted). To do this, the party must demonstrate "that the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure." *Id.* (internal quotation marks omitted and emphasis added). With respect to the serious-injury prong, the party "must make a specific showing." *Avco Corp. v. Turner*, No. 20-cv-4073, 2021 WL 3487321, at *1 (E.D. Pa. Aug. 9, 2021). "Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Avandia*, 924 F.3d at 673 (internal quotation marks omitted).

4.      The court must then engage in "[c]areful" factfinding and balance the public's right of access against the party's secrecy interests. *Id.* (internal quotation marks omitted). This means that courts need to "conduct a document-by-document review of

2

the documents the party wishes to seal." *Avco Corp.*, 2021 WL 3487321, at *1 (internal

quotation marks omitted).

**Gogo's Motions To Seal**

5.      Gogo moves to seal select portions of Exhibit 4 to its Brief In Support Of

Motion For Summary Judgment Of No Damages (D.I. 557) and Exhibit 5 to its Opposition

To SmartSky's Motion To Bifurcate Trial Or, In The Alternative, To Continue Trial, And

Supplement Expert Reports (D.I. 573). Gogo asserts that the information it designated

across these two exhibits, which appear to be copies of the same document, constitutes

"highly confidential and proprietary business analyses and forecasting information and

contractual terms with a third-party." (D.I. 558 at 4; D.I. 574 at 4.) According to Gogo, if

this information were disclosed to the public, that disclosure "would cause real and serious

competitive harm to Gogo" as it would provide Gogo's "competitors in the in-flight

connectivity market" with "access to non-public information about Gogo's financial

information, forecasting, and confidential contractual terms with third parties." (D.I. 558

at 4–5; D.I. 574 at 4–5.) Gogo offers two Declarations that explain that disclosure would

"reveal proprietary insights into Gogo's decision-making processes, technical evaluations,

and business rationale," thereby causing "substantial economic harm" and "confer[ring] a

significant competitive disadvantage to Gogo." (D.I. 558-1 at 3; D.I. 574-1 at 3.)

6.      Gogo also requests – in the footnotes of its briefs in support of its Motions

To Seal – the sealing of select portions of Exhibits 2 and 4 to its Brief In Support Of Motion

For Summary Judgment Of No Damages (D.I. 558 at 2–3 n.1) and Exhibits 3, 4, and 5 of its Opposition To SmartSky's Motion To Bifurcate Trial Or, In The Alternative, To Continue Trial, And Supplement Expert Reports (D.I. 574 at 3 n.1). My Policies and Procedures explicitly warn Parties that I "*will not consider substantive arguments made in footnotes*." (Policies and Procedures, § III.A. (*emphasis in original*).) However, because it is clear to me that this information constitutes confidential information, such as "Gogo's internal forecasts," which if publicly disclosed "would cause substantial economic harm and confer a significant competitive disadvantage to Gogo," I will deviate from my Policies And Procedures this one time. (D.I. 558 at 2–3 n.1; D.I. 574 at 3 n.1.) However, I expect the Parties to be mindful of my Policies going forward. Forfeiting a legal argument that is buried in a footnote is not the sort of harm that I will excuse.

7.      Having reviewed the Exhibits and considered Gogo's arguments, I am persuaded that Gogo has rebutted the presumption of access. The information that Gogo seeks to seal is clearly of the kind that courts will protect. *See Avandia*, 924 F.3d at 679. Gogo has made specific showings that it would experience clearly defined and serious injury if this information were public. I will therefore grant Gogo's Motions To Seal.

**SmartSky's Motions To Seal**

8.      SmartSky moves to seal select portions of Exhibits 2 and 4 to Gogo's Motion For Leave To File Expedited Motion For Summary Judgment Of No Damages (D.I. 560) and the entirety of Exhibit C to SmartSky's Motion To Bifurcate Damages For A Separate

4

Phase Of Trial Or, In The Alternative, To Continue Trial To Permit Limited Supplementation Of Expert Reports On Damages (D.I. 565). SmartSky alleges that the information it designated across these three documents constitutes either "highly confidential financial information surrounding the costs and value of SmartSky's [air-to-ground] infrastructure, as well as key licensing information" (D.I. 561 at 8) or "highly confidential business and regulatory information surrounding the rollout for [regulatory] approval, including business partners, aviation models, and timelines" (D.I. 566 at 7).

9. SmartSky insists that if these materials were disclosed to the public, then SmartSky would suffer clearly defined and serious injuries. In particular, SmartSky argues that the disclosure of its confidential information on pages 14 and 19 of Exhibit 2 and in paragraph 78 of Exhibit 4 "could be used by SmartSky's competitors, customers, and potential licensees to gain a tactical advantage with SmartSky regarding licensing, purchasing, or investing in SmartSky's [air-to-ground] technology." (D.I. 561 at 6–7.) SmartSky also alleges that if its confidential business and regulatory information in Exhibit C was disclosed to the public, SmartSky's competitors could use it to "develop … their own [air-to-ground] networks" and – along with SmartSky's investors and licensees – "assess" and "determine" SmartSky's financial position, thus "inhibit[ing]" SmartSky's ability to sell and license its technology. (D.I. 566 at 6–7.) SmartSky supports its arguments with two Declarations that explain, with specificity, the harm that SmartSky would suffer from the disclosure of this information.

10. I am persuaded that SmartSky has rebutted the presumption of access. The information that SmartSky seeks to seal is clearly the sort of information that courts will protect. *See, e.g., Boehringer Ingelheim Pharma GMBH & Co. KG v. Mylan Pharms., Inc.,* No. 14-4727, 2015 WL 1816473, at *2 (D.N.J. Apr. 22, 2015). I will therefore grant SmartSky's Motions To Seal.

Therefore, it is **ORDERED** as follows:

1. Gogo's Motions To Seal (D.I. 557; D.I. 573) are **GRANTED**; and

2. SmartSky's Motions To Seal (D.I. 560; D.I. 565) are **GRANTED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.
