IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ARBUTUS BIOPHARMA CORPORATION )
and GENEVANT SCIENCES GmbH, )
                                  )
            Plaintiffs, )
                                  )
        v. )   C.A. No. 22-252 (JDW)
                                  )
MODERNA, INC. and MODERNATX, INC. )
                                  )
        Defendants. )
MODERNA, INC. and MODERNATX, INC., )
                                  )
           Counterclaim-Plaintiffs, )
                                  )
        v. )
                                  )
ARBUTUS BIOPHARMA CORPORATION )
and GENEVANT SCIENCES GmbH, )
                                  )
           Counterclaim-Defendants. )

**MODERNA'S MOTION FOR PROTECTIVE ORDER UNDER
COURT'S DISCOVERY DISPUTE PROCEDURES REGARDING
PLAINTIFFS' IMPROPER DEPOSITION DESIGNATIONS**

OF COUNSEL:

James F. Hurst
KIRKLAND & ELLIS LLP
333 W. Wolf Point Plaza
Chicago, IL 60654
(312) 862-2000

Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 389-5000

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
began@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants*

Yan-Xin Li
Hannah Suh
Laura Ashley Harris
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Leslie M. Schmidt, P.C.
Mark C. McLennan
N. Kaye Horstman
Shaoyao Yu
Mara L. Greenberg
Andrew Lee
Brad Deem
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4679

Noah Frank
Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500

January 16, 2026

Jaime A. Santos
William M. Jay
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000

Jordan Bock
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1000

Gabriel B. Ferrante
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

Moderna respectfully moves for a protective order concerning Plaintiffs' improper deposition designations that have been identified in the pretrial order exchange process. As explained below, Plaintiffs served designations from 14 depositions of fact witnesses from unrelated proceedings and undisclosed experts, imposing an undue burden on Moderna and threatening to complicate trial preparation. Plaintiffs have refused to withdraw these 14 irrelevant transcripts,[1,2] and prompt intervention by the Court is necessary to confine the parties' pretrial exchanges to material obtained in this action.

## I.      BACKGROUND

As part of their pretrial disclosures for the March 9 trial, Plaintiffs served deposition designations from 33 depositions—including **14 depositions** unrelated to this case and/or the upcoming trial. Twelve of the 14 depositions are from *Moderna, Inc. v. Pfizer, Inc.*, No. 22-cv-11378 (D. Mass.) ("*Pfizer Case*"), a wholly unrelated suit involving different patents with different claimed subject matter and priority dates, different parties, a different accused product, and distinct factual and legal issues. *Pfizer Case*, D.I. 1. The remaining two depositions are (1) the deposition of expert witness Dr. Thomas Anchordoquy taken in an *inter partes* review proceeding concerning a patent no longer asserted in this case[3] and (2) the deposition of Professor Stephen Byrn, whose testimony in this case was limited to a single discovery issue resolved by stipulation more than two years ago. D.I. 228; D.I. 183, Ex. 14.

---

[1]   When Moderna raised this dispute with Plaintiffs, Plaintiffs responded by raising the number of documents on Moderna's exhibit list. Although Moderna's exhibit list is proportionate to the number of documents produced in this case, Moderna informed Plaintiffs that Moderna is actively reducing the size of its exhibit list and will shortly serve an updated exhibit list.

[2]   Plaintiffs indicated on January 15, 2026 that they are considering withdrawing or reducing the number of designations for two witnesses deposed in this case, one witness from the *Moderna v. Pfizer* case, and Professor Byrn, but have not informed Moderna of their final position.

[3]   *See Moderna Therapeutics, Inc. v. Arbutus BioPharma, Corp.*, IPR2019-00554, Ex. 2043 (P.T.A.B. Mar. 31, 2020), which involved the now dropped '069 patent.

1

These 14 deposition transcripts span 2,946 pages—not including exhibits—and nearly **double** the number of transcripts Moderna must review. Counter-designations and objections are due on January 27, 2026, leaving Moderna insufficient time to review these extraneous transcripts. The burden is particularly acute for the 12 transcripts from the *Pfizer Case*, requiring Moderna to review testimony from an unrelated lawsuit to provide objections and counter-designations. Thus, given the time-sensitivity associated with this deadline and the undue burden associated with the preparation of counter-designations and objections to Plaintiffs' improper designations, Moderna promptly raises this dispute pursuant to Paragraph II.C.1. of the Court's Policies and Procedures. Moderna cannot wait until the Pretrial Order to raise this dispute due to the significant resources it will take to review these depositions—diverting those resources from other pretrial preparations.[4] Moderna, therefore, respectfully requests that this Court limit the parties to designating deposition testimony from fact witnesses deposed in this case.

## II.    IMPROPER DESIGNATIONS FROM THE UNRELATED *PFIZER CASE*

Plaintiffs' attempt to designate 12 depositions from the *Pfizer Case* is improper under FRCP 32 and 37, and FRE 401 and 403.

