# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | C.A. No. 22-252-MSG |
| MODERNA, INC. and MODERNATX, INC., | ) ) | |
| Defendants. | ) | |

**AMENDED RULE 26(a) INITIAL DISCLOSURES OF**
**PLAINTIFF GENEVANT SCIENCES GMBH**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Genevant Sciences GmbH ("Genevant") hereby provides the following amended initial disclosures to Defendants Moderna, Inc. and ModernaTX, Inc. (collectively "Moderna").

Genevant makes these initial disclosures based upon information known to Genevant as of the date hereof, and based on information obtained to date and reasonably available to Genevant, without the benefit of formal discovery. By making these disclosures, Genevant does not represent that it is identifying every document, tangible thing, or witness that may be relevant to the issues in this lawsuit, or on which Genevant may rely in support of its claims and defenses. Genevant's investigation is ongoing and, accordingly, Genevant reserves the right to modify, amend, or otherwise supplement these disclosures, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure (either through express supplements to these disclosures or through responses to formal discovery), as additional information becomes available during the course of the above-captioned actions or in the event that one or more witnesses becomes unavailable and other witnesses must be substituted.

1

Genevant's disclosures are made without waiving, in any way: (1) the right to object on the grounds of proportionality, competency, privilege, relevancy, materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in this action or any other action; and (2) the right to object on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

## I.    Individuals

Pursuant to Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure, Genevant discloses that the following individuals are likely to have discoverable, non-privileged information that Genevant may use to support its claims or defenses, unless solely for impeachment.

In making these disclosures, Genevant does not represent that these custodians have relevant documents in their possession, custody, or control, and does not waive its right to object, pursuant to the applicable rules, to discovery of information from any of the individuals listed below, including without limitation by deposition, based on the attorney-client privilege, work product immunity, relevancy, undue burden, third-party confidentiality, and/or any other valid objection.  Nor does Genevant represent that it is identifying every witness possibly relevant to this litigation.  Genevant does not consent or authorize Moderna or their counsel to communicate with any of Genevant's current or former employees and/or consultants.  Any communications with current or former employees of Arbutus or Genevant should be directed through Arbutus's or Genevant's counsel, whichever the case may be.

1.    **James Heyes**, Chief Scientific Officer, Genevant Sciences Corporation, c/o Williams & Connolly LLP, 680 Maine Avenue SW, Washington, DC 20024, (202) 434-5000.  Dr. Heyes may have knowledge regarding the inventions claimed in the patents-in-suit.

2.    **Kieu Lam**, Senior Director, Technology Development, Genevant Sciences

Corporation, c/o Williams & Connolly LLP, 680 Maine Avenue SW, Washington, DC 20024, (202) 434-5000.   Dr. Lam is inventor named on U.S. Patent Nos. 8,058,069 ("the '069 patent"), 8,492,359 ("the '359 patent"), 8,822,668 ("the '668 patent"), 9,364,435 ("the '435 patent"), and 11,141,378 ("the '378 patent").  Dr. Lam may have knowledge regarding conception and reduction to practice of the inventions claimed in the patents-in-suit.

3.    **Peter Lutwyche**, Chief Executive Officer, President, Genevant Sciences Corporation, c/o Williams & Connolly LLP, 680 Maine Avenue SW, Washington, DC 20024, (202) 434-5000.  Dr. Lutwyche may have knowledge regarding licensing of the patents-in-suit and associated royalties, and Genevant's operations and business as they relate to the patent-in-suit.

4.    **Ian MacLachlan**, Former Executive Vice President, Chief Technology Officer, and Chief Scientific Officer, Tekmira Pharmaceutical Corp.; Former Chief Scientific Officer, Protiva Biotherapeutics Inc. (Co-founder), c/o Williams & Connolly LLP, 680 Maine Avenue SW, Washington, DC 20024, (202) 434-5000.  Dr. MacLachlan is an inventor named on the '069, '359, '668, '435, and '378 patents, and U.S. Patent No. 9,504,651 ("the '651 patent").  Dr. MacLachlan may have knowledge regarding conception and reduction to practice of the inventions claimed in the patents-in-suit, and Protiva's and Tekmira's operations and business as they relate to the patent-in-suit.

5.    **Edward Yaworski**, Chief Technology Officer, Genevant Sciences Corporation, c/o Williams & Connolly LLP, 680 Maine Avenue SW, Washington, DC 20024, (202) 434-5000.  Dr. Yaworski is an inventor named on the '069, '359, '668, '435, and '378 patents.  Dr. Yaworski may have knowledge regarding conception and reduction to practice of the inventions claimed in the patents-in-suit.

