# EXHIBIT 2P

**EXHIBIT 2P**

**PLAINTIFFS' STATEMENT OF
ISSUES OF FACT THAT REMAIN TO BE LITIGATED**

Pursuant to D. Del. L.R. 16.3(c)(4), Plaintiffs hereby submit the following Statement of Issues of Fact that Remain to be Litigated ("Statement").  Plaintiffs incorporate by reference any issue of fact set forth in its responsive papers to any comparable material filed by Moderna.

By including a fact in this Statement, Plaintiffs do not assume the burdens of proof that govern that fact.  For example, with respect to Defendants' invalidity allegations, Moderna alone bears the burdens of production and persuasion. Only if Moderna proves *prima facie* invalidity would Plaintiffs be required to present rebuttal evidence.  And at all times, Moderna retains the burden to prove invalidity by clear and convincing evidence.

Plaintiffs reserve the right to modify or supplement this Statement to the extent necessary to reflect any future rulings by the Court, or to fairly respond to any new issues that Moderna may raise.  By submitting this Statement, Plaintiffs do not waive their right to amend or supplement this submission after it considers Moderna's submissions, whether made part of this Pretrial Order or otherwise made apparent in pretrial proceedings, trial, or post-trial briefing.

If any of these issues are deemed to be an issue of law rather than an issue of fact, Plaintiffs incorporate the issues by reference into Plaintiffs' Statement of Issues of Law that Remain to be Litigated (Exhibit 3P).  Conversely if any issue in Plaintiffs' Statement of Issues of Law that Remain to be Litigated is deemed to be an issue of fact, Plaintiffs incorporate the issues by reference into this Statement.

By providing this Statement, Plaintiffs do not concede that all of the recited issues are appropriate for trial.

1

## I.      Asserted Patents and Claims

1.      All of the Asserted Patents in this litigation are assigned to and owned by Arbutus. Pursuant to a license from Arbutus, Genevant holds exclusive rights to all of the Asserted Patents in various fields of use that include the vaccine application at issue here, including the right to sue for infringement.

## II.     Infringement

2.      Whether Moderna has infringed and/or is literally infringing, directly or indirectly, claims 7, 9, 11, 13, and/or 14 of the '651 patent.[1]

3.      Whether Moderna has infringed and/or is infringing, directly or indirectly, literally or under the doctrine of equivalents, claims 7, 8, and/or 16 of the '435 patent.

4.      Whether Moderna has infringed and/or is infringing, directly or indirectly, literally or under the doctrine of equivalents, claims 7 and/or 12 of the '359 patent.

5.      Whether Moderna has infringed and/or is infringing, directly or indirectly, literally or under the doctrine of equivalents, claims 2, 7, 13, 18, and/or 19 of the '378 patent.

## III.    Willful Infringement

6.       Whether Moderna has willfully infringed and/or is willfully infringing claims 7, 9, 11, 13, and/or 14 of the '651 patent.

7.      Whether Moderna has willfully infringed and/or is willfully infringing claims 7, 8, and/or 16 of the '435 patent.

8.      Whether Moderna has willfully infringed and/or is willfully infringing claims 7 and/or 12 of the '359 patent.

---

[1] Plaintiffs identified claims in the Asserted Patents pursuant to the Court's Order regarding narrowing (D.I. 475).  In complying with the Court's narrowing Order, Plaintiffs have not withdrawn their infringement allegations as to any patent or claim raised in the Complaint or case to date, and reserve all rights to assert additional claims in any later proceedings.

9.    Whether Moderna has willfully infringed and/or is willfully infringing claims 2, 7, 13, 18, and/or 19 of the '378 patent.

## IV.    Validity

10.    Whether clear and convincing evidence establishes that the '651 Asserted Claims are invalid for anticipation over Moderna's June 9, 2025 disclosed references (D.I. 538-1).

11.    To the extent Moderna is permitted to maintain obviousness-type double patenting,[2] whether clear and convincing evidence establishes that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for obviousness-type double patenting.

12.    Whether clear and convincing evidence establishes that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for obviousness over the properly disclosed combinations[3] on Moderna's June 9, 2025 disclosure (D.I. 538-1) after consideration of the objective evidence of nonobviousness.

13.    Whether clear and convincing evidence establishes that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for indefiniteness on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

14.    Whether clear and convincing evidence establishes that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for lack of enablement on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

---

[2] It is Plaintiffs' position that Moderna has failed to preserve its obviousness-type double patenting defenses, which were not included in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

[3] It is Plaintiffs' position that Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1) improperly introduced new obviousness combinations.

15.    Whether clear and convincing evidence establishes that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for lack of written description on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

16.    Whether clear and convincing evidence establishes that the '651 Asserted Claims are invalid for derivation under 35 U.S.C. § 102(f) on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

## V.    Remedies

### A.    Damages

17.    Whether Plaintiffs are entitled to damages in an amount no less than a reasonable royalty for Moderna's infringement of the Asserted Patents.

