# EXHIBIT 2D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION And GENEVANT SCIENCES GmbH, <br><br> Plaintiffs, <br><br> v. <br><br> MODERNA, INC. and MODERNATX, INC., <br><br> Defendants. <br> _____ <br> MODERNA, INC., and MODERNATX, INC., <br><br> Counterclaim-Plaintiffs, <br><br> v. <br><br> ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH, <br><br> Counterclaim-Defendants. | C.A. NO. 22-252-JDW |

**Exhibit 2D**

**MODERNA'S STATEMENT OF DISPUTED FACTS AND STATEMENT OF INTENDED PROOFS**

### TABLE OF ABBREVIATIONS

| Abbreviation | Full Description |
|---|---|
| Accused Product | Moderna's COVID-19 Vaccine, mRNA-1273 and booster/variant boosters of mRNA-1273 |
| Moderna | Collectively, Moderna, Inc. and Modernatx, Inc. |
| Genevant | Genevant Sciences Gmbh |
| Arbutus | Arbutus Biopharma Corp. |
| Plaintiffs | Collectively, Arbutus and Genevant |
| the '069 patent | U.S. Patent No. 8,058,069 (no longer asserted) |
| the '668 patent | U.S. Patent No. 8,822,668 (no longer asserted) |
| the '651 patent | U.S. Patent No. 9,504,651 |
| the '359 patent | U.S. Patent No. 8,492,359 |
| the '435 patent | U.S. Patent No. 9,364,435 |
| the '378 patent | U.S. Patent No. 11,141,378 |
| Ratio Patents | Collectively, the '359, '435 and '378 patents that are currently asserted. |
| Asserted Patents | Collectively, the '651, '359, '435 and '378 patents. |
| mRNA | Messenger RNA |
| DOE | doctrine of equivalents |

Pursuant to Local Rule 16.3(c)(4), Defendants Moderna, Inc. and ModernaTX, Inc. (collectively, "Moderna") respectfully submit this Statement of Disputed Facts, setting forth the contested factual issues that Moderna intends to prove at trial, based on its current understanding of the arguments advanced by Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH (collectively, "Plaintiffs"). This submission is made without prejudice to Moderna's right to amend, supplement, or otherwise revise this statement as appropriate, including in response to any new or additional arguments, facts, or evidence introduced by Plaintiffs, or as may be required by subsequent rulings of the Court, developments in the case, or modifications to the pretrial order.

Moderna expressly reserves all rights to contest any new arguments or facts presented by Plaintiffs and to offer any and all rebuttal evidence in response. The inclusion of any fact herein does not imply that Moderna concedes the necessity of proving each and every fact listed to prevail, nor does it assume the burden of proof or production for facts on which Plaintiffs bear the burden. Moderna further reserves the right to prove any issues of fact identified in its expert reports, interrogatory responses, or other pleadings, and to rely on all evidence and arguments previously disclosed or developed during discovery. This statement is not exhaustive and is based on the current status of the case and the Court's rulings to date. Moderna does not include herein any issues that have been the subject of stipulation or that may arise due to future acts by Plaintiffs. To the extent that any issue identified below is more appropriately considered an issue of law, Moderna incorporates such issues by reference in its Statement of Issues of Law.[1]  Moderna does

---

[1] Some issues identified herein are ultimately legal issues that may turn on underlying questions of fact, including obviousness-type double patenting, indefiniteness, ensnarement, and the safe harbor under 35 U.S.C. § 271(e). Moderna does not concede that these are ultimately an issue of fact, but included questions herein to the extent underlying factual issues must be resolved in this case.

not assume the burden of proof for any of the below-listed issues of fact unless required to do so by law.

## I.    THE ASSERTED PATENTS ARE INVALID

1.    Whether the asserted patents are invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and 112.

### A.    U.S. PATENT NO. 9,504,651

2.    Whether the asserted claims of U.S. Patent No. 9,504,651 ("the '651 Patent") are invalid due to the claims of the '651 Patent not being patentably distinct from the claims of earlier-expiring, commonly owned[2] U.S. Patent No. 6,734,171 ("the '171 Patent") and U.S. Patent No. 6,841,537 ("the '537 Patent").

3.    Whether the named inventors of the '651 Patent derived the invention of the asserted claims from Moderna such that those asserted claims are invalid under § 102(f),[3] including whether Moderna conceived of the alleged invention prior to the conception of the named inventors, whether the named inventors are entitled to the claim priority to U.S. Provisional Application No. 60/392,887, filed in 2002, and whether there was communication of the alleged invention to Arbutus and/or the named inventors of the '651 Patent.

4.    Whether claim 7 of the '651 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and 112, including whether the claim is anticipated or rendered obvious by

---

[2]    Plaintiffs do not dispute these are proper ODP reference patents (i.e., earlier expiring and commonly owned).

