IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GMBH,<br><br>*Plaintiffs*,<br><br>v.<br><br>MODERNA, INC. and MODERNATX, INC.,<br><br>*Defendants*. | Case No. 1:22-cv-00252-JDW |

## ORDER

**AND NOW**, this 13th day of February, 2026, upon consideration of Defendants Moderna, Inc. and ModernaTX, Inc.'s Unopposed Motion To Seal The Parties' Motion *In Limine* Papers (D.I. 736), I note as follows.

1.  The Federal Circuit applies regional circuit law to procedural questions that are not themselves substantive patent law issues so long as they do not (A) pertain to patent law, (B) bear an essential relationship to matters committed to the Federal Circuit's exclusive control by statute, or (C) clearly implicate the jurisprudential responsibilities of the Federal Circuit in a field within its exclusive jurisdiction. *See GFI, Inc. v. Franklin Corp.*, 265 F.3d 1268, 1272 (Fed. Cir. 2001). Thus, Third Circuit law governs motions to seal in this patent case. *See, e.g., Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357 (Fed. Cir. 2020).

2. The common law presumes that the public has a right of access to judicial records. *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In the Third Circuit, the right is particularly robust." *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. 19-mc-209, 2020 WL 2949742, at *7 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part*, 2020 WL 2915781 (D. Del. June 3, 2020). To overcome the strong presumption of access that attaches to judicial records, a movant must show that the interest in secrecy outweighs the presumption by demonstrating that "the material is the kind of information that courts will protect **and** that disclosure will work a clearly defined and serious injury to the party seeking closure." *Avandia*, 924 F.3d at 672 (quotation omitted) (emphasis added). A party seeking to file material under seal must make a specific showing; "[b]road allegations of harm, bereft of specific examples or articulated reasoning, are insufficient." *Id.* at 673 (quotation omitted). A court "must 'conduct[ ] a document-by-document review'" to determine whether sealing is warranted. *Id.* That standard does not vary depending on the level of public interest in a case or which members of the public might be interested in it.

**Technical Information**

3. Moderna seeks to seal portions of Exhibits 3, 6, 8, 12, 17, 20, 23, 25, 26, 28, 59, 62, 64, 65, 66, B, C, F, BJ, BK, BL, BO, BP, BQ, BU, BV, CD, and Moderna's Opposition Brief to Plaintiffs' Motions *In Limine* because the information within these documents

constitutes highly sensitive, confidential technical information regarding Moderna's proprietary LNP formulations – including development of manufacturing processes, formulations, and analytical technique – that Moderna maintains as a trade secret.

4. Courts have sealed confidential proprietary technical information before. *See, e.g.*, *Aptiv Techs AG v. Microchip Tech. Inc.*, C.A. No. 23-307-JDW, D.I. 163, at *2–3 (D. Del. Apr. 1, 2024) Indeed, I have sealed similar information in this case. (*See* D.I. 688 at 6–7.) I agree with Moderna that this information is of the type that courts will protect.

5. If this confidential technical information were released to the public, competitors would gain the ability to leapfrog years of scientific trial-and-error. It follows that a competitor with this information could replicate Moderna's proprietary formulations, analytical processes, and manufacturing processes, thus shortening their development timelines and simultaneously increasing the likelihood of technical success, putting Moderna at a competitive disadvantage. Such competitive harm is sufficient to satisfy the second prong of *Avandia*. *See* 924 F.3d at 672.

**Commercial Information**

6. Moderna seeks to seal portions of Exhibits C and Z that contain confidential commercial information related to Moderna's pricing, profit margins, financial projections, risk analysis, and costs of goods.

7. I have sealed similar confidential commercial information in this case. (*See* D.I. 688 at 8.) Because Moderna seeks to seal similar information, I find that Moderna has met its burden of showing that this information is of the kind courts will protect.

8. In addition, competitors could use this information to develop commercial plans and prices to compete against Moderna in offering similar products. Third-party purchasers could also use the information to negotiate lower prices or resist price adjustments for Moderna's products, which would erode Moderna's revenue potential and ability to develop future products. These harms are sufficient to meet the demands of the second prong of *Avandia*. *See* 924 F.3d at 672.

**Financial Information**

9. Moderna seeks to seal portions of Exhibits C, Z, AS, AT, AV, AW, AY, and Moderna's Motions *In Limine* brief that contain confidential information about Moderna's financial modeling, projected valuation, investment opportunities, and pricing strategies.

10. Courts in this circuit have found information of this type to be protectable. *See, e.g.*, *Delaware Display Grp. LLC v. LG Elecs. Inc.*, 221 F. Supp. 3d 495, 497 (D. Del. 2016). In fact, I have sealed similar confidential financial information in this case. (D.I. 688 at 9.) I am persuaded this information is of the type that courts will seal.

11. In addition, competitors and third-party contractors could use this information to Moderna's detriment. For instance, third-party contractors could use Moderna's pricing strategies and financial projections to determine Moderna's financial

position and prevent Moderna from negotiating favorable terms in commercial agreements. Competitors could also use the information about Moderna's pricing strategies, financial projections, and investment opportunities to compare and prepare their own business models, thus improving their ability to compete against Moderna. Such competitive disadvantages, in my view, are enough to constitute clearly defined and serious injuries under *Avandia*. *See* 924 F.3d at 672.

**Licensing Information**

12. Moderna seeks to seal designated portions of Exhibits 1, 8, 12, 54, C, Z, AA, AD, AH, AP, AQ, AR, BJ, BK, and BY that contain confidential details related to Moderna's licensing and collaboration agreements.

13. Courts in this District have sealed information related to licensing agreements. *See, e.g.*, *EIS Inc. v. IntiHealth Ger GmbH*, C.A. No. 19-1227-GBW, D.I. 696 (D. Del. Feb. 25, 2025); *Mosaid Techs. Inc.*, 878 F. Supp. 2d at 510; *SmartSky Networks, LLC v. Gogo Business Aviation, LLC*, C.A. No. 22-266-JDW, D.I. 578 at 4–6 (D. Del. Nov. 5, 2025). I have done so in this case. (*See* D.I. 688 at 10.)

14. Competitors and third-party contractors could use this information to obtain more favorable terms in license negotiations and collaboration agreements with Moderna. This is true notwithstanding the fact that some of the information Moderna seeks to seal comes from agreements that are approximately 10 years old because this information still has value to Moderna's ability to engage in negotiations for agreements

related to the intellectual property covered in these licenses. The competitive harm that Moderna would experience from disclosure satisfies the demands of *Avandia*'s second prong. *See* 924 F.3d at 672.

Therefore, it is **ORDERED** that Moderna's Unopposed Motion To Seal (D.I. 736) is **GRANTED**.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
JOSHUA D. WOLSON, J.
