IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ARBUTUS BIOPHARMA CORPORATION and GENEVANT SCIENCES GmbH,<br><br>Plaintiffs,<br><br>v.<br><br>MODERNA, INC. and MODERNATX, INC.<br><br>Defendants. | C.A. No. 22-252 (JDW) |

## [PROPOSED] CONSENT JUDGMENT AND ORDER

WHEREAS Plaintiffs Arbutus Biopharma Corporation and Genevant Sciences GmbH have asserted various claims for patent infringement against Defendants Moderna, Inc. and ModernaTX, Inc.;

WHEREAS Defendants' Ninth Defense [D.I. 321] alleges that Plaintiffs' claims based on Moderna's manufacture and sale of the COVID-19 Vaccine pursuant to the C-100 Contract are barred by 28 U.S.C. § 1498;

WHEREAS Plaintiffs moved for summary judgment on Defendants' § 1498 defense, including with respect to the vaccines that did not go directly to United States Government employees, and the Court granted that portion of Plaintiffs' motion for summary judgment, *see* D.I. 697, 698 ¶ 3a;

WHEREAS Defendants moved for summary judgment on Defendants' § 1498 defense, including with respect to the 6,244,340 doses that went directly to United States Government employees, and the Court granted that portion of Defendants' motion for summary judgment and denied the motion as to the doses that did not go directly to United States Government employees, *see* D.I. 697, 698 ¶¶ 1(a)(i), 1(b);

1

NOW THEREFORE, the parties hereby stipulate, subject to the approval of the Court, as follows:

1. To conserve judicial resources and to avoid the time and expense of further litigation related to the asserted patents, the Parties respectfully request, and the Court hereby dismisses with prejudice:

    a. Counts 1 and 3 of Plaintiffs' Amended Complaint [D.I. 301];

    b. Defendants' Declaratory Judgment Counterclaims 1, 3, 7, and 9 [D.I. 321]; and

    c. Defendants' Affirmative Defenses 1, 2, 3, 4, 5, 6, 7, 8, and 10 [D.I. No. 321].

2. To conserve judicial resources and to avoid the time and expense of further litigation related to the asserted patents, the Parties respectfully request, and the Court hereby enters:

    a. judgment of infringement in Plaintiffs' favor as to Counts 2, 4, 5, and 6 of Plaintiffs' Amended Complaint [D.I. 301] and judgment against Defendants as to Defendants' Declaratory Judgment of Non-Infringement Counterclaims 2, 4, 5, and 6 [D.I. 321]; and

    b. judgment of no invalidity in Plaintiffs' favor and against Defendants as to Defendants' Declaratory Judgment of Invalidity Counterclaims 8, 10, 11, and 12 [D.I. No. 321] based solely on the disclosures of the asserted patents' specifications, the relevant priority dates, and the parties' contentions and expert opinions, the specific asserted relevant prior art, the specific prior related proceedings, and the asserted claims in the patents.

3. To conserve judicial resources and to avoid the time and expense of further litigation related to the asserted patents, as to Defendants' Ninth Defense ("Government Sales") [D.I. 321], the Parties respectfully request, and the Court hereby enters:

   a. judgment in Plaintiffs' favor and against Defendants with respect to the vaccines that did not go directly to United States Government employees;

   b. judgment in Defendants' favor and against Plaintiffs with respect to the 6,244,340 doses that were directly administered to United States Government employees; and

   c. the C-100 Contract is a valid contract and the Court hereby enters judgment in Defendants' favor and against Plaintiffs as to Plaintiffs' fraud-in-the-inducement theory regarding § 1498 referenced in footnote 7 of the Court's summary judgment order [D.I. 697].

4. The Parties waive all right to appeal or otherwise move for relief from this Consent Judgment and Order *except* Defendants expressly reserve their right to appeal this Court's adjudication with respect to Defendants' Ninth Defense under 28 U.S.C. § 1498(a) set forth above in Paragraph 3a [D.I. 697, 698]. While the Parties have agreed to the amounts of money owed by Defendants to Plaintiffs upon various dispositions of such an appeal, their dispute concerning the Defendants' Ninth Defense remains a definite and concrete dispute touching the Parties' adverse legal interests.

5. The Parties shall bear their own fees and costs in connection with this litigation, including attorneys' fees.

6. This Court shall retain jurisdiction of this litigation and over the Parties for purposes of enforcement of the provisions of this Consent Judgment and Order.

| | |
|---|---|
| */s/ Nathan R. Hoeschen* | */s/ Travis J. Murray* |
| John W. Shaw (No. 3362) | Brian P. Egan (No. 6227) |
| Karen E. Keller (No. 4489) | Travis J. Murray (No. 6882) |
| Nathan R. Hoeschen (No. 6232) | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| SHAW KELLER LLP | 1201 North Market Street |
| I.M. Pei Building | P.O. Box 1347 |
| 1105 North Market Street, 12th Floor | Wilmington, DE 19899 |
| Wilmington, DE 19801 | (302) 658-9200 |
| (302) 298-0700 | began@morrisnichols.com |
| jshaw@shawkeller.com | tmurray@morrisnichols.com |
| kkeller@shawkeller.com | *Attorneys for Defendants* |
| nhoeschen@shawkeller.com | |
| *Attorney for Plaintiffs* | |

Dated: March 3, 2026

**BY THE COURT:**

_____          _____
Date                                                             JOSHUA D. WOLSON, J