To start, FRCP 37 bars Plaintiffs from introducing the 12 *Pfizer Case* depositions. FRCP 37 clearly states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial." FRCP 37(c)(1). In contravention of this rule, six of the 12 deposition transcripts designated by Plaintiffs are from witnesses who were **never** disclosed or deposed in this case. Exs. 1–2; App'x A. Thus, FRCP 37 alone bars any testimony from these six witnesses.

---

[4]    Moderna anticipates that it will move *in limine* to more broadly preclude argument, testimony, and reference to unrelated lawsuits and disputes involving Moderna, including the *Pfizer Case*. The instant motion separately seeks an order that would protect Moderna from the undue burden of counter-designating Plaintiffs' improper deposition designations.

Similarly, FRCP 32 prohibits introducing the *Pfizer Case* testimony from all twelve depositions through deposition designations. FRCP 32(a)(8) provides that "[a] deposition lawfully taken . . . may be used in a later action involving the same subject matter between the same parties" and is clearly inapplicable to depositions from the *Pfizer Case*, which involves ***different parties*** (Pfizer and BioNTech), ***different patents***, and a ***different accused product***. *See* D.I. 231 at 123:8–10 (Judge Goldberg agreeing "these are your clients being deposed in another case . . . . That's a different case in a different jurisdiction. I'm with you, different issues."). Indeed, Judge Bryson, sitting by designation in this District, has explained that the plain language of FRCP 32(a)(8) precludes a party from introducing depositions taken in a different case. *See Ingenico Inc. v. Ioengine, LLC*, No. 18-826, 2022 WL 22835287, at *10 (D. Del. Jul 5, 2022) ("[U]under the plain language of FRCP 32(a)(8), notice of a deposition in [a different] case, a separate case, is not enough to render the deposition testimony admissible against Ingenico in the Ingenico case" "because the [ ] action[s were] not between the same parties.") (internal quotes omitted).

The plain language of FRCP 32(a)(8) notwithstanding, Plaintiffs contend that they may designate from the *Pfizer Case* because the transcripts may be admissible under the FRE. *See* FRCP 32(a)(8) ("A deposition previously taken may also be used as allowed by the [FRE]."). But if there were truly no limits on the use of deposition testimony from unrelated cases other than those supplied by the FRE, then the "same subject matter between the same parties" limitation provided by FRCP 32(a)(8) would be rendered a nullity. That cannot be correct. Under a proper reading, the *Pfizer Case* depositions fall outside the express limits on use of former testimony.

Even if FRCP 32 permitted Plaintiffs to introduce deposition testimony from the *Pfizer Case* (it does not), this evidence would be inadmissible under FRE 401 and 403, confirming the futility of diverting resources to review of these 12 transcripts. It is well established that evidence

from a different proceeding or litigation is generally not admissible in a subsequent proceeding because such evidence "risks requiring innumerable additional admissions of more and more evidence (for context, clarity, or fairness) from other litigations and proceedings," causing "immense confusion for the jury, which needs to remain focused on the few issues it is actually being asked to decide." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. 08-309, 2018 WL 5631531, at *2 (D. Del. Oct. 31, 2018); *see also Johns Hopkins Univ. v. Alcon Lab'ys Inc.*, No. 15-525, 2018 WL 4178159, at *21 (D. Del. Aug. 30, 2018).

This rationale squarely applies here. The *Pfizer Case* does not bear on any fact or issue in this case and does not make any fact more or less probable. Even if this testimony had minimal relevance (it does not), its introduction would create an unnecessary sideshow. Moderna would need to waste valuable trial time explaining to the jury the *Pfizer Case* patents and accused products, the differences between the allegations in this case and the *Pfizer Case*, and the positions of the *Pfizer Case* parties. This detour into an entirely different case is a clear waste of time. *See Orexo AB v. Actavis Elizabeth LLC*, 424 F. Supp. 3d 371, 382–83 (D. Del. 2019) (concluding evidence from a prior case "involv[ing] a different drug than the accused products" had "limited probative value [which was] substantially outweighed by the jury confusion and unfair prejudice its admission at trial would have caused"); *Lab'y Corp. of Am. Holdings v. Natera, Inc.*, No. 21-669, 2025 WL 2467548, at *5 (D. Del. Aug. 27, 2025) ("Courts routinely exclude evidence and argumentation relating to prior litigation because the risk of unfair prejudice substantially outweighs the probative value of any evidence. In patent cases, evidence from prior litigations is sometimes excluded even when there is an overlap between litigants and asserted patents." (citations and internal quotes omitted)); *Speyside Med., LLC v. Medtronic Corevalve, LLC*, No. 20-361, D.I. 571 at 76–77 (D. Del. Sept. 20, 2024) (denying "request to read in trial and deposition

4

testimony from [another] case" because "the prejudice substantially outweighs any probative value"). In fact, Judge Goldberg had the same concern when the parties first disputed production of the *Pfizer Case* testimony. *See* D.I. 231 at 118:3–5 ("But it sounds like, for me to resolve this, not only am I going to have to understand this case, but I'm going to have to understand the Massachusetts case."). This concern is heightened here where the parties anticipate a timed trial, which would unfairly force Moderna to waste precious trial time on deposition or live testimony to explain the facts of ***another*** lawsuit to provide adequate context to these depositions.