6.    **Peter Zorn**, President & Chief Legal Officer, Genevant Sciences, Inc.*,* c/o

3

Williams & Connolly LLP, 680 Maine Avenue SW, Washington, DC 20024, (202) 434-5000.  Mr. Zorn may have knowledge regarding licensing of the patents-in-suit and associated royalties, and Genevant's operations and business as they relate to the patent-in-suit.

7.      **Michael McElhaugh**, Interim President and Chief Executive Officer and Director, Arbutus Biopharma Corporation, c/o Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, (415) 268-6080.  Mr. McElaugh may have knowledge regarding licensing of the patents-in-suit and associated royalties, and Arbutus's operations and business as they relate to the patent-in-suit.

8.      **Mark Murray**, Former Chief Executive Officer and Co-Founder of Arbutus Biopharma Corporation, c/o Morrison & Foerster LLP, 425 Market Street, San Francisco, CA 94105-2482, (415) 268-6080.  Dr. Murray may have knowledge regarding licensing of the patents-in-suit and associated royalties, and Arbutus's operations and business as they relate to the patents-in-suit.

9.      One or more current and/or former directors or employees of Defendants who may have knowledge regarding the research, design, development, function, manufacturing, sale, offer for sale, marketing, and use of the Accused Product.

10.      One or more third-parties who may have knowledge regarding the research, design, development, function, manufacturing, sale, offer for sale, marketing, and use of the Accused Product, including third-parties involved in the research, design, development, function, manufacturing, sale, offer for sale, marketing, and use of the Accused Product, and third-parties involved in Operation Warp Speed and/or the negotiation and administration of Contract No. W911QY20C0100 ("the -0100 Contract") or Contract No. W58P05-22-C-0017 ("the -0017 Contract") between the U.S. Government and Moderna.

4

\*    \*    \*

In addition to the above-named individuals, other persons identified in the documents described in Section II below may have discoverable information that Genevant may use to support its claims or defenses. Genevant also identifies third parties identified and/or subpoenaed by any of the parties in this action. Genevant reserves the right to modify and supplement the foregoing list and to identify and call as witnesses additional persons if, during the course of discovery and investigation relating to this case, Genevant learns that such additional persons have knowledge or information that Defendants may use to support their claims or defenses.

Further, Genevant also reserves the right to call as witnesses individuals in addition to those identified herein to the extent such witnesses are required to authenticate an exhibit offered into evidence or to establish chain of custody of an exhibit offered into evidence. Genevant also may rely on expert witnesses, to be disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2), to support its claims or defenses. Genevant specifically reserves the right to call any deponent or declarant in this action as a trial witness to testify regarding matters covered in his/her deposition or Genevant and/or to rely on any such testimony in support of its claims or defenses in this case. Genevant further specifically reserves the right to call any individual(s) identified in any other party's disclosures.

## II.    Documents, Data Compilations, Tangible Things

Pursuant to Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, based on the information presently available and subject to a further investigation, the following are documents, electronically stored information, and tangible things in Genevant's possession, custody, or control that may be used to support its claims and/or defenses, unless such use is solely for impeachment. This disclosure does not include expert materials that may be or have been developed, which will be disclosed as appropriate pursuant to Federal Rule of Civil Procedure 26(a)(2). This disclosure

5

does not constitute an admission as to the existence, relevance, or admissibility of the identified materials or a waiver of any attorney-client privilege, work-product protection, or other applicable objection, privilege, or immunity.

Unless stated otherwise, the following documents, electronically stored information, and tangible things are maintained at 701 Veterans Circle, Warminster, Pennsylvania, 18974, or another office of Arbutus, and available through Arbutus's counsel of record, Morrison & Foerster; and/or at Viaduktstrasse 8, 4051 Basel, Switzerland, or another office of Genevant, and available through Genevant's counsel of record, Williams & Connolly LLP.

1. The patents-in-suit and their file histories.

2. Documents relating to the conception and reduction to practice of the inventions claimed in the patents-in-suit.

3. Documents relating to Plaintiffs' ownership of the patents-in-suit and standing to bring this lawsuit.

4. Executed licenses to the patents-in-suit.

5. Documents relating to the research, design, development, function, manufacturing, sale, offer for sale, marketing, and use of the Accused Product, including but not limited to Biologics License Application No. 125752; Investigational New Drug Application No. 19745; and Emergency Use Authorization No. 27073.