18.    The amount of the reasonable royalty to which Plaintiffs are entitled as a result of Moderna's infringement of the Asserted Patents.

### B.    Enhanced Damages, Treble Damages, Attorneys' Fees, Interest, and Costs

19.    Whether Plaintiffs are entitled to enhanced damages pursuant to 35 U.S.C. § 284, and the amount of enhanced damages.

20.    Whether this is an exceptional case pursuant to 25 U.S.C. § 285.

21.    Whether Plaintiffs are entitled to attorneys' fees, and the amount of their fees.

22.    Whether Plaintiffs are entitled to awards of pre-judgment interest, post-judgment interest, and costs, and the amount of each.

23.    Whether Plaintiffs are entitled to an award of ongoing royalties for sales after entry of judgment that infringe any Asserted Patents still in force as of the date of judgment.

## PLAINTIFFS' STATEMENT OF INTENDED PROOF

24.     Plaintiffs will offer the following proof at trial:

## I.    Asserted Patents and Claims

25.     All of the Asserted Patents in this litigation are assigned to and owned by Arbutus. Pursuant to a license from Arbutus, Genevant holds exclusive rights to all of the Asserted Patents in various fields of use that include the vaccine application at issue here, including the right to sue for infringement.

## II.    Infringement

26.     Proof that Moderna has infringed and/or is literally infringing, directly or indirectly, claims 7, 9, 11, 13, and/or 14 of the '651 patent.

27.     Proof that Moderna has infringed and/or is infringing, directly or indirectly, literally or under the doctrine of equivalents, claims 7, 8, and/or 16 of the '435 patent.

28.     Proof that Moderna has infringed and/or is infringing, directly or indirectly, literally or under the doctrine of equivalents, claims 7 and/or 12 of the '359 patent.

29.     Proof that Moderna has infringed and/or is infringing, directly or indirectly, literally or under the doctrine of equivalents, claims 2, 7, 13, 18, and/or 19 of the '378 patent.

## III.    Willful Infringement

30.     Proof that Moderna has willfully infringed and/or is willfully infringing claims 7, 9, 11, 13, and/or 14 of the '651 patent.

31.     Proof that Moderna has willfully infringed and/or is willfully infringing claims 7, 8, and/or 16 of the '435 patent.

32.     Proof that Moderna has willfully infringed and/or is willfully infringing claims 7 and/or 12 of the '359 patent.

33. Proof that Moderna has willfully infringed and/or is willfully infringing claims 2, 7, 13, 18, and/or 19 of the '378 patent.

## IV. Validity

34. Proof rebutting Moderna's assertion that that the '651 Asserted Claims are invalid for anticipation over Moderna's June 9, 2025 disclosed references (D.I. 538-1).

35. Proof rebutting Moderna's assertion that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for obviousness-type double patenting, to the extent Moderna is permitted to maintain obviousness-type double patenting.

36. Proof rebutting Moderna's assertion that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for obviousness over the properly disclosed combinations on Moderna's June 9, 2025 disclosure (D.I. 538-1).

37. Proof rebutting Moderna's assertion that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for indefiniteness on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

38. Proof rebutting Moderna's assertion that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for lack of enablement on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

39. Proof rebutting Moderna's assertion that the '651 Asserted Claims and the Lipid Composition Asserted Claims are invalid for lack of written description on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

40. Proof rebutting Moderna's assertion that the '651 Asserted Claims are invalid for derivation under 35 U.S.C. § 102(f) on the grounds set forth in Moderna's June 9, 2025 disclosed invalidity defenses (D.I. 538-1).

## V.    Remedies

### A.    Damages

41.    Proof that Plaintiffs are entitled to damages in an amount no less than a reasonable royalty for Moderna's infringement of the Asserted Patents.

42.    Proof supporting the amount of the reasonable royalty to which Plaintiffs are entitled as a result of Moderna's infringement of the Asserted Patents.

### B.    Enhanced Damages, Treble Damages, Attorneys' Fees, Interest, and Costs

43.    Proof that Plaintiffs are entitled to enhanced damages pursuant to 35 U.S.C. § 284, and the amount of enhanced damages.

44.    Proof that this is an exceptional case pursuant to 25 U.S.C. § 285.

45.    Proof that Plaintiffs are entitled to attorneys' fees, and the amount of their fees.

46.    Proof that Plaintiffs are entitled to awards of pre-judgment interest, post-judgment interest, and costs, and the amount of each.

47.    Proof that Plaintiffs are entitled to an award of ongoing royalties for sales after entry of judgment that infringe any Asserted Patents still in force as of the date of judgment.