[3]    To the extent the '651 patent is only entitled to a priority date in 2014, the America Invents Act provisions of 35 U.S.C. may apply, which provide that patents can be granted only to "[w]hoever invents or discovers any new and useful process, machine, manufacture, or composition of matter." 35 U.S.C. § 101. The '651 patents are similarly invalid under AIA § 101 and 115 for failure to name all inventors.

the prior art, whether the claim is indefinite, lacks enablement, or lacks adequate written description, and whether the claim is derived from Moderna or otherwise fails to meet the statutory requirements for patentability, as set forth in the tables below.

| No. | §§ 102/103 Invalidity Defense |
|---|---|
| 1 | § 102(f) derivation from Moderna |
| 2 | Anticipated by Semple Article |
| 3 | Obvious in view of Semple Article |
| 4 | Obvious in view of Semple Article in combination with Malone 1989 |
| 5 | Anticipated by Semple '278 |
| 6 | Obvious in view of Semple '278 |
| 7 | Obvious in view of Semple '278 in combination with Malone 1989 |
| 8 | Obvious in view of Bischoff in combination with Adler-Moore 2002 and Zhang '745 |

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "fully encapsulated" |
| 2 | Lack of enablement for "fully encapsulated" |
| 3 | Indefinite for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 4 | Lack of enablement for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 5 | Lack of written description for "mRNA" |
| 6 | Lack of enablement for "mRNA" |

5.    Whether claim 9 of the '651 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and 112, including whether the claim is anticipated or rendered obvious by the prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim is derived from Moderna or otherwise fails to satisfy the statutory requirements for patentability, as detailed in the tables below.

EXHIBIT 2D

| No. | §§ 102/103 Invalidity Defense |
|---|---|
| 1 | § 102(f) derivation from Moderna |
| 2 | Anticipated by Semple Article |
| 3 | Obvious in view of Semple Article |
| 4 | Obvious in view of Semple Article in combination with Malone 1989 |
| 5 | Anticipated by Semple '278 |
| 6 | Obvious in view of Semple '278 |
| 7 | Obvious in view of Semple '278 in combination with Malone 1989 |
| 8 | Obvious in view of Bischoff in combination with Zhang '745 |

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "fully encapsulated" |
| 2 | Indefinite for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 3 | Lack of enablement for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 4 | Lack of written description for "mRNA" |
| 5 | Lack of enablement for "mRNA" |
| 6 | Indefinite for "lipid-nucleic acid particle" |

6.    Whether claim 11 of U.S. the '651 patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and 112, including whether the claim is anticipated or rendered obvious by the prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim is derived from Moderna or otherwise fails to satisfy the statutory requirements for patentability, as detailed in the tables below.

| No. | §§ 102/103 Invalidity Defense |
|---|---|
| 1 | § 102(f) derivation from Moderna |
| 2 | Anticipated by Semple Article |
| 3 | Obvious in view of Semple Article |
| 4 | Obvious in view of Semple Article in combination with Malone 1989 |

| No. | §§ 102/103 Invalidity Defense |
|---|---|
| 5 | Anticipated by Semple '278 |
| 6 | Obvious in view of Semple '278 |
| 7 | Obvious in view of Semple '278 in combination with Malone 1989 |
| 8 | Obvious in view of Bischoff in combination with Semple Article and Zhang '745 |

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "fully encapsulated" |
| 2 | Lack of enablement for "fully encapsulated" |
| 3 | Indefinite for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 4 | Lack of enablement for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 5 | Lack of written description for "mRNA" |
| 6 | Lack of enablement for "mRNA" |

7.    Whether claim 13 of the '651 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and 112, including whether the claim is anticipated or rendered obvious by the prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim is derived from Moderna or otherwise fails to satisfy the statutory requirements for patentability, as detailed in the tables below.

| No. | §§ 102/103 Invalidity Defense |
|---|---|
| 1 | § 102(f) derivation from Moderna |
| 2 | Anticipated by Semple Article |
| 3 | Obvious in view of Semple Article |
| 4 | Obvious in view of Semple Article in combination with Malone 1989 and Zhang '745 |
| 5 | Anticipated by Semple '278 |
| 6 | Obvious in view of Semple '278 |
| 7 | Obvious in view of Semple '278 in combination with Malone 1989 and Zhang '745 |
| 8 | Obvious in view of Bischoff in combination with Zhang '745 |

**EXHIBIT 2D**

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "fully encapsulated" |
| 2 | Lack of enablement for "fully encapsulated" |
| 3 | Indefinite for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 4 | Lack of enablement for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 5 | Lack of written description for "mRNA" |
| 6 | Lack of enablement for "mRNA" |

8.      Whether claim 14 of the '651 Patent is invalid under one or more provisions of 35 U.S.C. §§ 102, 103, and 112, including whether the claim is anticipated or rendered obvious by the prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim is derived from Moderna or otherwise fails to satisfy the statutory requirements for patentability, as detailed in the tables below.

| No. | §§ 102/103 Invalidity Defense |
|---|---|
| 1 | § 102(f) derivation from Moderna |
| 2 | Anticipated by Semple Article |
| 3 | Obvious in view of Semple Article |
| 4 | Obvious in view of Semple Article in combination with Malone 1989 and Zhang '745 |
| 5 | Anticipated by Semple '278 |
| 6 | Obvious in view of Semple '278 |
| 7 | Obvious in view of Semple '278 in combination with Malone 1989 and Zhang '745 |
| 8 | Obvious in view of Bischoff in combination with Zhang '745 |