Because the *Pfizer Case* designations have no permissible purpose at the upcoming trial, Moderna respectfully requests that the Court limit deposition designations of fact witnesses to depositions actually taken in this case.

## III.    EXPERT TESTIMONY BY DEPOSITION SHOULD BE EXCLUDED

Plaintiffs have also improperly designated deposition testimony from Dr. Anchordoquy and Professor Byrn. Courts are generally skeptical of admitting expert deposition testimony instead of calling an expert live. *See, e.g.*, *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, No. 97-529, 2000 WL 135129, at *2 (D. Del. Jan 13, 2000) ("[T]here is something unusual about the use of the prior testimony of an expert witness that calls for further scrutiny of his unavailability." (citation omitted)). Moreover, Dr. Anchordoquy was not disclosed as a testifying expert under FRCP 26. *See* FRCP 26(a)(2). Under Third Circuit precedent, Dr. Anchordoquy's deposition testimony is hearsay, and Plaintiffs may not introduce it at trial. *Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 162–64 (3d Cir. 1995) (concluding prior expert testimony from a separate litigation is hearsay). Similarly, Professor Byrn's testimony relates to a ***11-page*** declaration on a discovery dispute that the parties resolved years ago. D.I. 183, Ex. 14. Aside from irrelevance under FRE 401, neither party disclosed reliance on Professor Byrn under FRCP 26. Plaintiffs should therefore be precluded from designating this undisclosed expert opinion relating to a moot discovery dispute.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

OF COUNSEL:

/s/ *Travis J. Murray*

James F. Hurst
KIRKLAND & ELLIS LLP
333 West Wolf Point Plaza
Chicago, IL  60654
(312) 862-2000

Brian P. Egan (#6227)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
began@morrisnichols.com
tmurray@morrisnichols.com

Jason M. Wilcox, P.C.
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
(202) 389-5000

*Attorneys for Defendants*

Yan-Xin Li
Hannah Suh
Laura Ashley Harris
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA  94104
(415) 439-1400

Jaime A. Santos
William M. Jay
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000

Patricia A. Carson, Ph.D.
Jeanna M. Wacker, P.C.
Leslie M. Schmidt, P.C.
Mark C. McLennan
N. Kaye Horstman
Shaoyao Yu
Mara L. Greenberg
Andrew Lee
Brad Deem
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4679

Jordan Bock
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA  02210
(617) 570-1000

Gabriel B. Ferrante
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY  10018
(212) 813-8800

Noah Frank
Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA  02116
(617) 385-7500

January 16, 2026

6

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 16, 2026, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Emily S. DiBenedetto, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH* | *VIA ELECTRONIC MAIL* |
| Daralyn J. Durie, Esquire<br>Adam R. Brausa, Esquire<br>Eric C. Wiener, Esquire<br>Annie A. Lee, Esquire<br>Shaelyn K. Dawson, Esquire<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA  94105-2482<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |
| Kira A. Davis, Esquire<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, CA  90017-3543<br>*Attorneys for Plaintiff Arbutus Biopharma Corporation* | *VIA ELECTRONIC MAIL* |

David N. Tan, Esquire                                                *VIA ELECTRONIC MAIL*
MORRISON & FOERSTER LLP
2100 L Street, NW, Suite 900
Washington, DC  20037
*Attorneys for Plaintiff Arbutus Biopharma*
*Corporation*

David I. Berl, Esquire                                              *VIA ELECTRONIC MAIL*
Adam D. Harber, Esquire
Thomas S. Fletcher, Esquire
Shaun P. Mahaffy, Esquire
Andrew L. Hoffman, Esquire
Matthew W. Lachman, Esquire
Ricardo Leyva, Esquire
Arthur J. Argall III, Esquire
Falicia Elenberg, Esquire
Kathryn Larkin, Esquire
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC  20024
*Attorneys for Plaintiff Genevant Sciences GmbH*

Andrei Iancu, Esquire                                              *VIA ELECTRONIC MAIL*
Jeffrey B. Wall, Esquire
SULLIVAN & CROMWELL LLP
1700 New York Avenue, N.W., Suite 700
Washington, DC 20006
*Attorneys for Plaintiff Genevant Sciences GmbH*

                                                        */s/ Travis J. Murray*
                                                        _____
                                                        Travis J. Murray (#6882)

2