6. Documents relating to Defendants' infringement of the patents-in-suit, including Defendants' willful infringement.

7. Documents relating to Plaintiffs' damages resulting from Defendants' infringement of the patents-in-suit.

8. Documents relating to Operation Warp Speed and the benefits received by the

6

American people as result of Operation Warp Speed and the -0100 and -0017 Contracts. These documents, or a subset thereof, may be maintained by Defendants and/or third parties.

9.     Pre-suit correspondence between Plaintiffs and Moderna.

10.     Documents identified by Defendants in their Answer, initial disclosures, or other submissions.

Genevant's investigation into its claims and defenses is ongoing and, therefore, Genevant reserves all rights to supplement or amend this disclosure pursuant to Federal Rule of Civil Procedure 26(e) and to use additional documents and information as its discovery and investigation proceed.  Genevant also may rely on documents that are produced by any party to this litigation, including Genevant itself, Defendants, or third-parties.  Furthermore, Genevant reserves the right to supplement or modify this disclosure based on information or documents subsequently identified as relevant.

Notwithstanding this identification of these categories of documents, Genevant reserves the right to object to any of Defendants' discovery requests on related topics to the extent such requests are overly broad, unduly burdensome, and/or call for documents beyond the scope of Genevant's discovery obligations under the Federal Rules of Civil Procedure or the Local Rules, and/or on any other applicable basis for objection.

Genevant continues to search for additional documents and information that it may use to support its claims, and expressly reserves the right to supplement this disclosure with such additional documents or information.  In addition to the above-described documents, Genevant may also rely upon publicly available documents and/or documents produced by third-parties in this or other litigations.  Genevant also expects that experts may identify documents used to support their opinions pertaining to the issues in this case during the course of expert discovery.

## III.    Computation of Damages

Pursuant to Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure, Genevant discloses that it has incurred economic harm as a result of Defendants' infringement of the patents-in-suit and will seek lost profits and damages reflecting adequate compensation for Defendants' use of the patented invention(s), but in no event less than a reasonable royalty on the sale of each dose of the Accused Products, together with pre- and post-judgment interest and costs as fixed by the Court.  Discovery will be needed from the Defendants before Genevant can compute the amount of their damages.  Genevant will rely on a damages expert, and, therefore, will provide a complete computation of damages at the time for expert disclosures.  Genevant seeks enhancement of their damages due to Defendants' willful infringement of the patents-in-suit.  Genevant also seeks an award of attorneys' fees under 35 U.S.C. § 285 and their costs of suit, the amounts of which are not yet known.

Genevant reserves the right to supplement, modify, or add to this response as circumstances dictate and in accordance with the Court's Scheduling Order, the Federal Rules of Civil Procedure, the Local Rules of Civil Practice and Procedure, and/or any other applicable rule or order.

## IV.    Insurance Agreements

Pursuant to Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure, Genevant discloses that it is unaware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

8

OF COUNSEL:
David I. Berl
Adam D. Harber
Thomas S. Fletcher
Jessica Palmer Ryen
Shaun P. Mahaffy
Jihad J. Komis
Anthony H. Sheh
Matthew W. Lachman
Ricardo Leyva
Philip N. Haunschild
Falicia Elenberg
Kathryn Larkin
WILLIAMS & CONNOLLY LLP
680 Maine Avenue S.W.
Washington, DC 20024
(202) 434-5000
*Attorneys for Plaintiff Genevant
Sciences GmbH*

Dated: May 24, 2024

/s/ Nathan R. Hoeschen
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2024, this document was served on the persons listed below in the manner indicated:

**BY EMAIL:**

Jack B. Blumenfeld
Brian P. Egan
Travis J. Murray
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
tmurray@morrisnichols.com

Patricia A. Carson, Ph.D.
Jeanna M. Wacker
Mark C. McLennan
Nancy Kaye Horstman
Shaoyao Yu
Caitlin Dean
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800
patricia.carson@kirkland.com
jeanna.wacker@kirkland.com
mark.mclennan@kirkland.com
kaye.horstman@kirkland.com
shaoyao.yu@kirkland.com
caitlin.dean@kirkland.com

Alina Afinogenova
KIRKLAND & ELLIS LLP
200 Clarendon Street
Boston, MA 02116
(617) 385-7500
alina.afinogenova@kirkland.com

James F. Hurst
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
(312) 862-2000
james.hurst@kirkland.com

Yan-Xin Li
KIRKLAND & ELLIS LLP
555 California Street, 27th Floor
San Francisco, CA 94104
(415) 439-1400
yanxin.li@kirkland.com

10

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*

11