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "fully encapsulated" |
| 2 | Lack of enablement for "fully encapsulated" |
| 3 | Indefinite for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |

| No. | § 112 Invalidity Defense |
|---|---|
| 4 | Lack of enablement for "at least [about] 70% [/80%/90%] of the mRNA . . . is fully encapsulated" |
| 5 | Lack of written description for "mRNA" |
| 6 | Lack of enablement for "mRNA" |

### B.    U.S. PATENT NO. 9,364,435

9.    Whether the asserted claims of U.S. Patent No. 9,364,435 ("the '435 Patent") are invalid due to the claims of the '435 Patent not being patentably distinct from the claims of earlier-expiring, commonly owned U.S. Patent No. 9,814,777 ("the '777 Patent") and U.S. Patent No. 9,006,191 ("the '191 Patent").[4]

10.    Whether claims 7 and 8 of the '435 Patent are invalid under one or more provisions of 35 U.S.C. §§ 103 and 112, including whether the claims are obvious in view of the cited prior art references, whether the claims are indefinite, lack enablement, or lack adequate written description, and whether the claims otherwise fail to satisfy the statutory requirements for patentability, as set forth in the tables below.

| No. | § 103 Invalidity Defense |
|---|---|
| 1 | Obvious in view of Chen '554 alone |
| 2 | Obvious in view Chen '554 in combination with Semple 1996, the Semple article, and the 2:40 Formulation |
| 3 | Obvious in view of Jadhav '218 alone |
| 4 | Obvious in view Jadhav '218 in combination with Semple Article, Semple 1996, and the 2:40 Formulation |
| 5 | Obvious in view of MacLachlan '189 alone |
| 6 | Obvious in view MacLachlan '189 in combination with Chen '554 and Jadhav '218 |

---

[4]    Plaintiffs do not dispute these are proper ODP reference patents (i.e., earlier expiring and commonly owned).

**EXHIBIT 2D**

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "__ mol % the total lipid present in the particle" |
| 2 | Lack of written description for "__ mol % the total lipid present in the particle" |
| 3 | Lack of enablement for "__ mol % the total lipid present in the particle" |
| 4 | Lack of written description for "a nucleic acid" |
| 5 | Lack of enablement for "a nucleic acid" |
| 6 | Lack of written description for compositions of the asserted claims |

11.    Whether claim 16 of the '435 Patent is invalid under one or more provisions of 35 U.S.C. §§ 103 and 112, including whether the claim is obvious in view of the cited prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim otherwise fails to meet the statutory requirements for patentability, as described in the tables below.

| No. | § 103 Invalidity Defense |
|---|---|
| 1 | Obvious in view of Chen '554 alone |
| 2 | Obvious in view Chen '554 in combination with Semple 1996, the Semple article, the 2:40 Formulation, and Heyes 2005 |
| 3 | Obvious in view of Jadhav '218 alone |
| 4 | Obvious in view Jadhav '218 in combination with Semple Article, Semple 1996, the 2:40 Formulation, and Heyes 2005 |
| 5 | Obvious in view of MacLachlan '189 alone |
| 6 | Obvious in view MacLachlan '189 in combination with Chen '554, Jadhav '218, and Heyes 2005 |

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "__ mol % the total lipid present in the particle" |
| 2 | Lack of written description for "__ mol % the total lipid present in the particle" |
| 3 | Lack of written description for "a nucleic acid" |
| 4 | Lack of enablement for "a nucleic acid" |
| 5 | Lack of written description for "administering to a mammalian subject a nucleic acid lipid |

| No. | § 112 Invalidity Defense |
|-----|--------------------------|
|     | particle" |
| 6   | Lack of enablement for "administering to a mammalian subject a nucleic acid lipid particle" |

### C.    U.S. PATENT NO. 8,492,359

12.    Whether the asserted claims of U.S. Patent No. 8,492,359 ("the '359 Patent") are invalid due to the claims of the '359 Patent not being patentably distinct from the claims of earlier-expiring, commonly owned '777 Patent and '191 Patent.[5]

13.    Whether claims 7 and 12 of the '359 Patent are invalid under one or more provisions of 35 U.S.C. §§ 103 and 112, including whether the claims are obvious in light of the identified prior art, whether the claims are indefinite, lack enablement, or lack adequate written description, and whether the claims otherwise fail to meet the requirements for patentability, as set forth in the table below.

| No. | § 103 Invalidity Defense |
|-----|--------------------------|
| 1   | Obvious in view of Chen '554 alone |
| 2   | Obvious in view Chen '554 in combination with Semple 1996, the Semple article, and the 2:40 Formulation |
| 3   | Obvious in view of Jadhav '218 alone |
| 4   | Obvious in view Jadhav '218 in combination with Semple Article, Semple 1996, and the 2:40 Formulation |
| 5   | Obvious in view of MacLachlan '189 alone |
| 6   | Obvious in view MacLachlan '189 in combination with Chen '554 and Jadhav '218 |

| No. | § 112 Invalidity Defense |
|-----|--------------------------|
| 1   | Indefinite for "__ mol % the total lipid present in the particle" |

---

[5]    Plaintiffs do not dispute these are proper ODP reference patents (i.e., earlier expiring and commonly owned).

| No. | § 112 Invalidity Defense |
|-----|--------------------------|
| 2 | Lack of written description for "__ mol % the total lipid present in the particle" |
| 3 | Lack of enablement for "__ mol % the total lipid present in the particle" |
| 4 | Lack of written description for "a nucleic acid" |
| 5 | Lack of enablement for "a nucleic acid" |
| 6 | Lack of written description for compositions of the asserted claims |

### D.    U.S. PATENT NO. 11,141,378

14.    Whether the asserted claims of U.S. Patent No. 11,141,378 ("the '378 Patent") are invalid due to the claims of the '378 Patent not being patentably distinct from the claims of earlier-expiring, commonly owned '777 Patent and '191 Patent.[6]

15.    Whether claim 2 of the '378 Patent is invalid under one or more provisions of 35 U.S.C. §§ 103 and 112, including whether the claim is obvious in view of the prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim otherwise fails to satisfy the statutory requirements for patentability, as detailed in the tables below.

| No. | § 103 Invalidity Defense |
|-----|--------------------------|
| 1 | Obvious in view of Chen '554 alone |
| 2 | Obvious in view Chen '554 in combination with Semple 1996, the Semple article, and the 2:40 Formulation |
| 3 | Obvious in view of Jadhav '218 alone |
| 4 | Obvious in view Jadhav '218 in combination with Semple Article, Semple 1996, and the 2:40 Formulation |
| 5 | Obvious in view of MacLachlan '189 alone |
| 6 | Obvious in view MacLachlan '189 in combination with Chen '554 and Jadhav '218 |

---

[6]    Plaintiffs do not dispute these are proper ODP reference patents (i.e., earlier expiring and commonly owned).

**EXHIBIT 2D**

| No. | § 112 Invalidity Defense |
|-----|--------------------------|
| 1 | Indefinite for "__ mol % the total lipid present in the particle" |
| 2 | Lack of written description for "__ mol % the total lipid present in the particle" |
| 3 | Lack of written description for "an RNA" |
| 4 | Lack of enablement for "an RNA" |
| 5 | Lack of written description for less than 50 mol % cationic lipid |
| 6 | Lack of written description for compositions of the asserted claims |

16.     Whether claim 7 of the '378 Patent is invalid under one or more provisions of 35 U.S.C. §§ 103 and 112, including whether the claim is obvious in view of the prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim otherwise fails to satisfy the statutory requirements for patentability, as detailed in the tables below.

| No. | § 103 Invalidity Defense |
|-----|--------------------------|
| 1 | Obvious in view of Chen '554 alone |
| 2 | Obvious in view Chen '554 in combination with Semple 1996, the Semple article, and the 2:40 Formulation |
| 3 | Obvious in view of Jadhav '218 alone |
| 4 | Obvious in view Jadhav '218 in combination with Semple Article, Semple 1996, and the 2:40 Formulation |
| 5 | Obvious in view of MacLachlan '189 alone |
| 6 | Obvious in view MacLachlan '189 in combination with Chen '554, Jadhav '218, and MacLachlan 2005 |

| No. | § 112 Invalidity Defense |
|-----|--------------------------|
| 1 | Indefinite for "__ mol % the total lipid present in the particle" |
| 2 | Lack of written description for "__ mol % the total lipid present in the particle" |
| 3 | Lack of written description for "an RNA" |
| 4 | Lack of enablement for "an RNA" |
| 5 | Lack of written description for less than 50 mol % cationic lipid |

| No. | § 112 Invalidity Defense |
|---|---|
| 6 | Lack of written description for compositions of the asserted claims |

17.    Whether claim 13 of the '378 Patent is invalid under one or more provisions of 35 U.S.C. §§ 103 and 112, including whether the claim is obvious in view of the prior art, whether the claim is indefinite, lacks enablement, or lacks sufficient written description, and whether the claim otherwise fails to satisfy the statutory requirements for patentability, as detailed in the tables below.

| No. | § 103 Invalidity Defense |
|---|---|
| 1 | Obvious in view of Chen '554 alone |
| 2 | Obvious in view Chen '554 in combination with Semple 1996, the Semple article, the 2:40 Formulation, and Malone 1989 |
| 3 | Obvious in view of Jadhav '218 alone |
| 4 | Obvious in view Jadhav '218 in combination with Semple Article, Semple 1996, the 2:40 Formulation, and Malone 1989 |
| 5 | Obvious in view of MacLachlan '189 alone |
| 6 | Obvious in view MacLachlan '189 in combination with Chen '554, Jadhav '218, and Malone 1989 |

| No. | § 112 Invalidity Defense |
|---|---|
| 1 | Indefinite for "__ mol % the total lipid present in the particle" |
| 2 | Lack of written description for "__ mol % the total lipid present in the particle" |
| 3 | Lack of written description for "an RNA" / "mRNA" |
| 4 | Lack of enablement for "an RNA" / "mRNA" |
| 5 | Lack of written description for less than 50 mol % cationic lipid |
| 6 | Lack of written description for compositions of the asserted claims |

18.    Whether claims 18 and 19 of the '378 Patent are invalid under one or more provisions of 35 U.S.C. §§ 103 and 112, including whether the claims are obvious in view of the prior art, whether the claims are indefinite, lack enablement, or lack sufficient written description,

and whether the claims otherwise fail to satisfy the statutory requirements for patentability, as detailed in the tables below.

| No. | § 103 Invalidity Defense |
|-----|--------------------------|
| 1 | Obvious in view of Chen '554 alone |
| 2 | Obvious in view Chen '554 in combination with Semple 1996, the Semple article, the 2:40 Formulation, and Malone 1989 |
| 3 | Obvious in view of Jadhav '218 alone |
| 4 | Obvious in view Jadhav '218 in combination with Semple Article, Semple 1996, the 2:40 Formulation, and Malone 1989 |
| 5 | Obvious in view of MacLachlan '189 alone |
| 6 | Obvious in view MacLachlan '189 in combination with Chen '554, Jadhav '218, MacLachlan 2005, and Malone 1989 |

| No. | § 112 Invalidity Defense |
|-----|--------------------------|
| 1 | Indefinite for "__ mol % the total lipid present in the particle" |
| 2 | Lack of written description for "__ mol % the total lipid present in the particle" |
| 3 | Lack of written description for "an RNA" / "mRNA" |
| 4 | Lack of enablement for "an RNA" / "mRNA" |
| 5 | Lack of written description for less than 50 mol % cationic lipid |
| 6 | Lack of written description for compositions of the asserted claims |

## II.    MODERNA HAS NOT INFRINGED THE ASSERTED PATENTS[7]

### A.    U.S. PATENT NO. 9,504,651

19.    Whether Plaintiffs have proven that accused drug product doses literally infringe any asserted claim of the '651 patent under 35 U.S.C. § 271(a) including whether any accused drug product doses meet all limitations of the asserted claims.

---

[7]    Moderna intends to seek further narrowing of Plaintiffs' wide-ranging infringement theories, not all of which Plaintiffs have even presented a damages theory for.

20.    Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim of the '651 patent under 35 U.S.C. § 271(b), including whether any accused drug product doses meet all limitations of the asserted claims.

21.    Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim of the '651 patent under 35 U.S.C. § 271(c), including whether any accused drug product doses meet all limitations of the asserted claims.

22.    Whether Plaintiffs have proven that any indirect infringement has occurred, including whether any third party directly infringes any method claim of the '651 patent and whether Moderna specifically intended to induce such infringement.

23.    Whether Plaintiffs have proven that any indirect infringement has occurred, including whether any third party directly infringes any method claim of the '651 patent and whether Moderna specifically intended to contribute to such infringement.

24.    Whether Plaintiffs have proven that any exportation or supply of certain components by Moderna gives rise to liability under 35 U.S.C. § 271(f)(1) or (2), including that any drug product doses manufactured and sold overseas meet all limitations of the asserted claims.

25.    Whether, for purposes of 35 U.S.C. § 271(f)(1), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

26.    Whether, for purposes of 35 U.S.C. § 271(f)(2), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be

supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

27.    Whether any use, offer to sale, or sale within the U.S. of the patented invention was solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

28.    Whether Moderna had knowledge of the '651 patent and knowledge that its actions would induce or contribute to infringement by others.

29.    Whether any instructions, labels, or other communications from Moderna encourage, recommend, or promote use of the accused products in a way that infringes the '651 patent.

**B.    U.S. PATENT NO. 9,364,435**

30.    Whether Plaintiffs have proven that accused drug product doses or transitory compositions literally infringe, any asserted claim under 35 U.S.C. § 271(a) including whether any accused drug product doses or transitory compositions meet all limitations of the asserted claims.

31.    Whether Plaintiffs have proven that accused drug product doses or transitory compositions infringe under the doctrine of equivalents infringe, any asserted claim under 35 U.S.C. § 271(a) including whether any accused drug product doses or transitory composition meet all limitations of the asserted claims.

32.     Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim under 35 U.S.C. § 271(b), including whether any accused drug product doses meet all limitations of the asserted claims.

33.     Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim under 35 U.S.C. § 271(c), including whether any accused drug product doses meet all limitations of the asserted claims.

34.     Whether any indirect infringement has occurred, including whether any third party directly infringes the method in claim 16 of the '435 patent within the United States and whether Moderna specifically intended to induce such infringement.

35.     Whether any indirect infringement has occurred, including whether any third party directly infringes the method in claim 16 of the '435 patent within the United States and whether Moderna specifically intended to contribute to such infringement.

36.     Whether Plaintiffs have proven that any exportation or supply of certain components by Moderna gives rise to liability under 35 U.S.C. § 271(f)(1) or (2), including that any drug product doses manufactured and sold overseas meet all limitations of the asserted claims.

37.     Whether, for purposes of 35 U.S.C. § 271(f)(1), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

38.     Whether, for purposes of 35 U.S.C. § 271(f)(2), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be

supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

39.    Whether the use, offer to sale, or sale within the United States of the patented invention was solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

40.    Whether Moderna had knowledge of the '435 patent and knowledge that its actions would induce or contribute to infringement by others.

41.    Whether any instructions, labels, or other communications from Moderna encourage, recommend, or promote use of the accused products in a way that infringes the '435 patent.

### C.    U.S. PATENT NO. 8,492,359

42.    Whether Plaintiffs have proven that accused drug product doses or transitory compositions literally infringe, any asserted claim under 35 U.S.C. § 271(a) including whether any accused drug product doses or transitory compositions meet all limitations of the asserted claims.

43.    Whether Plaintiffs have proven that accused drug product doses or transitory compositions infringe under the doctrine of equivalents infringe, any asserted claim under 35 U.S.C. § 271(a) including whether any accused drug product doses or transitory composition meet all limitations of the asserted claims.

44.    Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim under 35 U.S.C. § 271(b), including whether any accused drug product doses meet all limitations of the asserted claims.

45.    Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim under 35 U.S.C. § 271(c), including whether any accused drug product doses meet all limitations of the asserted claims.

46.    Whether Plaintiffs have proven that any exportation or supply of certain components by Moderna gives rise to liability under 35 U.S.C. § 271(f)(1) or (2), including that any drug product doses manufactured and sold overseas meet all limitations of the asserted claims.

47.    Whether, for purposes of 35 U.S.C. § 271(f)(1), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

48.    Whether, for purposes of 35 U.S.C. § 271(f)(2), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

**EXHIBIT 2D**

49.     Whether the use, offer to sale, or sale within the United States of the patented invention was solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

50.     Whether Moderna had knowledge of the '359 patent and knowledge that its actions would induce or contribute to infringement by others.

51.     Whether any instructions, labels, or other communications from Moderna encourage, recommend, or promote use of the accused products in a way that infringes the '359 patent.

### D.    U.S. PATENT NO. 11,141,378

52.     Whether Plaintiffs have proven that accused drug product doses or transitory compositions literally infringe, any asserted claim under 35 U.S.C. § 271(a) including whether any accused drug product doses or transitory compositions meet all limitations of the asserted claims.

53.     Whether Plaintiffs have proven that accused drug product doses or transitory compositions infringe under the doctrine of equivalents infringe, any asserted claim under 35 U.S.C. § 271(a) including whether any accused drug product doses or transitory composition meet all limitations of the asserted claims.

54.     Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim under 35 U.S.C. § 271(b), including whether any accused drug product doses meet all limitations of the asserted claims.

55.     Whether Plaintiffs have proven that Moderna has literally infringed any asserted claim under 35 U.S.C. § 271(c), including whether any accused drug product doses meet all limitations of the asserted claims.

56.　Whether Plaintiffs have proven that any exportation or supply of certain components by Moderna gives rise to liability under 35 U.S.C. § 271(f)(1) or (2), including that any drug product doses manufactured and sold overseas meet all limitations of the asserted claims.

57.　Whether, for purposes of 35 U.S.C. § 271(f)(1), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be supplied in or from the United States all or a substantial portion of the components of a patented invention, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

58.　Whether, for purposes of 35 U.S.C. § 271(f)(2), Plaintiffs have proven by a preponderance of the evidence that Moderna, without authority, has supplied or caused to be supplied in or from the United States any component of a patented invention that is especially made or especially adapted for use in the invention and not a staple article or commodity of commerce suitable for substantial noninfringing use, where such component is uncombined in whole or in part, knowing that such component is so made or adapted and intending that such component will be combined outside of the United States in a manner that would infringe the patent if such combination occurred within the United States.

59.　Whether the use, offer to sale, or sale within the United States of the patented invention was solely for uses reasonably related to the development and submission of information under a Federal law which regulates the manufacture, use, or sale of drugs or veterinary biological products.

60.　Whether Moderna had knowledge of the '378 patent and knowledge that its actions would induce or contribute to infringement by others.

61.     Whether any instructions, labels, or other communications from Moderna encourage, recommend, or promote use of the accused products in a way that infringes the '378 patent.

## III.    ADDITIONAL DISPUTED ISSUES RELATED TO ALLEGED INFRINGEMENT

62.     Whether Plaintiffs' infringement contentions are supported by competent evidence, including whether the testing and analyses relied upon by Plaintiffs accurately reflect the composition and characteristics of the accused products at the time of alleged infringement.

63.     Whether Plaintiffs have properly identified and apportioned the accused products, including whether damages calculations are limited to drug product lots or improperly include other products or compositions.

64.     To the extent the Court does not resolve these questions as a matter of law, whether any alleged infringement is excused or precluded by the doctrine of prosecution history estoppel.[8]

65.     Whether any alleged infringement is excused the doctrine of reverse doctrine of equivalents.

66.     Whether Plaintiffs are precluded from asserting infringement under the doctrine of equivalents, as a matter of law, because the asserted scope of equivalency would ensnare the prior art, vitiate a claim limitation, or has been dedicated to the public.

67.     To the extent the Court does not resolve these questions as a matter of law, whether any alleged acts of infringement are protected by 28 U.S.C. § 1498(a) due to government authorization or use.[9]

---

[8]    *See* D.I. 508 (Moderna's Opening Brief in support of Summary Judgment).

[9]    *See* D.I. 508 (Moderna's Opening Brief in support of Summary Judgment).

68.     Whether Plaintiffs have properly identified the scope of allegedly infringing activities, including the relevant time periods, product lots, and geographic locations.

69.     Whether Plaintiffs' damages theories are properly limited to the scope of any proven infringement, including whether damages are limited to drug product lots and whether any alleged infringement under 35 U.S.C. § 271(f) is supported by the evidence.

## IV.    REMEDIES FOR MODERNA'S ALLEGED INFRINGEMENT

70.     To the extent Moderna is found liable for infringement, whether Plaintiffs have proven its alleged damages in the form of a reasonable royalty by a preponderance of the evidence.

71.     To the extent Moderna is found liable for infringement, whether Plaintiffs have proven by a preponderance of the evidence that Moderna's infringement was willful.

72.     To the extent that one or more of the asserted patents is found not infringed by Moderna or invalid, whether Moderna has proven by a preponderance of the evidence that this is an exceptional case such that Moderna is entitled to its costs and attorneys' fees.

73.     To the extent that one or more of the asserted patents is found infringed by Moderna and not invalid, whether Plaintiffs have proven by a preponderance of the evidence that this is an exceptional case such that Plaintiffs are entitled to its costs and attorneys' fees.

## V.    RESERVATION OF RIGHTS

74.     Moderna reserves the right to rely on all previously disclosed arguments and evidence in support of these defenses, including expert reports, deposition testimony, and discovery responses.  The identification of defenses in the tables above is made pursuant to the Court's order narrowing the issues for trial and is not intended to waive any other invalidity or non-infringement defenses not required to be disclosed at this stage. Moderna further reserves all rights to challenge the validity of any asserted claim on any ground permitted by law.

**EXHIBIT 2D**

## **MODERNA'S BRIEF STATEMENT OF INTENDED PROOFS**

Pursuant to Delaware Local Rule 16.3(c)(9), Defendants Moderna, Inc. and ModernaTX, Inc. (collectively "Moderna") hereby submit the following brief statement of what they intend to prove in support of their defenses at trial. This statement is not intended to be exhaustive, and Moderna reserves the right to prove any matters identified in the pleadings, fact and expert discovery, and any accompanying statements of facts and legal issues to be litigated at trial.

To the extent Moderna asserts that Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH (collectively "Plaintiffs") have failed to meet their burdens of proof on any issues, such statement does not constitute an admission that Moderna has any obligation to prove or disprove any element or any part of any claim or defense on which Plaintiffs bear the burden of proof or production. Moderna does not assume the burden of proof or production as to any matter set forth below unless required to do so by law. Moderna reserves the right to modify or supplement its pretrial order materials, including this statement of intended proof, in response to any asserted disclosures by Plaintiffs. Moderna further reserves the right to amend or supplement this statement to the extent necessary to respond to issues raised by Plaintiffs, in response to rulings by the Court, or for any other reason. Moderna expressly reserves the right to present rebuttal evidence to any proof offered by Plaintiffs, including on issues of infringement, validity, and damages, and to rely on any matter in the pleadings, discovery record, or stipulated facts incorporated into the Joint Pretrial Order before and during trial. Moderna may also rely on the Statement of Undisputed Facts which the parties have not yet agreed upon.

### A.    Patent Ownership

Plaintiffs have the burden of proving ownership of the Asserted Patents by a preponderance of the evidence and cannot shift that burden to Moderna.

### B.    Noninfringement

**EXHIBIT 2D**

For the Court's convenience, the following table lists the claims that Plaintiffs currently intend to assert at trial ("the Asserted Claims"), subject to any further narrowing prior to trial:

| Patent | Asserted Claim(s) |
|--------|-------------------|
| '359 Patent | Claims 7 and 12 |
| '435 Patent | Claims 7, 8, and 16 |
| '378 Patent | Claims 2, 7, 13, 18, and 19 |
| '651 Patent | Claims 7, 9, 11, 13, and 14 |

Plaintiffs have the burden of proving direct infringement (either literal or under the doctrine of equivalents[10]) by a preponderance of the evidence and cannot shift that burden to Moderna. Moderna intends to rebut Plaintiffs' claims that Moderna directly infringed the Asserted Claims of the Asserted Patents in violation of 35 U.S.C. § 271(a). Moderna also intends to rebut Plaintiffs' claims of infringement under the doctrine of equivalents based on prosecution history estoppel, ensnarement, disclosure-dedication and claim vitiation. To the extent equitable issues remain for determination by the Court, Moderna will present evidence concerning Plaintiffs' delay, acquiescence, and conduct inconsistent with their claims of infringement.

Plaintiffs have the burden of proving indirect infringement by a preponderance of the evidence and cannot shift that burden to Moderna. Moderna intends to rebut Plaintiffs' claims that Moderna has induced or contributed to the direct infringement by another of the Asserted Claims of the Asserted Patents in violation of 35 U.S.C. § 271(b) and (c).

Plaintiffs have the burden of proving extraterritorial infringement by a preponderance of the evidence and cannot shift that burden to Moderna. Moderna intends to rebut Plaintiffs' claims of extraterritorial infringement of the Asserted Claims of the Asserted Patents in violation of 35 U.S.C. § 271(f)(1) and (2).

---

[10]    Plaintiffs have only asserted infringement under the doctrine of equivalents of the Ratio Patents (i.e., the '359 patent, the '435 patent, and the '378 patent).

Plaintiffs have the burden of proving willful infringement by a preponderance of the evidence and cannot shift that burden to Moderna.  Moderna intends to rebut Plaintiffs' claims of willful infringement of the Asserted Claims of the Asserted Patents.

## C.    Invalidity

Moderna will prove by clear and convincing evidence the Asserted Claims of the '651 Patent are invalid under 35 U.S.C. § 102 because they are anticipated by prior art.

Moderna will prove by clear and convincing evidence that the Asserted Claims for the Asserted Patents are invalid under 35 U.S.C. § 103 because they would have been obvious in view of the prior as of their priority date.  Moderna will prove that the Asserted Claims of the Asserted Patents would have been obvious over the prior art because the references teach or suggest each limitation of the Asserted Claims, and a person of ordinary skill in the art would have been motivated to combine or modify relevant prior art references and would have possessed a reasonable expectation of success in obtaining the subject matter encompassed by the Asserted Claims of the Asserted Patents.

To rebut Moderna's obviousness defenses, Plaintiffs bear the burden of production to show the existence of any alleged secondary considerations of non-obviousness and that there is a nexus between the Asserted Claims of the Asserted Patents and any such alleged secondary considerations of non-obviousness.  To the extent necessary, Moderna intends to rebut Plaintiffs' assertion that secondary considerations indicate non-obviousness of the Asserted Claims of the Asserted Patents. Moderna intends to offer evidence for the Ratio Patents that there was simultaneous invention by another which is a secondary consideration of obviousness.

Moderna will prove by clear and convincing evidence that the Asserted Claims for the Asserted Patents are invalid under the doctrine of obviousness-type double patenting because the

Asserted Claims are not patentably distinct from earlier-filed claims that are commonly owned and/or include common inventors.

Moderna will prove by clear and convincing evidence that the Asserted Claims for the '651 Patent are invalid under 35 U.S.C. § 102(f) because the subject matter of the claims of the '651 patent was derived from an earlier invention from another (i.e., from Moderna).

To the extent indefiniteness is not resolved as a pure question of law, Moderna will prove any underlying factual questions by clear and convincing evidence that the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. § 112 because they are indefinite.

Moderna will prove by clear and convincing evidence that the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. § 112 because they are not supported by sufficient written description.  Moderna will show that the written descriptions of the Asserted Patents would not have reasonably conveyed to a person of ordinary skill in the art that the inventors were in possession of the claimed inventions.

Moderna will prove by clear and convincing evidence that the Asserted Claims of the Asserted Patents are invalid under 35 U.S.C. § 112 because they are not enabled.  Moderna will show that the Asserted Patents do not enable a person of ordinary skill in the art how to make and use the claimed inventions of the Asserted Patents.

D.    **Remedies**

To the extent that Moderna is found liable, Plaintiffs must prove by a preponderance of the evidence the amount of damages to which they claims to be entitled pursuant to 35 U.S.C. § 284. Plaintiffs' only alleged damages in the form of a reasonable royalty; Plaintiffs have not alleged entitlement to lost profits. Plaintiffs must prove the amount of any damages with reasonable certainty.  Moderna will present evidence to rebut Plaintiffs' asserted damages. Moderna will establish that Plaintiffs are barred from recovering damages related to certain sales

**EXHIBIT 2D**

to the Government under 28 U.S.C. § 1498(a). Moderna will also establish that Plaintiffs are barred from recovering damages for any infringement under the protections of the safe harbor of 35 U.S.C. § 271(e).

To the extent Moderna is found liable, Plaintiffs must prove by a preponderance of the evidence that Moderna's alleged infringement has been willful, wanton, or deliberate to be entitled to seek an award of enhanced damages pursuant to 35 U.S.C. § 284. Moderna will present evidence to rebut Plaintiffs' assertions. Further, to the extent Moderna is found to have willfully infringed, Moderna will present evidence to rebut Plaintiffs' assertions regarding enhancement of damages.

Plaintiffs must prove by a preponderance of the evidence that this case is exceptional under 35 U.S.C. § 285 in order to recover attorneys' fees and costs. Moderna will present evidence to rebut Plaintiffs' assertions.

In the event one or more of the Asserted Patents is found not infringed by Moderna or invalid, Moderna intends to prove by a preponderance of the evidence that this case is exceptional under 35 U.S.C. § 285, such that Moderna is entitled to its attorneys' fees and costs.

To the extent Moderna is found liable, Moderna will rebut Plaintiffs' assertion that it is entitled to prejudgment and/or post-judgment interest from the date of alleged first infringement of the Asserted Claims under 35 U.S.C. § 284.